# Exhibit 1

2/22/2021 6:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50796046
By: Maria Rodriguez
Filed: 2/22/2021 6:53 PM

CAUSE NO._____

| | | |
|---|---|---|
| LISA KHOURY, Individually and on Behalf of all Others Similarly Situated, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| GRIDDY ENERGY LLC | § § | |
| *Defendant.* | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

Plaintiffs Lisa Khoury, Individually and on Behalf of all Others Similarly Situated, by and through the undersigned counsel, bring this class action against Defendant Griddy Energy LLC ("Griddy"). Plaintiffs make the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to Khoury, which are based on personal knowledge.

### INTRODUCTION

1.      This is a class action on behalf of all Griddy customers who were charged excessive electricity prices during and because of Winter Storm Uri of February 2021. Griddy provides electricity to Texas and charged customers what has been described as "massive," "catastrophic," and "eye watering" electrical bills, even when those customers experienced power outages and other hardships during the storm.

2.      Griddy has caused substantial harm to Khoury and the proposed class by charging excessive electricity prices during and because of a disaster.

## PARTIES

3.      Plaintiff Lisa Khoury is an individual and citizen of the United States residing in Mont Belvieu, Chambers County, Texas.

4.      Defendant Griddy Energy LLC is a Delaware limited liability company with its principal place of business located at 11811 North Freeway, Suite 500, Houston, Texas 77060.

5.      Griddy maintains a registered agent in Texas, CT Corporation System, who can be served at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## DISCOVERY LEVEL

6.      Khoury and Class Members intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Procedure.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this Court. Khoury and Class Members are seeking monetary relief of over $1 billion.

8.      This Court has personal jurisdiction over Griddy because its principal place of business is in Harris County, Texas. At all relevant times, Griddy has purposefully availed itself of the benefits and protections of Texas by continuously and systematically conducting business so substantial as to render it at home in Texas. Griddy publicizes its company as a "Texas Energy Company" that brought "wholesale electricity to Texas." Griddy markets and sells electricity and transacts business in and directed towards Texas. Griddy maintains a headquarters in Texas and is registered in Texas.

9.      Pursuant to Section 15 of the Texas Civil Practice and Remedies Code, venue is proper because a substantial part of the events or omissions giving rise to the alleged claims

occurred or originated in Texas and this District. Additionally, Griddy is located at 11811 North Freeway, Suite 500, Houston, Harris County, Texas 77060.

## FACTUAL BACKGROUND

10.     Winter Storm Uri wreaked havoc in Texas and other states for one week in February 2021. The storm brought cold weather, including sub-freezing temperatures, snow, and ice, to a region ill-equipped to handle such conditions.[1] With surges in electricity usage to heat homes, the power grid was overtaxed resulting in people left without electricity for days, and it snowballed into other problems: no internet and cell services, contaminated water, and food shortages. At the time of filing, the extent of damage and the death toll are unknown.[2]

*The Disaster Unfolds in Texas*

11.     On Thursday, February 11, 2021, the Texas Weather Service issued its first winter storm watches. By Sunday, February 14, 2021, the entire state of Texas was placed under a winter storm warning.[3] Weather forecasters predicted the inclement weather as early as February 5, 2021, giving power grid operators, energy companies, and state officials ample time to prepare.[4]

12.     On Friday, February 12, 2021, Governor Greg Abbott declared a state of disaster in all Texas counties due to the winter weather. Ex. **A**, Proclamation.[5] Texans were warned to minimize electricity consumption to prevent further havoc on the power grid.[6] President Joseph R. Biden, Jr. approved an emergency declaration over the weekend.[7]

---

[1] https://www.texastribune.org/2021/02/19/texas-winter-legislature-electricity/
[2] https://www.texastribune.org/2021/02/19/texas-power-outage-winter-storm-deaths/
[3] https://www.washingtonpost.com/weather/2021/02/19/texas-cold-early-warning/
[4] *Id.*
[5] https://www.texastribune.org/2021/02/12/texas-winter-weather/
[6] *Id.*
[7] https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/14/president-joseph-r-biden-jr-approves-texas-emergency-declaration/

13.     On Sunday, February 14, 2021, the Electric Reliability Council of Texas ("ERCOT") announced that rolling outages would be imposed for the next two days to avoid a complete system breakdown.[8] Rolling blackouts were last carried out in Texas a decade ago.[9] Texas has failed to address any of the winter weatherization issues that last took place in 2011.[10]

14.     Texas purchases electricity from companies, cities, and others, while ERCOT works with utility providers to manage the power grid and flow to 90% of the state.[11] ERCOT blamed the outages on generator failures with natural gas providers.[12]

15.     On Monday, February 15, 2021, 2 million Texas households were left without power. Throughout the United States, 5 million people experienced power outages.[13] The outages were expected to last 45 minutes per area, but instead, some Texans went days without power.[14]

16.     Many Texans felt blind-sided and alone as they dealt with the crisis, especially when it remained unclear how long the outages would continue for.[15]

17.     On Wednesday, February 17, 2021, 2.7 million Texas households were still without power and nearly 12 million Texans experienced low water pressure and water quality issues.[16] Governor Abbott still had no timeline as to when power and water would be restored.[17]

---

[8] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/
[9] https://time.com/5939633/texas-power-outage-blackouts/#:~:text=5%20Million%20Americans%20Have%20Lost, on%20Feb.%2015%2C%202021.
[10] https://www.texastribune.org/2021/02/17/texas-power-grid-failures/
[11] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/;
https://www.texastribune.org/2021/02/16/natural-gas-power-storm/
[12] *Id.*
[13] https://time.com/5939633/texas-power-outage blackouts/#:~:text=5%20Million%20Americans%20Have%20Lost, on%20Feb.%2015%2C%202021.
[14] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/
[15] https://www.texastribune.org/2021/02/16/texas-ercot-power-outage/;
https://www.texastribune.org/2021/02/16/texas-power-outage-warnings/
[16] https://www.texastribune.org/2021/02/17/texas-winter-storm-power-outage-ercot/
[17] https://www.texastribune.org/2021/02/17/greg-abbott-winter-storm/

18.     By Thursday, February 18, 2021, the power outages were no longer necessary.[18] Yet, due to storm damage or other reasons, thousands of Texans remained without power.[19] The power grid returned to functionality by Friday, February 19, 2021.[20]

19.     On February 19, 2021, President Biden signed an emergency declaration.[21]

***Griddy's Outrageous Electricity Bills during the Disaster***

20.     Khoury enrolled with Griddy to start electricity services to her home on June 19, 2019. Ex. **B**, Enrollment Email (06.03.2019).

21.     Griddy is a Texas wholesale electricity provider. Griddy customers pay $9.99 for a monthly fee and the cost of spot power trades on Texas's power grid based on the time of day they use power.[22]

22.     Khoury typically kept a $150 balance in her Griddy account to pay for her electricity bills. Her monthly electricity bills averaged around $200 to $250. Ex. **C**, Griddy Previous Statements.

23.     After the winter storm hit her area, Griddy automatically withdrew from Khoury's bank account each time her electricity bill hit the recharge amount of $150. From February 13 to 18, 2021, Griddy withdrew eight times from Khoury's bank account, $150 each time. By Friday, February 19, 2021, Griddy withdrew a total of $1,200 from Khoury's bank account. Ex. **D**, Griddy Statements; Ex. **E**, Bank Statement.

24.     Khoury expressed concern over Griddy's withdrawals and bouncing checks but never heard back. She placed a stop payment on her bank account on Thursday, February 18, 2021.

---

[18] https://www.texastribune.org/2021/02/18/texas-power-grid-operator-ercot-outage/
[19] *Id.*
[20] https://www.texastribune.org/series/winter-storm-power-outage/?page=1
[21] https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/20/president-joseph-r-biden-jr-approves-texas-disaster-declaration/
[22] https://www.griddy.com/texas/learn-more

Khoury still owed Griddy an additional $8,235. Ex. **D**. That is, her entire Griddy bill was $9,546 from February 1 to 19, 2021. *Id.* Some customers received bills as high as $17,000.[23]

25.     Khoury's electricity bills fluctuated as follows (Ex. **C**; Ex. **D**):

| Date of Bill | Griddy Bill Amount |
|---|---|
| 02/13/2021 | $207.70 |
| | + $963.65 |
| 02/16/2021 | $1,171.35 |
| | + $4,901.51 |
| 02/18/2021 | $6,072.86 |
| | + $3,473.98 |
| 02/19/2021 | $9,546.84 |

26.     Griddy charged Khoury in the middle of a disaster. She and her husband mostly were without power in their home from Wednesday, February 17, 2021 to Thursday, February 18, 2021. At the same time, Khoury hosted her parents and in laws, who are in their 80s, during the storm. Even then, she continued to minimize any power usage because of the high prices.

27.     The outrageous bills added to Khoury's stress and financial burden, especially as a retiree. She describes herself as going into "survival mode." Many Texans complained the crisis drained "the mental reserves they had left" from the COVID-19 pandemic.[24]

28.     Griddy customers first experienced drastic bill increases due to weather-related power changes in the summer heat of August 2019.[25] But, Winter Storm Uri proved to be unprecedented for Griddy's customers. Spot electricity prices soared to $9,000 per megawatt hour from the pre-storm rate of $50 per megawatt hour.[26]

---

[23] https://www.independent.co.uk/news/world/americas/texas-griddy-electric-bills-winter-storm-b1805357.html
[24] https://www.texastribune.org/2021/02/16/texans-weather-power-outage/
[25] https://www.khou.com/article/money/business/why-are-griddy-customers-getting-charged-so-much-to-power-their-homes-right-now/285-dcced90e-e3d1-41d7-8b03-e445a41b5cb7
[26] https://www.independent.co.uk/news/world/americas/texas-griddy-electric-bills-winter-storm-b1805357.html

29.      On Sunday, February 14, 2021, Griddy emailed 29,000 customers to suggest they switch to another provider with a fixed rate.[27] The next day, Griddy posted a letter on its website about the winter storm and electricity prices.[28] On Thursday, February 18, 2021, Griddy posted an additional update on high bills, claiming it was seeking relief from utility regulators.[29]

30.      Customers could not switch providers because other providers were not accepting new customers due to the storm.[30] Khoury attempted to change providers on Tuesday, February 16, 2021 and was initially told service could only start in a week. Persistent under pressure, Khoury was able to change providers on Friday, February 19, 2021.

31.      In light of the energy crisis, high electricity bills, and Griddy's outrageous billing, consumer advocacy groups stated, "Clearly we need to change our regulatory focus to protect the people, not profits."[31]

### Government Investigations related to the Disaster

32.      Griddy customers were shocked and outraged when they received massive electricity bills, while also facing power outages and other disaster-related hardships.

33.      On Monday, February 15, 2021, government officials, later joined by the Texas Attorney General, began to call for an investigation into the power outages and lack of timely and credible information.[32]

---

[27] https://www.houstonchronicle.com/business/energy/article/Texas-power-retailers-to-customers-in-face-of-15953843.php
[28] https://www.griddy.com/post/letter-from-griddy-about-the-storm-and-prices
[29] https://www.griddy.com/post/griddy-update-why-energy-prices-were-sky-high-this-week
[30] https://abc13.com/griddy-power-retailer-electricity-prices-texas-price-protection-grid/10350120/
[31] https://www.texastribune.org/2021/02/17/texas-power-grid-failures/
[32] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/;
https://www.texastribune.org/2021/02/16/texas-power-outage-ercot/;
https://www.texastribune.org/2021/02/17/texas-winter-storm-power-outage-ercot/;
https://www.texastribune.org/series/winter-storm-power-outage/?page=2

34.    On Friday, February 19, 2021, officials also began to advocate for investigating the high energy bills and alleviating costs by developing a "solution to ensure that Texans are not on the hook for unreasonable spikes in their energy bills."[33] Senator Ted Cruz agreed: "No power company should get a windfall because of a natural disaster, and Texans shouldn't get hammered by ridiculous rate increases for last week's energy debacle."[34]

35.    On Saturday, February 21, 2021, Governor Abbott convened an emergency meeting to find a solution for Texans with high electricity bills. The next day, the Public Utility Commission ("PUC") issued two orders to temporarily stop electricity providers from disconnecting for non-payment and to continue offering deferred payment plans.[35] PUC also "urged retail electric providers to delay invoicing" for customers.[36]

## CLASS ALLEGATIONS

36.    Pursuant to Texas Rule of Civil Procedure 42, Khoury brings this action on behalf of herself and all others similarly situated, and seeks to represent the following:

**Class**
All Texas residents who purchased or obtained electricity services from Griddy and were charged and/or paid excessive and/or exorbitant electricity prices during and because of Winter Storm Uri of February 2021 (the "Class").

37.    Excluded from the Class is Griddy, any entities in which Griddy has a controlling interest, any of Griddy's officers, directors, or employees, any of Griddy's legal representatives, heirs, successors, and assigns, anyone employed with Plaintiffs' counsels' firms, any Judge to whom this case is assigned and his or her immediate family.

---

[33] https://www.cnn.com/2021/02/20/business/texas-electricity-bills-griddy-puct/index.html;
https://www.texastribune.org/2021/02/21/texas-electric-bill-greg-abbott/;
https://www.cnn.com/2021/02/20/business/texas-electricity-bills-griddy-puct/index.html
[34] https://www.reuters.com/article/uk-usa-weather-texas-idUSKBN2AL0J7
[35] https://www.kxan.com/news/texas/texas-utility-commission-orders-delay-of-power-disconnections-due-to-potential-high-bills/; https://www.puc.texas.gov/51812RuleExceptions.pdf;
https://www.puc.texas.gov/51812ERCOTProtocolActions.pdf
[36] https://www.puc.texas.gov/agency/resources/pubs/news/2021/PUCTX-REL-COLD21-022121-EOM.pdf

38.     **Numerosity.** The Class is so numerous that joinder of all members is impracticable. While the exact number of Class Members is information not readily available at this time, as only Griddy possesses the data to determine a numerical figure to indicate the number of customers who experienced excessive electricity prices during and because of Winter Storm Uri of February 2021, Khoury has reasonable belief that there are thousands of potential members in the Class. Griddy has thousands of customers in Texas and all of Texas was affected by the winter storm and most of Texas was affected by power outages.

39.     **Typicality.** Khoury's claims are typical of the claims of the Class Members she seeks to represent because Khoury and all Class Members were customers of Griddy, who provides variable-rate electricity plans to all customers, and were charged excessive electricity prices during and because of Winter Storm Uri of February 2021.

40.     **Adequacy.** Khoury has retained counsel experienced in complex class action and consumer protection litigation. Khoury has no interests that are adverse to or in conflict with other Class Members. Khoury will fully and adequately protect the interests of all Class Members.

41.     **Commonality.** The questions of law and fact common to Class Members predominate over any questions that may affect only individual members, namely: whether Griddy engaged in price gouging by charging excessive electricity prices to its customers during and because of Winter Storm Uri of February 2021; whether Griddy acted negligently when failing to monitor and prevent excessive electricity prices charged to customers during and because of Winter Storm Uri of February 2021; whether Griddy is liable for the excessive price increase on electricity supplied by the market; whether Griddy was unjustly enriched as a result of charging excessive electricity prices to its customers during and because of Winter Storm Uri of February 2021; whether Griddy committed conversion when keeping Plaintiffs' money; whether Griddy

committed a violation under Texas's Deceptive Trade Practices Act, negligence, conversion, or unjust enrichment; whether Khoury and Class Members were harmed; and whether Griddy should be subjected to a declaratory judgment, injunction, and statutory and other damages.

42.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class Members is impracticable. The prosecution of separate actions by individual Class Members would impose heavy burdens upon the courts and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense and would assure uniformity of decision with respect to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

43.     The interest of Class Members in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class is cohesive, and prosecution of the action through representatives would be unobjectionable. The damages suffered by the Class are uniform and generally formulaic, and the expense and burden of individual litigation could preclude them form fair redressal of the wrongs done to them. Khoury anticipates no difficulty in the management of this action as a class action.

### COUNT I: VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT (TEX. BUS. & COM. CODE §§ 17.01-.954)

44.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

45.     Texas's Deceptive Trade Practices Act ("DTPA"), Chapter 17 of the Texas Business and Commerce Code, prohibits "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . . ." Tex. Bus. & Com. Code § 17.46(a).

46.     The DTPA specifically addresses price gouging during a declared disaster.  The DTPA disallows taking advantage of a disaster, declared by the governor under Chapter 418 of the Texas Government Code, by:

> (A) selling or leasing fuel, food, medicine, lodging, building materials, construction tools, or another necessity at an exorbitant or excessive price; or
> (B)  demanding an exorbitant or excessive price in connection with the sale or lease of fuel, food, medicine, lodging, building materials, construction tools, or another necessity;

Tex. Bus. & Com. Code § 17.46(b)(27). The designated disaster period begins at the earliest of the date of disaster or date of disaster proclamation by governor or presidents and ends within 30 days. *Id.* § 17.4626.

47.     Griddy engaged in false, misleading, or deceptive acts by selling and/or demanding electricity at excessive prices during and because of Winter Storm Uri of February 2021.

48.     Griddy's electricity prices and bills increased astronomically. Customers did not anticipate such increases.

49.     Griddy committed price gouging knowingly and/or intentionally when Griddy allowed their customers to be charged such exorbitant amounts for electricity. Knowing the variable-rate plan would result in customers paying grossly inflated prices, Griddy even suggested their customers move to a fixed-rate plan under a different provider.

50.     Griddy attempted to justify the price increases as being a result of the wholesale power market and places the burden on customers to track market prices. Pursuant to the DTPA, Griddy should still be held accountable and liable for price gouging when it excessively raised prices during a disaster.

51.     Governor Abbott, pursuant to Section 418.014 of the Texas Government Code, on February 12, 2021, declared a state of disaster due to the winter weather. Ex. **A**. Additionally,

Texas's disaster declaration for COVID-19 was renewed on February 4, 2021.[37] President Biden declared an emergency exists in Texas on February 14 and 20, 2021. President Biden specified the storm began on February 11, 2021.[38]

52.     Khoury and Class Members were victims of Griddy's price gouging during and because of the winter storm. They relied on Griddy's electricity to their detriment, particularly in an unprecedently winter storm where other providers were unavailable. Griddy's price gouging was a producing cause of economic and mental anguish damages. Tex. Bus. & Com. Code § 17.50.

53.     In addition, Griddy's charging of excessive prices for electricity with their variable-rate plan is unconscionable. An unconscionable act "takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. & Com. Code § 17.45(5). Khoury and Class Members are unsophisticated consumers. They chose Griddy, a wholesale electricity provider, to pay less. Variable-rate plans, however, are a gamble and unpredictable. Consumers rarely understand the risks. Griddy took advantage of this lack of knowledge to a grossly unfair degree when selling these plans. Griddy's unconscionable act was a producing cause of economic and mental anguish damages. Tex. Bus. & Com. Code § 17.50.

54.     Khoury and Class Members seek all available and applicable relief under the DTPA, including economic, mental anguish, and additional damages, an order enjoining Griddy from engaging in price gouging, an order to restore money acquired by Griddy in violation of the DTPA, attorneys' fees and costs, and pre- and post-judgment interest.

## COUNT II: NEGLIGENCE AND NEGLIGENCE PER SE

55.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

---

[37] https://gov.texas.gov/news/post/governor-abbott-extends-covid-19-disaster-declaration-february-2021
[38] https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/14/president-joseph-r-biden-jr-approves-texas-emergency-declaration/; https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/20/president-joseph-r-biden-jr-approves-texas-disaster-declaration/

56.     Griddy has a duty to apply a level of care commensurate with the foreseeable harm arising from its control and management of its wholesale electricity service. This encompasses a duty to ensure, during a declared disaster, electricity is not sold via Griddy at excessive prices.

57.     As the winter storm disaster emerged in February 2021, it was foreseeable to Griddy and the energy sector that electricity prices would be excessively inflated due to the measures taken to prevent the power grid from completely failing. Griddy sent an email as early as February 15, 2021, recommending customers abandon its variable-rate plan.

58.     Griddy had the ability, capacity, and contractual right to prevent charging customers excessive prices during the disaster. Griddy controlled its services and platform and oversaw pricing and contracting. Griddy may alter its electricity pricing. Consumers, who are made to absorb inflated prices, often cannot afford unexpectedly large expenses and are greatly penalized by not paying electricity bills, such as with penalties and the threat or reporting of negative credit.

59.     Griddy did not exercise ordinary care and comply with existing standards of care when it failed to shield consumers from excessive electrical bills and to properly detect and react to electricity market price increases.

60.     Given the foreseeability of excessive prices during the winter storm, a reasonable electricity provider in Griddy's position would have had a system in place to prevent its customers from being charged excessive prices and taken aggressive steps to prevent it. Griddy did not do so, and instead, responded in an ineffective manner.

61.     Griddy's actions resulted in violations of the DTPA. The DTPA was designed to protect Khoury and Class Members from experiencing price gouging during a disaster and from suffering injuries. Accordingly, Griddy's conduct constitutes negligence per se.

62.     Griddy's negligence proximately caused damages to Khoury and Class Members. Had Griddy exercised reasonable care, Khoury and Class Members would not have paid excessive prices for electricity they purchased from Griddy. Khoury and Class Members are entitled to compensatory and equitable damages.

## COUNT III: CONVERSION

63.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

64.     Khoury and Class Members paid for electricity at excessive prices from Griddy.

65.     Khoury and Class Members were entitled to keep the money withdrawn by Griddy to pay for excessively priced electricity. Griddy illegally and unlawfully charged excessive prices.

66.     Griddy exercised dominion and control over Khoury's money and electrical services. Griddy wrongfully withdrew from Khoury's bank account and then retained the amount Khoury paid for the excessively priced electricity.

67.     Khoury expressed concern to Griddy about the withdrawals but never heard back. Many Class Members demanded a refund, but Griddy refused.

68.     Griddy's interference damaged Khoury and Class Members.

69.     Khoury and Class Members seek a refund of withdrawn funds associated with excessive pricing, as well as attorneys' fees, costs, and interest.

## COUNT IV: UNJUST ENRICHMENT

70.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

71.     Griddy exploited vulnerable consumers by selling electricity at excessive prices during Winter Storm Uri of February 2021. During power outages and other hardships, consumers relied on Griddy for electricity and turned to Griddy to provide a service vital to their safety, health,

and well-being. Texas law, and basic principles of equity and fair dealing, prohibit sellers from capitalizing on such exigencies and charging excessive prices.

72.     By selling electricity at excessive prices during the storm, Griddy was unjustly enriched. Griddy profited off the sale of electricity and retained the payments it acquired from customers charged excessive prices for electricity.

73.     Griddy knew it was overcharging consumers, that consumers would be harmed, and Griddy would be unjustly enriched by retaining customers' payments.

74.     In the event Khoury and Class Members lack an adequate remedy at law, Griddy is required to make restitution in equity pursuant to the common law of unjust enrichment.

**COUNT V: DECLARATORY AND INJUNCTIVE RELIEF**

75.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

76.     An actual controversy has arisen and now exists between Khoury and the Class, on the one hand, and Griddy, on the other, concerning prices charged for electricity during and because of the winter storm.

77.      Khoury and Class Members contend Griddy charged its customers excessive prices during a disaster. Khoury. Therefore, they request the Court declare Griddy's conduct unlawful to prevent future controversies that would allow for continued injustices such as the present one, where an essential service provider took advantage of masses of consumers.

78.     Plaintiffs further seek an injunction enjoining Griddy from (1) any engagement in the unlawful conduct of charging customers excessive prices during and because of a disaster; and (2) from billing and collecting payments from customers charged with excessive prices during and because of disaster and ordering Griddy to fully forgive any late or non-payments associated

with such bills, including removing any negative credit reporting and penalties, and to refund payments already made on such bills.

## DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Khoury, Individually and on Behalf of all Others Similarly Situated, request relief and judgment against Griddy as follows:

a.       That the Court enter an order certifying the Class, appointing Khoury as a representative of the Class, appointing Khoury's counsel as Class counsel, and directing that reasonable notice of this action, as provided by Texas Rule of Civil Procedure 42(c), be given to the Class;

b.       For a judgment against Griddy for the causes of action alleged against it;

c.       For damages in an amount to be proven at trial;

d.       For an order of restitution and all other forms of equitable monetary relief;

e.       Appoint a receiver or sequester Griddy's assets if it has been ordered by this Court to make restitution and Griddy has failed to do so within three months after the order to make restitution has become final and non-appealable;

f.       For a declaration that Griddy's conduct as alleged herein is illegal and unlawful;

g.       For appropriate injunctive relief, enjoining Griddy from continuing to engage in illegal and unlawful conduct;

h.       For all available actual, statutory, and/or treble damages;

i.       For punitive damages;

j.       For pre-judgment and post-judgment interest;

k.       For Plaintiffs' attorneys' fees, costs, and expenses; and

l.       For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

February 22, 2021

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

*/s/ Derek H. Potts*
Derek H. Potts
Texas Bar No. 24073727
J. Ryan Fowler
Texas Bar No. 24058357
Batami Baskin
Texas Bar No. 24078206
POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

# PROCLAMATION

### BY THE

## Governor of the State of Texas

---

**TO ALL TO WHOM THESE PRESENTS SHALL COME:**

I, GREG ABBOTT, Governor of the State of Texas, do hereby certify that severe winter weather poses an imminent threat of widespread and severe property damage, injury, and loss of life due to prolonged freezing temperatures, heavy snow, and freezing rain statewide.

THEREFORE, in accordance with the authority vested in me by Section 418.014 of the Texas Government Code, I do hereby declare a state of disaster in all 254 counties based on the existence of such threat.

Pursuant to Section 418.017 of the code, I authorize the use of all available resources of state government and of political subdivisions that are reasonably necessary to cope with this disaster.

Pursuant to Section 418.016 of the code, any regulatory statute prescribing the procedures for conduct of state business or any order or rule of a state agency that would in any way prevent, hinder, or delay necessary action in coping with this disaster shall be suspended upon written approval of the Office of the Governor. However, to the extent that the enforcement of any state statute or administrative rule regarding contracting or procurement would impede any state agency's emergency response that is necessary to protect life or property threatened by this declared disaster, I hereby authorize the suspension of such statutes and rules for the duration of this declared disaster.

In accordance with the statutory requirements, copies of this proclamation shall be filed with the applicable authorities.

IN TESTIMONY WHEREOF, I have hereunto signed my name and have officially caused the Seal of State to be affixed at my office in the City of Austin, Texas, this the 12th day of February, 2021.

GREG ABBOTT
Governor

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:30 p.m. O'CLOCK

FEB 1 2 2021

*Governor Greg Abbott*
February 12, 2021

*Proclamation*
Page 2

ATTESTED BY:

RUTH R. HUGHS
Secretary of State

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:30 PM O'CLOCK

FEB 1 2 2021



---------- Forwarded message ---------
From: **Griddy** <support@gogriddy.com>
Date: Mon, Jun 3, 2019 at 8:49 PM
Subject: Griddy Enrollment Confirmation
To: ███████████████

# griddy

## Welcome to a whole
## new way to buy power

No need to contact your old provider. We will take care of contacting them to switch

you over on your requested start date. In the meantime, sit back, relax and learn how

to Griddy.



## Account Information

**Name:** Lisa Khoury

**Address:** ███████████████████████████

**ESI ID:** █████████████████

**Start Date:** 2019-06-19



## Prepaid Information

**Prepaid Amount: $** 49.00

**Payment Confirmation:** 2019060401492279744

It can take about three hours for your meter to become active on your selected start date. We will send you an email once your meter is officially switched over to Griddy.

# Teach me how to Griddy



You already prepaid for $49 worth of electricity, which will be debited daily based on the electricity you use. When your account balance reaches $25, you will automatically be recharged $49. You can change your recharge amount at any time by going to Settings > Recharge.

Pro Tip: You do not have to wait for an automatic recharge to occur. Instead, go to Add Funds under account settings and add any amount for a one-time payment.



We never markup the price of electricity so you always pay what it costs on the grid at that moment. Not only is it the fairest deal in town, but the wholesale price has been lower than the Texas Average for the last five years and counting!



We will send you monthly savings summaries that compares your Griddy rate to the Texas Average. We'll also throw some cat gifs in there to make those savings extra special.



The Griddy app is one of the niftiest tools around and will help you control your usage. You can check the current price of electricity at any time of the day, see how much you have spent to-date, and track your electricity usage monthly, daily and hourly.



# Download the Griddy app now.





# And here's a note from our lawyers about your rights

You have 3 business days to rescind your agreement. (Though, with Griddy you can cancel at any time without penalty.)

To do so, call (or fax) us at 800-993-6207, email us at support@gogriddy.com, or send an actual letter to 11811 North Freeway, #546, Houston, TX 77060.

For more information, check out the following documents:

Terms of Service Agreement

Prepaid Disclosure Statement

Electricity Facts Label

<u>Your Rights as a Customer</u>

*Copyright © 2019 Griddy Energy LLC, All rights reserved.*

*<u>11811 North Freeway, #546</u>*
*<u>Houston, TX 77060</u>*



1:30

November ⌄        Statement

This meter is no longer active

# November 2020

| All-In Rate | kWh Used |
|---|---|
| 8.5¢ | 2,219 |

**Statement Breakdown**

| | | |
|---|---|---|
| Wholesale Electricity | $72.15 | ⌄ |
| TDU Delivery Charges | $98.89 | ⌄ |
| Griddy Membership | $9.99 | ⌄ |
| Taxes & Fees | $7.05 | ⌄ |
| Total | $188.08 | |

 Savings    Usage    Price    Statement    Account



1:30

December ⌄   Statement

This meter is no longer active

## December 2020

| All-In Rate | kWh Used |
|:---:|:---:|
| 7.6¢ | 2,951 |

**Statement Breakdown**

| | | |
|---|---:|---|
| Wholesale Electricity | $79.25 | ⌄ |
| TDU Delivery Charges | $130.07 | ⌄ |
| Griddy Membership | $9.99 | ⌄ |
| Taxes & Fees | $4.36 | ⌄ |
| Total | $223.66 | |


Savings


Usage


Price


Statement


Account



1:26

January ⌄          Statement

This meter is no longer active

## January 2021

| All-In Rate | kWh Used |
|---|---|
| 7.8¢ | 3,038 |

**Statement Breakdown**

| | | |
|---|---|---|
| Wholesale Electricity | $83.33 | ⌄ |
| TDU Delivery Charges | $134.45 | ⌄ |
| Griddy Membership | $9.99 | ⌄ |
| Taxes & Fees | $8.37 | ⌄ |
| Total | $236.14 | |


Savings


Usage


Price


Statement


Account



10:11

February ⌄          Statement

## February 1 – 13, 2021

| All-In Rate | kWh Used |
|:---:|:---:|
| 16.6¢ | 1,254 |

**Statement Breakdown**

| | | |
|---|---:|:---:|
| Wholesale Electricity | $144.13 | ⌄ |
| TDU Delivery Charges | $55.02 | ⌄ |
| Griddy Membership | $4.32 | ⌄ |
| Taxes & Fees | $4.23 | ⌄ |
| Total | $207.70 | |


Savings


Usage


Price


Statement


Account



February 1 – 16, 2021

| All-In Rate | kWh Used |
|---|---|
| 69.4¢ | 1,687 |

**Statement Breakdown**

| | |
|---|---|
| Wholesale Electricity | $1,075.17 ⌄ |
| TDU Delivery Charges | $73.83 ⌄ |
| Griddy Membership | $5.40 ⌄ |
| Taxes & Fees | $16.96 ⌄ |
| Total | $1,171.35 |

 Savings   Usage   Price   Statement   Account



10:42

February ⌄          Statement

## February 1 – 18, 2021

| All-In Rate | kWh Used |
|---|---|
| $3.00 | 2,252 |

**Statement Breakdown**

| | | |
|---|---|---|
| Wholesale Electricity | $5,931.35 | ⌄ |
| TDU Delivery Charges | $98.07 | ⌄ |
| Griddy Membership | $6.12 | ⌄ |
| Taxes & Fees | $37.31 | ⌄ |
| Total | | $6,072.86 |


Savings


Usage


Price


Statement


Account



6:47

February ⌄          Statement

This meter is no longer active

## February 1 – 19, 2021

| All-In Rate | kWh Used |
|---|---|
| $4.00 | 2,560 |

**Statement Breakdown**

| | | |
|---|---|---|
| Wholesale Electricity | $9,373.47 | ⌄ |
| TDU Delivery Charges | $118.66 | ⌄ |
| Griddy Membership | $6.84 | ⌄ |
| Taxes & Fees | $47.87 | ⌄ |
| Total | $9,546.84 | |


Savings


Usage


Price


Statement


Account



6:47

Account                    Settings

This meter is no longer active

# Lisa Khoury

Account# 79744

6227 Oleander Drive
Baytown, TX 77523
ESI# 10089010238074504 70100 ⋅ LZ_HOUSTON

Account Balance

## -$8,235.26



Pay Remaining Balance

 Love Griddy? Refer a friend!                >

**Recent Transactions**

See All Transactions                        >

 Savings    Usage    Price    Statement    Account







02/17/2021                                    $ -150.00
**DEBIT PURCHASE (4252)**
**GOGRIDDY.COM**
**WWW.GRIDDY.CO CA**
104700025146 12345678 Feb 16

02/15/2021                                    $ -150.00
**DEBIT PURCHASE (4252)**
**GOGRIDDY.COM**
**WWW.GRIDDY.CO CA**
104500027247 12345678 Feb 14



02/17/2021                                    $ -150.00
DEBIT PURCHASE (4252)
GOGRIDDY.COM
WWW.GRIDDY.CO CA
104800018723 12345678 Feb 17



Exhibit 2



2/22/2021 6:53:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 50796046
By: RODRIGUEZ, MARIA V
Filed: 2/22/2021 6:53:00 PM

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiffs' Original Class Action Petition _____

**FILE DATE:** 02/22/2021 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Griddy Energy LLC _____

Address of Service:  1999 Bryan St., Ste. 900 _____

City, State & Zip: Dallas, TX 75201 _____

Agent (if applicable) CT Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |

☐ **Citation Scire Facias**    Newspaper_____

☐ **Temporary Restraining Order**    ☐ **Precept**    ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**    ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**    ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
    Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Derek H. Potts _____ Bar # or ID   24073727

Mailing Address: 3737 Buffalo Speedway, Ste. 1900, Houston, TX 77098 _____

Phone Number:  (713) 963-8881 _____

# Exhibit 3

**AFFIDAVIT ATTACHED**

2/26/2021 3:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50975340
By: EVELYN PALMER
Receipt Number: 911605  Filed: 2/26/2021 3:20 PM
Tracking Number: 73843031

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202110004

| | |
|---|---|
| PLAINTIFF: KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: GRIDDY ENERGY LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GRIDDY ENERGY LLC MAY BE SERVED BY SERVING ITS REGISTERED AGENT

CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201-3136

    Attached is a copy of PLAINTIFF'S ORIGINAL CLASS ACTION PETITION.
This instrument was filed on February 22, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this February 23, 2021.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MARIA RODRIGUEZ

Issued at request of:
POTTS, DEREK HEATH
3737 BUFFALO SPEEDWAY, STE 1900
HOUSTON, TX  77098
713-963-8881

Bar Number: 24073727

**AFFIDAVIT ATTACHED**

**Officer or Authorized return**

Came to hand on the  25th  day of A.D., 2021, at  10:59 o'clock.

AM.  and executed by delivering on the 25th day of February A. D.  2021, at 2:05 o'clock
P. M., the within named defendant, CT Corp Registered Agent for GRIDDY ENERGY LLC  in person,
a true copy of this Citation, together with a copy of original petition with date of service marked
thereon, at the following location, 1999 Bryan St Suite 900 Dallas Texas 75021

.

Citation: 202110004
PLAINTIFFS' ORIGINAL CLASS ACTION PETITION
EXHIBITS A, B, C, D, E

Witness Fee: _____
For mileage _____
For Notary _____

_____ PSC 18151 expires 1/31/2023.

Richard White, 709 Colonial Drive, Garland, Texas 75043
Authorized Person
(469) 867-5210

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
in accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

My name is Richard White. (469) 867-5210

My date of birth is May 5, 1943_____ and my address is 709 Colonial Drive Garland, Texas 75043 Dallas
County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

 Wolters Kluwer

**SOP Intake** Portal

**Date:** Thu, Feb 25, 2021

**Time:** 2:09 PM CST

**Name:** David Valfer

**Juris Served:** TX

**Job ID:** 51980

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agency Name | Case No. |
| --- | --- | --- |
| Griddy Energy LLC | | 202110004 |

Intake Specialist: Lindsey Barrientez

CT Corporation, a Wolters Kluwer Company

Exhibit 4

3/2/2021 2:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51077133
By: Keeley Hodgins
Filed: 3/2/2021 2:23 PM

## CAUSE NO. 2021-10004

| | | |
|---|---|---|
| **LISA KHOURY, Individually and on Behalf of all Others Similarly Situated,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| vs. | § § | **HARRIS COUNTY, TEXAS** |
| **GRIDDY ENERGY LLC and GRIDDY HOLDINGS LLC,** | § § § | |
| *Defendants.* | § | **133rd JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION PETITION

Plaintiffs Lisa Khoury, Individually and on Behalf of all Others Similarly Situated, by and through the undersigned counsel, bring this class action against Defendants Griddy Energy LLC and Griddy Holdings LLC (collectively "Griddy"). Plaintiffs make the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to Khoury, which are based on personal knowledge.

### INTRODUCTION

1.    This is a class action on behalf of all Griddy customers who were charged excessive electricity prices during and because of Winter Storm Uri of February 2021. Griddy provided electricity to Texas and charged customers what has been described as "massive," "catastrophic," and "eye watering" electrical bills, even when those customers experienced power outages and other hardships during the winter storm.

2.    Griddy has caused substantial harm to Khoury and the proposed class by charging excessive electricity prices during and because of a disaster.

## PARTIES

3.      Plaintiff Lisa Khoury is an individual and citizen of the United States residing in Mont Belvieu, Chambers County, Texas.

4.      More than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of Texas.

5.      Defendant Griddy Energy LLC is a Delaware limited liability company with its principal place of business located at 11811 North Freeway, Suite 500, Houston, Texas 77060. Griddy Energy LLC maintains a registered agent in Texas, CT Corporation System, who can be served at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Defendant Griddy Holdings LLC is a Delaware limited liability company that owns and operates Griddy Energy LLC. Griddy Holdings LLC's registered agent, The Corporation Trust Company, can be served at 1209 Orange Street, Wilmington, Delaware 19801.

7.      Based upon the unitary and overlapping nature of their business, Griddy Energy LLC and Griddy Holdings LLC shall be referred to collectively as Griddy.

## DISCOVERY LEVEL

8.      Khoury and Class Members intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Procedure.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this Court. Khoury and Class Members are seeking monetary relief of over $1 billion.

10.     This Court has personal jurisdiction over Griddy Energy LLC because its principal place of business is in Harris County, Texas. At all relevant times, Griddy Energy LLC

purposefully availed itself of the benefits and protections of Texas by continuously and systematically conducting business so substantial as to render it at home in Texas. Griddy Energy LLC publicizes its company as a "Texas Energy Company" that brought "wholesale electricity to Texas." Griddy Energy LLC markets and sells electricity and transacts business in and directed towards Texas. Griddy Energy LLC maintains a headquarters in Texas and is registered in Texas.

11.     This Court has personal jurisdiction over Griddy Holding LLC. Griddy Holdings LLC has purposefully availed itself of the benefits and protections of Texas. Griddy Holdings LLC owns and operates Griddy Energy LLC. Griddy Holdings LLC owns, controls, and developed the software Texans used to manage and navigate their Griddy Energy LLC plans. Griddy Energy LLC holds the patent application for the software.

12.     Pursuant to Section 15 of the Texas Civil Practice and Remedies Code, venue is proper because a substantial part of the events or omissions giving rise to the alleged claims occurred or originated in Texas and this District. Additionally, Griddy Energy LLC is located at 11811 North Freeway, Suite 500, Houston, Harris County, Texas 77060.

## FACTUAL BACKGROUND

13.     Winter Storm Uri wreaked havoc in Texas and other states for one week in February 2021. The storm brought cold weather, including sub-freezing temperatures, snow, and ice, to a region ill-equipped to handle such conditions.[1] With surges in electricity usage to heat homes, the power grid was overtaxed resulting in people left without electricity for days, and it snowballed into other problems: no internet and cell services, contaminated water, and food shortages. At the time of filing, the extent of damage and the death toll are unknown.[2]

---

[1] https://www.texastribune.org/2021/02/19/texas-winter-legislature-electricity/
[2] https://www.texastribune.org/2021/02/19/texas-power-outage-winter-storm-deaths/

*The Disaster Unfolds in Texas*

14.     On Thursday, February 11, 2021, the Texas Weather Service issued its first winter storm watches. By Sunday, February 14, 2021, the entire state of Texas was placed under a winter storm warning.[3] Weather forecasters predicted the inclement weather as early as February 5, 2021, giving power grid operators, energy companies, and state officials ample time to prepare.[4]

15.     On Friday, February 12, 2021, Governor Greg Abbott declared a state of disaster in all Texas counties due to the winter weather. Ex. **A**, Proclamation.[5] Texans were warned to minimize electricity consumption to prevent further havoc on the power grid.[6] President Joseph R. Biden, Jr. approved an emergency declaration over the weekend.[7]

16.     On Sunday, February 14, 2021, the Electric Reliability Council of Texas ("ERCOT") announced that rolling outages would be imposed for the next two days to avoid a complete system breakdown.[8] Rolling blackouts were last carried out in Texas a decade ago.[9] Texas has failed to address any of the winter weatherization issues that last took place in 2011.[10]

17.     Texas purchases electricity from companies, cities, and others, while ERCOT works with utility providers to manage the power grid and flow to 90% of the state.[11] ERCOT blamed the outages on generator failures with natural gas providers.[12]

---

[3] https://www.washingtonpost.com/weather/2021/02/19/texas-cold-early-warning/
[4] *Id.*
[5] https://www.texastribune.org/2021/02/12/texas-winter-weather/
[6] *Id.*
[7] https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/14/president-joseph-r-biden-jr-approves-texas-emergency-declaration/
[8] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/
[9] https://time.com/5939633/texas-power-outage-blackouts/#:~:text=5%20Million%20Americans%20Have%20Lost,on%20Feb.%2015%2C%202021.
[10] https://www.texastribune.org/2021/02/17/texas-power-grid-failures/
[11] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/;
https://www.texastribune.org/2021/02/16/natural-gas-power-storm/
[12] *Id.*

18.     On Monday, February 15, 2021, 2 million Texas households were left without power. Throughout the United States, 5 million people experienced power outages.[13] The outages were expected to last 45 minutes per area, but instead, some Texans went days without power.[14]

19.     Many Texans felt blind-sided and alone as they dealt with the crisis, especially when it remained unclear how long the outages would continue for.[15]

20.     Due to electricity's high demand, on Tuesday, February 16, 2021, the Public Utility Commission ("PUC") directed ERCOT to apply the high system-wide offer cap that raised electricity prices to $9,000 per megawatt hour.[16]

21.     On Wednesday, February 17, 2021, 2.7 million Texas households were still without power and nearly 12 million Texans experienced low water pressure and water quality issues.[17] Governor Abbott still had no timeline as to when power and water would be restored.[18]

22.     By Thursday, February 18, 2021, the power outages were no longer necessary.[19] Yet, due to storm damage or other reasons, thousands of Texans remained without power.[20] The power grid returned to functionality by Friday, February 19, 2021.[21]

23.     On February 19, 2021, President Biden signed an emergency declaration.[22]

---

[13] https://time.com/5939633/texas-power-outage blackouts/#:~:text=5%20Million%20Americans%20Have%20Lost, on%20Feb.%2015%2C%202021.

[14] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/

[15] https://www.texastribune.org/2021/02/16/texas-ercot-power-outage/; https://www.texastribune.org/2021/02/16/texas-power-outage-warnings/

[16] http://www.ercot.com/services/comm/mkt_notices/archives/5221

[17] https://www.texastribune.org/2021/02/17/texas-winter-storm-power-outage-ercot/

[18] https://www.texastribune.org/2021/02/17/greg-abbott-winter-storm/

[19] https://www.texastribune.org/2021/02/18/texas-power-grid-operator-ercot-outage/

[20] *Id*.

[21] https://www.texastribune.org/series/winter-storm-power-outage/?page=1

[22] https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/20/president-joseph-r-biden-jr-approves-texas-disaster-declaration/

*Griddy's Outrageous Electricity Bills during the Disaster*

24.     Khoury enrolled with Griddy to start electricity services to her home on June 19, 2019. Ex. **B**, Enrollment Email (06.03.2019).

25.     Griddy was a Texas wholesale electricity provider. Griddy customers paid $9.99 for a monthly fee and the cost of spot power trades on Texas's power grid based on the time of day they used power.[23] Griddy's business model differed from traditional electricity providers in that it neither owned power generation capability nor entered into long-term pricing contracts with power generators. The electricity prices were passed directly to its customers.

26.     Khoury typically kept a $150 balance in her Griddy account to pay for her electricity bills. Her monthly electricity bills averaged around $200 to $250. Ex. **C**, Griddy Previous Statements.[24]

27.     After the winter storm hit her area, Griddy automatically withdrew from Khoury's bank account each time her electricity bill hit the recharge amount of $150. From February 13 to 18, 2021, Griddy withdrew eight times from Khoury's bank account, $150 each time. By Friday, February 19, 2021, Griddy withdrew a total of $1,200 from Khoury's bank account. Ex. **D**, Griddy February Statements; Ex. **E**, Bank Statement.

28.     Khoury expressed concern over Griddy's withdrawals and bouncing checks and eventually placed a stop payment on her bank account on Thursday, February 18, 2021. Khoury still owed Griddy an additional $9,683.88. Ex**. D**. That is, her entire Griddy bill was $10,995.46 from February 1 to 19, 2021. *Id*.[25] Some customers received bills as high as $17,000.[26]

---

[23] https://www.griddy.com/texas/learn-more
[24] Her previous three months of bills for November and December 2020 and January 2021 averaged $215.96, with an average $0.08 All-In Rate and 2,736 kWh used.
[25] Bill updated to reflect $4.00 All-In Rate and 2,649 kWh used.
[26] https://www.independent.co.uk/news/world/americas/texas-griddy-electric-bills-winter-storm-b1805357.html

29.     Khoury's electricity bills fluctuated as follows (Ex. **C**; Ex. **D**):

| Date of Bill | Griddy Bill Amount |
|---|---|
| 02/13/2021 | $207.70 |
| | + **$963.65** |
| 02/16/2021 | $1,171.35 |
| | + **$4,901.51** |
| 02/18/2021 | $6,072.86 |
| | + **$4,922.60** |
| 02/19/2021 | $10,995.46 |



30.     Griddy charged Khoury in the middle of a disaster. She and her husband mostly were without power in their home from Wednesday, February 17, 2021 to Thursday, February 18, 2021. At the same time, Khoury hosted her parents and in laws, who are in their 80s, during the storm. Even then, she continued to minimize any power usage because of the high prices.

31.     The outrageous bills added to Khoury's stress and financial burden, especially as a retiree with a fixed income. She describes herself as going into "survival mode." Many Texans complained the crisis drained "the mental reserves they had left" from the COVID-19 pandemic.[27]

32.     Griddy customers first experienced drastic bill increases due to weather-related power changes in the summer heat of August 2019.[28] Griddy downplayed the incident and failed to modify its business practices.

33.     Winter Storm Uri proved to be unprecedented for Griddy's customers. Spot electricity prices soared to $9,000 per megawatt hour from the pre-storm rate of $50 per megawatt hour.[29] On Sunday, February 14, 2021, Griddy emailed 29,000 customers to suggest they switch

---

[27] https://www.texastribune.org/2021/02/16/texans-weather-power-outage/
[28] https://www.khou.com/article/money/business/why-are-griddy-customers-getting-charged-so-much-to-power-their-homes-right-now/285-dcced90e-e3d1-41d7-8b03-e445a41b5cb7; https://www.houstonchronicle.com/business/texas-inc/article/Griddy-CEO-Greg-Craig-rewinds-the-price-spikes-of-14896833.php
[29] https://www.independent.co.uk/news/world/americas/texas-griddy-electric-bills-winter-storm-b1805357.html

to another provider with a fixed rate.[30] The next day, Griddy posted a letter on its website about the winter storm and electricity prices.[31] On Thursday, February 18, 2021, Griddy posted an additional update on high bills, claiming it was seeking relief from utility regulators.[32]

34.     Customers could not switch providers because other providers were not accepting new customers due to the winter storm.[33] Khoury attempted to change providers on Tuesday, February 16, 2021 and was initially told service could only start in a week. Persistent under pressure, Khoury was able to change providers on Friday, February 19, 2021.

35.     In light of the energy crisis, high electricity bills, and Griddy's outrageous billing, consumer advocacy groups stated, "Clearly we need to change our regulatory focus to protect the people, not profits."[34]

***Government Investigations related to the Disaster***

36.     Griddy customers were shocked and outraged when they received massive electricity bills, while also facing power outages and other disaster-related hardships. Customers were unable to pay their bills and faced account overdrafts, penalties and negative credit, power disconnections, and budget shortfalls when needing fix to disaster-related damages.

37.     On Monday, February 15, 2021, government officials, later joined by the Texas Attorney General, began to call for an investigation into the power outages and lack of timely and credible information.[35]

---

[30] https://www.houstonchronicle.com/business/energy/article/Texas-power-retailers-to-customers-in-face-of-15953843.php
[31] https://www.griddy.com/post/letter-from-griddy-about-the-storm-and-prices
[32] https://www.griddy.com/post/griddy-update-why-energy-prices-were-sky-high-this-week
[33] https://abc13.com/griddy-power-retailer-electricity-prices-texas-price-protection-grid/10350120/
[34] https://www.texastribune.org/2021/02/17/texas-power-grid-failures/
[35] https://www.texastribune.org/2021/02/14/texas-rolling-blackouts/;
https://www.texastribune.org/2021/02/16/texas-power-outage-ercot/;
https://www.texastribune.org/2021/02/17/texas-winter-storm-power-outage-ercot/;
https://www.texastribune.org/series/winter-storm-power-outage/?page=2

38.     On Friday, February 19, 2021, officials also began to advocate for investigating the high energy bills and alleviating costs by developing a "solution to ensure that Texans are not on the hook for unreasonable spikes in their energy bills."[36] Senator Ted Cruz agreed: "No power company should get a windfall because of a natural disaster, and Texans shouldn't get hammered by ridiculous rate increases for last week's energy debacle."[37]

39.     On February 19, 2021, after Griddy withdrew money from Plaintiffs' accounts, ERCOT announced Griddy failed to pay an invoice, with a short pay equal to $1,184,604.79.[38]

40.     On Saturday, February 21, 2021, Governor Abbott convened an emergency meeting to find a solution for Texans with high electricity bills. The next day, PUC issued two orders to temporarily stop electricity providers from disconnecting for non-payment and to continue offering deferred payment plans.[39] PUC also "urged retail electric providers to delay invoicing" for customers.[40]

41.     After Plaintiffs filed this matter, on February 23, 2021, ERCOT indicated Griddy owed a payout of $1,561,870.12.[41]

42.     On February 26, 2021, ERCOT revoked Griddy's access to the Texas power grid due to a payment breach and transitioned Griddy's remaining customers to other providers.[42] The media reported the transition effected 10,100 customers.[43]

---

[36] https://www.cnn.com/2021/02/20/business/texas-electricity-bills-griddy-puct/index.html;
https://www.texastribune.org/2021/02/21/texas-electric-bill-greg-abbott/;
https://www.cnn.com/2021/02/20/business/texas-electricity-bills-griddy-puct/index.html
[37] https://www.reuters.com/article/uk-usa-weather-texas-idUSKBN2AL0J7
[38] http://www.ercot.com/services/comm/mkt_notices/archives/5231 (W-A021921-01)
[39] https://www.kxan.com/news/texas/texas-utility-commission-orders-delay-of-power-disconnections-due-to-potential-high-bills/; https://www.puc.texas.gov/51812RuleExceptions.pdf;
https://www.puc.texas.gov/51812ERCOTProtocolActions.pdf
[40] https://www.puc.texas.gov/agency/resources/pubs/news/2021/PUCTX-REL-COLD21-022121-EOM.pdf
[41] http://www.ercot.com/services/comm/mkt_notices/archives/5241 (W-A021921-02)
[42] http://www.ercot.com/services/comm/mkt_notices/archives/5258 (M-G022621-01)
[43] https://www.usnews.com/news/us/articles/2021-02-26/texas-electric-firm-griddy-loses-access-to-texas-grid-customers-turned-over-to-rivals

43.     In response to ERCOT's actions against it, Griddy posted an update on its website.[44] The update stated:

> **What happens to my account balance?**
> Winter Storm Uri resulted in uncertainty regarding the reliability of date received from meter reads and ERCOT concerning electricity actually used by customers. As such, we have paused further billing until we have more certainty regarding this data. We currently expect to issue final bills in less than 60 days, indicating whether your account balance is positive or negative . . . .

44.     On February 28, 2021, the Texas Attorney General filed suit against Griddy, asserting Deceptive Trade Practices Act violations and injunctive relief.[45]

## CLASS ALLEGATIONS

45.     Pursuant to Texas Rule of Civil Procedure 42, Khoury, on behalf of herself and all others similarly situated, bring this class action and seek to represent the following:

> **Class**
> All Texas residents who purchased or obtained electricity services from Griddy and were charged and/or paid excessive and/or exorbitant electricity prices during and because of Winter Storm Uri of February 2021 (the "Class").

46.     Significantly more than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State of Texas.

47.     Defendant, Griddy Energy LLC, from whom significant relief is sought by members of the Class, whose alleged conduct forms a significant basis for the claims asserted by the proposed Class is a citizen of Texas.

48.     The principal injuries resulting from the alleged conduct or any related conduct of Griddy were incurred in Texas.

---

[44] https://www.griddy.com/
[45] https://thehill.com/policy/energy-environment/540967-texas-sues-power-provider-griddy-over-winter-storm-rates

49.     During the 3-year period preceding the filing of Plaintiff's Original Petition no other class action has been filed asserting the same or similar factual allegations against Griddy on behalf of the same persons.

50.     Excluded from the Class is Griddy, any entities in which Griddy has a controlling interest, any of Griddy's officers, directors, or employees, any of Griddy's legal representatives, heirs, successors, and assigns, anyone employed with Plaintiffs' counsels' firms, any Judge to whom this case is assigned and his or her immediate family.

51.     **Numerosity.** The Class is so numerous that joinder of all members is impracticable. While the exact number of Class Members is information not readily available at this time, as only Griddy possesses the data to determine a numerical figure to indicate the number of customers who experienced excessive electricity prices during and because of Winter Storm Uri of February 2021, Plaintiffs have reasonable belief that there are thousands of potential members in the Class. Griddy has thousands of customers in Texas and all of Texas was affected by the winter storm and most of Texas was affected by power outages.

52.     **Typicality.** Khoury's claims are typical of the claims of the Class Members she seeks to represent because Khoury and all Class Members were customers of Griddy, who provided variable-rate electricity plans to all customers, and were charged excessive electricity prices during and because of Winter Storm Uri of February 2021.

53.     **Adequacy.** Plaintiffs have retained counsel experienced in complex class action and consumer protection litigation. Khoury has no interests that are adverse to or in conflict with other Class Members. Khoury will fully and adequately protect the interests of all Class Members.

54.     **Commonality.** The questions of law and fact common to Class Members predominate over any questions that may affect only individual members, namely: whether Griddy

engaged in price gouging by charging excessive electricity prices to its customers during and because of Winter Storm Uri of February 2021; whether Griddy engaged in  false, deceptive, and misleading acts and practices; whether Griddy engaged in unconscionable acts; whether Griddy breached an express warranty; whether Griddy acted negligently when failing to monitor and prevent excessive electricity prices charged to customers during and because of Winter Storm Uri of February 2021; whether Griddy is liable for the excessive price increase on electricity supplied by the market; whether Griddy was unjustly enriched as a result of charging excessive electricity prices to its customers during and because of Winter Storm Uri of February 2021; whether Griddy committed conversion when keeping Plaintiffs' money; whether Griddy committed a violation under Texas's Deceptive Trade Practices Act, negligence, conversion, or unjust enrichment; whether Khoury and Class Members were harmed; and whether Griddy should be subjected to a declaratory judgment, injunction, and statutory and other damages.

55.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class Members is impracticable. The prosecution of separate actions by individual Class Members would impose heavy burdens upon the courts and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense and would assure uniformity of decision with respect to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

56.     The interest of Class Members in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class is cohesive, and prosecution of the action through representatives would be unobjectionable. The damages suffered by the Class are

12

uniform and generally formulaic, and the expense and burden of individual litigation could preclude them form fair redressal of the wrongs done to them. Plaintiffs anticipate no difficulty in the management of this action as a class action.

### COUNT I: VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT (TEX. BUS. & COM. CODE §§ 17.01-.954)

57.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

58.     Griddy acted knowingly and intentionally when violating Texas's Deceptive Trade Practices Act ("DTPA"), Chapter 17 of the Texas Business and Commerce Code.

***DTPA Laundry List Violations***

59.     The DTPA prohibits "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . . ." Tex. Bus. & Com. Code § 17.46(a).

60.     ***DTPA §§ 17.46(b)(2), (5), (7), (9), and (12)*** prohibits Griddy from: causing confusion as to the source of services; representing services have characteristics, uses, benefits or quantities that they do not have; representing services are of a particular standard if they are of another; advertising services with the intent not to sell as advertised; and representing an agreement confers rights, remedies, or obligation that it does not have.

61.     Griddy represented and led Khoury and Class Members to believe its electricity service plan would be based on the wholesale market and not be subject to severe price fluctuations. Griddy, through its advertising and marketing, misled Khoury and Class Members when it failed to disclose the true risks of its variable-rate plan based on the wholesale market. Instead, Griddy charged inflated and excessive prices during and because of the winter storm.

62. Griddy knew the actual exposure to Khoury and Class Members extended to $9,000 per megawatt hour. Yet, Griddy represented that its wholesale market prices would be within a reasonable range and price spikes would be rare.[46]

63. Griddy minimized its plan's pricing high point and shifted responsibility onto customers to monitor pricing. Griddy did this even when it knew its electricity plans could be drastically affected by and reflect severe price fluctuation due to inclement weather, as was the case in August 2019. Furthermore, Griddy's software application and customer portal did not assist Khoury and Class Members during the winter storm to monitor, forecast, and avoid price fluctuations. It was only helpful, if at all, in hindsight.

64. Even, in its last message to its customers, Griddy maintained it was free of any wrongdoing and shifted blame to its customers and to the state and federal government.[47]

65. Griddy downplayed the risks of its variable-rate plan and its customers' exposure to inflated and excessive prices. Rather than relay the truth, Griddy chose to focus on savings and its misleading reputation as a low-cost provider.

66. Ultimately, Khoury and Class Members, unsophisticated consumers, were not able to ascertain that wholesale market prices could fluctuate so radically, and they would bear the brunt of the price fluctuations.

67. *DTPA § 17.46(b)(24)* prohibits failing to disclose information concerning a service, which was known at the time of the transaction, if intended to induce the consumer into a transaction into which the consumer would not have entered.

---

[46] https://www.griddy.com/post/how-to-save-during-a-price-a-spike-winter-edition (explaining "how rare these occurrences are: prices spike over 6¢/kWh only 3.9% of the time."); https://www.npr.org/transcripts/971125969 (explaining a storm-like price spike to be equal to a chance of 0.1% of 0.6%).
[47] https://www.griddy.com/

68.     To acquire customers, Griddy advertised and marketed the plan as based on the wholesale market and as a low-cost alternative to traditional service plans.

69.     In addition to the other misrepresentations detailed herein, Griddy misrepresented the amount of its plan's savings and fees. Griddy averaged a 2019 price of 12.00 cents per kilowatt hour, while Texas averaged a 2019 price of 11.76 cents per kilowatt hour.[48] Griddy described its fees as being substantially less than those charged by traditional electricity providers. However, comparing Griddy's $120.00 yearly membership to traditional electricity providers' disconnection and other fees, which are not applicable to Griddy, is not a true and fair comparison.

70.     Had they understood Griddy's pricing scheme and the possibility of inflated and excessive pricing, Khoury and the Class Members would not have agreed to Griddy's services and, especially, Griddy's automatic withdrawal billing system—a predatory tactic.

71.     Khoury and the Class Members would stick to a safer electricity plan, maybe even a fixed-rate plan, as was suggested by Griddy during the winter storm.

72.     *DTPA § 17.46(b)(27)* specifically disallows price gouging during a declared disaster. It prohibits taking advantage of a disaster, declared by the governor under Chapter 418 of the Texas Government Code, by:

> (A) selling or leasing fuel, food, medicine, lodging, building materials, construction tools, or another necessity at an exorbitant or excessive price; or
> (B)  demanding an exorbitant or excessive price in connection with the sale or lease of fuel, food, medicine, lodging, building materials, construction tools, or another necessity;

---

[48] https://www.eia.gov/electricity/sales_revenue_price/pdf/table10.pdf;
https://www.eia.gov/electricity/sales_revenue_price/pdf/table5_a.pdf

Tex. Bus. & Com. Code § 17.46(b)(27). The designated disaster period begins at the earliest of the date of disaster or date of disaster proclamation by governor or presidents and ends within 30 days. *Id*. § 17.4626.

73.     Griddy engaged in false, misleading, or deceptive acts by selling and/or demanding electricity at excessive prices during and because of Winter Storm Uri of February 2021.

74.     Griddy's electricity prices and bills increased astronomically. Customers did not anticipate such increases.

75.     Griddy committed price gouging when Griddy allowed their customers to be charged such exorbitant amounts for electricity. Knowing the variable-rate plan would result in customers paying grossly inflated prices, Griddy even suggested their customers move to a fixed-rate plan under a different provider.

76.     Griddy attempted to justify the price increases as being a result of the wholesale power market and placed the burden on customers to track market prices. Pursuant to the DTPA, Griddy should still be held accountable and liable for price gouging when it excessively raised prices during a disaster.

77.     Governor Abbott, under Section 418.014 of the Texas Government Code, on February 12, 2021, declared a state of disaster due to the winter weather. Ex. **A**. Additionally, Texas's disaster declaration for COVID-19 was renewed on February 4, 2021.[49] President Biden declared an emergency exists in Texas on February 14 and 20, 2021. President Biden specified the storm began on February 11, 2021.[50]

---

[49] https://gov.texas.gov/news/post/governor-abbott-extends-covid-19-disaster-declaration-february-2021
[50] https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/14/president-joseph-r-biden-jr-approves-texas-emergency-declaration/; https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/20/president-joseph-r-biden-jr-approves-texas-disaster-declaration/

78.     Khoury and Class Members were victims of Griddy. They relied on Griddy's electricity to their detriment, particularly in an unprecedently winter storm where other providers were unavailable. Griddy's plan, with its excessive electricity prices, was a producing cause of economic and mental anguish damages. Tex. Bus. & Com. Code § 17.50.

*DTPA Unconscionability*

79.     Griddy's charging of excessive prices for electricity with their variable-rate plan is unconscionable. An unconscionable act "takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. & Com. Code § 17.45(5). Khoury and Class Members are unsophisticated consumers. They chose Griddy, a wholesale electricity provider, to pay less. Variable-rate plans, however, are a gamble and unpredictable. Consumers rarely understand the risks.[51] Griddy took advantage of this lack of knowledge to a grossly unfair degree when selling these plans. Griddy's unconscionable act was a producing cause of economic and mental anguish damages. Tex. Bus. & Com. Code § 17.50.

*DTPA Breach of an Express Warranty*

80.     Griddy sold electricity plan services to Khoury and the Class Members. Griddy represented it was a low-cost provider that based its plans on the wholesale market and would be insulated from inflated and excessive prices. Griddy's representation was the basis of the bargain. Griddy breached the warranty when charging Khoury and the Class Members excessive and inflated prices, and Khoury and the Class Members suffered. Tex. Bus. & Com. Code § 17.50.

81.     Khoury and Class Members seek all available and applicable relief under the DTPA, including economic, mental anguish, and additional damages, an order enjoining Griddy

---

[51] Lawmakers have agreed variable-rate plans, such as Griddy's, are unfair to the consumer and are predatory. *See* Texas House Committees State Affairs and Energy Resources Testimony (February 25, 2021), https://tlchouse.granicus.com/MediaPlayer.php?view_id=46&clip_id=19369, at Timestamp 3:24:20 and 3:29:36.

from engaging in price gouging, an order to restore money acquired by Griddy in violation of the DTPA, attorneys' fees and costs, and pre- and post-judgment interest.

**COUNT II: NEGLIGENCE AND NEGLIGENCE PER SE**

82.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

83.     Griddy has a duty to apply a level of care commensurate with the foreseeable harm arising from its control and management of its wholesale electricity service. This encompasses a duty to ensure, especially during a disaster, electricity is not sold via Griddy at excessive prices.

84.     As the winter storm disaster emerged in February 2021, it was foreseeable to Griddy and the energy sector that electricity prices would be excessively inflated due to the measures taken to prevent the power grid from completely failing. Griddy sent an email as early as February 15, 2021, recommending customers abandon its variable-rate plan.

85.     Griddy had the ability, capacity, and contractual right to prevent charging customers excessive prices during the disaster. Griddy controlled its services and platform and oversaw pricing and contracting. Griddy may alter its electricity pricing. Consumers, who are made to absorb inflated prices, often cannot afford unexpectedly large expenses and are greatly penalized by not paying electricity bills, such as with penalties and the threat or reporting of negative credit.

86.     Griddy did not exercise ordinary care and comply with existing standards of care when it failed to shield consumers from excessive electrical bills and to properly detect and react to electricity market price increases.

87.     Given the foreseeability of excessive prices during the winter storm, a reasonable electricity provider in Griddy's position would have had a system in place to prevent its customers

from being charged excessive prices and taken aggressive steps to prevent it. Griddy did not do so, and instead, responded in an ineffective manner.

88.     Griddy's actions resulted in violations of the DTPA. The DTPA was designed to protect Khoury and Class Members from being misled by Griddy's variable-rate contracts, experiencing price gouging during a disaster, and from suffering injuries. Accordingly, Griddy's conduct constitutes negligence per se.

89.     Griddy's negligence proximately caused damages to Khoury and Class Members. Had Griddy exercised reasonable care, Khoury and Class Members would not have paid excessive prices for electricity they purchased from Griddy. Khoury and Class Members are entitled to compensatory and equitable damages.

## COUNT III: CONVERSION

90.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

91.     Khoury and Class Members paid for electricity at excessive prices from Griddy.

92.     Khoury and Class Members were entitled to keep the money withdrawn by Griddy to pay for excessively priced electricity. Griddy illegally and unlawfully charged excessive prices.

93.     Griddy exercised dominion and control over Khoury's money and electrical services. Griddy wrongfully withdrew from Khoury's bank account and then retained the amount Khoury paid for the excessively priced electricity.

94.     Khoury expressed concern to Griddy about the withdrawals but never heard back. Many Class Members demanded a refund, but Griddy refused.

95.     Griddy's interference damaged Khoury and Class Members.

96.     Plaintiffs and Class Members seek a refund of withdrawn funds associated with excessive pricing, as well as attorneys' fees, costs, and interest.

## COUNT IV: UNJUST ENRICHMENT

97.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

98.     Griddy exploited vulnerable consumers by selling electricity at excessive prices during Winter Storm Uri of February 2021. During power outages and other hardships, consumers relied on Griddy for electricity and turned to Griddy to provide a service vital to their safety, health, and well-being. Texas law, and basic principles of equity and fair dealing, prohibit sellers from capitalizing on such exigencies and charging excessive prices.

99.     By selling electricity at excessive prices during the storm, Griddy was unjustly enriched. Griddy profited off the sale of electricity and retained the payments it acquired from customers charged excessive prices for electricity.

100.    Griddy knew it was overcharging consumers, that consumers would be harmed, and Griddy would be unjustly enriched by retaining customers' payments.

101.    In the event Khoury and Class Members lack an adequate remedy at law, Griddy is required to make restitution in equity pursuant to the common law of unjust enrichment.

## COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

102.    The preceding paragraphs are incorporated by reference as if fully alleged herein.

103.    An actual controversy has arisen and now exists between Khoury and the Class, on the one hand, and Griddy, on the other, concerning prices charged for electricity during and because of the winter storm.

104.    Plaintiffs contend Griddy charged its customers excessive prices during the winter storm. Therefore, Khoury requests the Court declare Griddy's conduct unlawful to prevent future controversies that would allow for continued injustices such as the present one, where an essential service provider took advantage of masses of consumers.

105.    Plaintiffs further seek an injunction enjoining Griddy from (1) any engagement in the unlawful conduct of charging customers excessive prices during and because Winter Storm Uri of February 2021; and (2) from billing and collecting payments from customers charged with excessive prices during and because of Winter Storm Uri of February 2021 and ordering Griddy to fully forgive any late or non-payments associated with such bills, including removing any negative credit reporting and penalties, and to refund payments already made on such bills.

## DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Khoury, individually and on behalf of all others similarly situated, request relief and judgment against Griddy as follows:

a.    That the Court enter an order certifying the Class, appointing Khoury as a representative of the Class, appointing Plaintiffs' counsel as Class counsel, and directing that reasonable notice of this action, as provided by Texas Rule of Civil Procedure 42(c), be given to the Class;

b.    For a judgment against Griddy for the causes of action alleged against it;

c.    For damages in an amount to be proven at trial;

d.    For an order of restitution and all other forms of equitable monetary relief;

e.    Appoint a receiver or sequester Griddy's assets if it has been ordered by this Court to make restitution and Griddy has failed to do so within three months after the order to make restitution has become final and non-appealable;

f.    For a declaration that Griddy's conduct as alleged herein is illegal and unlawful;

g.    For appropriate injunctive relief, enjoining Griddy from continuing to engage in illegal and unlawful conduct;

h.    For all available actual, statutory, and/or treble damages;

i.      For punitive damages;

j.      For pre-judgment and post-judgment interest;

k.      For Plaintiffs' attorneys' fees, costs, and expenses; and

l.      For such other relief in law or equity as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

March 2, 2021

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**
*/s/ Derek H. Potts*
Derek H. Potts
Texas Bar No. 24073727
J. Ryan Fowler
Texas Bar No. 24058357
Batami Baskin
Texas Bar No. 24078206
POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that the foregoing was served on all parties on this 2nd day of March 2021.

*/s/ Derek H. Potts*
Derek H. Potts



# PROCLAMATION

**BY THE**

## 𝕲𝔬𝔳𝔢𝔯𝔫𝔬𝔯 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔗𝔢𝔵𝔞𝔰

**TO ALL TO WHOM THESE PRESENTS SHALL COME:**

I, GREG ABBOTT, Governor of the State of Texas, do hereby certify that severe winter weather poses an imminent threat of widespread and severe property damage, injury, and loss of life due to prolonged freezing temperatures, heavy snow, and freezing rain statewide.

THEREFORE, in accordance with the authority vested in me by Section 418.014 of the Texas Government Code, I do hereby declare a state of disaster in all 254 counties based on the existence of such threat.

Pursuant to Section 418.017 of the code, I authorize the use of all available resources of state government and of political subdivisions that are reasonably necessary to cope with this disaster.

Pursuant to Section 418.016 of the code, any regulatory statute prescribing the procedures for conduct of state business or any order or rule of a state agency that would in any way prevent, hinder, or delay necessary action in coping with this disaster shall be suspended upon written approval of the Office of the Governor. However, to the extent that the enforcement of any state statute or administrative rule regarding contracting or procurement would impede any state agency's emergency response that is necessary to protect life or property threatened by this declared disaster, I hereby authorize the suspension of such statutes and rules for the duration of this declared disaster.

In accordance with the statutory requirements, copies of this proclamation shall be filed with the applicable authorities.

> IN TESTIMONY WHEREOF, I have hereunto signed my name and have officially caused the Seal of State to be affixed at my office in the City of Austin, Texas, this the 12th day of February, 2021.

GREG ABBOTT
Governor

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
_3:30 p.m._ O'CLOCK
FEB 1 2 2021

*Governor Greg Abbott*
February 12, 2021

*Proclamation*
Page 2

ATTESTED BY:

RUTH R. HUGHS
Secretary of State

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:30 AM ˍ O'CLOCK

FEB 1 2 2021

---------- Forwarded message ---------
From: **Griddy** <support@gogriddy.com>
Date: Mon, Jun 3, 2019 at 8:49 PM
Subject: Griddy Enrollment Confirmation
To: █████████████████



# Welcome to a whole
# new way to buy power

No need to contact your old provider. We will take care of contacting them to switch you over on your requested start date. In the meantime, sit back, relax and learn how to Griddy.

## Account Information

**Name:** Lisa Khoury

**Address:** █████████████████████████

**ESI ID:** █████████████████

**Start Date:** 2019-06-19



## Prepaid Information

**Prepaid Amount: $** 49.00

**Payment Confirmation:** 2019060401492279744

It can take about three hours for your meter to become active on your selected start date. We will send you an email once your meter is officially switched over to Griddy.

# Teach me how to Griddy



You already prepaid for $49 worth of electricity, which will be debited daily based on the electricity you use. When your account balance reaches $25, you will automatically be recharged $49. You can change your recharge amount at any time by going to Settings > Recharge.

Pro Tip: You do not have to wait for an automatic recharge to occur. Instead, go to Add Funds under account settings and add any amount for a one-time payment.



We never markup the price of electricity so you always pay what it costs on the grid at that moment. Not only is it the fairest deal in town, but the wholesale price has been lower than the Texas Average for the last five years and counting!



We will send you monthly savings summaries that compares your Griddy rate to the Texas Average. We'll also throw some cat gifs in there to make those savings extra special.



The Griddy app is one of the niftiest tools around and will help you control your usage. You can check the current price of electricity at any time of the day, see how much you have spent to-date, and track your electricity usage monthly, daily and hourly.



# Download the Griddy app now.





## And here's a note from our lawyers about your rights

You have 3 business days to rescind your agreement. (Though, with Griddy you can cancel at any time without penalty.)

To do so, call (or fax) us at 800-993-6207, email us at support@gogriddy.com, or send an actual letter to 11811 North Freeway, #546, Houston, TX 77060.

For more information, check out the following documents:

Terms of Service Agreement

Prepaid Disclosure Statement

Electricity Facts Label

<u>Your Rights as a Customer</u>



*Copyright © 2019 Griddy Energy LLC, All rights reserved.*

*11811 North Freeway, #546*
*Houston, TX 77060*





1:30

November ⌄    Statement

This meter is no longer active

## November 2020

| All-In Rate | kWh Used |
|-------------|----------|
| 8.5¢ | 2,219 |

**Statement Breakdown**

| | | |
|---|---|---|
| Wholesale Electricity | $72.15 | ⌄ |
| TDU Delivery Charges | $98.89 | ⌄ |
| Griddy Membership | $9.99 | ⌄ |
| Taxes & Fees | $7.05 | ⌄ |
| **Total** | **$188.08** | |



Savings   Usage   Price   Statement   Account



1:30

December ⌄     Statement

This meter is no longer active

# December 2020

| All-In Rate | kWh Used |
|:---:|:---:|
| 7.6¢ | 2,951 |

**Statement Breakdown**

| | | |
|---|---:|:---:|
| Wholesale Electricity | $79.25 | ⌄ |
| TDU Delivery Charges | $130.07 | ⌄ |
| Griddy Membership | $9.99 | ⌄ |
| Taxes & Fees | $4.36 | ⌄ |
| **Total** | **$223.66** | |



| Savings | Usage | Price | Statement | Account |
|:---:|:---:|:---:|:---:|:---:|



1:29

January ⌄          Statement

This meter is no longer active

## January 2021

| All-In Rate | kWh Used |
|---|---|
| 7.8¢ | 3,038 |

**Statement Breakdown**

| | | |
|---|---|---|
| Wholesale Electricity | $83.33 | ⌄ |
| TDU Delivery Charges | $134.45 | ⌄ |
| Griddy Membership | $9.99 | ⌄ |
| Taxes & Fees | $8.37 | ⌄ |
| **Total** | **$236.14** | |



Savings   Usage   Price   Statement   Account





10:11                    ·ıll LTE ▭

February ⌄        Statement

# February 1 – 13, 2021

All–In Rate | kWh Used
16.6¢ | 1,254

**Statement Breakdown**

| | |
|---|---|
| Wholesale Electricity | $144.13 ⌄ |
| TDU Delivery Charges | $55.02 ⌄ |
| Griddy Membership | $4.32 ⌄ |
| Taxes & Fees | $4.23 ⌄ |

**Total** | **$207.70**



Savings   Usage   Price   Statement   Account



## February 1 – 16, 2021

| All-In Rate | kWh Used |
|:---:|:---:|
| 69.4¢ | 1,687 |

**Statement Breakdown**

| | |
|---|---:|
| Wholesale Electricity | $1,075.17 |
| TDU Delivery Charges | $73.83 |
| Griddy Membership | $5.40 |
| Taxes & Fees | $16.96 |
| **Total** | **$1,171.35** |





## February 1 – 18, 2021

| All-In Rate | kWh Used |
|:---:|:---:|
| $3.00 | 2,252 |

**Statement Breakdown**

| | |
|---|---:|
| Wholesale Electricity | $5,931.35 |
| TDU Delivery Charges | $98.07 |
| Griddy Membership | $6.12 |
| Taxes & Fees | $37.31 |
| **Total** | **$6,072.86** |







**6:47**

February ⌄        Statement

This meter is no longer active

## February 1 – 19, 2021

| All-In Rate | kWh Used |
|---|---|
| $4.00 | 2,560 |

**Statement Breakdown**

| Wholesale Electricity | $9,373.47 | ⌄ |
|---|---|---|
| TDU Delivery Charges | $118.66 | ⌄ |
| Griddy Membership | $6.84 | ⌄ |
| Taxes & Fees | $47.87 | ⌄ |

**Total**        **$9,546.84**



Savings      Usage      Price      Statement      Account



## February ⌄    Statement

> This meter is no longer active

## February 1 – 19, 2021

| All-In Rate | kWh Used |
|:---:|:---:|
| **$4.00** | **2,649** |

### Statement Breakdown

| | | |
|---|---:|:---:|
| Wholesale Electricity | $10,815.90 | ⌄ |
| TDU Delivery Charges | $122.44 | ⌄ |
| Griddy Membership | $6.84 | ⌄ |
| Taxes & Fees | $50.28 | ⌄ |
| **Total** | **$10,995.46** | |



Savings    Usage    Price    Statement    Account



10:43

Account        Settings

Account Balance

–$9,683.88

**Pay Remaining Balance**



Love Griddy? Refer a friend!   >

**Recent Transactions**

02/18/21
Recharge                    $150.00

02/18/21
Recharge                    $150.00

See All Transactions         >

Savings   Usage   Price   Statement   Account



## −$9,683.88

### February 2021

| | |
|---|---|
| 02/18/21 Recharge | $150.00 |
| 02/18/21 Recharge | $150.00 |
| 02/17/21 Recharge | $150.00 |
| 02/16/21 Recharge | $150.00 |
| 02/14/21 Recharge | $150.00 |
| 02/14/21 Recharge | $150.00 |
| 02/14/21 Recharge | $150.00 |
| 02/12/21 Recharge | $150.00 |

### January 2021





Log Out        Mobile PC Branch

02/13/2021                                    $ -150.00
**DEBIT PURCHASE (4252)**
**GOGRIDDY.COM**
**WWW.GRIDDY.CO CA**
**104300025956 12345678 Feb 12**





02/17/2021                                        $ -150.00
**DEBIT PURCHASE (4252)**
**GOGRIDDY.COM**
**WWW.GRIDDY.CO CA**
**104700025146 12345678 Feb 16**

02/15/2021                                        $ -150.00
**DEBIT PURCHASE (4252)**
**GOGRIDDY.COM**
**WWW.GRIDDY.CO CA**
**104500027247 12345678 Feb 14**



02/17/2021                                    $ -150.00
**DEBIT PURCHASE (4252)**
**GOGRIDDY.COM**
**WWW.GRIDDY.CO CA**
**104800018723 12345678 Feb 17**



# Exhibit 5

3/8/2021 12:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51244799
By: EVELYN PALMER
Filed: 3/8/2021 12:07 PM

## CAUSE NO. 2021-10004

| | | |
|---|---|---|
| **LISA KHOURY, Individually and on Behalf of all Others Similarly Situated,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GRIDDY ENERGY LLC and** | § | |
| **GRIDDY HOLDINGS LLC,** | § | |
| | § | |
| *Defendants.* | § | **133rd JUDICIAL DISTRICT** |

**JURY TRIAL DEMANDED**

## PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs Lisa Khoury, Individually and on Behalf of all Others Similarly Situated ("Class Members"), file this Application for Temporary Restraining Order and Preliminary Injunction to prevent Defendants (collectively "Griddy") from: (1) destroying, altering, deleting, changing, removing, modifying, purging, or otherwise tampering with the evidence, documents, communications, or equipment related to the events giving rise to this litigation; (2) misallocating, siphoning off, and draining accounts, assets, and funds to limit payment of damages to customers, and (3) automatically debiting payments from customers charged with excessive prices during and because of Winter Storm Uri of February 2021, and any reporting to credit agencies of late or missed payments and would respectfully show as follows:

### FACTUAL BACKGROUND

1.     Griddy is a Texas wholesale electricity provider. Griddy customers pay $9.99 for a monthly fee and the cost of spot power trades on Texas's power grid based on the time of day they use power. The media reports Griddy had 29,000 customers. Texas maintains a deregulated electricity market in which the Electric Reliability Council of Texas ("ERCOT") works with utility providers to manage the power grid.

2.      On February 12, 2021, Governor Greg Abbott declared a state of disaster in all Texas counties due to the severe winter weather.

3.      By February 14, 2021, ERCOT announced that rolling outages would be imposed to avoid a complete system breakdown. Millions of Texans ended up without power for days and suffered from water and food shortages, property damage, and other hardships.

4.      Texans received outrageous electricity bills from variable-rate electricity service providers, like Griddy. Spot electricity prices soared to $9,000 per megawatt hour from the pre-storm rate of less than $50 per megawatt hour. Khoury's typical monthly electricity bills averaged around $200 to $250. But, her final electricity bill, dated February 1 to 19, 2021, totaled $10,995.46. Some customers received bills as high as $17,000.

5.      Of the final bill, Khoury paid Griddy $1,200 and allegedly still owes $9,683.88. During the winter storm, Griddy automatically withdrew $150 eight times from her bank account.

6.      The Texas power grid returned to functionality on February 19, 2021.

7.      On February 19, 2021, ERCOT issued a notice (W-A021921-01) due to Griddy's failure to pay an invoice, with the short pay equal to $1,184,604.79.[1]

8.      On February 22, 2021, the Public Utility Commission ("PUC") issued two orders to temporarily stop electricity providers from disconnecting services for non-payment and to continue offering deferred payment plans.[2] PUC also "urged retail electric providers to delay invoicing" for customers.[3]

9.      After Khoury and Class Members originally filed this matter, on February 23, 2021, ERCOT issued an additional notice (W-A021921-02) that Griddy owed $1,561,870.12.[4]

---

[1] http://www.ercot.com/services/comm/mkt_notices/archives/5231
[2] https://www.puc.texas.gov/51812RuleExceptions.pdf;
https://www.puc.texas.gov/51812ERCOTProtocolActions.pdf
[3] https://www.puc.texas.gov/agency/resources/pubs/news/2021/PUCTX-REL-COLD21-022121-EOM.pdf
[4] http://www.ercot.com/services/comm/mkt_notices/archives/5241

10.    On February 26, 2021, ERCOT issued a notice (M-G022621-01) revoking Griddy's access to the Texas power grid due to a payment breach and transitioning Griddy's remaining customers to other providers.[5] The media reports 10,100 customers were transitioned.

11.    In response to ERCOT's actions against it, Griddy posted an update on its website. The update stated:

> **What happens to my account balance?**
> Winter Storm Uri resulted in uncertainty regarding the reliability of data received from meter reads and ERCOT concerning electricity actually used by customers. As such, we have paused further billing until we have more certainty regarding this data. We currently expect to issue final bills in less than 60 days indicating whether your account balance is positive or negative. When we determine a customer's final account balance, if it is positive that amount will be refunded to you within 7 days.

12.    On February 28, 2021, the Texas Attorney General filed suit against Griddy, asserting DTPA violations and requesting a temporary injunction.

13.    The outrageous bills from Griddy added to the stress and financial burden of Khoury and Class Members, exacerbated amid a disaster. They feared and/or experienced bounced checks, low balances, and negative credit reports.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

14.    The purpose of a temporary restraining order and subsequently, a preliminary injunction is to preserve the status quo pending trial. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993). The status quo is defined as the last, actual, peaceable, uncontested status that preceded the pending controversy. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). This Application for Temporary Restraining Order is authorized by Tex. Civ. Prac. & Rem. Code § 65.011.

---

[5] http://www.ercot.com/services/comm/mkt_notices/archives/5258

15.     Plaintiffs seek such injunctive relief to preserve the critical evidence they will need to prove their allegations and to prevent further harm. Unless this Court enters such protections, Griddy may destroy, alter, delete, change, move, modify, purge, or otherwise tamper with the evidence, documents, communications, or equipment related to the events giving rise to this litigation, drain and misallocate its assets to avoid paying Khoury and Class Members damages, and either force Khoury and Class Members to be subject to exorbitant electricity bills or to various penalties in the event of a payment default.

16.     It is probable that after a full and final hearing that Plaintiffs will be entitled to this injunctive relief. The Texas Attorney General applied for a similar  injunction on February 28, 2021. Plaintiffs are entitled to a temporary restraining order and preliminary injunction to preserve the status quo, pending a judicial resolution, from all Defendants. *See Butnaru*, 84 S.W.3d at 204.

17.     To obtain a temporary injunction, the applicant must plead and prove three specific elements:

    a.   A cause of action against the defendant;

    b.   A probable right to the relief sought; and

    c.   A probable, imminent, and irreparable injury in the interim.

*Id*.  An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id*. In the case at hand, Plaintiffs satisfy all three elements necessary for the issuance of an injunction.

18.     First, Khoury and Class Members, through their First Amended Class Action Petition, asserted viable causes of action against Griddy. The causes of action include violations of the Deceptive Trade Practices Act ("DTPA"), negligence and negligence per se, conversion, unjust enrichment, and declaratory and injunctive relief. All claims relate to Griddy's unlawful acts of charging excessive electricity prices to their customers during and because of Winter Storm

4

Uri of 2021. Plaintiffs' injuries would never have occurred if it were not for Griddy's unlawful acts.

19.     Second, the evidence demonstrates Khoury and Class Members will succeed on the merits at trial. Khoury and Class Members support their causes of action against Griddy and show Griddy did not have a right to market, misrepresent and/or sell its variable-rate electricity plans and charge Khoury and Class Members the excessive prices it did during a disaster. Furthermore, Griddy does not have the right to pursue collection efforts and penalize Khoury and Class Members for non-payment.

20.     An actual controversy has arisen and now exists between Khoury and Class Members and Griddy regarding their respective rights and duties. Khoury and Class Members contend Griddy unlawfully charged excessive electricity prices during a disaster and sold unconscionable electricity service plans and was negligent in selling and maintaining its variable-rate service plan. Furthermore, Griddy converted Khoury's and Class Members' property by withdrawing directly from their accounts to satisfy the excessively priced electricity bills and were unjustly enriched. A judicial declaration is necessary and appropriate under the circumstances so that Khoury and Class Members may determine the rights, obligations, and duties owed by Griddy and whether Griddy complied with the law.

21.     Based upon the facts outlined herein and in Plaintiffs' First Amended Class Action Petition, Plaintiffs can demonstrate they have a probable right to the relief sought.

22.     Third, if this application is not granted, Plaintiffs would face probable and imminent harm. Plaintiffs risk forever losing the opportunity to properly investigate and litigate their claims. Griddy and their employees, contractors, agents, servants, representatives, affiliated entities, independent contractors, and any other party acting in concert with Defendants should be

restrained from destroying, altering, deleting, changing, modifying, purging, moving, and otherwise tampering with potential evidence related to the winter storm.

23.     Plaintiffs also face the risk of incurring further monetary losses. Griddy should be prohibited from automatically charging customers debit/credit cards from bank and other accounts, penalizing Khoury and Class Members, without allowing for a full determination on the merits of their claims. Griddy should also be barred from siphoning off, misallocating, and draining assets to avoid refunding Khoury and Class Members and paying off damages.

24.     ERCOT and Griddy seem to be, at least partially, on board with such restrictions, given their latest notices and updates. While Plaintiffs' claims are pending, Griddy should be formally precluded from pursuing business as usual and from any predatory practices and tactics.

25.     Additionally, Plaintiffs would face irreparable injury. Once critical evidence is destroyed or altered, it is gone forever. Plaintiffs would be unable to prove their cases and future plaintiffs, which continue to increase daily, would be left with a tainted or incomplete evidentiary record. Likewise, Griddy should be precluded from misallocating and draining its assets to avoid fulfilling a judgment.

26.     Plaintiffs also risk financial uncertainty and loss and a hole of debt that they would unlikely emerge from unscathed. It is unfair to the consumer to face such severe repercussions from receiving a minimal amount of electricity to survive during a disaster. Debt and negative credit history cannot be easily or timely fixed and could inhibit certain job, housing, and other opportunities. When faced with such unpleasant and unusual circumstances, Plaintiffs would be discouraged from fully committing to prosecuting their claims.

27.     The total amount of damages from these harms is incalculable and no subsequent remedy at law could fix these harms once they happen. *See Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 610 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

28.     Given the above, this Court should sign an order for Griddy to fulfill three things.

29.     First, Griddy must take the necessary steps to preserve evidence related to the events giving rise to this class action, including but not limited to preserving communications, electronically stored information, equipment, and physical evidence. This includes in part:

a)      All communications regarding the Winter Storm Uri from January 1, 2021 to March 1, 2021.

b)      All communications with any government agency or employee, including but not limited to those communications with the City of Houston, Harris County, State of Texas, and/or federal government, regarding power outages and/or electricity pricing and/or or preparation for such from January 1, 2021 to March 1, 2021.

c)      All communications regarding electricity pricing, power generation, and/or load shedding from January 1, 2021 to March 1, 2021.

d)      All policies and procedures for decision-making on electricity pricing and/or choosing where to reduce, direct, and/or shut off power in the event of a power shortage, in place as of February 1, 2021.

e)      All plans, directives, or programs in place as of February 1, 2021 for the prevention of price fluctuations and/or power outages and/or shortages in the event of cold weather.

f)      All communications made to the public and/or customers in any form, including without limitation, communications made via social media platforms such as Facebook, Twitter, and/or Instagram regarding price fluctuations, power outages, rolling blackouts, and/or restoration of power, from February 1, 2021 to March 1, 2021.

g)      Audio recordings of all calls with customers regarding electricity prices and/or loss of power, for the period of February 1, 2021 to March 1, 2021.

30.     Second, Griddy must not improperly syphon off, misallocate, or drain assets, funds, and money.

31.     Third, Griddy must not automatically debit payments from customers charged with excessive prices during and because of Winter Storm Uri of February 2021, and Griddy must be ordered to cease any reporting to credit agencies regarding late or missed payments and penalties.

**WILLINGNESS TO POST BOND**

7

32.    There is no indication Defendants will suffer any cognizable harm during the time that the temporary restraining order and preliminary injunction are in effect. This motion simply requires a preservation of the status quo. Because, Defendants will not be harmed by the issuance of the injunctive relief, Plaintiffs should not be required to post a bond.

33.    If a bond was required to be posted, Khoury and the Class Members urge the Court to impose a minimal amount for the bond due to the circumstances and facts at hand.

### REQUEST FOR TEMPORARY INJUNCTION HEARING

34.    Plaintiffs asks this Court to set their application for a temporary injunction for hearing and issue a temporary injunction against Defendants.

### PRAYER

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order granting Plaintiffs' Temporary Restraining Order and Preliminary Injunction, issue an order granting Plaintiffs' requested relief and for such other relief, both general and special, at equity and in law, to which Plaintiffs may be entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

*/s/ Derek H. Potts*
Derek H. Potts
Texas Bar No. 24073727
J. Ryan Fowler
Texas Bar No. 24058357
Batami Baskin
Texas Bar No. 24078206
**THE POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com
Email: rfowler@potts-law.com

/s/ Riley L. Burnett Jr.
Riley L. Burnett, Jr.
Texas Bar No. 3428900
Karen H. Beyea-Schroeder
Texas Bar No. 24054324
**BURNETT LAW FIRM**
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77098
Telephone: (832) 413-4410
Email: rburnett@rburnettlaw.com
Email: karen.schroeder@rburnettlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished to the Registered Agents for all Defendants on this 8th day of March 2021. Defendants have not yet appeared in this case, and I have been unable to serve them directly.

*/s/ Derek Potts*
Derek H. Potts

## CERTIFICATE OF CONFERENCE

I hereby certify that on this 8th day of March, 2021, I sent a copy of these Applications, a declaration, and the proposed temporary restraining order to the Registered Agents for all Defendants, along with email communication to the contacts on file with the Public Utility Commission of Texas.

*/s/ Derek Potts*
Derek H. Potts

CAUSE NO. 2021-10004

| | | |
|---|---|---|
| **LISA KHOURY, Individually and on Behalf of all Others Similarly Situated,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **GRIDDY ENERGY LLC and GRIDDY HOLDINGS LLC,** | § § § | |
| *Defendants.* | § § | **133rd JUDICIAL DISTRICT** |

**JURY TRIAL DEMANDED**

## <u>DECLARATION OF DEREK H. POTTS</u>

My name is Derek H. Potts and my address is 3737 Buffalo Speedway, Suite 1900, Houston, Texas 77098.

I am over the age of twenty-one. I have I have never been convicted of a felony or a crime of moral turpitude, and I am in all respects competent to give this declaration. The statements in this declaration are based on my personal knowledge, and they are true and correct under penalty of perjury.

I am an attorney and the owner and founder of The Potts Law Firm. I represent the Plaintiffs in the above captioned lawsuit.

I attest that all facts stated in Plaintiffs' *Application for Temporary Restraining Order and Preliminary Injunction* are true and correct and within my personal knowledge.

Executed in the State of Texas on the 8th day of March 2021.

*/s/ Derek H. Potts*
Derek H. Potts

3/8/2021 12:07:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 51244799
By: PALMER, EVELYN J
Filed: 3/8/2021 12:07:32 PM

**CAUSE NO. 2021-10004**

| | | |
|---|---|---|
| LISA KHOURY, Individually and on Behalf of all Others Similarly Situated, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| GRIDDY ENERGY LLC and GRIDDY HOLDINGS LLC, | § § § | |
| *Defendants.* | § § | 133rd JUDICIAL DISTRICT |

**JURY TRIAL DEMANDED**

## TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON APPLICATION FOR PRELIMINARY INJUNCTION

On the date and time stated at the end of this Order, the Court heard Plaintiffs' Application for a Temporary Restraining Order. After considering the pleadings, exhibits, the arguments of counsel at the hearing, and all other documents and evidence, the Court finds as follows:

1. Plaintiffs have asserted viable causes of action in this lawsuit against Defendants Griddy Energy LLC and Griddy Holdings LLC. There is sufficient evidence presented in Plaintiffs' verified application to find that Plaintiffs are likely to prevail on their claims against Defendants and have a probable right to do so.

2. If this application is not granted, harm is probable and imminent to Plaintiffs. Plaintiffs will not be afforded the opportunity to properly investigate and litigate their claims and to be compensated for their damages. They will also unfairly further lose their money and financial stability and good standing.

3. Plaintiffs will suffer immediate and irreparable injury without this temporary restraining order, because, if not entered, Plaintiffs risk forever losing the opportunity to properly investigate and litigate their claims in the event Defendants, or their employees, contractors, agents, servants, representatives, affiliated entities, independent contractors, or any other party

10

acting in concert with Defendants, destroys, alters, deletes, changes, modifies, purges, moves and otherwise tampers with the potential evidence related to the excessive billing during and because of Winter Storm Uri of 2021. In addition, Plaintiffs risk not being able to be properly compensated for their damages and forever losing their financial stability and good standing. The total amount of damages is incalculable and no subsequent remedy at law would fix this harm.

It is therefore ORDERED that Plaintiffs' Application for Temporary Restraining Order be GRANTED.

ACCORDINGLY, DEFENDANTS Griddy Energy LLC and Griddy Holdings LLC and their employees, contractors, agents, servants, representatives, affiliated entities, independent contractors, and any other party acting in concert with Defendants, are hereby ORDERED to:

1) Refrain from destroying, altering, deleting, changing, modifying, purging, and/or otherwise tampering with any evidence, documents, communications, or equipment related or connected to the excessive billing in February 2021 giving rise to Plaintiffs' lawsuit.

2) Take all necessary steps to preserve evidence related to the excessive billing in February 2021 and affiliated events, including but not limited to preserving all documents, communications, electronically stored information, equipment, and evidence including:

a) All communications regarding the Winter Storm Uri from January 1, 2021 to March 1, 2021.

b) All communications with any government agency or employee, including but not limited to those communications with the City of Houston, Harris County, State of Texas, and/or federal government, regarding power outages and/or electricity pricing and/or or preparation for such from January 1, 2021 to March 1, 2021.

c) All communications regarding electricity pricing, power generation, and/or load shedding from January 1, 2021 to March 1, 2021.

d) All policies and procedures for decision-making on electricity pricing and/or choosing where to reduce, direct, and/or shut off power in the event of a power shortage, in place as of February 1, 2021.

e)      All plans, directives, or programs in place as of February 1, 2021 for the prevention of price fluctuations and/or power outages and/or shortages in the event of cold weather.

f)      All communications made to the public and/or customers in any form, including without limitation, communications made via social media platforms such as Facebook, Twitter, and/or Instagram regarding price fluctuations, power outages, rolling blackouts, and/or restoration of power, from February 1, 2021 to March 1, 2021.

g)      Audio recordings of all calls with customers regarding electricity prices and/or loss of power, for the period of February 1, 2021 to March 1, 2021.

3)  Refrain from improperly syphoning off, misallocating, and draining assets, funds, or money.

4)  Refrain from automatically withdrawing payments from the bank, credit card, or other accounts of customers (including former customers) charged with excessive prices during and because of Winter Storm Uri of February 2021.

5)  Refrain from reporting to any credit agency any late or missed payments or penalties of customers..

**IT IS FURTHER ORDERED** that this order shall be effective until the earlier of fourteen (14) days from the date set forth below, or the date the Court issues a ruling on Plaintiffs' Application for a Preliminary Injunction after proper notice to Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' Application for Preliminary Injunction shall be heard on _____, 2021, at _____ o/clock ___.m., in the Courtroom of the _____ Judicial District Court of Harris County, Texas, to show cause, if there be any, why a preliminary injunction should not be issued as requested by Plaintiffs.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue a show-cause notice to Defendants to appear at the hearing on Plaintiffs' application for preliminary injunction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall, on the filing by Plaintiffs, issue the any required bond, and upon approving the same according to the law, issue a temporary

12

restraining order containing mandatory injunctive relief in conformity with the law and the terms of this order.

      **IT IS FURTHER ORDERED** that Plaintiffs shall execute and file with the Clerk of the Court a bond in conformity with the law and in the amount of $\$_____$.

      SIGNED on this the _____ day of _____, 2021, at _____ o'clock

_____
JUDGE PRESIDING

Exhibit 6

3/8/2021 1:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51248385
By: Keeley Hodgins
Filed: 3/8/2021 1:01 PM

## CAUSE NO. 2021-10004

| | | |
|---|---|---|
| **LISA KHOURY, Individually and on Behalf of all Others Similarly Situated,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § § | |
| | § | **133rd JUDICIAL DISTRICT** |
| **GRIDDY ENERGY LLC and GRIDDY HOLDINGS LLC,** | § § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

## PLAINTIFFS' NOTICE OF APPEARANCE

**COMES NOW,** Riley L. Burnett, Jr., Attorney at Law, and files This Notice of Appearance of Counsel for Lisa Khoury, Individually and on Behalf of all Others Similarly Situated, who is the Plaintiffs in this case.  All communications from the Court or counsel regarding this case shall be sent to the undersigned as well as Potts Law Firm.  If the undersigned counsel has a chance of address, phone, fax or email, Counsel shall notify the Court and respective counsel of such changes in a timely manner.

Respectfully submitted,

**BURNETT LAW FIRM**

<u>/s/ Riley L. Burnett Jr.</u>
Riley L. Burnett, Jr.
Texas Bar No. 3428900
Karen H. Beyea-Schroeder
Texas Bar No. 24054324
**BURNETT LAW FIRM**
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77098
Telephone: (832) 413-4410
Email: rburnett@rburnettlaw.com
Email: karen.schroeder@rburnettlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been furnished to the Registered Agents for all Defendants on this 8th day of March 2021. Defendants have not yet appeared in this case, and I have been unable to serve them directly.

*/s/ Riley L. Burnett, Jr.*
Riley L. Burnett, Jr.

Exhibit 7

3/8/2021 4:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51267435
By: EVELYN PALMER
Filed: 3/8/2021 4:56 PM

## CAUSE NO. 2021-10004

| | | |
|---|---|---|
| **LISA KHOURY, Individually and on Behalf of all Others Similarly Situated,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **GRIDDY ENERGY LLC and GRIDDY HOLDINGS LLC,** | § § § | |
| *Defendants.* | § | **133rd JUDICIAL DISTRICT** |
| | | **JURY TRIAL DEMANDED** |

## <u>NOTICE OF HEARING</u>

Please take notice that the Application for Temporary Restraining Order and Preliminary Injunction by Plaintiffs Lisa Khoury, Individually and on Behalf of all Other Similarly Situated, is set for oral hearing via Zoom before the 151st Judicial District Court, The Honorable Judge Mike Englehart on **Monday, March 15, 2021 at 3:00 p.m.**

The following is the Zoom link sent by the Court for all parties to join at the scheduled date and hearing time  https://justex.zoom.us/j/81984285789.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**
*/s/ Derek H. Potts*
Derek H. Potts
Texas Bar No. 24073727
J. Ryan Fowler
Texas Bar No. 24058357
Batami Baskin
Texas Bar No. 24078206
POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been furnished to the Registered Agents for all Defendants through electronic mail this 8th day of March 2021. Defendants have not yet appeared in this case, and I have been unable to serve them directly.

*/s/ Derek Potts*
Derek H. Potts

2

Exhibit 8



3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
Phone: 713-963-8881
pcolburn@potts-law.com

3/9/2021 10:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51286320
By: Brianna Denmon
Filed: 3/9/2021 10:57 AM

Priscilla Colburn
Paralegal

March 9, 2021

***Via Texas E-File***
Clerk of Court
201 Caroline, 11th Floor
Houston, TX 77002

        Re:  Cause No. 2021-10004; *Lisa Khoury, Individually and on Behalf of all Others Similarly Situate, v. Griddy Energy LLC and Griddy Holdings LLC.*

Dear Clerk:

Plaintiff's Amended Class Action Petition was filed on March 2, 2021, Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction as well as the Notice of Hearing was filed on March 8, 2021.  Service of Process is needed upon the defendants below for the three documents listed above.

        Griddy Energy LLC
        c/o CT Corporation System
        1999 Bryan Street, Suite 900
        Dallas, TX 75201

        Griddy Holdings LLC
        c/o The Corporation Trust Company
        1209 Orange Street
        Wilmington, DE 19801

        Please issue and return the citation via electronic service, if available. Otherwise, please issue and return the citation to our office for personal use.

        Thank you,

        *Priscilla Colburn*

        Priscilla Colburn
        Paralegal

/pc

# Exhibit 9



3/9/2021 4:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51312355
By: Brianna Denmon
Filed: 3/9/2021 4:41 PM

**Priscilla Colburn**
**Paralegal**
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
Phone: 713-963-8881
pcolburn@potts-law.com

March 9, 2021

***Via Texas E-File***
Clerk of Court
201 Caroline, 11th Floor
Houston, TX 77002

      Re:  Cause No. 2021-10004; *Lisa Khoury, Individually and on Behalf of all Others Similarly Situate, v. Griddy Energy LLC and Griddy Holdings LLC.*

Dear Clerk:

Plaintiff's Amended Class Action Petition was filed on March 2, 2021, Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction as well as the Notice of Hearing was filed on March 8, 2021.  Service of Process is needed upon the defendants below for the three documents listed above.

      Griddy Energy LLC
      c/o CT Corporation System
      1999 Bryan Street, Suite 900
      Dallas, TX 75201

      Griddy Holdings LLC
      c/o The Corporation Trust Company
      1209 Orange Street
      Wilmington, DE 19801

      Please issue and return the citation via electronic service, if available. Otherwise, please issue and return the citation to our office for personal use.

      Thank you,

      *Priscilla Colburn*

      Priscilla Colburn
      Paralegal

/pc

# Exhibit 10

**AFFIDAVIT ATTACHED**

3/12/2021 10:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51418116
By: Keeley Hodgins
Filed: 3/12/2021 10:41 AM

CAUSE NO. 202110004

COPY OF PLEADING PROVIDED BY PLT

Receipt #: 893017
TR #:  73848689

---

PLAINTIFF:   KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

Vs.

DEFENDANT:  GRIDDY ENERGY LLC

In the  133rd
Judicial District Court of
Harris County, Texas

---

### *NOTICE (SHORT FORM)*

THE STATE OF TEXAS
County of Harris

TO:     The Sheriff or any Constable of TEXAS
        Or Other Authorized Person

**YOU ARE HEREBY COMMANDED** to serve

**GRIDDY HOLDINGS LLC BY SERVING ITS REGISTERED AGENT THE
CORPORATION TRUST COMPANY**
        **1209 ORANGE STREET**
        **WILMINGTON DE 19801**
Who resides in the County of the State of TEXAS, with the accompanying certified copy of NOTICE OF
HEARING.

HEREIN FAIL NOT, but of this Notice make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas, this  day March 10,
2021.

Issued at request of:
POTTS, DEREK HEATH
3737 BUFFALO SPEEDWAY, STE 1900
HOUSTON, TX  77098
713-963-8881

Marilyn Burgess, **DISTRICT CLERK**
HARRIS COUNTY,  T E X A S
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Bar No: 24073727

Generated By: BRIANNA J. DENMON

**AFFIDAVIT ATTACHED**

Tracking Number: 73848689

CAUSE NUMBER: 202110004

PLAINTIFF: KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

vs.

DEFENDANT: GRIDDY ENERGY LLC

In the 133rd

Judicial   District   Court

of

Harris County, Texas

### *OFFICER/AUTHORIZED PERSON RETURN*

Came to hand at _12:55_ o'clock _P_ .M. on the _11_ day of _March_ , 20_21_
Executed at (address) _1209 Orons St Wilmyngko DE_ in _New castle to_ County
at _2:05_ o'clock _P_ .M. on the _11_ day of _March_ , 20_21_ by delivery to
the within named _Amy Mclaren c/o Corporation Trust Company_
the accompanying _Notice of Hearing_
To certify which I affix my hand officially this _11_ day of _March_ , 20_21_
FEE: $ _____

_____     _____ of _____ County, Texas
Affiant                                by _____
                                              Deputy

On this day, _John Garber_ , known to me to be the person whose signature appears on the
foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed
by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME on _11th  March_ , 20_21_

_____
Notary Public

ZAHID HOSSAIN NAWAZ
MY COMMISSION
EXPIRES
AUGUST 25 2024
NOTARY PUBLIC
STATE OF DELAWARE

Exhibit 11

**AFFIDAVIT ATTACHED**

3/12/2021 10:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51418116
By: Keeley Hodgins
Filed: 3/12/2021 10:41 AM

CAUSE NO. 202110004

COPY OF PLEADING PROVIDED BY PLT

Receipt #: 893017
TR #:   73848783

---

PLAINTIFF:   KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

In the 133rd
Judicial District Court of
Vs.                                                                          Harris County, Texas

DEFENDANT:   GRIDDY ENERGY LLC

---

### NOTICE (SHORT FORM)

THE STATE OF TEXAS
County of Harris

TO:      The Sheriff or any Constable of TEXAS
         Or Other Authorized Person

## YOU ARE HEREBY COMMANDED to serve

### GRIDDY HOLDINGS LLC BY SERVING ITS REGISTERED AGENT THE CORPORATION TRUST COMPANY
### 1209 ORANGE STREET
### WILMINGTON DE 19801

Who resides in the County of the State of TEXAS, with the accompanying certified copy of PLAINTIFFS APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

HEREIN FAIL NOT, but of this Notice make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas, this  day March 10, 2021.

Marilyn Burgess

Issued at request of:                                    Marilyn Burgess, **DISTRICT CLERK**
**POTTS, DEREK HEATH**                                    HARRIS COUNTY,  T E X A S
3737 BUFFALO SPEEDWAY, STE 1900                          201 Caroline, Houston, Texas 77002
HOUSTON, TX  77098                                       P.O. Box 4651, Houston, Texas 77210
713-963-8881

Bar No: 24073727

Generated By: BRIANNA J. DENMON

**AFFIDAVIT ATTACHED**

Tracking Number: 73848783

CAUSE NUMBER: 202110004

PLAINTIFF: KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

                     In the 133rd

VS.                       Judicial  District  Court

of

DEFENDANT: GRIDDY ENERGY LLC        Harris County, Texas

### *OFFICER/AUTHORIZED PERSON RETURN*

Came to hand at _12 55_ o'clock _P_ .M., on the _11_ day of _March_ ____, 2021
Executed at (address) _1209 Orange St Wilmington DE_ in _New Castle_ County
at _2 05_ o'clock _P_ .M., on the _11_ day of _March_ ____, 2021 by delivery to
the within named _Amy Mcloven c/o Corporation Trust Company_
the accompanying _Notice (Short Form)_
To certify which I affix my hand officially this _11_ day of _March_ ____, 2021
FEE: $ _____

_____      _____
        Affiant                    _____ of _____ County, Texas
                                  by _____
                                              Deputy

On this day, _John Garber_ ____, known to me to be the person whose signature appears on the
foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed
by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME on _11th March_ ____, 2021

                                       _____
                                       Notary Public

ZAHID HOSSAIN NAWAZ
MY COMMISSION
EXPIRES
AUGUST, 25 2024
NOTARY PUBLIC
STATE OF DELAWARE

# Exhibit 12

**AFFIDAVIT ATTACHED**

3/12/2021 10:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51418116
By: Keeley Hodgins
Filed: 3/12/2021 10:41 AM

CAUSE NO. 202110004

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 893017
TRACKING #: 73848679

| | |
|---|---|
| Plaintiff: KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY | In The 133rd |
| vs. | Judicial District Court of |
| Defendant: GRIDDY ENERGY LLC | Harris County, Texas |
| | Houston, Texas |

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

To:   **GRIDDY HOLDINGS LLC BY SERVING ITS REGISTERED AGENT THE CORPORATION TRUST COMPANY**
      1209 ORANGE STREET
      WILMINGTON DE 19801

Attached is a copy of: PLAINTIFFS FIRST AMENDED CLASS ACTION PETITION

This instrument was filed on 3/2/2021, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on March 10, 2021, under my hand and seal of said court.

Issued at the request of:
POTTS, DEREK HEATH
3737 BUFFALO SPEEDWAY, STE 1900
HOUSTON, TX  77098
713-963-8881

Bar Number: 24073727

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: BRIANNA J. DENMON

**AFFIDAVIT ATTACHED**

Tracking Number: 73848679

## CAUSE NUMBER: 202110004

| | |
|---|---|
| **PLAINTIFF: KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY** | **In the 133rd** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: GRIDDY ENERGY LLC** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at 12:55 o'clock P. M. On the 11 day of March , 2021.
Executed at

(Address) 1209 Orange St. (Wilmington DE
_____ in New Castle County at 2 o'clock P. M. On the 11 day of
March , 20 21, by

Delivering to Amy Mclaren c/o Corporation Trust Co defendant, in person, a true copy of this
Citation together with the accompanying 1 copy (ies) of the Amended Petition . Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 11 day of March ,
2021

Fees $ _____

_____                    By _____
       Affiant                                              Deputy

On this day, John Garber , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that
this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this 11 day of March ,
2021.

_____
Notary Public

ZAHID HOSSAIN NAWAZ
MY COMMISSION
EXPIRES
AUGUST, 25 2024
NOTARY PUBLIC
STATE OF DELAWARE

Exhibit 13

**AFFIDAVIT ATTACHED**

3/12/2021 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51431539
By: EVELYN PALMER
Filed: 3/12/2021 2:05 PM

CAUSE NO. 202110004

COPY OF PLEADING PROVIDED BY PLT

Receipt #: 89301
TR #:   73848686

PLAINTIFF:   KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

In the 133rd
Judicial District Court of

Vs.                                                                 Harris County, Texas

DEFENDANT:   GRIDDY ENERGY LLC

### *NOTICE (SHORT FORM)*

THE STATE OF TEXAS
County of Harris

TO:      The Sheriff or any Constable of Texas
Or Other Authorized Person

**YOU ARE HEREBY COMMANDED** to serve

**GRIDDY ENERGY LLC MAY BE SERVED BY SERVING ITS REGISTERED
AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

Who resides in the County of the State of TEXAS, with the accompanying certified copy of NOTICE OF
HEARING.

HEREIN FAIL NOT, but of this Notice make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas, this _day March 10,
2021.

Marilyn Burgess

Issued at request of:                                      Marilyn Burgess, **DISTRICT CLERK**
POTTS, DEREK HEATH                                    HARRIS COUNTY,  T E X A S
3737 BUFFALO SPEEDWAY, STE 1900                201 Caroline, Houston, Texas 77002
HOUSTON, TX 77098                                         P.O. Box 4651, Houston, Texas 77210
713-963-8881

Bar No: 24073727

Generated By: BRIANNA J. DENMON

**AFFIDAVIT ATTACHED**

**Officer or Authorized return**

Came to hand on the  __11th__ day of March _A.D., 2021_ at 8:00 o'clock.
__A.M.__ and executed by delivering **Lisa Koury vs. Griddy Energy LLC  (notice of hearing)
Through registered agent National Registered Agents Inc. accepted by Latoya
Sterns on** the  __12th__ day of  __March A. D. 2021__ at 10:28 o'clock  A.M.,  the
within named defendant, in person, a true copy of this Citation, together with a copy of
original petition with date of service marked thereon, at the following location,  __1999
Bryan Street, Suite 900 Dallas Texas 75201__

Notice No. 202110004
Notice of Hearing

Witness Fee: _____
For mileage _____
For Notary_____

_____  **PSC 4688 expires 2/28/2022**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
in accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is;  __July 2, 1960__  and my address is; 1801 Vassar Drive Richardson Texas 75081
                                                      Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

## Dave Valfer

**From:** CLS-SOPDALTEAM@WOLTERSKLUWER.COM
**Sent:** Friday, March 12, 2021 10:28 AM
**To:** premierprocess@swbell.net
**Subject:** Intake Portal - Job #56264 has been received

Hello David Valfer,

We confirm receipt of the following documents via the Intake Portal on the date, time and location indicated below.

**Date:** Fri, Mar 12, 2021
**Time:** 10:28 AM CST
**Name:** David Valfer
**Juris Served:** TX
**Job ID:** 56264

| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |

You can also view the status of jobs you at
https://intake.ctcorporation.com/

Thank you
Intake Specialist: Latoya Sterns
CT Corporation, a Wolters Kluwer Company

1

# Exhibit 14

**AFFIDAVIT ATTACHED**

3/12/2021 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51431539
By: EVELYN PALMER
Filed: 3/12/2021 2:05 PM

CAUSE NO. 202110004

COPY OF PLEADING PROVIDED BY PLT

Receipt #: 893017
TR #:  73848782

PLAINTIFF:   KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

                                                        In the  133rd
                                                        Judicial District Court of
Vs.                                                     Harris County, Texas

DEFENDANT:  GRIDDY ENERGY LLC

## *NOTICE (SHORT FORM)*

THE STATE OF TEXAS
County of Harris

TO:      The Sheriff or any Constable of TEXAS
          Or Other Authorized Person

YOU ARE HEREBY COMMANDED to serve

         GRIDDY ENERGY LLC MAY BE SERVED BY SERVING ITS REGISTERED
AGENT CT CORPORATION SYSTEM
          1999 BRYAN STREET SUITE 900
          DALLAS TX 75201
Who resides in the County of the State of TEXAS, with the accompanying certified copy of PLAINTIFFS
APPLICATION FOR TEMPORARY RESTRAINING ORDER.

HEREIN FAIL NOT, but of this Notice make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas, this  day March 10,
2021.

Issued at request of:                                    *Marilyn Burgess*
POTTS, DEREK HEATH                             Marilyn Burgess, **DISTRICT CLERK**
3737 BUFFALO SPEEDWAY, STE 1900              HARRIS COUNTY,  T E X A S
HOUSTON, TX  77098                                   201 Caroline, Houston, Texas 77002
713-963-8881                                             P.O. Box 4651, Houston, Texas 77210

Bar No: 24073727

                                                        Generated By: BRIANNA J. DENMON

**AFFIDAVIT ATTACHED**

## Officer or Authorized return

Came to hand on the ___11th__ day of March A.D., 2021, at 8:00 o'clock. A.M. and executed by delivering **Lisa Koury vs. Griddy Energy LLC (TRO)** Through registered agent National Registered Agents Inc. accepted by Latoya Sterns on the **12th** day of ___March A, D. 2021, at 10:28 o'clock A.M.,__ the within named defendant, in person, a true copy of this Citation, together with a copy of original petition with date of service marked thereon, at the following location, ___1999 Bryan Street, Suite 900 Dallas Texas 75201__

Notice No. 202110004
Plaintiffs Application for Temporary Restrainig Order

Witness Fee: _____
For mileage _____
For Notary_____

_____ **PSC 4688 expires 2/28/2022**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT. In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is;    July 2, 1960_____ and my address is; 1801 Vassar Drive Richardson Texas 75081
Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

**Dave Valfer**

| | |
|---|---|
| **From:** | CLS-SOPDALTEAM@WOLTERSKLUWER.COM |
| **Sent:** | Friday, March 12, 2021 10:28 AM |
| **To:** | premierprocess@swbell.net |
| **Subject:** | Intake Portal - Job #56264 has been received |

Hello David Valfer,

We confirm receipt of the following documents via the Intake Portal on the date, time and location indicated below.

**Date:** Fri, Mar 12, 2021
**Time:** 10:28 AM CST
**Name:** David Valfer
**Juris Served:** TX
**Job ID:** 56264

| | | |
|---|---|---|
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |

You can also view the status of jobs you at
https://intake.ctcorporation.com/

Thank you
Intake Specialist: Latoya Sterns
CT Corporation, a Wolters Kluwer Company

# Exhibit 15

**AFFIDAVIT ATTACHED**

3/12/2021 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51431539
By: EVELYN PALMER
Filed: 3/12/2021 2:05 PM

Receipt Number: 893017
Tracking Number: 73848682

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202110004

| | |
|---|---|
| PLAINTIFF: KHOURY, LISA (INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: GRIDDY ENERGY LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GRIDDY ENERGY LLC MAY BE SERVED BY SERVING ITS REGISTERED AGENT

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFFS FIRST AMENDED CLASS ACTION PETITION.

This instrument was filed on March 2, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this March 10, 2021.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: BRIANNA J. DENMON

Issued at request of:
POTTS, DEREK HEATH
3737 BUFFALO SPEEDWAY, STE 1900
HOUSTON, TX  77098
713-963-8881

Bar Number: 24073727

**AFFIDAVIT ATTACHED**

### Officer or Authorized return

Came to hand on the ___11th__ day of March __A.D., 2021__, at 8:00 o'clock. __A.M.__ and executed by delivering __Lisa Koury vs. Griddy Energy LLC (citation)__ __Through registered agent National Registered Agents Inc. accepted by Latoya Sterns on__ the __12th__ day of ___March A, D. 2021__, at 10:28 o'clock __A.M.,__ the within named defendant, in person, a true copy of this Citation, together with a copy of original petition with date of service marked thereon, at the following location, ___1999 Bryan Street, Suite 900 Dallas Texas 75201__

Citation 202110004
PLAINTIFFS' FIRST AMENDED CLASS ACTION PETITION
EXHIBITS A-E

Witness Fee: _____
For mileage _____
For Notary_____

_____ **PSC 4688 expires 2/28/2022**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
in accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is; ___July 2, 1960_____ and my address is; 1801 Vassar Drive Richardson Texas 75081
Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

**Dave Valfer**

| | |
|---|---|
| **From:** | CLS-SOPDALTEAM@WOLTERSKLUWER.COM |
| **Sent:** | Friday, March 12, 2021 10:28 AM |
| **To:** | premierprocess@swbell.net |
| **Subject:** | Intake Portal - Job #56264 has been received |

Hello David Valfer,

We confirm receipt of the following documents via the Intake Portal on the date, time and location indicated below.

**Date:** Fri, Mar 12, 2021
**Time:** 10:28 AM CST
**Name:** David Valfer
**Juris Served:** TX
**Job ID:** 56264

| | | |
|---|---|---|
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |
| GRIDDY ENERGY LLC | INCORP SERVICES, INC. | 202110004 |

You can also view the status of jobs you at
https://intake.ctcorporation.com/

Thank you
Intake Specialist: Latoya Sterns
CT Corporation, a Wolters Kluwer Company

1

# Exhibit 16

3/15/2021 12:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51471035
By: EVELYN PALMER
Filed: 3/15/2021 12:43 PM

CAUSE NO. 2021-10004

| | | |
|---|---|---|
| LISA KHOURY, Individually and on Behalf of all Others Similarly Situated, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| GRIDDY ENERGY LLC and GRIDDY HOLDINGS LLC, | § § § | |
| Defendants. | § § | 133rd JUDICIAL DISTRICT |

**GRIDDY ENERGY LLC'S SUGGESTION OF BANKRUPTCY
AND NOTICE OF BANKRUPTCY STAY**

PLEASE TAKE NOTICE that on March 15, 2021, Defendant Griddy Energy LLC

("Debtor")[1] filed a voluntary petition for relief under chapter 11 of title 11 of the United States

Code in the United States Bankruptcy Court for the Southern District of Texas, which is pending

under Case No. 21-30923.  A copy of Debtor's voluntary petition is attached to this filing as

Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to section 362(a) of the Bankruptcy

Code, the filing of Debtor's voluntary petition operates as a stay, applicable to all entities, of,

among other things, (a) the commencement or continuation of all judicial, administrative, or other

actions or proceedings against the Debtor (i) that were or could have been commenced before the

commencement of the Debtor's case or (ii) to recover any claims against the Debtor that arose

before the commencement of the Debtor's case; (b) the enforcement against the Debtor or against

any property of the Debtor's bankruptcy estate of a judgment obtained before the commencement

of the Debtor's case; or (c) any act to obtain possession of property of or from the Debtor's

---

[1]     By filing this Suggestion of Bankruptcy, Debtor does not waive and it specifically reserves any and all
defenses it may have, including any special exceptions or challenges to jurisdiction.  The filing of this Suggestion of
Bankruptcy does not seek any affirmative action from this Court, and does not constitute an appearance in this matter.

1

bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.

Date: March 15, 2021

Respectfully Submitted,

BAKER BOTTS L.L.P.

*/s/ Jonathan Rubenstein*
Jonathan Rubenstein
State Bar Number 24037403
jonathan.rubenstein@bakerbotts.com
John B. Lawrence
State Bar Number 24055825
john.lawrence@bakerbotts.com
Christopher C. Cyrus
State Bar Number 24097110
2001 Ross Ave, Suite 900
Dallas, Texas 75201
(214) 953-6500 (telephone)
(214) 953-6503 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2020, a copy of this notice was served in accordance with the Texas Rules of Civil Procedure.

*/s/ Jonathan Rubenstein*
Jonathan Rubenstein

# EXHIBIT A

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern     District of   Texas

                                      (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | Griddy Energy LLC |

| | |
|---|---|
| **2. All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | GreenBird Energy LLC |

**3. Debtor's federal Employer Identification Number (EIN)**

6 1 – 1 7 9 1 3 9 6

**4. Debtor's address**

**Principal place of business**

See     Attachment A
Number     Street

_____

City           State     ZIP Code

_____

County

**Mailing address, if different from principal place of business**

_____
Number     Street

PO Box 1288
P.O. Box

Greens Farms     CT     06838
City           State     ZIP Code

**Location of principal assets, if different from principal place of business**

See     Attachment A
Number     Street

_____

City           State     ZIP Code

**5. Debtor's website (URL)**    https://www.griddy.com

| Debtor | Griddy Energy LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2  2  1  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| Debtor | Griddy Energy LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____ Relationship _____

　　　　District _____ When _____
　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

　　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　　　　　　　　　　　Number　　　Street

_____

_____
City　　　　　　　　　　　　　　　State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

　　　　Contact name _____

　　　　Phone _____

---

**Statistical and administrative information**

| Debtor | Griddy Energy LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million* | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |
| *Excludes any estimate for uncollected customer receivables | | |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/15/2021
                    MM / DD / YYYY

✗ /s/ Roop Bhullar                                         Roop Bhullar
Signature of authorized representative of debtor            Printed name

Title  Chief Financial Officer

| Debtor | Griddy Energy LLC | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✘ /s/ David R. Eastlake

Signature of attorney for debtor

Date  03/15/2021

MM / DD / YYYY

David R. Eastlake

Printed name

Baker Botts L.L.P.

Firm name

910         Louisiana St.

Number        Street

Houston

City

Texas         77002

State         ZIP Code

713-229-1397

Contact phone

david.eastlake@bakerbotts.com

Email address

24074165

Bar number

Texas

State

## ATTACHMENT A TO VOLUNTARY PETITION

**1. Location of the Debtor's Principal Assets**

The Debtor provided retail electric service to homes and businesses in Houston and various other locations in Texas by purchasing power at the market rate and arranging delivery on transmission and distribution lines thereby connecting purchasers directly to the wholesale price of electricity.

The Debtor's primary office is located in Westport, CT. The Debtor also has an office located at 11811 North Freeway #500, Houston, Texas 77060. Its principal bank accounts are located in Texas.

WRITTEN CONSENT
OF THE MEMBERS
OF
GRIDDY ENERGY LLC

March 15, 2021

The undersigned, being the members (the "Members") of Griddy Energy LLC, a Delaware limited liability company (the "Company"), hereby vote for, adopt, approve and consent to the following resolutions by written consent without a meeting pursuant to § 18-302(d) of the Delaware Limited Liability Company Act and Section 9 of the First Amended and Restated Limited Liability Company Agreement of the Company (the "LLCA"; terms used but not defined herein shall have the meanings assigned to them in the LLCA):

**WHEREAS**, the Members have considered, among other things, the financial and operational condition of the Company and the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, the options available to the Company, the advice of management, and the recommendations of the Company's legal advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Members have determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that, in the judgment of the Members, it is desirable and in the best interests of the Company, the creditors of the Company, and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each of the officers of the Company, including any chief executive officer, chief financial officer, vice president, treasurer, secretary or assistant secretary (each of the foregoing, individually, an "Authorized Officer," and collectively, the "Authorized Officers") be, and each hereby is, authorized and empowered: (i) to execute and verify the Petition and all documents ancillary thereto, and to cause the Petition to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), such Petition to be filed at such time as an Authorized Officer shall determine and to be in the form approved by the Authorized Officer, with the execution thereof by any such Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable; and (iii) to execute, verify and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, pleadings and other papers or documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable as required to

accompany the Petition or seek entry of first day orders and, in connection therewith, to employ and retain assistance of legal counsel, accountants or other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with or in furtherance of the Petition or the bankruptcy case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that the Company is authorized, and each of the Authorized Officers be and hereby is authorized and empowered, to employ or retain the law firm of Baker Botts L.L.P., with offices in various locations including 910 Louisiana Street, Houston, Texas and 30 Rockefeller Plaza, New York, New York, as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under title 11 of the Bankruptcy Code, subject to Bankruptcy Court approval, and to take any and all actions to advance the Company's rights, including, without limitation, the preparation of certain documents to be filed simultaneously with the Petition or during the bankruptcy case; and it is further

**RESOLVED**, that each of the Authorized Officers be and hereby is authorized and empowered to retain on behalf of the Company such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company in connection with its bankruptcy case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED** that the Company, as debtor in possession in its bankruptcy case, is hereby authorized to obtain the use of cash collateral, on such terms as may be agreed to by an Authorized Officer, including the grant of replacement liens or other adequate protection, as is reasonably necessary for the Company to effectuate the purposes of the bankruptcy case, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED**, that the form, terms and provisions of the chapter 11 plan previously reviewed by the Members, including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Officers in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability or appropriateness; and it is further

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized, directed, and empowered from time to time to take or cause to be taken such actions, and to execute and deliver or cause to be executed and delivered, such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any petitions, schedules, lists, declarations, affidavits and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, pleadings and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof

by any Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officers; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that this written consent may be executed in multiple counterparts, and may be executed by facsimile signature or other electronic means (including pdf), and such facsimile or electronic signatures will have the same effect as original signatures.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being the Members of Griddy Energy LLC, hereby execute this written consent effective as of the date first written above.

GRIDDY HOLDINGS LLC,
the Managing Member

By: _____

Name: Roop Bhullar
Title: CFO

**Solely for the purpose of consenting to the filing of the Petition:**

CT CORPORATION STAFFING, INC.,
the Non-Economic Member

By: _____
Name:
Title:

*[Signature Page to Written Consent of the Members of Griddy Energy LLC]*

**IN WITNESS WHEREOF**, the undersigned, being the Members of Griddy Energy LLC, hereby execute this written consent effective as of the date first written above.

GRIDDY HOLDINGS LLC,
the Managing Member

By: _____
Name:
Title:

**Solely for the purpose of consenting to the filing of the Petition:**

CT CORPORATION STAFFING, INC.,
the Non-Economic Member

By: _____
Name:  Steven P. Zimmer
Title:   Secretary

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANK. P. 1007(a)(1) and 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Griddy Energy LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby states as follows:

1. Griddy Holdings LLC ("Griddy Holdings") directly owns 100% of the equity interests in the Debtor. CT Corporation Staffing, Inc. is a non-economic member of the Debtor.

2. Griddy VI Holdings LLC ("Griddy VI Holdings") directly owns 100% of the equity interests in Griddy Holdings. The outstanding equity interests in Griddy VI Holdings are divided into five series:

   a. Series A. Griddy VI Intermediate Holdings LLC ("Griddy Intermediate") directly owns 100% of the Series A units.

   b. Series B. The Series B units are the only voting interests. Grid Investments, Inc. ("Grid Investments") directly owns 35% of the Series B units. Each of the following entities (each, a "Specified Holdco") own 16.67% of the Series B units: (i) Beachside New Utility (VI) Holdings LLC, (ii) Elliot New Utility (VI) Holdings LLC, and (iii) Janson New Utility (VI) Holdings LLC. EDF Trading North America LLC ("EDF Trading") owns the remaining 15% of the Series B units.

   c. Series C. Grid Investments directly owns 28% of the Series C units. Each Specified Holdco directly owns 20% of the Series C units. EDF Trading owns the remaining 12% of the Series C units.

   d. Series D and Series E. No company holds 10% or more of the Series D or Series E units.

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

3. Griddy VI Series A Holdings LLC ("Series A Holdings") directly or indirectly owns 100% of the outstanding equity interests in Griddy Intermediate.

4. Grid Investments directly owns 35% of the equity interests in Series A Holdings. Each of the following entities directly owns 16.67% of the equity interests in Series A Holdings: (i) Beachside New Utility Holdings LLC; (ii) Elliot New Utility Holdings LLC; and (iii) Janson New Utility Holdings LLC. EDF Trading owns the remaining 15% of the equity interests in Series A Holdings.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-_____ (____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF CREDITORS HOLDING
## THE 30 LARGEST UNSECURED CLAIMS

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty largest unsecured claims (the "Top 30 List") against Griddy Energy LLC (the "Debtor"). This list has been prepared based upon the books and records of the Debtor. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtor. The information presented herein, including, without limitation: (a) the failure of the Debtor to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtor that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

**Fill in this information to identify the case:**

Debtor name   Griddy Energy LLC

United States Bankruptcy Court for the:   Southern      District of   Texas
                                                  (State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **ERCOT** 7620 Metro Center Drive Austin, TX 78744 | Attn: Phil Mincemoyer P: 512-225-7000 ClientServices@ercot.com | Energy | Contingent, Unliquidated, Disputed | | | **$29,022,141.62** |
| 2 | **CenterPoint Energy, Inc** 1111 Louisiana Street Houston, TX 77002 | Attn: Kevin Kulhanek; Jewel Smith P: 713-207-1111; 713-207-3444 F: 713-207-9347 jewel.smith@centerpointenergy.com | Transportation charges | | | | **$1,227,202.03** |
| 3 | **Oncor Electric Delivery Company LLC** 1616 Woodall Rodgers Dallas, TX 75202 | Attn: David R Hunt P: 214-486-2000 F: 214-486-3275 contactcenter@oncor.com | Transportation charges | | | | **$1,164,935.51** |
| 4 | **Stripe, Inc.** 510 Townsend Street San Francisco, CA 94103 | Attn: CEO or General Counsel P: 888-963-8955 support@stripe.com | Services | | | | **$1,027,980.46** |
| 5 | **RLI Insurance Company** 9025 N. Lindbergh Dr. Peoria, IL 61615 | Attn: Commercial Surety P: 309-692-1000 F: 309-689-2036 Chrissy.Eaton@rlicorp.com; support@rlicorp.com | Surety Bond Collateral | Disputed | | | **$217,100.00** |
| 6 | **Texas-New Mexico Power Company** 577 N Garden Ridge Blvd Lewisville, TX 75067 | Attn: CEO or General Counsel P: 888-866-7456; 800-738-5579 F: 817-737-1392 MPRelations@pnmresources.com; MPRelations@tnmp.com | Transportation charges | | | | **$150,031.96** |
| 7 | **AEP Texas Inc.** 910 Energy Drive Abilene, TX 79602-7945 | Attn: Mark Hunt P: 361-881-5557; 325-674-7362 crrtx@aep.com; mdhunt@aep.com | Transportation charges | | | | **$121,861.48** |

| Debtor | Griddy Energy LLC | Case number (if known) |
|---|---|---|
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | **Texas Comptroller of Public Accounts** Lyndon B. Johnson State Office Building 111 East 17th Street Austin, TX 78744 | Attn: Bo Overstreet, Section Manager, AP P: 888-334-4112 F: 512-475-0017 bo.overstreet@cpa.texas.gov | Taxes/Fees | Contingent, Unliquidated | | | **$93,510.99** |
| 9 | **S4S, LLC** 2500 Broadway, Ste. F-125 Santa Monica, CA 90404 | Attn: Charles Cella P: 267-242-7513 charles.cella@strongforce.desig n | Services | | | | **$83,637.32** |
| 10 | **Energy Services Group, LLC** 141 Longwater Dr, Ste 113 Norwell, MA 02061 | Attn: CEO or General Counsel P: 781-347-9000 F: 781-871-0792 ar@energyservicesgroup.net | Services | Unliquidated | | | **$33,000.00** |
| 11 | **Alpha Employment Solutions** 580 Woodland Ave Burlington, ON L7R 2S5 Canada | Attn: Penny Vita-Finzi P: 905-608-3676 penny@alpha-employment.com | Services | | | | **$12,430.00** |
| 12 | **Star Energy Partners** 12121 Bluff Creek Dr #220a Playa Vista, CA 90094 | Attn: CEO or General Counsel P: 855-427-7827 info@starenergypartners.com | Services | | | | **$9,412.65** |
| 13 | **FloQast, Inc.** 14721 Califa St Sherman Oaks, CA 91411 | Attn: CEO or General Counsel P: 818-698-8262 accounting@floqast.com | Services | | | | **$3,125.00** |
| 14 | **CCH Incorporated** Attn: CEO or General Counsel PO Box 4307 Carol Stream, IL 60197 | c/o Wolters Kluwer P: 800-739-9998; 800-449-6439 F: 888-777-3709; 773-866-3815 cch-ar@wolterskluwer.com | Services | | | | **$3,000.00** |
| 15 | **William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969** c/o Julia Sterling 98 Imperial Ave Westport, CT 06880 | Attn: Lee Saveliff poley@optonline.net | Rent | | | | **$1,016.67** |
| 16 | **Hartman Income REIT Management** 11811 North Freeway, Ste 160 Houston, TX 77060 | Attn: Sara Lynn O'Dell P: 281-591-4711 F: 713-973-8912 sodell@hi-reit.com | Rent | | | | **$531.63** |
| 17 | **Lisa Khoury, et al.** Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin 3737 Buffalo Speedway, Suite 1900 Houston, TX 77098 | c/o Potts Law Firm, LLP P: 713-963-8881 F: 713-583-5388 dpotts@potts-law.com | Litigation | Contingent, Unliquidated, Disputed | | | **Unknown** |
| 18 | **Public Utility Commission of Texas** 1701 N. Congress PO Box 13326 Austin, TX 78711-3326 | Attn: David Hoard P: 512-936-7144; 512-936-7285 F: 512-936-7003; 512-936-7208 david.hoard@puc.texas.gov | Regulatory Related | Contingent, Unliquidated, Disputed | | | **Unknown** |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | **The State of Texas** 112 E. Pecan Street, Suite 735 San Antonio, TX 78205  808 Travis Street, Suite 1520 Houston, TX 77002 | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson P: 210-270-1110 F: 210-225-1075 steven.robinson@oag.texas.gov; valeria.sartorio@oag.texas.gov  Attn: Rick Berlin & Dan Zwart P: 713-223-5886 F: 713-223-5821 rick.berlin@oag.texas.gov; william.carpenter@oag.texas.gov; dan.zwart@oag.texas.gov | Litigation | Contingent, Unliquidated, Disputed | | | **Unknown** |
| 20 | **REMAINDER OF PAGE INTENTIONALLY LEFT BLANK** | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |
| 29 | | | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | | | | | | | |

Fill in this information to identify the case and this filing:

Debtor Name __Griddy Energy LLC__

United States Bankruptcy Court for the: __Southern__    District of __Texas__
                                                                              (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/15/2021__          ✘ /s/ Roop Bhullar
              MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                      Roop Bhullar
                                      Printed name

                                      Chief Financial Officer
                                      Position or relationship to debtor