**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) ) | (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY APPLICATION FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE RETENTION AND
APPOINTMENT OF STRETTO AS CLAIMS, NOTICING AND
SOLICITATION AGENT AND (II) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 16, 2021 AT 11:00 AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MARCH 16, 2021.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

The debtor and debtor in possession (collectively, the "Debtor") in the above-captioned case respectfully states as follows in support of this application (this "Application"):[2]

## RELIEF REQUESTED

1. The Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"): (a) authorizing the Debtor to retain and appoint Stretto ("Stretto")[3] as claims, noticing and solicitation agent (the "Claims and Noticing Agent") in the Debtor's chapter 11 case; and (b) granting related relief. Specifically, the Debtor requests entry of an order authorizing the Debtor to retain and appoint the Claims and Noticing Agent to, among other tasks: (a) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and other parties in interest; (b) provide computerized claims, objection, solicitation, and balloting-related services; and (c) provide expertise, consultation and assistance in claim and ballot processing and other administrative services with respect to this chapter 11 case. In support of this Application, the Debtor submits the *Declaration of Sheryl Betance, Managing Director, Corporate Restructuring of Stretto, in Support of Debtor's Emergency Application for Entry of an Order (A) Authorizing* the *Retention and Appointment of Stretto as Claims, Noticing and Solicitation Agent and (B) Granting Related Relief* (the "Betance Declaration"), attached hereto as Exhibit B.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of*

---

[2] Capitalized terms used but not defined herein have the meanings given to them elsewhere in this Application or in the First Day Declaration, as applicable.

[3] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

2

*Texas*, dated May 24, 2012 (the "Amended Standing Order"). This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Application if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

4. The predicates for the requested relief herein are 28 U.S.C. § 156(c), sections 105(a), 327, 328(a), and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(f), 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas, effective as of January 11, 2021 (the "Local Rules").

## BACKGROUND

5. On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor intends to continue in the possession of and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case. No date has been set yet for a meeting pursuant to section 341 of the Bankruptcy Code.

6. The events leading to the filing of this chapter 11 case and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

## BASIS FOR RELIEF

7. The Debtor requests entry of the order (a) authorizing the retention and appointment

of Stretto as the Claims and Noticing Agent for the Debtor in its chapter 11 case to, among other tasks: (i) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and parties in interest; (ii) provide computerized claims, objection, solicitation and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to the Debtor's chapter 11 case, pursuant to the provisions of the engagement agreement, attached hereto as Exhibit C (the "Engagement Agreement") and (b) granting related relief.  The Debtor's selection of Stretto to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interest of the estates.  The terms of Stretto's retention are set forth in the Engagement Agreement.

8. Although the Debtor has not yet filed its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), it anticipates that there will be tens of thousands of parties to be noticed.  In view of the number of anticipated notice parties, the Debtor submits that the appointment of a claims and noticing agent will provide the most effective and efficient means of, and relieve the Debtor and/or the Office of the Clerk of the Bankruptcy Court (the "Clerk") of the administrative burden of, noticing, administering claims and soliciting and tabulating votes and is in the best interests of both the Debtor's estate and its creditors.

## STRETTO'S QUALIFICATIONS

9. Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide.  Stretto has

developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Stretto's active and former cases include: *In re Brazos Electric Power Cooperative, Inc.*, Case No. 21-30725 (DRJ) (Bankr. S.D. Tex. March 2, 2021); *In re Bouchard Transportation Co., Inc., et al.,* Case No. 20-34682 (MI) (Bankr. S.D. Tex. Oct. 22, 2020); *In re Valaris plc, et al.,* Case No. 20-34114 (MI) (Bankr. S.D. Tex. August 20, 2020); *In re Lilis Energy, Inc.*, Case No. 20-33274 (MI) (Bankr. S.D. Tex. June 29, 2020)*; In re Hornbeck Offshore Services, Inc.,* Case No. 20-32679 (DRJ) (Bankr. S.D. Tex. May 19, 2020); *In re Neiman Marcus Group LTD LLC,* Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 7, 2020); *In re Whiting Petrol. Corp.*, No. 20-32021 (DRJ) (Bankr. S.D. Tex. April 1, 2020); *In re Tri-Point Oil & Gas Production Systems, LLC*, No. 20-31777 (DRJ) (Bankr. Mar. 18, 2020); *In re Burkhalter Rigging, Inc.*, Case No. 19-30495 (MI) (Bankr. S.D. Tex. Feb. 6, 2019); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020).[4]

## SERVICES TO BE PROVIDED

10.     This Application pertains to the work to be performed by Stretto under section 327(a) of the Bankruptcy Code and under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Under the Engagement Agreement, Stretto will perform the following services (collectively, the "Services"), as the Claims and Noticing Agent, at the request of the Debtor or the Clerk:

   a.   assist the Debtor with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including: (i) notice of the commencement of this chapter 11 case and the initial meeting of creditors under Bankruptcy Code section 341(a);

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application. Copies of these cited orders are available upon request to the Debtor's proposed counsel.

(ii) notice of any claims bar date; (iii) notice of any proposed sale of the Debtor's assets; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor, Court, or Clerk may deem necessary or appropriate for an orderly administration of this chapter 11 case;

b. maintain an official copy of the Debtor's Schedules, listing the Debtor's known creditors and the amounts owed thereto;

c. maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make said lists available upon request by a party-in-interest or the Clerk;

d. to the extent applicable, furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. maintain a post office box or address for receiving claims and returned mail, and process all mail received;

f. for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service no more frequently than every 7 days that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

g. receive and process all proofs of claim, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

h. provide an electronic interface for filing proofs of claim;

i. maintain the official claims register for the Debtor (the "<u>Claims Register</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Register; and specify in the Claims

6

|   |   |
|---|---|
|   | Register the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) address for payment, if different from the notice address; (v) the amount asserted; (vi) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); (vii) the Debtor; and (viii) any disposition of the claim; |
| j. | provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge; |
| k. | record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e); |
| l. | implement reasonable security measures designed to ensure the completeness and integrity of the Claims Register and the safekeeping of any proofs of claim; |
| m. | relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto not less than weekly; |
| n. | monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists; |
| o. | identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available); |
| p. | assist in the dissemination of information to the public and respond to requests for administrative information regarding this chapter 11 case as directed by the Debtor or the Court, including through the use of a case website and/or call center; |
| q. | provide docket updates via email to parties who subscribe for such service on the Debtor's case website; |
| r. | comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements in connection with the Services rendered pursuant to the Engagement Agreement; |
| s. | if this chapter 11 case is converted to a case under chapter 7 of the Bankruptcy Code, contact the Clerk within 3 days of notice to Stretto of entry of the order converting the cases; |
| t. | 30 days prior to the close of this chapter 11 case, to the extent practicable, request that the Debtor submits to the Court a proposed order dismissing Stretto as claims, noticing, and solicitation agent and terminating its |

7

       services in such capacity upon completion of its duties and responsibilities and upon the closing of this chapter 11 case;

u. within 7 days of notice to Stretto of entry of an order closing this chapter 11 case, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the cases;

v. at the close of this chapter 11 case: (i) box and transport all original documents, in proper format, as provided by the Clerk, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154, or (B) any other location requested by the Clerk; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

w. assist the Debtor with, among other things, plan-solicitation services including: (i) balloting; (ii) distribution of applicable solicitation materials; (iii) tabulation and calculation of votes; (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

x. if requested, assist with the preparation of the Debtor's Schedules and gather data in conjunction therewith;

y. provide a confidential data room, if requested;

z. coordinate publication of certain notices in periodicals and other media;

aa. manage and coordinate any distributions pursuant to a chapter 11 plan; and

bb. provide such other claims, noticing, processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, that may be requested from time to time by the Debtor, the Court or the Clerk.

## **PROFESSIONAL COMPENSATION**

11. The Debtor respectfully requests that the undisputed fees and expenses incurred by Stretto in the performance of the above Services be treated as administrative expenses of the Debtor's chapter 11 estate pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business pursuant to the Engagement

Agreement without further application to or order of the Court.

12. Stretto agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred and to serve, no less frequently than monthly, invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from this Court.

13. Prior to the Petition Date, the Debtor provided Stretto advances in the amount of $70,000. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

14. In addition, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting from Stretto's bad faith, gross negligence, willful misconduct or as otherwise provided in the Order. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in this chapter 11 case.

## DISINTERESTEDNESS

15. Stretto has reviewed its electronic database to determine whether it has any

relationships with the creditors and parties in interest provided by the Debtor and, except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

16. To the best of the Debtor's knowledge, Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as Stretto represents in the Betance Declaration, among other things, that:

    a. Stretto is not a creditor of the Debtor;

    b. Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

    c. By accepting employment in this chapter 11 case, Stretto waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

    d. In its capacity as the Claims and Noticing Agent in this chapter 11 case, Stretto will not be an agent of the United States and will not act on behalf of the United States;

    e. Stretto will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case;

    f. Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

    g. In its capacity as Claims and Noticing Agent in this chapter 11 case, Stretto will not intentionally misrepresent any fact to any person;

    h. Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

    i. Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    j. None of the services provided by Stretto as Claims and Noticing Agent in this chapter 11 case shall be at the expense of the Clerk's office.

17. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

18. To the extent that there is any inconsistency between this Application, the Order and the Engagement Agreement, the Order shall govern.

## EMERGENCY CONSIDERATION; WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)

19. Pursuant to Local Rule 9013-1(i) and Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," the Debtor requests emergency consideration of this Application. The Application requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtor submits that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Application on an emergency basis.

20. To implement the foregoing successfully and to the extent applicable, the Debtor requests that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h).

## NOTICE

21. Notice of this Application will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with

such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thrity (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the Public Utilities Commission of Texas; (f) the Internal Revenue Service; (g) all applicable state and local taxing authorities; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that, under the circumstances, such notice is sufficient and that no other or further notice of this Application is required.

[*The Remainder of this Page is Intentionally Blank*]

## **CONCLUSION**

22. The Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Application and such other and further relief as may be just and equitable.

Dated: March 15, 2021
      Houston, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ David R. Eastlake*
David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

– and –

Robin Spigel (*pro hac vice* admission pending)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (*pro hac vice* admission pending)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ David R. Eastlake*
David R. Eastlake

**Certificate of Service**

I certify that on March 15, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David R. Eastlake*
David R. Eastlake