**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS RELATED TO SUCH OBLIGATIONS**

EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 16, 2021 AT 11:00 AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.

YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

RELIEF IS REQUESTED NOT LATER THAN MARCH 16, 2021.

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Active 60409488.16

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of a final order substantially in the form attached hereto as Exhibit A pursuant to sections 105, 363, 506(a), 507(a)(8) and 541 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures"), (i) authorizing but not directing the Debtor to remit and pay certain prepetition taxes, fees and related obligations that the Debtor, in its discretion, deems necessary to the Texas Comptroller of Public Accounts (the "Texas Comptroller") and other various federal, state, county and city taxing authorities (collectively, with the Texas Comptroller, the "Taxing Authorities") and (ii) authorizing financial institutions to honor all checks and electronic payment requests authorized under the Motion provided that there are sufficient good funds in the Debtor's applicable accounts to make the payments. In support of the Motion, the Debtor relies upon and incorporates by reference the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration")[2] filed with the United States Bankruptcy Court for the Southern District of Texas (the "Court") concurrently herewith and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the First Day Declaration.

2

1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The predicates for the requested relief herein are sections 105, 363, 506(a), 507(a)(8) and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Local Rule 9013-1(i) and the Complex Case Procedures.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor intends to continue in the possession of and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case. No date has been set yet for a meeting pursuant to section 341 of the Bankruptcy Code.

5. The events leading to the filing of this chapter 11 case and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

## THE DEBTOR'S TAX LIABILITIES

6. The Debtor, in the ordinary course of business, incurs various tax liabilities and has generally paid such tax liabilities as they have become due. Specifically, the Debtor is subject to several categories of Taxes (as defined below), including, without limitation:

   a. Sales and Use Taxes. In connection with the Debtor's operations in the state of Texas, the Debtor incurred, collected and remitted sales taxes based on the sale of certain taxable services (the "Sales and Use Taxes"). Sales and Use Taxes are essentially general consumption taxes charged at the point of

3

      sale of goods and services, which are set by the Taxing Authorities in the state of Texas and/or any local taxing jurisdiction, as a percentage of the retail price of the good or service purchased.  The Debtor pays the Sales and Use Taxes monthly in arrears.  The Debtor believes that it is substantially current with respect to its Sales and Use Taxes that have accrued prior to the Petition Date.  However, out of an abundance of caution, it seeks authorization to pay any amounts that may have accrued and remain unpaid as of the Petition Date.

    b. <u>Gross Receipts Taxes</u>.  The Debtor incurs taxes on miscellaneous gross receipts in the state of Texas (the "<u>Gross Receipts Taxes</u>").  The Debtor, in its capacity as a retail electric provider, pays Gross Receipts Taxes if the Debtor made a sale to an ultimate consumer in an incorporated city or town having a population of more than 1,000. The Debtor believes that it is substantially current with respect to its Gross Receipts Taxes that have accrued prior to the Petition Date.  However, out of an abundance of caution, it seeks authorization to pay any amounts that may have accrued and remain unpaid as of the Petition Date.  Additionally, certain other Gross Receipts Taxes and other Taxes attributable to the prepetition period may come due during the chapter 11 case.

    c. <u>Franchise Taxes</u>.  The Debtor is required to pay taxes assessed for the privilege of doing business within the state of Texas (the "<u>Franchise Taxes</u>" and, collectively with the Sales and Use Taxes and the Gross Receipt Taxes, the "<u>Taxes</u>").  The Debtor pays Franchise Taxes annually in arrears to the Texas Comptroller.  Franchise Taxes of approximately $35,103 have accrued and remain unpaid as of the Petition Date.

## **RELIEF REQUESTED**

7.    By this Motion, the Debtor seeks entry of an order, pursuant to sections 105, 363, 506(a), 507(a)(8) and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Local Rule 9013-1(i) and the Complex Case Procedures, (i) authorizing, but not directing, the Debtor to pay the prepetition Taxes to the respective Taxing Authorities;[3] and (ii) authorizing and

---

[3] A non-exclusive list of the Taxing Authorities is attached hereto as <u>Exhibit B</u> (the "<u>Taxing Authorities List</u>"). While the Debtor has exercised its reasonable best efforts to list all of the Taxing Authorities on <u>Exhibit B</u>, it is possible that certain Taxing Authorities may have been inadvertently omitted from the Taxing Authorities List. The Debtor's failure to include a particular Taxing Authority is not intended to operate to exclude amounts payable to such Taxing Authority from the authority requested pursuant to this Motion.

4

directing, in the Debtor's discretion, all applicable banks and other financial institutions (collectively, the "Financial Institutions") on which such fund transfers to the Taxing Authorities are drawn to receive, process, honor and pay amounts authorized under this Motion provided that there are sufficient good funds standing to the Debtor's credit in the applicable accounts to make the payments. The Debtor also proposes that, prior to making a payment to a Taxing Authority under the Motion, the Debtor be authorized, in its absolute discretion, to settle all or some of the prepetition claims of such Taxing Authority for less than their face amount without further notice or hearing. Such relief requested is without prejudice to the Debtor's right to contest the amounts of any Taxes on any grounds it deems appropriate or the Debtor's ability to request further relief related to Taxes in the future.

8. For the reasons set forth herein, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

**A.  Payment of Certain Taxes Is Authorized Under Section 541 of the Bankruptcy Code.**

9. The Debtor believes that certain of the Taxes constitute so-called trust fund obligations that are required to be collected from third parties and held in trust for payment to certain Taxing Authorities. *See*, *e.g.*, *In re Al Copeland Enter., Inc.*, 991 F.2d 233, 237 (5th Cir. 1993); *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc.* (*In re Columbia Gas Sys. Inc.*), 997 F.2d 1039, 1051 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of debtor's estate); *Shank v. Wash. State Dep't of Revenue* (*In re Shank*), 792 F.2d 829, 830 (9th Cir. 1986) (same); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433–34 (2d Cir. 1985) (sales tax required by state law to be collected by sellers from its customers is "trust fund" tax).

5

10. Consequently, the funds that would be used to pay the trust fund Taxes are not property of the Debtor's estate within the meaning of section 541 of the Bankruptcy Code. See 11 U.S.C. § 541(d); *Begier v. IRS*, 496 U.S. 53, 55–67 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by debtor in trust for another and, as such, do not constitute property of estate); *In re Equalnet Comm. Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims."); *In re Al Copeland Enters., Inc.*, 133 B.R. 837, 842 (Bankr. W.D. Tex. 1991) (debtor obligated to pay sales taxes plus interest, because such taxes were "trust fund" taxes), *aff'd*, 991 F.2d 233 (5th Cir. 1993); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (funds held in trust for federal excise and withholding taxes are not property of debtor's estate and, therefore, not available for distribution to creditors); *Shipley Co. v. Darr* (*In re Tap, Inc.*), 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (funds paid by employer to debtor for payment of employer's federal taxes were returnable to employer and not part of debtor's estate).

11. To the extent the Taxes are considered trust fund taxes, payment thereof would not prejudice other unsecured creditors because such amounts would not be available for distribution. Notwithstanding the foregoing, to the extent certain of the Taxes are not property of the Debtor's estate, the Debtor seeks the relief requested herein out of an abundance of caution.

**B. Payment of the Taxes Is Appropriate Under Sections 506 and 507(a)(8) of the Bankruptcy Code.**

12. Certain of the Taxes are priority claims under section 507(a)(8) of the Bankruptcy Code or secured claims under section 506(a) of the Bankruptcy Code.[4] Accordingly, payment of such priority Taxes should be authorized on the basis that they are required to be paid in full under

---

[4] Nothing herein shall be deemed an admission as to the appropriate classification of any Taxes and the Debtor reserves all rights to object to any claim, on any basis, with respect to the Taxes.

any chapter 11 plan before any of the Debtor's general unsecured obligations may be satisfied pursuant to section 1129 of the Bankruptcy Code. If a plan is confirmed and goes effective, the payment of Taxes at this time would affect only the timing of the payment and not prejudice the rights of general unsecured creditors.

13. Moreover, to the extent that the Taxes are entitled to priority treatment under section 507(a)(8) of the Bankruptcy Code, the governmental units may attempt to assess interest and penalties on their tax claims from the time they are due until they are paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to a "penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").[5] To the extent the Debtor pays the legitimate tax claims now, the Debtor will avoid the cost of paying fees, interest and penalties to which the Taxing Authorities may be entitled.

## C. Payment of the Taxes is Also Appropriate Under Sections 105 and 363 of the Bankruptcy Code and the Doctrine of Necessity.

14. The Debtor's proposed payment of the Taxes should be further authorized under sections 105 and 363 of the Bankruptcy Code and under the "doctrine of necessity."

15. Section 363(c)(1) of the Bankruptcy Code expressly grants the Debtor the authority to "enter into transactions . . . in the ordinary course of business" and "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The Debtor respectfully submits that paying the Taxes is in the ordinary course of its business.

16. To the extent payment of the Taxes accrued on a prepetition basis arguably involves the use of assets outside of the ordinary course of business, the Debtor submits that authority to do so is proper under section 363(b) of the Bankruptcy Code, which authorizes a debtor to use estate

---

[5] The Debtor reserves all rights and defenses, including the right to assert that any such interest and penalties are penalties and not compensation for actual pecuniary loss.

7

funds outside the ordinary course of business. *See In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004); *see also Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986) (holding that section 363(b) of the Bankruptcy Code requires "some articulated business justification for using, selling, or leasing the property outside the ordinary course of business"); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Under section 363(b) of the Bankruptcy Code, a court should authorize transactions outside the ordinary course of business where the debtor has articulated a valid business justification for the requested use of estate assets. *See Id.*, 98 B.R. at 175.

17. The Debtor submits that the continued payment of the Taxes on their normal due dates will ultimately preserve the resources of the Debtor's estate, thereby creating a greater recovery for stakeholders. For example, if the Taxes are not timely paid, the Debtor may be required to expend attorneys' fees and other costs to resolve various issues related to such obligations. Further, the Debtor believes certain of the Taxes constitute trust fund obligations that are not property of the Debtor's estate, and as to which the Debtor's directors and officers may have personal liability in the event of nonpayment. Efforts by the Taxing Authorities to collect such trust fund amounts would provide obvious distractions to the Debtor and its directors officers in their efforts to maximize the value of the Debtor's estate.

18. With respect to the Taxes that are not trust fund taxes, the Debtor believes that paying such Taxes will ultimately benefit the Debtor's estate and its stakeholders. Many of those Taxes may be entitled to priority under the Bankruptcy Code or may be subject to liens. The Debtor has proposed a chapter 11 plan of liquidation that provides for the payment in full of all priority tax claims. Therefore, other creditors, stakeholders, and other parties in interest will not

be prejudiced if such prepetition Taxes are paid. Accordingly, the Debtor submits that it is in the best interest of its estate to have the authority and discretion to pay such claims.

19. Additionally, section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to enter any order "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (recognizing the "doctrine of necessity"). The purpose of this section is to grant bankruptcy courts the authority to take actions necessary to exercise their power under the Bankruptcy Code. Delayed payment of the Taxes may cause the Taxing Authorities to take precipitous action, including, among other things, initiating audits of the Debtor, filing liens, and undertaking administrative actions at the expense of the Debtor's time and resources. Accordingly, payment of the Taxes as requested herein is proper in accordance with section 105 of the Bankruptcy Code.

20. Moreover, certain Taxing Authorities may seek to impose personal liability on the officers and directors of the Debtor for Taxes collected but not paid to such Taxing Authorities. For example, in Texas, a director or officer that controls or supervises the collection of tax from another person and/or the accounting and payment of tax and willfully fails to pay that tax is personally liable. Tex. Tax Code §111.016. Additionally, for Texas Franchise Taxes, directors and officers face personal liability for the amount of the unpaid tax and any liabilities of the company that arise once the state seeks to terminate the company's existence for failure to pay the franchise tax. Tex. Tax Code § 171.255(a). Such potential liability and litigation arising therefrom would prove extremely disruptive for the Debtor, for the named officers, and for this Court, which might be asked to entertain various requests for injunctions with respect to the potential state court actions against such individuals. Authorizing, but not directing, the Debtor to pay the Taxes would eliminate the potential for such distraction and eliminate any potential administrative claims for

indemnification that directors and officers also would assert against the Debtor if held personally liable for such Taxes (including penalties, interest and other related charges), as well as the time and expense of litigating such claims.

21. Although, as of the Petition Date, the Debtor was substantially current in the payment of assessed and undisputed Taxes, certain Taxes attributable to the prepetition period were not yet due. Accordingly, the Debtor submits that the equities weigh in favor of authorizing the Debtors to pay the Taxes.

22. Similar relief has been routinely granted by courts in this district. See, e.g., *In re California Resources Corp.*, No. 20-33568 (DRJ) (Bankr. S.D. Tex. July 17, 2020) (authorizing debtors to pay prepetition taxes and fees); *In re Chesapeake Energy Corp.*, No. 20- 33233 (DRJ) (Bankr. S.D. Tex. June 29, 2020) (same); *In re Whiting Petroleum Corp.*, No. 20-32021 (DRJ) (Bankr. S.D. Tex. Apr. 1, 2020) (same); *In re Sanchez Energy Corp.*, No. 19-34508 (MI) (Bankr S.D. Tex. Aug. 13, 2019) (same); *In re Jones Energy, Inc.*, No. 19-32112 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2019) (same); *In re Fieldwood Energy, LLC*, No. 18-30648 (DRJ) (Bankr. S.D. Tex. Mar. 13, 2018) (same).

23. For the reasons set forth above, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, stakeholders and other parties in interest and, therefore, should be granted.

## EMERGENCY CONSIDERATION; WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

24. Pursuant to Bankruptcy Local Rule 9013-1 and Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," the Debtor requests emergency consideration of this Motion. The Motion requests relief from procedural

rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtor submits it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and requests that the Court approve the relief requested in this motion on an emergency basis.

25. To implement the foregoing successfully, the Debtor requests that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h). Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Bankruptcy Rule 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary to preserve value for the Debtor and its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

26. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (e) otherwise affect the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

27. Notice of this Motion will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective

capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the Public Utilities Commission of Texas; (f) the Internal Revenue Service; (g) the Taxing Authorities and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

[*The Remainder of this Page is Intentionally Blank*]

**CONCLUSION**

28.  The Debtor respectfully requests that the Court (i) enter the order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and (ii) grant such other and further relief as may be just and equitable.

Dated: March 15, 2021
    Houston, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ David R. Eastlake*
David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

– and –

Robin Spigel (*pro hac vice* admission pending)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (*pro hac vice* admission pending)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ David R. Eastlake*
David R. Eastlake

**Certificate of Service**

I certify that on March 15, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David R. Eastlake*
David R. Eastlake

Active 60409488.16