**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) | (Emergency Hearing Requested) |
|  | ) |  |

**DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY**
**OF AN ORDER:  (I) SETTING BAR DATES FOR FILING PROOFS**
**OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER**
**SECTION 503(b)(9); (II) ESTABLISHING AMENDED SCHEDULES**
**BAR DATE AND REJECTION DAMAGES BAR DATE; (III) APPROVING**
**THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM,**
**INCLUDING SECTION 503(b)(9) REQUESTS; (IV) APPROVING NOTICE OF**
**<u>BAR DATES; AND (V) GRANTING RELATED RELIEF</u>**

EMERGENCY RELIEF HAS BEEN REQUESTED.  A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 16, 2021 AT 11:00 AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002.  IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.  YOU MAY ACCESS THE FACILITY AT 832-917-1510.  YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER.  JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.

YOU MAY VIEW VIDEO VIA GOTOMEETING.  TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE.  ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING.  TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU.  SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR."  UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE."  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

WRITTEN RESPONSE PRIOR TO THE HEARING.  OTHERWISE, THE COURT MAY TREAT THE
PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

RELIEF IS REQUESTED NOT LATER THAN MARCH 16, 2021.

The debtor and debtor in possession in the above-captioned case (the "Debtor")
respectfully states the following in support of this motion (this "Motion"):

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the
*Amended Standing Order of Reference from the United States District Court for the Southern
District of Texas*, dated May 24, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2).
Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C.
§§ 1408 and 1409.

2.      This Court has constitutional authority to enter final orders with respect to the relief
requested herein.  The Debtor further confirms its consent to this Court's entry of final orders or
judgments on this Motion if it is later determined that, in the absence of the consent of the parties,
this Court does not have constitutional authority to enter final orders or judgments.

3.      The bases for the relief requested herein are sections 105(a), 107(c), 502(b)(9) and
503(b)(9) of the Bankruptcy Code, Rules 2002, 3003(c), 6003, 6004, 9007 and 9008 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3003-1 and 9013-1 of the
Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas
(the "Bankruptcy Local Rules").

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary
petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtor intends to continue in the possession of and manage its properties as
debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the

date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case.  No date has been set yet for a meeting pursuant to section 341 of the Bankruptcy Code.

6.      The events leading to the filing of this chapter 11 case and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration").[2]

## RELIEF REQUESTED

7.      The Debtor respectfully requests entry of an order, substantially in the form attached hereto (the "Proposed Order"), approving the following relief:

a.      ***Claims Bar Date.  Establishing 5:00 p.m. (prevailing Central Time) on the date that is 34 calendar days after the date on which the Debtor files its Schedules (as defined herein)***, as the last date and time (the "Claims Bar Date") for each entity[3] (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units), other than an entity that is exempt from filing a proof of claim as set forth in the Motion, to file proofs of claim (collectively, "Proofs of Claim") based on prepetition claims, including requests for payment under section 503(b)(9) of the title 11 of the United States Code (the "Bankruptcy Code") against the Debtor;

b.      ***Governmental Bar Date***.  Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), ***establishing September 11, 2021 at 5:00 p.m. (prevailing Central Time)***, as the last date and time for each such governmental unit to file Proofs of Claim against the Debtor (the "Governmental Bar Date");

c.      ***Rejection Damages Bar Date***.  Solely as to claims arising from the rejection of executory contracts and unexpired leases of the Debtor, ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable or ***(b) 5:00 p.m. (prevailing Central Time) on the date that is 21 days following service of an***

---

[2]   Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

[3]   Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

*order approving the rejection of any executory contract or unexpired lease* of the Debtor (such later date, the "Rejection Damages Bar Date");

d.      *Amended Schedules Bar Date*.  In the event that the Debtor amends its Schedules (as defined herein), *establishing the later of (a) the Claims Bar Date or the Governmental Bar Date*, as applicable or *(b) 5:00 p.m. (prevailing Central Time) on the date that is 21 days from the date on which the Debtor provides notice of the amendment to the Schedules*, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claim against the Debtor (the "Amended Schedules Bar Date" and, together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates");

e.      *Proof of Claim Form*.  Approving the proposed Proof of Claim Form (as defined below);

f.      *Bar Date Notice*.  Approving the proposed Bar Date Notice (as defined below); and

g.      *Publication Notice*.  Approving the proposed form of publication notice (the "Publication Notice").

## I.      The Bar Dates

8.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtor that arose prior to the Petition Date, and whose claim is not scheduled in the Debtor's schedules of assets and liabilities (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  The Debtor has not yet filed its Schedules but anticipates doing so within fourteen (14) days of the Petition Date, consistent with the deadline set in Bankruptcy Rule 1007(c).  The Debtor proposes to allow creditors other than governmental units and persons and entities that are exempt from filing Proof(s) of Claim, as set forth in this Motion, until 5:00 p.m. (prevailing Central Time) on the date that is 34 calendar days after the date on which the Debtor files its Schedules, and governmental units until September 11, 2021 at 5:00 p.m. (prevailing Central Time), to file Proofs of Claim.  The

Debtor respectfully submits that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

### A.    The Claims Bar Date

9.    As noted, the Debtor requests that the Court establish *5:00 p.m. (prevailing Central Time) on the date that is 34 calendar days after the Debtor files its Schedules* as the Claims Bar Date.  The Claims Bar Date is the date and time by which all entities must submit Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are **actually received** by Stretto, the Debtor's proposed claims and noticing agent ("Stretto"), unless such entity or entity's claim falls within one of the exceptions set forth in this Motion.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the chapter 11 case.

### B.    The Governmental Bar Date

10.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide."  11 U.S.C. § 502(b)(9).  Therefore, the Debtor requests that the Court establish *September 11, 2021 at 5:00 p.m. (prevailing Central Time)* as the Governmental Bar Date.  The proposed Governmental Bar Date is 180 days from the Petition Date.

11.    The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which

the Debtor was a party.  All governmental units holding such claims against the Debtor would be required to file Proofs of Claim so that such Proofs of Claim are actually received by Stretto by the Governmental Bar Date.

### C.    Rejection Damages Bar Date

12.    In addition to the Claims Bar Date and the Governmental Bar Date, the Debtor requests that the Court establish the Rejection Damages Bar Date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtor, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such agreements, on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central Time), on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtor; *provided*, *that* the Rejection Damages Bar Date shall not apply to an entity (or its claim(s)) that is exempt from filing a Proof of Claim as set forth in this Motion.  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

### D.    Amended Schedules Bar Date

13.    In the event that the Debtor amends its Schedules, the Debtor requests that the Court establish the Amended Schedules Bar Date as the deadline by which claimants (other than a claimant that is exempt from filing a Proof of Claim as set forth in this Motion) holding claims affected by the amendment must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by Stretto as of the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central Time) on the date that is 21 days from the date on which the Debtor provides notice of the amendment to the Schedules. If the Debtor amends or supplements its Schedules after the Service Date (as defined herein), the

6

Debtor proposes to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file Proofs of Claim in response to the amendment or supplement to the Schedules.

## II.     Procedures for Filing Proofs of Claim

### A.     Parties Required to File Proofs of Claim.

14.     Except as otherwise set forth herein, the Debtor respectfully requests that the Court require each of the following entities holding claims against the Debtor arising before the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

a.     any entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed as contingent, unliquidated or disputed if such entity desires to participate in the chapter 11 case or share in any distribution in the chapter 11 case;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.     any former or present full-time, part-time, salaried or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date;

d.     any former employees must submit Proofs of Claim for any claims (if any) related to unpaid wages, commissions, severance, benefits, or any other form of compensation; and

e.     any entity who believes that its claim against the Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### B.     Parties Not Required to File Proofs of Claim by Any Bar Date

15.     The Debtor requests that, notwithstanding anything to the contrary contained herein, the Court exempt the following entity or entities from any requirement to file a Proof of Claim before the applicable Bar Date:

a.     any entity that already has filed a signed Proof of Claim against the applicable Debtor with Stretto in a form substantially similar to Official Form 410;

b.     any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated;" and (ii) such

7

entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.     any entity whose claim has previously been allowed by a final order of the Court;

d.     a current employee of the Debtor, for any claim related to wages, commission or benefits; <u>provided</u> that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

e.     any current officer, manager, director or employee for claims based on indemnification, contribution or reimbursement;

f.     any entity holding a claim for which a separate deadline is fixed by this Court;

g.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; <u>provided</u> that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date; or

h.     professionals engaged in the chapter 11 case by (i) the Debtor or (ii) any official committee appointed in this chapter 11 case (the "<u>Creditor's Committee</u>").

16.     No entity wishing to assert an interest in the Debtor shall be required to file a proof of interest; provided that any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Proposed Order.

**C.     Form of Proof of Claim and Filing Proofs of Claim.**

17.     The Debtor has prepared, and requests that the Court approve, forms for filing a Proof of Claim based on Official Form 410 substantially in the form annexed as <u>Exhibit 1</u> to the Proposed Order (the "<u>Proof of Claim Form</u>").

18.     With respect to preparing and filing of a Proof of Claim, the Debtor proposes that each Proof of Claim be required to be consistent with the following:

a.     ***Contents***.  Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (prevailing Central Time), on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim Form provided by the Debtor or

Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.     ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.     ***Electronic Signatures Permitted***.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.     ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided that* any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtor's counsel upon request no later than three (3) days from the date of such request.

e.     ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:

(i) by electronic submission through the interface available at https://cases.stretto.com/Griddy or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**If by Hand Delivery or Overnight Mail**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE**
**OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

      f.     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## III.    Consequences of Failure to File a Proof of Claim

      19.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any entity who is required (and not otherwise exempt), but fails to file a Proof of Claim in accordance with the Proposed Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto) and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim — including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in the chapter 11 case, participating in any distribution in the chapter 11 case on account of such claim, or receiving further notices regarding such claim.

## IV.    Procedures for Providing Notice of the Bar Dates

      20.    The Debtor proposes the following procedures (the "Procedures") for providing mailing and publication notice of the Bar Dates:

### A.    Bar Date Notices.

21.    Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (l), the Debtor proposes to provide

notice of the Bar Dates to all parties in interest in accordance with the Procedures (other than the

Debtor's former customers which will get notice by email only) shall apply:

a.    on or as soon as is reasonably practicable after the later of the date on which the Proposed Order is entered and the date the Debtor files its Schedules, and in any event no later than three business days after such date (the "Service Date"), the Debtor proposes to cause written notice of the Bar Dates, substantially in the form annexed as Exhibit 2 to the Proposed Order (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via first class mail to the following entities (or their respective counsel, if known), other than former customers:

1.    the U.S. Trustee for Region 7;

2.    counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties;

3.    proposed counsel for any statutory committee, if any;

4.    all known claimants and their counsel (if known) as of the date of entry of the Proposed Order, including all entities listed in the Debtor's Schedules;

5.    all entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of the Proposed Order;

6.    all known equity holders of the Debtor as of the date this Order;

7.    all entities that have filed proofs of claim in this chapter 11 case as of the date of the Proposed Order;

8.    all entities who are party to executory contracts and unexpired leases with the Debtor;

9.    all entities who are party to litigation with the Debtor;

10.    all current and former employees (to the extent that contact information for former employees is available in the Debtor's records);[4]

---

[4]    As set forth herein, the proposed Bar Date Order grants current employees authority to file a proof of claim with personally identifiable information redacted.

11.     all regulatory authorities that regulate the Debtor's businesses, including the Public Utilities Commission of Texas;

12.     the Office of the Attorney General of the State of Texas;

13.     the Texas Comptroller of Public Accounts;

14.     the United States Internal Revenue Service;

15.     the Electric Reliability Council of Texas;

16.     the United States Attorney's Office for the Southern District of Texas, and all applicable governmental units;

17.     the thirty (30) largest unsecured creditors for the Debtor; and

18.     such additional persons and entities deemed appropriate by the Debtor.

b.     The Debtor shall post the Proof of Claim Form and the Bar Date Notice on the website established by Stretto for the Debtor's case: https://cases.stretto.com/Griddy.

22.     The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the Procedures for filing a Proof of Claim and the consequences of failure to timely file a Proof of Claim.  The Debtor requests the Court approve the use of the Bar Date Notice as set forth in this Motion.

**B.     Notice to Former Customers.**

23.     While the Debtor does not believe that its former customers are known creditors of the Debtor, the Debtor believes that it is appropriate to provide its former customers with notice of the Bar Date.  To that end, out of an abundance of caution, the Debtor intends to provide notice of the Bar Date to approximately 57,000 former customers.

24.     Prior to the commencement of this chapter 11 case, the Debtor communicated with its former customers solely through electronic means.  The costs associated with service of the Bar Date in this chapter 11 case on all of its former customers through a mailed hard copy would be

12

expensive and burdensome on the Debtor's limited resources and would be contrary to the expectations of the former customers.

25.     Accordingly, to ensure that the Debtor provides sufficient notice of the Bar Date to its former customers while preserving valuable estate resources, the Debtor is seeking to only be required to serve notice of the Bar Dates on its former customers by sending an email to its former customers including a link to Stretto's website (https://cases.stretto.com/Griddy) where its former customers can access the Bar Date Package.

26.     The Debtor anticipates that a number of the email addresses of its former customers may not still be in use or that a number of emails may be undeliverable.  Given that the Debtor intends to serve the Bar Date Package on approximately 57,000 former customers and the usual means of communication with customers is electronic mail, text message or other electronic means, the Debtor requests that service by such means be the only method required for service and that, if an email is returned as undeliverable, the only other step the Debtor be required to take is to send a text message to the person (based on the last known phone number in the Debtor's books and records)[5] the link to Stretto's website indicating that the Debtor attempted to email the former customer at his or her last known email address with an important document related to Griddy's chapter 11 case and the customer can access the Bar Date Package by clicking on: https://cases.stretto.com/Griddy.   The Debtor submits that the proposed methods of service described herein be deemed good and sufficient service.

   **C.     Publication Notice.**

27.     In addition to the foregoing, the Debtor proposes to publish the Bar Date Notice as soon as reasonably practicable after the later of the date on which the Proposed Order is entered

---

[5] The Debtor believes it has telephone numbers for all but approximately 1,400 of its 57,000 customers.

or the date on which the Debtor files its Schedules and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form annexed as **Exhibit 3** to the Proposed Order (the "Publication Notice"), on one occasion in the *Houston Chronicle, Dallas Morning News* and *New York Times National Edition.*

28.    The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by Stretto at which creditors may obtain a copy of a Proof of Claim Form, https://cases.stretto.com/Griddy, information concerning the Procedures, appropriate deadlines for filing Proofs of Claim, and contact information for the Debtor regarding questions about the Debtor's claims process.

## BASIS FOR RELIEF

### I.    Redaction of Certain Confidential Information.

29.    Bankruptcy Rule 5003 requires the clerk of court to maintain a list of claims in a publicly available claims register.  Proofs of claim forms, as well as supporting documentation evidencing the claim, often contain personal information such as the creditor's name and address.

30.    Section 107(c)(1) of the Bankruptcy Code provides that:

> the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A)    [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].
> >
> > (B)    [o]ther information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).  The Debtor respectfully submits that cause exists for the Court to authorize employees and former customers of the Debtor to file a redacted Proof of Claim Form which does not disclose personally identifiable information with the Clerk of Court or Stretto, provided that

employees and former customers also serve an unredacted Proof of Claim upon proposed counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake), and 30 Rockefeller Plaza, New York, NY 10112 (Attn. Robin Spigel and Chris Newcomb).  If an employee or former customer files an unredacted Proof of Claim with Stretto, the Debtor will take reasonable steps to redact such information on the publicly available claims register.  Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in violation of the applicable data privacy laws governing the use of information outside the United States.

## II.  Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in the Chapter 11 Case.

31.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Paragraph I.20 of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas and Bankruptcy Local Rule 3003-1 establishes the default rule that a claimant must file a proof of claim in a chapter 11 case within 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a), unless a different date is subsequently ordered by the Court.

32.     It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy: preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Say. Assoc. v. 203 N LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process and delay or even derail the claims process, thus

undercutting one of the principal purposes of bankruptcy law: "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

33.     The Debtor has filed concurrently herewith a proposed chapter 11 plan and disclosure statement and promptly will be seeking authority to schedule a hearing to conditionally approve its disclosure statement and otherwise set a date to seek confirmation of its proposed plan within approximately 75 days from the Petition Date.  As more fully set forth in the First Day Declaration, the Debtor has limited resources and, as a result, is seeking to effectuate its proposed chapter 11 plan as expeditiously as possible.  Accordingly, the Debtor believes that obtaining an order setting a bar date early in these cases is imperative.

34.     The Procedures described herein, including those concerning providing notice to former customers, provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and 503(b)(9) administrative claims and thus are designed to achieve administrative and judicial efficiency.  Indeed, the proposed Procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow the chapter 11 case to move forward quickly with minimal administrative expense and delay, on the other hand.

35.     The Debtor's proposed Procedures, including those concerning providing notice to former customers, provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.  The proposed Procedures comply with the Bankruptcy Code and provide the Debtor with flexibility in case the need arises for supplemental bar dates or situations in which a creditor's claim may change during the chapter 11 case (such as in the event of rejections of executory contracts or unexpired leases).

16

### III.     The Proposed Notice Procedures Are Reasonable and Appropriate.

36.     Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least 21-days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).   Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice.   Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

37.     In conjunction with setting deadlines to file Proofs of Claim, the Debtor must give appropriate notice to interested parties.   The Debtor proposes to mail or email the Bar Date Notice to its known creditors, as set forth herein, and rely on publication to give notice to its unknown creditors.   This procedure is consistent with applicable case law.   *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

38.     More specifically, where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.   A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).   But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317-18.

39.     In addition, section 105(a) of the Bankruptcy Code, in conjunction with Bankruptcy Rule 9007 and certain subsections of Bankruptcy Rule 2002, permits the Court to establish notice standards as to most pleadings which are likely to be filed in a bankruptcy case.   *See* Fed. R. Bank. P. 2002(m) (providing authority to determine notice requirements as to Bankruptcy Rule 2002 matters); Bankruptcy Rule 9007 (providing overall authority to regulate notices).   The Debtor

17

plans to provide notice of the Bar Date to approximately 57,000 former customers.  As discussed above, while the Debtor does not believe that its former customers are known creditors of the Debtor, out of an abundance of caution, the Debtor is seeking to provide notice of the Bar Dates to its former customers by email.  Accordingly, the Debtor submits that it should only be required to provide notice to its former customers by email at the email address in the Debtor's records and, as a back-up, a text message in the manner proposed above, and that such notice will be sufficient under the circumstances.

40.     The Debtor proposes to cause a written notice of the Bar Date Package to be served via first class mail or email, as applicable, on or as soon as reasonably practicable after the later of three business days after entry of the Proposed Order and three business days after the Schedules are filed, to maximize efficiency by providing personalized Proof of Claim Forms based on the Debtor's Schedules.  This date will provide notice that is reasonable and in line with notice provided in other cases in this district.  *See, e.g., In re Hi-Crush Inc.*, No. 20-33495 (DRJ) (Bankr. S.D. Tex. July 13, 2020) (establishing an initial bar date that was 35 days after entry of the bar date order); *In re Bristow Group, Inc.*, No. 19-32713 (DRJ) (Bankr. S.D. Tex. July 9, 2019) (establishing an initial bar date that was 28 days after entry of the bar date order); *In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. May 17, 2018) (establishing an initial bar date that was 43 days after entry of the bar date order); *In re EXCO Resources, Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. March 7, 2018) (establishing an initial bar date that was 40 days after entry of the bar date order); *In re Cobalt International Energy, Inc.*, No. 17-36709 (MI) (Bankr. S.D. Tex. Feb 22, 2018) (establishing an initial bar date that was 25 days after entry of the bar date order); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. August 4, 2016) (establishing a bar date that was 43 days after entry of the bar date order); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. June 30, 2016) (establishing an initial bar date that

18

was 22 days after entry of the bar date order); *In re Midstates Petrol. Corp.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. June 15, 2016) (establishing a bar date that was 37 days after entry of the bar date order).

41.     In addition, requiring entities that are asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtor has complete information regarding the nature, validity and amount of such section 503(b)(9) claims while affording such parties appropriate and adequate notice. Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtor to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtor's creditors.

42.     The Debtor submits that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the Bar Dates is justified and warranted under the circumstances of the chapter 11 case. Indeed, this Court routinely fixes bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g., In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. May 17, 2018); *In re EXCO Resources, Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Feb 13, 2018); *In re Cobalt International Energy, Inc.*, No. 17-36709 (MI) (Bankr. S.D. Tex. Jan. 25, 2018); *In re Seadrill Limited*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Oct. 10, 2017); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Aug. 4, 2016).

43.     The Debtor submits that the relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Accordingly, the Debtor respectfully submits that the Bar Dates and the form and manner of

providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

**EMERGENCY CONSIDERATION;**
**WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)**

44.     Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," the Debtor requests emergency consideration of this Motion.  The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines.  Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

45.     To implement the foregoing successfully and to the extent applicable, the Debtor requests that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h).

**NOTICE**

46.     Notice of this Motion will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the Public Utilities Commission of Texas; (f) the United States Attorney's Office for the Southern

20

District of Texas, and all applicable governmental units; (g) the Texas Comptroller of Public Accounts; (h) the Internal Revenue Service; (i) all applicable state and local taxing authorities; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

*[The Remainder of this Page is Intentionally Blank]*

## <u>CONCLUSION</u>

The Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Motion and such other and further relief as may be just and equitable.

Dated: March 15, 2021
Houston, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: /s/ David R. Eastlake
David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

– and –

Robin Spigel (*pro hac vice* admission pending)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (*pro hac vice* admission pending)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

**<u>Certificate of Accuracy</u>**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-12(i).

*/s/ David R. Eastlake*
David R. Eastlake

**<u>Certificate of Service</u>**

I certify that on March 15, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David R. Eastlake*
David R. Eastlake