**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) ) | (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY MOTION FOR**
**ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS, (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THIS CHAPTER 11 CASE AND OTHER INFORMATION; (III) AUTHORIZING ELECTRONIC NOTICE OF FORMER CUSTOMERS; AND (IV) GRANTING RELATED RELIEF**

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 16, 2021 AT 11:00 AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A**

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

> **WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MARCH 16, 2021.**

The debtor and debtor in possession in the above-captioned case (the "Debtor") respectfully states the following in support of this motion (this "Motion"):

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Rules 1007, 2002, 6003, 6004 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor intends to continue in the possession of and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case. No date has been set yet for a meeting pursuant to section 341 of the Bankruptcy Code.

6. The events leading to the filing of this chapter 11 case and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration").[2]

## RELIEF REQUESTED

7. By this Motion, the Debtor respectfully requests entry of interim and final orders: (i) authorizing the Debtor to redact certain personally identifiable information for individual creditors; (ii) approving the form and manner of notice of commencement of this chapter 11 case and the scheduling of the meeting of creditors under section 341 of the title 11 of the United States Code (the "Bankruptcy Code"); (iii) authorizing the Debtor to provide notice to its customers solely by electronic means; and (iv) granting related relief. The Debtor also respectfully requests that the Court set a final hearing to consider this Motion on a final basis.

## BASIS FOR RELIEF

### A. Redaction of Certain Confidential Information.

8. Section 107(b) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).  The Debtor respectfully submits that cause exists to authorize the Debtor to redact address information of individual creditors—many of whom are the Debtor's employees and former customers—from the Creditor Matrix because such information could be used to perpetrate identity theft or to locate survivors of domestic violence, harassment or stalking.  The Debtor proposes to provide an unredacted version of the Creditor Matrix to the Court, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any official committee appointed in this chapter 11 case.

**B.  Service of the Notice of Commencement.**

9. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  Fed. R. Bankr. P. 2002(f).

10. Through Stretto, the Debtor's proposed claims, noticing and solicitation agent, the Debtor proposes to serve the notice of commencement of this case, substantially in the form attached as Exhibit 1 to Exhibit A hereto (the "Notice of Commencement"), on all parties listed on the Debtor's creditor matrix (the "Creditor Matrix") to advise them not only of the filing of this case, but also the meeting of creditors under section 341 of the Bankruptcy Code.  Service of a single Notice of Commencement on the Creditor Matrix will avoid confusion among creditors and will prevent the Debtor's estate from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtor's voluminous Creditor Matrix.  Accordingly, the Debtor submits that service of a single Notice of Commencement is warranted.

C. **Notice to Former Customer Notices and Related Costs**

11. The Debtor is a Texas retail electricity provider. Prior to February 26, 2021, the Debtor contracted to purchase electricity from power generation companies and sold the electricity to its customers. As recently as February 10, 2021, the Debtor served over 29,000 customers. However, as a result of the winter conditions that descended on Texas starting February 11 and the spike in electricity prices that came with it, the Debtor's customers, whether by choice with the Debtor's encouragement or through a transition forced by the Energy Reliability Council of Texas, transitioned to other providers.

12. The Debtor believes it is appropriate to provide its former customers with notice of this chapter 11 case. However, the Debtor anticipates that the number of such former customers could exceed 57,000.

13. Prior to the commencement of this chapter 11 case, the Debtor communicated with its former customers solely through electronic means. The costs associated with service of documents filed in this chapter 11 case on all of its former customers through a mailed hard copy would be expensive and burdensome on the Debtor's limited resources and would be contrary to the expectations of the former customers. Accordingly, the Debtor respectfully submits that it would be appropriate to authorize the Debtor to provide notice of the chapter 11 case and any additional notice required to be given to former customers by email only.

14. Section 105(a) of the Bankruptcy Code, in conjunction with Bankruptcy Rule 9007 and certain subsections of Bankruptcy Rule 2002, permits the Court to establish notice standards as to most pleadings which are likely to be filed in a bankruptcy case. *See* Fed. R. Bank. P. 2002(m) (providing authority to determine notice requirements as to Bankruptcy Rule 2002 matters); Fed. R. Bank. P. 9007 (providing overall authority to regulate notices).

15. As described above, the Debtor plans to provide applicable notices, including the Notice of Commencement, to approximately 57,000 former customers. If the Debtor was to provide actual notice by mail of filings and hearings to these former customers, the costs could be excessive and significantly deplete the Debtor's limited resources. Stretto, the Debtor's proposed claims and noticing agent, estimates that the cost of postage, copying charges, printing charges, overhead costs and hourly fees for professionals to serve the Notice of Commencement alone on these former customers could exceed $57,000. This would represent an exponential increase in the noticing costs for these chapter 11 cases.

16. The establishment of notice procedures that limit notice to former customers to notice by email only, which is the established method that the Debtor used to communicate with its customers prior to the Petition Date, will not adversely affect former's customers substantive rights and will avoid the unnecessary expenses that would be incurred if required to provide notice to its former customers by United States Mail or other means. In the event that the Debtor receives an indication that an email message is undeliverable at the email address for a former customer, the Debtor proposes to provide notice to the former customer by text message to the person (based on the last known phone number in the Debtor's books and records).[3] Based on the number of the Debtor's former customers and the estate's limited resources, the Debtor submits that notifying its former customers by electronic means is both reasonable and appropriate under the circumstances.

**EMERGENCY CONSIDERATION;
WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)**

17. Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11

case "to the extent that relief is necessary to avoid immediate and irreparable harm," the Debtor requests emergency consideration of this Motion. The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

18. To implement the foregoing successfully and to the extent applicable, the Debtor requests that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h).

## **NOTICE**

19. Notice of this Motion will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the Public Utilities Commission of Texas; (f) the Internal Revenue Service; (g) all applicable state and local taxing authorities; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

---

[3] The Debtor believes it has telephone numbers for all but approximately 1,400 of its 57,000 former customers.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an interim order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as the Court deems just and equitable.

Dated: March 15, 2021
Houston, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ David R. Eastlake*
David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

– and –

Robin Spigel (*pro hac vice* admission pending)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (*pro hac vice* admission pending)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ David R. Eastlake*
David R. Eastlake

**Certificate of Service**

I certify that on March 15, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David R. Eastlake*
David R. Eastlake