**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
03/15/2021

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) | **Relates to Docket No. 8** |

### ORDER (I) AUTHORIZING THE RETENTION AND APPOINTMENT OF STRETTO AS CLAIMS, NOTICING AND SOLICITATION AGENT AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the debtor and debtor in possession (the "Debtor") in the above-captioned case for entry of an order (this "Order") (a) authorizing the retention and appointment of Stretto ("Stretto")[3] as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c) and sections 105(a) and 327(a) of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Application; and upon the Court's review of the Betance Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Application is in the best interests of the Debtor, the Debtor's estate, its creditors and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

[3] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

2

on the Application were appropriate under the circumstances, and no other or further notice need be provided; and this Court having reviewed the Application and having determined that ex parte relief is appropriate; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and the record herein; and after due deliberation and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    Omitted

    2.    The Debtor is authorized to retain and appoint Stretto as Claims and Noticing Agent under the terms of the Engagement Agreement as set forth in this Order, and Stretto is authorized and directed to perform noticing and balloting services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case, and other related tasks as described in the Application, the Engagement Agreement and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service.

    3.    Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain official claims registers for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

    4.    Stretto is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim. Stretto shall provide public access to the claims register, including complete proofs of claim with attachments, if any, without charge. No redaction is permitted unless ordered by the Court.

5.  Stretto is authorized to take such other action to comply with all duties and Services set forth in the Application.

6.  Notwithstanding the Application or Engagement Agreement, to the extent the Debtor wishes to expand the scope of Stretto's services beyond those services set forth in the Application and Engagement Agreement, the Debtor shall be required to seek further approval from this Court.

7.  Notwithstanding sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the Debtor is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8.  Stretto shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtor, the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

9.  The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; <u>provided</u> that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtor's estate.

11. Stretto may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

12. The Debtor shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

13. Stretto shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

14. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from Stretto's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtor alleges the breach of Stretto's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal) or (b) the entry of an order closing this chapter 11 case, Stretto believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in this Court, and the Debtor may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. If Stretto seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Stretto's own applications, both interim and final, but determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Stretto. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

16. In the event Stretto is unable to provide the Services set out in this Order, Stretto will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's attorney.

17. After entry of an order terminating Stretto's services, upon the closing of this case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the

6

Federal Archives Record Administration, if applicable, and shall be compensated by the Debtor in connection therewith.

18. Stretto shall not cease providing claims processing services during the chapter 11 case for any reason, including nonpayment, without an order of the Court.

19. In the event the Chapter 11 Case is converted to a case under chapter 7 of the Bankruptcy Code and if claims agent representation would be necessary in the converted chapter 7 case, Stretto shall continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth herein.

20. In the event of any inconsistency between the Engagement Agreement, the Application, including the Betance Declaration, and this Order, this Order shall govern.

21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22. The requirements of Bankruptcy Rule 6004(a) are waived and, notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. The Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: March 15, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court

Southern District of Texas

In re:  Case No. 21-30923-mi

Griddy Energy LLC  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4      User: TylerLaws      Page 1 of 2

Date Rcvd: Mar 15, 2021      Form ID: pdf002      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 17, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Griddy Energy LLC, P.O. Box 1288, Greens Farms, CT 06838-1288 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | ERCOT |
| cr | | Macquarie Energy LLC |
| cr | | Macquarie Investments US Inc. |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 17, 2021      Signature:     /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 15, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David Robert Eastlake | on behalf of Debtor Griddy Energy LLC david.eastlake@bakerbotts.com robin.spigel@bakerbotts.com |
| Jana Smith Whitworth | on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov |
| Kelli S. Norfleet | on behalf of Creditor Macquarie Energy LLC kelli.norfleet@haynesboone.com kenneth.rusinko@haynesboone.com |
| Kelli S. Norfleet | on behalf of Creditor Macquarie Investments US Inc. kelli.norfleet@haynesboone.com kenneth.rusinko@haynesboone.com |

District/off: 0541-4 | User: TylerLaws | Page 2 of 2
Date Rcvd: Mar 15, 2021 | Form ID: pdf002 | Total Noticed: 1

Kevin M Lippman
        on behalf of Creditor ERCOT klippman@munsch.com  pmoore@munsch.com

US Trustee
        USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 6