

ENTERED
03/16/2021

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GRIDDY ENERGY LLC,[1] ) | Case No. 21-30923 (MI) |
| ) | |
| Debtor. ) | |
| ) | **Relates to Docket No. 13** |

### ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) CONTINUE CERTAIN EMPLOYEE BENEFIT PROGRAMS; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") requesting entry of an order pursuant to sections 105(a), 363(b) and 507(a) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Local Rule 9013-1(i) and the Complex Case Procedures: (i) authorizing, but not directing, the Debtor to (a) pay, among other things, prepetition wages, salaries, employee benefits and reimbursable expenses ("Prepetition Employee Obligations") and (b) continue the postpetition maintenance of any or all employee benefit programs, policies and procedures in the ordinary course in accordance with prepetition practices; and (ii) granting related relief, all as further described in the Motion; and upon consideration of the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Active 60016000.15

1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing was adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before the Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion, in the First Day Declaration and at any Hearing establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and upon all of the proceedings had before this Court and the record herein; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. ~~The Motion is GRANTED as set forth herein.~~

2. The Debtor is authorized, but not directed, to pay and honor the Prepetition Employee Obligations as and when obligations are due.

3. The Debtor is authorized, but not directed, to pay and honor prepetition obligations that have accrued under the Employee Benefits Programs, including, but not limited to, the Health Plans and the Other Employee Benefits, and to honor, continue, or modify the Employee Benefits Programs on a post-petition basis in the ordinary course and in accordance with their prepetition practices. The Debtor shall provide five (5) days' advance notice to the U.S. Trustee and any statutory committee appointed in the chapter 11 case of any material changes or modifications to the Employee Benefits Programs and any new programs, policies, and benefits.

4. The Debtor is authorized, but not directed, to remit, or cause its agent to remit, all Employee Withholdings to the appropriate third parties, as and when obligations are due, including

to pay any and all local, state, and federal withholding and payroll-related or similar taxes, whether such taxes relate to the period before or after the Petition Date.

5. The Debtor is authorized, but not directed, to reimburse the Employees with respect to all Reimbursable Expenses and pay any Corporate Card Expenses for approved, legitimate, and documented business expenses incurred on behalf of the Debtor in the ordinary course of business prior to the Petition Date. In addition, the Debtor is authorized, but not directed, to make direct payments to third parties for owed amounts in connection with such Reimbursable Expenses and/or the Corporate Card Expenses.

6. The Debtor is authorized, but not directed, to pay any and all local, state, and federal withholding and payroll-related or similar taxes related to the Unpaid Compensation and Benefit Obligations and to withhold and pay amounts that are attributable to the deductions, including, but not limited to, all withholding taxes, social security taxes and Medicare taxes, whether such taxes relate to the period before or after the Petition Date.

7. The Debtors is authorized, but not directed, to pay costs and expenses incidental to the payment of the Prepetition Employee Obligations, including all administration and processing costs and the TriNet Fees, in accordance with its prepetition practices, to facilitate the administration and maintenance of the Debtor's Employee Benefit Programs and policies related to the Prepetition Employee Obligations.

8. The Debtor shall maintain a matrix or schedule of amounts paid under the Prepetition Employee Obligations pursuant to this Order, including the following information: (a) the name of the payee; (b) the date and amount of the payment; and (c) the category or type of payment, as further described and classified in the Motion. The Debtor shall provide a copy of

such matrix or schedule to the U.S. Trustee and any statutory committee appointed in the chapter 11 case every 30 days beginning upon entry of this Order.

9. Nothing herein shall be deemed to authorize the payment of any Prepetition Employee Obligations amounts that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

10. For the avoidance of doubt, the Debtor shall not pay any amounts to "insiders" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code under any severance, bonus, incentive or retention plan without seeking authority from the Court.

11. All Banks are authorized, but not directed, (a) to receive, process, honor and pay all such checks and electronic payment requests authorized pursuant to this Order, provided that sufficient funds are available in the applicable accounts to make the payments, and (b) to rely on the Debtor's direction to pay amounts in accordance with this Order provided that sufficient funds are available in the applicable accounts to make the payments without any duty of further inquiry and without liability for following the Debtor's instructions. Further, the Debtor is authorized, but not directed, to issue new postpetition checks and initiate new postpetition electronic fund transfers to replace any checks or electronic fund transfers that may be dishonored and to reimburse any related expenses that may be incurred as a result of any bank's failure to honor a prepetition check or electronic fund transfer.

12. The Banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for in this Order.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Employee or other third party.

14. Nothing in the Motion or this Order shall be construed as impairing the Debtor's rights to contest the validity, priority or amount of any Prepetition Employee Obligations allegedly due or owing, and all of the Debtor's rights with respect thereto are hereby reserved.

15. Any party receiving payment from the Debtor is authorized and directed to rely upon the representations of the Debtor as to which payments are authorized by this Order.

16. Nothing contained in the Motion or this Order is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of any of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

19. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

20. The Court retains exclusive jurisdiction with respect to all matters arising or related to the implementation, interpretation, and enforcement of this Order.

Signed: March 16, 2021

Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                       Case No. 21-30923-mi
Griddy Energy LLC                                                                            Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4                        User: TylerLaws                                  Page 1 of 2
Date Rcvd: Mar 16, 2021                     Form ID: pdf002                                  Total Noticed: 3

The following symbols are used throughout this certificate:
**Symbol     Definition**
+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 18, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Griddy Energy LLC, P.O. Box 1288, Greens Farms, CT 06838-1288 |
| intp | | State of Texas, c/o Texas Attorney General's Office, Bankruptcy & Collections Division, P. O. Box 12548 MC-008, Austin, TX 78711-2548 |
| op | + | Stretto, 410 Exchange, Suite 100, Irvine, CA 92602-1331 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | ERCOT |
| cr | | Macquarie Energy LLC |
| cr | | Macquarie Investments US Inc. |
| intp | | Public Utility Commission of Texas |

TOTAL: 4 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 18, 2021                     Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 16, 2021 at the address(es) listed below:

**Name**                        **Email Address**

David Robert Eastlake
    on behalf of Debtor Griddy Energy LLC david.eastlake@bakerbotts.com  robin.spigel@bakerbotts.com

Deborah Michelle Perry
    on behalf of Creditor ERCOT dperry@munsch.com

| District/off: 0541-4 | User: TylerLaws | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 16, 2021 | Form ID: pdf002 | Total Noticed: 3 |

Jana Smith Whitworth
    on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov

Jason B. Binford
    on behalf of Interested Party Public Utility Commission of Texas Jason.binford@oag.texas.gov

Kelli S. Norfleet
    on behalf of Creditor Macquarie Energy LLC kelli.norfleet@haynesboone.com  kenneth.rusinko@haynesboone.com

Kelli S. Norfleet
    on behalf of Creditor Macquarie Investments US Inc. kelli.norfleet@haynesboone.com  kenneth.rusinko@haynesboone.com

Kevin M Lippman
    on behalf of Creditor ERCOT klippman@munsch.com  pmoore@munsch.com

Rachel Ruth Obaldo
    on behalf of Interested Party State of Texas bk-robaldo@oag.texas.gov  sherri.simpson@oag.texas.gov

US Trustee
    USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 9