**<u>Exhibit B</u>**

**Bhullar Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| Debtor. | ) |

**DECLARATION OF ROOP BHULLAR IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING KEY EMPLOYEE RETENTION PLAN FOR NON-INSIDER EMPLOYEES**

I, Roop Bhullar, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am the Chief Financial Officer of Griddy Energy LLC (the "Debtor"). I have served in my current role since December 4, 2020. I am familiar with the prepetition operations of the Debtor and, based on my discussion with the Debtor's professionals, the steps that are needed to be taken to efficiently winddown the Debtor's operations.

2. I am competent in all respects to make this declaration (this "Declaration"), which I submit for all permissible purposes under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence in support of the *Motion for Entry of an Order Authorizing and Approving Key Employee Retention Plan for Non-Insider Employees* (the "Motion"). Except as otherwise stated herein, I have personal knowledge of the matters set forth herein.

3. The KERP consists of retention payments to be made to 12 of the Debtor's employees (the "KERP Participants"). A KERP Participant will earn a KERP award (a "KERP

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Payments") if the participant remains employed with the Debtor through the earlier of June 30, 2021 or an Emergence Event[2] (the "Vesting Date"). KERP Payments, if earned, will be paid to the respective KERP Participants as soon as practicable following the Vesting Date. The maximum aggregate cost of the KERP is $137,851.

4. The KERP Participants are employees of the Debtor that form various financial, operational and information technology functions that are essential to the Debtor's efficient winddown in chapter 11. Without each of these employees, I believe that the Debtor may have to retain outside consultants who are not familiar with the Debtor's operations, which would ultimately lead to an increase in the costs of the administration of the chapter 11 case.

5. In formulating the plan, the Debtor reviewed comparable plans in similarly sized cases and consulted with counsel. The KERP is meant to retain the Debtor's non-insider employees during a time of unprecedented challenges for the Debtor. I believe that it would not be possible to find timely and cost-efficient replacements for these employees if they were to leave during the bankruptcy. In its current financial condition, the Debtor does not have the resources to search for, hire or train new employees, doing so would be an especially difficult exercise in light of the Debtor's liquidation plan and would only serve to increase administrative costs and reduce recoveries for its stakeholders. I believe that, if the KERP is not approved, the Debtor's ability to motivate its employees to remain with the Debtor and work productively through the duration of this chapter 11 case would be significantly undermined.

6. I have reviewed the KERP Participants and can confirm that none of the KERP Participants: (a) was appointed or elected by the board of directors; (b) reports directly to the

---

[2] Under the proposed KERP, an "Emergence Event" is defined as (a) the effective date of a plan of liquidation under chapter 11 of the Bankruptcy Code, (b) dismissal of this chapter 11 case, or (c) conversion of the chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

board of directors or sole member of the Debtor; (c) is an officer of the Debtor; (d) has a job title, such as Chief Executive Officer, president, secretary, or treasurer; (e) controls the Debtor; (f) participates in management on an "executive level;" (g) has broad responsibilities over a large portion of the Debtor's business; or (h) has any other responsibilities that should reasonably result in their treatment as an "insider" under the Bankruptcy Code.

7. I believe that, while the KERP Participants are crucial to the Debtor's efficient winddown, they do not have the type of broad responsibility or control to make company-wide strategic decisions, approve company policy, or develop employee compensation. I also believe that the employees who are eligible to participate in the KERP are the Debtor's rank-and-file employees that are necessary for the Debtor to efficiently prosecute the chapter 11 case and maximize value for all stakeholders.

Dated: March 19, 2021

                                      GRIDDY ENERGY LLC, as debtor and debtor in possession

                                      /s/ *Roop Bhullar*
                                      By:  Roop Bhullar
                                                Chief Financial Officer