**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
|  | ) |
| Debtor. | ) |
|  | ) |

**DEBTOR'S MOTION TO ESTABLISH**
**PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING, IF ANY, WILL BE CONDUCTED ON THIS MATTER ON APRIL 29, 2021 AT 9:00AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), respectfully states the following in support of this motion (the "Motion"):

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor consents to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The predicates for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4. On the March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case.

5. Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

## RELIEF REQUESTED

6. By this Motion, pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1, the Debtor requests entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses for professionals whose services are authorized by this Court pursuant to section 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).  A proposed form of order granting the relief requested herein is annexed hereto as Exhibit A (the "Proposed Order").

## RETENTION OF PROFESSIONALS

7. The Debtor requires the assistance of a number of professionals to efficiently manage this proceeding and to successfully and timely pursue a chapter 11 plan of liquidation and implement a wind down of its business.  Accordingly, the Debtor intends to file an application with the Court to employ and retain, without limitation, Baker Botts L.L.P. ("Baker Botts," and collectively with any other professional retained by the Debtor, the "Debtor's Professionals"), as attorneys to represent the Debtor in the chapter 11 case.  The Debtor may also need to retain additional professionals in connection with the administration of this chapter 11 case.[2]

---

[2] The Debtor intends to file a motion pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (each, an "Ordinary Course Professional").  Pursuant to the relief requested in such motion, if granted, Ordinary Course Professionals would not need to file individual retention applications and would be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses.  The Debtor anticipates that any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant

8. The Debtor believes that establishing orderly procedures to pay the Debtor's Professionals, and attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code, including professionals retained by any statutory committee appointed in this case, and that will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtor's Professionals, the "Retained Professionals") will streamline the administration of this chapter 11 case and otherwise promote efficiency for the Court, the U.S. Trustee and all parties in interest. A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtor unnecessary copying and mailing expenses.

## BASIS FOR RELIEF REQUESTED

9. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. 11 U.S.C. § 331. Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

---

to the procedures set forth in the Proposed Order.

Id. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. The Debtor proposes that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows (the "Compensation Procedures"):

(i) On or after the 21st day of each month following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "Monthly Statement"), by email or hand delivery, to the following parties (collectively, the "Fee Notice Parties"):

(a) the Debtor, PO Box 1288, Greens Farms, CT 06838 (Attn.: Roop Bhullar, roop@griddy.com);

(b) proposed counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake, david.eastlake@bakerbotts.com), and 30 Rockefeller Plaza, New York, NY 10112 (Attn. Robin Spigel, robin.spigel@bakerbotts.com, and Chris Newcomb, Chris.Newcomb@bakerbotts.com);

(c) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (Attn.: Jana Whitworth, jana.whitworth@usdoj.gov); and

(d) the attorneys for each statutory committee appointed in the chapter 11 case, if any.

(ii) Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtor is authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "Notice of Objection to Monthly

5

Statement") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Disputed Amount"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv) The first Monthly Statement shall be for the period from the Petition Date through April 30, 2021.

(v) Beginning with the period ending June 30, 2021, and at three month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Compensation Procedures. Fee Notice Parties will have 14 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30, 2021. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation and reimbursement of expenses being sought and a description of the amount of compensation and expenses sought) on the Fee Notice Parties and all parties that have entered an appearance pursuant to Bankruptcy Rule 2002. The Application Recipients and other parties will have 21 days after service of an Interim Fee Application to object thereto. Notwithstanding anything to the contrary in the Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in the chapter 11 case and confirmed by the Court.

(vi) The Debtor will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested

      Interim Fee Application without the need for a hearing if no Objections are timely filed.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vii) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

11. The Debtor additionally requests that, in each Interim Fee Application and each final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtor pursuant to any order authorizing the retention of compensation in the ordinary course of business, be required to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

12. The Debtor also requests that each member of any official committee(s) formed by the U.S. Trustee be permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with the Court in accordance with the Compensation Procedures.  For the avoidance of doubt, all such fees and expenses of committee members would be subject to approval, allocation and allowance by the Court.

13. The Debtor further requests that the Court limit service of Interim Fee Applications and final fee applications (each, a "Final Fee Application," and together with the Interim Fee Applications, the "Applications") to the Fee Notice Parties.  The Debtor further requests that all

other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the chapter 11 case shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this chapter 11 case to review and object to the Retained Professionals' fees and will save unnecessary duplications and mailing expenses.

14. The proposed Compensation Procedures would enable the Debtor to monitor closely the costs of administration, forecast cash flows and implement efficient cash management procedures. They would also allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

15. Courts in this District have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. 2020) [Docket No. 367]; *In re Gavilan Res., LLC*, Case No. 20-32656 (MI) (Bankr. S.D. Tex. Jul. 13, 2020) [Docket No. 206]; *In re NPC Int'l, Inc.*, Case No. 20-33353 (DRJ) (Bankr. S.D. Tex. July 1, 2020) [Docket No. 434]; *In re CEC Ent., Inc.*, Case No. 20-33163 (MI) (Bankr. S.D. Tex. June 25, 2020) [Docket No. 583]; *In re Speedcast Int'l Ltd.*, Case No. 20-32243 (MI) (Bankr. S.D. Tex. June 21, 2020) [Docket No. 328]; *In re Alta Mesa Res., Inc.*, Case No. 19-35133 (MI) (Bankr. S.D. Tex. Nov. 12, 2019) [Docket No. 512]; *In re EP Energy Corp.*, Case No. 19-35654 (MI) (Bankr. S.D. Tex. Nov. 6, 2019) [Docket No. 318]; *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Nov. 15, 2018) [Docket No. 522].

16. Based upon the foregoing, the Debtor submits that the relief requested herein is appropriate and in the best interest of the Debtor's estate, creditors and all parties in interest, and, therefore should be granted in the chapter 11 case.

## **NOTICE**

17. Notice of this Motion will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the Public Utilities Commission of Texas; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Motion need be given.

*[The Remainder of this Page is Blank.]*

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 24, 2021
      Dallas, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Robin Spigel*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

-and-

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

## Certificate of Service

I certify that on March 24, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robin Spigel*
Robin Spigel
