**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER**
**AUTHORIZING RETENTION AND COMPENSATION OF CERTAIN**
**PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **A HEARING, IF ANY, WILL BE CONDUCTED ON THIS MATTER ON APRIL 29, 2021 AT 9:00AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), submits this motion (the "Motion") for entry of an order, substantially in the form of attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code. (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), (a) authorizing, but not directing, the Debtor to retain and compensate certain law firms, attorneys, accountants, consultants and other non-attorney professionals utilized in the ordinary course of business (each, an "Ordinary Course Professional," and collectively, the "Ordinary Course Professionals"), pursuant to the Compensation Procedures (as defined herein), and (b) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor consents to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The predicates for the relief requested herein are sections 105(a), 327, 328 and 330 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Federal Rules, and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules.

**BACKGROUND**

4. On the March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case.

5. Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

**ORDINARY COURSE PROFESSIONALS**

6. The Debtor seeks to employ the Ordinary Course Professionals to render services that are essential to the Debtor's winddown and administration of its financial affairs during this chapter 11 case. These services include specialized legal advice, consulting services and accounting services. A non-exhaustive list of the Ordinary Course Professionals (the "OCP List") as of the Petition Date is attached hereto as Schedule 1 to Exhibit A. In the event of any necessary amendments or supplements to the OCP List, the Debtor shall file a supplemental list with the Court and serve it upon the parties named in the master service list.

7. The Ordinary Course Professionals have significant knowledge, expertise and/or familiarity with the Debtor, its assets and its financial affairs. In light of the time and expense associated with the preparation of separate retention and fee applications for professionals who will receive relatively small fees and given the Debtor's limited resources, the Debtor submits that it is inefficient for the Debtor to prepare such individual applications for each Ordinary Course Professional. Moreover, individual retention and fee applications would unnecessarily burden the

Court and the United States Trustee for the Southern District of Texas (the "U. S. Trustee"), while adding to the administrative costs of this chapter 11 case without a corresponding benefit to the Debtor and its estate. Therefore, the Debtor respectfully requests that the Court dispense with the requirement of filing individual retention and fee applications with respect to each Ordinary Course Professional.

## PROPOSED COMPENSATION PROCEDURES

8. The Debtor proposes the following procedures for the retention and compensation of the Ordinary Course Professionals (the "Compensation Procedures"):

(a) Each Ordinary Course Professional on the OCP List attached as Schedule 1 to the Proposed Order (as may be amended or supplemented from time to time) shall file with the Court a declaration that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which such Ordinary Course Professional is to be employed (each a "Declaration"), substantially in the form attached as Schedule 2 to the Proposed Order, within fourteen (14) days after the later of: (i) the date of entry of the Proposed Order; (ii) the date on which such Ordinary Course Professional commences services for the Debtor; or (iii) the date on which such Ordinary Course Professional is added to the OCP List.

(b) Each Ordinary Course Professional shall serve the Declaration upon: (i) the Debtor, PO Box 1288, Greens Farms, CT 06838 (Attn.: Roop Bhullar, roop@griddy.com); (ii) proposed counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake, david.eastlake@bakerbotts.com), and 30 Rockefeller Plaza, New York, NY 10112 (Attn.: Robin Spigel, robin.spigel@bakerbotts.com, and Chris Newcomb, Chris.Newcomb@bakerbotts.com); (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (Attn.: Jana Whitworth, jana.whitworth@usdoj.gov); and (iv) the attorneys for any statutory committee appointed in the chapter 11 case (collectively, the "Notice Parties").

(c) The Notice Parties and any other party in interest shall have fourteen (14) days after the service of each Ordinary Course Professional's Declaration to object to the retention of such Ordinary Course Professional (the "Objection Deadline"). The objecting party shall serve any such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of service of such objection, the matter shall be scheduled for hearing before the Court at the next

4

    regularly scheduled omnibus hearing date, if any, that is no less than fourteen (14) days from that date or on a date otherwise agreeable to the parties thereto.

(d) If no objection is received by the Objection Deadline with respect to any particular Ordinary Course Professional, then retention of the Ordinary Course Professional shall be deemed approved by the Court without hearing or further order and the Debtor shall be authorized to retain and pay each such Ordinary Course Professional (to the extent an objection was not filed).  The Debtor shall be authorized to retain such Ordinary Course Professional as of the date each such Ordinary Course Professional commenced providing postpetition services to the Debtor and pay such Ordinary Course Professional as set forth below.

(e) The Debtor reserves the right to modify the OCP List as necessary to add or remove Ordinary Course Professionals, from time to time, in its sole discretion.  In the event an Ordinary Course Professional is added to the OCP List, the Debtor will file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intends to employ (each, an "OCP Notice") and to serve each OCP Notice on the Notice Parties.  Additionally, each additional Ordinary Course Professional listed in the OCP Notice shall serve a Declaration on the Notice Parties in accordance with the Proposed Order.  The Notice Parties and any other party in interest shall have fourteen (14) days following the date of service of an OCP Notice to notify the Debtor's attorneys, in writing, of any objection to the proposed retention of any additional Ordinary Course Professional, file any such objection with the Court, and serve any such objection upon each of the Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice.

(f) The Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, one-hundred percent (100%) of fees and disbursements to each of the Ordinary Course Professionals retained pursuant to these procedures (after such Ordinary Course Professional has filed a Declaration and (i) after the applicable Objection Deadline has passed without an objection being served by a Notice Party or (ii) if an objection has been served by a Notice Party, after such objection has been resolved pursuant to the procedures described in subparagraph (c) above) upon the Ordinary Course Professional's submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided* that while this chapter 11 case is pending, the fees of each Ordinary Course Professional set forth on Schedule 1 attached to the Proposed Order, excluding costs and disbursements, may not exceed $40,000 per month on average over a rolling three (3) month period (the "OCP Monthly Cap");[2] *provided*, *further*, that while this chapter 11 case is pending, the aggregate fees of each Ordinary Course Professional set forth on Schedule 1 attached to the Proposed Order, excluding costs and

---

[2] The proposed OCP Monthly Cap is based on the maximum amount of fees expected to be earned by an Ordinary Course Professional in any one month, but does not necessarily represent what the Debtor expects to be typically incurred by each Ordinary Course Professional.

5

    disbursements, may not exceed $280,000 beginning as of the Petition Date (the "<u>OCP Case Cap</u>")

(g) On a monthly basis, to the extent an Ordinary Course Professional seeks compensation in excess of the applicable OCP Monthly Cap amount, any excess fees over the OCP Monthly Cap amount ("<u>Excess Fees</u>") will be made payable up to an extent where an Ordinary Course Professional is still in compliance with the OCP Monthly Cap over the rolling three (3) month period.  To the extent an Ordinary Course Professional seeks compensation of any unpaid Excess Fees in excess of the OCP Monthly Cap over the rolling three (3) month period, the Ordinary Course Professional shall (i) file with the Court a Notice of Fees in Excess of the OCP Monthly Cap (the "<u>Notice of Excess Fees</u>") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the Ordinary Course Professional for the relevant month that are in excess of the OCP Monthly Cap (on a rolling 3-month basis) and (ii) serve the Notice of Excess Fees on the Notice Parties.  Interested parties shall then have fourteen (14) days to file an objection to the Notice of Excess Fees with the Court. If after fourteen (14) days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses without the need to file a fee application.  To the extent an Ordinary Course Professional seeks compensation in excess of the OCP Case Cap, the Debtor shall file an application to employ such Ordinary Course Professional pursuant to sections 327 or 328 of the Bankruptcy Code, as applicable, and such Ordinary Course Professional's subsequent compensation shall be governed by the Court's order, if any, approving such Ordinary Course Professional's employment.

(h) For as long as the Debtor's chapter 11 case is pending, within thirty (30) days after the end of any quarter, the Debtor shall file a statement reflecting the name of the Ordinary Course Professional, the fees and expenses paid to each Ordinary Course Professional by the Debtor for the preceding quarter, all postpetition payments made to that Ordinary Course Professional to date by the Debtor and a general description of services rendered by that Ordinary Course Professional to the Debtor (each, a "<u>Quarterly Statement</u>") with this Court and serve copies of the Quarterly Statement on the Notice Parties; *provided* that the initial quarter shall be the Petition Date through June 30, 2021.

## **RELIEF REQUESTED**

9. By this Motion, the Debtor respectfully requests that the Court authorize, but not direct, the Debtor to retain and compensate the Ordinary Course Professionals pursuant to the Compensation Procedures.

**BASIS FOR RELIEF**

10. Section 327(a) of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of a debtor's estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" under section 327 of the Bankruptcy Code the retention of which requires the express approval of the court, courts generally consider whether such entity is involved in the prosecution of the chapter 11 case, rather than a debtor's ongoing business affairs. *See, e.g.*, *In re Cyrus II P'ship & Bahar Dev., Inc.*, No. 05-39857, 2008 Bankr. LEXIS 2317, at *6 (Bankr. S.D. Tex. July 31, 2008) ("[C]ourts have looked to whether a person is 'central' to the administration of the estate in classifying the person as a 'professional' under § 327."); *In re Arlington Automatics, Inc.*, No. 01-36287, 2002 Bankr. LEXIS 2004, at *4 (Bankr. N.D. Tex. Aug. 22, 2002) ("[T]he term professional person is a term of art under § 327 reserved for a person who plays a central and intimate role in the administration of a bankruptcy estate."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

> "(1) whether the [entity] controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization, (2) whether the [entity] is involved in negotiating the terms of a [chapter 11 plan], (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the [entity] is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, i.e. the qualitative approach, (5) the extent of the [entity]'s involvement in the administration of

7

> the debtor's estate, i.e. the quantitative approach; and (6) whether the [entity]'s services involve some degree of special knowledge or skill, such that the [entity] can be considered a "professional" within the ordinary meaning of the term."

*In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 Bankr. LEXIS 2245, at *8-10 (Bankr. D. Del. Dec. 15, 1997) (footnotes omitted); *see, e.g.*, *In re Brookstone Holdings Corp.*, 592 B.R. 27, 34-35 (Bankr. D. Del. Oct. 1, 2018) (applying factors articulated by *In re First Merchants Acceptance Corp.* to determine whether a person performed as a professional for purposes of section 327 of the Bankruptcy Code); *In re Arlington Automatics, Inc.*, No. 01-36287, 2002 Bankr. LEXIS 2004, at *5-8 (Bankr. N.D. Tex. Aug. 22, 2002) (same). The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. *See First Merchs.*, 1997 Bankr. LEXIS 2245, at *10 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

11. Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

12. Upon consideration of the above-listed factors, and because the Ordinary Course Professionals will not be involved in the administration of this chapter 11 case, the Debtor does not believe that the Ordinary Course Professionals are "professionals" requiring formal retention proceedings under section 327(a) of the Bankruptcy Code. Instead, the Ordinary Course Professionals will provide services in connection with the Debtor's winddown as well as the administration of the Debtor's assets and financial affairs, which services are ordinarily provided

8

by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtor seeks the relief requested herein to establish definitive mechanisms for retention and payment of the Ordinary Course Professionals pursuant to the Compensation Procedures and thereby avoid any subsequent controversy with respect thereto.

13. The Debtor and its estate would be well-served by continued retention of the Ordinary Course Professionals because of their relationships with the Debtor and understanding of the Debtor, its assets, its prior operations, finances and legal issues. The work of the Ordinary Course Professionals is directly related to the preservation of the value of the Debtor's estate. Moreover, in light of the delay and significant costs associated with the preparation of retention applications under sections 327, 328 and 330 of the Bankruptcy Code for Ordinary Course Professionals who will receive relatively modest fees combined with the Debtor's limited resources, the Debtor believes that it would be inefficient for the Debtor and its legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional. Therefore, the Debtor submits that it is in the best interest of the Debtor, its estate, its creditors and other parties in interest to retain and compensate the Ordinary Course Professionals in accordance with the Compensation Procedures, and thereby, avoid any disruption in the professional services that are required for the day-to-day operation of the Debtor's business.

14. Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtor in connection with services rendered to the Debtor prepetition, the Debtor does not believe that any of the Ordinary Course Professionals hold interests adverse to the Debtor or to the estate with respect to the matter on which such Ordinary Course Professional is to be employed. In any event, the Compensation Procedures include a requirement that each Ordinary Course Professional file a declaration regarding the fact that it does not represent or hold any

interest adverse to the Debtor or to the estate with respect to the matter on which it is to be employed and be subject to a reasonable objection period before an Ordinary Course Professional can be compensated.

15. Courts in this district have approved relief similar to the relief requested in this motion. *See, e.g.*, *In re Fieldwood Energy LLC*, *et. al.*, No. 20-33948 [Docket No. 413] (Bankr. S.D. Tex. Oct. 6, 2020); *In re Tailored Brands, Inc.*, *et. al.*, No. 20-33900 [Docket No. 603] (Bankr. S.D.Tex. Sept. 10, 2020); *In re Bristow Group Inc.*, *et. al.*, No. 19-32713 [Docket No. 295] (Bankr. S.D. Tex. June 26, 2019); *In re Vanguard Nat. Res., Inc.*, *et. al.*, No. 19-31786 [Docket No. 235] (Bankr. S.D. Tex. Apr. 30, 2019); *In re Gastar Expl., Inc.*, *et. al.*, No. 18-36057 [Docket No. 276] (Bankr. S.D. Tex. Dec. 20, 2018); *In re Westmoreland Coal Co.*, *et. al.*, No. 18-35672 [Docket No. 522] (Bankr. S.D. Tex. Nov. 15, 2018); *In re iHeartMedia, Inc.*, *et. al.*, No. 18-31274 [Docket No. 447] (Bankr. S.D. Tex. Apr. 12, 2018); *In re EXCO Res., Inc.*, *et. al.*, No. 18-30155 [Docket No. 350] (Bankr. S.D. Tex. Feb. 22, 2018).

## **WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

16. To implement the foregoing successfully and to the extent applicable, the Debtor requests that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h).

## **NOTICE**

17. Notice of this Motion will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the

Public Utilities Commission of Texas; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Motion need be given.

[*Remainder of page intentionally left blank*]

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of the Proposed Order (i) authorizing, but not directing, the Debtor to retain and compensate the Ordinary Course Professionals pursuant to the Compensation Procedures and (ii) granting such other and further relief as is just and proper.

Dated: March 24, 2021
       Houston, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Robin Spigel*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts. com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts. com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts. com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

## **CERTIFICATE OF SERVICE**

I certify that on March 24, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robin Spigel*