**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR
ENTRY OF AN ORDER AUTHORIZING REJECTION
OF (A) MERIDIAN AGREEMENT WITH MERIDIAN BUSINESS CENTERS-
SOUTHWEST-PARTNERS, LP AND (B) WESTPORT LEASE WITH
WILLIAM L. GAULT, TRUSTEE OF THE HOWARD W. GAULT TRUST
U/A DATED JANUARY 27, 1969 EFFECTIVE AS OF THE PETITION DATE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING, IF ANY, WILL BE CONDUCTED ON THIS MATTER ON APRIL 29, 2021 AT 9:00AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

1

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), respectfully states the following in support of this motion (the "Motion"):

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor consents to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3.      The predicates for the relief requested herein are sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELEVANT BACKGROUND

### A. The Chapter 11 Case

4.      On the March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner or official committee has been appointed in the Debtor's chapter 11 case.

5.  Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

**B. The Meridian Agreement**

6.  Pursuant to that certain Office Service Agreement, by and between Meridian Business Centers-Southwest-Partners, LP ("Meridian") and the Debtor, entered into on August 18, 2016 (as amended, modified or supplemented from time to time, the "Meridian Agreement"), the Debtor licenses the use of Office Number 546 located at 11811 North Freeway, 5th Floor, Houston, Texas 77060 (the "Houston Office"). The term of the Meridian Agreement is open ended and renews automatically for a six month term upon the expiration of each preceding six month term unless sixty-day's written notice is given of the intent to terminate the Meridian Agreement. Meridian holds a $475 security deposit.

7.  The current six month term expires on September 17, 2021. Due to the Debtor no longer having operations and its remaining workforce working remotely, it has no current or future need to use the Houston Office. For these reasons, the Debtor has determined, in its business judgement, to reject the Meridian Agreement.

**C. The Westport Lease**

8.  Pursuant to that certain unexpired lease of real property by and between William L. Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 ("Gault") and Westport Renewables LLC, dated on or around January 2020, as amended by that certain First Lease Amendment, dated June 29, 2020, which was assigned to the Debtor on November 13, 2020 (together with any addendums, and as amended, modified or supplemented from time to time, the "Westport Lease," together with the Meridian Agreement, the "Proposed Rejected Agreements"),

3

the Debtor leases premises located at 30 Post Road East, Westport, Connecticut 06880 (the "Westport Office").

9. Gault holds a security deposit of $4,400. The term of the Westport Lease expires on February 14, 2022. Due to the Debtor no longer having operations and its remaining workforce working remotely, it has no current or future need to use Westport Office. For these reasons, the Debtor has determined, in its business judgement, to reject the Westport Lease.

## RELIEF REQUESTED

10. By this Motion, the Debtor seeks entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), authorizing the Debtor to reject the Proposed Rejected Agreements effective as of the Petition Date, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006. In support of this Motion, the Debtor submits the *Declaration of Roop Bhullar in Support of Debtor's Motion for Entry of an Order Authorizing Rejection of (a) Meridian Agreement and (b) Westport Lease Effective as of the Petition Date* (the "Bhullar Declaration"), attached hereto as Exhibit B.

## BASIS FOR RELIEF

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.,* 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *see also Bildisco & Bildisco*, 465 U.S. at 528 ("[T]he

authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *Murexco Petroleum*, 15 F.3d at 62 (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

12. The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.,* 318 U.S. 523, 550 (1943)); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.").

13. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Pisces Energy LLC*, Nos. 09–36591–H5–11, 09–36593–H5–11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment.") (citation omitted); *In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate." (citation omitted)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'"

5

*Pilgrim's Pride Corp.*, 403 B.R. at 422 (citing *Wheeling–Pittsburgh Steel Corp. v. W. Penn Power Co.* (*In re Wheeling–Pittsburgh Steel Corp.*), 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

**I.  Rejection of the Proposed Rejected Agreements is a Sound Exercise of the Debtor's Business Judgment**

14. The Debtor believes that rejection of the Proposed Rejected Agreements is well within its business judgment and is in the best interests of the estate. The Debtor is liquidating and has no current or future need for either office. Additionally, permitting the Debtor to reject the Proposed Rejected Agreements will reduce the accrual of administrative expenses and increase available funds for the benefit of the Debtor's estate.

15. Thus, the Debtor has determined in its considered judgement to reject the Proposed Rejected Agreements because they are burdensome to the Debtor and no longer beneficial to the Debtor or its estate.

**II.  Rejection of the Proposed Rejected Agreements as of the Petition Date is Appropriate.**

16. The Debtor respectfully submits that the rejection of the Proposed Rejected Agreements should be effective as of the Petition Date.

17. Section 365 of the Bankruptcy Code does not address whether the Court may order rejection to be applied retroactively. Courts have held, however, that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection based on a balancing of the equities of the case. *See, e.g., In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of [d]ebtors' intent to reject prior to the filing of the [m]otions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996)

(finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also In re Joseph C. Spiess Co.*, 145B.R. 597, 606 (Bankr. N.D. Ill.1992) ("[A]trustee's rejection of a lease should be retroactive to the date that trustee takes affirmative steps to reject said lease . . . .").

18.  Courts in this District have authorized the retroactive rejection of executory contracts and unexpired leases. *See, e.g., In re Gulfport Energy Corporation, et al.*, Case No. 20-35562 (DRJ) [Docket No. 536] (Bankr. S.D. Tex. Jan. 6, 2021) (authorizing the debtors to reject certain contracts effective as of the petition date); *In re Alta Mesa Resources, et al.*, Case No. 19-35133 (MI) [Docket No. 180] (Bankr. S.D. Tex. Sept. 26, 2019) (authorizing the debtors to reject an unexpired lease effective as of the petition date).

19.  In light of the fact that the Debtor is not utilizing either premises and that the Debtor will otherwise incur unnecessary administrative expenses under the Proposed Rejected Agreements that provide no comparable current or future benefit of the Debtor's estate, the Debtor submits that the balance of equities favors retroactive relief.

20.  Further, the Debtor has sought the relief requested at an early point in the chapter 11 case. Contemporaneously with filing the Motion, the Debtor will cause the Motion to be served on Meridian and Gault providing the parties with a sufficient opportunity to respond.

## **PROOFS OF CLAIM**

21.  The Debtor requests that any claims arising out of or relating to the rejection of the Meridian Agreement or the Westport Lease be filed with Stretto, the Debtor's claims agent, by the *later* of: (a) the non-governmental unit claims bar date established in this chapter 11 case or (b) thirty days after entry of the Proposed Order.

## RESERVATION OF RIGHTS

22. Nothing herein shall be deemed a waiver of any rights or defenses of the Debtor. The Debtor (a) reserves all rights to supplement or add to the legal and factual arguments raised in the Motion, on any bases whatsoever at a future date and (b) preserves any of its potential claims and causes of action against Meridian or Gault, including, but not limited to, the right to seek recovery of any deposits or prepayments tendered to either Gault or Meridian in relation to the Proposed Rejected Agreements.

## REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

23. As explained above, the relief requested herein is necessary to avoid harm to the Debtor. To successfully implement the relief requested herein, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h).

## NOTICE

24. Notice of this Motion will be given to: (a) the United States Trustee for Region 7; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (e) the Public Utilities Commission of Texas; (f) the Internal Revenue Service; (g) Meridian; (h) Gault; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Motion need be given.

## CONCLUSION

WHEREFORE, the Debtor respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 24, 2021
       Houston, Texas

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Robin Spigel*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

-and-

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

I certify that on March 24, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robin Spigel*