**<u>Exhibit 1</u>**

**Revised Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| Debtor. | ) **Relates to Docket No. 17** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS, (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THIS CHAPTER 11 CASE AND OTHER INFORMATION; (III) AUTHORIZING ELECTRONIC NOTICE FOR FORMER CUSTOMERS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an interim order (this "Interim Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 6003, 6004 and 9007, and Bankruptcy Local Rule 9013-1, (i) authorizing the Debtor to redact certain personally identifiable information for individual creditors, (ii) approving the form and manner of notice of commencement of this chapter 11 case and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, (iii) authorizing electronic notice for former customers, and (iv) granting related relief, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and all objections to the Motion having been withdrawn, resolved or overruled; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor the Debtor's estate, its creditors and other parties in interest; and upon all of the proceedings had before this Court and the record herein; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Subject to entry of a final order, the Debtor is authorized to redact address information of individual creditors listed on the Creditor Matrix; provided, that the Debtor shall provide an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee and any official committee of unsecured creditors appointed in this chapter 11 case. In addition, subject to entry of a final order, the Debtor is authorized to redact name and address information of former customers of the Debtor on its Schedules of Assets and Liabilities and Statement of Financial Affairs and any other documents filed with the Court; provided that, if requested, the Debtor shall provide an unredacted version of such documents to the Court and the U.S. Trustee. The Debtor shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order. The rights of all parties in this chapter 11 case to object to the relief

set forth in this paragraph on a final basis, for any reason, including that the Debtor has not satisfied its burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

2. The Debtor is authorized to serve the Notice of Commencement, substantially in the form attached hereto as Exhibit 1, on the Creditor Matrix and on its former customers. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of this chapter 11 case; and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

3. Unless otherwise ordered by the Court and subject to the entry of a final order, the Debtor is permitted to provide notice to its former customers by electronic means only and such notice will be considered to be proper and adequate notice for all matters in this chapter 11 case; provided that, the Debtor's first mailing to its former customers shall be by postcard, with the message set forth on the postcard to be substantially as set forth on Exhibit 2 attached hereto ("Initial Customer Notice"). If the email address of a former customer is no longer in use or the email is undeliverable, the Debtor shall send a text message to the person (based on the last known phone number in the Debtor's books and records) containing the link to Stretto's website and indicating that the Debtor attempted to email the former customer at his or her last known email address with an important document related to Griddy's chapter 11 case and the customer can access the document by clicking on: https://cases.stretto.com/Griddy. No further action or notice shall be required.

4. In addition to the above, as soon as is reasonably practicable after the entry of this Order, the Debtor shall post the language in the Initial Customer Notice in English and in Spanish on Facebook, Twitter, Instagram and on its website at www.griddy.com.

5. A final hearing (the "Final Hearing") on the Motion shall be held on

_____, 2021, at _____a/p.m. (prevailing Central Time)  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. prevailing Central Time on _____, 2021.  Any responses or objections to the Motion and entry of relief requested in the Motion on a final basis (the "<u>Final Order</u>") must:  (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (d) be filed with the United States Bankruptcy Court for the Southern District of Texas; and (e) be served upon (i) the U.S. Trustee, (ii) the Debtor, Attn: Roop Bhullar, P.O. Box 1288, Greens Farms, Connecticut 06838; and (iii) proposed counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake), and 30 Rockefeller Plaza, New York, NY 10112 (Attn. Robin Spigel and Chris Newcomb).  In the event no objections to entry of the final order on the Motion are timely received, the Court may enter a final order without a Final Hearing.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

8. The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

9. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implantation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2021
     Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Proposed Notice of Commencement**

| **Information to identify the case:** | |
|---|---|
| **Debtor:** Griddy Energy LLC | **EIN:** 61-1791396 |

**United States Bankruptcy Court for the Southern District of Texas**

| Case Numbers: 21-30923 (MI) | Date case filed for chapter 11 | March 15, 2021 |
|---|---|---|

**Official Form 309F (For Corporations or Partnerships)**

# Notice of Chapter 11 Bankruptcy Case 12/17

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1. Debtor's full name: See chart below.

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 1. | Griddy Energy LLC | PO Box 1288, Greens Farms, CT 06838 | 21-30923 (MI) | 61-1791396 |

2. All other names used in the last 8 years: GreenBird Energy LLC

3. Address: See Chart Above

4. Debtor's attorney

| David Eastlake, State Bar No. 24074165<br>BAKER BOTTS L.L.P.<br>910 Louisiana Street<br>Houston, Texas 77002-4995<br>Telephone: 713/229-1234<br>Facsimile: 713/229-1522<br>Email: david.eastlake@bakerbotts.com<br><br>Robin Spigel (*pro hac vice*)<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone: (212) 408-2500<br>Facsimile: (212) 259-2501<br>Email: robin.spigel@bakerbotts.com | Debtor's notice and claims agent (for court documents and case information inquiries):<br><br>Griddy Energy, LLC<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602<br><br>U.S. toll-free: (855) 478-2725<br>International: (949) 471-0997<br>Email: GriddyInquiries@stretto.com<br>Case website: https://cases.stretto.com/Griddy |
|---|---|

**5.**

| | | |
|---|---|---|
| **Bankruptcy clerk's office** | **United States Courthouse** | Hours open: Monday − Friday |
| Documents in this case may be filed at this address. | 515 Rusk Avenue | 8:00 AM − 5:00 PM (CT) |
| | Houston, Texas 77002 | Contact phone: 713-250-5500 |
| You may inspect all records filed in this case at this office or online at www.pacer.gov. | All documents in this case are available free of charge on the website of the Debtor's notice and claims agent at https://cases.stretto.com/Griddy | |

**6.**

| | | |
|---|---|---|
| **Meeting of creditors** | **Time and Date To be Determined** | **Location:** |
| The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | [_____] [_____] |

**7.   Proof of claim deadline**

**Deadline for filing proof of claim: Not yet set.  If a deadline is set, notice will be sent at a later time.**

A proof of claim is a signed statement describing a creditor's claim.  A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:
- Your claim is designated as disputed, contingent or unliquidated;
- You file a proof of claim in a different amount; or
- You receive another notice

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.  Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**8.   Exception to discharge deadline**

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below

**Deadline for filing the complaint: To be Determined**

**9.   Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**10.   Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan.  A plan is not effective unless the court confirms it.  You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan.  You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

**11.   Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

**Exhibit 2**
**Proposed Initial Customer Notice**

**NOTICE OF BANKRUPTCY FILING – GRIDDY ENERGY LLC**

On March 15, 2021, Griddy Energy LLC ("Griddy") filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas and is seeking to liquidate in an orderly manner.

Other than this initial postcard, the sole means by which you will receive notices and documents from Griddy in its bankruptcy case will be by email (or text if Griddy has a valid telephone number for you and your email address is invalid). The email will be from griddy@stretto.com. IT IS IMPORTANT THAT YOU OPEN THE EMAILS YOU RECEIVE AND CLICK ON THE LINK PROVIDED TO REVIEW IMPORTANT DOCUMENTS THAT MAY AFFECT YOUR RIGHTS.

The Court has set the last date for customers to assert claims against Griddy as [_____], 2021. If you believe you have a claim against Griddy that arose prior to March 15, 2021, you must fill out a proof of claim form and submit it pursuant to the instructions you will receive by email from griddy@stretto.com by [_____], 2021. Failure to timely file a claim will result in that claim being barred.

You can obtain information about Griddy and its liquidation for free at: https://cases.stretto.com/Griddy. If you have questions, please email: GriddyInquiries@stretto.com or call toll-free: 855.478.2725.