UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GRIDDY ENERGY LLC | § | CASE NO. 21-30923 (MI) |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**THE STATE OF TEXAS'S LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9); (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE; (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) REQUESTS; (IV) APPROVING NOTICE OF BAR DATES; AND (V) GRANTING RELATED RELIEF**
(*Docket No. 16*)

**COMES NOW** the State of Texas, by and through the Office of the Attorney General of Texas, and files this *Limited Objection to the Debtor's Emergency Motion for Entry of an Order: (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9); (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date; (III) Approving the Form of and Manner for Filing Proofs Of Claim, Including Section 503(B)(9) Requests; (IV) Approving Notice of Bar Dates; and (V) Granting Related Relief* ("Limited Objection"), and states as follows:

**I. OVERVIEW**

1. Since the Court's March 16, 2021 hearing regarding the Debtor's Bar Date Motion, the State and the Debtor have been working cooperatively to reach an agreement on the process and language necessary to provide all of the Debtor's former customers[1] with timely and effective

---

[1] According to the *Debtor's Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtor to Redact Certain Personally Identifiable Information for Individual Creditors, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of this Chapter 11 Case and Other Information; (III) Authorizing Electronic Notice of Former Customers; and (IV) Granting Related Relief,*

notice of their right to file a proof of claim in this proceeding in an efficient manner which also comports with due process.

2. While no final agreement has been reached, the State believes that if the Parties continue to work cooperatively, an agreement will be reached within the coming week.

3. As stated in the State's Status Report filed on March 26, 2021 at docket number 84, the State supports the appointment of a Customer Committee. If the Court is so inclined to appoint a Customer Committee, the State believes that the counsel for the Customer Committee should be involved in the decision regarding the bar date and noticing procedures to the former customers.

4. Therefore, the State files this Limited Objection seeking: **A)** More time to work with the Debtor in forming the bar date and noticing procedures for customers, and **B)** If the Court appoints a Customer Committee, adequate time for the Committee's counsel to provide meaningful input regarding the bar date and notice process for former customers.

## II.  LIMITED OBJECTION

5. As recognized by the United States Supreme Court "the bar date in a bankruptcy case should be prominently announced and accompanied by an explanation of its significance." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 398 (1993).

6. "Due process requires notice that is 'reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response.'" *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) (*quoting Oppenheim, Appel, Dixon & Co. v. Bullock* (*In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir.), *cert. denied,* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989)).

---

docket number 17 at para. 12, there may be more than 59,000 customers that should receive notice.

7. Further, whether notice is adequate depends upon the facts and circumstances of each case. *Id*.

8. As reflected in the Debtor's schedules, which is over 900 pages long, Texas customers make up the vast majority of creditors in this case. *See* Dkt. No. 71. As such, these customers should receive a meaningful notice that explains the significance of that notice, provides for a reasonable time to respond, and, if appointed, provides the customers with contact information for the Customer Committee.

9. While the State understands that time is of the essence, as the Debtor has stated it only has around $3,000,000 in the Estate, due process provided through meaningful notice should not be sacrificed due to the Debtor's desire for the case to move quickly. A meaningful balance between expediency of the case and due process to customers can and should be reached.

10. As such, the State requests that the Court not rule on the Debtor's Bar Date Motion, and allow the State, the Debtor, and, if appointed, counsel for a Customer Committee, time to work together to finish developing a reasonable and appropriate process by which to notice the Debtor's former customers.

### III. PRAYER

**WHEREFORE** premise considered, the State prays that this Court not rule on the Debtor's Bar Date Motion, and, thereby, provide more time for the State to complete its negotiations with the Debtor regarding the notice to customers, and, if a Customer Committee is appointed, that counsel for the Committee have the opportunity to provide meaningful input regarding these noticing procedures.

Dated: March 27, 2021

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

NANETTE DINUNZIO
Associate Deputy Attorney General for Civil Litigation

PAUL SINGER
Senior Counsel for Public Protection

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Abigail R. Ryan*
ABIGAIL R. RYAN
Texas State Bar No. 24035956
Southern Dist. Bar No. 614700
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
abigail.ryan@oag.texas.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on March 27, 2021.

*/s/ Abigail R. Ryan*
ABIGAIL R. RYAN
Assistant Attorney General