**<u>Exhibit 3</u>**

**Redline – Further Revised Proposed Order Against Revised Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | **Relates to Docket No. 16** |

**ORDER *FOR NON-FORMER CUSTOMERS OF THE DEBTOR ONLY:***
**(I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM,**
**INCLUDING REQUESTS FOR PAYMENT UNDER SECTION**
**503(b)(9); (II) ESTABLISHING AMENDED SCHEDULES BAR DATE**
**AND REJECTION DAMAGES BAR DATE; (III) APPROVING THE FORM**
**OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION**
**503(b)(9) REQUESTS; AND (IV) APPROVING NOTICE OF BAR DATES**

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of a final order (this "Order") (a) approving ~~the Bar Dates, the Proof of Claim Form, the Bar Date Notices and the Publication Notice (as each term is defined below)~~, *among other things, the last date to file claims in this case and related notices* and (b) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.  Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing was adequate and appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and all upon the objection of the State of Texas seeking an adjournment of the Motion as it pertains to former customers of the Debtor [Docket No. 89]; and no objections to the Motion having been withdrawn, resolved or overruled filed as it pertains to non-former customers of the Debtor; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, the Debtor's estate, its creditors and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      This Order shall not apply to former customers of the Debtor.  That portion of the Motion pertaining to a bar date for former customers of the Debtors is adjourned to _____, 2021 at _____.m.

2.      Except in the case of (a) former customers of the Debtor, (b) governmental units and (c) certain other exceptions explicitly set forth in this Order, each entity that asserts a claim against the Debtor that arose before March 15, 2021 (the "Petition Date"), including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim") as follows: (x) with respect to all entities *other than*

former customers, substantially in the form attached hereto as <u>Exhibit 1</u> or Official Form 410~~, and~~

~~(y) with respect to former customers of the Debtor, substantially in the form attached hereto as~~

~~Exhibit 2.~~[3] .[4]

~~2~~3.     The Debtor, including through Stretto, is authorized to take reasonable action to

prevent employees' ~~and former customers'~~ personally identifiable information from being publicly

available on the claims register ~~and the pdf images of such entities' claims shall not be publicly~~

~~filed~~.

~~3~~4.     Except in the cases of (a) ~~governmental units, (b)~~ former customers of the Debtor<u>,</u>

<u>(b) governmental units</u>, and (c) certain other exceptions explicitly set forth in this Order, all Proofs

of Claim must be filed so that they are actually received by Stretto on or before **5:00 p.m.**

**(prevailing Central Time) on April 28, 2021** (the "Non-<u>Former</u> Customer Claims Bar Date") at

the addresses and in the form set forth herein.

~~4.     With respect to former customers of the Debtor, all Proofs of Claim must be filed~~

~~so that they are actually received by Stretto on or before **5:00 p.m. (prevailing Central Time) on**~~

~~**July 19, 2021** (the "Former Customer Claims Bar Date") together with the Non-Customer Claims~~

~~Bar Date, the "Claims Bar Date") at the addresses and in the form set forth herein.~~

~~5.     The~~<u>5.   The Non-Former Customer</u> Claims Bar Date applies to all types of claims

against the Debtor that arose or are deemed to have arisen before the Petition Date, except for

---

[3] ~~Copies of Official Form 410 may be obtained by: (a) calling the Debtor's restructuring hotline at (855) 478-2725~~
~~(toll free U.S.) or (949) 471-0997 (International); (b) visiting the Debtor's restructuring website at:~~
~~https://cases.stretto.com/Griddy; and/or (c) visiting the website maintained by the Court at~~
~~https://www.txs.uscourts.gov/bankruptcy.  Former customers may obtain a Proof of Claim form applicable to~~
~~former customers at: https://cases.stretto.com/Griddy/Customers or by calling the above number.~~

[4] Copies of Official Form 410 may be obtained by: (a) calling the Debtor's restructuring hotline at (855) 478-2725
(toll free U.S.) or (949) 471-0997 (International); (b) visiting the Debtor's restructuring website at:
https://cases.stretto.com/Griddy; and/or (c) visiting the website maintained by the Court at
https://www.txs.uscourts.gov/bankruptcy.

claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

6.      All governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, must file such Proofs of Claim so they are actually received by Stretto on or before **September 11, 2021 at 5:00 p.m. (prevailing Central Time)** (the "<u>Governmental Bar Date</u>," together with the "Non-Former Customer Claims Bar Date," the "Bar Dates") at the addresses and in the form set forth herein.

7.      Unless otherwise ordered by the Court, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Order, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtor, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such agreements, shall file a Proof of Claim on account of such rejection by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central Time) on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtor (the "<u>Rejection Damages Bar Date</u>").  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

8.      If the Debtor files amended Schedules after having given notice of the Bar Dates, the Debtor shall give notice (a) to all entities that are not former customers, by first-class mail and (b) to all former customers, by electronic mail.  Except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Order, the deadline for those holders to file Proofs

of Claim, if necessary, shall be the later of (a) the ~~applicable~~Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central Time), on the date that is 21 days from the date the notice of the Schedule amendment is provided (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date" and, together with the Non-~~Customer Claims Bar Date, the~~ Former Customer Claims Bar Date, the Governmental Bar Date and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").  If the Debtor amends or supplements its Schedules after the Service Date (as defined herein), the Debtor shall provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

9.     All Proofs of Claim must be filed so as to be **actually received** by Stretto on or before the applicable Bar Date.  If Proofs of Claim are not received by Stretto on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth in this Order, the holders of the underlying claims shall be barred from asserting such claims against the Debtor and precluded from voting on any chapter 11 plan filed in the chapter 11 case and/or receiving distributions from the Debtor on account of such claims in the chapter 11 case.

## I.     Parties Required to File Proofs of Claim

~~10.~~    10.     Except for former customers of the Debtor, the following entities holding claims against the Debtor arising before the Petition Date shall file Proofs of Claim on or before the applicable Bar Date:

   a.     any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in any of the chapter 11 case;

   b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its

claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the ~~Claims~~applicable Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided*, *that* current employees of the Debtor are not required to file proofs of claim for any claim related to wages, commissions or benefits;

d.   any former employees must submit Proofs of Claim for any claims (if any) related to unpaid wages, commissions, severance, benefits, or any other form of compensation; and

e.   any entity who holds a claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.   Parties Exempted from the Bar Date.

11.   Notwithstanding anything contained in this Order, the following entities and categories of claimants shall **not** be required to file a Proof of Claim by the Bar Date:

a.   any entity that already has filed a signed Proof of Claim against the applicable Debtor with Stretto in a form substantially similar to Official Form 410;

b.   any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent" or "unliquidated" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.   any entity whose claim has previously been allowed by a final order of the Court;

d.   a current employee of the Debtor, for any claim related to wages, commissions, or benefits; provided that a current employee must submit a Proof of Claim by the ~~Claims~~applicable Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

e.   any former or current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

f.   any entity holding a claim for which a separate deadline is fixed by this Court;

g.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; <u>provided</u> that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the <u>Non-Former Customer</u> Claims Bar Date; or

h.      professionals engaged in the chapter 11 case by (i) the Debtor or (ii) any official committee appointed in the chapter 11 case (the "<u>Committee(s)</u>").

**A separate bar date for former customers shall be set at a later date.  As a result, former customers do not need to file a Proof of Claim by April 28, 2021.**

12.     No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided*, *that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by this Order.

## III.    Substantive Requirements of Proofs of Claim.

13.     The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***.  Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) ~~(a) with respect to entities that are not former customers,~~ conform substantially to the Proof of Claim form provided by the Debtor or Official Form 410 ~~and (b) with respect to former customers, conform substantially to the Proof of Claim form provided by the Debtor and attached hereto as Exhibit 2~~; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.  ***Supporting Documentation***.  In order to have *prima facie* validity, each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

e.  ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:

(i) by electronic submission through the interface available at https://cases.stretto.com/Griddy or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**If by Hand Delivery or Overnight Mail**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

| **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.** |
| --- |

f.  ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim form (in addition to the original Proof of Claim form sent to Stretto) and (ii) a self-addressed, stamped envelope.  For those Claimants that file a Proof of Claim electronically in accordance with the Order, the Claimant will receive a confirmation email from ~~Stretto (or noreply@stretto.com).~~DocuSign (dse_na2@docusign.net) and the email subject will be "Completed: Griddy Customer Claim Form."

**IV.  Procedures for Providing Notice of the Bar Date.**

**A.**   **Mailing of** ~~Bar Date Notices to~~ **Non-**~~Former~~ **Customer** ~~Entities~~**Bar Date Notice**.

14.   On or as soon as is reasonably practicable after the date on which this Order is entered (and in any event by no later than three (3) business days after the date on which this Order is entered) (the "Service Date"), the Debtor shall cause a written notice of the Bar Dates ~~other than the Former Customer Claims Bar Date~~, substantially in the form attached hereto as Exhibit ~~3~~2 (the "Non-~~Former~~ Customer Bar Date Notice"), and a Proof of Claim form (together, the "Non-~~Former~~ Customer Bar Date Package") to be served via first class mail to the following entities:

a.   the U.S. Trustee for Region 7;

b.   counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties;

c.   proposed counsel for any Committee;

d.   all known claimants and their counsel (if known) as of the date of entry of this Order, including all entities listed in the Debtor's Schedules~~;~~, but excluding any former customers and their counsel (if known);

e.   all entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of the Order;

f.   all entities that have filed proofs of claim in this chapter 11 case as of the date of this Order;

g.   all known, non-Debtor, equity holders of the Debtor as of the date this Order;

h.   all entities who are party to executory contracts and unexpired leases with the Debtor;

i.   all entities who are party to litigation with the Debtor;

j.   all current and former employees (to the extent that contact information for former employees is available in the Debtor's records);[5]

k.   all regulatory authorities that regulate the Debtor's businesses, including the Public

---

[5]   ~~As set forth herein, the proposed Bar Date Order grants current employees authority to file a proof of claim with personally identifiable information redacted.~~

Utilities Commission of Texas;

l.  the Office of the Attorney General of the State of Texas;

m.  the Texas Comptroller of Public Accounts;

n.  the United States Internal Revenue Service;

o.  the Electric Reliability Council of Texas;

p.  the United States Attorney's Office for the Southern District of Texas, and all applicable governmental units; and

q.  the thirty (30) largest unsecured creditors for the Debtor.

**B.**     ~~**Notice to Former Customers.**~~

~~15.     On or as soon as is reasonably practicable after entry of this Order and in any event by no later than the Service Date, the Debtor shall provide notice of the Former Customer Claims Bar Date, substantially in the form attached hereto as Exhibit 4 (the "Former Customer Bar Date Notice," together with the "Non-Customer Bar Date Notice," the "Bar Date Notices"), and the Proof of Claim form, substantially in the form annexed hereto as Exhibit 2 (the "Former Customer Bar Date Package," and together with the Non-Customer Bar Date Package, the "Bar Date Packages"), to be served via electronic mail to all former customers of the Debtor that are listed on the Debtor's Schedules.~~

~~16.     The Debtor shall provide notice of the Former Customer Claims Bar Date to its former customers by sending an email to such customers including a link to Stretto's website (https://cases.stretto.com/Griddy) where its former customers can access the Former Customer Bar Date Package, in substantially the form attached hereto as Exhibit 5.  If the email address of a former customer is no longer in use or the email is undeliverable, the Debtor shall send a text message to the person (based on the last known phone number in the Debtor's books and records) containing the link to Stretto's website and indicating that the Debtor attempted to email the former customer at his or her last known email address with an important document related to Griddy's~~

chapter 11 case and the customer can access the Former Customer Bar Date Package by clicking on: https://cases.stretto.com/Griddy and going to the "Customers" tab.  No further action or notice shall be required.

**V.     Such additional persons and entities deemed appropriate by the Debtor.**

        **A.     Supplemental Mailings.**

~~17~~15.   After the initial mailing or emails~~, as applicable,~~ of the <u>Non-Former Customer</u> Bar Date ~~Packages,~~<u>Package</u> the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants become known after the initial mailing, or emailing, of the <u>Non-Former Customer</u> Bar Date ~~Packages~~<u>Package</u>.  The Debtor may make supplemental mailings of the <u>Non-Former Customer</u> Bar Date ~~Packages~~<u>Package</u> in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings or email being deemed timely and the applicable Bar Date being applicable to the recipient creditors.

        **~~B~~C.     Publication of <u>the Non-Former Customer</u> Bar Date Notice.**

~~18~~16.   The Debtor shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail or email is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtor, <u>and</u> creditors whose identities are known but whose addresses are unknown by the Debtor ~~or former customers whose email addresses and cellphone numbers in the Debtor's records may not still be in use~~.  Specifically, the Debtor shall cause the notice of applicable Bar Dates to be published as soon as reasonably practicable after the later of entry of this Order and the date on which the Debtor files its Schedules, modified for publication in substantially the form annexed hereto as <u>Exhibit ~~6~~3</u> (the "<u>Publication Notice</u>"), one time in the

*Houston Chronicle, the Dallas Morning News* and *New York Times National Edition* and any such other publications that the Debtor deems appropriate and discloses in its Affidavit of Service.

**~~VI~~V.   Consequences of Failure to File a Proof of Claim.**

~~19~~17.   Any entity who is required (and not exempt) under this Order, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor and its property (or filing a Proof of Claim with respect thereto) and shall be forever enjoined from asserting claims for any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a proof of claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

~~20~~18.   Any such entity who is required (and not exempt) under this Order but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this chapter 11 case, participating in any distribution in the chapter 11 case on account of such claim, or receiving further notices regarding such claim.

~~VII~~19. Former Customers are not required to file a Proof of Claim under this Order.  A separate bar date for former customers will be set in the future.

**VI.   Miscellaneous.**

~~21~~20.   This Order and the Non-Former Customer Bar Date Notice shall be prominently displayed on the Debtor's website: https://cases.stretto.com/Griddy.

2221.  Upon receipt of a proof of claim or a transfer of claim, Stretto shall stamp the receipt date and time on the document before filing it with the Court.  The Clerk need not physically transfer any claim that the Clerk receives electronically to Stretto.  The Clerk shall, by using Stretto's overnight express account, transmit to Stretto any paper proof of claim that it receives.

2322.  Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Non-Former Customer Bar Date NoticesNotice, the Publication Notice and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

2423.  The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.  The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

2524.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  _____, 2021
       Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Proof of Claim Form**

## Exhibit 2

**Proposed Former Customer Proof of Claim Form**

~~**Exhibit 3**~~

**Proposed Non-Former Customer Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| GRIDDY ENERGY LLC,[1] ) | Case No. 21-30923 (MI) |
| ) | |
| Debtor. ) | |
| ) | |

**NOTICE OF DEADLINES FOR NON-FORMER CUSTOMERS FOR THE**
**FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO: ALL PERSONS AND ENTITIES (OTHER THAN FORMER CUSTOMERS)[2] WHO**
**MAY HAVE CLAIMS AGAINST THE FOLLOWING DEBTOR ENTITY:**

| Debtor | Case No. |
|---|---|
| Griddy Energy LLC | Case No. 21-30923 (MI) |

**PLEASE TAKE NOTICE THAT:**

On March 15, 2021 (the "Petition Date"), Griddy Energy LLC, as debtor and debtor in possession in the above-captioned case (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [_____], 2021, the Court entered an order (the "Order")[3] establishing certain dates by which certain parties holding prepetition claims against the Debtor must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim"). **NO BAR DATE HAS BEEN SET YET FOR FORMER CUSTOMERS OF THE DEBTOR.**

Enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtor's schedules of assets and liabilities filed in this case (the "Schedules").

---

[1]     The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]     ~~There is~~ A separate ~~notice~~ bar date for former customers~~.~~ will be set by the Court and a separate notice will be sent to the Debtor's former customers.

[3]     Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**~~FORMER  CUSTOMERS  SHOULD  REFER  TO  THE  NOTICE  OF  BAR  DATE THAT IS SPECIFIC TO FORMER CUSTOMERS.~~**

## I.      THE BAR DATES.

The Order establishes the following bar dates for filing Proofs of Claim in the chapter 11 case (collectively, the "Bar Dates"):

a.      ***Claims Bar Date~~.~~ *for Non-Former Customers*.***  Except as expressly set forth in this Notice, all entities (except former customers of the Debtor, governmental units, and other entities exempt from filing Proof(s) of Claim under the Order) holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by **April 28, 2021 at 5:00 p.m. (prevailing Central Time)**.  Except as expressly set forth in this Notice and the Order, the Non-Former Customer Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.      ***Governmental Bar Date***.  All governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date are required to file proofs of claim by **September 11, 2021 at 5:00 p.m. (prevailing Central Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

c.      ***Former Customer Claims Bar Date***.  ~~Except as expressly set forth in this Notice, all former customers of the Debtor holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on March 15, 2021, are required to file Proofs of Claim by~~ **~~July 19, 2021 at 5:00 p.m. (prevailing Central Time)~~**.  ~~Except as expressly set forth in this Notice and the Order, the Former Customer Claims Bar Date applies to all types of claims against  the  Debtor  that  arose  prior  to  the  Petition  Date,  including  secured  claims,  unsecured~~

priority claims, and unsecured non-priority claims.  A separate notice is available for former customers and can be found at: https://cases.stretto.com/Griddy/customers. No bar date has been set yet for former customers of the Debtor.  Former customers will receive notice of the bar date applicable to former customers at a later date.

   d. ***Rejection Damages Bar Date***.  Unless otherwise ordered by the Court, all entities holding claims (other than entities that are exempt from filing Proof(s) of Claim by the Non-Former Customers Bar Date under the Order) against the Debtor arising from the rejection of executory contracts and unexpired leases of the Debtor, pursuant to section 365 of the Bankruptcy Code or claims otherwise related to such agreements, are required to file Proofs of Claim by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central time), on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtor.  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

   e. ***Amended Schedules Bar Date***.  If, subsequent to the date of this Notice, the Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor (other than a creditor that is exempt from filing a Proof of Claim under the Order) is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central time), on the date that is 21 days after the date that on which the Debtor mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court).  If the Debtor amends or supplements its Schedules after the Service Date, the Debtor proposes to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

## II. WHO MUST FILE A PROOF OF CLAIM

Except Except as to former customers of the Debtor and as otherwise set forth herein, the following entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Non-Customer Claims Bar Date, the Former Customer Claims Bar Date, Governmental Bar Date or any other Bar Date set forth in the Order, as applicable:

   a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in the chapter 11 case;

   b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.       any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Non-Former Customer Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided that* current employees of the Debtor are not required to file proofs of claim for any claim related to wages, commissions, or benefits;

d.       any former employees must submit Proofs of Claim for any claims (if any) related to unpaid wages, commissions, severance, benefits, or any other form of compensation; and

e.       any entity who holds a claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.       PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines., including for former customers of the Debtor.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claim:

a.       any entity that already has filed a signed Proof of Claim against the applicable Debtor with Stretto in a form substantially similar to Official Form 410;

b.       any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c.       any entity whose claim has previously been allowed by a final order of the Court;

d.       a current employee of the Debtor, for any claim related to wages, commissions or benefits; provided that a current employee must submit a Proof of Claim by the Non-Former Customer Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

e.       any current officer, manager, director or employee for claims based on indemnification, contribution or reimbursement;

f.       any entity holding a claim for which a separate deadline is fixed by this Court;

g.       any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; provided that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Non-Former Customer Claims Bar Date; or

h.       professionals engaged in the chapter 11 case by (i) the Debtor or (ii) any official committee(s) appointed in the chapter 11 case.

A separate bar date for former customers shall be set at a later date.  As a result, former customers do not need to file a Proof of Claim by April 28, 2021.

No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided*, *that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Order.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***.  Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (prevailing Central Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) ~~(a) with respect to entities that are not former customers,~~ conform substantially to the Proof of Claim form provided by the Debtor or Official Form 410 ~~and (b) with respect to former customers, conform substantially to the customer Proof of Claim form provided by the Debtor or found at https://cases.stretto.com/Griddy/customers~~; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.      ***Electronic Signatures Permitted***.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.      ***Supporting Documentation***.  In order to have *prima facie* validity each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

e.      ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:

(i)  by electronic submission through the interface available at https://cases.stretto.com/Griddy or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**If by Hand Delivery or Overnight Mail**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

      f.    ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.  If you file your Proof of Claim electronically in accordance with the Order, you will receive a confirmation email from ~~Stretto (cr-noreply@stretto.com).~~DocuSign (dse_na2@docusign.net) and the email subject will be "Completed: Griddy Customer Claim Form."

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

      Pursuant to the Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Order on or before the applicable Bar Date, please be advised that:

      a.    YOU WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS PROPERTY (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

      b.    YOU WILL BE FOREVER ENJOINED FROM ASSERTING CLAIMS FOR ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

      c.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

      d.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTOR ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against the Debtor in its Schedules.  The Schedules will be available free of charge on Stretto's website at https://cases.stretto.com/Griddy. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent" or "unliquidated," then you are not required to file a Proof of Claim in the chapter 11 case with respect to such claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the ~~Bar Date~~ Order.

## VIII.   ADDITIONAL INFORMATION.

Copies of the Debtor's Schedules, the Order, and certain other pleadings, orders, and notices, and other information regarding the chapter 11 case is available for inspection free of charge on the Debtor's website at https://cases.stretto.com/Griddy.  Filings in the chapter 11 case also are available for a fee at the Court's website at https://www.txs.uscourts.gov/bankruptcy.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.gov.  Documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtor's restructuring hotline at: (855) 478-2725 (toll free U.S.) or (949) 471-0997 (International).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Exhibit 4
**Former Customer Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**TO: ALL FORMER CUSTOMERS OF GRIDDY ENERGY LLC**

**NOTICE OF DEADLINES FOR FORMER CUSTOMERS OF GRIDDY ENERGY LLC**
**FOR THE FILING OF PROOFS OF CLAIM AGAINST GRIDDY ENERGY LLC**

**PLEASE TAKE NOTICE THAT:**

1.     ***Bankruptcy Filing***. On March 15, 2021, Griddy Energy LLC ("Griddy"), the debtor and debtor in possession in the above-captioned case, filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas (the "Court") and is seeking to liquidate in an orderly manner.

2.     ***Deadline for Filing Proofs of Claim***.  On [_____], 2021, the Court entered an order (the "Order") establishing a deadline for all former customers of Griddy to assert any claims they may have against Griddy arising from the period before March 15, 2021.

If you believe you have a claim or potential claim against Griddy that arose prior to March 15, 2021, no matter how remote or contingent such claim is, you must fill out a proof of claim form and either file it electronically or send it by mail to be received by July 19, 2021 at 5:00 p.m. (prevailing Central Time) as set forth in paragraph 4(d) below.

3.     ***Verification of Information***.

First, please log in to your Griddy account (www.griddy.com).  Click the tab on the left side that says "February 15-February 19."  The February 15-February 19 tab sets forth the following information (solely as it pertains to you):

a.     what Griddy believes is the total amount of your bills for electricity usage during the period from February 15, 2021 through February 19, 2021, and

---

[1]     The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

b.      what Griddy believes you paid to Griddy for electricity consumed during the period from February 15, 2021 through February 19, 2021.

If you have any questions about the amounts on the February 15-February 19 tab of the Griddy website, please email support@griddy.com or call (800) 993-6207.

Second, verify the information above on section 6 of your proof of claim form.

i.   If you agree with the amounts on the February 15-February 19 tab (after you log in at www.griddy.com (see paragraph 3(a) and 3(b) above)) *and believe you have a claim for the amount paid*, (a) on your proof of claim form, please fill in the exact amounts reflected in the February 15-February 19 tab, and (b) check the box certifying that you have not successfully disputed any such charges and you have not received a full or partial refund from your credit card company; or

ii.  If you agree with the amounts on the February 15-February 19 tab of www.griddy.com (after you log in at www.griddy.com (see paragraph 3(a) and 3(b) above)) *and believe you have a claim for the amount paid*, but you also have additional claims against Griddy, please assert such claims, including amounts and the basis for the claims, against Griddy by July 19, 2021 on the proof of claim form in accordance with paragraph 2 above; or

iii. If you disagree with the amounts on the February 15-February 19 tab of www.griddy.com (after you log in at www.griddy.com (see paragraph 3(a) and 3(b) above)) *and believe you have a claim for the amount paid and/or you also have additional claims against Griddy*, including because you successfully disputed the claim and received or will receive a full or partial refund, please assert such claims, including amounts and the basis for the claims, against Griddy by July 19, 2021 on the proof of claim form in accordance with paragraph 2 above.

4.      The following requirements shall apply with respect to filing and preparing each proof of claim:

a.  ***Contents***.  Each proof of claim must: (a) be legible; (b) include a claim amount, if any; (c) conform substantially with the proof of claim form provided to you through the unique identification number provided in the email referred to above; (d) include your email address; and (e) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink, and declare that the information contained in the claim is true and correct to the best of your knowledge, information and belief.

b.  ***Electronic Signatures Permitted***.  Proofs of claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of proofs of

~~claim, or poofs of claim sent by facsimile or electronic mail will not be accepted.~~

c. ~~***Supporting Documentation***.  In order to have initial validity each proof of claim must include supporting documentation, if any.  If, however, such documentation is voluminous such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.~~

d. ~~***Filing a Proof of Claim***.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:~~

~~(i)   by electronic submission through the interface available at https://cases.stretto.com/Griddy or~~

~~(ii)  if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:~~

~~**If by First-Class Mail:**~~
~~Griddy Energy LLC Claims Processing~~
~~c/o Stretto~~
~~410 Exchange, Suite 100~~
~~Irvine, CA 92602~~

~~**If by Hand Delivery or Overnight Mail**~~
~~Griddy Energy LLC Claims Processing~~
~~c/o Stretto~~
~~410 Exchange, Suite 100~~
~~Irvine, CA 92602~~

~~**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**~~

e. ~~***Receipt of Service***.  For those Claimants that file a Proof of Claim electronically in accordance with the Order, the Claimant will receive a confirmation email from Stretto (cr-noreply@stretto.com)~~

I. ~~**CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**~~

~~Pursuant to the Order and in accordance with the Bankruptcy Rules, if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Order on or before July 19, 2021, please be advised that, YOU MAY BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO).  HOWEVER, YOU DO NOT NEED TO FILE A CLAIM TO PARTICIPATE IN THE POTENTIAL CUSTOMER RELEASES UNDER GRIDDY'S PROPOSED CHAPTER 11 PLAN (AS AMENDED,~~

MODIFIED OR SUPPLEMENTED FROM TIME TO TIME), WHICH ARE SUBJECT TO COURT APPROVAL AND THE TERMS OF THE PLAN.

**II.      RESERVATION OF RIGHTS.**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Griddy's right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**III.     ADDITIONAL INFORMATION.**

Copies of Griddy's Schedules of Assets and Liabilities, the Order, and other pleadings, orders, and notices, and other information regarding the chapter 11 case are available for inspection free of charge on the Debtor's website at https://cases.stretto.com/Griddy.  Documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact Griddy's restructuring hotline at: (**855) 478-2725 (toll free U.S.) or (949) 471-0997 (International).**  If you have questions regarding submission of online claim forms or password retrieval, please contact Stretto at GriddyInquiries@stretto.com

**A HOLDER OF A POSSIBLE CLAIM AGAINST GRIDDY SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**The entirety of this notice is qualified by the Order, a copy of which can be found at** https://cases.stretto.com/Griddy [Docket No. ____].

**Exhibit 5**

Proposed Email to Former Customers

### Proposed Email to Former Customers

You are receiving this email because you are a former customer of Griddy Energy LLC. Please find below links to important documents concerning Griddy Energy LLC's last date to file claims in the bankruptcy case: *In re Griddy Energy LLC*, Case No. 21-30923, pending in the United States Bankruptcy Court for the Southern District of Texas.

- Notice of last date to file proofs of claim against Griddy Energy LLC (Docket No. [___]): **[URL – to be added]**

- Former Customer Proof of Claim Form: **[URL – to be added]**

The deadline for former customers to file proofs of claim is currently set for **July 19, 2021 at 5:00 p.m. (prevailing Central Time)**. Griddy Energy LLC has listed your claim on Schedules E/F, Part 2 as a **contingent, disputed and unliquidated general unsecured claim in an undetermined amount**. If you believe you have a claim against Griddy Energy LLC, you must timely file a proof of claim form or be forever barred from further recovery; provided that, you do not need to file a claim to participate in the potential customer releases under Griddy's proposed chapter 11 liquidating plan (as may be amended, modified or supplemented from time to time), which releases are subject to Bankruptcy Court approval and the terms of the chapter 11 liquidating plan.

You can file a proof of claim in **ONE** of the two ways (but NOT BOTH):

1) To file a proof of claim electronically, please visit **https://cases.stretto.com/Griddy/Customers**, then click on the orange "Electronic Claims Filing" button. You will need the following **unique password** (unique Claim ID#) to retrieve and submit your claim. You can upload all supporting documentation to the electronically-filed claim. You can upload all supporting documentation to the electronically-filed claim.

   "XXXXX"

2) You can also download this blank claim form (**[URL – to be added]**) and fill out a physical copy of the proof of claim. Upon completion of a proof of claim form (together with any supporting documentation you may have), please remit to the following address:

   **Griddy Energy LLC Claims Processing**
   **c/o Stretto**
   **410 Exchange, Suite 100**
   **Irvine, CA 92602**

Your completed claim form must be received by Stretto, Griddy Energy LLC's claims and noticing agent, by **July 19, 2021 at 5:00 p.m. (prevailing Central Time)**. If you have questions regarding submission of online claim forms or password retrieval, please contact Stretto at GriddyInquiries@stretto.com or (855) 478-2725.

**Exhibit 6**

**Proposed Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF DEADLINES <u>FOR NON-FORMER CUSTOMERS OF THE
DEBTOR FOR</u> THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

~~THE NON-CUSTOMER CLAIMS BAR DATE IS APRIL 28, 2021 at 5:00 p.m. (CT)~~
~~THE FORMER CUSTOMER CLAIMS BAR DATE IS JULY 19, 2021 at 5:00 p.m. (CT)~~
~~THE GOVERNMENTAL CLAIMS BAR DATE IS SEPTEMBER 11, 2021 at 5:00 p.m. (CT)~~

<u>THE NON-FORMER CUSTOMER CLAIMS BAR DATE IS APRIL 28, 2021 at 5:00 p.m. (CT)</u>
<u>THE GOVERNMENTAL CLAIMS BAR DATE IS SEPTEMBER 11, 2021 at 5:00 p.m. (CT)</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

   ***Deadlines for Filing Proofs of Claim <u>for All Entities Other than Former Customers of
the Debtor</u>***. On [_____], 2021, the United States Bankruptcy Court for the Southern District
of Texas (the "Court") entered an order (the "Order") establishing certain deadlines for the filing
of proofs of claim <u>by non-former customers of the Debtor</u>, including requests for payment under
section 503(b)(9) of the Bankruptcy Code, in the chapter 11 case of ~~the following debtor and debtor
in possession~~**Griddy Energy LLC** (the "Debtor~~"):~~<u>"), Case No. 21-30923 (MI).</u>

| ~~Debtor~~ | ~~Case No.~~ |
|---|---|
| ~~Griddy Energy LLC~~ | ~~Case No. 21-30923 (MI)~~ |

   ***The <u>Non-Former Customer</u> Bar Dates***. Pursuant to the Order, ***all*** entities (except <u>former
customers of the Debtor,</u> governmental units<u>,</u> and other entities exempt from filing Proof(s) of
Claim under the Order), including individuals, partnerships, estates, and trusts who have a claim
or potential claim against the Debtor that arose prior to **March 15, 2021**, no matter how remote or
contingent such right to payment or equitable remedy may be, ***including*** requests for payment
under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM **(a) as to all
entities *other than* former customers, on or before April 28, 2021 at 5:00 p.m. (CT) and ~~(b)
as to all former customers of the Debtor, on or before July 19, 2021 at 5:00 p.m. (CT)~~**

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor
is PO Box 1288, Greens Farms, CT 06838.

(collectively, the "Non-Former Customer Claims Bar Dates").  Governmental entities who have a claim or potential claim against the Debtor that arose prior to **March 15, 2021**, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or **September 11, 2021 at 5:00 p.m. (CT)** (the "Governmental Bar Date").  **NO BAR DATE HAS BEEN SET YET FOR FORMER CUSTOMERS OF THE DEBTOR.**

**EXCEPT FOR ~~A~~FORMER CUSTOMERS AND ANY OTHER PERSON OR ENTITY THAT IS EXEMPT FROM FILING A PROOF OF CLAIM UNDER THE ORDER, ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE APPLICABLE CLAIMS BAR DATE OR GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:  (i) by electronic submission through the interface available at https://cases.stretto.com/Griddy or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address: (a) **If by First-Class Mail:** Griddy Energy LLC Claims Processing c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602; and (b) **If by Hand Delivery or Overnight Mail** Griddy Energy LLC Claims Processing c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

*Contents of Proofs of Claim*.  Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (CT) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410 ~~except that former customers of the Debtor should use the form that can be found at https://cases.stretto.com/Griddy/customers~~; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

*Electronic Signatures Permitted*.  Proofs of claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

*Section 503(b)(9) Requests for Payment*.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the ~~applicable~~ Non-Former Customer Bar Date Notice, a proof of claim form, the Order, or certain other pleadings, orders, and notices, or related documents you may do so by: **(a) calling the Debtor's restructuring hotline at (855) 478-2725 (toll free U.S.) or (949) 471-0997 (International); (b) visiting the Debtor's restructuring website at: https://cases.stretto.com/Griddy; and/or (c) GriddyInquiries@stretto.com.**