UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC, | ) | Case No. 21-30923 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

**CLASS ACTION CREDITORS' LIMITED OBJECTION TO THE
DEBTOR'S EMERGENCY MOTIONS (DOCKETS 16 AND 17)**

Creditors Lisa Khoury and the proposed class action class in the above-captioned case ("Class Action Creditors") respectfully file the following limited objection to the Debtor's Emergency Motions Docket Numbers 16 and 17 ("Motions"):

**I. BACKGROUND**

1. Class Action Creditors are Debtor's former customers and have claims against the Debtor for charging excessive electricity prices during Winter Storm Uri. A proposed class action was first filed on February 22, 2021 and is believed to be the first and only such filed class action.

2. On March 15, 2021, the Debtor filed bankruptcy, designating the proceeding as a complex case. At the same time, Debtor filed seven emergency motions, including these two Motions. The next day, on March 16, 2021, the Court held its first hearing on the emergency motions. On March 19, 2021, the Court held a status conference to gauge progress on the Motions.

3. Since the Court's first hearing, Class Action Creditors have carefully reviewed the Debtor's proposal on notice and its procedures. Class Action Creditors and the Debtor have also worked collaboratively to determine the process and language that would provide the Debtor's former customers with timely and effective notice of their rights to file proofs of claim in a manner that is both efficient and aligns with due process.

4. While Class Action Creditors and the Debtor have not yet reached an agreement, Class Action Creditors are hopeful that an agreement will be reached within the coming week.

5. Class Action Creditors support the appointment of a Customer Committee and endorse the State's position on appointing a Committee. *See* Docket No. 84. Class Action Creditors suggest the Committee be initially formed with the currently identified, proposed class action plaintiffs that are represented by Mr. Derek H. Potts. Class Action Creditors believe that the Customer Committee's counsel should take part in deciding on and finalizing a bar date and noticing procedure to former customers and other issues.

6. Class Action Creditors and the Debtor have agreed on a proof of claim bar date for former customers to be set at 90 days after the Section 341 meeting of creditors.

7. Accordingly, Class Action Creditors file this limited objection to the Motions scheduled for hearing on March 29, 2021. Class Action Creditors seek: (1) more time to work with the Debtor to determine the bar date and notice procedures for former customers, and (2) adequate time for the Customer Committee's counsel to provide input on the bar date and notice process for former customers.

## II. LIMITED OBJECTION

8. Class Action Creditors and Debtor's former customers should receive meaningful notice that explains the notice's significance and their bankruptcy rights, affords them a reasonable amount of time and means to respond, and provides them with contact information for the Customer Committee, if appointed.

9. The Customer Committee's contact information should be included on information sent to former customers. Then, non-represented former customers may contact the Committee, ensuring that they can engage and be represented in the bankruptcy process.

10. The United States Supreme Court has recognized that "the bar date in a bankruptcy case should be prominently announced and accompanied by an explanation of its significance." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

11. Under due process, notice is required to be "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *Eagle Bus Mfg. v. Rogers*, 62 F.3d 730, 735 (5th Cir. 1995) (quoting *In re Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir. 1989)). Therefore, whether notice is adequate depends on the facts and circumstances of each case. *Id*.

12. Debtors' former customers are estimated to account for 57,000 creditors, making up the vast majority of creditors in this case. *See* Docket No. 71. These creditors deserve to receive proper notice and to be informed of their rights and given the opportunity to engage in the process.

13. Class Action Creditors understand the Debtor's desire to urgently resolve the bankruptcy, particularly given the limited $3 million estate, as stated by the Debtor. Nevertheless, due process should not be sacrificed for the Debtor's desire for speed. Class Action Creditors believe a compromise between expediency and due process can and should be reached.

14. Class Action Creditors request that the Court not rule on the Motions and allow the Class Action Creditors, the Debtor, and, if appointed, the Customer Committee's counsel, time to work together to finish developing a reasonable and appropriate strategy by which to notice the Debtor's former customers.

### III. PRAYER

Wherefore premise considered, the Class Action Creditors pray that the Court does not rule on the Debtor's Motions and instead, provides ample time for the Class Action Creditors to complete its discussions with the Debtor regarding former customers' notice and other issues. If a

Customer Committee is appointed, Class Action Creditors further ask that the Court give the Committee an opportunity to provide input regarding the notice procedures and other issues.

Dated: March 29, 2021                                             Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

/s/ *Derek H. Potts*
Derek H. Potts
Texas Bar No. 24073727 (*pro hac vice*)
J. Ryan Fowler
Southern District of Texas No. 24058357
Batami Baskin
Southern District of Texas No. 1457969
POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on March 29, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Derek H. Potts*
Derek H. Potts