**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC, | ) | Case No. 21-30923 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF SUBPOENA

Please take notice that pursuant to Federal Rule of Civil Procedure 45(a)(4), Creditor Lisa Khoury and the proposed class action class in the above-referenced case ("Class Action Creditors") intend to serve the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) attached as **Exhibit A** on the Electric Reliability Council of Texas ("ERCOT"). Service of the Subpoena will take place on April 1, 2021, or as soon as service may be effectuated. ERCOT is required to produce the documents requested pursuant to the Subpoena by May 3, 2021 at the offices of The Potts Law Firm, LLP, 3737 Buffalo Speedway, Suite 1900, Houston, Texas 77098, Attention: Derek H. Potts.

Dated: April 1, 2021

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

/s/ *Derek H. Potts*
Derek H. Potts
Texas Bar No. 24073727 (*pro hac vice*)
J. Ryan Fowler
Texas Bar No. 24058357
Southern District of Texas No. 1060803
Batami Baskin
Southern District of Texas No. 1457969
POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098

Tel: (713) 963-8881  
Email: dpotts@potts-law.com

**ATTORNEYS FOR CLASS ACTION CREDITORS**

## CERTIFICATE OF SERVICE

I certify that on April 1, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Derek H. Potts*
Derek H. Potts


EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Griddy Energy LLC
_____
Debtor

Case No.  21-30923

Chapter  11

_____
Plaintiff

v.

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Electric Reliability Council of Texas ("ERCOT")
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Potts Law Firm LLP<br>3737 Buffalo Speedway, Suite 1900<br>Houston, TX 77098 | DATE AND TIME<br>May 3, 2021 at 5:00pm |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|   |   |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4-1-21

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Lisa Khoury, et al._____, who issues or requests this subpoena, are:
Derek H. Potts, 3737 Buffalo Speedway, Suite 1900, Houston, TX 77098, 713-963-8881

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC, | ) | Case No. 21-30923 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## PURSUANT TO BANKRUPTCY RULE 2004

**To:** The Electric Reliability Council of Texas, by and through its counsel of record, Munsch Hardt Kopf & Harr, P.C., Attn: Kevin M. Lippman, 500 North Akard Street, Suite 3800, Dallas, Texas 75201, klippman@munsch.com

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules, Creditors Lisa Khoury and the proposed class action class ("Class Action Creditors") file and serve this Request for Production of Documents on the Electric Reliability Council of Texas ("ERCOT"). ERCOT is instructed to produce for inspection and copying the documents set forth in the attached as **Exhibit 1** by no later than May 3, 2021, at 5:00 p.m. at the offices of The Potts Law Firm, LLP, 3737 Buffalo Speedway, Suite 1900, Houston, Texas 77098, Attention: Derek H. Potts, (or at such other date and time as agreed to by the parties).

Dated: April 1, 2021                                          Respectfully submitted,

                                                    **THE POTTS LAW FIRM, LLP**

                                                    /s/ *Derek H. Potts*
                                                    Derek H. Potts
                                                    Texas Bar No. 24073727 (*pro hac vice*)
                                                    J. Ryan Fowler
                                                    Texas Bar No. 24058357
                                                    Southern District of Texas No. 1060803
                                                    Batami Baskin
                                                    Southern District of Texas No. 1457969

POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com

**ATTORNEYS FOR CLASS
ACTION CREDITORS**

## CERTIFICATE OF SERVICE

I certify that on April 1, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Derek H. Potts*
Derek H. Potts

## CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rule 2004-1, I certify that, on March 29, 2021, I, on Class Action Creditor's behalf, spoke with Kevin Lippman to confer regarding the relief requested.

/s/ *Derek H. Potts*
Derek H. Potts

## EXHIBIT 1

## INSTRUCTIONS

1. These document requests apply to all documents in your possession, custody or control regardless of their location, and regardless of whether such documents are held by your representatives, agents, attorneys, advisors, accountants, family members, or any other person. In searching for any documents responsive to these requests, you should also search all devices or media capable of containing electronic or magnetic data including, without limitation, hard drives of all computers used by any person with knowledge of the facts relevant to this dispute, network servers, back-up and archival storage systems, home computers, laptop computers, voice mail systems, floppy disks, removable data cartridges, and any cell phones.

2. If any copy of any document whose production is sought is not identical to any other copy thereof, by reason of any alterations, different form (*e.g.*, electronic form), metadata or metatags, marginal notes, comments, or other material contained thereon, attached thereto, or otherwise, all such non-identical copies shall be produced separately. Such other copies include, without limitation, all revisions in electronic or magnetic format.

3. **All Documents**. All documents produced must be branded and named with a unique, consistently formatted identifier with an alpha prefix along with a fixed length Bates number (e.g., ABC000001). This format must remain consistent across all production numbers. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted. Any document that contains essential color should be produced in color. "Essential color" is defined as color that is essential to the understanding of the document, such as the color in charts, maps, graphs, and photographs.

4.      **Hard Copy Documents**. For documents that only exist in hard copy and not electronic form, please produce those documents as Group IV compressed single-page TIFF or JPEG images named by Bates number. Provide standard LFP and OPT image load files with an image key containing the same image names/Bates numbers as the corresponding images. All TIFF/JPEG images must be branded and named with a unique, consistently formatted identifier with an alpha prefix along with a fixed length Bates number (e.g., ABC000001). The LFP and OPT load files should accurately reflect logical document breaks. OCR should be provided as document level text files with an LST load file or as a linked path in a delimited text file (a .DAT file).

5.      **Electronic Documents**. Please produce email, attachments, and loose native files as Group IV compressed single-page TIFF or JPEG images named by Bates number. Provide standard LFP and OPT image load files with an image key containing the same image names/Bates numbers as the corresponding images. All TIFF/JPEG images must be branded and named with a unique, consistently formatted identifier with an alpha prefix along with a fixed length Bates number (e.g., ABC0000001). Extracted text or OCR should be provided as document level text files with an LST load file or as a linked path in a delimited text file (a .DAT file).

6.      Additionally, Excel files, spreadsheets, database files, audio files, video files, AutoCAD drawings, or any non-printable or unsupported file types should be produced in their native format with a linked path in the .DAT file. A placeholder image with basic identifying information (File Name and Bates number) should be provided. If counsel requests native files of other specific documents, opposing counsel will comply as long as the request is not overly burdensome or frivolous.

7.      In the event the volume of loose natives becomes excessively large and thereby

exceedingly costly to process, counsel will notify opposing counsel and the parties will consider alternatives to a tiff/jpeg production.

8. **Production Media**. Please provide all production deliverables on external USB drives or via FTP link.

9. The Requests for Production specifically request electronically stored information and all meta-data associated with said electronically stored information.

10. In producing documents, all documents which are physically attached to each other in your files shall be left so attached. Documents shall be produced in the order they were maintained.

11. For each document you contend that you are entitled to withhold from production on the assertion of the attorney-client privilege, the attorney work product doctrine, or any other privilege from disclosure, you shall produce a privilege log and disclose the following with respect to each such document: (a) describe the nature of the document (e.g., letter, memorandum) and any attachments, exhibits or enclosures; (b) identify the title of the document; (c) identify any date appearing on the document; (d) identify (by name, address, and business affiliation) the author, sender, recipient as well as each person who at any time had in his or her possession the original or a copy of the document, and the present custodian of the document; (e) identify the general subject matter of the document; and (f) state with particularity the basis upon which you contend you are entitled to withhold the document from production.

14. If no responsive documents exist for a particular response, please so indicate by stating "none."

15. For each Request for Production, please identify the bates-labeled documents that are responsive.

16. If you object to a request, you should clearly indicate to which part or portion of the request the objection is directed and provide all documents to which objection is not made as if such part or portion were propounded as a separate request.

17. If additional documents responsive to one or more requests are created, discovered, or reviewed by you after the initial production of documents and prior to the resolution of the above-captioned action, you shall produce such documents promptly.

18. Creditors reserve the right to supplement, amend, and clarify these requests.

## DEFINITIONS

1. The terms "all," "each" and "any" shall be construed to mean all, each, every, and any.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The term "Class Action Creditors" means Creditors Lisa Khoury and the proposed class action class in the above-captioned case.

4. The term "Debtor" means Griddy Energy LLC, its affiliated entities, and/or any entities acting on its behalf and/or related to it, such as MQE LLC.

5. The term "Griddy" means Griddy Energy LLC and Griddy Holdings LLC.

6. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

7. The term "including" means including but not limited to.

8. The terms "regarding", "related to", "relate to", "relating to", "referred to", "refer to", and "referring to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

9. The term "You" or "Your" means Matheson, its affiliates, subsidiaries, officers, managers, employees, or agents, or any person or entity authorized to act on behalf of Matheson.

## LIST OF REQUESTED DOCUMENTS

1. All documents related to the monies billed/charged to Debtor from February 1, 2021 to the present. Please include information on the specific entity, dates, and amounts.

2. All documents related to the monies paid by/received from Debtor from February 1, 2021 to the present. Please include information on the specific entity, dates, and amounts.

3. All documents related to the monies owed by Debtor from February 1, 2021 to the present. Please include information on the specific entity, dates, and amounts.

4. All settlement invoices and accounting related to the Debtor from February 1, 2021 to the present. Please include information on the specific entity, dates, and amounts.

5. All documents showing the amounts and entities who were short-paid by Debtor from February 1, 2021 to the present. Please include information on the specific entity and dates.

6. All documents related to any Qualified Scheduling Entities (QSEs) or/and Congestion Revenue Right Account Holders (CRRAHs) affiliated with Debtor's account from February 1, 2021 to the present. Please include information on the specific entity, dates, and amounts.

7. All documents that detail when and where the monies paid by/received from Debtor, from February 1, 2021 to the present, including "the total amount paid out to market", were transferred to.

8. All contracts, agreements, and communications with Debtor and all other documents directly related to Debtor. Please include a copy of Debtor's market participant agreement and all notices sent in February and March 2021.

9. All documents, communications, and payments on behalf of or related to Debtor that involve Macquarie Energy LLC, Macquarie Investments US Inc., Griddy Holdings LLC, MQE LLC, or any other entity affiliated with Debtor.

10. All documents related to the monies and entities short-paid by Debtor and/or shorted to the market from February 1, 2021 to the present.

11. All documents related to the Qualified Scheduling Entities (QSEs) affiliated with Debtor, including Griddy Energy LLC 1 and MQE LLC.

12. All documents that detail Debtor's payment breach in February 2021. Please include information on the specific entity, dates, and amounts.

13. All documents that detail Debtor's February 16, 2021 request to switch Debtor's customers in a mass transition event and ERCOT's refusal of a mass transition at that time. Please include information on the specific entity, dates, and amounts.

14. All documents related to preparedness of the electricity grid for the 2020 to 2021 winter season and/or cold weather events.

15. All documents related to communication with Debtor about Winter Storm Uri and inclement weather.