# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) ) |
| Debtor. | ) ) ) |

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER BOTTS L.L.P. AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING, IF ANY, WILL BE CONDUCTED ON THIS MATTER ON APRIL 29, 2021 AT 9:00AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR "JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), files this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the retention and employment of Baker Botts L.L.P. ("Baker Botts") to serve as restructuring counsel to the Debtor effective as of March 15, 2021.  In support of this Application, the Debtor submits the Declaration of Robin Spigel, a partner at Baker Botts, attached hereto as Exhibit B (the "Spigel Declaration"), and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein.  The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Application if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The predicates for the relief requested in this Application are sections 327(a), 328(a), 330 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4. On March 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 31, 2021, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "Committee"). As of the date hereof, no trustee or examiner has been appointed in the Debtor's chapter 11 case.

6. Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21] (the "First Day Declaration").

## RELIEF REQUESTED

7. By this Application, the Debtor seeks to retain and employ Baker Botts as counsel to provide a broad array of services, pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014 and Bankruptcy Local Rule 2014-1 and the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330*, 28 CFR Part 58, Appendix A (the "Guidelines"). Pursuant to section 328(a) of the Bankruptcy Code, the Debtor further requests that the Court approve the retention of Baker Botts as its attorneys under a general retainer in accordance with Baker Botts' normal hourly rates in effect at the time services are rendered and normal reimbursement policies.

## BAKER BOTTS' QUALIFICATIONS

8. The Debtor selected Baker Botts because of its extensive restructuring, insolvency and bankruptcy experience, and its historical representation of the Debtor. In particular, Baker

3

Botts has served as the Debtor's regulatory and corporate counsel since December 4, 2020 and advised the Debtor during the unprecedented winter storm that occurred in Texas in mid-February and the extreme wholesale electricity prices that occurred at such time. Baker Botts also provided advice and assistance regarding the Debtor's restructuring and the preparation and commencement of this case. Accordingly, Baker Botts is well-qualified to serve as counsel to the Debtor in this chapter 11 case.

9.  The Debtor desires to retain Baker Botts as counsel to provide such legal services as are necessary and requested by the Debtor, including providing advice regarding bankruptcy, corporate, tax, employee benefits and litigation law relating to the Debtor's proposed liquidation.

10. Baker Botts has been involved in numerous bankruptcy cases, and has represented debtors, official committees, and creditors in many cases as lead counsel or co-counsel, including, without limitation: *In re Southland Royalty Company LLC*, Case No. 20-10158 (KBO) (Bankr. D. Del. Jan. 7, 2020); *In re Shale Support Group Holdings, LLC, et al.,* Case No. 19-33886 (DRJ) (Bankr. S.D.Tex. July 11, 2019); *In re Elk Petroleum, et al.*, Case No. 19-11157 (LSS) (Bankr. D. Del. May 22, 2019); *In re Bristow Group Inc., et al.,* Case No. 19-32713 (DRJ) (Bankr. S.D.Tex. May 11, 2019); *In re Cobalt International Energy, Inc., et al.,* Case No. 17-36709 (MI) (Bankr. S.D.Tex. Dec. 14, 2017); *In re GenOn Energy, Inc., et al.,* Case No. 17-33695 (DRJ) (Bankr. S.D.Tex. Jun. 14, 2017); *In re Global Geophysical Services, LLC*, *et al.,* Case No. 16-20306 (DRJ) (Bankr. S.D.Tex. Aug. 3, 2016); *In re Seventy Seven Finance Inc.*, *et al.,* Case No. 16-11409 (LSS) (Bankr. D. Del. Jun. 7, 2016); *In re NewGulf Resources, LLC*, *et al.,* Case No. 15-12566 (BLS) (Bankr. D. Del. Dec. 17, 2015); and *In re Hercules Offshore, Inc.*, *et al.,* Case No. 15-11685 (KJC)

(Bankr. D. Del. 2015).

## SERVICES TO BE PROVIDED

11. Subject to Court approval, the Debtor proposes to retain Baker Botts as its counsel in this chapter 11 case to provide the following services on behalf of the Debtor:

- advise the Debtor regarding its powers and duties as debtor and debtor in possession;

- prepare and file on the Debtor's behalf motions, applications, answers, proposed orders, reports and papers necessary to represent the Debtor's interests in the chapter 11 case;

- attend meetings and negotiate with representatives of creditors and other parties-in-interest;

- assist the Debtor with the preparation and filing of its Schedules of Assets and Liabilities and Statements of Financial Affairs;

- obtain Court approval for the retention of professionals as may be needed in the chapter 11 case;

- effectuate the assumption, assignment and rejection, as appropriate, of executory contracts and unexpired leases;

- negotiate a chapter 11 plan and seek confirmation of same;

- appear before the Court and any other courts to protect the interests of the Debtor and its estate;

- respond to inquiries and calls from creditors and counsel to interested parties regarding pending assigned matters; and

- perform other necessary legal services and advice to the Debtor in connection with the chapter 11 case.

12. Baker Botts has indicated a willingness to act on behalf of, and render such services to, the Debtor.

## PROFESSIONAL COMPENSATION

13. Subject to the Court's approval, and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Bankruptcy Local Rules and other

5

procedures that may be fixed by the Court, the Debtor requests that Baker Botts be compensated on an hourly basis and that Baker Botts receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtor in this case.

14. Baker Botts has informed the Debtor that, during the chapter 11 case, Baker Botts will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other orders of this Court for all services performed and expenses incurred as counsel to the Debtor.

15. Baker Botts' current standard hourly rates (without discount) are: $1,060 to $1,600 for partners; $1,015 to $ 1,355 for special counsel; $545 to $1,005 for associates; $390 to $620 for staff attorneys; and $350 to $390 for paralegals. Baker Botts has agreed to provide the Debtor a discount of 10% off of its standard rates.

16. The following professionals presently are expected to have primary responsibility for providing services to the Debtor, and its respective rates for this matter (which reflect a 10% discount to Baker Botts' standard rates) as of the Petition Date are set forth below:

    (a)    Robin Spigel (Partner, New York – Financial Restructuring), $1,105;

    (b)    David Eastlake (Partner, Houston – Financial Restructuring), $1,105;

    (c)    Jonathan Rubenstein (Partner, Dallas – Litigation), $960;

    (d)    John Lawrence (Partner, Dallas – Litigation), $980;

    (e)    Chris Newcomb (Special Counsel, New York – Financial Restructuring), $915;

    (f)    Jacob Herz (Senior Associate, New York – Financial Restructuring), $845; and

    (g)    Rory Fontenla (Paralegal, Dallas – Financial Restructuring), $350.

17. In addition, as necessary, other Baker Botts professionals and paraprofessionals will provide services to the Debtor during the course of the case.[2] The rate charged for each of the professionals and paraprofessionals is less than the individual's standard billing rate.

18. The Debtor believes that the compensation structure described above is consistent with or below the compensation generally charged by legal professionals of similar stature to Baker Botts for comparable engagements, both in and out of bankruptcy. Furthermore, the Debtor believes that the compensation structure is consistent with Baker Botts' normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided in the chapter 11 case. These rates and rate structure reflect that Baker Botts' work often involves great complexity, high stakes and severe time pressures. Baker Botts has informed the Debtor that it will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

19. The Debtor has been informed that Baker Botts sets its annual rates on an annual basis. These hourly rates are subject to periodic adjustment (typically on January 1st). Prior to applying any increase in its hourly rates beyond the rates set forth herein, it is the Debtor's understanding that Baker Botts will provide at least ten (10) days' notice of any such rate increases to the Debtor, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") and any statutory committee appointed in this case.

20. In addition to any fees payable by the Debtor's estate to Baker Botts, the Debtor

---

[2] Although Baker Botts does not anticipate using contract attorneys during the chapter 11 case, in the unlikely event that it becomes necessary to use contract attorneys, Baker Botts has informed the Debtor that it will not charge a markup to the Debtor with respect to fees billed by such attorneys. Moreover, any contract attorneys or nonattorneys who are employed by the Debtor in connection with the work performed by Baker Botts will be subject to a conflicts check and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

has agreed to reimburse Baker Botts for its reasonable and necessary engagement-related expenses, including, postage, overnight mail, courier delivery, overtime expenses, computer assisted legal research, photocopying, transportation, meals and lodging. The Debtor understands that it is Baker Botts' policy to charge its clients only the amount actually incurred by Baker Botts in connection with such items.

21. As set forth in the Spigel Declaration, prior to the Petition Date, Baker Botts received retainers and payments from the Debtor in connection with professional services performed or to be performed on behalf of the Debtor, including relating to the Debtor's potential restructuring and the commencement of this chapter 11 case, and for the reimbursement of reasonable and necessary expenses. In the event that the amount of the retainer exceeds the amount of any fees and expenses incurred prior to the Petition Date, Baker Botts has informed the Debtor that it will credit the difference to the Debtor in its first fee application.

## **BAKER BOTTS' DISINTERESTEDNESS**

22. Subject to Court approval, section 327(a) of the Bankruptcy Code permits a debtor to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. §327 (a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

    (A)    is not a creditor, an equity security holder, or an insider of the debtor;

    (B)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    (C)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

11 U.S.C. § 101(14).

23. Section 1107 of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

24. To the best of the Debtor's knowledge, and based upon the Spigel Declaration, Baker Botts does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which the firm is to be employed. Further, to the best of the Debtor's knowledge, and based upon the Spigel Declaration, Baker Botts does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Spigel Declaration.

25. Based on the Spigel Declaration, the Debtor believes that Baker Botts is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtor has been informed that Baker Botts will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Baker Botts will supplement its disclosure for the Court.

26. Baker Botts has advised the Debtor that, if Baker Botts' representation of the Debtor in connection with any matter in this case would result in it becoming adverse to a party in interest that gives rise to a professional conflict, Baker Botts would advise the Debtor to retain separate counsel to represent its interests with respect to such matter against such party.

27. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . ." 11 U.S.C. § 328(a). The Debtor may require Baker Botts to render extensive legal services, the cost

of which may not be estimable. Accordingly, it is necessary and essential for the Debtor, as debtor in possession, to employ Baker Botts as its attorneys under a general retainer to render the foregoing services.

28. The Debtor respectfully submits that it should be authorized to retain and employ Baker Botts in accordance with the terms and conditions set forth in this Application. The terms and conditions of the engagement were negotiated by the Debtor and Baker Botts at arm's-length and in good faith. Furthermore, the Debtor believes that the compensation set forth in this Application appropriately (a) reflects (i) the nature and scope of services to be provided by Baker Botts and (ii) the firm's significant experience as counsel in complex chapter 11 cases and (b) is commensurate with general marketplace rates for legal services. In light of the foregoing, the Debtor understands that the terms and conditions of Baker Botts' retention are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## **NOTICE**

29. Notice of this Application will be given to: (a) the U.S. Trustee; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) proposed counsel to the Committee when known; (e) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (f) the Public Utilities Commission of Texas; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule

2002. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Application need be given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: April 6, 2021                              */s/ Roop Bhullar*
                                                              Roop Bhullar
                                                              Chief Financial Officer