**EXHIBIT B**

**Declaration of Robin Spigel**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF ROBIN SPIGEL IN SUPPORT OF DEBTOR'S**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**RETENTION AND EMPLOYMENT OF BAKER BOTTS L.L.P. AS**
**COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Robin Spigel, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

1.     I am a partner of the law firm of Baker Botts L.L.P. ("Baker Botts"), which maintains offices for the practice of law at, among other places, 30 Rockefeller Plaza, New York, New York 10112.  I am a member in good standing of the Bar of the State of New York.  I have been admitted to the United States District Courts for the Southern and Eastern Districts of New York.  I am admitted *pro hac vice* to the United States Bankruptcy Court for the Southern District of Texas in the chapter 11 case [Docket No. 30].

2.     I submit this Declaration in connection with the application (the "Application") of the debtor and debtor in possession in the above-captioned case (the "Debtor") to retain and employ Baker Botts as counsel to the Debtor in its chapter 11 case, effective as of the Petition Date,[2] and to provide the disclosures required under section 329 of title 11 of the United States

---

[1]     The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

<u>**BAKER BOTTS' QUALIFICATIONS**</u>

3.      Baker Botts has been involved in numerous bankruptcy cases, and has represented debtors, official committees, and creditors in many cases as lead counsel or co-counsel, including, without limitation: *In re Southland Royalty Company LLC*, Case No. 20-10158 (KBO) (Bankr. D. Del. Jan. 7, 2020); *In re Shale Support Group Holdings, LLC, et al.* Case No. 19-33886 (DRJ) (Bankr. S.D.Tex. July 11, 2019); *In re Elk Petroleum, et al.*, Case No. 19-11157 (LSS) (Bankr. D. Del. May 22, 2019); *In re Bristow Group Inc., et al.* Case No. 19-32713 (DRJ) (Bankr. S.D.Tex. May 11, 2019); *In re Cobalt International Energy, Inc., et al.* Case No. 17-36709 (MI) (Bankr. S.D.Tex. Dec. 14, 2017); *In re GenOn Energy, Inc.*, *et al.* Case No. 17-33695 (DRJ) (Bankr. S.D.Tex. Jun. 14, 2017); *In re Global Geophysical Services, LLC*, *et al.* Case No. 16-20306 (DRJ) (Bankr. S.D.Tex. Aug. 3, 2016); *Seventy Seven Finance Inc.*, *et al.* Case No. 16-11409 (LSS) (Bankr. D. Del. Jun. 7, 2016); *In re NewGulf Resources, LLC*, *et al.* Case No. 15-12566 (BLS) (Bankr. D. Del. Dec. 17, 2015); and *Hercules Offshore, Inc.*, *et al.,* Case No. 15-11685 (KJC) (Bankr. D. Del. 2015).

4.      Further, Baker Botts has served as the Debtor's regulatory and corporate counsel since December 4, 2020 and advised the Debtor during the unprecedented winter storm that occurred in Texas in mid-February and the extreme wholesale electricity prices that occurred at such time.  Baker Botts also provided advice and assistance regarding the Debtor's restructuring and the preparation and commencement of this case.  Accordingly, Baker Botts is well-qualified to serve as counsel to the Debtor in this chapter 11 case.

## SERVICES TO BE PROVIDED

5.    As bankruptcy counsel to the Debtor, it is contemplated that Baker Botts will, without limitation, provide the following services on behalf of the Debtor:

- advise the Debtor regarding its powers and duties as debtor and debtor in possession;

- prepare and file on the Debtor's behalf motions, applications, answers, proposed orders, reports and papers necessary to represent the Debtor's interests in the chapter 11 case;

- attend meetings and negotiate with representatives of creditors and other parties-in-interest;

- assist the Debtor with the preparation and filing of its Schedules of Assets and Liabilities and Statements of Financial Affairs;

- obtain Court approval for the retention of professionals as may be needed in the chapter 11 case;

- effectuate the assumption, assignment and rejection, as appropriate, of executory contracts and unexpired leases;

- negotiate a chapter 11 plan and seek confirmation of same;

- appear before the Court and any other courts to protect the interests of the Debtor and its estate;

- respond to inquiries and calls from creditors and counsel to interested parties regarding pending assigned matters; and

- perform other necessary legal services and advice to the Debtor in connection with the chapter 11 case.

Baker Botts is willing to act on behalf of, and render such services to, the Debtor.

## PROFESSIONAL COMPENSATION

6.    Baker Botts is seeking to be retained by the Debtor as its restructuring counsel. During this chapter 11 case, Baker Botts will file applications for allowance of compensation and reimbursement of out-of-pocket expenses incurred on and after the Petition Date in connection with this chapter 11 case, subject to Court approval and in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330*, 28 CFR Part 58, Appendix A (the "Guidelines") and further orders of this Court.

7.     Baker Botts' current standard hourly rates (without discount) are: $1,060 to $1,600 for partners; $1,015 to $ 1,355 for special counsel; $545 to $1,005 for associates; $390 to $620 for staff attorneys; and $350 to $390 for paralegals.  Baker Botts has agreed to provide the Debtor a discount of 10% off of its standard rates.

8.     The following professionals presently are expected to have primary responsibility for providing services to the Debtor and its respective rates for this matter (which reflect a 10% discount to Baker Botts' standard rates) as of the Petition Date are set forth below:

(a)     Robin Spigel (Partner, New York – Financial Restructuring), $1,105;

(b)     David Eastlake (Partner, Houston – Financial Restructuring), $1,105;

(c)     Jonathan Rubenstein (Partner, Dallas – Litigation), $960;

(d)     John Lawrence (Partner, Dallas – Litigation), $980;

(e)     Chris Newcomb (Special Counsel, New York – Financial Restructuring), $915;

(f)     Jacob Herz (Senior Associate, New York – Financial Restructuring), $845; and

(g)     Rory Fontenla (Paralegal, Dallas – Financial Restructuring), $350.

9.     In addition, as necessary, other Baker Botts professionals and paraprofessionals will provide services to the Debtor during the course of the case.[3]  The rate charged for each of the

---

[3]     Although Baker Botts does not anticipate using contract attorneys during the chapter 11 case, in the unlikely event that it becomes necessary to use contract attorneys, Baker Botts will not charge a markup to the Debtor with respect to fees billed by such attorneys.  Moreover, any contract attorneys or nonattorneys who are

4

professionals and paraprofessionals is less than the individual's standard billing rate.

10.     The compensation structure described above is consistent with or below the compensation generally charged by legal professionals of similar stature to Baker Botts for comparable engagements, both in and out of bankruptcy.  Furthermore, the compensation structure is consistent with Baker Botts' normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided in the chapter 11 case. These rates and rate structure reflect that Baker Botts' work often involves great complexity, high stakes and severe time pressures.  Baker Botts will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

11.     Baker Botts' hourly rates are set at a level designed to fairly compensate Baker Botts for the work of its attorneys and paraprofessional and to cover fixed and routine overhead expenses.  Baker Botts sets its annual rates on an annual basis.  These hourly rates are subject to periodic adjustment (typically on January 1st).  Prior to applying any increase to its hourly rates beyond the rates set forth herein, Baker Botts will provide at least ten days' notice of any such rate increases to the Debtor, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") and any statutory committee appointed in this case.

12.     It is Baker Botts' policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Baker Botts' policy to charge its clients only the amount actually incurred by Baker Botts in connection with such items.

---

employed by the Debtor in connection with the work performed by Baker Botts will be subject to a conflicts check and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

Examples of such expenses include, postage, overnight mail, courier delivery, overtime expenses, computer assisted legal research, photocopying, transportation, meals and lodging.

### COMPENSATION RECEIVED FROM THE DEBTOR

13.     Baker Botts was first retained by the Debtor to advise it on non-bankruptcy matters in early December 2020.  In the 90-days prior the Petition Date, Baker Botts received, inclusive of retainers, payments in the amount of $1,000,000.   In addition, Baker Botts estimated that it received approximately $615,840 from the Debtor to advise the Debtor on strategic alternatives and preparing the chapter 11 case.

14.     A summary of the payments received by the Debtor within the 90-days prior to the Petition Date, including applicable retainers, are set in the table below.

| Invoice Date[4] | Invoiced Amount | Payment Amount | Date Received | Pre-Invoice Retainer Balance | Net Retainer Amount |
|---|---|---|---|---|---|
| 12/15/2020 | $80,000 | - | - | $80,000 | - |
| 2/18/2021 | - | $400,000 (retainer amount) | 2/18/2021 | - | $400,000 |
| 2/21/2021[5] | $10,000 | | | $400,000 | $390,000 |
| 2/25/2021 | - | $250,000 (retainer amount) | 2/26/2021 | $390,000 | $640,000 |
| 3/4/2021 | - | $250,000 (retainer amount) | 3/5/2021 | $640,000 | $890,000 |
| 3/10/2021 | $417,889.35 | - | - | $890,000 | $472,110.65 |
| 3/11/2021 | - | $100,000 (retainer amount) | 3/12/2021 | $472,110.65 | $572,110.65 |
| 3/15/2021[6] | $544,292 | - | - | $572,110.65 | $27,818.65 |
| **Total** | **$1,052,181.35** | **$1,000,000** | | | **$27,818.65** |

---

[4]    Prepetition, Baker Botts invoiced each separate matter to the Debtor.  Invoices issued on a particular date and amounts related thereto have been aggregated for purposes of this chart.

[5]    Stretto's initial retainer was paid by Baker Botts out of the retainer that had been furnished to Baker Botts by the Debtor and expensed to the Debtor.

[6]    Amounts were billed and applied against Baker Botts' retainer prior to the commencement of this chapter 11 case.

15.     Baker Botts believes that it applied its prepetition fees and expenses incurred against its retainer prior to the Petition Date.  However, if there remain any outstanding prepetition fees and expenses owed, it will apply the balance of the retainer to any such amounts and include a disclosure in its first monthly fee statement.  In the event that the amount of the retainer exceeds the amount of any fees and expenses incurred prior to the Petition Date, Baker Botts will credit the difference to the Debtor in its first fee application.  In the event that the amount of the retainer is less than the amount of any fees and expenses incurred prior to the Petition Date, Baker Botts will waive any claim relating to any amounts not covered by the retainer upon entry of a final order approving Baker Botts' retention.

16.     Pursuant to Bankruptcy Rule 2016(b) and section 504 of the Bankruptcy Code, Baker Botts has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates and contract attorneys associated with Baker Botts or (b) any compensation another person or party has received or may receive.

**BAKER BOTTS' DISINTERESTEDNESS**

17.     Baker Botts maintains a sophisticated computer database of all matters in which Baker Botts is involved for the specific purpose of ensuring that it does not engage in activities prohibited by applicable rules of professional responsibility and to assist it in identifying potential conflicts of interest.   Additionally, Baker Botts regularly communicates to its attorney's information with respect to new matters undertaken by Baker Botts.  This practice assists Baker Botts in its ongoing efforts to avoid conflicts of interest in the representations it accepts.

18.     In connection with its proposed retention by the Debtor in the chapter 11 case, the Debtor or its professionals, identified a list of potential parties in interest, which is attached hereto as Schedule 1 (the "Potential Parties in Interest List").

19.     Baker Botts searched its electronic database[7] for its connections to the persons and entities listed on the Potential Parties in Interest to determine whether it had any conflicts or other relationships with these persons or entities that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor.  In addition, an email was sent to all Baker Botts' attorneys worldwide requesting disclosure of information regarding (a) any known personal connection between the respondent and/or Baker Botts, on the one hand, and the Debtor or the persons or entities on the Potential Parties in Interest List, on the other hand;[8] (b) any known connections or representation by the respondent and/or Baker Botts of any of the persons or entities on the Potential Parties in Interest List in matters relating the Debtor; and (c) any other conflict or reason why Baker Botts may be unable to represent the Debtor.  To the extent that I have been able to ascertain that Baker Botts has been retained within the last three years to represent any of the Potential Parties in Interest in matters unrelated to the case, such facts are disclosed in Schedule 2.

---

[7]     In searching Baker Botts' electronic database, some of the companies whose names were used may have had multiple affiliates for which Baker Botts may have done unrelated work.  Baker Botts conducted a separate search for the parents of such companies, but did not separately search other affiliated companies.  However, Baker Botts' database is organized in such a way that it should be alerted to pertinent information regarding a related name.  Moreover, in some instances, Baker Botts' search revealed that the name Baker Botts was checking (a) is an interested party in an unrelated matter in which Baker Botts represents or represented another party (*e.g.*, a defendant or co-defendant in unrelated litigation) or (b) was connected to a file(s) that had been closed for years.  Baker Botts' inclusion, if any, of parties in Schedule 2 would be solely to illustrate Baker Botts' conflict search process and is not an admission that any party has a valid claim against the Debtor or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtor of the nature described in the schedules.

[8]     In reviewing its records and the relationships of its attorneys, Baker Botts did not seek information as to whether any Baker Botts attorney or member of his/her/their immediate family: (a) indirectly owns, through a public mutual fund, securities of any party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would impact Baker Botts' disinterestedness or otherwise give rise to a finding that Baker Botts holds or represents an interest adverse to the Debtor's estate.

20.     Based on the conflicts search, to the best of my knowledge, neither I, Baker Botts, nor any partner, counsel or associate of Baker Botts, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any other parties in interest, or its respective professionals, except as disclosed or otherwise described herein.  To the best of my knowledge, (a) Baker Botts is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Baker Botts has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in this Declaration.

21.     Generally, it is Baker Botts' policy to disclose clients in the capacity that they first appear in a conflicts search.  For example, if a client already has been disclosed in this Declaration in one capacity (*e.g.*, a landlord), and the client appears in a subsequent conflicts search in a different capacity (*e.g.*, a vendor), Baker Botts does not disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

22.     Baker Botts is a large law firm with hundreds of attorneys.  Consequently, Baker Botts may have "connections" with many of the attorneys and other professionals involved in the chapter 11 case.  Baker Botts may have referred matters to professionals involved in the chapter 11 case and it may have been referred matters by such parties.  Baker Botts may represent or have, from time to time, represented one or more of the professionals involved in the chapter 11 case.

23.     Certain insurance companies pay the legal bills of Baker Botts clients.  Some of these insurance companies may be involved in this chapter 11 case.  None of these insurance companies, however, are Baker Botts clients as a result of the fact that they pay legal fees on behalf of Baker Botts clients.

24.     Because of its broad-based general practice, Baker Botts (a) has appeared in the past and may appear in the future in cases unrelated to this case where one or more persons or entities listed on the Potential Parties in Interest List may be involved; and (b) has represented in the past, currently represented and/or may represent in the future one or more of such parties or other potentially interested parties or creditors in matters unrelated to the Debtor and this case.

25.     Certain Baker Botts' partners and other Baker Botts' lawyers may have familial or person relationship and/or business, contractual or economic relationships, with affiliates, officers, directors, creditors or competitors of the Debtor and/or other persons or entities listed on the Potential Parties in Interest List.  I do not believe these familial or personal relationships, if any, considered separately or collectively, would be material.

26.     Certain Baker Botts' partners and other Baker Botts' lawyers and certain of such persons' relatives may directly or indirectly be shareholders of creditors of the Debtor, competitors of the Debtor and/or other persons or entities listed on the Parties in Interest List in this case.  Based on the information provided to me, I believe any such holdings are insignificant and, insofar as I have been able to ascertain, none of these shareholders controls or has any influence on such creditor or party in interest.  I do not believe these shareholders' interests, considered separately or collectively, would be material.

27.     For the avoidance of doubt, Baker Botts will not commence a cause of action in the chapter 11 case against parties identified as a current client on Schedule 2 (including parties listed below under the "Specific Disclosures" section of this Declaration) unless Baker Botts has an applicable waiver on file or first receives a waiver from such party allowing Baker Botts to commence such an action.  To the extent that a waiver does not exist or is not obtained from such

client and it is necessary for the Debtor to commence an action against that client, the Debtor will be represented in such particular matter by conflicts counsel.

28.     Baker Botts will periodically review its files during the pendency of the chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Baker Botts will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### SPECIFIC DISCLOSURES

29.     As specifically set forth below and in the attached Schedule 2, Baker Botts represents certain of the Debtor's creditors or other parties in interest in ongoing matters unrelated to the Debtor and the chapter 11 case.  None of the representations described herein are adverse to the interests of the Debtor's estate or impact Baker Botts' disinterestedness under section 327(a) of the Bankruptcy Code.  Moreover, pursuant to section 327(c) of the Bankruptcy Code, Baker Botts is not disqualified from acting as the Debtor's counsel merely because it represents certain of the Debtor's creditors, equity security holders or other parties in interest in matters unrelated to the chapter 11 case.

30.     CenterPoint Energy, Inc and certain of its affiliates (collectively, "CenterPoint") are current clients of Baker Botts on matters unrelated to the Debtor.  Baker Botts has not represented and does not represent CenterPoint on any matter related to the Debtor.

31.     Macquarie Energy LLC and certain of its affiliates (collectively, "Macquarie") are current clients of Baker Botts on matters unrelated to the Debtor.  Baker Botts has not represented and does not represent Macquarie on any matter related to the Debtor.

32.     Oncor Electric Delivery Company LLC ("Oncor") and its parent Sempra Energy and certain of its affiliates (collectively, "Sempra") are current clients of Baker Botts on matters unrelated to the Debtor.  Baker Botts has not represented and does not represent, Oncor or Sempra with respect to any matters related to the Debtor.

33.     Certain parties in interest in the chapter 11 case, including the Public Utility Commission of Texas, the Texas Comptroller of Public Accounts and the Office of the Attorney General of Texas, are agencies of the State of Texas.  Baker Botts represents a number of agencies of and organizations affiliated with the State of Texas on matters unrelated to the Debtor.

34.     A partner at Baker Botts is married to an Assistant Attorney General who represents the Office of the Attorney General of the State of Texas in this chapter 11 case.  Out of an abundance of caution, an ethical wall has been set up to ensure that such partner will not have access to any non-public information related to the Debtor and such partner will not provide services to the Debtor.

35.     Baker Botts has in the past represented The Electric Reliability Council of Texas.  The last such engagement ended in 2018 and all matters were unrelated to the Debtor.

36.     At least one Baker Botts' partner was a former customer of the Debtor.  I understand that such person does not owe the Debtor any money nor have a claim against the Debtor.

37.     On December 4, 2020, the Debtor was involved in a business combination transaction.  Baker Botts previously represented one of the entities involved in such business combination transaction and, prior to such transaction, represented such entity in various corporate matters unrelated to the Debtor.  Following such transaction, Baker Botts began representing the Debtor and currently represents certain of the Debtors' non-Debtor affiliates as set forth on Schedule 2.

12

38.     Baker Botts previously represented Michael Fallquist, Christian McArthur and Roop Bhullar in matters unrelated to this case.

39.     In addition, Baker Botts has reviewed the relationship that it has with Kenneth M. Epstein, the U.S. Trustee and those persons employed in the Office of the U.S. Trustee, and I do not believe that Baker Botts has any material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee

40.     Baker Botts believes that none of the connections listed herein or on <u>Schedule 2</u> disqualify it from representing the Debtor in this chapter 11 case.  As may be necessary or appropriate, the Debtor may be represented by conflicts counsel in any matters directly adverse to any of its current clients.

By reason of the foregoing, I believe that Baker Botts is eligible for employment and retention by the Debtor pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Bankruptcy Local Rules.

Dated:  April 6, 2021                                    Respectfully submitted,

_    /s/ Robin Spigel_            
Name: Robin Spigel
Title: Partner, Baker Botts L.L.P.

## SCHEDULE 1

**Potential Parties in Interest**

**Debtor**
Griddy Energy LLC

**5% or More Direct Equity Holders**
Griddy Holdings LLC

**Affiliates and/or Indirect Equity Holders**
Beachside New Utility Holdings LLC
EDF Trading North America LLC
Elliot New Utility Holdings LLC
Grid Investments Inc.
Griddy 6 Holdings LLC
Griddy VI Holdings LLC
Griddy VI Intermediate Holdings LLC
Griddy VI Series A Holdings LLC
Griddy Pro LLC
Griddy Technologies LLC
Janson New Utility Holdings LLC
Niab Holdings Pty Limited
SRA Investments Pty Limited

**Bankruptcy Judges**
The Honorable Marvin Isgur
The Honorable David R. Jones
The Honorable Christopher M. Lopez
The Honorable Jeffrey P. Norman
The Honorable Eduardo V. Rodriguez

**Banks/Lenders/LOCs/Administrative Agents**
Macquarie Investments US Inc.
Macquarie Energy LLC
JPMorgan Chase Bank, N.A.

**Contract Counter-Parties**
AEP Texas Inc. d/b/a AEP Texas
Bevan, Mosca & Giuditta, P.C.
Bill.com
CCH Incorporated
CenterPoint Energy Houston Electric, LLC
Crestline Solutions, LLC
CT Corporation Staffing, Inc.
EDF Trading North America, LLC

Electric Reliability Council of Texas (ERCOT)
Energy Services Group, LLC
Griddy Holdings LLC
Griddy Technologies LLC
Iterable, Inc.
JPMorgan Chase Bank, N.A.
Macquarie Energy LLC
Meridian Business Centers - Southwest Partners, LP
PSA Consulting, LLC
Oncor Electric Delivery Company LLC
S4S, LLC
Scottsdale Insurance Company
Stevens & Lee Lawyers & Consultants
Stripe, Inc.
Texas-New Mexico Power Company
William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969

**Director of Parent Company/Officer - Current**
Paul Aronzon
Nick Bain
Roop Bhullar
Gregory L. Craig
Michael Fallquist
Christian McArthur

**Director of Parent Company/Officer – Former**
Eduardo Brasao da Fonseca
Davis Cass

**Governmental/Regulatory Agencies**
Electric Reliability Council of Texas (ERCOT)
Federal Energy Regulatory Commission (FERC)
Public Utility Commission of Texas (PUCT)
U.S. Energy Information Administration (EIA)

1

**Insurance Providers and Related Parties**
Aon Risk Services Central Inc.
Aon Risk Services Southwest Inc.
AXIS Insurance Company
Chubb Group of Insurance Companies
ERisk Services, LLC
Hartford Fire Insurance Company
Lockton Companies, LLC - Los Angeles
Scottsdale Insurance Company
The Hartford
Trumbull Insurance Company

**Landlords**
Hartman SPE LLC
Meridian Business Centers-Southwest
        Partners, LP
William L Gault, Trustee of the Howard W.
        Gault Trust U/A dated January 27,
        1969

**Key Vendors**
AEP Texas Central Company
Alex Liu
Amazon Web Services
AON Risk Services
Facebook
Kellerhals Ferguson Kroblin PLLC
Scott PLLC
TriNet HR III, Inc.
Within, LLP

**Parties Relating to Known Litigation
Matters Involving the Debtor-Litigation**
Charles Huppert
Lisa Khoury, et al.
Texas Office of the Attorney General
        Consumer Protection Division
The State of Texas
Thomas Ramer Clark

**Counsel to Parties Relating to Known
Litigation Matters Involving the Debtor-
Litigation**
Burnett Law Firm
Potts Law Firm
Tow & Koenig PLLC

**Ordinary Course Professionals**
Amy Stewart PC
Miguel A. Huerta, PLLC
Sitrick Group, LLC
Windes, Inc.

**Professionals**
Baker Botts L.L.P.
Bankruptcy Management Solutions, Inc.
(d/b/a Stretto)

**Taxing Authorities**
Department of Treasury - Internal Revenue
Service
Texas Comptroller of Public Accounts

**Top 30 Creditors**
AEP Texas Inc.
Alpha Employment Solutions
CCH Incorporated
CenterPoint Energy, Inc.
Energy Services Group
ERCOT
FloQast, Inc.
Hartman Income REIT Management
Lisa Khoury, et al.
Oncor Electric Delivery Company LLC
Public Utility Commission of Texas
Investigations
RLI Insurance
S4S, LLC
Star Energy Partners
Stripe, Inc.
Texas Comptroller of Public Accounts
Texas Office of the Attorney General
Consumer Protection Division
Texas-New Mexico Power Company
The State of Texas
William Gault, Trustee of the Howard Gault
Trust

**U.S. Trustee's Office**
Kenneth M. Epstein
Millie Sall
Alicia Barcomb
Jacqueline Boykin
Michael J. Bujold
Luci Johnson-Davis
Hector Duran
Barbara Griffin
Luci Johnson-Davis
Linda Motton
Ha Nguyen
Glenn Otto
Jayson B. Ruff
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Clarissa Waxton
Jana Whitworth

**Utility Providers**
Optimum

**Parties that have filed a notice of
appearance in the case and are not listed
in another category**[1]
Bernice William
Harris County, Texas
Luminant Energy Company LLC

---

[1] As of April 1, 2021.

**<u>SCHEDULE 2</u>**

**SCHEDULE OF PARTIES IN INTEREST (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST THREE YEARS**

| Party | Role/Interest in Chapter 11 Case | Relationship to Baker Botts |
|---|---|---|
| AEP Texas Inc. | Key Vendor/Contract Counter-Parties/Top 30 Creditors | Affiliate of Current Client |
| Amazon Web Services | Key Vendors | Current Client |
| CenterPoint Energy Houston Electric, LLC | Contract Counter-Parties | Current Client |
| CenterPoint Energy, Inc | Top 30 Creditors | Current Client |
| Christian McArthur | Director of Parent Company/Officer – Current Indirect Equity Holder | Former Client |
| EDF Trading North America LLC | Indirect Equity Holder | Affiliate of Current Client |
| The Electric Reliability Council of Texas (ERCOT) | Contract Counter-Parties | Former Client |
| Facebook | Key Vendors | Current Client |
| Griddy Holdings LLC | Affiliate | Current Client |
| Griddy VI Holdings LLC | Affiliate | Current Client |
| Hartford Casualty Insurance Company | Contract Counter-Parties | Affiliate of Current Client |
| Hartford Fire Insurance Company | Insurance Providers and Related Parties | Affiliate of Current Client |
| JPMorgan Chase Bank, N.A. | Banks/Lenders/LOCs/Administrative Agents | Current Client |
| Macquarie Bank Limited | Contract Counter-Parties | Current Client |
| Macquarie Energy LLC | Banks/Lenders/LOCs/Administrative Agents | Current Client |
| Michael Fallquist | Director of Parent Company/Officer – Current Indirect Equity Holder | Former Client |
| Office of the Attorney General of the State of Texas | Parties Relating to Known Litigation Matters Involving the Debtor-Litigation | Agencies of the State of Texas are Current Clients |
| Oncor Electric Delivery Company LLC | Top 20 Creditors | Current Client |
| Public Utility Commission of Texas | Top 20 Creditors Governmental/Regulatory Agencies | Agencies of the State of Texas are Current Clients |

| Party | Role/Interest in Chapter 11 Case | Relationship to Baker Botts |
|---|---|---|
| Roop Bhullar | Director of Parent Company/Officer – Current Indirect Equity Holder | Former Client |
| Southwest Partners LP | Contract Counter-Parties | Current Client |
| Texas Comptroller of Public Accounts | Top 20 Creditors | Agencies of the State of Texas are Current Clients |
| TriNet HR III, Inc. | Key Vendors | Affiliate of Current Client |
| The State of Texas | Parties Relating to Known Litigation Matters Involving the Debtor-Litigation | Agencies of the State of Texas are Current Clients |