**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) ) | **Relates to Docket No. 9** |

**ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS, AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS RELATED TO SUCH OBLIGATIONS**

Upon the motion (the "Motion") of the debtor and debtor in possession in the above-captioned case (the "Debtor") for an order under sections 105, 363, 506(a), 507(a)(8) and 541, of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Local Rule 9013-1(i), and the Complex Case Procedures, (i) authorizing but not directing the Debtor to remit and pay certain prepetition taxes, fees and related obligations (the "Taxes") that the Debtor in its discretion deems necessary to various federal, state, county, and city authorities (the "Taxing Authorities") and (ii) authorizing financial institutions to honor all checks and electronic payment requests authorized under the Motion to the extent the Debtor has sufficient funds on deposit or otherwise available therefore; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

the relief requested in the Motion is in the best interests of the Debtor, the estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and upon the record herein; and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is hereby authorized, but not directed, to pay all prepetition Taxes owing to the Taxing Authorities, including those listed on Exhibit B to the Motion, in the ordinary course of its business, without regard to whether such obligations accrued or arose before or after the Petition Date, in each case, solely to the extent that such Taxes become payable in accordance with applicable law *provided that* the Debtor may not pay more than $150,000 in the aggregate on account of prepetition Taxes without the written consent of the Committee, not to be unreasonably withheld, *provided further that* the Debtor may seek relief from the Court in the event that the Committee does not promptly provide its consent. To the extent that the Debtor has overpaid any Taxes, the Debtor is authorized to seek a refund or credit.

2. The Debtor is authorized, but not directed, subject to the consent of the Committee or further order of the Court, to settle some or all of the prepetition claims of the Taxing Authorities, including those listed on Exhibit B to the Motion, for less than their face amount without further notice or hearing.

3. The Debtor shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment as described in the Motion. The Debtor shall provide a copy of any such matrix/schedule to the U.S. Trustee and any statutory committee appointed in the chapter 11 case every thirty (30) days beginning upon entry of this Order.

4. All applicable banks and other financial institutions are authorized to rely on the Debtor's direction to pay amounts in accordance with this Order provided that there are sufficient good funds standing to the Debtor's credit in the applicable accounts to make the payments and all applicable banks shall not have any liability to any party for relying on the Debtor's direction.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Taxing Authority.

6. Nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity, priority, or amount of any Taxes allegedly due or owing to any Taxing Authorities, and all of the Debtor's rights with respect thereto are hereby reserved.

7. The relief granted herein is without prejudice to the Debtor's ability to request further relief related to the Taxes.

8. The requirements set forth in Bankruptcy Local Rule 9013-1(b) and (i) are satisfied by the contents of the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

12. The Court retains exclusive jurisdiction with respect to all matters arising or related to the implementation, interpretation, and enforcement of this Order.

Dated: April __, 2021
       Houston, Texas

                                              Marvin Isgur
                                  United States Bankruptcy Judge