**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | **Related Docket No. 12** |
| | ) | |

**FINAL ORDER (I) AUTHORIZING
THE DEBTOR TO (A) CONTINUE OPERATING
ITS CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS, (C) MAINTAIN EXISTING BANK
ACCOUNTS AND BUSINESS FORMS, AND (D) CONTINUE CERTAIN
INTERCOMPANY TRANSACTIONS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above captioned case (the "Debtor") for interim and final orders under sections 105(a), 345, 363, 364 and 503 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Local Rule 9013-1(i), and the Complex Case Procedures: (a) authorizing, but not directing, the Debtor to continue using its existing cash management system, bank accounts and business forms and to pay related prepetition obligations; (b) authorizing the continuance of intercompany transactions and granting administrative expense status to postpetition intercompany claims between the Debtor and any non-Debtor affiliate pursuant to section 503(b)(1) of the Bankruptcy Code; and (c) granting related relief; and the Court finding that it has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334; and the Court finding that the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

the Motion; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing was adequate and appropriate under the circumstances and no other notice need be provided; and the Court finding that the relief requested by the Motion is in the best interests of the Debtor and its estate, creditors, and stakeholders and other parties in interest; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before the Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion, in the First Day Declaration and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and the record herein; and after due deliberation and good and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to continue using its existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this final order (this "Final Order"). In connection with the ongoing use of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly. The Debtor shall promptly make such records available to the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee upon request.

2. The Debtor is authorized to: (a) designate, maintain and continue to use any and all of its respective Bank Accounts in existence as of the Petition Date, with the same account

numbers, styles, and document forms as are currently employed, including but not limited to the accounts identified in Exhibit C to the Motion; (b) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts; (c) pay ordinary course bank fees in connection with the Bank Accounts, including any fees arising prior to the Petition Date; (d) perform its obligations under the documents and agreements governing the Bank Accounts; and (e) treat the Bank Accounts for all purposes as accounts of the Debtor in its capacity as debtor in possession.

3.  The Debtor is authorized to continue to use its Business Forms; *provided*, however, no later than ten (10) days after entry of this Final Order, all Business Forms in the Debtor's control will be updated to include the "Debtor in Possession" or "DIP" notation and its chapter 11 case number; provided, further that, if after using commercially reasonable efforts bill.com, a third-party service provider of the Debtor, is unable to add a "Debtor in Possession" or "DIP" and case number notation on payments made on behalf of the Debtor, the Debtor is excused from including such notations on payments made by such third-party service provider only.

4.  Subject to the terms of this Final Order, Chase Bank is authorized, without further order, to continue to administer, service and maintain the Bank Accounts as such accounts were administered, serviced and maintained prepetition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic fund transfers (excluding any electronic fund transfers that the Bank is

obligated to settle) or other items presented, issued or drawn on the Bank Accounts prior to the Petition Date shall be honored.

5. Chase Bank shall implement reasonable handling procedures designed to effectuate the terms of this Order. No Bank that implements such handling procedures and then honors a prepetition check, wire transfer, ACH transfer, electronic fund transfer, or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtor; (b) in the good-faith belief that the Court has authorized such prepetition check, wire transfer, ACH transfer, electronic fund transfer, or other item to be honored; or (c) as a result of a good-faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtor or its estate or otherwise in violation of this Order.

6. Subject to the provisions of this Final Order, Chase Bank is authorized and directed to honor all representations from the Debtor as to which checks, wire transfers, ACH transfers, electronic funds transfers or other items should be honored or dishonored.

7. The Debtor is authorized to implement such reasonable changes to the Cash Management System as the Debtor may deem necessary or appropriate, including, without limitation, closing any of the Bank Accounts or opening any new accounts following the Petition Date, whenever the Debtor deems that such accounts are needed or appropriate, _provided_ the banks in which the accounts are opened are designated authorized depositories by the U.S. Trustee in the Southern District of Texas. Any such bank shall be designated a "Debtor in Possession" account by the relevant bank and must agrees to be bound by the terms of this Final Order. Any new accounts are deemed to be Bank Accounts and are similarly subject to the rights, obligations and relief granted in this Final Order. The Debtor shall provide the U.S. Trustee and the Committee with prompt notice of material changes to the Cash Management

System and procedures and of any new accounts that are opened, or Bank Accounts that are closed, by including such information on the Debtor's monthly operating reports.

8.      The Debtor is authorized, but subject to the consent of the Committee or further order of this Court, to continue to engage in Intercompany Transactions as it deems appropriate to execute the Cash Management System and manage the day-to-day operation of its business, and the Debtor shall continue to maintain records with respect to all transfers of cash (including pursuant to such transactions) so that all Intercompany Transactions may be readily ascertained, traced and recorded properly on applicable intercompany accounts.  The Debtor shall promptly make such records available to the Committee and the U.S. Trustee upon request.

9.      All claims arising from Intercompany Transactions against a Debtor by a non-Debtor affiliate arising after the Petition Date shall be afforded priority administrative claim status under section 503(b)(1) of the Bankruptcy Code.

10.     To the extent any of the Debtor's Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, the Debtor shall have until April 16, 2021, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code; provided that nothing herein shall prevent the Debtor or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtor may obtain a further extension of the period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

11.     The Banks shall not honor any request by a non-Debtor to sweep funds from the Bank Accounts, absent further order of this Court.

12. All Bank Account Claims arising after the Petition Date shall be afforded priority administrative claim status under section 503(b)(1) of the Bankruptcy Code.

13. Within three (3) business days of the entry of this Final Order, the Debtor shall serve a copy of the Interim Order upon (a) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (b) the Office of the Attorney General of the State of Texas; (c) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (d) the Public Utilities Commission of Texas; (e) the Internal Revenue Service; (f) Chase Bank; (g) counsel to the Committee; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

14. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

15. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

16. The Court retains exclusive jurisdiction with respect to all matters arising or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: April __, 2021

                                                Marvin Isgur
                                    United States Bankruptcy Judge