UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) ) |  |

**ORDER AUTHORIZING AND APPROVING DEBTOR'S
KEY EMPLOYEE RETENTION PLAN FOR NON-INSIDER EMPLOYEES**

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an order (this "Order"), (i) authorizing and approving the Debtor's Key Employee Retention Plan (the "KERP") and (ii) granting related relief; and upon the Bhullar Declaration filed in support of the Motion; and this Court having jurisdiction over this matter and the relief requested in the Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and it appearing that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before this Court (a "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon the record of any Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, it creditors and other parties in interest;

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The KERP is approved.

2. The Debtor is authorized, pursuant to sections 363(b) and 503(c) of the Bankruptcy Code, to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion in the ordinary course, including, but not limited to, making payments pursuant to the terms of the KERP, including taking all actions necessary in connection therewith, on the terms and conditions described in the Motion.

3. Any payment made by the Debtor to any KERP Participant pursuant to the KERP approved herein shall be final and shall not be subject to disgorgement.

4. This order shall be binding and enforceable on any chapter 7 trustee appointed in this case. If the case is converted or dismissed, the KERP Payments shall become immediately payable to the applicable KERP Participant and, subject to the Debtor having sufficient funds, shall be paid promptly by the chapter 7 trustee.

5. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: April __, 2021
       Houston, Texas

                                          Marvin Isgur
                               United States Bankruptcy Judge