# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| Debtor. | ) |

## DEBTOR AND NON-DEBTOR AFFILIATES' MOTION TO QUASH AND FOR A PROTECTIVE ORDER

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Griddy Energy LLC ("Debtor"), and Griddy Holdings LLC and Griddy Holdings VI LLC on behalf of the Non-Debtor Affiliates,[2] object to both the April 8, 2021 Notice of Examination of the Debtor and the Non-Debtor Affiliates ("First Notice") and the April 14, 2021 Second

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] The Notices define Non-Debtor Affiliates to include: Griddy Holdings LLC, Beachside New Utility Holdings LLC, EDF Trading North America LLC, Elliot New Utility Holdings LLC, Grid Investments Inc., Griddy 6 Holdings LLC, Griddy VI Holdings LLC, Griddy VI Series A Holdings LLC, Griddy Pro LLC, Griddy Technologies LLC, Janson New Utility Holding LLC, Niab Holdings Pty Limited, and SRA Investments Pty Limited.

By filing this objection or otherwise addressing the Notices, Non-Debtor Affiliates do not voluntarily appear before this Court nor do they consent to the jurisdiction of the bankruptcy court or other authority of the bankruptcy court that could be exercisable under 28 U.S.C. § 157. This objection should not be construed as "consent" under 28 U.S.C. § 157(c)(2). Each Non-Debtor affiliate explicitly reserves any challenge to the jurisdiction of this Court, including any challenge to the exercise of personal jurisdiction in connection with any matter in this Court.

Notice of Examination of the Debtor and the Non-Debtor Affiliates ("Second Notice," together with the First Notice the "Notices," each of which is attached hereto as Exhibit A) served on behalf of the Official Committee of Unsecured Creditors ("Committee") of the Debtor and asks the Court to quash the examinations as they relate to the Non-Debtor Affiliates and enter a protective order limiting the examinations as they relate to the Debtor.  The Notices call for documents wholly unrelated to the Debtor or the administration of the Debtor's estate and exceed the scope of permissible discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules").  The Debtor and Non-Debtor Affiliates file this objection pursuant to Bankruptcy Local Rule 2004-1(f) to preserve their rights but will continue to work cooperatively with the Committee to resolve these issues by agreement.  To that end, the Debtor began production of documents responsive to the majority of the Committees' requests one day after receipt of the First Notice and is continuing to review and produce documents on a rolling basis.

## OBJECTION

1. Rule 2004 discovery has limits, and there is no "absolute right" to such discovery. *See In re Millennium Lab Holdings II*, 562 B.R. 614, 626 (Bankr. D. Del. 2016).  Indeed, Rule 2004 itself only provides that courts "may" order disclosure, giving courts "significant discretion" to deny a Rule 2004 motion. *In re Board of Directors of Hopewell Int'l Ins. Ltd.*, 258 B.R 580, 587 (Bankr. S.D.N.Y. 2001); *accord Millennium Labs Holdings II*, 562 B.R. at 626. Once an objection is raised, the party requesting the Rule 2004 examination "bears the burden of proving that good cause exists for taking the requested discovery." *In re Metiom, Inc.,* 318 B.R. 263, 268 (S.D.N.Y. 2004).  Good cause requires a showing that the Rule 2004 examination is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice. *Id.* (citation omitted).  Failure to

establish good cause is grounds to deny Rule 2004 discovery. *See In re Millennium Lab,* 562 B.R. at 627–28 (outlining requirements for requesting party to establish good cause). Because no good cause exists for taking the requested discovery from the Non-Debtor Affiliates or for certain overbroad requests to the Debtor, the Court should enter an order denying such examination consistent with this Objection.

> **I.    All discovery requests directed or pertaining to the Non-Debtor Affiliates exceed the scope of permissible discovery under Rule 2004.**

2.    The Committee directs its Notices not only to the Debtor but also to the "Non-Debtor Affiliates," a group that the Committee defines to include fourteen distinct entities not party to this bankruptcy proceeding. The Notices do not state how each of the requests to each of the Non-Debtor Affiliates is permissible under Rule 2004, which dictates that a Rule 2004 examination "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b) (emphasis added).

3.    The scope of Rule 2004 discovery is limited by the Rule's purpose: "to enable parties in interest to locate assets of the debtor and to make those assets available for the creditors of the estate." *In re Continental Forge Co. Inc.*, 73 B.R. 1005, 1007 (W.D. Pa. 1987) (denying discovery under Rule 2004 when "the requested information is not relevant to any conceivably legitimate issue," such as "the discovery and collection of assets of the debtor [or] the development of a plan of reorganization"); *accord* FED. R. BANKR. P. 2004(b).

3.    The Notices call for far-ranging documents reaching into the internal affairs of the Non-Debtor Affiliates with no stated connection to this case. For example, the requests call for documents concerning UCC lien searches related to each Non-Debtor Affiliate; all documents evidencing the organizational structure of the Non-Debtor Affiliates; all organizational

3

documents of the Non-Debtor Affiliates; all documents evidencing the name, title, and period of service of each current and former director or officer of each Non-Debtor Affiliate; all documents evidencing the assets and liabilities of each Non-Debtor Affiliate; all tax returns for each Non-Debtor Affiliate; all communications between any Non-Debtor Affiliate and Macquarie, whether or not such communications relate in any way to the Debtor. *See* Ex. A.

4. These requests, and all requests directed to the Non-Debtor Affiliates, reach far beyond the scope of Rule 2004. Rule 2004 does not permit examination of all third parties, but rather "only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy. It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985) (quashing subpoena to third party where examining party failed to show connection to bankruptcy proceeding). The Court should quash the Notices as to the Non-Debtor Affiliates, and enter a protective order limiting the Notices as to the Debtor to only call for the production of information relating directly to *both* the Debtor and the Non-Debtor Affiliates.

**II.     Other overbroad requests exceed the scope of permissible discovery under Rule 2004.**

5. Other requests to the Debtor, though not related to the Non-Debtor Affiliates, are overbroad and should be narrowed to fall within the scope of Rule 2004.

6. Request 6 of the First Notice calls for "[a]ll documents evidencing the organizational structure of the Debtor." The request for "all documents" is overbroad and includes documents wholly unrelated to this bankruptcy proceeding. Indeed, every document in the Debtor's possession may be construed to "evidence" its organizational structure. The Debtor requests that the Court enter a protective order narrowing the request to call only for documents

4

*sufficient* to evidence the Debtor's organizational structure. *See, e.g.*, *In re SunEdison, Inc.*, 562 B.R. 243, 250 (denying discovery pursuant to Rule 2004 where the burden on the producing party exceeded the potential benefit to the requesting party, recognizing that "the spirit of proportionality is consistent with the historic concerns [under Rule 2004] regarding the burden on the producing party.").

7.  Request 10 of the First Notice similarly calls for "[a]ll documents evidencing the name, title, and period of service of each current and former director or officer of the Debtor." All documents and communications involving a current or former director or officer may be construed to "evidence" his or her name, title, or period of service. The Debtor requests that the Court enter a protective order narrowing the request to call only for documents *sufficient* to evidence the name, title, and period of service of current and former officers or directors.

8.  Request 14 of the First Notice calls for "[a]ll documents evidencing any insurance policy maintained by the Debtor." This request likewise sweeps into its ambit any document in the Debtor's possession that may reference or mention an insurance policy, regardless of its relation to this proceeding. The Debtor requests that the Court enter a protective order narrowing the request to call only for the insurance policies maintained by the Debtor.

9.  Request 3 of the Second Notice calls for "[a]ll communication between the Debtor, on the one hand, and any other person, on the other hand, between January 1, 2021 and the Petition Date concerning Winter Storm Uri," and Request 4 calls for "[a]ll documents created between January 1, 2021 and the Petition Date concerning Winter Storm Uri." Putting aside that Winter Storm Uri did not begin until on or around February 13, 2021, these requests call for nearly every document or communication created across a several-week time span, including documents protected by the attorney-client privilege and attorney work product doctrine. The

Committee has not provided any good cause for such a broad request and the burden of searching for and providing such documents greatly exceeds the benefit to the Committee. Indeed, the Committee's broad requests would have the Debtor review and produce thousands of pages of documents at great expense to the estate. The Committee has proffered other appropriately narrow requests relating to Winter Storm Uri to which the Debtor has not objected, including communications with ERCOT and communications regarding the transition of customers to a provider of last resort. The Debtor requests that the Court enter a protective order limiting the examination to these other more tailored requests.

## CONCLUSION

10.     For the foregoing reasons, the Debtor and the Non-Debtor Affiliates respectfully request that the Court enter an order (1) quashing the Notices as they relate to documents requested from the Non-Debtor Affiliates; (2) protecting the Debtor from production of overbroad documents exceeding the scope of permissible discovery.

**BAKER BOTTS L.L.P.**

By: */s/ John B. Lawrence*
John B. Lawrence
Texas Bar No. 24055825
*john.lawrence@bakerbotts.com*
Jonathan Rubenstein
Texas Bar No. 24037403
*jonathan.rubenstein@bakerbotts.com*
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

and

Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

*Proposed Counsel To The Debtor And Debtor In Possession, and Counsel to Griddy Holdings LLC and Griddy VI Holdings LLC*