IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **Griddy Energy LLC,** | ) | Case No. 21-30923 (MI) |
| | ) | |
| **Debtor.** | ) | |

## CERTIFICATE OF SERVICE

I, Julian A. Del Toro, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On April 12, 2021 at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on FedEx Bankruptcy Department at 3965 Airways Blvd Module G 3rd Fl:

- **Notice of Bar Date for Filing Proofs of Claim** (attached hereto as **Exhibit A**)

- **Official Proof of Claim Form 410 and Instructions** (attached hereto as **Exhibit B**)

Dated: April 16, 2020

    */s/ Julian A. Del Toro*
Julian A. Del Toro
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: 855-478-2725
Email:TeamGriddy@stretto.com

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF DEADLINES FOR NON-FORMER CUSTOMERS FOR THE
FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO: ALL PERSONS AND ENTITIES (OTHER THAN FORMER CUSTOMERS)[2] WHO MAY HAVE CLAIMS AGAINST THE FOLLOWING DEBTOR ENTITY:**

| Debtor | Case No. |
|---|---|
| Griddy Energy LLC | Case No. 21-30923 (MI) |

**PLEASE TAKE NOTICE THAT:**

On March 15, 2021 (the "Petition Date"), Griddy Energy LLC, as debtor and debtor in possession in the above-captioned case (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On March 30, 2021, the Court entered an order (the "Order")[3] establishing certain dates by which certain parties holding prepetition claims against the Debtor must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim"). **NO BAR DATE HAS BEEN SET YET FOR FORMER CUSTOMERS OF THE DEBTOR.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] "Former Customer" means a person who (a) was a retail electricity customer (or the legal representative of such customer) of the Debtor at any point from February 11, 2021 through February 19, 2021 and (b) is the holder of a claim of any kind against the Debtor that arose during or relates to the period from February 11, 2021 through February 19, 2021. A separate bar date for Former Customers will be set by the Court and a separate notice will be sent to the Debtor's Former Customers.

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

Enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtor's schedules of assets and liabilities filed in this case (the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

I.     THE BAR DATES.

The Order establishes the following bar dates for filing Proofs of Claim in the chapter 11 case (collectively, the "Bar Dates"):

    a.     ***Claims Bar Date for Non-Former Customers***.  Except as expressly set forth in this Notice, all entities (except Former Customers of the Debtor, governmental units, and other entities exempt from filing Proof(s) of Claim under the Order) holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by **April 28, 2021 at 5:00 p.m. (prevailing Central Time)**.  Except as expressly set forth in this Notice and the Order, the Non-Former Customer Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

    b.     ***Governmental Bar Date***.  All governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date are required to file proofs of claim by **September 13, 2021 at 5:00 p.m. (prevailing Central Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

    c.     ***Former Customer Claims Bar Date.***  Former Customers will receive notice of the bar date applicable to Former Customers at a later date.

    d.     ***Rejection Damages Bar Date***.  Unless otherwise ordered by the Court, all entities holding claims (other than entities that are exempt from filing Proof(s) of Claim by the Non-Former Customers Bar Date under the Order) against the Debtor arising from the rejection of

2

executory contracts and unexpired leases of the Debtor, pursuant to section 365 of the Bankruptcy Code or claims otherwise related to such agreements, are required to file Proofs of Claim by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central time), on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtor. For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

      e.      ***Amended Schedules Bar Date***. If, subsequent to the date of this Notice, the Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor (other than a creditor that is exempt from filing a Proof of Claim under the Order) is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central time), on the date that is 21 days after the date that on which the Debtor mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court). If the Debtor amends or supplements its Schedules after the Service Date, the Debtor will provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as to Former Customers of the Debtor and as otherwise set forth herein, the following entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Non-Former Customer Claims Bar Date, Governmental Bar Date or any other Bar Date set forth in the Order, as applicable:

      a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in the chapter 11 case;

      b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

      c.      any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Non-Former Customer Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided that* current employees of the Debtor are not required to file proofs of claim for any claim related to wages, commissions, or benefits;

      d.      any former employees must submit Proofs of Claim for any claims (if any) related to unpaid wages, commissions, severance, benefits, or any other form of compensation; and

  e. any entity who holds a claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### III. PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

  Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines, including for Former Customers of the Debtor.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claim:

  a. any entity that already has filed a signed Proof of Claim against the applicable Debtor with Stretto in a form substantially similar to Official Form 410;

  b. any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules;

  c. any entity whose claim has previously been allowed by a final order of the Court;

  d. a current employee of the Debtor, for any claim related to wages, commissions or benefits; <u>provided</u> that a current employee must submit a Proof of Claim by the Non-Former Customer Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

  e. any current officer, manager, director or employee for claims based on indemnification, contribution or reimbursement;

  f. any entity holding a claim for which a separate deadline is fixed by this Court;

  g. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; <u>provided</u> that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Non-Former Customer Claims Bar Date; or

  h. professionals engaged in the chapter 11 case by (i) the Debtor or (ii) any official committee(s) appointed in the chapter 11 case.

  A separate bar date applies to Former Customers.  As a result, Former Customers do <u>not</u> need to file a Proof of Claim by April 28, 2021.

  No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided*, *that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Order.

### IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. ***Contents***. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (prevailing Central Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b. ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c. ***Electronic Signatures Permitted***. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d. ***Supporting Documentation***. In order to have *prima facie* validity each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

e. ***Timely Service***. Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:

> (i) by electronic submission through the interface available at https://cases.stretto.com/Griddy or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**If by Hand Delivery or Overnight Mail**
Griddy Energy LLC Claims Processing
c/o Stretto

5

410 Exchange, Suite 100<br>
Irvine, CA 92602

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE<br>
> OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

   f. *Receipt of Service*.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.  If you file your Proof of Claim electronically in accordance with the Order, you will receive a confirmation email from Stretto Corporate Restructuring (cr-noreply@stretto.com) and the email subject will be "Stretto Proof of Claim Submission."

**V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

   Pursuant to the Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Order on or before the applicable Bar Date, please be advised that:

   a. YOU MAY BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS PROPERTY (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

   b. YOU MAY BE FOREVER ENJOINED FROM ASSERTING CLAIMS FOR ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

   c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

   d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTOR ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

**VI. RESERVATION OF RIGHTS.**

   Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**VII. THE DEBTOR'S SCHEDULES AND ACCESS THERETO.**

   You may be listed as the holder of a claim against the Debtor in its Schedules.  The Schedules will be available free of charge on Stretto's website at https://cases.stretto.com/Griddy.  If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed,"

"contingent" or "unliquidated," then you are not required to file a Proof of Claim in the chapter 11 case with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Order.

**VIII. ADDITIONAL INFORMATION.**

Copies of the Debtor's Schedules, the Order, and certain other pleadings, orders, and notices, and other information regarding the chapter 11 case is available for inspection free of charge on the Debtor's website at https://cases.stretto.com/Griddy. Filings in the chapter 11 case also are available for a fee at the Court's website at https://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.gov. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtor's restructuring hotline at: (855) 478-2725 (toll free U.S.) or (949) 471-0997 (International).

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

# **Exhibit B**

| Fill in this information to identify the case: | |
|---|---|
| **Debtor:** Griddy Energy LLC | **Case Number:** 21-30923 |
| United States Bankruptcy Court for the Southern District of Texas | |

Official Form 410

# Proof of Claim

4/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Street Address

City   State   ZIP Code

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

Name

Street Address

City   State   ZIP Code

Contact phone

Contact email

**4. Does this claim amend one already filed?**

❑ No
❑ Yes.   Claim number on court claims registry (if known) _____   Filed on __/__/____
                                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes.   Who made the earlier filing?

---

Official Form 410                                    **Proof of Claim**                                        page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ❏ No<br>❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. | **How much is the claim?** | $_____. Does this amount include interest or other charges?<br>❏ No<br>❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. | **Is all or part of the claim secured?** | ❏ No<br>❏ Yes.   The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>❏ Motor vehicle<br>❏ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property**: $_____<br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>❏ Fixed<br>❏ Variable |
| 10. | **Is this claim based on a lease?** | ❏ No<br>❏ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ❏ No<br>❏ Yes. Identify the property: _____ |

Official Form 410                         **Proof of Claim**                         page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name        Middle name        Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number    Street

        _____
        City                State        ZIP Code

Contact phone _____  Email _____

Official Form 410                    **Proof of Claim**                    page 3

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                   12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://case.stretto.com/Griddy/claims

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.