IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **Griddy Energy LLC,** | ) Case No. 21-30923 (MI) |
| | ) |
| **Debtor.** | ) |

**CERTIFICATE OF SERVICE**

I, Julian A. Del Toro, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On April 13, 2021 at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit A**, and via electronic mail on the service list attached hereto as **Exhibit B**:

- **Debtor's Exhibit and Witness List for April 15, 2021 Hearing** (Docket No. 152)

- **Certificate of No Objection to Debtor's Emergency Motion for Entry of an Order Authorizing (I) the Debtor to Pay Certain Prepetition Taxes and Related Obligations and (II) Authorizing Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests Related to Such Obligations** (Docket No. 153)

- **Certificate of No Objection to Final Order (I) Authorizing the Debtor to (A) Continue Operating Its Cash Management System, (B) Honor Certain Prepetition Obligations, (C) Maintain Existing Bank Accounts and Business Forms, and (D) Continue Certain Intercompany Transactions; and (II) Granting Related Relief** (Docket No. 154)

- **Certificate of No Objection to Debtor's Emergency Motion for Entry of an Order Authorizing and Approving Key Employee Retention Plan for Non-Insider Employees** (Docket No. 155)

- **Notice of Filing of Amended Schedules of Assets and Liabilities** (Docket No. 157)

[THIS SPACE INTENTIONALLY LEFT BLANK]

Furthermore, on April 13, 2021 at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on S4S, LLC, Attention Charles Cella at 12631 Imperial Hwy Ste F126, Santa Fe Springs, CA 90670, and via electronic mail on Charles.cella@strongforce.design:

- **Notice of Filing of Amended Schedules of Assets and Liabilities** (Docket No. 157)

- **Notice of Bar Date for Filing Proofs of Claim** (attached hereto as **Exhibit C**)

Dated: April 16, 2020

*/s/ Julian A. Del Toro*
Julian A. Del Toro
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: 855-478-2725
Email:TeamGriddy@stretto.com

# **Exhibit A**



## Exhibit A
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| AEP Texas Inc. | Attn: Mark Hunt | 910 Energy Drive | | | Abilene | TX | 79602-7945 | |
| Alpha Employment Solutions | Attn: Penny Vita-Finzi | 580 Woodland Ave | | | Burlington | ON | L7R 2S5 | Canada |
| Bernice William | c/o Sheehy, Lovelace & Mayfield | Attn: Jeffrey R. Cox | 510 N. Valley Mills Dr., Suite 500 | | Waco | TX | 76710 | |
| CCH Incorporated | c/o Wolters Kluwer | Attn: CEO or General Counsel | PO Box 4307 | | Carol Stream | IL | 60197 | |
| CenterPoint Energy, Inc | Attn: Kevin Kulhanek; Jewel Smith | 1111 Louisiana Street | | | Houston | TX | 77002 | |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Attn: Riley L. Burnett, Jr and Karen H. Beyea-Schroeder | 3737 Buffalo Speedway, 18th Floor | | Houston | TX | 77098 | |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | 7620 Metro Center Drive | | | Austin | TX | 78744 | |
| Electric Reliability Council of Texas (ERCOT) | c/o Munsch Hardt Kopf & Harr, P.C. | Attn: Kevin M. Lippman and Deborah M. Perry | 500 N. Akard Street, Suite 3800 | | Dallas | TX | 75201-6659 | |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: Tara L. Grundemeier | PO Box 3064 | | Houston | TX | 77253-3064 | |
| Hartman Income REIT Management | Attn: Sara Lynn O'Dell | 11811 North Freeway, Ste 160 | | | Houston | TX | 77060 | |
| Internal Revenue Service | | Department of Treasury | | | Ogden | UT | 84201-0045 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | 2970 Market Street | | | Philadelphia | PA | 19104-5016 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| Internal Revenue Service | Houston Division | 1919 Smith Street | | | Houston | TX | 77002 | |
| Lisa Khoury, et al. | c/o Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | 3737 Buffalo Speedway, Suite 1900 | | Houston | TX | 77098 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher | Attn: Matthew G. Bouslog | 3161 Michelson Dr. | | Irvine | CA | 92612-4412 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Eric T. Haitz | 811 Main Street, Suite 3000 | | Houston | TX | 77002-6117 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael A. Rosenthal and Michael L. Raiff | 2001 Ross Avenue, Suite 2100 | | Dallas | TX | 75201 | |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Chad Mills | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Macquarie Investments US Inc. and Macquarie Energy LLC | c/o Haynes and Boone, LLP | Attn: Kelli S. Norfleet and Arsalan Muhammad | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C. | Attn: Shelby A. Jordan and Antonio Ortiz | 500 North Shoreline Blvd., Suite 900 | | Corpus Christi | TX | 78401 | |
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | 515 Rusk Street, Suite 3516 | | | Houston | TX | 77002 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Charles R. Gibbs | 2501 North Harwood Street, Suite 1900 | | Dallas | TX | 75201-1664 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Darren Azman and Blaine Adams | 340 Madison Ave. | | New York | NY | 10173-1922 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | 1616 Woodall Rodgers | | | Dallas | TX | 75202 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | PO Box 4567 | | | Houston | TX | 77210-4567 | |
| Public Utility Commission of Texas | Attn: David Hoard | 1701 N. Congress | PO Box 13326 | | Austin | TX | 78711-3326 | |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | Bankruptcy & Collections Division | Attn: Jason B. Binford; Layla D. Milligan | PO Box 12548- MC 008 | Austin | TX | 78711-2548 | |
| RLI Insurance Company | Attn: Commercial Surety | 9025 N. Lindbergh Dr. | | | Peoria | IL | 61615 | |
| S4S, LLC | Attn: Charles Cella | 12631 Imperial Hwy Ste F126 | | | Santa Fe Springs | CA | 90670 | |
| Star Energy Partners | Attn: CEO or General Counsel | 3340 W Market St | | | Akron | OH | 44333 | |
| State of Texas | Office of The Attorney General | 300 W. 15Th St | | | Austin | TX | 78701 | |
| State of Texas | Office of the Attorney General of Texas | c/o Bankruptcy & Collections Division | Attn: Rachel R. Obaldo and Abigail R. Ryan | PO Box 12548 MC008 | Austin | TX | 78711-2548 | |
| Stripe, Inc. | Attn: CEO or General Counsel | 510 Townsend Street | | | San Francisco | CA | 94103 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | Lyndon B. Johnson State Office Building | 111 East 17th Street | | Austin | TX | 78744 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | PO Box 13528 | Capitol Station | | Austin | TX | 78711-3528 | |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | 577 N Garden Ridge Blvd | | | Lewisville | TX | 75067 | |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky and Tiara E. Seals | 1401 McKinney Street, Suite 1900 | | Houston | TX | 77010 | |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | 112 E. Pecan Street, Suite 735 | | | San Antonio | TX | 78205 | |
| The State of Texas | Attn: Rick Berlin & Dan Zwart | 808 Travis Street, Suite 1520 | | | Houston | TX | 77002 | |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | Attn: Lee Saveliff | c/o Julia Sterling | 98 Imperial Ave | | Westport | CT | 06880 | |

# **Exhibit B**



# Exhibit B
Served Via Electronic Mail

| Name | Attention | Email |
|---|---|---|
| AEP Texas Inc. | Attn: Mark Hunt | crrtx@aep.com<br>mdhunt@aep.com |
| Alpha Employment Solutions | Attn: Penny Vita-Finzi | penny@alpha-employment.com |
| Bernice William | c/o Sheehy, Lovelace & Mayfield | jcox@slm.law |
| CCH Incorporated | c/o Wolters Kluwer | cch-ar@wolterskluwer.com |
| CenterPoint Energy, Inc | Attn: Kevin Kulhanek; Jewel Smith | jewel.smith@centerpointenergy.com |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Rburnett@rburnettlaw.com<br>karen.schroeder@rburnettlaw.com |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | ClientServices@ercot.com |
| Electric Reliability Council of Texas (ERCOT) | c/o Munsch Hardt Kopf & Harr, P.C. | klippman@munsch.com<br>dperry@munsch.com |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | houston_bankruptcy@publicans.com |
| Hartman Income REIT Management | Attn: Sara Lynn O'Dell | sodell@hi-reit.com |
| Lisa Khoury, et al. | c/o Potts Law Firm, LLP | dpotts@potts-law.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher | MBouslog@gibsondunn.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | EHaitz@gibsondunn.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | MRosenthal@gibsondunn.com<br>MRaiff@gibsondunn.com |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | chad.mills@haynesboone.com |
| Macquarie Investments US Inc. and Macquarie Energy LLC | c/o Haynes and Boone, LLP | kelli.norfleet@haynesboone.com<br>arsalan.muhammad@haynesboone.com |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C | sjordan@jhwclaw.com<br>aortiz@jhwclaw.com<br>ecf@jhwclaw.com |
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | Hector.Duran.Jr.@jsdoj.gov<br>Stephen.statham@usdoj.gov |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | crgibbs@mwe.com<br>stperry@mwe.com |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | dazman@mwe.com<br>badams@mwe.com |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | contactcenter@oncor.com |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | contactcenter@oncor.com |
| Public Utility Commission of Texas | Attn: David Hoard | david.hoard@puc.texas.gov |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | jason.binford@oag.texas.gov<br>layla.milligan@oag.texas.gov |
| RLI Insurance Company | Attn: Commercial Surety | Chrissy.Eaton@rlicorp.com<br>support@rlicorp.com |
| S4S, LLC | Attn: Charles Cella | charles.cella@strongforce.design |
| Star Energy Partners | Attn: CEO or General Counsel | info@starenergypartners.com |

In re: Griddy Energy LLC
Case No. 21-30923 (MI)



**Exhibit B**
Served Via Electronic Mail

| Name | Attention | Email |
|---|---|---|
| State of Texas | Office of the Attorney General of Texas | rachel.obaldo@oag.texas.gov<br>abigail.ryan@oag.texas.gov |
| Stripe, Inc. | Attn: CEO or General Counsel | support@stripe.com |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | bo.overstreet@cpa.texas.gov |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | MPRelations@pnmresources.com<br>MPRelations@tnmp.com |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | bruzinsky@jw.com<br>tseals@jw.com |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | steven.robinson@oag.texas.gov<br>valeria.sartorio@oag.texas.gov |
| The State of Texas | Attn: Rick Berlin & Dan Zwart | rick.berlin@oag.texas.gov<br>william.carpenter@oag.texas.gov |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | Attn: Lee Saveliff | poley@optonline.net |

# **Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
|  | ) |
| Debtor. | ) |
|  | ) |

**NOTICE OF DEADLINES FOR NON-FORMER CUSTOMERS FOR THE
FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO: ALL PERSONS AND ENTITIES (OTHER THAN FORMER CUSTOMERS)[2] WHO MAY HAVE CLAIMS AGAINST THE FOLLOWING DEBTOR ENTITY:**

| Debtor | Case No. |
|---|---|
| Griddy Energy LLC | Case No. 21-30923 (MI) |

**PLEASE TAKE NOTICE THAT:**

On March 15, 2021 (the "Petition Date"), Griddy Energy LLC, as debtor and debtor in possession in the above-captioned case (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On March 30, 2021, the Court entered an order (the "Order")[3] establishing certain dates by which certain parties holding prepetition claims against the Debtor must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim"). **NO BAR DATE HAS BEEN SET YET FOR FORMER CUSTOMERS OF THE DEBTOR.**

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  "Former Customer" means a person who (a) was a retail electricity customer (or the legal representative of such customer) of the Debtor at any point from February 11, 2021 through February 19, 2021 and (b) is the holder of a claim of any kind against the Debtor that arose during or relates to the period from February 11, 2021 through February 19, 2021. A separate bar date for Former Customers will be set by the Court and a separate notice will be sent to the Debtor's Former Customers.

[3]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

Enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtor's schedules of assets and liabilities filed in this case (the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

I.     **THE BAR DATES.**

The Order establishes the following bar dates for filing Proofs of Claim in the chapter 11 case (collectively, the "Bar Dates"):

a.     ***Claims Bar Date for Non-Former Customers***.  Except as expressly set forth in this Notice, all entities (except Former Customers of the Debtor, governmental units, and other entities exempt from filing Proof(s) of Claim under the Order) holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by **April 28, 2021 at 5:00 p.m. (prevailing Central Time)**.  Except as expressly set forth in this Notice and the Order, the Non-Former Customer Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.     ***Governmental Bar Date***.  All governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date are required to file proofs of claim by **September 13, 2021 at 5:00 p.m. (prevailing Central Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

c.     ***Former Customer Claims Bar Date.***  Former Customers will receive notice of the bar date applicable to Former Customers at a later date.

d.     ***Rejection Damages Bar Date***.  Unless otherwise ordered by the Court, all entities holding claims (other than entities that are exempt from filing Proof(s) of Claim by the Non-Former Customers Bar Date under the Order) against the Debtor arising from the rejection of

2

executory contracts and unexpired leases of the Debtor, pursuant to section 365 of the Bankruptcy Code or claims otherwise related to such agreements, are required to file Proofs of Claim by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central time), on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtor.  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

e. ***Amended Schedules Bar Date***.  If, subsequent to the date of this Notice, the Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor (other than a creditor that is exempt from filing a Proof of Claim under the Order) is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the Non-Former Customer Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Central time), on the date that is 21 days after the date that on which the Debtor mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court).  If the Debtor amends or supplements its Schedules after the Service Date, the Debtor will provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as to Former Customers of the Debtor and as otherwise set forth herein, the following entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Non-Former Customer Claims Bar Date, Governmental Bar Date or any other Bar Date set forth in the Order, as applicable:

a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in the chapter 11 case;

b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c. any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Non-Former Customer Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided that* current employees of the Debtor are not required to file proofs of claim for any claim related to wages, commissions, or benefits;

d. any former employees must submit Proofs of Claim for any claims (if any) related to unpaid wages, commissions, severance, benefits, or any other form of compensation; and

3

      e.      any entity who holds a claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

      Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines, including for Former Customers of the Debtor. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claim:

      a.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with Stretto in a form substantially similar to Official Form 410;

      b.      any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as any of "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules;

      c.      any entity whose claim has previously been allowed by a final order of the Court;

      d.      a current employee of the Debtor, for any claim related to wages, commissions or benefits; <u>provided</u> that a current employee must submit a Proof of Claim by the Non-Former Customer Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

      e.      any current officer, manager, director or employee for claims based on indemnification, contribution or reimbursement;

      f.      any entity holding a claim for which a separate deadline is fixed by this Court;

      g.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; <u>provided</u> that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Non-Former Customer Claims Bar Date; or

      h.      professionals engaged in the chapter 11 case by (i) the Debtor or (ii) any official committee(s) appointed in the chapter 11 case.

      A separate bar date applies to Former Customers. As a result, Former Customers do <u>not</u> need to file a Proof of Claim by April 28, 2021.

      No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided*, *that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Order.

IV.     **INSTRUCTIONS FOR FILING PROOFS OF CLAIM.**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***.  Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (prevailing Central Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.      ***Electronic Signatures Permitted***.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.      ***Supporting Documentation***.  In order to have *prima facie* validity each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

e.      ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto as follows:

> (i) by electronic submission through the interface available at https://cases.stretto.com/Griddy or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Griddy Energy LLC Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**If by Hand Delivery or Overnight Mail**
Griddy Energy LLC Claims Processing
c/o Stretto

5

410 Exchange, Suite 100<br>
Irvine, CA 92602

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE<br>
> OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

f. *Receipt of Service*. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope. If you file your Proof of Claim electronically in accordance with the Order, you will receive a confirmation email from Stretto Corporate Restructuring (cr-noreply@stretto.com) and the email subject will be "Stretto Proof of Claim Submission."

V. **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

Pursuant to the Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Order on or before the applicable Bar Date, please be advised that:

a. YOU MAY BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS PROPERTY (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b. YOU MAY BE FOREVER ENJOINED FROM ASSERTING CLAIMS FOR ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTOR ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

VI. **RESERVATION OF RIGHTS.**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

VII. **THE DEBTOR'S SCHEDULES AND ACCESS THERETO.**

You may be listed as the holder of a claim against the Debtor in its Schedules. The Schedules will be available free of charge on Stretto's website at https://cases.stretto.com/Griddy. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed,"

"contingent" or "unliquidated," then you are not required to file a Proof of Claim in the chapter 11 case with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Order.

**VIII.  ADDITIONAL INFORMATION.**

Copies of the Debtor's Schedules, the Order, and certain other pleadings, orders, and notices, and other information regarding the chapter 11 case is available for inspection free of charge on the Debtor's website at https://cases.stretto.com/Griddy. Filings in the chapter 11 case also are available for a fee at the Court's website at https://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.gov. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtor's restructuring hotline at: (855) 478-2725 (toll free U.S.) or (949) 471-0997 (International).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**