UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| GRIDDY ENERGY LLC | § § | CASE NO. 21-30923 (MI) |
| DEBTOR. | § § | CHAPTER 11 |

**THE STATE OF TEXAS'S OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS USED IN THE <u>ORDINARY COURSE OF BUSINESS</u>**
(*Docket No. 69*)

**COMES NOW** the State of Texas, by and through the Office of the Attorney General of Texas, and files this *Objection to the Debtor's Motion for Entry of an Order Authorizing Retention and Compensation of Certain Professionals Used in the Ordinary Course of Business* ("Objection"), and states as follows:

### I. <u>OVERVIEW</u>

1. The State objects to the *Debtor's Motion for Entry of an Order Authorizing Retention and Compensation of Certain Professionals Used in the Ordinary Course of Business* ("Motion") because the Debtor's proposed retention and compensation procedures are not appropriate for this Case; including, the Debtor's request to hire a public relations firm when estate funds are limited, the Debtor has no customers, and the Debtor is liquidating. However, if the Court is inclined to grant the Debtor's Motion, the State requests alternative relief herein, including, but not limited to, clarifications as to the hiring process and changes to the proposed professional form declaration.

(*Remainder of the Page Intentionally Left Blank*)

## II. **OBJECTION**

**A.** ***Because Griddy is a liquidating Debtor with no customers and limited funds, its request to hire a public relations firm should be denied.***

2. "The Court has substantial discretion to grant an application to employ," and, when exercising this discretion, "the Court focuses on whether the proposed professional will maximize values for the estate." *In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012); *In re Lyons*, 439 B.R. 401, 405 (S.D. Tex. 2010).

3. The need for a Public Relations Firm in this single-debtor liquidation is not readily ascertainable.[1] Griddy has no customers, has very limited funds, and is winding down its business. Hiring a Public Relations Firm will not plausibly serve to maximize the value of the Estate.

4. In view of the size of the Estate, Debtor's proposed Public Relations expenditures are considerable. While the Debtor's Motion limits Sitrick's monthly compensation during the bankruptcy to $40,000 per month (excluding expenses) with a case cap of $280,000 for all ordinary course professionals, Griddy Energy, LLC, paid Sitrick an additional $83,000 in the weeks preceding its bankruptcy filing.

5. Specifically, Griddy Energy LLC paid Sitrick $65,000 on February 24, 2021, and $18,000 on March 12, 2021. *See* Debtor's Statement of Financial Affairs at Dkt. No. 72 at p. 25. Debtor's schedules also show a retainer paid to Sitrick in the amount of $9,070.50.[2] *See* Debtor's Schedules at Dkt. No. 71 at p. 19.

---

[1] The Debtor's Motion requests entry of an order approving the procedures for hiring and compensation of three ordinary course professionals: a regulatory lawyer, an accounting firm, and a public relations firm. Currently, the State has no objection to the Debtor making a request under the proposed procedures, if approved, to hire a regulatory lawyer and an accountant; however, the State specifically objects to the Debtor's request to hire Sitrick and Company, a unit of Sitrick Group, LLC, which is a public relations firm ("Sitrick" or "Public Relations Firm"). *See* https://www.sitrick.com/about-us/.

[2] Whether the retainer amount is included in the two payments made shortly before the bankruptcy is unclear.

6. While the three remaining non-debtor Griddy entities may find a Public Relations Firm advantageous at this juncture, this is not an expense that should be borne by the Debtor's Estate.

7. In view of the limited funds available in this bankruptcy, and the fact that the Debtor has no customers and is seeking to liquidate the business, the Debtor's funds should be used for distributions in this case, rather than to pay a Public Relations Firm. As such, the State requests that the Debtor's Motion to hire Sitrick be denied.

B. *The Debtor's proposed retention and compensation procedures are not appropriate for this Case*.

8. In large restructuring cases where many ordinary course professionals are necessary, Bankruptcy Courts in the Southern District of Texas have approved alternate procedures for the hiring of professionals in order to streamline the process and reduce the costs to the estate.

9. These large and lengthy restructuring cases present situations where an exception to Federal Rule of Bankruptcy Procedure 2014, Local Rule of Bankruptcy Procedure 2014-1 (collectively "Rule 2014"), and 11 U.S.C. section 327, makes sense; however, the exacting circumstances warranting such exceptions are not present in this Case.

10. The following cases are cited by the Debtor in its Motion as examples in which the Bankruptcy Courts in the Southern District of Texas have granted the relief the Debtor seeks: *In re Fieldwood Energy LLC, et. al.*, No. 20-33948 [Docket No. 413] (Bankr. S.D. Tex. Oct. 6, 2020); *In re Tailored Brands, Inc., et. al.*, No. 20-33900 [Docket No. 603] (Bankr. S.D.Tex. Sept. 10, 2020); *In re Bristow Group Inc., et. al.*, No. 19-32713 [Docket No. 295] (Bankr. S.D. Tex. June 26, 2019); *In re Vanguard Nat. Res., Inc., et. al.*, No. 19-31786 [Docket No. 235] (Bankr. S.D. Tex. Apr. 30, 2019); *In re Gastar Expl., Inc., et. al.*, No. 18-36057 [Docket No. 276] (Bankr. S.D. Tex. Dec. 20, 2018); *In re Westmoreland Coal Co., et. al.*, No. 18-35672 [Docket No. 522] (Bankr. S.D. Tex. Nov. 15, 2018); *In re iHeartMedia, Inc., et. al.*, No. 18-31274 [Docket No. 447] (Bankr.

S.D. Tex. Apr. 12, 2018); *In re EXCO Res., Inc., et. al.*, No. 18-30155 [Docket No. 350] (Bankr. S.D. Tex. Feb. 22, 2018).

11. These cases are characterized by complex, often multi-tiered hiring arrangements involving numerous professionals and multiple debtors, and all are restructuring cases rather than liquidation cases. As shown in the table below: **A)** the number of professionals the debtors sought to hire ranged from 16 professionals to as many as 100; **B)** in all but two cases, tiered hiring structures were used; **C)** the number of debtors involved in these cases ranged from 2 to as many as 39 debtor entities; and **D)** these case were restructuring cases---not liquidating cases. The managerial complexity in these cases is not present in the current case, and relief from the normal process of hiring ordinary course professionals under section 327(a) and Rule 2014 is not warranted.

(*Remainder of the Page Intentionally Left Blank*)

| Style, Case No., No. of Debtors | Dkt. No. | Professionals Requested per Tier | Total Professionals Requested | Noticing Agents |
|---|---|---|---|---|
| *In re Tailored Brands, Inc.* - 20-33900<br>18 Debtor Entities | 603 | Tier 1: 1<br>Tier 2: 1<br>Tier 3: 14 | 16 | https://cases.primeclerk.com/tailoredbrands/Home-DocketInfo |
| *In re Bristow Group Inc.* - 19-32713<br>8 Debtor Entities | 295 | 28 | 28 | https://cases.primeclerk.com/Bristow/Home-DocketInfo |
| *In re Vanguard Nat. Res., Inc.* - 19-31786<br>12 Debtor Entities | 235 | Tier 1: 8<br>Tier 2: 22 | 30 | https://cases.primeclerk.com/vnr/Home-DocketInfo |
| *In re Gastar Expl., Inc.* - 18-36057<br>2 Debtor Entities | 276 | 22 | 22 | https://www.bmcgroup.com/restructuring/geninfo.aspx?ClientID=432 |
| *In re Westmoreland Coal Co.* - 18-35672<br>37 Debtor Entities | 522 | Tier 1: 4<br>Tier 2: 15 | 19 | https://www.donlinrecano.com/Clients/wcc/Index |
| *In re iHeartMedia, Inc.* - 18-31274<br>39 Debtor Entities | 447 | Tier 1: 5<br>Tier 2: 95 | 100 | https://cases.primeclerk.com/iheartmedia/Home-DocketInfo |
| *In re EXCO Res., Inc.* - 18-30155<br>15 Debtor Entities | 350 | Tier 1: 2<br>Tier 2: 25 | 27 | https://dm.epiq11.com/case/eru/info |

12. The case-at-bar is more akin to the currently pending case of *In re Brilliant Energy, LLC*, Case No. 21-30936 (Bankr. S.D. Tex.), filed on March 16, 2021, which is an operating Chapter 7 case of a single debtor with no assets. In the *Brilliant* case, the Trustee has already filed four applications to employ, and did not seek relief from the requirements under section 327 or Rule 2014. *See* Dkt. Nos. 21, 67, 68, 69.

13. Similarly, the instant case involves only 1 debtor entity with few assets that is being wound down and liquidated.

14. The number of professionals the Debtor seeks to hire by its Motion is 3. Unlike the cases cited above, the Debtor does not list any additional tiers or names of other professionals to be hired during this proceeding.

15. Further, the Debtor's proposed timing for its procedures will make efforts to consider or object to the hiring impractical.

16. The pace of the current case is very fast, with the Debtor seeking conditional approval of its disclosure statement, among other things, at the hearing set for April 29, 2021 (Dkt. No. 80 at p. 1), with final approval of the disclosure statement and plan confirmation to be set during the first week of June 2021. (Dkt. No. 24 at p. 5).

17. Under Debtor's proposal, disputes concerning the hiring of proposed professionals may be delayed until after the proposed work is complete.

18. As this case is moving quickly, the case only involves one debtor, and the Motion only proposes the hiring of 3 professionals, efficiency and finality seem to dictate that the Debtor file, on an expedited basis, applications to employ the necessary professionals with the proper supporting evidence as required under 11 U.S.C. 327, Federal Rule of Bankruptcy Procedure 2014, and Local Rule of Bankruptcy Procedure 2014.

### C. *Alternatively, if the Court Grants the Debtor's Motion, the State Requests Clarity & Further Relief*.

A. Though the Debtor's Motion is unclear as to whether it is seeking approval for the immediate hiring of its proposed professionals, or merely the adoption of its alternate procedures, it has informed the State that it is the latter. Thus, the State of Texas requests that should the Court entertain Griddy's Motion, any order entered clarify the timetable for objections.

B. The State of Texas also requests to be added to the definition of "Notice Parties" that will receive the declaration to be filed by any asserted ordinary course professional.

C. The State requests that the proposed form of declaration to be filed by asserted ordinary course professionals be edited to list the following: any payments made within 90 days prior to the bankruptcy filing; estimated and/or anticipated reasonable costs that may be expended; and a sufficiently specific description of services to be rendered so as to demonstrate how such services are meant to maximize the value of the bankruptcy estate.

D. Finally, due to the pace of this bankruptcy, the State requests that the Debtor's proposed "Quarterly Statement" reflecting the name of the professional, the fees and expenses paid to each professional, all post-petition payments made to the professional to date by the Debtor, and a description of services rendered by the professional be filed on a monthly basis rather than every quarter.

### III. PRAYER

**WHEREFORE** premise considered, the State prays that this Court:

**A)** Deny the Debtor's Request to hire a Public Relations Firm;

**B)** Deny the Debtor's *Motion for Entry of an Order Authorizing Retention and Compensation of Certain Professionals Used in the Ordinary Course of Business*, and that, if the Debtor seeks to hire ordinary course professionals, that the Debtor be required to file separate applications for each professional and include the specific details as required under section 327 and Rule 2014;

**C)** Alternatively, if the Court grants the Debtor's Motion, the State requests the following relief:

i) That any order entered clearly set out whether the employment of the Debtor's three listed professionals is immediate, or if the Court is entering an order approving the process by which these three professionals may then submit their declarations to be employed, thereby, starting the time period for objections to the employment;

ii) The State of Texas requests to be added to the definition of "Notice Parties" that will receive the declaration to be filed by any asserted professional;

iii) The State requests that the proposed declaration to be filed by any asserted professionals be edited to include the following: list of any payments made pre-petition as a retainer or for services; list estimated-anticipated reasonable costs that may be expended; and require a sufficiently detailed description of services to be rendered that are meant to maximize the value of the bankruptcy estate; and,

iv) The State requests that the Debtor's proposed "Quarterly Statement" be filed on a monthly basis instead of every quarter.

**D)** The State further prays for any relief it may show itself entitled.

Dated:  April 19, 2021               Respectfully submitted,

                KEN PAXTON
                Attorney General of Texas

                BRENT WEBSTER
                First Assistant Attorney General

                GRANT DORFMAN
                Deputy First Assistant Attorney General

                NANETTE DINUNZIO
                Associate Deputy Attorney General for Civil Litigation

                PAUL SINGER
                Senior Counsel for Public Protection

                RACHEL R. OBALDO
                Assistant Attorney General
                Chief, Bankruptcy & Collections Division

                */s/ Abigail R. Ryan*
                ABIGAIL R. RYAN
                Texas State Bar No.  24035956
                Southern Dist. Bar No. 614700
                Office of the Attorney General of Texas
                Bankruptcy & Collections Division
                P. O. Box 12548 MC008
                Austin, Texas 78711-2548
                Telephone: (512) 463-2173
                Facsimile: (512) 936-1409
                abigail.ryan@oag.texas.gov

                ATTORNEYS FOR THE STATE OF TEXAS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on April 19, 2021.

*/s/ Abigail R. Ryan*
ABIGAIL R. RYAN
Assistant Attorney General