UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| Debtor. | ) Re. Docket No. ——— **68** |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "Motion"),[2] of Griddy Energy LLC, as debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order authorizing the Debtor to establish the Compensation Procedures for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Active 62141354.162141354.2

this Court having reviewed the Motion; and a hearing, if any, having been held to consider the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**

        1.    Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory committee may seek interim compensation and/or reimbursement of expenses in accordance with the following Compensation Procedures:

        (i)    On or after the 21st day of each month following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "Monthly Statement"), by email or hand delivery, to the following parties (collectively, the "Fee Notice Parties"):

        (a)    the Debtor, PO Box 1288, Greens Farms, CT 06838 (Attn.: Roop Bhullar, roop@griddy.com);

        (b)    proposed counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake, david.eastlake@bakerbotts.com), and 30 Rockefeller Plaza, New York, NY 10112 (Attn.: Robin Spigel, robin.spigel@bakerbotts.com, and Chris Newcomb, Chris.Newcomb@bakerbotts.com);

        (c)    the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (Attn.: Jana Whitworth, jana.whitworth@usdoj.gov); and

  (d) the attorneys for each statutory committee appointed in the chapter 11 case, if any.

(ii) Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtor is authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "Notice of Objection to Monthly Statement") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Disputed Amount"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv) The first Monthly Statement shall be for the period from the Petition Date through April 30, 2021. Thereafter, the Retained Professionals may submit Monthly Statements in the manner described above.

(v) Beginning with the period ending June 30, 2021, and at three month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on

the Fee Notice Parties an interim fee application (each an "<u>Interim Fee Application</u>") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Compensation Procedures. Fee Notice Parties will have 14 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30, 2021. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation and reimbursement of expenses being sought and a description of the amount of compensation and expenses sought) on the Fee Notice Parties and all parties that have entered an appearance pursuant to Bankruptcy Rule 2002. The Application Recipients and other parties will have 21 days after service of an Interim Fee Application to object thereto. Notwithstanding anything to the contrary in the Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in the chapter 11 case and confirmed by the Court.

(vi)   <u>Any Professional that does not file a Monthly Statement for a particular month or months may subsequently submit a consolidated Monthly Statement that includes a request for compensation earned or expenses incurred during the previous months.</u>

(vii)   <s>(vi)</s> The Debtor will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(viii)   <s>(vii)</s> The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

(ix)   <u>Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement without cause shall (a) be ineligible to receive further monthly payments of</u>

Active <s>62141354.1</s><u>62141354.2</u>

fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

2.     Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Statement nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications.  All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3.     In each Interim Fee Application and the Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is an Ordinary Course Professional retained by the Debtor, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, both in connection with any Interim Fee Application and Final Fee Application to be filed by such professionals in the chapter 11 case.

4.     The Retained Professionals shall only serve the Monthly Statements, the Interim Fee Applications, and the Final Fee Applications on the Fee Notice Parties and shall provide notice of the Interim Fee Applications and Final Fee Applications and hearings thereon on all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the chapter 11 case.

5.     A Retained Professional shall not seek payment in a Final Fee Application for any amounts that such Retained Professional previously sought in a Monthly Fee Statement

Active 62141354.162141354.2

or Interim Fee Application, and which such Retained Professional voluntarily waived or reduced to resolve formal or informal objections or were disallowed by order of the Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

Active 62141354.162141354.2

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2021
  Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE