

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/22/2021

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) | **Re. Docket No. 70** |

### ORDER AUTHORIZING REJECTION OF (A) MERIDIAN AGREEMENT WITH MERIDIAN BUSINESS CENTERS-SOUTHWEST-PARTNERS, LP AND (B) WESTPORT LEASE WITH WILLIAM L. GAULT, TRUSTEE OF THE HOWARD W. GAULT TRUST U/A DATED JANUARY 27, 1969 EFFECTIVE AS OF THE PETITION DATE

Upon the motion (the "Motion"),[2] of Griddy Energy LLC, as debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order (the "Order") authorizing the rejection of the Proposed Rejected Agreements effective as of the Petition Date; and upon consideration of the Bhullar Declaration in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, each of (i) the Meridian Agreement, including, any agreements, addendums, amendments, modifications or supplements related thereto; and (ii) the Westport Lease, including, any agreements, addendums, amendments, modifications or supplements related thereto are rejected effective as of the Petition Date.

2. Any proof of claim arising from the rejection of the Meridian Agreement or the Westport Lease must be filed with the Debtor's Court-appointed claims agent by the later of (a) any non-governmental unit bar date established in this chapter 11 case or (b) thirty days after entry of this Order.

3. The requirements of Bankruptcy Rule 6004(a) are waived.

4. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5. The Debtor is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

6. Any of the Debtor's potential claims and causes of action against Meridian and Gault, including, but not limited to, the right to seek recovery of any deposits tendered to either Gault or Meridian in relation to the Proposed Rejected Agreements, are preserved.

Signed: April 21, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2021
Houston, Texas

    THE HONORABLE MARVIN ISGUR
    UNITED STATES BANKRUPTCY JUDGE