

ENTERED
04/22/2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | **Re. Docket No. 68** |
| | ) | |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "Motion"),[2] of Griddy Energy LLC, as debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order authorizing the Debtor to establish the Compensation Procedures for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion;

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory committee may seek interim compensation and/or reimbursement of expenses in accordance with the following Compensation Procedures:

   (i) On or after the 21st day of each month following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "Monthly Statement"), by email or hand delivery, to the following parties (collectively, the "Fee Notice Parties"):

   (a) the Debtor, PO Box 1288, Greens Farms, CT 06838 (Attn.: Roop Bhullar, roop@griddy.com);

   (b) proposed counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake, david.eastlake@bakerbotts.com), and 30 Rockefeller Plaza, New York, NY 10112 (Attn.: Robin Spigel, robin.spigel@bakerbotts.com, and Chris Newcomb, Chris.Newcomb@bakerbotts.com);

   (c) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (Attn.: Jana Whitworth, jana.whitworth@usdoj.gov); and

   (d) the attorneys for each statutory committee appointed in the chapter 11 case, if any.

   (ii) Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtor is authorized and directed to pay the Retained Professional

2

an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "Notice of Objection to Monthly Statement") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Disputed Amount"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv) The first Monthly Statement shall be for the period from the Petition Date through April 30, 2021. Thereafter, the Retained Professionals may submit Monthly Statements in the manner described above.

(v) Beginning with the period ending June 30, 2021, and at three month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Compensation Procedures. Fee Notice Parties will have 21 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30,

        2021. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation and reimbursement of expenses being sought and a description of the amount of compensation and expenses sought) on the Fee Notice Parties and all parties that have entered an appearance pursuant to Bankruptcy Rule 2002. The Application Recipients and other parties will have 21 days after service of an Interim Fee Application to object thereto. Notwithstanding anything to the contrary in the Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in the chapter 11 case and confirmed by the Court.

(vi)     Any Professional that does not file a Monthly Statement for a particular month or months may subsequently submit a consolidated Monthly Statement that includes a request for compensation earned or expenses incurred during the previous months.

(vii)     The Debtor will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(viii)     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

(ix)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement without cause shall (a) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

2.     Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Statement nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications. All fees and expenses

paid to Retained Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3. In each Interim Fee Application and the Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is an Ordinary Course Professional retained by the Debtor, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, both in connection with any Interim Fee Application and Final Fee Application to be filed by such professionals in the chapter 11 case.

4. The Retained Professionals shall only serve the Monthly Statements, the Interim Fee Applications, and the Final Fee Applications on the Fee Notice Parties and shall provide notice of the Interim Fee Applications and Final Fee Applications and hearings thereon on all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the chapter 11 case.

5. A Retained Professional shall not seek payment in a Final Fee Application for any amounts that such Retained Professional previously sought in a Monthly Fee Statement or Interim Fee Application, and which such Retained Professional voluntarily waived or reduced to resolve formal or informal objections or were disallowed by order of the Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Signed: April 21, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:  
Griddy Energy LLC  
Official Committee Of Unsecured Creditor  
    Debtors

Case No. 21-30923-mi  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0541-4      User: TylerLaws      Page 1 of 3  
Date Rcvd: Apr 22, 2021      Form ID: pdf002      Total Noticed: 9

The following symbols are used throughout this certificate:  
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 24, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Griddy Energy LLC, P.O. Box 1288, Greens Farms, CT 06838-1288 |
| cr | + | Buchalter, a Professional Corporation, Buchalter PC, Shawn M. Christianson, Esq., 55 2nd St., 17th Fl., San Francisco, Ca 94105-3493 |
| intp | + | Karen Prescott, c/o Jordan Holzer & Ortiz, 500 N Shoreline Blvd., Suite 900, Corpus Christi, TX 78401-0341 |
| cr | + | Lisa Sandifer Khoury, 6227 Oleander, Baytown, TX 77523-8252 |
| intp | | State of Texas, c/o Texas Attorney General's Office, Bankruptcy & Collections Division, P. O. Box 12548 MC-008, Austin, TX 78711-2548 |
| op | + | Stretto, 410 Exchange, Suite 100, Irvine, CA 92602-1331 |
| cr | + | Texas-New Mexico Power Company, Jackson Walker LLP, Attn: Bruce J. Ruzinsky, 1401 McKinney Street, Suite 1900, Houston, TX 77010-1900 |
| intp | + | multiple injured and death case tort claimants, c/o Jordan Holzer & Ortiz, 500 N Shoreline, Suite 900, Corpus Christi, TX 78401-0341 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: houston_bankruptcy@LGBS.com | Apr 22 2021 19:58:00 | Harris County, et al., Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Bernice Willman |
| cr | | Charles Huppert |
| cr | | ERCOT |
| intp | | Luminant Energy Company LLC |
| cr | | Macquarie Energy LLC |
| cr | | Macquarie Investments US Inc. |
| crcm | | Official Committee Of Unsecured Creditors |
| intp | | Public Utility Commission of Texas |
| cr | | Thomas Clark |

TOTAL: 9 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

| | | |
|---|---|---|
| District/off: 0541-4 | User: TylerLaws | Page 2 of 3 |
| Date Rcvd: Apr 22, 2021 | Form ID: pdf002 | Total Noticed: 9 |

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 24, 2021     Signature:     /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 22, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abigail R. Ryan | on behalf of Interested Party State of Texas Abigail.Ryan@oag.texas.gov |
| Bruce J Ruzinsky | on behalf of Creditor Texas-New Mexico Power Company bruzinsky@jw.com msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Charles R Gibbs | on behalf of Creditor Committee Official Committee Of Unsecured Creditors crgibbs@mwe.com dnorthrop@mwe.com;cgreer@mwe.com |
| Christopher R. Newcomb | on behalf of Debtor Griddy Energy LLC chris.newcomb@bakerbotts.com jacob.herz@bakerbotts.com |
| David Robert Eastlake | on behalf of Debtor Griddy Energy LLC david.eastlake@bakerbotts.com |
| Deborah Michelle Perry | on behalf of Creditor ERCOT dperry@munsch.com |
| James Ryan Fowler | on behalf of Plaintiff Lisa Khoury rfowler@potts-law.com pcolburn@potts-law.com |
| James Ryan Fowler | on behalf of Creditor Lisa Sandifer Khoury rfowler@potts-law.com pcolburn@potts-law.com |
| Jamil N Alibhai | on behalf of Creditor ERCOT jalibhai@munsch.com atellez@munsch.com |
| Jana Smith Whitworth | on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov |
| Jason B. Binford | on behalf of Interested Party Public Utility Commission of Texas Jason.binford@oag.texas.gov |
| Jeffrey R Cox | on behalf of Interested Party Bernice Willman jcox@slmpc.com |
| John Lawrence | on behalf of Defendant Griddy Holdings LLC john.lawrence@bakerbotts.com jessica.aquino@bakerbotts.com |
| John Lawrence | on behalf of Defendant Griddy Energy LLC john.lawrence@bakerbotts.com jessica.aquino@bakerbotts.com |
| John Lawrence | on behalf of Debtor Griddy Energy LLC john.lawrence@bakerbotts.com jessica.aquino@bakerbotts.com |
| Jonathan Rubenstein | on behalf of Defendant Griddy Holdings LLC jonathan.rubenstein@bakerbotts.com |
| Jonathan Rubenstein | on behalf of Defendant Griddy Energy LLC jonathan.rubenstein@bakerbotts.com |
| Karen Hope Beyea-Schroeder | on behalf of Creditor Thomas Clark karen.schroeder@rburnettlaw.com |
| Karen Hope Beyea-Schroeder | on behalf of Creditor Charles Huppert karen.schroeder@rburnettlaw.com |
| Kelli S. Norfleet | on behalf of Creditor Macquarie Energy LLC kelli.norfleet@haynesboone.com kenneth.rusinko@haynesboone.com |
| Kelli S. Norfleet | on behalf of Creditor Macquarie Investments US Inc. kelli.norfleet@haynesboone.com kenneth.rusinko@haynesboone.com |

| | | |
|---|---|---|
| District/off: 0541-4 | User: TylerLaws | Page 3 of 3 |
| Date Rcvd: Apr 22, 2021 | Form ID: pdf002 | Total Noticed: 9 |

Kevin Chiu
    on behalf of Debtor Griddy Energy LLC kevin.chiu@bakerbotts.com

Kevin M Lippman
    on behalf of Creditor ERCOT klippman@munsch.com  pmoore@munsch.com

Michael Alan Rosenthal
    on behalf of Interested Party Luminant Energy Company LLC MBischoping@gibsondunn.com;kmatorana@gibsondunn.com

Rachel Ruth Obaldo
    on behalf of Interested Party State of Texas bk-robaldo@oag.texas.gov  sherri.simpson@oag.texas.gov

Riley Burnett
    on behalf of Creditor Thomas Clark rburnett@rburnettlaw.com

Riley Burnett
    on behalf of Creditor Charles Huppert rburnett@rburnettlaw.com

Robin Spigel
    on behalf of Debtor Griddy Energy LLC robin.spigel@bakerbotts.com

Shawn M Christianson
    on behalf of Creditor Buchalter  a Professional Corporation schristianson@buchalter.com, cmcintire@buchalter.com

Shelby A Jordan
    on behalf of Interested Party Karen Prescott ecf@jhwclaw.com

Shelby A Jordan
    on behalf of Interested Party multiple injured and death case tort claimants ecf@jhwclaw.com

Stephen Douglas Statham
    on behalf of U.S. Trustee US Trustee stephen.statham@usdoj.gov

Tara L Grundemeier
    on behalf of Creditor Harris County  et al. houston_bankruptcy@publicans.com

US Trustee
    USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 34