## **Exhibit A**

Rule 2004 Notices

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GRIDDY ENERGY LLC,[1] | § | Case No. 21-30923 (MI) |
| | § | |
| Debtor. | § | |
| | § | |

**NOTICE OF EXAMINATION OF THE DEBTOR AND THE**
**NON-DEBTOR AFFILIATES PURSUANT TO FEDERAL**
**RULE OF BANKRUPTCY PROCEDURE 2004**

PLEASE TAKE NOTICE THAT, the Official Committee of Unsecured Creditors (the

"Committee") of the above-captioned debtor and debtor in possession (the "Debtor") hereby

requests that the Debtor and the Non-Debtor Affiliates[2] produce on a rolling basis documents in

accordance with the definitions and instructions, and responsive to the requests (the "Requests"),

set forth in Schedule A hereto, for inspection and copying at the offices of McDermott Will &

Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201, such that production

is substantially complete on or before April 14, 2021, or such date and time as otherwise may be

mutually agreed upon by the parties.

This examination is pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure

and Bankruptcy Local Rule 2004-1. Pursuant to Local Rule 2004-1, no order shall be necessary.

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the
Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   The Non-Debtor Affiliates are (i) Griddy Holdings LLC, (ii) Beachside New Utility Holdings LLC, (iii) EDF
Trading North America LLC, (iv) Elliot New Utility Holdings LLC, (v) Grid Investments Inc., (vi) Griddy 6
Holdings LLC, (vii) Griddy VI Holdings LLC, (viii) Griddy VI Intermediate Holdings LLC, (ix) Griddy VI
Series A Holdings LLC, (x) Griddy Pro LLC, (xi) Griddy Technologies LLC, (xii) Janson New Utility Holding
LLC, (xiii) Niab Holdings Pty Limited, and (xiv) SRA Investments Pty Limited.

Dated: April 8, 2021

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/  Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
Shelby Perry (admitted *pro hac vice*)
2501 North Hardwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:   (214) 295-8000
Facsimile:    (972) 232-3098
Email:        crgibbs@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
Blaine Adams (admitted *pro hac vice*)
340 Madison Ave.
New York, NY 10173-1922
Telephone:   (212) 547-5615
Facsimile:    (212) 547-5444
Email        dazman@mwe.com

*Proposed Counsel to the Official*
*Committee of Unsecured Creditors*

DM_US 178855588-3.T17643.0010

## SCHEDULE A

### DEFINITIONS

1.      "Business Combination" means the business combination that the Debtor was involved in on or around December 4, 2020.

2.      "Chapter 11 Case" means the chapter 11 case styled as *In re Griddy Energy LLC*, No. 21-30923 (MI) (Bankr. S.D. Tex. 2021) pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3.      "Committee" means the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case.

4.      "Communication" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, and includes the transmission, sending, and/or receipt of information of any kind, or the attempt to elicit information of any kind, by and/or through any means, including, but not limited to, speech, writing, language, electronic mail, instant messages, text messages, calendars, faxes, and all forms of electronic transmission.  Requests for Communication also include a request for all Documents concerning such Communication.

5.      "Debtor" means Griddy Energy LLC and its officers, representatives, agents, advisors, and attorneys.

6.      "Non-Debtor Affiliate" means Griddy Holdings LLC, Beachside New Utility Holdings LLC, EDF Trading North America LLC, Elliot New Utility Holdings LLC, Grid Investments Inc., Griddy 6 Holdings LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy VI Series A Holdings LLC, Griddy Pro LLC, Griddy Technologies LLC, Janson New Utility Holding LLC, Niab Holdings Pty Limited, and SRA Investments Pty Limited, and each of their officers, representatives, agents, advisors, and attorneys.

7.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8.      "Credit Agreement" means that certain Borrowing Base Facility Agreement, dated as of December 4, 2020, by and among Griddy Energy LLC, as Borrower, Macquarie Investments US Inc., as lender, and certain Non-Debtor Affiliates as guarantors, and certain other parties specified therein.

9.      "Document" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes items written by hand, printed, recorded, generated, or reproduced by any mechanical or electronic process, including, but not limited to, electronically stored information.

10.     "ERCOT" means the Electric Reliability Council of Texas.

11.     "Including" means including, without limitation.

12.     "Macquarie" means Macquarie Investments US Inc., Macquarie Energy LLC, and affiliates, parents, and subsidiaries of the foregoing entities, and each of their officers, representatives, agents, advisors, and attorneys.

13.     "Mentioning, evidencing, relating or referring to" includes in whole or in part, directly or indirectly, analyzing, containing, supporting, concerned with, connected with, dealing with, constituting, describing, relevant to or pertaining to the identified Person, Document or subject matter.

14.     "Person" or "Entity" includes any natural person or entity, including, but not limited to, any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

2

15.     "Petition Date" means March 15, 2021.

16.     "Regarding" is used in its broadest sense to mean and include referring to, relating to, concerning, constituting, summarizing, reflecting, containing, evidencing, mentioning, stating, showing, discussing, including, involving, and commenting upon.

17.     "Winter Storm Uri" means the February 13 through February 17, 2021 North American winter storm, unofficially referred to as *Winter Storm Uri*.

18.     Whenever appropriate to bring within the scope of these Requests information and Documents that would lead to the discovery of relevant evidence, (i) the singular form of a word shall also mean the plural, and vice versa, and (ii) a verb in any tense shall be construed as the use of the verb in all other tenses.

19.     The word "all" includes "any;" the word "any" includes "all."

20.     "And" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Requests any information, including Documents, which might otherwise be construed to be outside their scope.

21.     "Anyone" and "everyone" mean natural persons, as well as business entities of any sort, including but not limited to corporations, limited liability companies, companies, partnerships, joint ventures, sole proprietorships, firms, associations, governmental agencies, businesses, organizations, profit and nonprofit organizations, and the employees, owners, or agents of the foregoing.

<u>INSTRUCTIONS</u>

1.     Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

DM_US 178855588-3.T17643.0010

2.      Production of electronic Documents shall be Bates numbered TIFF images with extracted data or native Microsoft Excel files.

3.      Each Request herein extends to all Documents in the possession, custody, or control of the Debtor or anyone acting on the Debtor's behalf, including, but not limited to, Baker Botts L.L.P.

4.      Requests for Debtor Communications shall include Communications made by the Debtor's officers and directors in their capacity as such, whether such Communications were made using Debtor issued email addresses or telephone numbers, or external accounts.  For the avoidance of doubt, Requests for Debtor Communications include any text messages and/or messages sent via any chat or instant messaging applications.

5.      If any Document called for by these Requests is withheld in whole or in part because you claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, set forth the grounds for withholding such Document, its present location custodian, and additional information sufficient to identify the Document and your reasons for withholding, including, but not limited to: the type of Document, its date, author(s), recipient(s), general subject matter, the type of privilege asserted or reason for withholding, and the basis for asserting privilege.

6.      These Requests shall not be deemed to call for identical copies of Documents.  A Document with handwritten notes, editing marks, or any other mark that differentiates the Document shall not be deemed identical to one without such modifications, additions, or deletions.

7.      If you object to any Request, please state with specificity all grounds for the objection so that the parties may meet and confer.

4

8.      Whenever a requested Document or group of Documents is kept or found in a file, produce the Document or Documents along with the file in which they are contained. Whenever a requested Document or file or group of Documents or files are kept or are found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number or title on the file drawer, file box, or other place from which the Document or file was found or removed.

9.      No Document or file requested should be altered, changed, or modified in any respect.  No Document or file requested should be disposed of or destroyed.

10.     If any Document(s) responsive to any Request has (have) been lost, misplaced, or destroyed, then so state and identify each such Document, identifying the specific Request to which each such Document would have been responsive.

11.     If there are no Documents in your possession, custody, or control that are responsive to a particular Request, so state, identifying such Request.

12.     Unless otherwise specifically stated herein, the period covered by these Requests is from January 1, 2021 to present.

13.     These Requests are continuing.  Promptly supplement your responses when and if you become aware of additional responsive materials.

14.     In accordance with Local Rule 2004-1(c), the Committee is willing to meet and confer regarding the scope of these Requests.

<u>DOCUMENT REQUESTS</u>

1.      All Documents concerning the Credit Agreement, including a full closing binder that contains all related agreements, secondary agreements, amendments, and account control agreements.

5

2.      All Documents concerning UCC lien searches related to the Debtor and each Non-Debtor Affiliate.

3.      All Documents evidencing any lien perfection analyses performed by the Debtor on any liens held or purportedly held by Macquarie against the Debtor and each Non-Debtor Affiliate.

4.      All communications between Macquarie, on the one hand, and the Debtor or any Non-Debtor Affiliate, on the other hand, between January 1, 2021 and the Petition Date.

5.      All Documents and Communications evidencing or relating to any transfer of property from the Debtor or a Non-Debtor Affiliate, on the one hand, to Macquarie, on the other hand.

6.      All Documents evidencing the organizational structure of the Debtor and each Non-Debtor Affiliate, including the identity and equity holdings of the ultimate beneficial owners of the Debtor and each Non-Debtor Affiliate.

7.      All agreements, whether written, oral, formal, or informal, between the Debtor, on the one hand, and a Non-Debtor Affiliate or an insider (as defined in the Bankruptcy Code) of the Debtor or a Non-Debtor Affiliate, on the other hand.

8.      All organizational documents for the Debtor and each Non-Debtor Affiliate.

9.      All board resolutions and board meeting minutes for the Debtor and each Non-Debtor Affiliate.

10.     All Documents evidencing the name, title, and period of service of each current and former director or officer of the Debtor and each Non-Debtor Affiliate.

11.     All Documents evidencing any transfer of property from the Debtor, on the one hand, to any Non-Debtor Affiliate or an insider of the Debtor or a Non-Debtor Affiliate, on the other hand.

12.     All Documents evidencing the assets and liabilities of each Non-Debtor Affiliate, including balance sheets, financial statements, and Documents of a similar character.

13.     All tax returns for the Debtor and each Non-Debtor Affiliate.

14.     All Documents evidencing any insurance policy maintained by the Debtor or a Non-Debtor Affiliate.

15.     All forms of customer contracts that the Debtor or any Non-Debtor Affiliate has used to enroll customers.

16.     All Communication relating to Winter Storm Uri between the Debtor or any Non-Debtor Affiliate, on the one hand, and ERCOT, on the other hand.

17.     All agreements, whether written, oral, formal, or informal, between the Debtor or any Non-Debtor Affiliate, on the one hand, and ERCOT, on the other hand.

18.     All Communication between the Debtor or a Non-Debtor Affiliate, on the one hand, and any other person, on the other hand, regarding the transition of customers from the Debtor or a Non-Debtor Affiliate to a provider of last resort.

19.     All Documents concerning the Business Combination.

7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GRIDDY ENERGY LLC,[1] | § | Case No. 21-30923 (MI) |
| | § | |
| Debtor. | § | |
| | § | |

### SECOND NOTICE OF EXAMINATION OF THE DEBTOR AND THE NON-DEBTOR AFFILIATES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

PLEASE TAKE NOTICE THAT, the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") hereby requests that the Debtor and the Non-Debtor Affiliates[2] produce on a rolling basis documents in accordance with the definitions and instructions, and responsive to the requests (the "Requests"), set forth in Schedule A hereto, for inspection and copying at the offices of McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201, such that production is substantially complete on or before April 21, 2021, or such date and time as otherwise may be mutually agreed upon by the parties.

This examination is pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 2004-1. Pursuant to Local Rule 2004-1, no order shall be necessary.

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   The Non-Debtor Affiliates are (i) Griddy Holdings LLC, (ii) Beachside New Utility Holdings LLC, (iii) EDF Trading North America LLC, (iv) Elliot New Utility Holdings LLC, (v) Grid Investments Inc., (vi) Griddy 6 Holdings LLC, (vii) Griddy VI Holdings LLC, (viii) Griddy VI Intermediate Holdings LLC, (ix) Griddy VI Series A Holdings LLC, (x) Griddy Pro LLC, (xi) Griddy Technologies LLC, (xii) Janson New Utility Holding LLC, (xiii) Niab Holdings Pty Limited, and (xiv) SRA Investments Pty Limited.

Dated: April 13, 2021

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

/s/  Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
Shelby Perry (admitted *pro hac vice*)
2501 North Hardwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:        crgibbs@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
Blaine Adams (admitted *pro hac vice*)
340 Madison Ave.
New York, NY 10173-1922
Telephone:   (212) 547-5615
Facsimile:   (212) 547-5444
Email        dazman@mwe.com

*Proposed Counsel to the Official
Committee of Unsecured Creditors*

## SCHEDULE A

### DEFINITIONS

1.      "Chapter 11 Case" means the chapter 11 case styled as *In re Griddy Energy LLC*, No. 21-30923 (MI) (Bankr. S.D. Tex. 2021) pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.      "Committee" means the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case.

3.      "Communication" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, and includes the transmission, sending, and/or receipt of information of any kind, or the attempt to elicit information of any kind, by and/or through any means, including, but not limited to, speech, writing, language, electronic mail, instant messages, text messages, calendars, faxes, and all forms of electronic transmission.  Requests for Communication also include a request for all Documents concerning such Communication.

4.      "Debtor" means Griddy Energy LLC and its officers, representatives, agents, advisors, and attorneys.

5.      "Non-Debtor Affiliate" means Griddy Holdings LLC, Beachside New Utility Holdings LLC, EDF Trading North America LLC, Elliot New Utility Holdings LLC, Grid Investments Inc., Griddy 6 Holdings LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy VI Series A Holdings LLC, Griddy Pro LLC, Griddy Technologies LLC, Janson New Utility Holding LLC, Niab Holdings Pty Limited, and SRA Investments Pty Limited, and each of their officers, representatives, agents, advisors, and attorneys.

6.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7.      "Document" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes items written by hand, printed, recorded, generated, or reproduced by any mechanical or electronic process, including, but not limited to, electronically stored information.

8.      "Including" means including, without limitation.

9.      "Insurance Carrier" means any insurance carrier that at any time has provided insurance coverage to the Debtor, a Non-Debtor Affiliate, or any of their officers or directors.

10.      "Macquarie" means Macquarie Investments US Inc., Macquarie Energy LLC, and affiliates, parents, and subsidiaries of the foregoing entities, and each of their officers, representatives, agents, advisors, and attorneys.

11.      "Mentioning, evidencing, relating, or referring to" includes in whole or in part, directly or indirectly, analyzing, containing, supporting, concerned with, connected with, dealing with, constituting, describing, relevant to or pertaining to the identified Person, Document or subject matter.

12.      "Person" or "Entity" includes any natural person or entity, including, but not limited to, any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

13.      "Petition Date" means March 15, 2021.

14.      "Regarding" is used in its broadest sense to mean and include referring to, relating to, concerning, constituting, summarizing, reflecting, containing, evidencing, mentioning, stating, showing, discussing, including, involving, and commenting upon.

DM_US 178916756-3.T17643.0010

15.    "Winter Storm Uri" means the February 13 through February 17, 2021 North American winter storm, unofficially referred to as *Winter Storm Uri*.

16.    Whenever appropriate to bring within the scope of these Requests information and Documents that would lead to the discovery of relevant evidence, (i) the singular form of a word shall also mean the plural, and vice versa, and (ii) a verb in any tense shall be construed as the use of the verb in all other tenses.

17.    The word "all" includes "any;" the word "any" includes "all."

18.    "And" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Requests any information, including Documents, which might otherwise be construed to be outside their scope.

19.    "Anyone" and "everyone" mean natural persons, as well as business entities of any sort, including but not limited to corporations, limited liability companies, companies, partnerships, joint ventures, sole proprietorships, firms, associations, governmental agencies, businesses, organizations, profit and nonprofit organizations, and the employees, owners, or agents of the foregoing.

## INSTRUCTIONS

1.    Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

2.    Production of electronic Documents shall be Bates numbered TIFF images with extracted data or native Microsoft Excel files.

3.      Each Request herein extends to all Documents in the possession, custody, or control of the Debtor or anyone acting on the Debtor's behalf, including, but not limited to, Baker Botts L.L.P.

4.      Requests for Debtor Communications shall include Communications made by the Debtor's officers and directors in their capacity as such, whether such Communications were made using Debtor issued email addresses or telephone numbers, or external accounts.  For the avoidance of doubt, Requests for Debtor Communications include any text messages and/or messages sent via any chat or instant messaging applications.

5.      If any Document called for by these Requests is withheld in whole or in part because you claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, set forth the grounds for withholding such Document, its present location custodian, and additional information sufficient to identify the Document and your reasons for withholding, including, but not limited to: the type of Document, its date, author(s), recipient(s), general subject matter, the type of privilege asserted or reason for withholding, and the basis for asserting privilege.

6.      These Requests shall not be deemed to call for identical copies of Documents.  A Document with handwritten notes, editing marks, or any other mark that differentiates the Document shall not be deemed identical to one without such modifications, additions, or deletions.

7.      If you object to any Request, please state with specificity all grounds for the objection so that the parties may meet and confer.

8.      Whenever a requested Document or group of Documents is kept or found in a file, produce the Document or Documents along with the file in which they are contained.

Whenever a requested Document or file or group of Documents or files are kept or are found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number or title on the file drawer, file box, or other place from which the Document or file was found or removed.

9.      No Document or file requested should be altered, changed, or modified in any respect.  No Document or file requested should be disposed of or destroyed.

10.      If any Document(s) responsive to any Request has (have) been lost, misplaced, or destroyed, then so state and identify each such Document, identifying the specific Request to which each such Document would have been responsive.

11.      If there are no Documents in your possession, custody, or control that are responsive to a particular Request, so state, identifying such Request.

12.      These Requests are continuing.  Promptly supplement your responses when and if you become aware of additional responsive materials.

13.      In accordance with Local Rule 2004-1(c), the Committee is willing to meet and confer regarding the scope of these Requests.

<u>DOCUMENT REQUESTS</u>

1.      All Communication between the Debtor or a Non-Debtor Affiliate, on the one hand, and an Insurance Carrier, on the other hand, regarding any notice of claim.

2.      All Communication between the Debtor or a Non-Debtor Affiliate, on the one hand, and Macquarie, on the other hand.

3.      All Communication between the Debtor, on the one hand, and any other person, on the other hand, between January 1, 2021 and the Petition Date concerning Winter Storm Uri.

5

      4.      All Documents created between January 1, 2021 and the Petition Date concerning Winter Storm Uri.

6