IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GRIDDY ENERGY LLC,[1] | § | Case No. 21-30923 (MI) |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE
COMMITTEE TO (I) FILE THE OBJECTION TO MOTION TO QUASH UNDER
SEAL; (II) FILE THE AZMAN DECLARATION UNDER SEAL; AND (III) REDACT
<u>CONFIDENTIAL PORTIONS THEREOF</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**PLEASE NOTE THAT THROUGH THE ENTRY OF GENERAL ORDER 2020-10 ON MARCH 24, 2020, GENERAL ORDER 2020-11 ON APRIL 27, 2020, GENERAL ORDER 2020-17 ON JUNE 12, 2020, GENERAL ORDER 2020-18 ON JUNE 29, 2020, GENERAL ORDER 2020-19 ON AUGUST 7, 2020, AND GENERAL ORDER 2020-20 ON OCTOBER 19, 2020, THE COURT INVOKED AND THEN EXTENDED AND MODIFIED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy case (the "Chapter 11 Case") of Griddy Energy LLC (the "Debtor") hereby moves (the "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to (i) file the *Objection of the Official Committee of Unsecured Creditors to Debtor and Non-Debtor Affiliates' Motion to Quash and for a Protective Order*, filed contemporaneously herewith (the "Objection to Motion to Quash")[2] under seal; (ii) file the *Declaration of Darren Azman in Support of Objections of the Official Committee of Unsecured Creditors to the Debtor's (I) Disclosure Statement Motion and (II) Motion to Quash*, filed contemporaneously herewith (the "Azman Declaration"); and (iii) redact the Objection to Motion to Quash and Azman Declaration wherever publicly filed. In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Committee confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Objection to Motion to Quash.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rules 1075-1 and 9013-1.

## BACKGROUND

4. On March 15, 2021, the Debtor commenced this Chapter 11 Case. Docket No. 1.

5. On March 31, 2021, the United States Trustee for Region 7 appointed the Committee. Docket No. 116. On April 6, 2021, the Committee retained the undersigned counsel as its proposed bankruptcy counsel. On April 14, 2021, the Committee retained Province as its proposed financial advisor. On April 19, 2021, the Committee executed the *By-Laws of the Official Committee of Unsecured Creditors of Griddy Energy LLC* (the "By-Laws").

6. On April 8, 2021, the Committee served its Notice of Examination of the Debtor and the Non-Debtor Affiliates Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "First Notice").

7. On April 13, 2021, the Committee served its Second Notice of Examination of the Debtor and the Non-Debtor Affiliates Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Second Notice," and together with the First Notice, the "Notices").

8. On April 14, 2021, the Debtor filed the *Debtor and Non-Debtor Affiliates' Motion to Quash and for a Protective Order* [Docket No. 165] (the "Motion to Quash"), seeking to quash any examination of the Non-Debtor Affiliates and to limit the examination of the Debtor.

9. On the date hereof, the Committee filed the Objection to Motion to Quash, objecting to the Motion to Quash for the reasons stated therein.

10. On April 19, 2021, the Debtor filed the *Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* and the *[Proposed] Disclosure Statement*

for *Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"). Docket Nos. 175, 176

11. On April 23, the Committee filed the *Objection of the Official Committee of Unsecured Creditors to the Debtor's Motion for Entry of an Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of Plan* [Docket No. 187], objecting to conditional approval of the Disclosure Statement for the reasons stated therein.

## CONFIDENTIALITY OBLIGATIONS

12. The Committee's agreement to maintain the confidentiality of documents provided by the Debtor was a material condition to the Debtor's provision of such documents. Accordingly, the Debtor and the Committee negotiated the confidentiality provisions in the By-Laws pursuant to which the Committee is prohibited from publicly disclosing confidential information received from the Debtor. Breach of the confidentiality provisions in the By-Laws may subject the Committee to claims or causes of action.

13. In preparing the Objection to Motion to Quash and the Azman Declaration, the Committee relied upon certain documents provided by the Debtor, each of which is designated confidential (the "Confidential Information"). Broad dissemination of this information may violate the Committee's obligations under the By-Laws and could cause harm to affected parties.

## RELIEF REQUESTED

14. The Committee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to (i) file the Objection to Motion to

Quash under seal; (ii) file the Azman Declaration under seal; and (iii) redact the Objection to Motion to Quash and the Azman Declaration wherever publicly filed.

## BASIS FOR RELIEF REQUESTED

15. Pursuant to Bankruptcy Code section 105(a), the Court has inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, pursuant to Bankruptcy Code section 107(b)(1), the Court may authorize the Committee to file the Confidential Information in the Objection to Motion to Quash and the Azman Declaration under seal by issuing an order that protects entities from potential harm that may result from the disclosure of certain the Confidential Information. *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information.").

16. Bankruptcy Rule 9018 provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

17. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original); *In re Altegrity, Inc.*, No. 15-10226, 2015 WL

10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").

18. The Committee submits that the Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018. Information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity is "commercial information." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010). Commercial information need not rise to the level of a "trade secret" to be protected under Bankruptcy Code section 107(b). *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors."). Rather, Bankruptcy Code section 107(b) is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id*. (internal citations omitted).

19. The Confidential Information contains highly sensitive information relating to the Debtor. The Debtor would be adversely impacted if this information were disclosed. Furthermore, the Debtor may bring claims or causes of action against the Committee if the Confidential Information were disclosed. Therefore, cause exists to file the Objection to Motion to Quash and the Azman Declaration under seal and redact the Confidential Information in the Objection to Motion to Quash and the Azman Declaration wherever publicly filed.

20. Notwithstanding the foregoing, the Committee will provide unredacted copies of the Objection to Motion to Quash and the Azman Declaration to (i) the Court, (ii) the Debtor, (iii) the U.S. Trustee for the Southern District of Texas, and (iv) other parties only upon further order of the Court.

## NOTICE

21. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## NO PRIOR REQUEST

22. No prior request for the relief sought herein has been made by the Committee to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Committee respectfully requests the entry of an order authorizing the Committee to (i) file the Objection to Motion to Quash under seal; (ii) file the Azman Declaration under seal; and (iii) redact the Objection to Motion to Quash and the Azman Declaration wherever publicly filed.

Dated: April 25, 2021

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
Shelby Perry (admitted *pro hac vice*)
2501 North Hardwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:  (214) 295-8000
Facsimile:   (972) 232-3098
Email:         crgibbs@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
Blaine Adams (admitted *pro hac vice*)
340 Madison Ave.
New York, NY 10173-1922
Telephone:  (212) 547-5615
Facsimile:   (212) 547-5444
Email         dazman@mwe.com

*Proposed Counsel to the Official*
*Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

  I certify that on April 25, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                /s/ *Charles R. Gibbs*
                Charles R. Gibbs