**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | |

**APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
PROVINCE, LLC AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS, EFFECTIVE AS OF APRIL 14, 2021</u>**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE APPLYING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE APPLYING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLYING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is P.O. Box 1288, Green Farms, CT 06838.

1

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned case (the "**Chapter 11 Case**") of Griddy Energy LLC (the "**Debtor**") submits this application  (the "**Application**") for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the employment and retention of Province, LLC ("**Province**") as  financial advisor to the Committee, effective as of April 14, 2021 pursuant to Sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**").  In support of the Application, the Committee submits the declaration of David Dunn, a principal of Province (the "**Dunn Declaration**"), attached hereto as **Exhibit B**.  In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief sought herein are Sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4.  On March 15, 2021, Griddy Energy LLC commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is authorized to operate their businesses and manage their properties as a debtor in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Case.

5.      On March 31, 2021, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Committee pursuant to Section 1102 of the Bankruptcy Code.  The Committee consists of the following three (3) members: (i) Holland O'Neill; (ii) Ty Williams; and (iii) Lisa Khoury.

6.      On April 14, 2021, the Committee held a meeting and selected Province to serve as financial advisor to the Committee in this case, subject to Court approval.

## RETENTION OF PROVINCE, LLC

7.      By this Application, the Committee seeks authority to retain Province as financial advisor pursuant to Sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1.

8.      The Committee is familiar with the professional standing and reputation of Province.  The Committee understands and recognizes that Province has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 case on behalf of debtor and creditors throughout the United States.

9.      The Committee determined that the services of Province are necessary to enable the Committee to assess and monitor the efforts of the Debtor and their professionals and to maximize the value of the Debtor's estates for the benefit of unsecured creditors.  Further, Province is well-qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

10.     The Committee submits that it is necessary and appropriate for it to employ and retain Province to provide, among other things, the following services:

3

- Analyze any valuations and/or appraisals performed by the Debtor or on the Debtor's behalf within the past 12 months;

- Provide forensic accounting expertise to engage the Debtor and their advisors in an initial assessment of the propriety of insider distributions and loans;

- Coordinate with the Debtor to review the operating performance relative to the Cash Collateral budget;

- Assist counsel to the Committee in the initial investigation of the validity of liens as it relates to asserted secured claims, the quantification of those claims and their impact on proceeds available to unsecured creditors;

- Analyze the Debtor's current and historical business operations, financial results and pre- and post-petition financing arrangements, as requested by the Committee;

- Investigate any potential causes of action or fraudulent transfers;

- Analyze the potential for additional sources of recovery to the Debtor estates;

- Review the financial aspects of any Disclosure Statement and Plan of Reorganization;

- As necessary, develop a liquidation/waterfall analysis and/or valuation based on Province's evaluation of the underlying facts and circumstances;

- Negotiate on behalf of the Committee with relevant parties;

- Address any related financial and business issues, as requested by the Committee and/or counsel to the Committee;

- Attend meetings of creditors and confer with representatives of the Committee, the Debtor and their counsel;

- Report to the Committee and counsel on a regular basis; and

- Testify at hearings from time to time should circumstances warrant it.

11.     The Committee understands and agrees that Province will charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Dunn Declaration. The Committee requests that all financial advisory fees and related costs and expenses incurred by the Committee on account of services rendered by Province in this case be paid as administrative

expenses of the estate pursuant to Sections 328, 330(a), 331, 503(b) and 507(a)(2) of the Bankruptcy Code.   The Committee understands that Province will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.   The Committee also understands that Province will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligations under the Bankruptcy Code and any administrative fee orders entered in this case, and the Committee consents to same.

12.     Based upon the Dunn Declaration, the Committee is satisfied that Province (i) does not represent any other entity having an adverse interest to the Committee, the Debtor, its estate, or any other party-in-interest in connection with this case, (ii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Province has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Province has no connection with creditors or any other party-in-interest except as otherwise noted in the Dunn Declaration.

13.     The Committee requests approval of the employment of Province, effective as of April 14, 2021. The Committee's selection of Province as its financial advisor on April 14, 2021 necessitated that Province immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtor's case, pending submission and approval of this Application.   Such relief is warranted pursuant to Local Bankruptcy Rule 2014-1(b) because this Application is made within 30 days of the commencement of services by Province.

14.     The Committee submits that for all the reasons stated above and in the Dunn Declaration, the retention and employment of Province as financial advisor to the Committee is warranted under sections 328(a) and 1103.

15.     No prior application for the relief requested herein has been presented to this or any other Court.

## **NOTICE**

16.     Notice of this Application has been given to: (a) the Debtor, P.O. Box 1299, Green Farms, CT 06838 (Attn: Roop Bhullar, roop@griddy.com); (b) proposed counsel to the Debtor: Baker Botts., 910 Louisiana Street, Houston, Texas 77002 (Attn: David R. Eastlake, David.eastlake@bakerbotts.com), and 20 Rockefeller Plaza, New York, NY 10112 (Attn: Robin Spigel, robin.spigel@bakerbotts.com, and Chris Newcomb, chris.newcomb@bakerbotts.com); (c) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516m Houston, Texas 77002 (Attn: Jana Whitworth, jana.whitworth@usdoj.gov); and (d) the attorneys for each statutory committee appointed in the chapter 11 case, if any.

WHEREFORE, the Committee requests that the Order be entered authorizing it to retain Province as its financial advisor in these case, effective as of April 14, 2021 and granting the Committee such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF GRIDDY ENERGY LLC

Dated: April 26, 2021                By:*/s/ Lisa Khoury*_____

## **CERTIFICATE OF SERVICE**

I certify that on April 26, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Gibbs*
Charles R. Gibbs