# EXHIBIT B

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | |

**DECLARATION OF DAVID DUNN IN SUPPORT OF THE APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF APRIL 14, 2021**

I, David Dunn, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare as follows:

1. I am a principal with Province, LLC ("**Province**"), which is a financial advisory firm with its principal office located at 2360 Corporate Circle, Suite 330, Henderson, Nevada 89074. Province also has offices in the Baltimore, Stamford, Los Angeles and Miami metro areas.

2. Province is a Delaware limited liability company, and Province's sole subsidiary, which is wholly-owned, is SLTN TRST, LLC, a California limited liability company. SLTN TRST, LLC (i) does not have any employees, (ii) does not have any connection to the Debtor or any person listed on the Entity List (defined below), (iii) does not have any physical or electronic access to Province's physical or electronically stored information; and (iv) will not be involved in

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is P.O. Box 1288, Green Farms, CT 06838.

4

this engagement and are not engaged to advise the Debtor or any party in interest in connection with these chapter 11 proceedings.

3. This Declaration is submitted pursuant to sections 328 and 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**") in support of the Application (the "**Application**") for the Entry of an Order Approving the Retention of Province as Financial Advisor to the Official Committee of Unsecured Creditors (the "**Committee**"), effective as of April 14, 2021

4. I am familiar with the matters set forth herein and make this Declaration in support of the Application.

5. On March 15, 2021 (the "**Petition Date**"), Griddy Energy LLC (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. On March 31, 2021, the Office of the United States Trustee for the Southern District of Texas appointed the Committee pursuant to Section 1102 of the Bankruptcy Code. The Committee consists of the following three (3) members: (i) Holland O'Neill; (ii) Ty Williams; and (iii)Lisa Khoury.

7. On April 14, 2021, the Committee selected Province to serve as financial advisor to the Committee in this case, subject to Court approval.

8. In connection with its proposed retention by the Committee in this case and in preparing this Declaration, Province used a set of procedures developed to ensure full compliance with the requirements of the Bankruptcy Code and the Federal and Local Bankruptcy Rules regarding the retention of professionals (the "**Retention Procedures**"). Pursuant to the Retention

Procedures, and under my direction and supervision, Province researched its client connections database to determine whether it has relationships with any of the entities that were identified to Province as creditors or parties-in-interest in this Chapter 11 case (the "**Entity List**"). To the extent such a search indicated that Province has a relationship with any of the entities on the Entity List, the identities of such entities and Provinces' relationship with such entities is disclosed in the attached **Exhibit 2**.

    i. Province sent an email questionnaire to each employee inquiring as to whether each employee or any member(s) of his or her household: owns any debt or equity securities of the Debtor or its non-debtor affiliates;

    ii. holds a claim against or interest adverse to the Debtor or its non-debtor affiliates;

    iii. is or was an officer, director, or employee of the Debtor or its non-debtor affiliates;

    iv. is related to or has any connections to any Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of Texas Houston Division;

    v. is related to or has any connections to anyone working in the Office of the United States Trustee for the Southern District of Texas Houston Division;

    vi. was an officer, director or employee of the Debtor within two year prior to the Petition Date; or

    vii. has a connection with a party in interest listed on the Schedule 1 Master Conflicts List attached to the Declaration ("Schedule 1").

9. Province did not receive any responses to the above inquiry that affect Province's disinterestedness or create an interest adverse to the Debtor:

10. Based on the result of that search and employee questionnaire, specific inquiries of Province personnel, insofar as I have been able to ascertain after diligent inquiry, Province (i) does not represent any entity having an adverse interest in connection with this Chapter 11 case and (ii) does not represent or hold an interest adverse to the interest of the Debtor or its estate with respect to the matters on which Province is to be employed.  Moreover, Province is disinterested within

3

the meaning of section 101(14) of the Bankruptcy Code, in that neither I, Province, nor any of its principals or associates:

    a. are creditors, equity security holders or insiders of the Debtor;

    b. are or were within two years before the Petition Date, a director, officer or employee of the Debtor; or

    c. have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason.

11. As a part of Province's financial advisory practice, Province's clientele includes: debtor, creditors and other statutory committees, institutional creditors, asset purchasers, venture capitalists, secured parties, lessors, contract parties, equity holders, directors and officers, court-appointed fiduciaries, plan sponsors, indenture trustees, and bond insurers.  The Debtor has numerous creditors and other parties-in-interest.  Province may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties-in-interest in addition to those specifically disclosed in **Exhibit 2** in matters unrelated to this Chapter 11 case.  Province believes that its representation of such creditors or other parties in such other matters has not affected and will not affect its representation of the Committee in these proceedings.

12. Except as otherwise set forth herein and in **Exhibit 2**, insofar as I have been able to ascertain, the principals, associates and staff members of Province do not have any connection with the Debtor, the Debtor's officers and directors, the Debtor's creditors, the Debtor's equity security holders and other known parties-in-interests or their respective professionals.

13. To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any principal, associate or staff member of Province, insofar as I have been

4

able to ascertain, is related to the bankruptcy judge assigned to the above-captioned Chapter 11 case.

14. To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any principal, associate or staff member of Province, insofar as I have been able to ascertain, has a connection to the United States Trustee or any person employed in the office of the United States Trustee.

15. Despite the substantial efforts described above to identify and disclose potential conflicts and connections with parties-in-interest in this case, neither I nor Province is able to conclusively identify all potential relationships or state with absolute certainty that every client representation or other connection of Province has been disclosed.  To the extent Province discovers any facts or additional information during the period of Province's retention that requires disclosure, Province will supplement this Declaration to disclose such information.

16. Province has neither received any retainer from the Debtor nor Committee nor any payment, nor has it received any promise of payment, during the one-year period prior to the filing of the Debtor's petition.  No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this chapter 11 case.  No promises have been received by Province nor by any advisors or attorneys thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.  Province has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among employees of Province.  Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by Province in its representation of the Committee.

17. Province intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Federal and Local Bankruptcy Rules, and Orders of the Court entered in this case concerning compensation of professionals, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm. Rates for the professionals that will be involved in this matter are as follows:

| Professional Level | Per Hour (USD) |
|---|---|
| Managing Directors and Principals | $740-$1,050 |
| Vice Presidents, Directors, and Senior Directors | $520-$740 |
| Analysts, Associates, and Senior Associates | $250-$520 |
| Paraprofessionals | $185-$225 |

18. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Any such adjustments will be reflected in Province's fee requests. There are no alternative fee arrangements from customary billing. Further, no professional varies his or her rate based on geographic location.

19. It is Province's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail, special or hand delivery, outgoing facsimiles, photocopying, scanning and/or printing, computer assisted research (which shall not be more than the actual cost incurred by Province in performing such research), travel, "working meals," transcription, as well as non-ordinary overhead expenses such as secretarial and other overtime. Province will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

6

20. No promises have been received by Province nor any principal or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

21. No agreement exists, nor will any be made, to share any compensation received by Province for its services with any other person or firm.

22. Province will abide by the terms of any administrative order establishing procedures for professional compensation and reimbursement entered in this case.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2021                              /s/ *David Dunn*
                                                        David Dunn, Principal

# **EXHIBIT 1**

# Master List of Potential Parties in Interest[1]

1
**Potential Parties in Interest**
**Debtor**
Griddy Energy LLC


**5% or More Direct Equity Holders**
Griddy Holdings LLC


**Affiliates and/or Indirect Equity Holders**
Beachside New Utility Holdings LLC
EDF Trading North America LLC
Elliot New Utility Holdings LLC
Grid Investments Inc.
Griddy 6 Holdings LLC
Griddy VI Holdings LLC
Griddy VI Intermediate Holdings LLC
Griddy VI Series A Holdings LLC
Griddy Pro LLC
Griddy Technologies LLC
Janson New Utility Holdings LLC
Niab Holdings Pty Limited
SRA Investments Pty Limited


**Bankruptcy Judges**
The Honorable Marvin Isgur
The Honorable David R. Jones
The Honorable Christopher M. Lopez
The Honorable Jeffrey P. Norman
The Honorable Eduardo V. Rodriguez


**Banks/Lenders/LOCs/Administrative Agents**
Macquarie Investments US Inc.
Macquarie Energy LLC

---

[1] This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that otherwise would fall under multiple categories is likely to be listed under only one category.

JPMorgan Chase Bank, N.A.

**Contract Counter-Parties**
AEP Texas Inc. d/b/a AEP Texas
Bevan, Mosca & Giuditta, P.C.
Bill.com
CCH Incorporated
CenterPoint Energy Houston Electric, LLC
Crestline Solutions, LLC
CT Corporation Staffing, Inc.
EDF Trading North America, LLC
Electric Reliability Council of Texas (ERCOT)
Energy Services Group, LLC
Griddy Holdings LLC
Griddy Technologies LLC
Iterable, Inc.
JPMorgan Chase Bank, N.A.
Macquarie Energy LLC
Meridian Business Centers - Southwest Partners, LP
PSA Consulting, LLC
Oncor Electric Delivery Company LLC
S4S, LLC
Scottsdale Insurance Company
Stevens & Lee Lawyers & Consultants
Stripe, Inc.
Texas-New Mexico Power Company
William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969

**Director of Parent Company/Officer - Current**
Paul Aronzon
Nick Bain
Roop Bhullar
Gregory L. Craig
Michael Fallquist
Christian McArthur

**Director of Parent Company/Officer – Former**
Eduardo Brasao da Fonseca

Davis Cass

**Governmental/Regulatory Agencies**
Electric Reliability Council of Texas (ERCOT)
Federal Energy Regulatory Commission (FERC)
Public Utility Commission of Texas (PUCT)
U.S. Energy Information Administration (EIA)

2

**Insurance Providers and Related Parties**
Aon Risk Services Central Inc.
Aon Risk Services Southwest Inc.
AXIS Insurance Company
Chubb Group of Insurance Companies
ERisk Services, LLC
Hartford Fire Insurance Company
Lockton Companies, LLC - Los Angeles
Scottsdale Insurance Company
The Hartford
Trumbull Insurance Company

**Landlords**
Hartman SPE LLC
Meridian Business Centers-Southwest Partners, LP
William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969

**Key Vendors**
AEP Texas Central Company
Alex Liu
Amazon Web Services
AON Risk Services
Facebook
Kellerhals Ferguson Kroblin PLLC
Scott PLLC
TriNet HR III, Inc.
Within, LLP

**Parties Relating to Known Litigation Matters Involving the Debtor-Litigation**
Charles Huppert
Lisa Khoury, et al.
Texas Office of the Attorney General
Consumer Protection Division
The State of Texas
Thomas Ramer Clark

**Counsel to Parties Relating to Known Litigation Matters Involving the DebtorLitigation**
Burnett Law Firm
Potts Law Firm
Tow & Koenig PLLC

**Ordinary Course Professionals**
Amy Stewart PC
Miguel A. Huerta, PLLC
Sitrick Group, LLC
Windes, Inc.

**Professionals**
Baker Botts L.L.P.
Bankruptcy Management Solutions, Inc.
(d/b/a Stretto)

**Taxing Authorities**
Department of Treasury - Internal Revenue Service
Texas Comptroller of Public Accounts

**Top 30 Creditors**
AEP Texas Inc.
Alpha Employment Solutions
CCH Incorporated
CenterPoint Energy, Inc.
Energy Services Group
ERCOT
FloQast, Inc.
Hartman Income REIT Management
Lisa Khoury, et al.
Oncor Electric Delivery Company LLC

Public Utility Commission of Texas
Investigations
RLI Insurance
S4S, LLC
Star Energy Partners
Stripe, Inc.
Texas Comptroller of Public Accounts
Texas Office of the Attorney General
Consumer Protection Division
Texas-New Mexico Power Company
The State of Texas
William Gault, Trustee of the Howard Gault
Trust

3

**U.S. Trustee's Office**
Kenneth M. Epstein
Millie Sall
Alicia Barcomb
Jacqueline Boykin
Michael J. Bujold
Luci Johnson-Davis
Hector Duran
Barbara Griffin
Luci Johnson-Davis
Linda Motton
Ha Nguyen
Glenn Otto
Jayson B. Ruff
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Clarissa Waxton
Jana Whitworth

**Utility Providers**
Optimum

**Parties that have filed a notice of appearance in the case and are not listed in another category**[1]
Bernice William
Harris County, Texas

Luminant Energy Company LLC

# **EXHIBIT 2**

## Identified Connections

| Party | Relationship |
|---|---|
| Bankruptcy Management Solutions, Inc. (Stretto) | Professional |