**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GRIDDY ENERGY LLC,[1] | § | Case No. 21-30923 (MI) |
| | § | |
| Debtor. | § | |
| | § | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF MCDERMOTT WILL & EMERY LLP**
**AS COUNSEL EFFECTIVE AS OF APRIL 5, 2021**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND ANY HEARING ON THE APPLICATION SCHEDULED BY THE COURT. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Official Committee of Unsecured Creditors of Griddy Energy LLC (the "Committee") submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of McDermott Will & Emery LLP ("McDermott") as counsel to the Committee, effective as of April 5, 2021,

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Green Farms, CT 06838.

pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and the U.S. Trustee Guidelines (defined herein).  In support of this Application, the Committee submits the Declaration of Charles R. Gibbs (the "Gibbs Declaration"), attached hereto as **Exhibit B**.  In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the above-captioned chapter 11 case (the "Chapter 11 Case" or the "Case") and this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The relief requested is consistent with the U.S. Trustee Guidelines.  Venue of this Chapter 11 Case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code.  Relief is also proper pursuant to Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On March 15, 2021 (the "Petition Date"), the above-captioned debtor and debtor-in-possession (the "Debtor") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On March 31, 2021, the Office of the United States Trustee for Region 7 appointed a three-member Committee consisting of: (i) Holland O'Neill; (ii) Ty Williams; and (iii) Lisa Khoury.[2]

5.     The Committee selected McDermott as its counsel.  The Committee also selected Province, LLC ("Province") as its financial advisor.

## RELIEF REQUESTED

6.     By this Application, the Committee requests entry of the proposed order, attached hereto as **Exhibit A**, approving the employment and retention of McDermott effective as of April 5, 2021, which is the date on which the Committee selected McDermott to serve as its counsel and the date on which McDermott began rendering services to the Committee.  Subject to the terms set forth herein, the Committee seeks to retain McDermott in accordance with McDermott's normal hourly rates, as modified in paragraph 15, in effect when services are rendered and normal reimbursement policies subject to Local Rule 2016-1.

## THE RETENTION OF MCDERMOTT IS WARRANTED

7.     The Committee believes that McDermott possesses extensive knowledge and expertise in the substantive areas of law relevant to this Case and is well qualified to represent the Committee herein.  In selecting counsel, the Committee sought attorneys with considerable experience representing the interests of unsecured creditors in chapter 11 cases of this nature. McDermott has represented unsecured creditors' committees and the interests of unsecured creditors in numerous other cases.  McDermott also has a broad-based practice in other key areas of law relevant to this Chapter 11 Case.  In particular, McDermott has significant experience in

---

[2] ECF No. 116.

connection with retail energy provider restructurings. The Committee believes that McDermott is well qualified to serve as its counsel in this Chapter 11 Case.

## I.     **Scope of Services**

8.     McDermott will render, among other things, the following legal services to the Committee:

> (a)     advise the Committee with respect to its rights, duties and powers in this Case;
>
> (b)     assist and advise the Committee in its consultations with the Debtor in connection with the administration of this Case;
>
> (c)     assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor;
>
> (d)     assist the Committee in connection with the proposed plan;
>
> (e)     advise and represent the Committee in connection with the Debtor's relationships with their vendors and suppliers;
>
> (f)     assist the Committee in analyzing the claims of the Debtor's creditors, including the Debtor's purported prepetition secured creditors;
>
> (g)     advise and represent the Committee in connection with matters generally arising in this Case;
>
> (h)     appear before this Court and, as applicable, any other federal, state or appellate court on behalf of the Committee;
>
> (i)     prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, objections, and responses to any of the foregoing; and
>
> (j)     perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

9.     McDermott will coordinate with all other estate professionals, including the Debtor's professionals and other appointed committees, if any, to avoid duplication of efforts.

II. **McDermott's Disinterestedness and Disclosure Concerning Conflicts of Interest**

10.    As more fully set forth in the Gibbs Declaration attached hereto as **Exhibit B**, McDermott reviewed the list of interested persons and entities annexed to the Debtor's retention applications and ran the list of relevant parties in interest included on Schedule 1 to the Gibbs Declaration through its conflict system consistent with the U.S. Trustee's requirements. McDermott does not represent, or have any other connection with, any of the parties in interest listed on Schedule 1, subject to the disclosures set forth below and in the Gibbs Declaration. McDermott will not, while employed by the Committee, represent any entity having an adverse interest in connection with this Chapter 11 Case.  McDermott's conflict search resulted in the disclosures set forth on Schedule 2 to the Gibbs Declaration.

11.    The Committee is aware that McDermott currently represents certain interested parties in matters unrelated to the Chapter 11 Case, as further identified in the Gibbs Declaration and listed on Schedule 2.  McDermott does not and will not represent any such interested parties in any matter related to the Debtor.  The Committee hereby waives any conflict of interest that exists or may exist due to McDermott's representation of such interested parties in matters unrelated to the Debtor.

12.    In addition to the disclosures set forth on Schedule 2 and in the preceding paragraph, the Committee is aware that McDermott currently represents certain affiliates of Macquarie Investments and Macquarie Energy LLC ("Macquarie") and EDF Trading North America LLC ("EDF") in matters unrelated to the Debtor.

13.    The Committee does not believe McDermott's representation of the affiliates of such entities in unrelated matters will impair McDermott's ability to represent the Committee as counsel in this Chapter 11 Case.  The Committee has been informed that McDermott will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  To the extent

that McDermott discovers any connection with any interested party or enters into any new relationship with any interested party, McDermott will promptly supplement its disclosure to the Court.

14.     Based on the Gibbs Declaration, the Committee submits that McDermott is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and neither represents nor holds an interest materially adverse to the interests of the Committee, the Debtor or its estate with respect to the matters on which McDermott is to be employed.

## III.     Professional Compensation

15.     The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by McDermott in this Chapter 11 Case be paid as administrative expenses of the Debtor's estate pursuant to sections 328, 330(a), 331, 503(b), and 507(a) of the Bankruptcy Code.  Subject to the Court's approval, McDermott will charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.  McDermott has agreed to a capped blended hourly rate of $850.00 per hour.  At the conclusion of this engagement, McDermott will calculate the actual weighted blended hourly rate of all timekeepers.  If that rate exceeds $850.00 per hour, McDermott will discount its fees in an amount necessary such that the rate is not greater than $850.00 per hour.  McDermott may be asked to commence one or more causes of action against third parties during the Case or on behalf of a Plan Administrator or Creditor Trust that may ultimately be established under a plan of liquidation confirmed in the Case. For all such causes of action that McDermott pursues, McDermott will be entitled to its hourly fees (subject to the weighted blended hourly rate cap of $850.00 per hour) *plus* 13% of any recoveries obtained in such causes of action.

16.     McDermott intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any further orders of this Court for all services performed and expenses incurred since April 5, 2021.

17.     McDermott's standard hourly rates for attorneys that may work on this matter, subject to annual adjustment in January to reflect economic and other conditions, are set forth below.

| Title | 2021 Rates |
|---|---|
| Partners | $945 - $1,575 |
| Associates | $580 - $960 |
| Non-lawyer Professionals | $70 - $1,080 |

18.     McDermott has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business.  In the event of any such increase, McDermott will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court.

19.     Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain McDermott on reasonable terms and conditions.  The hourly rates set forth above are the firm's standard hourly rates for work of this nature.  The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

20.     McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the Bankruptcy Rules, Local Bankruptcy Rules, the U.S. Trustee Guidelines and any applicable orders of this Court.  Such

expenses include, among other things, long-distance telephone calls, faxes (outgoing only) not exceeding $0.25 per page, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page for black and white copies, travel expenses, expenses for computerized research, and transcription costs.

21.     The Committee requests approval of the employment of McDermott, effective as of April 5, 2021.  Such relief is warranted by the circumstances presented by this Chapter 11 Case. The Committee's selection of McDermott on April 5, 2021 necessitated that McDermott immediately commence work on time-sensitive matters and promptly devote substantial resources to this Chapter 11 Case pending submission and approval of this Application.

22.     No prior application for the relief requested herein has been presented to this Court or any other court.

**NOTICE**

23.     Notice of this Application will be provided to: (i) the Debtor; (ii) proposed counsel to the Debtor, Baker Botts L.L.P.; (iii) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (iv) the Office of the Attorney General of the State of Texas; (v) the Public Utilities Commission of Texas; (vi)  the Internal Revenue Service; (vii) the Office of the United States Trustee for the Southern District of Texas; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**CONCLUSION**

**WHEREFORE**, the Committee requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** (i) authorizing the Committee to retain and employ McDermott as counsel effective as of April 5, 2021; (ii) authorizing payment of such compensation to

8

McDermott as may be allowed by this Court; and (iii) granting such other and further relief as the

Court may deem just and proper.

Dated:    Houston, Texas
          April 26, 2021

                              Respectfully submitted,

                              THE OFFICIAL COMMITTEE OF UNSECURED
                              CREDITORS OF GRIDDY ENERGY LLC


                              By    */s/ Lisa Khoury*
                              _____
                                    Lisa Khoury


                              Chair of the Official Committee of Unsecured Creditors
                              of Griddy Energy LLC[3]

---

[3]   Under the bylaws of the Official Committee of Unsecured Creditors of Griddy Energy LLC (the "Bylaws"), Lisa
      Khoury, as Chair of the Committee, is empowered to act on behalf of the Committee, as appropriate, to implement
      decisions of the Committee made in accordance with the Bylaws.

## **CERTIFICATE OF SERVICE**

I certify that on April 26, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


/s/ *Charles R. Gibbs*
Charles R. Gibbs