## EXHIBIT B

## DECLARATION OF CHARLES R. GIBBS

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| GRIDDY ENERGY LLC,[1] § | Case No. 21-30923 (MI) |
| § | |
| Debtor. § | |

## DECLARATION OF CHARLES R. GIBBS

I, Charles R. Gibbs, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1. I am an attorney at law admitted to practice before the Supreme Court of Texas, the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas and the United States Courts of Appeals for the First, Third, Fourth, Fifth, Eight and Eleventh Circuits. I am a partner of the law firm of McDermott Will & Emery LLP ("McDermott"), which maintains offices at, among other places, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201.

2. I am familiar with the matters set forth herein and make this declaration in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel Effective as of April 5, 2021* (the "Application").[2]

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Green Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

3.       On March 31, 2021, the Office of the United States Trustee for Region 7 appointed a three-member Committee consisting of: (i) Holland O'Neill; (ii) Ty Williams; and (iii) Lisa Khoury.[3]

4.       On April 5, 2021, the Committee selected McDermott as its counsel.

5.       McDermott began rendering services to the Committee immediately following its selection by the Committee.

## MCDERMOTT'S DISCLOSURE PROCEDURES

6.       To prepare this declaration, I, or someone under my supervision, reviewed the names set forth on a list of parties in interest identified by the Debtor. From this list, McDermott created a search list (the "Search List") of relevant parties consistent with the U.S. Trustee's requirements, a copy of which is attached hereto as Schedule 1. McDermott then compared the Search List with the information contained in the conflict check systems and indexes of adverse parties currently maintained by McDermott (the "Conflict System").

7.       The Conflict System is designed to include every matter on which the firm is now or has been engaged over the last approximately twenty (20) years, sorted by the entity that has engaged the firm and, in each instance, listing the identity of the clients, related parties and adverse parties, and the attorneys in the firm who are knowledgeable about each matter. It is McDermott's policy that a new matter may be opened within the firm only after completing and submitting, to those charged with maintaining the Conflict System, the information necessary to check each such matter for conflicts, including the identity of the prospective client and related adverse parties. McDermott maintains and systematically updates the Conflict System in the regular course of the firm's business, and it is the regular practice of the firm to make and maintain these records.

---

[3] ECF No. 116.

2

8. Further, an e-mail was sent to each attorney at McDermott to verify whether any such attorney (a) has a connection to (i) the Debtor, or (ii) current and former directors or officers of the Debtor; or (b) is a relative of (i) any of the Judges of the United States Bankruptcy Court for the Southern District of Texas, or (ii) any members of the Houston Office of the Office of the United States Trustee for Region 7.

### MCDERMOTT'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

9. I, or a person under my supervision, reviewed any client connections to this Case to determine whether McDermott has an adverse interest to the Debtor's estate. McDermott ran the names of all parties in interest on Schedule 1 hereto through its Conflict System, and McDermott does not represent, or have any other connection with, any of the parties in interest listed on Schedule 1, subject to the disclosures set forth on Schedule 2, which is incorporated herein by reference.

10. McDermott's conflict search resulted in the disclosures set forth on Schedule 2 to the Gibbs Declaration. The Committee is aware that McDermott has previously represented or currently represents certain creditors or parties in interest and/or their affiliates in matters unrelated to the Debtor and, unless noted otherwise, this Case.

11. To the best of my knowledge and information, the annual fees for each of the last three years paid to McDermott by any party on Schedule 1 or its affiliates did not exceed 1% of McDermott's annual gross revenue. To the extent that issues arise that would cause the Committee to be adverse to any of McDermott's clients such that it would not be appropriate for McDermott to represent the Committee with respect to any such matters, the Committee will retain conflicts counsel to represent the Committee with respect to those matters.

12. In addition to the disclosures set forth on Schedule 2 and in the preceding paragraph, the Committee is aware that McDermott currently represents certain affiliates of Macquarie Investments and Macquarie Energy LLC ("Macquarie") and EDF Trading North America LLC ("EDF") in matters unrelated to the Debtor.

13. I believe the connections disclosed on Schedule 2 and herein have not and will not affect McDermott's representation of the Committee in this Chapter 11 Case. McDermott's representation of these parties does not comprise a material component of McDermott's practice, nor does McDermott currently represent such parties on any issue relating to the Debtor.

14. McDermott does not currently directly represent the Debtor or any of its affiliates, partners or subsidiaries in this Case, and McDermott will not undertake the representation of the Debtor or any related entity during this engagement.

15. Based upon the information available to me, McDermott is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, and neither represents nor holds an interest materially adverse to the interests of the Committee, the Debtor, or its estate with respect to the matters on which McDermott is to be employed. To the extent McDermott discovers any connection with any party or enters into any new relationship with any party that otherwise would have been required to be disclosed in this Application, McDermott will promptly supplement its disclosures to the Court.

16. Insofar as I have been able to ascertain, neither I, McDermott, nor any McDermott attorneys:

    (a) are creditors, equity security holders, or insiders of the Debtor;

    (b) are, or were within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; or

    (c) have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or

4

indirect relationship to, connection with or interest in the Debtor or for any other reason.

17. Except as otherwise set forth herein, insofar as I have been able to ascertain, the partners, counsel, and associates of McDermott do not have any connection with the Debtor, the Debtor's officers and directors, the Debtor's creditors, the Debtor's equity security holders, and other known parties in interest or their respective attorneys and accountants, or the members of the Committee. To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any partner, employee counsel, or associate of McDermott, insofar as I have been able to ascertain, is related to the bankruptcy judge assigned to this Chapter 11 Case.

## MCDERMOTT'S RATES AND BILLING PRACTICES

18. No promises have been received by McDermott or any McDermott attorney as to payment or compensation in connection with this Chapter 11 Case other than in accordance with the provisions set forth herein. McDermott has no agreement with any other entity to share with such entity any compensation received by McDermott or by such entity.

19. McDermott intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any further orders of this Court for all services performed and expenses incurred since April 5, 2021. McDermott expressly reserves the right to seek compensation for services and reimbursement of expenses incurred by defending challenge(s) to this Application and/or any fee applications filed by McDermott in this Chapter 11 Case.

20. McDermott's standard hourly rates for attorneys that may work on this matter, subject to adjustment annually in January to reflect economic and other conditions, are as set forth below:

| Title | 2021 Rates |
|---|---|
| Partners | $945 - $1,575 |
| Associates | $580 - $960 |
| Non-lawyer Professionals | $70 - $1,080 |

21. McDermott has agreed to a capped blended hourly rate of $850.00 per hour. At the conclusion of this engagement, McDermott will calculate the actual weighted blended hourly rate of all timekeepers. If that rate exceeds $850.00 per hour, McDermott will discount its fees in an amount necessary such that the rate is not greater than $850.00 per hour. McDermott may be asked to commence one or more causes of action against third parties during the Case or on behalf of a Plan Administrator or Creditor Trust that may ultimately be established under a plan of liquidation confirmed in the Case. For all such causes of action that McDermott pursues, McDermott will be entitled to its hourly fees (subject to the weighted blended hourly rate cap of $850.00 per hour) *plus* 13% of any recoveries obtained in such causes of action. McDermott has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business. In the event of any such increase, McDermott will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court.

22. The Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of the Committee's retention of McDermott as its counsel. The hourly rates set forth above and in the Application are the firm's standard hourly rates for work of this nature. The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

23. McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients in accordance with the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Guidelines and any other applicable orders of this Court. Such expenses include, among other things, long-distance telephone, fax (outgoing only) not exceeding $0.25 per page, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page for black and white copies, travel expenses, expenses for computerized research, and transcription costs.

24. The foregoing constitutes the verified statement of the person to be employed, required under Rule 2014 of the Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed on April 26, 2021

                                              */s/ Charles R. Gibbs*
                                              Charles R. Gibbs

**SCHEDULE 1**

**LIST OF INTERESTED PARTIES**

**Debtor**
Griddy Energy LLC


**5% of More Direct Equity Holders**
Griddy Holdings LC


**Affiliates and/or Indirect Equity Holders**
Beachside New Utility Holdings LLC
EDF Trading North America LLC
Elliott New Utility Holdings LLC
Grid Investments Inc.
Griddy 6 Holdings LLC
Griddy VI Holdings LLC
Griddy VI Intermediate Holdings LLC
Griddy VI Series A Holdings LLC
Gridy Pro LLC
Griddy Technologies LLC
Janson New Utility Holdings LLC
Niab Holdings Pty Limited
SRA Investments Pty Limited


**Bankruptcy Judges**
The Honorable Marvin Isgur
The Honorable David R. Jones
The Honorable Christopher M. Lopez
The Honorable Jeffrey P Norman
The Honorable Eduardo V. Rodriguez


**Banks/Lenders/LOCs/Administrative Agents**
Macquarie Investments UC Inc.
Macquarie Energy LLC
JPMorgan Chase Bank, N.A.


**Contract Counter-Parties**
AEP Texas Inc. d/b/a AEP Texas
Bevan, Mosca & Giuditta, P.C.
Bill.com
CCH Incorporated

CenterPoint Energy Houston Electric, LLC
Crestline Solutions, LLC
CT Corporation Staffing, Inc.
EDF Trading North America, LLC
Electric Reliability Council of Texas (ERCOT)
Energy Services Group, LLC
Griddy Holdings LLC
Griddy Technologies LLC
Iterable, Inc.
JPMorgan Chase Bank, N.A.
Macquarie Energy LLC
Meridian Business Centers – Southwest Partners, LP
PSA Consulting, LLC
Oncor Electric Delivery Company LLC
S4S, LLC
Scottsdale Insurance Company
Stevens & lee Lawyers & Consultants
Stripe, Inc.
Texas-New Mexico Power Company
William L. Gault Trustee of the Howard W. Gault Trust U/A dated January 27, 1969


**Director of Parent Company/Officer - Current**
Paul Aronzon
Nick Bain
Roop Bhullar
Gregory L. Craig
Michael Fallquist
Christian McArthur


**Director of Parent Company/Officer - Former**
Eduardo Brasao da Fonseca
Davis Cass


**Governmental/Regulatory Agencies**
Electric Reliability Council of Texas (ERCOT)
Federal Energy Regulatory Commission (FERC)
Public Utility Commission of Texas (PUCT)
U.S. Energy Information Administration (EIA)


**Insurance Providers and Related Parties**
Aon Risk Services Central Inc.
Aon Risk Services Southwest Inc.

AXIS Insurance Company
Chubb Group of Insurance Companies
ERisk Services, LLC
Hartford Fire Insurance Company
Lockton Companies, LLC – Los Angeles
Scottsdale Insurance Company
The Hartford
Trumbull Insurance Company


**Landlords**
Hartman SPE LLC
Meridian Business Centers-Southwest Partners LP
William L. Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969


**Key Vendors**
AEP Texas Central Company
Alex Liu
Amazon Web Services
AON Risk Services
Facebook
Kellerhals Ferguson Kroblin PLLC
Scott PLLC
TriNet HR III, Inc.
Within, LLP


**Parties Relating to Known Litigation Matters Involving the Debtor-Litigation**
Charles Huppert
Lisa Khoury, et al.
Texas Office of the Attorney General Consumer Protection Division
The State of Texas
Thomas Ramer Clark


**Counsel to Parties Relating to Known Litigation Matters Involving the Debtor-Litigation**
Burnett Law Firm
Potts Law Firm
Tow & Koenig PLLC


**Ordinary Course Professionals**
Amy Stewart PC
Miguel A. Huerta, PLLC
Sitrick Group, LLC

3

Windes, Inc.


**Professionals**
Baker Botts L.L.P.
Bankruptcy Management Solutions, Inc. (d/b/a Stretto)


**Taxing Authorities**
Department of Treasury – Internal Revenue Service
Texas Comptroller of Public Accounts


**Top 30 Creditors**
AEP Texas Inc.
Alpha Employment Solutions
CCH Incorporated
CenterPoint Energy, Inc.
Energy Services Group
ERCOT
FloQast, Inc.
Hartman Income REIT Management
Lisa Khoury, et al.
Oncor Electric Delivery Company LLC
Public Utility Commission of Texas investigations
RLI Insurance
S4S, LC
Star Energy Partners
Stripe, Inc.
Texas Comptroller of Public Accounts
Texas Office of the Attorney General Consumer Protection Division
Texas-New Mexico Power Company
The State of Texas
William Gault, Trustee of the Howard Gault Trust


**U.S. Trustee's Office**
Kenneth M. Epstein
Millie Sall
Alicia Barcomb
Jacqueline Boykin
Michael J. Bujold
Luci Johnson-Davis
Hector Duran
Barbara Griffin
Luci Johnson-Davis

Linda Motton
Ha Nguyen
Glenn Otto
Jayson B. Ruff
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Clarissa Waxton
Jana Whitworth


**Utility Providers**
Optimum


**Parties that have filed a Notice of Appearance in the case and are not listed in another category**[1]
Bernice William
Harris County, Texas
Luminant Energy Company LLC

---

[1] As of April 1, 2021.

## SCHEDULE 2

## DISCLOSURES TO MCDERMOTT RETENTION APPLICATION

1.      McDermott currently represents or has represented the following creditors, equity holders, parties-in-interest and/or their affiliates in the last three years on various matters wholly unrelated to the Debtor.

| Matched Entity | Relationship to Debtor | Relationship to McDermott |
|---|---|---|
| American Electric Power Service | Key Vendor/Contract Counter-Parties/Top 30 Creditors | Current Client |
| Amazon.com | Key Vendors | Current Client |
| AON Corporation | Insurance Provider and Related Parties/Key Vendor | Current Client |
| AON Investments USA, Inc. | Insurance Provider and Related Parties/Key Vendor | Current Client |
| AXIS Specialty U.S. Services, Inc. | Insurance Provider and Related Parties | Current Client |
| AXIS Specialty Limited | Insurance Provider and Related Parties | Current Client |
| AXIS Managing Agency Ltd | Insurance Provider and Related Parties | Current Client |
| Bank One | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Former Client |
| Bear Stearns & Co., Inc. | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Former Client |
| Calpine Corporation | Parties that have filed a notice of appearance in the case and are not listed in another category | Current Client |
| Chubb Group Holdings Inc. | Insurance Provider and Related Parties | Current Client |
| Chubb Bermuda Insurance Limited | Insurance Provider and Related Parties | Current Client |
| EDF Trading North America LLC | Affiliate/Indirect Equity Holder of the Debtor | Affiliate of Current Client |

1

| | | |
|---|---|---|
| Eduardo Brasco Da Fonseca and Aline Mary | Director of Parent Company/Officer-Former | Current Client |
| Facebook | Key Vendors | Current Client |
| Haven Healthcare | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties/Key Vendor | Current Client |
| Highbridge Capital Management, LLC | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Closed Client |
| JP Morgan Chase | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Current Client |
| JP Morgan Chase Bank | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Current Client |
| JP Morgan Chase Bank N.A. | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Current Client |
| J.P. Morgan Securities LLC | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Closed Client |
| J.P. Morgan Trust Company (Bahamas) Limit | Banks/Lenders/LOCs/Administrative Agents/Contract Counter-Parties | Current Client |
| J.P. Morgan as Trustee Of the Campbell Trust | Banks/Lenders/LOCs/Administrative Agents Contract Counter-Parties | Former Client |
| Macquarie Energy LLC | Banks/Lenders/LOCs/Administrative Agents | Affiliate of Current Client |
| Macquarie Investments | Banks/Lenders/LOCs/Administrative Agents | Affiliate of Current Client |
| Wolters Kluwer | Contract Counter-Parties/Top 30 Creditors | Current Client |
| Nationwide Mutual Insurance Company | Insurance Providers and Related Parties | Current Client |
| TriNet Group, Inc. | Key Vendors | Closed Client |
| Albert and Jane Wohlers | Banks/Lenders/LOCs/Administrative Agents Contract Counter-Parties | Former Client |