IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| GRIDDY ENERGY LLC, | § | CASE NO. 21-30923 (MI) |
| | § | |
| Debtor. | § | |
| | § | |

**OBJECTION OF KAREN PRESCOTT INDIVIDUALLY AND ON BEHALF OF ALL
SIMILARLY SITUATED CUSTOMERS OF THE DEBTOR SUFFERING PROPERTY
DAMAGE OR PERSONAL INJURIES TO: (A) THE [PROPOSED] DISCLOSURE
STATEMENT FOR AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC
UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, AND (B)
DEBTOR'S MOTION FOR AN ORDER: (I) CONDITIONALLY APPROVING THE
ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE
SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION
OF THE PLAN; (III) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES
IN CONNECTION THEREWITH; AND (IV) APPROVING THE SCHEDULING OF
CERTAIN DATESIN CONNECTION WITH CONFIRMATION OF THE PLAN
[Docket Nos. 24, 175-1 and 176-1]**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

Karen Prescott ("Tort Claimant," "Customer," or "Movant") individually and on behalf of all

similarly situated customers of the Debtor suffering property damage or personal injuries (the "Tort

Claimant Customers") ("Tort Claimant") files this *Objection* (the "Objection") to  the (a) *Debtor's*

*[Proposed] Disclosure Statement for Amended Plan of Liquidation for Griddy Energy LLC Under*

*Chapter 11 of the United States Bankruptcy Code* [Docket No. 176-1] (the "Disclosure

Statement"), and (b) *Debtor's Motion for Entry of an Order: (i) Conditionally Approving the*

*Adequacy of the Disclosure Statement; (ii) Approving the Solicitation and Notice Procedures With*

*Respect to Confirmation of the Plan; (iii) Approving the Form of Various Ballots and Notices in*

*Connection Therewith; and (iv) Approving the Scheduling of Certain Dates in Connection With*

*Confirmation of the Plan* [Docket No. 24] (the "Disclosure Statement Motion"), and in support

thereof respectfully states as follows:

# I.
## STATEMENT OF STANDING AND OBJECTIONS

### A.  Objections Are Subject to Any Limitations of the Abatement Order

1.     This Objection is subject to the current Order Abating the Movant's Motion for an Order Appointing a Tort Claimants' Committee [Docket # 115] and the pending Motion to Lift Abatement Order to Allow Tort Claimants to Pursue Their Respective Rights And Remedies in This Chapter 11 Case ("Motion to Lift Abatement").  Movant in all things presents these objections only to the extent that such objections do not violate the Abatement Order.  Movant incorporates herein by references as if fully set out herein verbatim, the Motion to Lift Abatement.

### B.  Movant Objects to the Lack of Disclosures and Lack of Due Process

2.     This Objection is a simple matter of due process involving mailing, emailing, and texting notice to a known population of individual customers on lists that already exist, in a form they can understand, with sufficient time to respond if they believe they have tort claims against the Debtor ("Tort Claimants").  The Debtor has not taken the action to give such notice, arguing instead that a general, non-specific publication in various newspapers suffices because Griddy has no liability for these Tort Claims.   In other words, Griddy want to determine the personal injury claims and property damage claims summarily as non-existent – by discharge in its bankruptcy case – yet furnish no notice to these potential Customer-Tort Claimants for which it has exclusive knowledge of their names, addresses and even email access.

3.     Griddy, however, has refused to produce customer lists of names and addresses as "known" claimants in this bankruptcy case.  In fact, Griddy takes the position that no such claims are valid under Texas law and accordingly, no such Tort Claimants is entitled to any due process regarding the existences of these claims.

4.     As the Committee of Unsecured Creditors ("UCC") notes in a related Utilities Chapter 11 case, *In re: Brazos Electric Power Cooperative, Inc.* ("Brazos Chapter 11") [this UCC having two

members holding tort related property damage and personal injury claims] "the Debtor cannot have it both ways" …

> If the Debtor believes it is not liable for injuries and damages suffered by customers who lost power during Winter Storm Uri, it can permit such claims to pass through the bankruptcy and deal with those customers in the ordinary course. But if the Debtor wishes to preclude customers from asserting claims based on a bar date, due process requires it to provide actual notice to known claimants, including the thousands who lost power and are included within approximately 700,000 meters, representing an estimated 1.5 million people, on readily available lists.

[*In re: Brazos*, Docket # 459 at pg. 3].

5.      Full and complete "adequate information" in Griddy's disclosure is critical in this case because the Debtor does not believe Tort Claims exist and has treated disclosure as if those claims are non-existent, and the Griddy Committee does not have Tort Claimant members [none of its unsecured creditors have a right to, for instance, liability insurance applied directly to their respective claims and personal injury claims treatment distinct from that of all other creditors pursuant to 28 U.S.C. § 157(b)(5)]. Although the proposed Amended Plan at §9.06 purports to preserve all insurance proceeds for payment of related "Allowed Claims," however the personal injury claims can be liquidated only under 28 USC § 157(b)(5) by jury trial in the District Court and the Plan ignores these claims. However, ***the Plan purports to discharge all tort claims*** (§ 12.03, Amended Plan) ***and enjoin all tort claimants*** from prosecuting their claims (§12.06 Amended Plan) and the "Release" furnished by a creditor releases not only "tort" claims, but also the right to assert a tort claim against a liability policy in place.[1]

6.      Disclosure of the existing and potential Tort Claimants and Tort Claims is almost non-

---

[1]      *See*, Amended Plan and Disclosure Statement:

§9.06 Insurance Preservation and Proceeds. ***Except with regard to Claims against the Released Parties that are released hereunder***, nothing in the Plan shall diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtor or any related Person.

The Release required for an agreed exchange of billing liability is set out in §§ 12.07 and 12.10 of the Plan, both sections providing for the release of all "tort" claims.  Yet there is no disclosure regarding the nature of those potential claims or the nature of what a creditor is required to release.   Likewise, all tort claims are discharged (§12.03 of the Amended Plan) and enjoined permanently (§12.06 of the Amended Plan).

existent in the Amended Disclosure Statement.  The only disclosure of the existence of substantial

potential claims of property damage, business losses, and personal injuries (*i.e.*, "Tort Claims") occurs

in only one place in this misleading and deficient disclosure statement:

> ¶ C.    Prepetition Litigation
> The Debtor is involved in several lawsuits and other regulatory or government
> actions or investigations.
> - The Debtor is subject to two enforcement investigations by PUCT arising
>   from
>   alleged violations of PUCT regulations in 2019.
> - In addition, since the winter storm event in mid-February, the Debtor has
>   been
>   named as a defendant in (a) three civil actions filed by Griddy former
>   customers
>   alleging violations of the Texas Deceptive Trade Practices Act and other
>   torts; and (b) a civil action filed by the Attorney General of the State of
>   Texas, also alleging violations of the Texas Deceptive Trade Practices Act.
>   Each of these lawsuits is meritless.
> - The Debtor also is subject to a Civil Investigative Demand initiated by the
>   Attorney General of the State of Texas precipitated by the mid-February
>   winter storm event.  The Debtor was one of twelve electric industry market
>   participants to receive a Civil Investigative Demand on February 19, 2021.

[*See*, Amended Disclosure Statement Pg. 38].  This disclosure ignores the existence of actually filed

and thus known Tort Claims yet offers no disclosure of this actual knowledge and is truly

misleading of the Debtor's knowledge of the existence of these Tort Claims.  The Debtor has not

scheduled any Tort Claims, and no Tort Claims were filed against the Debtor pre-petition (likely

because the Debtor filed for bankruptcy shortly after Winter Storm Uri and the automatic stay

prevented such filings). The Debtor therefore is not including any Tort Claimants in its "known"

list of creditors to receive service of actual notice of the Bar Date Order.

7.      Tort Claimants also need a plain English proof of claim form they can understand –

(the "Tort Proof of Claim").[2]  In addition to providing a streamlined Tort Proof of Claim process, the

---

[2]      Tort Claimants need a more readily understandable proof of claim form. Bankruptcy Rule 3001 requires that
a proof of claim form "conform substantially to the appropriate official form."  However, here, as has been done in
other cases involving personal injury or property damage claims, the court should permit certain modifications to the
Official Form 410, which is not designed to capture information necessary for tort claims. *See In re A.H. Robins, Co*.,
862 F.2d 1092, 1093 (4th Cir. 1988) (discussing custom- designed questionnaire used to elicit certain information –
and not requiring medical records or statements from doctors – to establish grounds for tort liability and validity of

Debtor should facilitate claim filing by parties representing multiple Tort Claimants by accepting claims filed in bulk or on a consolidated basis. These methods, used in recent mass tort cases ease the burden of otherwise having to file a large volume of claims.

8.      Everything about this Chapter 11 has been expedited. No Tort Claims were filed against the Debtor pre-petition (likely because the Debtor filed for bankruptcy shortly after Winter Storm Uri and the automatic stay prevented such filings). The Debtor therefore is not including any Tort Claimants in its "known" list of creditors to receive service of actual notice of this proposed Amended Disclosure Statement, and because the Griddy Customer List is a secret, no independent work by the committee could be undertaken. However, the Debtor knows that Tort Claimants exist and that they have claims – even if disputed claims – against the Debtor, as evidenced by the composition of the Unsecured Creditors' Committee in related pending utility cases and it is well known that lawsuits asserting personal injury and property damage are being filed against other similarly situated utilities not in bankruptcy.

9.      Thus, the Debtor knows that there are Tort Claimants who assert claims and are entitled to notice, and the Debtor knows, further, that such claimants are included among the customers who bought the Debtor's power as a "seller" [See, Motion to Lift Abatement]. And these customers are "known" – they get bills every month from the Debtor's member cooperatives, who have the customers' mailing addresses, email addresses, and phone numbers.

10.      There can be no question that any customer subject to "shedding" has a potential claim and should receive actual notice of the bankruptcy, and on information and belief, the particular households that lost power can be readily identified from the records of Griddy members. However, it appears to be even easier and less expensive simply to notify *all* customers of the pendency of the

---

proofs of claim in chapter 11 bankruptcy of manufacturer of defective medical devices);  See, *In re TK Holdings Inc.*, No. 17-11375 (Bankr. D. Del. Oct. 4, 2017) [Dkt. No. 959] (approving model proof of claim form for individuals who owned vehicles equipped with airbag inflators containing phase- stabilized ammonium nitrate (PSAN) to file claims that required each claimant to provide vehicle- specific information)

case and certainly this accelerated proposed approval of Griddy's Amended Plan and Disclosures. The cost of sending notice by email or text message with a link to a proof-of-claim website would be truly immaterial – providing a tangible benefit to creditors while strengthening the Debtor's claim to a broad discharge.

## II.
## ARGUMENTS AND AUTHORITIES

### A.   Approval of the Disclosure Statement Does Not Furnish Due Process Notice of the Potential Impairments of the Tort Claims and Tort Claimants

11.     One purpose of a Disclosure Statement is to provide a clear and direct explanation of the mechanism for creditors to know of, and register, their claims against a debtor.  However, Tort Claimants, if to be subject to the binding impairments of rights of a Plan, are entitled to adequate notice of all aspects of the Plan, of the effort to discharge their claims and enjoin their claims activities. *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 381 (1993) (lack of adequate notice excused creditor from being bound by bankruptcy bar date);  *In re Eagle Bus. Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) ("A creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice" not just of the pendency of the Chapter 11, but of the details of the intended impairment of any claims (citation omitted)). This requirement is rooted in considerations of due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (requiring that notice be "reasonably calculated, under all the circumstances, to inform interested parties of the pendency" of the proceeding); *Eagle Bus. Mfg., Inc.*, 62 F.3d at 735 ("[d]ue process requires notice that is 'reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response'" (citation omitted)); *In re Seadrill Ltd.*, No. 17-60079, 2019 WL 7580175, at *2 (Bankr. S.D. Tex. Dec. 19, 2019) (noting that reasonable notice of bar date is required to satisfy due process).

12.     Actual notice must be provided to "known creditors," which includes creditors that are "reasonably ascertainable." A creditor's identity is reasonably ascertainable if a debtor could uncover

the identity of the creditor by "reasonably diligent efforts." *In re Placid Oil Co.*, 753 F.3d 151, 154

(5th Cir. 2014) (internal citations omitted).  To be reasonably ascertainable, the debtor must possess

"specific information" about a manifested injury to make the claims more than foreseeable. *Id*. at 155.

The Debtor knows that thousands of individual customers lost power during Winter Storm Uri and

therefore have potential personal injury or property damage claims, and that certain individuals have

already asserted such claims.  Moreover, the customers are "reasonably ascertainable" – they all buy

electricity through approximately 50,000 meters every month.  Griddy has their full names, addresses,

email addresses and is capable with ease notifying these prior Customers.

13.     As notice and Tort Claimants rights and remedies, the Debtor has refused to exercise

"reasonably diligent efforts" to ascertain the customers and other creditors it seeks to bind. *Placid Oil*

*Co*., 753 F.3d at 154-55.  Until the Debtor takes the steps necessary to give direct notice the Court

should deny the approval of the Amended Disclosure Statement.

### B.     The Disclosure Statement Does Not Contain Adequate Information

14.     Section 1125 of the Bankruptcy Code provides that an acceptance or rejection of a

plan may not be solicited until after a disclosure statement approved by the bankruptcy court as

containing "adequate information" has been prepared and distributed. 11 U.S.C. § 1125.

15.     Section 1125 of the Bankruptcy Code defines the term "adequate information" as:

"information of a kind, and in sufficient detail, as far as is reasonably practicable considering the

nature and history of the debtor and the condition of the debtor's books and records, . . . that would

enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

" 11 U.S.C. § 1125(a)(1)."The primary purpose of a disclosure statement is to provide all material

information which creditors and equity security holders affected by the plan need in order to make an

intelligent decision whether to vote for or against the plan." *In re Unichem Corp*., 72 B.R. 95, 97

(Bankr. N.D.Ill. 1987). Some of the factors that courts consider when determining whether a disclosure

statement contains adequate information are: (i) "[a] complete description of the available assets and

their value;" (ii) "[i]nformation regarding claims against the estate;" (iii) "[i]nformation relevant to the risks being taken by the creditors;" (iv) "[t]he actual or projected value that can be obtained from avoidable transfers;" and (v) "[t]he relationship of the debtor with affiliates." *In re Dakota Rail, Inc.*, 104 B.R. 138, 142-143 (Bankr. D.Minn. 1989).

16.    A disclosure statement must contain, at a minimum, "simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible . . . alternatives so that [creditors] can intelligently accept or reject the Plan." *In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988). A disclosure statement  "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti,* 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

17.    Courts routinely deny approval of disclosure statements if they lack adequate information or contain misleading disclosures and unexplained inconsistencies. *In re Applegate Property, Ltd.*, 133 B.R. 827, 829 (Bankr. W.D. Tex. 1991); *see also In re Cardinal Congregate I*, 121 B.R. 760, 766-67 (Bankr. S.D. Ohio 1990) (denying approval of a disclosure statement where it lacked certain critical information); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988) (denying approval of a disclosure statement because it did not contain sufficient information to permit creditors and shareholders to make an informed judgment about the plan.)

18.    A debtor's opinion or belief that is unsupported by facts does not meet the standards of section 1125. *In re Egan*, 33 B.R. 672, 675 (Bankr. N.D.Ill. 1983); *In re Civitella*, 15 B.R. 206, 208 (Bankr. E.D.Pa. 1981).   The Debtor's position that it has no liability on the Tort Claims cannot be the basis of non-disclosure of these potential Tort Claims nor justify the refusal to give these potential Tort Claimants due process notice of the Debtor's efforts to discharge their claims and enjoin their activities to realize upon these claims, in particular personal injury claims made the basis of 28 U.S.C. 157(b)(5) protections.

**III.**
**RESERVATION OF RIGHTS**

19.     This Objection is not meant to be all-inclusive of Movants, or any Tort Claimant's objections to the Disclosure Statement and Plan.  Movant reserves its rights to amend or supplement this Objection, to file additional objections to the Disclosure Statement, and to lodge additional objections to the Disclosure Statement at the hearing to consider final approval of the Disclosure Statement.   Movant further reserves the right to object to confirmation of the Plan on any basis.

20.     The Amended Disclosure was filed 10-days prior to the scheduled hearing.  This case is a liquidating 11 where the assets of the estate do not appear to be diminishing solely as a function of the passage of time.   Providing additional time  for the Debtor to thoroughly disclose the existence of actual and potential Tort Claims and causes of action that the Debtor may face would be beneficial to the bankruptcy estate at little to no expenses to the estate.

21.     Movant incorporates the arguments, authorities, and requests for relief set out in the Objection of the Official Creditors' Committee as additional Movant arguments.

**IV.**
**RELIEF REQUESTED**

22.      Movant seeks to make the process of understanding of their potential claims, the filing of claims easier for Tort Claimants to understand which such notice is non-existent in this case.  At the same time, the Movant only seeks to facilitate a process that will garner sufficient information to help the parties in interest accurately assess the magnitude of potential claims against the Debtor. Such an efficient process will help the parties formulate a proposed chapter 11 plan and aid all Tort Claimants and creditors in determining potential recoveries for general unsecured creditors.

23.      Accordingly, Movant's objections to this Amended Disclosure Statement are directed to the absence of "adequate information" furnished and directed to a known class of creditors, clearly setting out the existence of these Tort Claims and providing adequate information regarding the treatment and impairment intended for these Tort Claimants.

For the reasons set forth above, Movant requests that approval of the Amended Disclosure Statement be denied absent the modifications described herein, and that the Court grant such other and further relief as is appropriate in the circumstances.

Dated:      April 27, 2021

Respectfully submitted,

 /s/ Shelby A. Jordan
Shelby A. Jordan
Texas Bar No. 11016700
Fed Bar No. 2195
Jordan, Holzer & Ortiz, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
sjordan@jhwclaw.com
Bankruptcy Counsel for
Karen Prescott

Sander L. Esserman
Texas Bar No. 06671500
Peter C. D'Apice
Texas Bar No. 05377783
**STUTZMAN BROMBERG ESSERMAN & PLIKFA**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Email: esserman@sbep-law.com
          dapice@sbep-law.com
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**State Court Counsel for Movants**
Larry F. Taylor, Jr.
Texas Bar No. 24071156
**THE COCHRAN FIRM**
3400 Carlisle St., Ste. 550
Dallas, TX 75204
Email: ltaylor@cochrantexas.com
Telephone: (214) 651-4260
Facsimile: (214) 651-4261

Mikal C. Watts
Texas Bar No. 20981820
**WATTS GUERRA LLP**
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, TX 78257
Email: mcwatts@wattsguerra.com
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

Patrick A. Luff
Texas Bar No. 24092728
Matthew R. McCarley
Texas Bar No. 24041426
C. Bryan Fears
Texas Bar No. 24040886
N. Majed Nachawati
Texas Bar No. 24038319
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, TX 75231
Email: pluff@fnlawfirm.com
         mccarley@fnlawfirm.com
         fears@fnlawfirm.com
         mn@fnlawfirm.com
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

Jerrold S. Parker
New York Bar No. 1894666
*Pro hac vice application to be filed*
Raymond Silverman
New York Bar No. 3033743
*Pro hac vice application to be filed*

Melanie Muhlstock
New York Bar No. 2858900
*Pro hac vice application to be filed*
Nicholas F. Morello New Jersey Bar No. 322572020
*Pro hac vice application to be filed*
**PARKER WAICHMAN LLP**
6 Harbor Park Drive
Port Washington, NY 11050
Email: jerry@yourlawyer.com
rsilverman@yourlawyer.com
mmuhlstock@yourlawyer.com
nmorello@yourlawyer.com
Telephone: (516) 723-4629
Facsimile: (516) 723-4729

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that notice of the filing of this document has been served on the below named parties by available knowledge by the Court's CM/ECF system on April 27, 2021.

Jamil N Alibhai on behalf of Creditor ERCOT
jalibhai@munsch.com, atellez@munsch.com

Karen Hope Beyea-Schroeder on behalf of Creditor Charles Huppert
karen.schroeder@rburnettlaw.com

Karen Hope Beyea-Schroeder on behalf of Creditor Thomas Clark
karen.schroeder@rburnettlaw.com

Jason B. Binford on behalf of Interested Party Public Utility Commission of Texas
Jason.binford@oag.texas.gov

Riley Burnett on behalf of Creditor Charles Huppert
rburnett@rburnettlaw.com

Riley Burnett on behalf of Creditor Thomas Clark
rburnett@rburnettlaw.com

Kevin Chiu on behalf of Debtor Griddy Energy LLC
kevin.chiu@bakerbotts.com

Shawn M Christianson on behalf of Creditor Buchalter, a Professional Corporation
schristianson@buchalter.com, cmcintire@buchalter.com

Jeffrey R Cox on behalf of Interested Party Bernice Willman
jcox@slmpc.com

David Robert Eastlake on behalf of Debtor Griddy Energy LLC
david.eastlake@bakerbotts.com

James Ryan Fowler on behalf of Creditor Lisa Sandifer Khoury
rfowler@potts-law.com, pcolburn@potts-law.com

James Ryan Fowler on behalf of Plaintiff Lisa Khoury
rfowler@potts-law.com, pcolburn@potts-law.com

Charles R Gibbs on behalf of Creditor Committee Official Committee Of Unsecured Creditors
crgibbs@mwe.com, dnorthrop@mwe.com;cgreer@mwe.com

Tara L Grundemeier on behalf of Creditor Harris County, et al.
houston_bankruptcy@publicans.com

Shelby A Jordan on behalf of Interested Party multiple injured and death case tort claimants
ecf@jhwclaw.com

Shelby A Jordan on behalf of Interested Party Karen Prescott
ecf@jhwclaw.com

John Lawrence on behalf of Debtor Griddy Energy LLC
john.lawrence@bakerbotts.com, jessica.aquino@bakerbotts.com

John Lawrence on behalf of Defendant Griddy Energy LLC
john.lawrence@bakerbotts.com, jessica.aquino@bakerbotts.com

John Lawrence on behalf of Defendant Griddy Holdings LLC
john.lawrence@bakerbotts.com, jessica.aquino@bakerbotts.com

Kevin M Lippman on behalf of Creditor ERCOT
klippman@munsch.com, pmoore@munsch.com

Christopher R. Newcomb on behalf of Debtor Griddy Energy LLC
chris.newcomb@bakerbotts.com, jacob.herz@bakerbotts.com

Kelli S. Norfleet on behalf of Creditor Macquarie Energy LLC
kelli.norfleet@haynesboone.com, kenneth.rusinko@haynesboone.com

Kelli S. Norfleet on behalf of Creditor Macquarie Investments US Inc.
kelli.norfleet@haynesboone.com, kenneth.rusinko@haynesboone.com

Rachel Ruth Obaldo on behalf of Interested Party State of Texas
bk-robaldo@oag.texas.gov, sherri.simpson@oag.texas.gov

Deborah Michelle Perry on behalf of Creditor ERCOT
dperry@munsch.com

Michael Alan Rosenthal on behalf of Interested Party Luminant Energy Company LLC
MBischoping@gibsondunn.com;kmatorana@gibsondunn.com

Jonathan Rubenstein on behalf of Defendant Griddy Energy LLC
jonathan.rubenstein@bakerbotts.com

Jonathan Rubenstein on behalf of Defendant Griddy Holdings LLC
jonathan.rubenstein@bakerbotts.com

Bruce J Ruzinsky on behalf of Creditor Texas-New Mexico Power Company
bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Abigail R. Ryan on behalf of Interested Party State of Texas
Abigail.Ryan@oag.texas.gov

Robin Spigel on behalf of Debtor Griddy Energy LLC
robin.spigel@bakerbotts.com

Stephen Douglas Statham on behalf of U.S. Trustee US Trustee
stephen.statham@usdoj.gov

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Jana Smith Whitworth on behalf of U.S. Trustee US Trustee
jana.whitworth@usdoj.gov


*/s/ Shelby A. Jordan*
Shelby A. Jordan
