**Exhibit B**

**IN RE GRIDDY ENERGY LLC**
**CH. 11 CASE NO. 21-30923 (MI)**

**SUMMARY CHART OF DISCLOSURE STATEMENT OBJECTIONS**

### I. Committee Objection[1]

| Committee Objection | Debtor's Response or Proposed Resolution |
|---|---|
| The Debtor is not a "melting ice cube" and there is no need to quickly confirm the Plan. *See* Committee Objection ¶ 2. | The Debtor's precarious financial situation and this objection is addressed in the Reply. *See* Reply ¶ 5-6; Factual Inaccuracies Chart at 1-2. |
| The Disclosure Statement does not contain adequate information concerning the Debtor Release. *See* Committee Objection ¶¶ 15-26. | This objection is addressed in the Reply. *See* Reply ¶¶ 29-35. Further, the Disclosure Statement has been revised to provide additional disclosures concerning the Debtor Release. *See* Disclosure Statement, Article II, § D(a). |
| The Disclosure Statement does not contain adequate information concerning the business combination. *See* Committee Objection ¶¶ 27-28. | This is objection is addressed in the Reply. *See* Reply ¶¶ 15-22 In addition, the Disclosure Statement has been revised to provide additional disclosures concerning the business combination transaction that occurred on December 4, 2020. *See* Disclosure Statement, Article IV, § B. |
| The Debtor's lack of cooperation is preventing the Committee from fulfilling its fiduciary duties. *See* Committee Objection ¶ 29. | This objection is addressed in the Reply and Factual Inaccuracies Chart. *See* Reply ¶¶ 33, 61; Factual Inaccuracies Chart at 2-5. |
| The Plan was not proposed in good faith. *See* Committee Objection ¶¶ 32-39. | This objection is addressed in the Reply. *See* Reply ¶¶ 43-47 |
| The chapter 11 case is being run for the benefit of the Debtor's officers and directors. *See* Committee Objection ¶¶ 40-44. | This objection is addressed in the Factual Inaccuracies Chart. *See* Factual Inaccuracies Chart at 5-7.. |
| The Third Party Releases are not consensual. *See* Committee Objection ¶¶ 45-49. | This objection is addressed in the Reply. *See* Reply ¶¶ 48-52. |
| The Plan contains improper gerrymandering. *See* Committee Objection ¶¶ 50-53. | This objection is addressed in the Reply. *See* Reply ¶ 54. |

---

[1] The Committee's misleading factual allegations are discussed in the Factual Inaccuracies Chart and not addressed in this chart.

| **Committee Objection** | **Debtor's Response or Proposed Resolution** |
|---|---|
| The Plan unfairly discriminates against Class 5 Claimants. *See* Committee Objection ¶¶ 54-56. | This objection is addressed in the Reply. *See* Reply ¶ 55. |
| The Debtor should not solicit an unconfirmable Plan. Committee Objection ¶¶ 30, 39. | None of the Committee's arguments render the Plan unconfirmable. *See* Reply ¶¶ 41-58. |
| Customers should be able to opt into Class 4 for a period of six months after the Effective Date. *See* Committee Objection ¶ 58. | This objection is addressed in the Reply. *See* Reply ¶ 56. |
| The Plan Administrator should be selected by the Committee. *See* Committee Objection ¶¶59-61. | This objection is addressed in the Reply. *See* Reply ¶ 57. |
| Class 5 proofs of claim should be automatically allowed. *See* Committee Objection ¶¶62-63. | This objection is addressed in the Reply. *See* Reply ¶ 58. |
| In the alternative, the Committee should be able to include a letter in the solicitation materials. *See* Committee Objection p. 22. | This objection is addressed in the Reply. *See* Reply ¶¶ 65-66. |

## II. ERCOT Objection

| ERCOT Objection | Debtor's Response or Proposed Resolution |
|---|---|
| The Debtor's opinion or belief unsupported by facts does not meet the standards of section 1125. *See* ERCOT Objection ¶ 12. | The assertions in the Disclosure Statement concerning the Debtor Release is supported by lengthy factual assertions. *See, e.g,* Disclosure Statement, Article II, § D(a). |
| The Disclosure Statement does not provide adequate information concerning the Debtor Release. *See* ERCOT Objection ¶¶ 13-26. | This objection is addressed in the Reply. *See* Reply ¶¶ 30-35. Further, the Disclosure Statement has been revised to provide additional disclosures concerning the Debtor Release. *See* Disclosure Statement, Article II, § D(a). |
| The Disclosure Statement does not provide adequate information concerning the Debtor Release in relation to the Prepetition Secured Lenders and the Collateral Agent. *See* ERCOT Objection ¶¶ 17-26. | This is objection is addressed in the Reply. *See* Reply ¶¶ 31-32. Further, the Disclosure Statement has been revised to provide additional disclosures concerning the Debtor Release in relation to the Prepetition Secured Lenders and Collateral Agent. *See* Disclosure Statement, Article II, § D(a). |
| The Disclosure Statement does not contain adequate information because it does not describe what is meant by the Prepetition Secured Lenders "activating" the deposit account control agreements. *See* ERCOT Objection ¶ 25. | Although this objection is about semantics only and does not impact that the Prepetition Secured Lenders have properly perfected liens on the Debtor's bank accounts and cash (other than an escrow account with a small PPP loan), the Disclosure Statement has been revised to provide additional disclosures concerning the Debtor Release in relation to the Prepetition Secured Lenders' account control agreements. *See* Disclosure Statement, Article II, § D(a). |
| The Disclosure Statement does not provide adequate information concerning the Debtor Release in relation to the Non-Debtor Affiliates of the Debtor and the directors, officers, members, managements and principals of both the Debtor and its Non-Debtor Affiliates. *See* ERCOT Objection ¶¶ 27-32. | This is objection is addressed in the Reply. *See* Reply ¶¶ 30-35. Further, the Disclosure Statement has been revised to provide additional disclosure concerning the Debtor Release in relation to the Non-Debtor Affiliates of the Debtor and the directors, officers, members, managers and principals of both the Debtor and its Non-Debtor Affiliates. *See* Disclosure Statement, Article II, § D(a). |
| The Liquidation Analysis does not contain sufficient information regarding claims and causes of action and ERCOT does not agree with certain of the assumptions in the Liquidation Analysis. *See* ERCOT Objection ¶¶ 33-37. | This is objection is addressed in the Reply. *See* Reply ¶¶ 37-38. |

| ERCOT Objection | Debtor's Response or Proposed Resolution |
|---|---|
| The Disclosure Statement should disclose the rate of postpetition interest proposed by the Debtor.  *See* ERCOT Objection ¶¶ 38-40. | The Plan and Disclosure Statement have been revised to disclose the rate of postpetition interest proposed by the Debtor. *See* Plan §§ 4.06(b), 4.07(b); Disclosure Statement, Article II § B.1. |
| The proposed claim objection procedures in the Solicitation Procedures are too compressed.  *See* ERCOT Objection ¶¶ 41-46. | The Solicitation Procedures have been revised in response to this objection. *See* Revised Solicitation Procedures § 3(b). The Debtor's new proposed schedule is as follows:<br><br>• May 17, 2021 – Deadline to object to claim or seek to reduce and allow claim.<br><br>• May 24, 2021 – Deadline for a creditor to file a Motion to Estimate pursuant to Bankruptcy Rule 3018.<br><br>• May 27, 2021 -- Deadline to respond to Motion to Estimate pursuant to Bankruptcy Rule 3018.<br><br>• No later than May 28, 2021 – Hearing deadline on Motion to Estimate pursuant to Bankruptcy Rule 3018.<br><br>• June 1, 2021 – Voting Deadline. |
| The proposed timing for approval of the Disclosure Statement and confirmation of the Plan is too compressed based on the circumstances of this case. *See* ERCOT Objection ¶ 47. | This objection is addressed in the Reply. *See* Reply ¶¶ 59-62. |