**Exhibit D**

**As of April 26, 2021**
**GRIDDY ENERGY LLC**

| CASHFLOW FORECAST | | 3/15/21 - 3/31/21 | April 2021 | May 2021 | June 2021 |
|---|---|---|---|---|---|
| **Seg x675** | **Opening Balance** | - | - | - | - |
| | Transfers / Deposits | - | - | - | - |
| | **Closing Balance** | - | - | - | - |
| **Rev x375** | **Opening Balance (a)** | 2,689,750 | 2,689,750 | 2,689,750 | 2,689,750 |
| | Transfers / Deposits (b) | - | - | - | - |
| | **Closing Balance** | 2,689,750 | 2,689,750 | 2,689,750 | 2,689,750 |
| **Opg x139** | **Opening Balance** | 2,998,735 | 2,903,065 | 2,647,427 | 2,259,270 |
| | Deposits | - | - | - | - |
| | Payroll expense | (89,769) | (148,413) | (170,778) | (165,318) |
| | Board of directors | - | (7,226) | (25,000) | (37,500) |
| | IT systems costs | - | - | (2,276) | (1,138) |
| | Sales tax | - | (7,487) | - | - |
| | Gross receipts tax | - | - | - | - |
| | Franchise tax | - | - | (35,103) | - |
| | Legal fees - bankruptcy (c) | - | - | - | (927,000) |
| | Legal fees - non-bankruptcy (d) | - | - | (50,000) | (35,000) |
| | Tax preparation fees | - | - | (25,000) | - |
| | KERP payments | - | - | - | (137,851) |
| | Other bankruptcy costs (e) | - | (151,275) | (80,000) | (50,000) |
| | Misc. operating costs | (5,900) | 58,763 | - | - |
| | PUC assessment (f) | - | - | - | - |
| | 503(b)(9) claims (g) | - | - | - | - |
| | **Closing Balance** | 2,903,065 | 2,647,427 | 2,259,270 | 905,463 |

Notes:
(a)  Revenue account is subject to Macquarie control and the Debtor's authorization to use cash collateral explicitly excludes cash in this account.

(b) Does not reflect required payment to Macquarie at emergence.  The Macquarie distribution amount is to be determined based on, among other things, whether (i) an existing letter of credit under the facility is drawn, (ii) the Debtor's existing plan, incorporating a discount of approximately $550,000, is consummated and assumes that Macquarie will vote in favor of the Plan, and (iii) there is litigation involving Macquarie. Any funds remaining after payment of Macquarie's Allowed Claim (in accordance with the Plan or as otherwise approved by the Court) shall be returned to the Estate.

(c) Represents postpetition Baker Botts fees incurred in March and April and does **not** include (i) projected fees for May or June or fees resulting from litigation and (ii) any fees for committee counsel or other professionals.  The Debtor projects Baker Botts fees of approximately $200,000 to $400,000 in the aggregate for May and June based on currently contemplated plan confirmation timeline and the absence of litigation. Projected professional fees are non-binding estimates.

(d)  Represents aggregate fees for insurance and regulatory counsel.
(e) Represents aggregate fees of Stretto and Sitrick and includes application of respective retainers to outstanding amounts.
(f) While the Debtor believes that certain fees of the PUCT should be treated as general unsecured claims, if such fees are found to be taxes, an additional $58,408 would be required to be paid as a priority tax claim.

(g) The Debtor believes there is less than $25,000 owed in respect of potential 503(b)(9) claims.  However, as of the date hereof, the bar date has not yet passed