# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
|  | ) |
| Debtor. | ) |
|  | ) |

**DEBTOR'S MOTION
TO (A) FILE UNDER SEAL DEBTOR'S OMNIBUS
REPLY IN SUPPORT OF (I) CONDITIONALLY APPROVING
THE ADEQUACY OF THE DISCLOSURE STATEMENT;
(II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES
WITH RESPECT TO CONFIRMATION OF THE PLAN; (III) APPROVING
THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION
THEREWITH; AND (IV) APPROVING THE SCHEDULING OF CERTAIN
DATES IN CONNECTION WITH CONFIRMATION OF PLAN;
AND (B) REDACT CONFIDENTIAL PROVISIONS THEREOF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**PLEASE NOTE THAT THROUGH THE ENTRY OF GENERAL ORDER 2020-10 ON MARCH 24, 2020, GENERAL ORDER 2020-11 ON APRIL 27, 2020, GENERAL ORDER 2020-17 ON JUNE 12, 2020, GENERAL ORDER 2020-18 ON JUNE 29, 2020, GENERAL ORDER 2020-19 ON AUGUST 7, 2020, AND GENERAL ORDER 2020-20 ON OCTOBER 19, 2020, THE COURT INVOKED AND THEN EXTENDED AND MODIFIED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules") as modified by the *Order Temporarily Suspending Bankruptcy Local Rule 9037-1 Regarding the Filing of Sealed Documents*, dated January 6, 2021 ("Local Rule 9037-1"), authorizing, but not directing the Debtor to file under seal an unredacted version of the *Debtor's Omnibus Reply in Support of (i) Conditionally Approving the Adequacy of the Disclosure Statement; (ii) Approving the Solicitation Procedures and Notice Procedures with Respect to Confirmation of the Plan; (iii) Approving the form of Various Ballots and Notices in Connection Therewith; and (iv) Approving the Scheduling of Certain Dates in Connection with Confirmation of Plan* (the "Reply") filed contemporaneously with the Motion pursuant to the procedures outlined in Local Rule 9037-1.[2]  In compliance with Local Rule 9037-1, the Debtors will file an unredacted copy of the Reply and will serve copies of these documents on (i) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (ii) the United States Trustee; (iii) the Court; and (iv) any other parties as ordered by the Court.  In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Reply.

*District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor consents to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9037-1

## RELEVANT BACKGROUND

**A. The Chapter 11 Case**

4. On the March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 31, 2021, the United States Trustee for Region 7 appointed the Committee. As of the date hereof, no trustee or examiner has been appointed in the Debtor's chapter 11 case.

6. Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21] (the "First Day Declaration").

3

**B. The Reply**

7.     On March 15, 2021, the Debtor filed its plan of liquidation [Docket No. 22] (as amended, modified or supplemented from time to time, the "Plan") and accompanying disclosure statement [Docket No. 23] (as amended, modified or supplemented from time to time, the "Disclosure Statement").  On the same day, the Debtor filed the *Debtor's Motion for Entry of an Order: (i) Conditionally Approving the Adequacy of the Disclosure Statement; (ii) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (iii) Approving the Form of Various Ballots and Notices in Connection Therewith; and (iv) Approving the Scheduling of Certain Dates in Connection with Confirmation of Plan* [Docket No. 24] (the "Disclosure Statement Motion").

8.     On April 19, 2021, the Debtor filed (a) the *Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code*, dated April 19, 2021 [Docket No. 175-1]; (b) the amended Disclosure Statement, dated April 19, 2021 [Docket No. 16-1]; and (c) a revised proposed order granting the Disclosure Statement Motion, including conditionally approving the Disclosure Statement, which includes revised forms of ballots for voting to accept or reject the Plan and redlines reflecting changes to the initial versions filed on March 15, 2021 [Docket No. 177].

9.     On April 23, 2021, ERCOT filed its objection to the Disclosure Statement and the Disclosure Statement Motion [Docket No. 186].  On the same day, the Committee filed its objection to the Disclosure Statement Motion [Docket No. 187].

10.    On the date hereof, the Debtor filed (a) the *Second Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code*; (b) a further amended Disclosure Statement to address a number of the concerns raised by ERCOT and the Committee

4

in their objections; and (c) a further revised proposed order granting the Disclosure Statement Motion, including conditionally approving the Disclosure Statement.

11. Also on the date hereof, the Debtor filed the Reply. The Reply contains highly sensitive commercial information regarding non-debtor affiliates and other third parties that, if disclosed, could adversely impact those parties. The Reply also includes sensitive information from third parties that the Debtor has an obligation to treat as confidential.

## BASIS FOR RELIEF

12. Section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Further, pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential or commercial information.

13. Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides in relevant part: "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Furthermore, Bankruptcy Local Rule 9037–1 authorizes the Court to limit public access to certain documents.

14. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d

Cir. 1994)); *see also In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Meyrowitz*, 2006 WL 6544093, at *2 (Bankr. N.D. Tex. Oct. 27, 2006); see also *Faucett*, 438 B.R. at 568 (Bankr. W.D. Tex. 2010) (quoting *Orion*, 21 F.3d at 28)

15.   Here, the unredacted Reply contains highly sensitive commercial information regarding non-debtor affiliates of the Debtor and other third parties that, if disclosed, could adversely impact those parties. Certain of the information also is subject to confidentiality arrangements that the Debtor has with third parties.

## NOTICE

16.   Notice of this Motion will be given to: (a) the U.S. Trustee; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) proposed counsel to the Committee; (e) the thirty (30) largest unsecured creditors for the Debtor, including the Electric Reliability Council of Texas; (f) the Public Utilities Commission of Texas; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Motion need be given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion, and granting such other and further relief the Court may deem just or proper.

Dated:  April 28, 2021
       Houston, Texas

**BAKER BOTTS L.L.P.**

By: */s/ Chris Newcomb*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

-and-

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Proposed Counsel to the Debtor and Debtor in Possession*

## **CERTIFICATE OF SERVICE**

  I certify that on April 28, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                  */s/ Chris Newcomb*