

ENTERED
04/28/2021

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) ) | **Re. Docket No. 134** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER BOTTS L.L.P. AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

Upon the Application (the "Application"),[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an order authorizing the Debtor to retain and employ Baker Botts as its counsel effective as of March 15, 2021; and upon the Declaration of Robin Spigel filed in support of the Application as Exhibit B thereto; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and this Court having found that this a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied that Baker Botts does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, as qualified by section 1107(b) of the Bankruptcy Code; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice be provided; and this Court having

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just <u>cause for</u> the relief granted herein; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, the Debtor's estate, its creditors and other parties in interest; and upon all of the proceedings had before this Court and the record herein; and after due deliberation and good and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to retain and employ Baker Botts as its counsel in the chapter 11 case, in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and Bankruptcy Local Rules 2014-1 and 2016-1 on the terms and conditions set forth in the Application effective as of the Petition Date.

2. Baker Botts is authorized to render the professional services set forth in the Application.

3. Baker Botts shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines and any other applicable orders or procedures of this Court.

4. Baker Botts shall file applications for monthly, interim and final allowance of its compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, any applicable provisions and procedures set forth in the Bankruptcy Rules, the Bankruptcy Local Rules, and such other procedures as may be fixed by order of this Court.

5. For billing purposes on hourly fees as described in the Application, Baker Botts shall keep its time in one tenth (1/10) hour increments.

6. Prior to any increases in Baker Botts' rates with respect to this Order and the Application, Baker Botts shall file a supplemental declaration with the Court and provide ten (10) days' notice to the Debtor, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

7. To the extent that Baker Botts uses the services of contract attorneys in this case, Baker Botts (a) shall pass-through the cost of such contract attorneys to the Debtor at the same rate that Baker Botts pays the contract attorneys; (b) shall seek reimbursement for actual out-of-pocket expenses only; and (c) shall use commercially reasonable efforts to ensure that the contract attorneys are subject to the same conflict checks and disclosures as required of Baker Botts by Bankruptcy Rule 2014.

8. Notwithstanding anything to the contrary in the Application or the Spigel Declaration, Baker Botts shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objections to its fees, without further order of the Court.

9. The Debtor and Baker Botts are authorized, but not directed to, enter an engagement letter that memorializes the terms of Baker Botts' retention and employment as counsel to the Debtor as approved by this Order.

10. Baker Botts shall use its reasonable efforts to avoid any duplication of services provided by any other professionals retained by the Debtor in this chapter 11 case.

11. To the extent the Application or the Spigel Declaration, is inconsistent with this Order, the terms of this Order shall govern.

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. This Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Signed: April 28, 2021

_____
Marvin Isgur
United States Bankruptcy Judge