UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF MIGUEL A. HUERTA
PURSUANT TO ORDER AUTHORIZING RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

I, Miguel A. Huerta, declare under penalty of perjury:

1. I am a Principle of the Law Office of Miguel A. Huerta, PLLC , located at 7500 Rialto Blvd., Ste. 250, Austin, Texas, 78745 (the "Company").

2. Griddy Energy, LLC (the "Debtor") has requested that the Company provide legal services to the Debtor, namely providing regulatory legal services for issues before the Public Utility Commission of Texas, and the Company has consented to provide such services. Although it will depend on the particular services requested by the Debtor at a particular point in time, I anticipate that the fees and expenses incurred by the Company for the duration of the chapter 11 case will likely be in the range of $50 – $5,000 per month.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. The Company does not perform services for any such person in connection with this chapter 11 case, or have any relationship with

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

any such person, their attorneys or accountants that would be adverse to the Debtor or its estate with respect to the matter on which the Company is proposed to be employed.

4. I have practiced before the Public Utility Commission of Texas for over 25 years and have represented and advised retail electric providers since the Texas retail electric market was opened to competition. Although no longer active in the market, Griddy Energy LLC still holds Retail Electric Provider Certificate No. 10243 in Texas and is obligated to comply with applicable laws and regulations until such time it has fully exited the Texas market and no longer holds that certificate. I will advise Griddy Energy LLC on regulatory compliance matters, including exiting the Texas market, before the Public Utility Commission of Texas.

5. As part of its customary practice, the Company is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants and parties in interest in this chapter 11 case.

6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

7. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be employed.

8. The Debtor owes the Company $0 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code. During the 90-days preceding the Petition Date, the Company was paid $12,555.27. I am currently holding a retainer

of $10,000 that is in a Texas IOLTA Account (Interest on Lawyers' Trust Account) compliant with the State Bar of Texas rules on such accounts. This retainer will be used to pay postpetition invoices.

9. I understand that the amount owed by the Debtor to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

10. I further understand that this Declaration will not suffice as the Company's proof of claim.

11. As of March 15, 2021, which was the date on which the Debtor commenced this chapter 11 case, the Company was not party to an agreement for indemnification with the Debtor.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>April 29, 2021</u>

**Miguel A. Huerta**
**Law Office of Miguel A. Huerta, PLLC**