UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF AMY ELIZABETH STEWART
PURSUANT TO ORDER AUTHORIZING RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

I, Amy Elizabeth Stewart, declare under penalty of perjury:

1.  I am the Managing Principal of Amy Stewart PC, located at 5307 E. Mockingbird Lane, Suite 425, Dallas, Texas 75206 (the "Company").

2.  Griddy Energy, LLC (the "Debtor") has requested that the Company provide legal services to the Debtor, namely advice and counsel regarding insurance coverage for various claims and losses, and the Company has consented to provide such services. Although it will depend on the particular services requested by the Debtor at a particular point in time, I anticipate that the fees and expenses incurred by the Company for the duration of the chapter 11 case will likely be in the range of $6,000 per month.

3.  The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. The Company does not perform services for any such person in connection with this chapter 11 case, or have any relationship with

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

any such person, their attorneys or accountants that would be adverse to the Debtor or its estate with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants and parties in interest in this chapter 11 case.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be employed.

7. The Debtor owes the Company $0.00 for prepetition services. During the 90-days preceding the Petition Date, the Company was paid $0.00.

8. I further understand that this Declaration will not suffice as the Company's proof of claim.

9. As of March 15, 2021, which was the date on which the Debtor commenced this chapter 11 case, the Company was not party to an agreement for indemnification with the Debtor.

10. The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 30, 2021

_____
Amy Elizabeth Stewart
**Declarant**

4839-7828-6823, v. 1

Active 62140949.2            3