**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
04/29/2021

|  |  |  |
|---|---|---|
| *In re:* | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | **Re. Docket No. 69** |

## ORDER AUTHORIZING RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), (a) authorizing, but not directing, the Debtor to retain and compensate certain law firms, attorneys, accountants, consultants and other non-attorney professionals utilized in the ordinary course of business (each, an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals"), pursuant to the Compensation Procedures (as defined herein), and (b) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of the chapter 11 case and the Motion in this District

---

[1]    The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]    Capitalized terms used but not otherwise defined herein shall have the same meanings given to them in the Motion.

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having

determined that the relief requested in the Motion is in the best interests of the Debtor, its estate,

its creditors and other parties in interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and the Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

any hearing before the Court; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.  The Debtor is authorized to retain and compensate the Ordinary Course
Professionals identified on the OCP List attached hereto as <u>Schedule 1</u> (as may be amended or
supplemented by the Debtor from time to time in accordance with this Order), in the ordinary
course of business, in accordance with the following compensation procedures (collectively, the
"<u>Compensation Procedures</u>") and the terms and conditions of this Order:

    a.    Each Ordinary Course Professional on the OCP List attached as <u>Schedule 1</u>
to this Order (as may be amended or supplemented from time to time) shall
file with the Court a declaration that such Ordinary Course Professional
does not represent or hold any interest adverse to the Debtor or to the estate
with respect to the matter on which such Ordinary Course Professional is to
be employed (each a "<u>Declaration</u>"), substantially in the form attached as
<u>Schedule 2</u> to the Order, within fourteen (14) days after the later of: (i) the
date of entry of this Order; (ii) the date on which such Ordinary Course
Professional commences services for the Debtor; or (iii) the date on which
such Ordinary Course Professional is added to the OCP List.

    b.    Each Ordinary Course Professional shall serve the Declaration s upon:
(i) the Debtor, PO Box 1288, Greens Farms, CT 06838 (Attn.: Roop
Bhullar, roop@griddy.com); (ii) proposed counsel to the Debtor: Baker
Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R.
Eastlake, david.eastlake@bakerbotts.com), and 30 Rockefeller Plaza, New
York, NY 10112 (Attn.: Robin Spigel, robin.spigel@bakerbotts.com, and
Chris Newcomb, Chris.Newcomb@bakerbotts.com); (iii) the Office of the
United States Trustee for the Southern District of Texas, 515 Rusk Street,
Suite 3516, Houston, Texas 77002 (Attn.: Jana Whitworth,
jana.whitworth@usdoj.gov); (iv) proposed counsel to the Committee:
McDermott Will & Emery, McDermott Will & Emery LLP, 340 Madison

Avenue, New York, NY 10173-1922 (Attn: Darren Azman);  ; and (v) the Office of the Attorney General of Texas, Bankruptcy & Collections Division, P.O. Box 12548 MC008, Austin, Texas 78711 (Attn.: Abigail Ryan, Abigail.Ryan@oag.texas.gov) (collectively, the "Notice Parties").

c.     The Notice Parties and any other party in interest shall have fourteen (14) days after the service of each Ordinary Course Professional's Declaration to object to the retention of such Ordinary Course Professional (the "Objection Deadline").  The objecting party shall serve any such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within fourteen (14) days of service of such objection, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date, if any, that is no less than fourteen (14) days from that date or on a date otherwise agreeable to the parties thereto.

d.     If no objection is received by the Objection Deadline with respect to any particular Ordinary Course Professional, then retention of the Ordinary Course Professional shall be deemed approved by the Court without hearing or further order and the Debtor shall be authorized to retain and pay each such Ordinary Course Professional (to the extent an objection was not filed). The Debtor shall be authorized to retain such Ordinary Course Professional as of the date each such Ordinary Course Professional commenced providing postpetition services to the Debtor and pay such Ordinary Course Professional as set forth below.  For the avoidance of doubt, the Debtor shall not pay any OCP any amounts for invoiced fees and expense reimbursement until the applicable OCP has filed a Declaration with the Court and the applicable Objection Deadline has passed with no objections having been filed or, in the event an objection is filed, until such objection is resolved or upon order of the Court.

e.     The Debtor may modify the OCP List as necessary to add or remove Ordinary Course Professionals, from time to time, in its sole discretion.  In the event an Ordinary Course Professional is added to the OCP List, the Debtor shall file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intends to employ (each, an "OCP Notice") and to serve each OCP Notice on the Notice Parties.  Additionally, each additional Ordinary Course Professional listed in the OCP Notice shall serve a Declaration (substantially in the form attached hereto as Schedule 2) on the Notice Parties in accordance with the Order.  The Notice Parties and any other party in interest shall have fourteen (14) days following the date of service of an OCP Notice to notify the Debtor's attorneys, in writing, of any objection to the proposed retention of any additional Ordinary Course Professional, file any such objection with the Court, and serve any such objection upon each of the Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice.

3

f.    The Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, one-hundred percent (100%) of fees and disbursements to each of the Ordinary Course Professionals retained pursuant to these procedures (after such Ordinary Course Professional has filed a Declaration (substantially in the form attached hereto as Schedule 2) and (i) after the applicable Objection Deadline has passed without an objection being served by a Notice Party or (ii) if an objection has been served by a Notice Party, after such objection has been resolved pursuant to the procedures described in subparagraph (c) above) upon the Ordinary Course Professional's submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; provided that while this chapter 11 case is pending, the fees of each Ordinary Course Professional set forth on <u>Schedule 1</u> attached hereto, excluding costs and disbursements, may not exceed $40,000 per month on average over a rolling three (3) month period (the "<u>OCP Monthly Cap</u>"); *provided, further*, that while the chapter 11 case is pending, the aggregate fees of each Ordinary Course Professional set forth on <u>Schedule 1</u> attached hereto, excluding costs and disbursements, may not exceed $280,000 beginning as of the Petition Date (the "<u>OCP Case Cap</u>").

g.    On a monthly basis, to the extent an Ordinary Course Professional seeks compensation in excess of the applicable OCP Monthly Cap amount, any excess fees over the OCP Monthly Cap amount ("<u>Excess Fees</u>") will be made payable up to an extent where an Ordinary Course Professional is still in compliance with the OCP Monthly Cap over the rolling three (3) month period. To the extent an Ordinary Course Professional seeks compensation of any unpaid Excess Fees in excess of the OCP Monthly Cap over the rolling three (3) month period, the Ordinary Course Professional shall (i) file with the Court a Notice of Fees in Excess of the OCP Monthly Cap (the "<u>Notice of Excess Fees</u>") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the Ordinary Course Professional for the relevant month that are in excess of the OCP Monthly Cap (on a rolling 3-month basis) and (ii) serve the Notice of Excess Fees on the Notice Parties. Interested parties shall then have fourteen (14) days to file an objection to the Notice of Excess Fees with the Court. If after fourteen (14) days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses without the need to file a fee application. To the extent an Ordinary Course Professional seeks compensation in excess of the OCP Case Cap, the Debtor shall file an application to employ such Ordinary Course Professional pursuant to sections 327 or 328 of the Bankruptcy Code, as applicable, and such Ordinary Course Professional's subsequent compensation shall be governed by the Court's order, if any, approving such Ordinary Course Professional's employment.

4

h.    For as long as the Debtor's chapter 11 case is pending, the Debtor shall include in its monthly operating reports (each a "<u>Monthly Operating Report</u>") a statement reflecting the name of the Ordinary Course Professional, the fees and expenses paid to each Ordinary Course Professional by the Debtor for the time period covered by the relevant Monthly Operating Report and all postpetition payments made to that Ordinary Course Professional as of the period covered by the Monthly Operating Report and serve copies of the Monthly Operating Report on the Notice Parties.

2.    To the extent that any agreement between the Debtor and an Ordinary Course Professional provides for the indemnification by the Debtor of such Ordinary Course Professional in connection with the services that are the subject of this Motion (each such agreement, an "<u>OCP Agreement</u>"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of this case:

a.    The Ordinary Course Professional shall not be entitled to indemnification, contribution or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution or reimbursement are approved by the Court.

b.    Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, self-dealing, bad faith, breach of fiduciary duty (if any) or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by the Court.

     c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing the chapter 11 case, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment.  All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution or reimbursement.  In the event that the Ordinary Course Professional seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

3.     This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of the Court.

4.     Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the United States Trustee from seeking a determination from the Court (a) requiring an OCP to file a separate retention application under section 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Monthly Cap.

5.     Notwithstanding anything herein to the contrary, the Debtor is authorized to retain and compensate Sitrick and Company, a unit of Sitrick Group, LLC ("Sitrick"), solely for the period from March 15, 2021 through April 19, 2021.  The compensation sought by Sitrick will not exceed $27,500 inclusive of its retainer.  In connection therewith, Sitrick shall promptly file a Declaration with the Court and is directed to apply any remaining amounts of its prepetition retainer as a credit toward its fees and expenses incurred on or prior to April 19, 2021.

6.      All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules.

7.      The requirements of Bankruptcy Rule 6004(a) are waived.

8.      Notwithstanding any Bankruptcy Rule or Bankruptcy Local Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Signed: April 29, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

## SCHEDULE 1

### List of Ordinary Course Professionals

| OCP Name | Service |
| --- | --- |
| Amy Stewart PC | Legal Services – Insurance coverage |
| Law Firm of Miguel A. Huerta, PLLC | Legal Services – Texas regulatory |
| Sitrick and Company, a unit of Sitrick Group, LLC | Consulting Services – Corporate communications |
| Windes, Inc. | Accounting Services – Tax return preparation |

**SCHEDULE 2**

**Form of Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| *In re:* | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[3] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DECLARATION OF [OCP REPRESENTATIVE]**
**PURSUANT TO ORDER AUTHORIZING RETENTION AND COMPENSATION OF**
**CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

I, _____, declare under penalty of perjury:

1.      I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2.      Griddy Energy, LLC (the "Debtor") has requested that the Company provide [specific description] services to the Debtor, namely [a general description of the services provided to the Debtor], and the Company has consented to provide such services.  Although it will depend on the particular services requested by the Debtor at a particular point in time, I anticipate that the fees and expenses incurred by the Company for the duration of the chapter 11 case will likely be in the range of $_____ per month.

3.      The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case.  The Company does not perform services for any such person in connection with this chapter 11 case, or have any relationship with

---

[3] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

any such person, their attorneys or accountants that would be adverse to the Debtor or its estate with respect to the matter on which the Company is proposed to be employed.

4.       As part of its customary practice, the Company is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants and parties in interest in this chapter 11 case.

5.       Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

6.       Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be employed.

7.       The Debtor owes the Company $ _____ for prepetition services.  During the 90-days preceding the Petition Date, the Company was paid $_____. [If applicable: The Company and is currently holding a prepetition retainer of $_____.  The Company shall apply any remaining amounts of its prepetition retainer as a credit toward its unpaid fees and expenses.]

8.       [If applicable: I understand that the amount owed by the Debtor to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.]

9.       I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of March 15, 2021, which was the date on which the Debtor commenced this chapter 11 case, the Company [was/was not] party to an agreement for indemnification with the Debtor. [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

11. [If there is an indemnification agreement]: Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtor's chapter 11 case:

a. The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution or reimbursement are approved by the Court.

b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, self-dealing, bad faith, breach of fiduciary duty (if any) or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing this chapter 11 case, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the

payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

12.    The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2021

_____
**[Declarant]**

United States Bankruptcy Court
Southern District of Texas

In re:                                                                          Case No. 21-30923-mi
Griddy Energy LLC                                                               Chapter 11
Official Committee Of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: TylerLaws | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Apr 29, 2021 | Form ID: pdf002 | Total Noticed: 9 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 01, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Griddy Energy LLC, P.O. Box 1288, Greens Farms, CT 06838-1288 |
| cr | + | Buchalter, a Professional Corporation, Buchalter PC, Shawn M. Christianson, Esq., 55 2nd St., 17th Fl., San Francisco, Ca 94105-3493 |
| intp | + | Karen Prescott, c/o Jordan Holzer & Ortiz, 500 N Shoreline Blvd., Suite 900, Corpus Christi, TX 78401-0341 |
| cr | + | Lisa Sandifer Khoury, 6227 Oleander, Baytown, TX 77523-8252 |
| intp | | State of Texas, c/o Texas Attorney General's Office, Bankruptcy & Collections Division, P. O. Box 12548 MC-008, Austin, TX 78711-2548 |
| op | + | Stretto, 410 Exchange, Suite 100, Irvine, CA 92602-1331 |
| cr | + | Texas-New Mexico Power Company, Jackson Walker LLP, Attn: Bruce J. Ruzinsky, 1401 McKinney Street, Suite 1900, Houston, TX 77010-1900 |
| intp | + | multiple injured and death case tort claimants, c/o Jordan Holzer & Ortiz, 500 N Shoreline, Suite 900, Corpus Christi, TX 78401-0341 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: houston_bankruptcy@LGBS.com | Apr 29 2021 20:02:00 | Harris County, et al., Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Bernice Willman |
| cr | | Charles Huppert |
| cr | | ERCOT |
| intp | | Luminant Energy Company LLC |
| cr | | Macquarie Energy LLC |
| cr | | Macquarie Investments US Inc. |
| crcm | | Official Committee Of Unsecured Creditors |
| intp | | Public Utility Commission of Texas |
| cr | | Thomas Clark |

TOTAL: 9 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

| District/off: 0541-4 | User: TylerLaws | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Apr 29, 2021 | Form ID: pdf002 | Total Noticed: 9 |

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 01, 2021              Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 29, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abigail R. Ryan | on behalf of Interested Party State of Texas Abigail.Ryan@oag.texas.gov |
| Bruce J Ruzinsky | on behalf of Creditor Texas-New Mexico Power Company bruzinsky@jw.com msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Charles R Gibbs | on behalf of Creditor Committee Official Committee Of Unsecured Creditors crgibbs@mwe.com dnorthrop@mwe.com;cgreer@mwe.com |
| Christopher R. Newcomb | on behalf of Debtor Griddy Energy LLC chris.newcomb@bakerbotts.com  jacob.herz@bakerbotts.com |
| David Robert Eastlake | on behalf of Debtor Griddy Energy LLC david.eastlake@bakerbotts.com |
| Deborah Michelle Perry | on behalf of Creditor ERCOT dperry@munsch.com |
| James Ryan Fowler | on behalf of Plaintiff Lisa Khoury rfowler@potts-law.com  pcolburn@potts-law.com |
| James Ryan Fowler | on behalf of Creditor Lisa Sandifer Khoury rfowler@potts-law.com  pcolburn@potts-law.com |
| Jamil N Alibhai | on behalf of Creditor ERCOT jalibhai@munsch.com  atellez@munsch.com |
| Jana Smith Whitworth | on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov |
| Jason B. Binford | on behalf of Interested Party Public Utility Commission of Texas Jason.binford@oag.texas.gov |
| Jeffrey R Cox | on behalf of Interested Party Bernice Willman jcox@slmpc.com |
| John Lawrence | on behalf of Defendant Griddy Holdings LLC john.lawrence@bakerbotts.com  jessica.aquino@bakerbotts.com |
| John Lawrence | on behalf of Defendant Griddy Energy LLC john.lawrence@bakerbotts.com  jessica.aquino@bakerbotts.com |
| John Lawrence | on behalf of Debtor Griddy Energy LLC john.lawrence@bakerbotts.com  jessica.aquino@bakerbotts.com |
| Jonathan Rubenstein | on behalf of Defendant Griddy Holdings LLC jonathan.rubenstein@bakerbotts.com |
| Jonathan Rubenstein | on behalf of Defendant Griddy Energy LLC jonathan.rubenstein@bakerbotts.com |
| Karen Hope Beyea-Schroeder | on behalf of Creditor Thomas Clark karen.schroeder@rburnettlaw.com |
| Karen Hope Beyea-Schroeder | on behalf of Creditor Charles Huppert karen.schroeder@rburnettlaw.com |
| Kelli S. Norfleet | on behalf of Creditor Macquarie Energy LLC kelli.norfleet@haynesboone.com  kenneth.rusinko@haynesboone.com |
| Kelli S. Norfleet | on behalf of Creditor Macquarie Investments US Inc. kelli.norfleet@haynesboone.com  kenneth.rusinko@haynesboone.com |

Kevin Chiu
               on behalf of Debtor Griddy Energy LLC kevin.chiu@bakerbotts.com

Kevin M Lippman
               on behalf of Creditor ERCOT klippman@munsch.com  pmoore@munsch.com

Michael Alan Rosenthal
               on behalf of Interested Party Luminant Energy Company LLC MBischoping@gibsondunn.com;kmatorana@gibsondunn.com

Rachel Ruth Obaldo
               on behalf of Interested Party State of Texas bk-robaldo@oag.texas.gov  sherri.simpson@oag.texas.gov

Riley Burnett
               on behalf of Creditor Thomas Clark rburnett@rburnettlaw.com

Riley Burnett
               on behalf of Creditor Charles Huppert rburnett@rburnettlaw.com

Robin Spigel
               on behalf of Debtor Griddy Energy LLC robin.spigel@bakerbotts.com

Shawn M Christianson
               on behalf of Creditor Buchalter  a Professional Corporation schristianson@buchalter.com, cmcintire@buchalter.com

Shelby A Jordan
               on behalf of Interested Party Karen Prescott ecf@jhwclaw.com

Shelby A Jordan
               on behalf of Interested Party multiple injured and death case tort claimants ecf@jhwclaw.com

Stephen Douglas Statham
               on behalf of U.S. Trustee US Trustee stephen.statham@usdoj.gov

Tara L Grundemeier
               on behalf of Creditor Harris County  et al. houston_bankruptcy@publicans.com

US Trustee
               USTPRegion07.HU.ECF@USDOJ.GOV


TOTAL: 34