UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re:* ) | Chapter 11 |
| ) | |
| GRIDDY ENERGY LLC,[1] ) | Case No. 21-30923 (MI) |
| ) | |
| Debtor. ) | |
| ) | |

**DECLARATION OF WINDES, INC.
PURSUANT TO ORDER AUTHORIZING RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

I, Sean McFerson, declare under penalty of perjury:

1. I am a Partner of Windes, Inc., located at 3780 Kilroy Airport Way, Suite 600, Long Beach, CA 90806 (the "Company").

2. Griddy Energy, LLC (the "Debtor") has requested that the Company provide tax and accounting services to the Debtor, namely income tax compliance services, and the Company has consented to provide such services. Although it will depend on the particular services requested by the Debtor at a particular point in time, I anticipate that the fees and expenses incurred by the Company for the duration of the chapter 11 case will likely be in the range of $1,400 per month.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. The Company does not perform services for any such person in connection with this chapter 11 case, or have any relationship with

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

any such person, their attorneys or accountants that would be adverse to the Debtor or its estate with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants and parties in interest in this chapter 11 case.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be employed.

7. The Debtor owes the Company $0 for prepetition services. During the 90-days preceding the Petition Date, the Company was paid $2,500.

8. I further understand that this Declaration will not suffice as the Company's proof of claim.

9. As of March 15, 2021, which was the date on which the Debtor commenced this chapter 11 case, the Company was party to an agreement for indemnification with the Debtor. A copy of such agreement is attached as Exhibit 1 to this Declaration.

10. Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtor's chapter 11 case:

    a. The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services

        other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution or reimbursement are approved by the Court.

b.     Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, self-dealing, bad faith, breach of fiduciary duty (if any) or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing this chapter 11 case, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

11.     The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 30, 2021

*[signature]*

**Sean McFerson, CPA**

**Exhibit 1**



Long Beach | Irvine | Los Angeles

www.windes.com
844.4WINDES

March 10, 2021

Griddy Energy, LLC
Attn: Roop Bhullar
12121 Bluff Creek Drive, Ste. 220
Playa Vista, CA  90094

Dear Mr. Bhullar:

Windes, Inc. ("Windes") is pleased to provide Griddy Energy, LLC (hereinafter "you" or "your") with the professional services described below. This letter confirms our understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide. This engagement between you and our firm will be governed by the terms of this letter. We will perform our services in accordance with the Statements on Standards for Tax Services issued by the American Institute of Certified Public Accountants and U.S. Treasury Department Circular 230.

### Scope of Engagement

We will prepare your federal and state tax returns for the short period ended December 31, 2020.

We will not prepare any tax returns except those identified above without your written authorization to do so. We will prepare your tax returns based upon information and representations you provide to us. We will not audit or otherwise verify the data you submit to us, although we may ask you to clarify some of the information. We will prepare the tax returns solely for filing with the Internal Revenue Service ("IRS") and state and local tax authorities. They are not intended to benefit or influence any third party, either to obtain debt or equity financing or for any other purpose.

### Defense, indemnification & hold harmless

As a result, you agree to defend, indemnify and hold our firm and any of its partners, principals, shareholders, officers, directors, members, employees, agents or assigns harmless with respect to any and all claims arising from the use of the tax returns for any purpose other than filing with the IRS and state and local tax authorities regardless of the nature of the claim, including the negligence of any party.

You agree that you will not be, and are not, entitled to rely on any advice unless your request is in writing and our response is provided in a written memorandum.

### Client Responsibilities

You will provide us with a trial balance and other supporting data needed to prepare your tax returns. It is your obligation to provide us with accurate and complete information, including worldwide income.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 2

Documentation

You are responsible for maintaining adequate documentation to substantiate the accuracy and completeness of your tax returns. You should retain all documents that provide evidence and support for reported income, credits, and deductions on your returns as required under tax law. You are responsible for the adequacy of all such documents. You represent that you have such documentation and can produce it if needed to respond to any audit or inquiry by taxing authorities.

Hold harmless

You agree to hold us harmless with respect to any claim for damages for additional taxes, penalties, or interest imposed on you by taxing authorities due to your failure to provide us with adequate or timely documentation.

Personal expenses

Unless we are otherwise advised, you are responsible for confirming that personal expenses are segregated from business expenses, and expenses such as meals, travel, entertainment, vehicle use, gifts, and related expenses, are supported by necessary records required by the IRS and other taxing authorities. At your request, we are available to answer your questions and advise you on the types of supporting records required.

Listed transactions and transactions of interest

You acknowledge your responsibility to inform us of any listed transactions or transactions of interest as designated by the IRS. You agree to hold us harmless with respect to any additional taxes, penalties, or interest imposed on you by taxing authorities resulting from your failure to timely notify us, in writing, of all such transactions in order to facilitate the timely preparation and filing of your tax returns.

State and local filing obligations

You are responsible for determining your state or local tax filing obligations with any state or local tax authorities, including, but not limited to, income, franchise, sales, use, property or unclaimed property taxes. You agree that we have no responsibility to research these obligations or to inform you of them. If, upon review of the information you have provided us and other information that comes to our attention, we believe you may have an obligation to file additional tax returns, we will notify you of this responsibility in writing and ask you to contact us. If you ask us to prepare these returns, we will confirm accordingly in a separate engagement letter and delineate the additional charges for this service.

U.S. filing obligations related to foreign investments

It is your responsibility to inform us if you directly or indirectly hold any interest or signatory authority in any assets located in a foreign country. Based on the information you provide, this information will be used to calculate any applicable foreign tax credits. We will also use this data to inform you of any additional filing requirements, which may include FINCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). Failure to file required forms can result in the imposition of both civil and criminal penalties, which can be significant.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 3

As part of your federal income tax return, you are required to report the maximum value of specified foreign financial assets, which include financial accounts with foreign institutions and certain other foreign non-account investment assets that exceed certain thresholds. In some, but not all, cases, this filing obligation may overlap your FBAR filing obligations. You are responsible for adequately and timely informing us of all foreign investments so we can properly advise you as to your FBAR and income tax return filing obligations.

Foreign filing obligations

You are responsible for complying with any other country's income reporting and tax filing requirements. We have no responsibility to discuss these issues with you. If you have specific questions regarding your tax filing obligations, please contact us to schedule an appointment to discuss your concerns.

Ultimate responsibility

You have final responsibility for your income tax returns. Check them carefully for accuracy and completeness before you sign them.

**CPA Firm Responsibilities**

Arguable positions

We will use our judgment to resolve questions in your favor where a tax law is unclear, assuming there is reasonable justification for doing so. Whenever we are aware of conflicting interpretations of the law by authorities, we will explain the possible positions that may be taken on your return. We will follow the position you request, provided it is consistent with our understanding of the current tax code, laws, regulations and their interpretations. If the IRS or state tax authorities later contest the position taken, there may be an assessment of additional tax, interest, and penalties. We assume no liability, and you hereby release us from any such additional tax, interest, and penalties or other fees and assessments.

Bookkeeping assistance

We may deem it necessary to provide you with accounting and bookkeeping assistance solely for the purpose of preparing the income tax returns. We will request your approval before rendering these services. Additional charges will apply for such services.

Management responsibilities

Windes, in its sole professional judgment, reserves the right to refuse to take any action that could be construed as making management decisions or performing management functions on your behalf. However, we may provide advice and recommendations to assist management in performing its functions and making decisions.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 4

Errors, fraud, or theft

Our engagement does not include any procedures designed to discover errors, fraud, or theft. Therefore, our engagement cannot be relied upon to disclose such matters.

Tax planning services

Our engagement does not include tax planning services, unless otherwise agreed upon. During the course of preparing the tax returns identified above, we may bring to your attention certain available tax-saving strategies for you to consider as possible means of reducing your income taxes in subsequent tax years. However, we have no responsibility to do so and will take no action with respect to any such recommendations, as the responsibility for implementation remains with you, the taxpayer.

Government inquiries

This engagement does not include responding to inquiries by any government agency or tax authority. If your tax return is selected for examination or audit, you may request our assistance in responding to such inquiry. If you ask us to represent you, we will confirm this in a separate engagement letter and delineate how additional charges for this service will be calculated.

**Timing of the Engagement**

We expect to begin the preparation of your returns upon receipt of the trial balance and other supporting data agreed to above.

If your return is electronically filed, our services will conclude upon the earlier of the filing and acceptance of your 2020 tax returns by the appropriate taxing authorities or one year from the execution date of this letter. You will be required to verify and sign a completed IRS e-file Signature Authorization form and state equivalent before your returns can be filed electronically. You are responsible for reviewing the accuracy of all tax returns and any accompanying schedules and statements prior to filing.

If your return is filed by mail, our services will be concluded upon the earlier of delivery to you of your 2020 tax returns for your review and filing with the appropriate taxing authorities or one year from the execution date of this letter.

**Extensions of Time to File Tax Returns**

It may become necessary to apply for an extension of the filing deadline if there are unresolved tax issues or delays in processing, or if we do not receive all of the necessary information from you on a timely basis. Applying for an extension of time to file may extend the time available for a government agency to undertake an audit of your return or it may extend the statute of limitations. All taxes owed are due by the original filing due date. Additionally, extensions may affect your liability for penalties and interest or compliance with government or other deadlines.

We are available to discuss this matter with you at your request at our regular hourly fee if the need arises.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 5

### Penalties and Interest Charges

Federal, state, and local taxing authorities impose various penalties and interest charges for non-compliance with tax law, including, for example, failure to file or late filing of tax returns, and underpayment of taxes. You, as the taxpayer, remain responsible for the payment of all taxes, penalties, and interest charges imposed by taxing authorities.

We rely on the accuracy and completeness of the information you provide to us in connection with the preparation of your tax returns. Failure to disclose, or inadequate disclosure of income or tax positions, can result in the imposition of penalties and interest charges.

*The IRS and many states impose penalties for substantial understatement of tax. To avoid the substantial understatement penalty, you must have substantial authority to support the tax treatment of the item challenged by the IRS or adequate disclosure of the item. A completed IRS Form 8275, Disclosure Statement, or 8275-R, Regulation Disclosure Statement, which discloses all relevant facts, may be required to be attached to your tax return to meet the adequate disclosure requirement. A disclosed tax position that meets the reasonable basis standard must have some authority supporting the position and be more than simply arguable.*

*You agree to advise us if you wish to disclose any tax treatment(s) on your return. If you request our assistance in identifying or performing further research to ascertain whether there is "substantial authority" for the proposed position to be taken on the tax items in your returns, we would be pleased to discuss providing this additional service to you under the terms of a separate engagement letter. It is your responsibility to contact us if additional assistance is required.*

*Unless an undisclosed tax position meets the substantial authority or "more likely than not" standard, as applicable, we will be unable to prepare the return and will withdraw from the engagement.*

### Fees and Billings

Our professional fee for the services outlined above is estimated to be $5,300. This fee is based upon the complexity of the work to be performed and our professional time to complete the work. Additionally, this fee depends upon the availability, quality, and completeness of your records. You agree that you will deliver all records requested by our staff to complete this engagement on a timely basis. We will bill you for our professional fees, expenses and out-of-pocket costs as of the date we deliver our work product to you. We may issue invoices to you on an interim basis prior to completion of services. Our invoices are due when you receive them. Invoices unpaid 30 days past the billing date may be deemed delinquent and can be subject to an interest charge of 1.0% per month. Payment of invoices by way of credit card are subject to a convenience fee of 2.5% of the amount due. We reserve the right to suspend or terminate our work for nonpayment or frequent late payment of fees.

If Windes is required to respond to legal process seeking your tax-related information, you agree to reimburse us for our professional fees and costs incurred, as well our legal and/or third party vendor fees incurred in such matters.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 6

In the event your records are not submitted to us in a timely manner or are incomplete or unusable, we reserve the right to charge additional fees and expenses for services required to correct the problem. If this occurs, we will contact you to discuss the matter and the anticipated delay in completing our engagement prior to rendering further services.

Waiver of liability

You agree that in the event your payment of tax is not received by the due date of the tax return, we will not be responsible for your failure to meet government and other filing deadlines, for any penalties or interest that may be assessed against you resulting from your failure to meet the deadlines, and for any other damages (including, but not limited to consequential, indirect, lost profits, or punitive damages) incurred by you as a result of the late filing or non-filing of the tax returns.

**Electronic Data Communication and Storage and Use of Third-Party Service Providers or Subcontractors**

In the interest of enhancing our availability to meet your professional service needs while maintaining service quality and timeliness, we may use a third-party service provider, which may be foreign or domestic, to assist us in the provision of services to you. We have established procedures and controls designed to protect client confidentiality and maintain data security. As the paid provider of professional services, our firm remains responsible for exercising reasonable care in providing such services, and our work product will be subjected to our firm's customary quality control procedures. By accepting the terms and conditions of our engagement, you are providing your consent and allowing us to disclose your confidential information to a third-party service provider if such disclosure is necessary to deliver professional services or provide support services to our firm.

We may send data over the Internet, store electronic data via computer software applications hosted remotely on the Internet, or allow access to data through third-party vendors' secured portals or clouds. Electronic data that is confidential to you may be transmitted or stored using these methods.

We may use third-party service providers to store or transmit this data, such as providers of tax return preparation software. In using these data communication and storage methods, our firm employs measures designed to maintain data security. We use reasonable efforts to keep such communications and data access secure in accordance with our obligations under applicable laws and professional standards. We also require all of our third-party vendors to do the same.

You recognize and accept that we have no control over the unauthorized interception or breach of any communications or data once it has been sent or has been subject to unauthorized access, notwithstanding all reasonable security measures employed by us or our third-party vendors. You consent to our use of these electronic devices and applications and submission of confidential client information to third-party service providers during this engagement.

You authorize that any and all information furnished to us for or in connection with the preparation of tax returns under this engagement letter may be disclosed to third party service providers for purposes of assisting us in providing tax return preparation and tax planning services. Such third-party service providers may be located within or outside the United States. Both we and the third-party service providers who will receive this information will maintain adequate data protection safeguards (as required by the regulations under 26 U.S.C. Section 7216) to protect your privacy and prevent unauthorized access to tax return information.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 7

As part of the engagement, it may be necessary for us to review your account information on the Franchise Tax Board's website, MyFTB.gov. You authorize us to have "view only" access to all the tax year information available on the aforementioned website that is associated with your Social Security numbers and/or business Entity ID numbers. This authorization remains in effect until you revoke it in writing.

*Entire Agreement/Modification*

This engagement letter, including any attachments, encompasses the entire agreement of the parties and supersedes all previous understandings and agreements between the parties, whether oral or written. Any modification to the terms of this engagement letter must be made in writing and signed by both parties.

*Claims, Termination and Other Terms*

Limitation period for claims

Any claim arising out of this engagement letter shall be commenced within one year of the delivery of the work product to you, regardless of any longer period of time for commencing such claims as may be set by law.

Limitation on damages

Windes' liability for all claims, damages, and costs arising from this engagement, other than for malice or deliberate wrongdoing, is limited to one times the total amount of fees paid by you to Windes for services rendered under this agreement.

Termination

We reserve the right to withdraw from this engagement without rendering services for any reason, including but not limited to, your failure to comply with the terms of this engagement letter, your disagreement with our recommendations regarding tax return filing and reporting obligations, tax return positions to be taken or disclosures to be made in the returns, or our determination that professional standards require our withdrawal for any other reason.

Record Retention

At the completion of our engagement, the original source documents will be returned to you. Workpapers and other documents created by us are our property. Such original workpapers will remain in our control, and copies are not to be distributed without our prior written consent.

Privacy Policy

To learn more about the information we have collected from you, please visit our website at https://windes.com/privacy-policy and see our Privacy Policy.

Griddy Energy, LLC
Attn: Roop Bhullar
March 10, 2021
Page 8

Severability

If any portion of this engagement letter is deemed invalid or unenforceable, said finding shall not invalidate the remainder of the terms set forth in this engagement letter.

We appreciate the opportunity to be of service to you. Please date and sign the enclosed copy of this engagement letter and return it to us to acknowledge your agreement with its terms. It is our policy to initiate services only after we receive the signed copy of this engagement letter from you.

Very truly yours,

*Windes, Inc.*
WINDES, INC.

**APPROVED:**

Griddy Energy, LLC

*Roop Bhullar*                                    03/10/2021
Signature of Authorized Officer                   Date

Roop Bhullar
Print Name

CFO
Title of Officer

# Documents from Windes, Inc.

Final Audit Report                                                                                          March 10, 2021

| | |
|---|---|
| Created: | March 10, 2021 |
| By: | WINDES INC.(nsweet@windes.com) |
| Status: | ESigned |
| Transaction ID: | 24PN6KX5CDRM32XVY0GWRYCHD0 |
| Documents: | 2020 Griddy Energy LLC Tax Engagement Letter.docx |

## "Documents from Windes, Inc." History

- 👁 Document emailed to (roop@griddy.com) for signature
  3/10/2021 18:57:26 PM UTC

- 👁 Document viewed by roop@griddy.com(roop@griddy.com)
  3/10/2021 19:01:58 PM UTC - IP address: ::ffff:52.158.215.147

- 🖊 Document e-signed by roop@griddy.com(roop@griddy.com)
  Signature Date: 3/10/2021 19:02:38 PM UTC - Time Source: Server - IP address: ::ffff:52.158.215.147

- ✅ Document Signed
  3/10/2021 19:02:38 PM UTC