IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | § § § | Case No. 21-30923 (MI) |
| Debtor. | § § § § | Re: Docket No. ___ |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF APRIL 5, 2021

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case for entry of an order authorizing the Committee to employ and retain McDermott Will & Emery LLP ("McDermott") as counsel effective as of April 5, 2021, the date on which the Committee determined to employ McDermott as its counsel in this Chapter 11 Case, pursuant to sections 328(a) and 1103 of the Bankruptcy Code; and upon the Gibbs Declaration attached to the Application as **Exhibit B**; and the Court having jurisdiction pursuant to sections 157 and 1334 of the Bankruptcy Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Gibbs Declaration

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Green Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

that McDermott does not represent or hold any interest materially adverse to the Debtor or its estate as to the matters upon which McDermott has been and is to be employed, and that McDermott is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code; and that while employed by the Committee, McDermott will not represent any other person or entity having an adverse interest in connection with this Chapter 11 Case; and this Court having determined that the legal and factual bases set forth in the Application and the Gibbs Declaration establish just cause for the relief granted herein; and upon the informal comments of the Debtor; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The Application is approved as set forth herein.

2. Pursuant to sections 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee is authorized to employ and retain McDermott as its counsel effective as of April 5, 2021 on the terms set forth in the Application and the Gibbs Declaration, *provided* that the hourly rate charged for services provided by any non-lawyer professional shall not exceed $540 per hour.

3. McDermott shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court.

4. Notwithstanding anything to the contrary contained in the Application or the Gibbs Declaration, if McDermott applies for payment of compensation during the chapter 11 case on a monthly or interim basis pursuant to the *Order Establishing Procedures for Interim Compensation*

*and Reimbursement of Expenses for Professionals* [Docket No. 184] (the "Interim Compensation Procedures Order"), any and all such applications shall include a calculation of the actual weighted blended hourly rate of all timekeepers (the "Current Blended Rate") from the date of McDermott's retention through the end of the period covered by the applicable application (such period, the "Fee Period"). If the Current Blended Rate exceeds $850.00 for any Fee Period, then, solely for such Fee Period, the application shall discount McDermott's fees in an amount necessary such that the Current Blended Rate is not greater than $850.00 (a "Reduction"). Notwithstanding a Reduction for any Fee Period, McDermott may recoup the amount of such Reduction in any subsequent Fee Period to the extent that the Current Blended Rate for such subsequent Fee Period is less than $850.00. In McDermott's final fee application filed in this chapter 11 case, McDermott will perform a final calculation of the Current Blended Rate and, if applicable, will be entitled to recoup any Reduction to the extent that the Current Blended Rate (measured from the date of McDermott's retention through the conclusion of this chapter 11 case) is less than $850.00. Notwithstanding anything else set forth in this Order, all compensation sought by McDermott will be subject to the Interim Compensation Procedures Order.

5. McDermott will provide ten days' advance written notice of any rate increases to the Committee, the United States Trustee, and the Debtor, and will file a Supplemental Affidavit with the Court.

6. The Committee and McDermott are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. To the extent the Application or the Gibbs Declaration, is inconsistent with this Order, the terms of this Order shall govern.

8.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  During the course of this Chapter 11 Case, this Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2021

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE