# **Exhibit 1**

Committee Letter

May __, 2021

Re: **Griddy Energy LLC, No. 21-30923 (MI)**
<u>**Committee Recommendation to Accept the Chapter 11 Plan of Liquidation**</u>

To Holders of Class 4 Other General Unsecured Claims and Class 5 Former Customer Claims:

McDermott Will & Emery LLP represents the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the bankruptcy case of Griddy Energy LLC (the "<u>Debtor</u>"). The Committee was appointed by the Office of the United States Trustee (an arm of the United States Department of Justice) to represent the interests of all general unsecured creditors, including you.

The Committee has dedicated significant time to understanding the circumstances leading to the Debtor's bankruptcy case, negotiating with the Debtor and other parties in interest for better treatment of unsecured creditors, and representing the interests of unsecured creditors before the bankruptcy court.

In May 2021, you received a solicitation package that contained the Debtor's *Disclosure Statement for Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>") and the Debtor's *Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>"). **The Committee has reviewed these documents and believes that the Plan is in the best interests of unsecured creditors.**

> **THE COMMITTEE RECOMMENDS THAT YOU VOTE TO <u>ACCEPT</u> (VOTE FOR) THE PLAN.**
>
> **THE COMMITTEE BELIEVES THAT THE PLAN PROVIDES THE BEST RECOVERY POSSIBLE FOR UNSECURED CREDITORS UNDER THE CIRCUMSTANCES.**
>
> **Please contact the Committee's representatives at McDermott Will & Emery LLP with any questions regarding our recommendation or the Plan.**
> **Charles R. Gibbs (214-295-8063); crgibbs@mwe.com**
> **Darren Azman (212-547-5615); dazman@mwe.com**

<u>**FORMER CUSTOMERS WILL RECEIVE RELEASES**</u>. Under the Plan, the Debtor's former customers have the option to receive releases from the Debtor in exchange for releasing the Debtor and other third parties, including, but not limited to, the Debtor's officers, directors and affiliates as well as the Debtor's prepetition secured lenders (the "<u>Released Parties</u>"). For those former customers that do not opt out of the releases, the Debtor will *not* attempt to collect amounts owed by such former customers on account of electricity used, including during the February 2021 winter storm event in Texas (commonly referred to as Winter Storm Uri), or report such former customers' unpaid balances to credit bureaus. The Committee believes this is a material benefit to the tens of thousands of customers who received electricity bills at the extreme pricing imposed by the market and regulators during Winter Storm Uri and will provide finality and peace of mind to affected former customers.

<u>**FORMER CUSTOMERS WHO PAID FOR ELECTRICITY WILL HAVE ALLOWED CLAIMS**</u>. Former customers who do not opt out of the customer releases and who paid for electricity

they used during February 13, 2021 – February 19, 2021 will have allowed, unsecured claims against the Debtor for the amounts paid. *If you paid for the electricity you used during such period, you must file a proof of claim evidencing such claim before the applicable bar date to have an allowed unsecured claim in the amount reflected on the Debtor's books and records.*

**THE DEBTOR RELEASES BENEFIT THE ESTATE**. The Debtor proposes to release claims and causes of action it may have against, among others, the Released Parties. In exchange for these releases, the Released Parties will make valuable contributions that the Committee believes will materially improve the recoveries of general unsecured creditors. Namely, the prepetition secured lenders have, among other things, agreed to waive their entire claim of approximately $1.45 million, and the non-debtor affiliates have agreed to pay the prepetition secured lenders professional fee claim up to $225,000. A non-debtor affiliate has further agreed to grant a limited license to the Debtor to assist it in prosecuting causes of action and administering the claims reconciliation process, and the directors and officers have agreed to assist the Debtor with that process.

**YOU MAY OPT-OUT OF THE THIRD-PARTY RELEASES**. Any non-former customer and any former customer that opts-out of the customer releases may decide to opt-out of the third party releases in the Plan. Unless such parties opt-out of the third party releases, any claims they have against the Released Parties may be released. Detailed instructions on how to opt out of the third-party releases are included on your ballot, enclosed in the same package as this letter. If you are a former customer and you opt-out of the third party releases, you will not receive the Debtor release for your past unpaid electricity bills, but you may file a claim against the Debtor by the applicable deadline or pursue claims that you hold against the other Released Parties. You should consult your own attorney to determine the best course of action for you.

**THE PLAN ADMINISTRATOR WILL BE JOINTLY APPOINTED**. Under the Plan, the Plan Administrator will have control over the prosecution of claims and causes of action against third parties and distributions to unsecured creditors. The Plan provides that the Debtor and the Committee will jointly appoint the Plan Administrator. Additionally, the Plan creates an advisory board with significant oversight powers that will initially consist of two members selected by the Committee and one member selected by the Debtor. This will allow the Committee-appointed members to help ensure that the Plan Administrator acts in the best interests of general unsecured creditors.

**THE PLAN REPRESENTS A GLOBAL RESOLUTION**. The Plan represents a global resolution among the Debtor, the Released Parties, and the Committee that avoids potential time consuming and expensive litigation and lost value to the Debtor's estate. The Committee believes that this global resolution is in the best interests of general unsecured creditors.

**ALTERNATIVES TO THE PLAN ARE NOT AS FAVORABLE**. The Committee believes that if the Plan is not confirmed, unsecured creditor recoveries will be diminished and certain key benefits of the Plan will be lost. In particular, the Debtor will need to expend significant resources drafting and soliciting a new Plan and it is likely that the Chapter 11 Case will convert to a chapter 7 liquidation. Under chapter 7, a chapter 7 trustee would be appointed and would likely pursue former customers for outstanding amounts owing to the Debtor and/or report such former customers' unpaid balances to a credit bureau. Additionally, it is unlikely that the Released Parties would make the same valuable contributions they are currently offering. Moreover, it is unlikely that former customers would receive releases from the Debtor for amounts owed on account of unpaid bills for past electricity used.

**YOUR VOTE IS IMPORTANT**. Without your vote to accept the Plan, the Plan may not be accepted by the requisite number of creditors. Even if some general unsecured creditors vote to reject

the Plan, Class 4 and Class 5 would accept the Plan if two-thirds in amount and a majority of claim holders in each class vote to accept the Plan. Accordingly, every vote counts.

**THE PLAN TREATS UNSECURED CREDITORS FAIRLY**. The Committee negotiated for increased recoveries for the general unsecured creditors. In addition to the Debtor's cash on hand and the proceeds of certain causes of action the Debtor has against third parties, the Debtor's prepetition secured lenders have agreed to waive their entire claim of approximately $1.45 million, and their claim for professional fees will likely be paid in full by the Debtor's non-debtor affiliates.

The foregoing description is not intended as a substitute for the Disclosure Statement. All statements contained in this letter represent the Committee's belief, formed after a review of the relevant documents and consultation with its attorneys. Creditors should read the Disclosure Statement and the Plan in their entirety and then make their own respective independent decision as to whether the Plan is acceptable.

*For these reasons, the Committee urges general unsecured creditors to vote to* **ACCEPT** *the Plan.*

Very truly yours,

*The Official Committee of Unsecured Creditors of Griddy Energy LLC*