

ENTERED
05/26/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | Jointly Administered |

### ORDER APPROVING APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF APRIL 14, 2021

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Griddy Energy LLC (the "Debtor") appointed pursuant to section 1102 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Chapter 11 case (the "Chapter 11 Case") for entry of an order authorizing the employment and retention of Province, LLC ("Province") as financial advisor for the Committee, effective as of April 14, 2021, pursuant to Bankruptcy Code sections 328 and 1103, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of the United Bankruptcy Court for the Southern District of Texas (the "Local Rules"); and upon the declaration of David Dunn (the "Dunn Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is P.O. Box 1288, Green Farms, CT 06838.

this district under 28 U.S.C. §§ 1408 and 1409; and having found based on the representations made in the Application and the Dunn Declaration that (i) Province does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained; (ii) Province is a "disinterested person" as that phrase is defined in Bankruptcy Code section 101(14) (as modified by Bankruptcy Code section 1103(b)); (iii) neither Province nor its professionals have any connection with the Debtor, its estate, or creditors, except as disclosed in the Dunn Declaration; and (iv) Provinces' employment and retention is necessary and in the best interest of the Debtor's estates, their creditors and other parties in interest; and good and adequate notice of the Application having been given under the circumstances and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The Committee is authorized to retain Province as its financial advisor effective as of April 14, 2021, pursuant to Bankruptcy Code sections 328 and 1103 under the terms and conditions set forth in the Application and the Dunn Declaration.

2. Payment of Province's fees and expenses shall be made, subject to Bankruptcy Court review and approval, pursuant to the terms described in the Application and the Dunn Declaration, in accordance with the applicable provisions of the Bankruptcy Code (including the reasonableness standard set forth in Bankruptcy Code sections 330(a), and Bankruptcy Code

section 331), the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.  For billing purposes, Province shall keep its time in one tenth (1/10) hour increments.

3. Ten business days' notice shall be provided by Province to the Debtor, the United States Trustee, and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330(a), and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.  To the extent this Order conflicts with the Application and/or the Dunn Declaration, the terms of this Order control.

5. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: May 26, 2021

Marvin Isgur
United States Bankruptcy Judge