**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | **Relates to Docket No. 24** |
| | ) | |

**ORDER: (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND NOTICE
PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN;
(III) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES
IN CONNECTION THEREWITH; AND (IV) APPROVING THE SCHEDULING OF
CERTAIN DATES IN CONNECTION WITH CONFIRMATION OF THE PLAN**

Upon the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an order (this "Order"): (a) conditionally approving the adequacy of the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 295] (as it may be further amended, supplemented or modified in accordance with the terms thereof, the "Disclosure Statement") for solicitation of votes on the *Modified Third Amended Plan of Liquidation of Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 294] (as it may be further amended, supplemented or modified in accordance with the terms thereof, the "Plan"), (b) approving the Combined Hearing Notice, substantially in the form attached as Exhibit 1 hereto, (c) approving the solicitation and notice procedures with respect to confirmation of the Plan, (d) approving the form of ballots and notices in connection therewith, and (e) approving the scheduling of certain dates with respect to solicitation and confirmation of

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Plan, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 ~~and the Amended Standing Order~~; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and good and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT

1.      The Disclosure Statement is conditionally approved.

2.      The Debtor's request for a Combined Hearing on the approval of the Disclosure Statement and confirmation of the Plan, and the following Plan Confirmation Schedule is approved:

| Event | Deadline |
|---|---|
| Voting Record Date | May 25, 2021 |
| Solicitation Deadline | May 28, 2021 (or as soon as reasonably practicable thereafter) |

| Event | Deadline |
|---|---|
| Assumption and Cure Notice Deadline | June 7, 2021 |
| Assumption and Cure Objection Deadline | June 21, 2021 at 5:00 p.m. (prevailing Central time) |
| Plan Supplement Date | June 18, 2021 |
| Plan and Disclosure Statement Objection Deadline | June 25, 2021 at 45:00 p.m. (prevailing Central Time) |
| Voting Deadline | June 25, 2021 at 45:00 p.m. (prevailing Central Time) |
| Deadline to File Voting Report | July 1, 2021 at 45:00 p.m. (prevailing Central Time) |
| Deadline to File Confirmation Brief and/or Omnibus Reply to Any Plan or Disclosure Statement Objection | July 2, 2021 |
| Combined Hearing on Disclosure Statement and Plan | July [   ],7, 2021 at 3:00 p.m. (prevailing Central Time) |

**THE COMBINED HEARING NOTICE AND RELATED MATTERS**

3.      The Combined Hearing Notice, substantially in the form attached hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.  The Combined Hearing Notice shall be filed by the Debtor and served upon all parties required pursuant to Bankruptcy Rule 2002 as of the Voting Record Date on or before **May 28, 2021** (or as soon as reasonably practicable thereafter).  The Debtor shall publish the Combined Hearing Notice once not later than **June 1, 2021** (or as soon as reasonably practicable thereafter) in *The New York Times*, the *Houston Chronicle* and the *Dallas Morning News*.  The publication of the Combined Hearing Notice, together with the mailing of the Combined Hearing Notice as described above, is deemed to be sufficient and appropriate under the circumstances.

4.      Pursuant to Bankruptcy Rule 3018(a), **May 25, 2021** is established as the Voting Record Date for determining which holders of Claims and Interests are entitled to vote on the Plan and whether Claims or Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim or Interest.

5.      The deadline to object to the Plan and the Disclosure Statement (the "Plan and DS Objection Deadline") is **June 25, 2021 at 4̶5:00 p.m. (prevailing Central Time)**.   Any objection to the Plan or the adequacy of the Disclosure Statement on a final basis must be filed by the Plan and DS Objection Deadline and must:   (a) be in writing; (b) conform to the Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest; (d) state with particularity the basis and nature of any objection to the Plan and/or adequacy of the information contained in the Disclosure Statement; ~~(e) propose a modification to the Plan and/or the Disclosure Statement, as applicable, that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by on the following parties:   (i) counsel to the Debtor:  Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.:  David R. Eastlake), and 30 Rockefeller Plaza, New York, NY 10112 (Attn. Robin Spigel and Chris Newcomb); (ii) counsel to the Committee: McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201 (Attn: Charles R. Gibbs) and 340 Madison Avenue, New York, NY 10173-1922 (Attn: Darren Azman);  and (iii) each of the other entities listed on the Master Service List (available on the Solicitation Agent's website at https://cases.stretto.com/Griddy or the Court's website at http://www.txs.uscourts.gov/bankruptcy).~~and (e) be filed with the Court so that it is received by the Clerk of the Court by 5:00 p.m. on June 25, 2021.

## APPROVAL OF THE SOLICITATION PROCEDURES AND BALLOTS

6.      The Solicitation Procedures, substantially in the form attached as Exhibit 2, are approved in their entirety.

7.      Each Person or Entity listed in the Debtor's books and records as having been a customer of the Debtor at any point since February 2017, each of whom is listed on the Debtor's Schedules of Liabilities as having contingent, unliquidated and disputed claims in an undetermined amount, shall be deemed to have a Class 5 Customer Claim in the amount of $1.00 that is temporarily allowed pursuant to Bankruptcy Rule 3018 solely for purposes of voting on the Plan, including indicating whether the Person or Entity consents to give and receive the benefit of the Customer Releases set forth in section 12.10 of the Plan.  Such former customer shall not have an Allowed Class 5 Customer Claim unless such former customer is a Participating Customer (i.e., ~~votes to accept~~does not opt-out of the ~~Plan or~~Customer Releases, including if such former customer abstains from voting and does not opt-out of the Customer Releases) and the Court approves the Customer Releases.  If a former customer is a Non-Participating Customer (i.e., ~~votes to reject~~opts-out of the ~~Plan as a Class 5~~ Customer ~~or timely opts for such treatment~~Releases in accordance with the terms of the Plan), (a) the Customer Releases shall not apply to such former customer, and (b) solely for purposes of voting on the Plan, such Non-Participating Customer shall be deemed to have a Class 4 Other General Unsecured Claim in the amount of $1.00 that is temporarily allowed pursuant to Bankruptcy Rule 3018 solely for purposes of voting on the Plan, including indicating whether the Person or Entity consents to the Third Party Releases set forth in Section 12.07(b) of the Plan.

8.      Notwithstanding anything to the contrary in the Solicitation Procedures, solely with respect to any claim of the Electric Reliability Council of Texas ("ERCOT"), to the extent a party files an objection to ERCOT's claim, including a "reduce and allow" objection, on or prior

to June 14, 2021 at 8:00 p.m. (CT), (i) such party shall serve ERCOT with notice of the objection promptly, (ii) to the extent ERCOT wishes to seek temporary allowance of its Claim for voting purposes only (including in an amount different than the amount specified in a "reduce and allow" objection) pursuant to Rule 3018, ERCOT shall file a motion seeking such relief (an "ERCOT R. 3018 Motion") with the Court on or prior to June 21, 2021 at 4:00 p.m. (CT) and serve the Debtor with such 3018 Motion, (iii) the Debtor may file a response to the ERCOT R. 3018 Motion on or before June 25, 2021 at 12:00 p.m. (CT); and (iv) the Court ~~shall~~will hold a hearing to consider any ERCOT R. 3018 Motion on ~~or before~~ June 29, 2021~~.~~ at 9:00 a.m. (CT). If the Court enters an order resolving any ERCOT R. 3018 Motion or otherwise allowing ERCOT's Claim for voting purposes after the Voting Deadline, ERCOT shall submit its vote on the Plan within 24 hours of the time such order is entered on the docket, *provided that* ERCOT shall use good faith efforts to submit its vote as soon as practicable.  If ERCOT's Claim is subject to an objection referred to in this paragraph 8 that is filed on or prior to June 14, 2021, ERCOT shall not be entitled to vote to accept or reject the Plan on account of its Claim unless a Resolution Event (as defined in the Solicitation Procures) occurs or the Court orders otherwise, provided, however, if an objection is filed to ERCOT's Claim on a "reduce and allow" basis and ERCOT does not file an ERCOT R. 3018 Motion, then ERCOT shall be entitled to vote such Claim in the reduced amount contained in such objection.  For the avoidance of doubt, any objection to ERCOT's Claim filed after June 14, 2021 shall not affect ERCOT's entitlement to vote to accept or reject the Plan in the full filed amount of the ERCOT Claim.

9.     The procedures for distributing the Solicitation Packages as set forth in the Motion satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.  The Debtor shall distribute or cause to be distributed Solicitation Packages to all entities entitled to vote to

accept or reject the Plan on or before May 28, 2021 (or as soon as reasonably practicable thereafter).

10.     The Debtor is authorized, but not directed or required, to distribute the Combined Hearing Notice as a separate mailing from the remaining documents included in the Solicitation Package.  If the Debtor mails the Combined Hearing Notice separately, the Debtor is not required to include an additional copy of the Combined Hearing Notice in the Solicitation Package.

11.     The Debtor is authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to holders of Claims or Interests entitled to vote on the Plan in electronic format (i.e., on a CD-ROM or flash drive).  Only the Ballots, the Solicitation Procedures and the Combined Hearing Notice will be provided in paper form.  On or before the Solicitation Deadline, the Debtor shall provide (a) complete Solicitation Packages (other than Ballots) to the U.S. Trustee and (b) the Order (in electronic format) and the Combined Hearing Notice to all parties on the 2002 List as of the Voting Record Date.  Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format.

12.     Notwithstanding the foregoing paragraph or anything herein to the contrary, solely in respect of the Customer Claims in Class 5, the Debtor is authorized, but not directed to, serve the Combined Hearing Notice and the Solicitation Package by either (i) attaching the Combined Hearing Notice and Solicitation Package to an email to the holders of Customer Claims; or (ii) including a link to Stretto's website where the holders of Customer Claims can access the Combined Hearing Notice and the Solicitation Package.  If the email address of the holder of a Customer Claim is no longer in use or the email is undeliverable, the Debtor shall

send a text message to the Person or Entity (based on the last known telephone number in the Debtor's books and records) containing the link to Stretto's website and indicating that the Debtor attempted to email the former customer at the former customer's last known email address with an important document related to Debtor's chapter 11 case and the former customer can access the Combined Hearing Notice and Solicitation Package by clicking on: https://cases.stretto.com/Griddy.  Such notice will be considered proper and adequate notice of the Combined Hearing and for purposes of solicitation of confirmation of the Plan.

13.     The Debtor is authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and related documents (including the appendices thereto) where, in the Debtor's reasonable discretion, doing so would better facilitate the solicitation process.  Subject to the foregoing, the Debtor is authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Court.

14.     The Disclosure Statement, the Plan, the Combined Hearing Notice, the Ballots, and the Notice of Non-Voting Status provide all parties-in-interest with sufficient notice regarding the settlement, release, exculpation, and injunction provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

15.     The Ballots (including the voting instructions), substantially in the forms attached as Exhibit 3(a) – (e), are approved.

16.     The Solicitation Agent is authorized to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtor's case website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of

the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

17.     In lieu of distributing a Solicitation Package to holders of Class 2 Other Secured Claims and Class 3 Priority Non-Tax Claims, the Debtor shall cause the Combined Hearing Notice and the Non-Voting Status Notice to be served on holders of Claims in Class 2 and Class 3.

18.     ~~The Debtor's~~All parties' rights pursuant to section 1126(e) of the Bankruptcy Code to request that the Court designate any Ballot or Ballots as not being cast in good faith are expressly preserved.

## APPROVAL OF CERTAIN NOTICES

19.     The Non-Voting Status Notice, substantially in the form attached as <u>Exhibit 4</u>, is approved.

20.     The Debtor shall cause the Non-Voting Status Notice to be served as set forth in the Motion.

21.     The Debtor shall mail an Assumption and Cure Notice of any Executory Contracts or Unexpired Leases (and any corresponding Cure Amount), substantially in the form attached hereto as <u>Exhibit 5</u>, to the applicable counterparties to the Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), by no later than **June 7, 2021**.  The deadline for any non-Debtor party to an Executory Contract or Unexpired Lease to object to assumption or the proposed Cure Amount set forth on Schedule 1 to the Contract and Lease Notice shall be the later of (a) **4:00 p.m. (prevailing Central Time) on June 21, 2021** ~~(the "Cure Objection Deadline");~~: and (b) seven days after receiving notice of any amendment, modification or supplement to the Cure Notice~~.~~ (the "Cure Objection Deadline").  If no objection to the Cure Amount or the proposed assumption and assignment of

any Executory Contract or Unexpired Lease is filed by the Cure Objection Deadline, then such party will be deemed to have stipulated that the Cure Amounts as determined by the Debtor is correct and such party will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed assigned Executory Contract or Unexpired Lease or from objecting to the proposed assumption and assignment thereof; *provided* that the foregoing shall not relieve any such counterparty to an Executory Contract or Unexpired Lease of its obligation to file a proof of claim to the extent that its Executory Contract or Unexpired Lease is rejected pursuant to the Plan.

22.     The Debtor is excused from mailing Solicitation Packages to those Persons or Entities to whom the Debtor caused a notice regarding the Combined Hearing or Solicitation Package to be mailed and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such Entity provides the Debtor an accurate address not less than ten (10) business days prior to the Solicitation Deadline.  If a Person or Entity has changed its mailing address after the Petition Date, the burden is on such Person or Entity, not the Debtor, to advise the Debtor of the new address.

23.     For the avoidance of doubt, the Debtor is authorized to serve any notices described herein through email service to the extent that such notice constitutes adequate notice under the Bankruptcy Rules or expressly approved herein.

24.     Stretto, as the Debtor's Solicitation Agent, is authorized to assist the Debtor in (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims or Interests; (c) responding to inquiries from holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan

and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors and equity holders regarding the Plan.

## **MISCELLANEOUS**

25. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion without further order of the Court.

26. The Debtor's rights are reserved to alter, amend or otherwise modify the Plan, in accordance with the terms thereof, without further order of the Court in accordance with Section 14.07 of the Plan and this Order, including the right to withdraw the Plan at any time before the Confirmation Date.

2726. Nothing in this Order shall be construed as a waiver of the right of the Debtor or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

2827. All time periods in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

2928. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

3029. Notwithstanding the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3130. The Debtor is authorized to take all steps necessary or appropriate to carry out the relief granted pursuant to this Order in accordance with the Motion.

3231. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2021
          Houston, Texas

_____
THE HONORABLE MARVIN ISGUR

UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Combined Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF: (A) DEADLINE TO CAST VOTES TO ACCEPT OR
REJECT CHAPTER 11 PLAN OF THE DEBTOR; (B) COMBINED
HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND
CONFIRMATION OF THE PLAN; (C) DEADLINE TO OBJECT TO
CONFIRMATION; AND (D) RELATED MATTERS AND PROCEDURES**

On [_____], 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No.___] (the "Disclosure Statement Order") that conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation For Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 295] __] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "Bankruptcy Code"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 294] __] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Plan").[2]

**VOTING RECORD DATE**

The "Voting Record Date" for purposes of determining (a) which holders of Claims or Interests are entitled to vote on the Plan and (b) whether Claims or Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim or Interest is [_____,May 25, 2021].

**VOTING DEADLINE**

If you held a Claim or Interest against the Debtor as of the Voting Record Date, and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement Order, the Disclosure Statement, or the Plan, as applicable.

your Claim(s) or Interest(s).  For your vote to be counted in connection with confirmation of the Plan, you must follow the appropriate voting instructions, complete all required information on the Ballot, as applicable, and execute and return the completed Ballot so that it is actually received by the Solicitation Agent in accordance with the voting instructions by [_____,June 25, 2021 at 45:00 p.m. (prevailing Central Time)]) (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

## OBJECTIONS TO PLAN CONFIRMATION
## AND FINAL APPROVAL OF DISCLOSURE STATEMENT

The Court has established [_____,June 25, 2021, at 45:00 p.m. (prevailing Central Time)],.). as the deadline for filing and serving objections to confirmation of the Plan and the adequacy of information in the Disclosure Statement (the "Plan and DS Objection Deadline").  Any objection to the Plan and/or adequacy of the information in the Disclosure Statement must:  (a) be in writing; (b) conform to the Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest; (d) state with particularity the basis and nature of any objection to the Plan or adequacy of information in the Disclosure Statement; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served, so that it is actually received no later than the Plan and DS Objection Deadline, on (i) counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake), and 30 Rockefeller Plaza, New York, NY 10112 (Attn. Robin Spigel and Chris Newcomb), (ii) counsel to the Committee: McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201 (Attn: Charles R. Gibbs) and 340 Madison Avenue, New York, NY 10173-1922 (Attn: Darren Azman); and (iii) each of the entities listed on the Master Service List (available on the Solicitation Agent's website at https://cases.stretto.com/Griddy or the Court's website at http://www.txs.uscourts.gov/bankruptcy).and (e) be filed with the Court so that it is received by the Clerk of the Court by the Plan and DS Objection Deadline.

## COMBINED HEARING

A hearing to approve the adequacy of the Disclosure Statement and confirm the Plan (the "Combined Hearing") will commence on [_____,July 7, 2021 at _____ [ ],3:00 p.m. (prevailing Central Time)]) before the Honorable Marvin Isgur, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002.  It is anticipated that all persons will appear telephonically and also may appear via video at the Combined Hearing.  Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  You will be responsible for your own long-distance charges.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954554.  You may view video via GoToMeeting.  To use GoToMeeting, the Bankruptcy Court recommends that you download the free GoToMeeting application.  To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the United States Bankruptcy Court for the Southern District of Texas website.  Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.  Please

be advised that the Combined Hearing may be continued from time to time by the Court or the Debtor without further notice other than by such continuance being announced in open court or by a notice of continuance or reset being filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002 or otherwise. ~~In accordance with the Plan, the Plan may be modified, if necessary, before, during or as a result of the Combined Hearing without further action by the Debtor and without further notice to or action, order, or approval of the Court or any other Person or Entity.~~

## ASSUMPTION AND CURE NOTICE AND PLAN SUPPLEMENT

The Debtor intends to file **on or before** [~~_____,~~**June 7, 2021**] the list of Executory Contracts and Unexpired Leases to be assumed and rejected consistent with Article X of the Plan.  The Debtor does not intend to serve copies of the list of Executory Contracts and Unexpired Leases to be assumed and rejected on all parties-in-interest in the chapter 11 case; the list, however, may be obtained from the Solicitation Agent.  The Debtor will send a separate notice advising applicable counterparties to Executory Contracts and Unexpired Leases that their respective contracts or leases are being assumed, assumed and assigned, or rejected under the Plan, and if assumed or assumed and assigned, the proposed amount of Cure Amounts.  Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption and assignment, or the related amount of the Cure Amounts, must be filed~~, served, and actually~~ with the Court so that it is received by the ~~Debtor~~Clerk of the Court by the later of: (a) [4**5**:00 p.m. (prevailing Central Time) on or before ~~_____,~~**June 21, 2021**] ~~(the "Cure Objection Deadline")~~ and (b) seven days after receiving notice of any amendment, modification or supplement to the Assumption and Cure Notice. (the "Cure Objection Deadline").

The Debtor intends to file a Plan Supplement on or before [~~_____,~~**June 18, 2021**]~~.~~. The Debtor does not intend to serve copies of the Plan Supplement on all parties-in-interest in the chapter 11 case; the Plan Supplement, however, may be obtained from the Solicitation Agent.

## INQUIRIES

Holders of Claims or Interests that are entitled to vote on the Plan shall receive a Solicitation Package.  Further copies of the Solicitation Package may be obtained by: (a) accessing the Solicitation Agent's website at https://cases.stretto.com/Griddy; (b) writing to the Solicitation Agent at Griddy Energy LLC, Ballots, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) emailing GriddyInquiries@stretto.com; (d) calling the Solicitation Agent's toll-free information line with respect to the Debtor at (855) 478-2725 (toll free) or (949) 471-0997 (international); and/or (e) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

> **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**EACH BALLOT FOR PREPETITION SECURED LENDER CLAIMS AND OTHER GENERAL UNSECURED CLAIMS (INCLUDING NON-PARTICIPATING CUSTOMERS) ADVISES HOLDERS THAT, IF THEY DO NOT ELECT TO OPT OUT**

OF THE RELEASE PROVISIONS CONTAINED IN SECTION 12.07(b) OF THE PLAN, THEY SHALL BE BOUND BY THE THIRD PARTY RELEASES SET FORTH IN SECTION 12.07(b) OF THE PLAN AND DEEMED TO HAVE FOREVER RELEASED AND WAIVED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.

EACH BALLOT FOR CUSTOMER CLAIMS ADVISES HOLDERS THAT (I) IF THEY VOTE TO ACCEPT THE PLAN, DO NOT OPT-OUT OF THE CUSTOMER RELEASES (INCLUDING IF THEY ABSTAIN FROM VOTING AND DO NOT OPT-OUT OF THE CUSTOMER RELEASES), THEY SHALL BE BOUND BY THE CUSTOMER RELEASES IN SECTION 12.10 OF THE PLAN UNLESS THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES OR THEY LATER ELECT TO BECOME A NON-PARTICIPATING CUSTOMER PURSUANT TO SECTION 4.04(d) OF THE PLAN, AND (II) IF THEY VOTE TO REJECT THE PLAN AS (A HOLDER) THEY OPT-OUT OF A THE CUSTOMER CLAIM, RELEASES IN CLASS 5, OR (B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES, OR (C) THEY LATER ELECT TO BECOME A NON-PARTICIPATING CUSTOMER PURSUANT TO SECTION 4.04(d) OF THE PLAN, AND (D) THEY DO NOT ELECT TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 12.07(b) OF THE PLAN, THEY SHALL BE BOUND BY THE THIRD PARTY RELEASES SET FORTH IN SECTION 12.07(b) OF THE PLAN AND DEEMED TO HAVE FOREVER RELEASED AND WAIVED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.

Dated: _____, 2021

BAKER BOTTS L.L.P.

By: _/s/_ _____
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995

Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

**Exhibit 2**

**Solicitation Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**SOLICITATION PROCEDURES**

On [_____], 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order") [Docket No. ____] that, among other things:  (a) conditionally approved the adequacy of the *Disclosure Statement For Modified Third Amended Plan of Liquidation For Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 295] ___] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement")[2] and (b) authorized the Debtor to solicit acceptances or rejections of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 294] ___] (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Plan") from holders of impaired Claims and Interests who are (or may be) entitled to receive distributions under the Plan.

**I.      The Voting Record Date.**

The Court has approved _____, May 25, 2021 as the voting record date (the "Voting Record Date") for purposes of determining: (a) which holders of Claims or Interests are entitled to vote on the Plan; and (b) whether Claims or Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim or Interest.

**II.      The Voting Deadline.**

The Court has approved _____, June 25, 2021 at 45:00 p.m. (prevailing Central Time) as the "Voting Deadline" for the delivery of Ballots voting to accept or reject the Plan. The Debtor may extend the Voting Deadline, in its discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be properly executed, completed and delivered pursuant to the instructions set forth on the

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, the Disclosure Statement or the Plan, applicable.

applicable Ballot so that they are actually received, in any case, no later than the Voting Deadline by the Debtor's Solicitation Agent, Stretto.

## III.    Form, Content and Manner of Notices

1.    ***The Solicitation Package***:  Subject to the terms of the Disclosure Statement Order, the Solicitation Package shall contain copies of the following:

    a.    the Disclosure Statement, as conditionally approved by the Court (with all exhibits thereto, including the Plan);

    b.    the Disclosure Statement Order (without exhibits);

    c.    these Solicitation Procedures;

    d.    the Combined Hearing Notice;

    e.    the applicable form of Ballot for each Voting Class in which such holder holds a Claim or Interests, in substantially the forms of the Ballots annexed as Exhibits 3(a)-(e) to the Disclosure Statement Order, as applicable;

    f.    a pre-addressed, postage pre-paid reply envelope (except for Class 5 Customer Claims; the holders of such Claims will receive their Solicitation Package by electronic means); and

    g.    any supplemental documents that the Debtor may file with the Court or that the Court orders to be made available.

2.    ***Distribution of the Solicitation Packages***:

The Solicitation Package shall provide the Plan, the Disclosure Statement and the Disclosure Statement Order (without exhibits) in electronic format (i.e., CD-ROM or flash drive format) and all other contents of the Solicitation Package, including Ballots and the Solicitation Procedures, shall be provided in paper format to all Classes entitled to vote to accept or reject the Plan other than Class 5 Customer Claims, which Class shall be provided such materials in electronic format.  Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent by: (a) accessing the Solicitation Agent's website at https://cases.stretto.com/Griddy; (b) writing to the Solicitation Agent at Griddy Energy LLC, Ballots, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) emailing GriddyInquiries@stretto.com; and/or (d) calling the Solicitation Agent's toll-free information line with respect to the Debtor at (855) 478-2725 (toll free) or (949) 471-0997 (international).

The Debtor shall serve, or cause to be served, (a) all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and (b) the Disclosure Statement Order (in electronic format) and the Combined Hearing Notice to all parties required to be notified under Bankruptcy Rule 2002 and Bankruptcy Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.  In addition, the Debtor shall, on or before [⸺⸺⸺],May 28, 2021 (or as soon thereafter as reasonably practicable), mail, or cause to be mailed, the Solicitation Package

to all holders of Claims and Interests in the Voting Classes that are entitled to vote other than holders of Customer Claims in Class 5, which holders shall be provided such materials in electronic format only.   To avoid duplication and reduce expenses, the Debtor will use commercially reasonable efforts to ensure that any holder of a Claim or Interest who has filed duplicative Claims or Interests against a Debtor that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot, if applicable) on account of such Claim or Interest and with respect to that Class as against that Debtor.   Notwithstanding the foregoing, the Debtor shall serve the Solicitation Package, the Plan, the Disclosure Statement and the Disclosure Statement Order on holders of Customer Claims in Class 5 by electronic mail only.

3. ***Resolution of Disputed Claims and Interests for Voting Purposes; Resolution Event***

a.      Absent a further order of the Court, the holder of a Claim or Interest that is in a Voting Class and is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim or Interest in the reduced amount contained in such objection.

b.      If a Claim or Interest is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to ~~seven (7) days before the Voting Deadline:  (i)~~ June 11, 2021:

(1)      the Debtor shall serve the holder with notice of the objection:;

(2)      to the extent the holder wishes to seek temporary allowance of its Claim or Interest for voting purposes only pursuant to Rule 3018, such holder shall file a motion seeking such relief (a "R. 3018 Motion") with the Court on or prior to June 18, 2021 and ~~(ii) the~~ serve the Debtor with such 3018 Motion;

(3)      the Debtor may file a response to the R. 3018 Motion on or before June 21, 2021; and

(4)      unless otherwise ordered by the Court, the Court will hold a hearing to consider such R. 3018 Motion on or before June 23, 2021.

The applicable holder of a Claim or Interest subject to an objection referred to in this paragraph 3(b) shall not be entitled to vote to accept or reject the Plan on account of such Claim or Interest unless a Resolution Event (as defined below) occurs as provided herein or the Court orders otherwise.

c.      If a Claim or Interest in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court ~~less than seven (7) days prior to the Voting Deadline~~after June 11, 2021, the applicable Claim or Interest shall be deemed temporarily allowed for voting purposes only, without further

3

action by the holder of such Claim or Interest and without further order of the Court, unless the Court orders otherwise.

d.  A "Resolution Event" means the occurrence of one or more of the following events no later than ~~two~~one (1) Business ~~Days~~Day prior to the Voting Deadline:

(1)  an order of the Court is entered allowing such Claim or Interest pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

(2)  an order of the Court is entered temporarily allowing such Claim or Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing and consistent with the procedures set forth in paragraph 3(b) hereof;

(3)  a stipulation or other agreement is executed between the holder of such Claim or Interest and the Debtor resolving the objection and allowing such Claim or Interest in an agreed upon amount (for voting purposes only or in general resolution of the claim) and such agreement (or notice of such agreement) is conveyed by the Debtor to the Solicitation Agent by electronic mail or otherwise; or

(4)  the pending objection is voluntarily withdrawn by the objecting party.

e.  No later than one (1) Business Day following the occurrence of a Resolution Event, the Debtor shall cause the Solicitation Agent to distribute via email, hand delivery or overnight courier service a Solicitation Package to the relevant holder to the extent such holder has not already received a Solicitation Package and the holder shall have until the later of the Voting Deadline or a date that is two (2) Business Days following the occurrence of the Resolution Event to submit its vote in accordance with these Solicitation Procedures.

4.  **Non-Voting Status Notices for Unimpaired.**  Certain holders of Claims or Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code, or who are not entitled to vote because they are unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Non-Voting Status Notice with Respect to Unimpaired Classes Presumed to Accept the Modified Third Amended Chapter 11 Plan of Liquidation for Griddy Energy LLC*, substantially in the form annexed as Exhibit 4 to the Disclosure Statement Order.  Such notice will instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

5.  **Notices in Respect of Executory Contracts and Unexpired Leases.**  Counterparties to Executory Contracts and Unexpired Leases that receive an *Assumption and Cure Notice,* substantially in the form attached as Exhibit 5 to the Disclosure Statement Order, respectively, may file an objection to the Debtor's proposed assumption and/or cure amount, as applicable.  Such objections must be filed with the Court ~~(contemporaneously with a proof of~~

4

~~service) and served upon the applicable notice parties (as set forth in the *Assumption and Cure Notice*) so as to be *actually*~~so that it is received by <u>the Clerk of the Court no later than the </u>later of (a) **4:00 p.m. (prevailing Central Time) on June 18, 2021** and (b) seven days after receiving notice of any amendment, modification or supplement to the Assumption and Cure Notice.

## IV.     Voting and General Tabulation Procedures.

1.      ***Holders of Claims Entitled to Vote.***  Only the following holders of Claims or Interests in the Voting Classes shall be entitled to vote with regard to such Claims or Interest:

a.     Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn or superseded prior to the Voting Record Date and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least 7 days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided,* that a holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection pending the occurrence of a Resolution Event as provided herein or further order of the Court;

b.     Holders of Claims or Interests that are listed in the Schedules, which are not listed as contingent, unliquidated or disputed or in a $0 amount; *provided*, that if the applicable Claims Bar Date has not expired prior to the Voting Record Deadline, a Claim listed on the Schedules as contingent, disputed or unliquidated shall be allowed to vote only in the amount of $1.00;

c.     Holders of Claims that arise:  (i) pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Court or otherwise; (ii) in an order entered by the Court; or (iii) in a document executed by the Debtor pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.     Holders of Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018;

e.     The assignee of any Claim that was properly transferred on or before the Voting Record Date by any Person or Entity described in subparagraphs (a) through (d) above; *provided*, that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date; and

2.      ***Establishing Claim Amounts***.

**Filed and Scheduled Claims**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtor through the Solicitation Agent, as applicable, are not

binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a. the Claim amount:  (i) settled and/or agreed upon by the Debtor, as reflected in a document filed with the Court or otherwise; ~~or~~ (ii) set forth in an order of ~~the Court; or (iii) set forth in a document executed by the Debtor pursuant to authority granted by~~ the Court;

b. the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under these Solicitation Procedures;

c. the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Bar Date (or deemed timely filed by the Court under applicable law); *provided*, *that* any Ballot cast by a holder of a Claim who timely files a Proof of Claim in respect of ~~(i) a contingent Claim or~~ a Claim in a wholly unliquidated or unknown amount ~~(based on a reasonable review by the Debtor and/or the Solicitation Agent)~~ that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code~~, and (ii) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount~~; *provided*, *further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d. the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed or unliquidated and/or has not been paid; *provided*, *further*, that if the applicable Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed or unliquidated shall be allowed to vote in the amount of $1.00;

e. Each Person or Entity listed in the Debtor's books and records as having been a customer of the Debtor at any point since February 2017 is listed on the Debtor's Schedules of Liabilities as having contingent, unliquidated and disputed claims in an undetermined amount.  Each such holder shall be deemed to have a Class 5 Customer Claim in the amount of $1.00 that is temporarily allowed pursuant to Bankruptcy Rule 3018 solely for purposes of voting on the Plan, including indicating whether the Person or Entity consents to give and receive the benefit of the Customer Releases set forth in section 12.10 of the Plan.  If a former customer is a Non-Participating Customer (i.e., ~~votes to reject~~opts-out of the ~~Plan as a Class 5~~ Customer ~~or timely opts for such treatment~~Releases in accordance with the terms of the Plan), such former customer (a) shall not have an Allowed Class 5 Customer Claim, (b) the Customer Releases shall not apply to such customer, and

(c) solely for purposes of voting on the Plan, such Non-Participating Customer shall be deemed to have a Class 4 Other General Unsecured Claim in the amount of $1.00 that is temporarily allowed pursuant to Bankruptcy Rule 3018 solely for purposes of voting on the Plan, including indicating whether the Person or Entity consents to give and receive the benefit of the Third Party Releases set forth in Section 12.07(b) of the Plan; and

f.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

3.    ***General Ballot Tabulation***.  The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtor's right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules or Bankruptcy Local Rules:

a.    except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtor), the Debtor, in its sole discretion, shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

b.    the Debtor will file with the Court by no later than [_____,]July 1, 2021 at 45:00 p.m. (prevailing Central Time) a voting report (the "Voting Report").  The Voting Report shall (subject to any permitted redaction), among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile or damaged (collectively, in each case, the "Irregular Ballots").  The Voting Report shall indicate the Debtor's intentions with regard to each Irregular Ballot;

c.    the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder.  Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot;

d.    an executed Ballot is required to be submitted by the Person or Entity submitting such Ballot;

e.    Ballots should not be submitted by electronic mail or facsimile — any Ballots submitted by electronic mail or facsimile will not be valid.  Subject to the other procedures and requirements herein, completed, executed Ballots may be submitted via the online "E-Balloting" portal maintained by the Solicitation Agent;

f.   no Ballot should be sent to the Debtor, the Debtor's agents (other than the Solicitation Agent) or the Debtor's legal or other advisors, and if so, sent will not be counted;

g.   if multiple Ballots are received from the same holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot received will be counted and all prior received Ballots will be disregarded;

h.   Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims or Interests held by the same Holder within the same Class, the applicable Debtor may, in its discretion, seek to aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes.  The Debtor shall identify any such aggregation of multiple Claims or Interests in the Voting Report, and any party in interest may contest such aggregation at the Confirmation Hearing including, without limitation, on the basis that the Debtor has not satisfied Bankruptcy Code section 1129(a)(8)(A) for failure to meet the numerosity requirement of Bankruptcy Code section 1126(c);

i.   a Person or Entity signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of Claims or Interests must indicate such capacity when signing;

j.   the Debtor, unless subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.   neither the Debtor, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.   unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.   in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.   subject to any order of the Court, the Debtor reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the

Debtor, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

o.     if a Claim has been estimated or a Claim or Interest has otherwise been Allowed only for voting purposes by order of the Court, such Claim or Interest shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

p.     if an objection to a Claim or Interest is filed, such Claim or Interest shall be treated in accordance with the procedures set forth herein;

q.     the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim or Interest; (ii) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable Bar Date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, Ballots submitted through the online "E-Balloting" portal shall be deemed to include an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by an Entity not entitled to vote pursuant to the procedures described herein;

r.     after the Voting Deadline, and subject to the requirements of Bankruptcy Rule 3018(a), no Ballot may be withdrawn or modified without the prior written consent of the Debtor and order of the Court;

s.     the Debtor is authorized to enter into stipulations with the holder of any Claim agreeing to the amount of a Claim for voting purposes;

t.     where any portion of a single Claim or Interest has been transferred to a transferee, all holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan.  In the event that (i) a Ballot; (ii) a group of Ballots within a Voting Class received from a single creditor; or (iii) a group of Ballots received from the various holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted; and

u.     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single holder in a particular Class may be aggregated and treated as if such holder held one Claim or Interest in such

9

Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities, including any funds or accounts that are advised or managed by the same entity or by affiliated entities, hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such holder held one Claim or Interest in such Class, and the vote of each affiliated entity or managed fund or account will be counted separately as a vote to accept or reject the Plan.

**V.      Amendments to the Plan and the Solicitation Procedures.**

The Debtor reserves the right to make non-substantive or immaterial changes to the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), the Ballots, the Combined Hearing Notice, and all related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

## Exhibit 3

**Form of Ballots**

**Exhibit 3(a)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | )    Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**BALLOT FOR CLASS 1 – PREPETITION LENDER CLAIMS**
**VOTING TO ACCEPT OR REJECT THE MODIFIED THIRD AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON [~~_____~~] JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of** [~~_____~~] **May 25, 2021** (the "Voting Record Date"), a holder of a Class 1 Prepetition Lender Claim. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]   Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

1

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON [_____],JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

**<u>VOTING METHODS:</u>**

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than [_____], June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

**<u>If you choose to submit your Ballot by First Class Mail, Overnight Delivery or Hand Delivery</u>:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

---

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM. YOUR PREPETITION LENDER CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 1 UNDER THE PLAN.**

**IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

---

**Item 1.** *Vote Amount.* The undersigned hereby certifies that on [~~_____~~]May 25, 2021, the Voting Record Date, the undersigned was the record holder of Prepetition Lender Claims in Class 1 under the Plan, in the aggregate unpaid principal amount of:

> **Claim Amount:   $ _____**

**Item 2.** *Vote on Plan.* The undersigned holder of Prepetition Lender Claims in Class 1, as described in Item 1 above, votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**Item 3.** *General Releases*.

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases as set forth in Section 12.07 of the Plan and be bound by injunctions as set forth in Section 12.06 and Section 12.09 of the Plan.

**"*Released Parties*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; provided, however, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; provided, further, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.**

**_Third party release provisions contained in Section 12.07(b) of the Plan:_**

**Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action**

---

[4] "*Non-Debtor Affiliates*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

(including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; **provided**, **however**, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section Error! Reference source not found. **in a timely and properly submitted Ballot; provided, further, that in no event shall anything in Section** Error! Reference source not found. **be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor.  For the avoidance of doubt, the only parties that are bound by the releases set forth in Section** Error! Reference source not found. **are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section** Error! Reference source not found. **of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

IMPORTANTLY, ALL HOLDERS OF PREPETITION LENDER CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED, EXCULPATED AND DISCHARGED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.

THE PREPETITION SECURED LENDERS ARE INCLUDED IN THE DEFINITION OF "RELEASED PARTIES." IF A PREPETITION SECURED LENDER OPTS OUT OF THE RELEASE IN ITEM 4 BELOW, SUCH PREPETITION SECURED LENDER WILL NO LONGER BE CONSIDERED A RELEASED PARTY UNDER THE PLAN.

**Item 4. Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of Prepetition Lender Claims and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐      The undersigned elects <u>not</u> to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

> **IF YOU HOLD ~~AN~~A PREPETITION LENDER ~~CLAIMS~~CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL CONTINUE TO BE A RELEASED PARTY UNDER THE PLAN AND BE DEEMED TO CONSENT TO THE RELEASE OF THE OTHER RELEASED PARTIES SET FORTH IN SECTION 12.07(b) OF THE PLAN.**

**Item 5. *Tax Information.***

Under penalty of perjury, Claimant certifies that:

A. Claimant's Name is: _____.

B. Claimant's Address for Distribution (if any) To Be Sent:

     _____

     _____.

C. Claimant's correct taxpayer identification number is:

     (Social Security Number) _____-___-_____,

     (or Employer Identification Number) ____-_____; and

D. If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

     ☐    (i) Claimant is exempt from backup withholding;

     ☐    (ii) Claimant has not been notified by the Internal Revenue Service ("<u>IRS</u>") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

     ☐    (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6.** *Certifications.*  By signing this Ballot, the undersigned Claimant certifies that (a)  on the Voting Record Date, it was the record holder of the Claims described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant: _____

Signature: _____

Print Name: _____

Title: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE ACTUALLY RECEIVED NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON _____,JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> **IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1. In order for your vote to count, you must:

   a) In the box provided in Item 1, indicate the amount of your Claim;

   b) In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 1 Prepetition Lender Claims set forth in the Plan by checking the appropriate box;

   c) Carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

   d) Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

      i. electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on [~~_____~~]June 25, 2021; or

      ii. complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on [~~_____~~]June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

> **Via First Class Mail, Overnight Delivery, or Hand Delivery:**
>
> Griddy Energy LLC, Ballots
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

2. **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

> If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

3.  A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.  To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

5.  You should review the release provisions set forth in Item 3 and in Section 12.07(b) of the Plan and the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's release provisions by checking the box in Item 4.

6.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot. If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.  Any Ballot cast by a person or entity that did not hold a Claim in Class 1 (Prepetition Lender Claims) as the Voting Record Date will not be counted.

9.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10. The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11. It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12. Each Ballot you receive is for voting only your Claim described in that ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 1 (Prepetition Lender Claims).

13.    The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.    No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.    Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**<u>Exhibit 3(b)</u>**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) |
|  | ) Case No. 21-30923 (MI) |
| Debtor. | ) |
|  | ) |

**BALLOT FOR CLASS 4 – OTHER GENERAL UNSECURED CLAIMS**
**VOTING TO ACCEPT OR REJECT THE MODIFIED THIRD AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON [          ],JUNE 25, 2021 (THE "<u>VOTING DEADLINE</u>").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "<u>Ballot</u>") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "<u>Plan</u>").[2] Griddy Energy LLC's (the "<u>Debtor</u>") records indicate that you are, **as of [          ],May 25, 2021** (the "<u>Voting Record Date</u>"), a holder of a Class 4 Other General Unsecured Claim.  If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("<u>Stretto</u>" or the "<u>Voting Agent</u>") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]   Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF <u>5:00 P.M. (PREVAILING CENTRAL TIME)</u> ON [_____], June 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

**VOTING METHODS:**

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than [~~_____~~]<s>,</s> June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

Stretto will accept Ballots if properly completed electronically through ~~Stretto's~~Stretton's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

**<u>If you choose to submit your Ballot by First Class Mail, Overnight Delivery or Hand Delivery</u>:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM. YOUR OTHER GENERAL UNSECURED CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 4 UNDER THE PLAN.

IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

**Item 1.** *Vote Amount.* The undersigned hereby certifies that on [————], May 25, 2021, the Voting Record Date, the undersigned was the record holder of one or more Other General Unsecured Claims in Class 4 under the Plan, in the aggregate unpaid principal amount of:

**Claim Amount:   $ _____**

**Item 2.** *Vote on Plan.* The undersigned holder of Other General Unsecured Claims in Class 4, as described in Item 1 above, votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**Item 3.** *General Releases*.

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases as set forth in Section 12.07 of the Plan and be bound by injunctions as set forth in Section 12.06 and Section 12.09 of the Plan.

> "*Released Parties*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; provided, however, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; provided, further, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.
>
> ### *Third party release provisions contained in Section 12.07(b) of the Plan:*
>
> Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action

---

[4] "*Non-Debtor Affiliates*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

**(including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; <u>provided</u>, <u>however</u>, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section 12.07(b) in a timely and properly submitted Ballot; <u>provided</u>, <u>further</u>, that in no event shall anything in Section 12.07(b) be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor.  For the avoidance of doubt, the only parties that are bound by the releases set forth in Section 12.07(b) are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section 12.07(b) of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

---

**IMPORTANTLY, ALL HOLDERS OF OTHER GENERAL UNSECURED CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.**

---

**Item 4.  Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of an Other General Unsecured Claim and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐    The undersigned elects <u>not</u> to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

---

**IF YOU HOLD AN OTHER GENERAL UNSECURED CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.07(b) OF THE PLAN.**

**Item 5. *Tax Information.***

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is:  _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-___-_____,

        (or Employer Identification Number) ____-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

        ☐    (i) Claimant is exempt from backup withholding;

        ☐    (ii) Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐    (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6.** *Certifications.*  By signing this Ballot, the undersigned Claimant certifies that (a)  on the Voting Record Date, it was the record holder of the Claims described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant:          _____

Signature:                       _____

Print Name:                    _____

Title:                              _____

Street Address:               _____

City, State and Zip Code:  _____

Telephone Number:         _____

Email Address:               _____

Date Completed:            _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON _____,JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.   In order for your vote to count, you must:

    a)   In the box provided in Item 1, indicate the amount of your Claim;

    b)   In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 4 Other General Unsecured Claims set forth in the Plan by checking the appropriate box;

    c)   Carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

    d)   Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

        i.   electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on [_____],June 25, 2021; or

        ii.   complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on [_____],June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

**Via First Class Mail, Overnight Delivery, or Hand Delivery:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

2.   **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

3.    A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.    To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

5.    You should review the release provisions set forth in Item 3 and in Section 12.07(b) of the Plan and the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's release provisions by checking the box in Item 4.

6.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.    Any Ballot cast by a person or entity that did not hold a Claim in Class 4 (Other General Unsecured Claims) as the Voting Record Date will not be counted.

9.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.   The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.   It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.   Each Ballot you receive is for voting only your Claim described in that ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 4 (Other General Unsecured Claims).

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**Exhibit 3(c)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR CLASS 5 – CUSTOMER CLAIMS**
**VOTING TO ACCEPT OR REJECT MODIFIED THIRD**
**AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC**
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON [⸺],JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of [⸺],May 25, 2021** (the "Voting Record Date"), a holder of a Class 5 Customer Claim.  If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]   Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

1

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON [_____], JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

**VOTING METHODS:**

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than [_____], June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

---

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

---

**<u>If you choose to submit your Ballot by First Class Mail, Overnight Delivery or Hand Delivery</u>:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM.

YOUR CUSTOMER CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 5 UNDER THE PLAN; <u>PROVIDED</u> THAT,

(A) IF YOU ~~VOTE TO REJECT~~OPT OUT OF THE ~~PLAN~~CUSTOMER RELEASES AS THE HOLDER OF A CLASS 5 CUSTOMER CLAIM,

<u>OR</u>

(B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES,

THEN, YOU WILL NOT HAVE AN ALLOWED CLASS 5 CUSTOMER CLAIM. RATHER, YOU WILL HAVE A CLASS 4 OTHER GENERAL UNSECURED CLAIM SOLELY FOR PURPOSES OF VOTING ON THE PLAN.

ACCORDINGLY, THE BALLOT BELOW PROVIDES FOR YOU TO VOTE BOTH AS THE HOLDER OF A CLASS 5 CUSTOMER CLAIM AND THE POTENTIAL HOLDER OF A CLASS 4 OTHER GENERAL UNSECURED CLAIM. THE VOTE YOU CAST AS THE HOLDER OF A CLASS 4 OTHER GENERAL UNSECURED CLAIM WILL ONLY BE COUNTED IF (A) (I) YOU ~~REJECT~~OPT OUT OF THE ~~PLAN AS THE HOLDER OF A CLASS 5~~ CUSTOMER ~~CLAIM~~RELEASES HEREIN OR (B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES CONTAINED IN CLASS 5.

IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

<u>ADDITIONALLY, PARTICIPATING CUSTOMERS SHALL HAVE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE TO ELECT TO BECOME NON-PARTICIPATING CUSTOMERS BY COMPLETING AND RETURNING THE CUSTOMER RELEASE OPT-OUT FORM. IF A PARTICIPATING CUSTOMER ELECTS TO BECOME A NON-PARTICIPATING CUSTOMER IN ACCORDANCE WITH THE FOREGOING, THE FORMER PARTICIPATING CUSTOMER SHALL BE TREATED AS A NON-PARTICIPATING CUSTOMER UNDER THE PLAN FOR ALL PURPOSES; *PROVIDED THAT* SUCH PERSON'S VOTE ON THE PLAN SHALL NOT BE CHANGED IF THE ELECTION IS MADE AFTER THE VOTING DEADLINE.</u>

**Item 1.**

    (A) *Vote on Plan.*  The undersigned holder of a Customer Claim in Class 5, votes all such Claims to (check <u>one</u> box):

<div align="center">

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

</div>

**IF YOU ~~VOTE TO ACCEPT~~DO NOT OPT OUT OF THE ~~PLAN OR~~CUSTOMER RELEASES, INCLUDING IF YOU ABSTAIN FROM VOTING AND DO NOT OPT OUT OF THE CUSTOMER RELEASES, YOU WILL BE DEEMED A PARTICIPATING CUSTOMER. "Participating Customer" means any holder of a Customer Claim that ~~votes to accept the Plan or abstains from voting.~~does not opt out of the Customer Releases, including those holders of Customer Claims that abstain from voting and do not opt out of the Customer Releases.  On the Effective Date, (a) all Claims of Participating Customers shall be classified and treated for all purposes under the Plan as Class 5 Customer Claims and (b) all Participating Customers shall grant in favor of the Released Parties (as defined in the Plan and reproduced below) and receive the benefit from the Released Parties the Customers Release (as defined in the Plan and reproduced below) set forth in Section 12.10 of the Plan; *provided* *that, notwithstanding the foregoing, if the Bankruptcy Court does not approve the Customer Releases, ~~than~~then each Participating Customer will not have an Allowed Class 5 Claim, the Customer Releases shall not become effective and, solely if such Participating Customer timely and properly filed an unsecured nonpriority claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, each such Customer Claim shall be classified and treated as an Other General Unsecured Claim under the Plan.*

    **"*Customer Releases*" means the mutual releases by and among the Participating Customers, on the one hand, and the Released Parties, on the other hand, whereby (i) the Debtor and each other Released Party releases and waives all Claims against each Participating Customer, solely in its capacity as such, including, for unpaid amounts owed by such Participating Customer to the Debtor for the electricity and related fees, taxes, expenses and other costs charged to such customers for the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; and (ii) each Participating Customer releases and waives all Claims against each of the Released Parties relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement, including, any Claims for any loss a Participating Customer may suffer, have suffered or be alleged to suffer as a result of or relating**

<div align="center">5</div>

to the Participating Customer's agreements with the Debtor as well as the electricity and related fees, taxes and costs charged to such customers for any period while they were a customer of the Debtor, including, the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; **provided**, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed Participating Customer Potential Return, receive its Pro Rata share of the Texas Storm Causes of Action Net Recovery Proceeds, if any, which proceeds shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.

"**_Released Parties_**" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates, owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; **provided**, **however**, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; **provided**, **further**, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

"_**Non-Debtor Affiliates**_" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

_**Releases Provided by Holders of Participating Customer Claims in Section 12.10**_:

Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, (i) each Participating Customer will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to accept the Customer Releases as they pertain to such Participating Customer and the Released Parties and (ii) each Released Party will be deemed to accept the

Customer Releases as they pertain to such Released Party and the Participating Customers; **provided that, notwithstanding the foregoing, if the Bankruptcy Court does not approve the Customer Releases pursuant to Bankruptcy Rule 9019 through this Plan or otherwise, ~~than~~then each Participating Customer will not have an Allowed Class 5 Claim, the Customer Releases shall not become effective and, solely if such Participating Customer timely and properly filed an unsecured nonpriority proof of claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, such Customer Claim shall be classified as an Other General Unsecured Claim and treated for all purposes under this Plan as an Other General Unsecured Claim.** For the avoidance of doubt, if the Customer Releases become effective, each Participating Customer releases and waives all Claims against each of the Released Parties, including, any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws, fraud or otherwise, demands, debts, rights, causes of action (including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any Claims for any such loss such Participating Customer may suffer, have suffered or be alleged to suffer as a result of the Debtor selling electricity to such Participating Customer prior to the Petition Date, the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement;  **provided**, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed Participating Customer Potential Return Claim, receive its Pro Rata share of (i) the Texas Storm Causes of Action Net Recovery Proceeds, if any, and (ii) any Available Prepetition Lender Contribution, which shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.

~~In addition~~

**(B)** *Opt-Out Election* **(See box immediately below).**

By checking the box below, the undersigned Claimant certifies it is the holder of a Customer Claim in Class 5 and elects to **OPT OUT** of the Customer Releases as set forth in Section 12.10 of the Plan.

☐    The undersigned elects not to grant (OPTS OUT OF) the Customer Releases set forth in section 12.10 of the Plan.

---

**IF YOU HOLD A CUSTOMER CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IN ITEM 1(B) ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE CUSTOMER RELEASES SET FORTH IN SECTION 12.10 OF THE PLAN.**

---

Notwithstanding the foregoing, Participating Customers shall have forty-five (45) days after the Effective Date to elect to become Non-Participating Customers by completing and returning the Customer Release Opt-Out Form.  If a Participating Customer elects to become a Non-Participating Customer in accordance with the foregoing, the former Participating Customer shall be treated as a Non-Participating Customer under the Plan for all purposes; *provided that* such Person's vote on the Plan shall not be changed if the election is made after the Voting Deadline.

**Item 2.  (ALL HOLDERS OF CUSTOMER CLAIMS SHOULD COMPLETE THIS ITEM 2 IN ADDITION TO ITEM 1 ABOVE).**

**IF YOU ~~VOTE TO REJECT~~OPT OUT OF THE ~~PLAN~~CUSTOMER RELEASES IN ITEM ~~2 ABOVE~~1, YOU WILL BE DEEMED A "NON-PARTICIPATING CUSTOMER." Non-Participating Customers will not grant and will not receive the benefit of the Customer Release** and will not be treated as having an Allowed Class 5 Customer Claim.  Rather, Non-Participating Customers have a temporarily Allowed Claim in Class 4 (Other General Unsecured Claims) solely for purposes of voting on the Plan.  For all other purposes, if a Non-Participating Customer timely and properly files an unsecured nonpriority claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, such Non-Participating Customer will be treated as a holder of Other General Unsecured Claims.  ~~Other than for purposes of voting on the Plan, any former customer that does not wish to exchange releases and does not timely and properly file a proof of claim against the Debtor shall not have any Class 4 Claims (Other General Unsecured Claims) or Class 5 Claims (Customer Claims) against the Debtor.~~

Holders of Allowed Other General Unsecured Claims in Class 4 are subject to certain third party release provisions, as discussed further below.

**IF YOU ~~VOTE TO ACCEPT~~DO NOT OPT OUT OF THE ~~PLAN~~CUSTOMER RELEASES IN ITEM 1 ABOVE, INCLUDING IF YOU ABSTAIN FROM VOTING AND DO NOT OPT OUT OF THE CUSTOMER RELEASES, YOU WILL BE DEEMED A "PARTICIPATING CUSTOMER."**  Participating Customers will grant and will be deemed to receive the benefit of the Customer ~~Release~~Releases and Claims of Participating Customers will be classified and treated for all purposes as Class 5 Customer Claims under the Plan, unless the

8

Bankruptcy Court does not approve the Customer ~~Release~~Releases.  If ~~and only~~you opt out of the Customer Releases in Class 5, your claim will be classified as a Class 4 Other General Unsecured Claim.  If the Bankruptcy Court does not approve the Customer ~~Release~~Releases, Claims of Participating Customers will be classified as Class 4 Other General Unsecured Claims under the Plan.  Holders of Allowed Other General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Plan and are subject to certain third party release provisions, as discussed further below.

**BOTH PARTICIPATING CUSTOMERS AND NON-PARTICIPATING CUSTOMERS SHOULD VOTE TO ACCEPT OR REJECT THE PLAN AS A HOLDER OF AN OTHER GENERAL UNSECURED CLAIM IN CLASS 4, SUBJECT TO THE TERMS AND CONDITIONS SET FORTH HEREIN.**

***Vote on the Plan as the Holder of Other General Unsecured Claim in Class 4.***  The undersigned holder of an Other General Unsecured Claim in Class 4 votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (votes AGAINST) the Plan

<u>NOTE</u>: The vote in this Item 2 and the Opt Out in Item 4 will only be counted (a) if you ~~voted to Reject~~opt out of the ~~Plan~~Customer Releases in Item 1 or (b) if the Bankruptcy Court does not approve the Customer Releases as to Participating Customers.  If you ~~voted to Accept~~did not opt out of the ~~Plan or abstain~~Customer Releases in Item 1, including if you abstained from voting in Item 1 and did not opt out of the Customer Releases in Item 1, and (ii) the Bankruptcy Court approves the Customer Releases, the vote in Item 1 above will be your only vote counted and your vote in Item 2 and the Opt Out in Item 4 will <u>not</u> be counted.  If you ~~vote to Reject~~opt out of the ~~Plan~~Customer Releases in Item 1, you will be deemed to have a temporarily Allowed Claim in Class 4 (Other General Unsecured Claims) solely for voting purposes.

**Item 3.  *General Releases*.**

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases set forth in Section 12.07 and be bound by injunctions set forth in Section 12.06 and Section 12.09 of the Plan.

"***<u>Released Parties</u>***" **means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders**

9

and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; **provided**, **however**, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; **provided**, **further**, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

### *Third party release provisions contained in Section 12.07(b) of the Plan:*

Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action (including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the

---

[4] "*Non-Debtor Affiliates*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

**Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; provided, however, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section 12.07(b) in a timely and properly submitted Ballot; provided, further, that in no event shall anything in Section 12.07(b) be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor.  For the avoidance of doubt, the only parties that are bound by the releases set forth in Section 12.07(b) are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section 12.07(b) of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

---

**IMPORTANTLY, ALL HOLDERS OF OTHER GENERAL UNSECURED CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN. FOR THE AVOIDANCE OF DOUBT, IF THE BANKRUPTCY COURT APPROVES THE CUSTOMER RELEASES, THEN THE CUSTOMER RELEASES SHALL APPLY TO HOLDERS OF PARTICIPATING CUSTOMER CLAIMS AND SHALL BE IN LIEU OF THE RELEASES AND OPT OUT OPTION PURSUANT TO SECTION 12.7(b) OF THE PLAN.**

---

**Item 4.  Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of an Other General Unsecured Claim pursuant to the terms set forth above and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐  The undersigned elects not to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

---

**IF YOU HOLD AN OTHER GENERAL UNSECURED CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.7(b) OF THE PLAN.**

---

**Item 5. *Tax Information.***

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is: _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-____-_____,

        (or Employer Identification Number) _____-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

        ☐    (i) Claimant is exempt from backup withholding;

        ☐    (ii) Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐    (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6** *Certifications.*    By signing this Ballot, the undersigned Claimant certifies that (a) Claimant was a customer of the Debtor at some point during the period between February 1, 2017 and March 15, 2021; (b) it did not sell its Claim to a third-party on or prior to the Voting Record Date; (c) it has full power and authority to vote or reject the Plan; (d) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (e) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant:          _____

Signature:                _____

Print Name:               _____

Title:                    _____

Street Address:           _____

City, State and Zip Code: _____

Telephone Number:         _____

Email Address:            _____

Date Completed:           _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE ACTUALLY RECEIVED**
**NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON ~~_____~~JUNE 25, 2021**
**OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1. In order for your vote to count, you must:

   a) In the box provided in Item 1(A) of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 5 Customer Claims set forth in the Plan by checking the appropriate box;

   b) In the box provided in Item 1(B) of the Ballot, indicate whether you opt out of the Customer Releases by checking the box only if you elect to opt out of the Customer Releases.

   c) In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan as a holder or potential holder of a Class 4 Other General Unsecured Claim by checking the appropriate box. This portion of the Ballot will replace the vote in Item 1(A) only if (a) for all you are a Non-Participating Customers and Customer or (b) if the Bankruptcy Court does not approve the Customer Releases for all Participating Customers;

   ed) For holders of Other General Unsecured Claims (i.e., for purposes of this Ballot only, (a) all Non-Participating Customers andor (b) if the Bankruptcy Court does not approve the Customer Releases for all Participating Customers), carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

   de) Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

      i. electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on [_____], June 25, 2021; or

      ii. complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on [_____], June 25, 2021. Any unsigned or non-original Ballot will not be counted. Return the completed Ballot to:

<div style="border:1px solid black; padding:10px;">

**<u>Via First Class Mail, Overnight Delivery, or Hand Delivery</u>:**

Griddy Energy LLC Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

</div>

2.     **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website.  Your Ballot must be received by Stretto no later than the Voting Deadline.**

**<u>Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.</u>**

       **If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.     A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.     If ~~a Ballot votes to accept the Plan or you abstain from voting in Item 1 but elect to opt out in Item 4 and~~ the Bankruptcy Court does not approve the Customer Releases, in Item 1, only your vote in Item 2 of the Ballot and any opt out indicated in Item 4 of the Ballot will be counted ~~for voting purposes only~~.

~~5.~~     ~~If you voted to accept or reject the Plan in Item 2 or abstain from voting,~~ 5.     Review the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's third-party release provisions ~~by checking the box in Item~~ as they apply to holders of Class 4 Other General Unsecured Claims.

6.     You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.      Any Ballot cast by a person or entity that did not hold a Claim in Class 5 Customer Claims as the Voting Record Date will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.     Each Ballot you receive is for voting only your Claim described in that Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 5 (Customer Claims) and holders of Customer Claims in Class 5 that either are (i) Non-Participating Customers or (ii) if the Bankruptcy Court does not approve the Customer Releases, Participating Customers.

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

16.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**Exhibit 3(d)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR CLASS 6 – INTERCOMPANY CLAIMS
VOTING TO ACCEPT OR REJECT THE MODIFIED THIRD AMENDED PLAN OF
LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY
RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING
CENTRAL TIME) ON [~~_____~~,JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE
VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT
WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of** [~~_____~~,May 25, 2021** (the "Voting Record Date"), a holder of a Class 6 Intercompany Claim.  If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]  Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "<u>Disclosure Statement</u>").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF <u>5:00 P.M. (PREVAILING CENTRAL TIME)</u> ON [_____],JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

## VOTING METHODS:

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than [_____],June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

### If Submitting Your Vote through the E-Balloting Portal

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

### If you choose to submit your Ballot by First Class Mail, Overnight Delivery or Hand Delivery:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

---

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE.  YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM.  YOUR INTERCOMPANY CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 6 UNDER THE PLAN.**

**IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND _ACTUALLY RECEIVED_ BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

---

**Item 1.  *Vote Amount*.**  The undersigned hereby certifies that on [~~_____~~],May 25, 2021, the Voting Record Date, the undersigned was the record holder of Intercompany Claims in Class 6 under the Plan, in the aggregate unpaid principal amount of:

---

**Claim Amount:   $ _____**

---

**Item 2.  *Vote on Plan*.**  The undersigned holder of Intercompany Claims in Class 6, as described in Item 1 above, votes all such Claims to (check _one_ box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

4

**Item 3.** *Tax Information.*

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is: _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-___-_____,

        (or Employer Identification Number) ____-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

        ☐  (i) Claimant is exempt from backup withholding;

        ☐  (ii) Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐  (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 4.** *Certifications.* By signing this Ballot, the undersigned Claimant certifies that (a) on the Voting Record Date, it was the record holder of the Claims described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant: _____

Signature: _____

Print Name: _____

Title: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE ACTUALLY RECEIVED NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON _____JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In order for your vote to count, you must:

   a)      In the box provided in Item 1, indicate the amount of your Claim;

   b)      In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 6 Intercompany Claims set forth in the Plan by checking the appropriate box;

   c)      Review and complete the tax information in Item 3 and the certification in Item 4 of the Ballot; and either

      i.      electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on [~~_____~~],June 25, 2021; or

      ii.      complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on [~~_____~~],June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

---

**Via First Class Mail, Overnight Delivery, or Hand Delivery:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

---

2.      **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

**If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.     A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.     To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Claims.

6.     You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.     Any Ballot cast by a person or entity that did not hold a Claim in Class 6 (Intercompany Claims) as the Voting Record Date will not be counted.

9.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.     Each Ballot you receive is for voting only your Claim described in that Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 6 (Intercompany Claims).

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**Exhibit 3(e)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT FOR CLASS 7 – EXISTING HOLDCO**
**INTERESTS VOTING TO ACCEPT OR REJECT THE MODIFIED**
**THIRD AMENDED PLAN FOR LIQUIDATION OF**
**GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON [⸺], JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of [⸺], May 25, 2021** (the "Voting Record Date"), a holder of a Class 7 Existing Holdco Interests. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Interests under the Plan.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON [_____],JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

**<u>VOTING METHODS:</u>**

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than [_____], June 25, 2021 at 5:00 p.m. (prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

**<u>If you choose to submit your Ballot by First Class<br>Mail, Overnight Delivery or Hand Delivery</u>:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

<div style="border:1px solid black">

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR INTEREST. YOUR EXISTING HOLDCO INTEREST AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 7 UNDER THE PLAN.**

**IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

</div>

**Item 1.  *Vote Amount.*** The undersigned hereby certifies that on [_____]May 25, 2021, the Voting Record Date, the undersigned was the record holder of Existing Holdco Interests in Class 7 under the Plan, in the aggregate unpaid principal amount of:

<div style="border:1px solid black">

**Interest Amount: _____**

</div>

**Item 2.  *Vote on Plan.*** The undersigned holder of Existing Holdco Interests in Class 7, as described in Item 1 above, votes all such Interests to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**Item 3.** *Tax Information.*

Under penalty of perjury, the Interest holder certifies that:

    A.  Interest holder's Name is:  _____.

    B.  Interest holder's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Interest holder's correct taxpayer identification number is:

        (Social Security Number) _____-____-_____,

        (or Employer Identification Number) _____-_____; and

    D.  If applicable, Interest holder is not subject to backup withholding because (please check appropriate box):

        ☐    (i) Interest holder is exempt from backup withholding;

        ☐    (ii) Interest holder has not been notified by the Internal Revenue Service ("IRS") that Interest holder is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐    (iii) The IRS has notified Interest holder that Interest holder is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 4.** *Certifications.*  By signing this Ballot, the undersigned Interest holder certifies that (a)  on the Voting Record Date, it was the record holder of the Interests described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Interest holder:  _____

Signature:  _____

Print Name:  _____

Title:  _____

Street Address:  _____

City, State and Zip Code:  _____

Telephone Number:  _____

Email Address:  _____

Date Completed:  _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE ACTUALLY RECEIVED NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON ——————,JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> **IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  In order for your vote to count, you must:

    a)  In the box provided in Item 1, indicate the amount of your Interests;

    b)  In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 7 Existing Holdco Interests set forth in the Plan by checking the appropriate box;

    c)  Review and complete the tax information in Item 3 and the certification in Item 4 of the Ballot; and either

        i.   electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on [~~_____,~~]June 25, 2021; or

        ii.  complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on [~~_____,~~]June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

> **Via First Class Mail, Overnight Delivery, or Hand Delivery:**
>
> Griddy Energy LLC, Ballots
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

2.  **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Interest holders who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

**If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.      A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Interests.

6.      You must vote all your Interests within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Interests within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.      If you cast more than one Ballot voting the same Interest prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Interest, such Ballots shall not be counted.

8.      Any Ballot cast by a person or entity that did not hold an Interest in Class 7 (Existing Holdco Interests) as the Voting Record Date will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant or interest holder will not be counted.

10.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.     It is important that you vote.  The votes of Interests actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.     Each Ballot you receive is for voting only your Interests described in that Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 7 (Existing Holdco Interests).

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## Exhibit 4

**Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**NON-VOTING STATUS NOTICE WITH RESPECT TO**
**UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE MODIFIED THIRD**
**AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC**

**PLEASE TAKE NOTICE** that on [_____], 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. _____] (the "Disclosure Statement Order") that, among other things: (a) conditionally approved the adequacy of the *Disclosure Statement for Modified Third Amended Plan of Liquidation For Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 295] ___] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement")[2] and (b) authorized the Debtor to solicit acceptances or rejections of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 294] ___] (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Plan") from holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package may be obtained by (a) accessing the Solicitation Agent's website at https://cases.stretto.com/Griddy; (b) writing to the Solicitation Agent at Griddy Energy LLC, Ballots, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) emailing GriddyInquiries@stretto.com; and/or (d) calling the Solicitation Agent's toll-free information line with respect to the Debtor at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because, as set forth in the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtor are unimpaired and, therefore, pursuant to § 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are, therefore, not entitled to vote on the

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan, the Disclosure Statement or Disclosure Statement Order, as applicable.

Plan. Accordingly, this notice and the Combined Hearing Notice are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claim(s), you should contact the Debtor in accordance with the instructions provided above.

Dated: _____, 2021

**BAKER BOTTS L.L.P.**

By: _/s/_____

Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

2

## **Exhibit 5**

**Form of Notice of Assumption of Executory Contracts and Unexpired Leases**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**NOTICE OF: (A) EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTOR**
**PURSUANT TO THE PLAN; (B) CURE AMOUNTS, IF ANY;**
**AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that on [_____], 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No.____] (the "Disclosure Statement Order") that, among other things:  conditionally approved the adequacy of the *Disclosure Statement for Modified Third Amended Plan of Liquidation For Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 295 ___] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 294] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtor filed the *Assumed Executory Contract and Unexpired Lease List* [Docket No. [_____]] (the "Assumption Schedule") with the Court on [_____], 2021 as contemplated under the Plan.  The determination to assume the agreements identified on the Assumption Schedule is subject to revision.

**PLEASE TAKE FURTHER NOTICE** that the hearing to approve the adequacy of the Disclosure Statement and confirm the Plan (the "Combined Hearing") will commence on [_____,July 7, **2021, at** ____[  ],3:00 p.m.], **(prevailing Central Time).**

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because the Debtor's records reflect that you are a party to a contract that is listed on the Assumption Schedule.  Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that the Debtor is proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed in Schedule I attached hereto, to which you are a party.[3]

**PLEASE TAKE FURTHER NOTICE** that section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under Executory Contracts and Unexpired Leases at the time of assumption. Accordingly, the Debtor has conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in the table above.  Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtor believes that there is no Cure Amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE** that absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtor in Cash on the Effective Date or as soon as reasonably practicable thereafter.  In the event of a dispute, however, payment of the Cure Amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtor may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE** that any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption and assignment, or the related amount of the Cure Amounts, must be filed, served, and actually with the Court so that it is received by the Debtor Clerk of the Court by the later of: (a) [4 5:00 p.m. (prevailing Central Time) on or before _____, June 21, 2021] (the "Cure Objection Deadline") and (b) seven days after receiving notice of any amendment, modification or supplement to the Assumption and Cure Notice. Such objections must be filed with the Court (contemporaneously with a proof of service) and served upon the applicable notice parties. (the "Cure Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing objections to the Plan and the adequacy of information in the Disclosure Statement is [_____ June 25, 2021, at 4 5:00 p.m. (prevailing Central Time)] (the "Plan and DS Objection Deadline").  Any objection to the Plan or the adequacy of information in the Disclosure Statement must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the

---

[3]  Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtor that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that the Debtor has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement.  Further, the Debtor expressly reserves the right to:  (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date; and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before the Plan and DS Objection Deadline: (i) counsel to the Debtor: Baker Botts L.L.P., 910 Louisiana Street, Houston, Texas 77002 (Attn.: David R. Eastlake), and 30 Rockefeller Plaza, New York, NY 10112 (Attn. Robin Spigel and Chris Newcomb); and (ii) each of the entities listed on the Master Service List (available on the Solicitation Agent's website at https://cases.stretto.com/Griddy or the Court's website at http://www.txs.uscourts.gov/bankruptcy). so that it is received by the Clerk of the Court on or before the Plan and DS Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

---

**PLEASE TAKE FURTHER NOTICE THAT ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT FAILS TO OBJECT TIMELY TO THE PROPOSED ASSUMPTION OR CURE AMOUNT WILL BE DEEMED TO HAVE ASSENTED TO SUCH ASSUMPTION AND CURE AMOUNT.**

---

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTOR ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, the Solicitation Agent retained by the Debtor in the chapter 11 case, by: (a) accessing the Solicitation Agent's website at https://cases.stretto.com/Griddy; (b) writing to the Solicitation Agent at Griddy Energy LLC, Ballots, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) emailing GriddyInquiries@stretto.com; and/or (d) calling the Solicitation Agent's toll-free information line with respect to the Debtor at (855) 478-2725 (toll free) or (949) 471-0997 (international).

You may also obtain copies of any pleadings filed in the chapter 11 case for a fee via PACER at: http://www.txs.uscourts.gov.

Dated: _____, 2021

**BAKER BOTTS L.L.P.**

By: */s/*_____
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –


David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522


**COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

## Schedule I

**Schedule of Contracts and Leases and Proposed Cure Amounts**

| Name of Debtor | Name of Counterparty | Description of Executory Contract or Unexpired Lease | Cure Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |