UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
| | ) |
| Debtor. | ) |

**DEBTOR'S MOTION FOR ENTRY OF AN
ORDER: (A) EXTENDING THE TIME WITHIN WHICH
ACTIONS MAY BE REMOVED AND (B) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), files this motion (the "Motion") pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Order"), extending the deadline to remove pending civil causes of actions by 120 days

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

from the current deadline of June 14, 2021[2] to October 12, 2021. In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The legal predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9027 and 9006.

## BACKGROUND

4. On March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 31, 2021, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "Committee"). As of the date hereof, no trustee or examiner has been appointed in the Debtor's chapter 11 case.

---

[2] Pursuant to Rule G.18 of the Procedures for Complex Cases in the Southern District of Texas, the filing of this Motion automatically extends the June 14, 2021 deadline until the Court rules on this Motion. While 90 days from the Petition Date is Sunday, June 13, 2021, in accordance with Bankruptcy Rule 9006, the removal deadline falls on the next business day, June 14, 2021.

6. On May 26, 2021, the Debtor filed its *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (as may be amended, modified or supplemented from time to time, the "Plan") and related disclosure statement [Docket No. 311] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"). On May 26, 2021, the Court entered an order conditionally approving the Disclosure Statement. *See* Docket No. 308. The hearing on confirmation of the Plan is scheduled to occur on July 7, 2021.

7. Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

## RELIEF REQUESTED

8. By the Motion, the Debtor seeks entry of an order pursuant to Bankruptcy Rule 9006(b), extending the deadline of June 14, 2021 (the "Removal Deadline") to remove civil actions for a period of one hundred and twenty (120) days to October 12, 2021.

9. The Debtor requests that the proposed October 12, 2021 deadline to file notices of removal apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C) (the "Prepetition Actions") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (together with the Prepetition Actions, the "Actions").

10. The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor, any of its successors or any party in interest may take regarding whether Bankruptcy Code section 362 applied to stay any given Action and (b) the right

of the Debtor, any of its successors or any parties in interest to seek further extensions of the period in which Actions may be removed pursuant to Bankruptcy Rule 9027.

## BASIS FOR RELIEF

11. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

12. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of actions and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

13. Bankruptcy Rule 9027(a)(3) provides that notice of removal of postpetition actions may be filed:

> [O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

14. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend the unexpired time periods, such as the Removal Deadline, without notice:

> . . . when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

15. Courts in this district have regularly granted relief similar to that requested herein. *See, e.g., In re Fieldwood Energy LLC,* No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 2, 2020) (granting additional 120-day extension of removal period without prejudice to debtors' ability to seek additional extensions); *In re iHeartMedia, Inc*., No. 18-31274 (MI) (Bankr. S.D. Tex. Feb. 5, 2019) (granting third 120-day extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re SandRidge Energy, Inc*., No. 16-32488 (DRJ) (Bankr. S.D. Tex. Feb. 27, 2017) (granting additional 90-day extension post-confirmation without prejudice to reorganized debtors' ability to seek additional extensions); *In re LINN Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Jan. 4, 2017) (granting additional 120-day extension without prejudice to debtors' ability to seek additional extension). For the reasons set forth herein, similar relief is warranted in this chapter 11 case.

16. One of the Debtor's primary objectives in this case is to maximize the recovery available to creditors while balancing its desire to provide its former customers relief from potential collections actions and negative credit ratings as a result of the extreme pricing put into effect by the Debtor's regulators during the winter storm event that occurred in Texas in February

2021. Following the Petition Date, the Debtor has been focused on obtaining conditional approval of its Disclosure Statement in order to solicit votes on its proposed Plan and implement its liquidation plan to achieve the foregoing. The Debtor has spent significant time handling discovery related matters with the Committee as well as negotiating a global settlement with the Committee, the Debtor's prepetition secured lenders and certain of the Debtor's non-debtor affiliates. As amended, the Plan reflects this global settlement. In addition, the Debtor has negotiated a settlement with the State of Texas, which is subject to Court approval and the occurrence of the effective date of the Plan, that would resolve a prepetition action and related matters stemming from the winter storm event.

17. There are currently several pending civil actions against the Debtor. At present, the Debtor does not anticipate removing any actions prior to the July 7, 2021 confirmation hearing. However, after the Plan is confirmed, the plan administrator appointed pursuant to the Plan may seek to remove causes of action and should be provided with a reasonable amount of time to determine whether to do so. Accordingly, the Debtor believes it is prudent to seek an extension of the Removal Deadline to protect its rights and to provide the Debtor, a plan administrator or other successor, and any parties in interest with a reasonable opportunity to determine whether to remove any Action. The Debtor submits that the relief requested herein is in the best interests of the Debtor, its estate, its creditors and stakeholders. The extension sought will afford the Debtor, plan administrator or other successor and any parties in interest the opportunity to make fully informed decisions with respect to the removal of any Action and will ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. § 1452. Additionally, the Committee does not object to the relief sought herein.

## **NOTICE**

18.    Notice of the Motion will be given to: (a) the U.S. Trustee; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) counsel to the Committee; (e) the thirty (30) largest unsecured creditors for the Debtor; (f) the Public Utilities Commission of Texas; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) all plaintiffs in the Actions. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of the Motion need be given.

*[The remainder of this page is intentionally blank.]*

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Order, granting the relief requested in this Motion, and granting such other and further relief the Court may deem proper.

Dated:  New York, New York
        June 4, 2021

        **BAKER BOTTS L.L.P.**

        By: */s/ Robin Spigel*
        Robin Spigel (admitted *pro hac vice*)
        *robin.spigel@bakerbotts.com*
        Chris Newcomb (admitted *pro hac vice*)
        *chris.newcomb@bakerbotts.com*
        30 Rockefeller Plaza
        New York, New York 10012-4498
        Telephone: (212) 408-2500
        Facsimile: (212) 259-2501

        -and-

        David R. Eastlake
        Texas Bar No. 24074165
        *david.eastlake@bakerbotts.com*
        910 Louisiana Street
        Houston, Texas 77002-4995
        Telephone: (713) 229-1234
        Facsimile: (713) 229-1522

        ***Counsel to the Debtor and Debtor in Possession***

## CERTIFICATE OF SERVICE

I certify that on June 4, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

        */s/ Robin Spigel*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER: (A) EXTENDING THE TIME WITHIN WHICH**
**ACTIONS MAY BE REMOVED AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an order (this "Order") extending the time period within which Actions may be removed pursuant to 28 U.S.C. §1452 and Bankruptcy Rule[2] 9027, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the Motion having been given under the circumstances; and it appearing that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The period within which Actions may be removed for the Debtor, its successors and any parties in interest pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is enlarged pursuant to Bankruptcy Rule 9006(b) by 120 days, through and including October 12, 2021, without prejudice to the Debtor's, its successor's or parties in interest's right to seek further extensions.

2. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas are satisfied by such notice.

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021
      Houston, Texas

                        THE HONORABLE MARVIN ISGUR
                        UNITED STATES BANKRUPTCY JUDGE