## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Griddy Energy LLC,** | ) | **Case No. 21-30923 (MI)** |
| | ) | |
| **Debtor.** | ) | |

## CERTIFICATE OF SERVICE

I, Nathaniel Repko, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtor in the above-captioned case.

On May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit A**:

- **Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan** (Docket No. 308) [USB Drive]

- **Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312) [USB Drive]

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

- **Ballot for Class 1 – Prepetition Lender Claims Voting to Accept or Reject the Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit C**)

- **Pre-Addressed, Postage Pre-Paid Reply Envelope**

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit D**:

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Non-Voting Status Notice with Respect to Unimpaired Classes Presumed to Accept the Modified Third Amended Chapter 11 Plan of Liquidation for Griddy Energy LLC** (attached hereto as **Exhibit E**)

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit F**:

- **Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan** (Docket No. 308) [USB Drive]

- **Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312) [USB Drive]

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

- **Committee Recommendation to Accept the Chapter 11 Plan of Liquidation** (attached hereto as **Exhibit G**)

- **Ballot for Class 4 – Other General Unsecured Claims Voting to Accept or Reject the Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit H**)

- **Pre-Addressed, Postage Pre-Paid Reply Envelope**

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on 57,294 [Class 5] Customers not included herein:

- **Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan** (Docket No. 308)

- **Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312)

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Committee Recommendation to Accept the Chapter 11 Plan of Liquidation** (attached hereto as **Exhibit G**)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

- **Ballot for Class 5 – Customer Claims Voting to Accept or Reject Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit I**)

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on the service list attached hereto as **Exhibit J**:

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

- **Ballot for Class 6 – Intercompany Claims Voting to Accept or Reject the Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit K**)

- **Pre-Addressed, Postage Pre-Paid Reply Envelope**

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on [Class 7} Griddy Holdings LLC at the attention of Robin Spigel and Chris Newcomb, at Robin.Spigel@bakerbotts.com and Chris.Newcomb@bakerbotts.com:

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

- **Ballot for Class 7 – Existing Holdco Interests Voting to Accept or Reject the Modified Third Amended Plan for Liquidation of Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit L**)

- **Pre-Addressed, Postage Pre-Paid Reply Envelope**

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit M**:

- **Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan** (Docket No. 308) [USB Drive]

- **Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312) [USB Drive]

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

*[continued on next page]*

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit N**, and via electronic mail on the service list attached hereto as **Exhibit O**:

- **Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan** (Docket No. 308) [USB Drive]

- **Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312) [USB Drive]

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit P**:

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

Furthermore, on May 28, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit Q**:

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Non-Voting Status Notice with Respect to Unimpaired Classes Presumed to Accept the Modified Third Amended Chapter 11 Plan of Liquidation for Griddy Energy LLC** (attached hereto as **Exhibit E**)

Furthermore, commencing on June 1, 2021, and June 2, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on 11,611 [Class 5] Customers not included herein whose email previously bounced:

- **Order: (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection Therewith; and (IV) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan** (Docket No. 308)

- **Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312)

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Committee Recommendation to Accept the Chapter 11 Plan of Liquidation** (attached hereto as **Exhibit G**)

- **Solicitation Procedures** (attached hereto as **Exhibit B**)

- **Ballot for Class 5 – Customer Claims Voting to Accept or Reject Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit I**)

Furthermore, on June 2, 2021, at my direction and under my supervision, employees of Stretto caused the following message to be served via text messaging on the 1,169 [Class 5] Customers whose emails were undeliverable after multiple attempts:

- *Re Griddy: Please check* https://cases.stretto.com/Griddy/Solicitation *for important documents regarding Griddy's proposed chapter 11 liquidation plan*

Dated: June 8, 2021

/s/ Nathaniel Repko
Nathaniel Repko
STRETTO
7 Times Square, 16th Floor
New York, NY 10036
855.478.2725
Email:TeamGriddy@Stretto.com

# Exhibit A



**Exhibit A**
Served Via First-Class Mail
Class 1

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|------|-----------|-----------|-----------|-----------|------|-------|-----|
| Macquarie Energy LLC | | c/o Haynes and Boone, LLP | Attn: Kelli S. Norfleet | 1221 McKinney Street, Suite 4000 | Houston | TX | 77010 |
| Macquarie Energy LLC | | Attn: Roberta Konicki | One Allen Center, Level 33, 500 Dallas | | Houston | TX | 77002 |
| Macquarie Investments US Inc. | | Kelli S. Norfleet | Haynes and Boone, LLP | 1221 McKinney Street, Suite 4000 | Houston | TX | 77010 |
| Macquarie Investments US Inc. | | Attn: Roberta Konicki | One Allen Center, Level 33, 500 Dallas | | Houston | TX | 77002 |

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## SOLICITATION PROCEDURES

On May 26, 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order") [Docket No. 308] that, among other things: (a) conditionally approved the adequacy of the *Disclosure Statement For Modified Third Amended Plan of Liquidation For Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement")[2] and (b) authorized the Debtor to solicit acceptances or rejections of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Plan") from holders of impaired Claims and Interests who are (or may be) entitled to receive distributions under the Plan.

## I.    The Voting Record Date.

The Court has approved **May 25, 2021** as the voting record date (the "Voting Record Date") for purposes of determining: (a) which holders of Claims or Interests are entitled to vote on the Plan; and (b) whether Claims or Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim or Interest.

## II.   The Voting Deadline.

The Court has approved **June 25, 2021 at 5:00 p.m. (prevailing Central Time)** as the "Voting Deadline" for the delivery of Ballots voting to accept or reject the Plan. The Debtor may extend the Voting Deadline, in its discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be properly executed, completed and delivered pursuant to the instructions set forth on the

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, the Disclosure Statement or the Plan, applicable.

applicable Ballot so that they are actually received, in any case, no later than the Voting Deadline by the Debtor's Solicitation Agent, Stretto.

## III.   Form, Content and Manner of Notices

1.      ***The Solicitation Package***:   Subject to the terms of the Disclosure Statement Order, the Solicitation Package shall contain copies of the following:

a.      the Disclosure Statement, as conditionally approved by the Court (with all exhibits thereto, including the Plan);

b.      the Disclosure Statement Order (without exhibits);

c.      these Solicitation Procedures;

d.      the Combined Hearing Notice;

e.      the applicable form of Ballot for each Voting Class in which such holder holds a Claim or Interests, in substantially the forms of the Ballots annexed as Exhibits 3(a)-(e) to the Disclosure Statement Order, as applicable;

f.      a pre-addressed, postage pre-paid reply envelope (except for Class 5 Customer Claims; the holders of such Claims will receive their Solicitation Package by electronic means); and

g.      any supplemental documents that the Debtor may file with the Court or that the Court orders to be made available.

2.      ***Distribution of the Solicitation Packages***:

The Solicitation Package shall provide the Plan, the Disclosure Statement and the Disclosure Statement Order (without exhibits) in electronic format (i.e., CD-ROM or flash drive format) and all other contents of the Solicitation Package, including Ballots and the Solicitation Procedures, shall be provided in paper format to all Classes entitled to vote to accept or reject the Plan other than Class 5 Customer Claims, which Class shall be provided such materials in electronic format.  Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent by: (a) accessing the Solicitation Agent's website at https://cases.stretto.com/Griddy; (b) writing to the Solicitation Agent at Griddy Energy LLC, Ballots, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) emailing GriddyInquiries@stretto.com; and/or (d) calling the Solicitation Agent's toll-free information line with respect to the Debtor at (855) 478-2725 (toll free) or (949) 471-0997 (international).

The Debtor shall serve, or cause to be served, (a) all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and (b) the Disclosure Statement Order (in electronic format) and the Combined Hearing Notice to all parties required to be notified under Bankruptcy Rule 2002 and Bankruptcy Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.  In addition, the Debtor shall, on or before May 28, 2021 (or as soon thereafter as reasonably practicable), mail, or cause to be mailed, the Solicitation Package to all holders of

Claims and Interests in the Voting Classes that are entitled to vote other than holders of Customer Claims in Class 5, which holders shall be provided such materials in electronic format only. To avoid duplication and reduce expenses, the Debtor will use commercially reasonable efforts to ensure that any holder of a Claim or Interest who has filed duplicative Claims or Interests against a Debtor that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot, if applicable) on account of such Claim or Interest and with respect to that Class as against that Debtor. Notwithstanding the foregoing, the Debtor shall serve the Solicitation Package, the Plan, the Disclosure Statement and the Disclosure Statement Order on holders of Customer Claims in Class 5 by electronic mail only.

3.   ***Resolution of Disputed Claims and Interests for Voting Purposes; Resolution Event***

a.   Absent a further order of the Court, the holder of a Claim or Interest that is in a Voting Class and is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim or Interest in the reduced amount contained in such objection.

b.   If a Claim or Interest is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to June 11, 2021:

(1)   the Debtor shall serve the holder with notice of the objection;

(2)   to the extent the holder wishes to seek temporary allowance of its Claim or Interest for voting purposes only pursuant to Rule 3018, such holder shall file a motion seeking such relief (a "R. 3018 Motion") with the Court on or prior to June 18, 2021 and serve the Debtor with such 3018 Motion;

(3)   the Debtor may file a response to the R. 3018 Motion on or before June 21, 2021; and

(4)   unless otherwise ordered by the Court, the Court will hold a hearing to consider such R. 3018 Motion on or before June 23, 2021.

The applicable holder of a Claim or Interest subject to an objection referred to in this paragraph 3(b) shall not be entitled to vote to accept or reject the Plan on account of such Claim or Interest unless a Resolution Event (as defined below) occurs as provided herein or the Court orders otherwise.

c.   If a Claim or Interest in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court after June 11, 2021, the applicable Claim or Interest shall be deemed temporarily allowed for voting purposes only, without further action by the holder of such Claim or Interest and without further order of the Court, unless the Court orders otherwise.

      d.      A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than one (1) Business Day prior to the Voting Deadline:

           (1)      an order of the Court is entered allowing such Claim or Interest pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

           (2)      an order of the Court is entered temporarily allowing such Claim or Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing and consistent with the procedures set forth in paragraph 3(b) hereof;

           (3)      a stipulation or other agreement is executed between the holder of such Claim or Interest and the Debtor resolving the objection and allowing such Claim or Interest in an agreed upon amount (for voting purposes only or in general resolution of the claim) and such agreement (or notice of such agreement) is conveyed by the Debtor to the Solicitation Agent by electronic mail or otherwise; or

           (4)      the pending objection is voluntarily withdrawn by the objecting party.

      e.      No later than one (1) Business Day following the occurrence of a Resolution Event, the Debtor shall cause the Solicitation Agent to distribute via email, hand delivery or overnight courier service a Solicitation Package to the relevant holder to the extent such holder has not already received a Solicitation Package and the holder shall have until the later of the Voting Deadline or a date that is two (2) Business Days following the occurrence of the Resolution Event to submit its vote in accordance with these Solicitation Procedures.

      4.      ***Non-Voting Status Notices for Unimpaired.***  Certain holders of Claims or Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code, or who are not entitled to vote because they are unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Non-Voting Status Notice with Respect to Unimpaired Classes Presumed to Accept the Modified Third Amended Chapter 11 Plan of Liquidation for Griddy Energy LLC*, substantially in the form annexed as <u>Exhibit 4</u> to the Disclosure Statement Order.  Such notice will instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

      5.      ***Notices in Respect of Executory Contracts and Unexpired Leases.*** Counterparties to Executory Contracts and Unexpired Leases that receive an *Assumption and Cure Notice,* substantially in the form attached as <u>Exhibit 5</u> to the Disclosure Statement Order, respectively, may file an objection to the Debtor's proposed assumption and/or cure amount, as applicable.  Such objections must be filed with the Court so that it is received by the Clerk of the Court no later than the later of (a) **4:00 p.m. (prevailing Central Time) on June 18, 2021** and

(b) seven days after receiving notice of any amendment, modification or supplement to the Assumption and Cure Notice.

## IV.   Voting and General Tabulation Procedures.

1.     ***Holders of Claims Entitled to Vote.***   Only the following holders of Claims or Interests in the Voting Classes shall be entitled to vote with regard to such Claims or Interest:

a.     Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn or superseded prior to the Voting Record Date and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least 7 days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided,* that a holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection pending the occurrence of a Resolution Event as provided herein or further order of the Court;

b.     Holders of Claims or Interests that are listed in the Schedules, which are not listed as contingent, unliquidated or disputed or in a $0 amount; *provided,* that if the applicable Claims Bar Date has not expired prior to the Voting Record Deadline, a Claim listed on the Schedules as contingent, disputed or unliquidated shall be allowed to vote only in the amount of $1.00;

c.     Holders of Claims that arise:  (i) pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Court or otherwise; (ii) in an order entered by the Court; or (iii) in a document executed by the Debtor pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.     Holders of Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018;

e.     The assignee of any Claim that was properly transferred on or before the Voting Record Date by any Person or Entity described in subparagraphs (a) through (d) above; *provided,* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date; and

2.     ***Establishing Claim Amounts***.

**Filed and Scheduled Claims**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtor through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.      the Claim amount:  (i) settled and/or agreed upon by the Debtor, as reflected in a document filed with the Court or otherwise; or (ii) set forth in an order of the Court;

b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under these Solicitation Procedures;

c.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Bar Date (or deemed timely filed by applicable law); *provided*, *that* any Ballot cast by a holder of a Claim who timely files a Proof of Claim in respect of a Claim in a wholly unliquidated or unknown amount that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.      the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed or unliquidated and/or has not been paid; *provided*, *further*, that if the applicable Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed or unliquidated shall be allowed to vote in the amount of $1.00;

e.      Each Person or Entity listed in the Debtor's books and records as having been a customer of the Debtor at any point since February 2017 is listed on the Debtor's Schedules of Liabilities as having contingent, unliquidated and disputed claims in an undetermined amount.  Each such holder shall be deemed to have a Class 5 Customer Claim in the amount of $1.00 that is temporarily allowed pursuant to Bankruptcy Rule 3018 solely for purposes of voting on the Plan, including indicating whether the Person or Entity consents to give and receive the benefit of the Customer Releases set forth in section 12.10 of the Plan.  If a former customer is a Non-Participating Customer (i.e., opts-out of the Customer Releases in accordance with the terms of the Plan), such former customer (a) shall not have an Allowed Class 5 Customer Claim, (b) the Customer Releases shall not apply to such customer, and (c) solely for purposes of voting on the Plan, such Non-Participating Customer shall be deemed to have a Class 4 Other General Unsecured Claim in the amount of $1.00 that is temporarily allowed pursuant to Bankruptcy Rule 3018 solely for purposes of voting on the Plan, including indicating whether the Person or Entity consents to give and receive the benefit of the Third Party Releases set forth in Section 12.07(b) of the Plan; and

f.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

3.      ***General Ballot Tabulation***.   The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtor's right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules or Bankruptcy Local Rules:

a.      except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtor), the Debtor, in its sole discretion, shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

b.      the Debtor will file with the Court by no later than July 1, 2021 at 5:00 p.m. (prevailing Central Time) a voting report (the "<u>Voting Report</u>").   The Voting Report shall (subject to any permitted redaction), among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile or damaged (collectively, in each case, the "<u>Irregular Ballots</u>").   The Voting Report shall indicate the Debtor's intentions with regard to each Irregular Ballot;

c.      the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder.   Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot;

d.      an executed Ballot is required to be submitted by the Person or Entity submitting such Ballot;

e.      Ballots should not be submitted by electronic mail or facsimile — any Ballots submitted by electronic mail or facsimile will not be valid.   Subject to the other procedures and requirements herein, completed, executed Ballots may be submitted via the online "E-Balloting" portal maintained by the Solicitation Agent;

f.      no Ballot should be sent to the Debtor, the Debtor's agents (other than the Solicitation Agent) or the Debtor's legal or other advisors, and if so, sent will not be counted;

g.      if multiple Ballots are received from the same holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot received will be counted and all prior received Ballots will be disregarded;

7

h.     Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims or Interests held by the same Holder within the same Class, the applicable Debtor may, in its discretion, seek to aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes. The Debtor shall identify any such aggregation of multiple Claims or Interests in the Voting Report, and any party in interest may contest such aggregation at the Confirmation Hearing including, without limitation, on the basis that the Debtor has not satisfied Bankruptcy Code section 1129(a)(8)(A) for failure to meet the numerosity requirement of Bankruptcy Code section 1126(c);

i.     a Person or Entity signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of Claims or Interests must indicate such capacity when signing;

j.     the Debtor, unless subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.     neither the Debtor, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.     unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.     in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.     subject to any order of the Court, the Debtor reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtor, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

o.     if a Claim has been estimated or a Claim or Interest has otherwise been Allowed only for voting purposes by order of the Court, such Claim or Interest shall be

temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

p.    if an objection to a Claim or Interest is filed, such Claim or Interest shall be treated in accordance with the procedures set forth herein;

q.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim or Interest; (ii) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable Bar Date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, Ballots submitted through the online "E-Balloting" portal shall be deemed to include an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by an Entity not entitled to vote pursuant to the procedures described herein;

r.    after the Voting Deadline, and subject to the requirements of Bankruptcy Rule 3018(a), no Ballot may be withdrawn or modified without the prior written consent of the Debtor and order of the Court;

s.    the Debtor is authorized to enter into stipulations with the holder of any Claim agreeing to the amount of a Claim for voting purposes;

t.    where any portion of a single Claim or Interest has been transferred to a transferee, all holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan.  In the event that (i) a Ballot; (ii) a group of Ballots within a Voting Class received from a single creditor; or (iii) a group of Ballots received from the various holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted; and

u.    for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single holder in a particular Class may be aggregated and treated as if such holder held one Claim or Interest in such Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities, including any funds or accounts that are advised or managed by the same entity or by affiliated entities, hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such holder held one Claim or Interest in such Class, and the vote of each affiliated entity or

9

managed fund or account will be counted separately as a vote to accept or reject the Plan.

**V.      Amendments to the Plan and the Solicitation Procedures.**

The Debtor reserves the right to make non-substantive or immaterial changes to the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), the Ballots, the Combined Hearing Notice, and all related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

# Exhibit C

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR CLASS 1 – PREPETITION LENDER CLAIMS
VOTING TO ACCEPT OR REJECT THE MODIFIED THIRD AMENDED PLAN OF
LIQUIDATION FOR GRIDDY ENERGY LLC UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

> **THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 (THE "<u>VOTING DEADLINE</u>").**
>
> **IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

You are receiving this ballot (the "<u>Ballot</u>") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "<u>Plan</u>").[2] Griddy Energy LLC's (the "<u>Debtor</u>") records indicate that you are, **as of May 25, 2021** (the "<u>Voting Record Date</u>"), a holder of a Class 1 Prepetition Lender Claim. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("<u>Stretto</u>" or the "<u>Voting Agent</u>") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF <u>5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

**VOTING METHODS:**

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:_____**


**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

**<u>If you choose to submit your Ballot by First Class</u>**
**<u>Mail, Overnight Delivery or Hand Delivery</u>:**

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

> **YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM. YOUR PREPETITION LENDER CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 1 UNDER THE PLAN.**
>
> **IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**
>
> **IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**Item 1. *Vote Amount.*** The undersigned hereby certifies that on May 25, 2021, the Voting Record Date, the undersigned was the record holder of Prepetition Lender Claims in Class 1 under the Plan, in the aggregate unpaid principal amount of:

> **Claim Amount: $ _____**

**Item 2. *Vote on Plan.*** The undersigned holder of Prepetition Lender Claims in Class 1, as described in Item 1 above, votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**Item 3.**  *General Releases*.

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases as set forth in Section 12.07 of the Plan and be bound by injunctions as set forth in Section 12.06 and Section 12.09 of the Plan.

**"*Released Parties*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; provided, however, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; provided, further, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.**

**_Third party release provisions contained in Section 12.07(b) of the Plan_:**

**Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action**

---

[4] "*Non-Debtor Affiliates*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

**(including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; provided, however, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section** Error! Reference source not found. **in a timely and properly submitted Ballot; provided, further, that in no event shall anything in Section** Error! Reference source not found. **be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor.  For the avoidance of doubt, the only parties that are bound by the releases set forth in Section** Error! Reference source not found. **are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section** Error! Reference source not found. **of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

**IMPORTANTLY, ALL HOLDERS OF PREPETITION LENDER CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED, EXCULPATED AND DISCHARGED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.**

**THE PREPETITION SECURED LENDERS ARE INCLUDED IN THE DEFINITION OF "RELEASED PARTIES." IF A PREPETITION SECURED LENDER OPTS OUT OF THE RELEASE IN ITEM 4 BELOW, SUCH PREPETITION SECURED LENDER WILL NO LONGER BE CONSIDERED A RELEASED PARTY UNDER THE PLAN.**

**Item 4.  Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of Prepetition Lender Claims and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐    The undersigned elects <u>not</u> to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

> **IF YOU HOLD A PREPETITION LENDER CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL CONTINUE TO BE A RELEASED PARTY UNDER THE PLAN AND BE DEEMED TO CONSENT TO THE RELEASE OF THE OTHER RELEASED PARTIES SET FORTH IN SECTION 12.07(b) OF THE PLAN.**

**Item 5. *Tax Information.***

Under penalty of perjury, Claimant certifies that:

A.  Claimant's Name is: _____.

B.  Claimant's Address for Distribution (if any) To Be Sent:

_____

_____.

C.  Claimant's correct taxpayer identification number is:

(Social Security Number) _____-___-_____,

(or Employer Identification Number) ____-_____; and

D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

☐    (i) Claimant is exempt from backup withholding;

☐    (ii) Claimant has not been notified by the Internal Revenue Service ("<u>IRS</u>") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

☐    (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6.** *Certifications.*  By signing this Ballot, the undersigned Claimant certifies that (a)  on the Voting Record Date, it was the record holder of the Claims described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant:               _____

Signature:                             _____

Print Name:                          _____

Title:                                     _____

Street Address:                     _____

City, State and Zip Code:      _____

Telephone Number:             _____

Email Address:                      _____

Date Completed:                   _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  In order for your vote to count, you must:

    a)  In the box provided in Item 1, indicate the amount of your Claim;

    b)  In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 1 Prepetition Lender Claims set forth in the Plan by checking the appropriate box;

    c)  Carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

    d)  Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

        i.   electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021; or

        ii.  complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

> ### Via First Class Mail, Overnight Delivery, or Hand Delivery:
>
> Griddy Energy LLC, Ballots
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

2.  **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

**If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.     A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.     To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

5.     You should review the release provisions set forth in Item 3 and in Section 12.07(b) of the Plan and the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's release provisions by checking the box in Item 4.

6.     You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.     Any Ballot cast by a person or entity that did not hold a Claim in Class 1 (Prepetition Lender Claims) as the Voting Record Date will not be counted.

9.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.    The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.    Each Ballot you receive is for voting only your Claim described in that ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 1 (Prepetition Lender Claims).

13.  The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.  No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.  Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# **Exhibit D**



**Exhibit D**
Served Via First-Class Mail
Class 2

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|------|-----------|-----------|-----------|-----------|------|-------|-----|
| AEP Texas Inc. | Attn: Melissa A. Gage, Esq. | 400 W 15th St | Ste 1500 | | Austin | TX | 78701 |
| CenterPoint Energy Houston Electric | Attn: Douglas Darrow | 1111 Louisiana St | 46th Floor | Office 4661 | Houston | TX | 77002 |
| EDF Trading North America, LLC | c/o Eversheds Sutherland (US) LLP | Attn: Mark D Sherrill | 1001 Fannin Street | Suite 3700 | Houston | TX | 77002 |

# **Exhibit E**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|                                      |     |                        |
| ------------------------------------ | --- | ---------------------- |
|                                      | )   |                        |
| In re:                               | )   | Chapter 11             |
|                                      | )   |                        |
| GRIDDY ENERGY LLC,[1]                 | )   | Case No. 21-30923 (MI) |
|                                      | )   |                        |
|         Debtor. | )   |                        |
|                                      | )   |                        |

**NON-VOTING STATUS NOTICE WITH RESPECT TO**
**UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE MODIFIED THIRD**
**AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC**

       **PLEASE TAKE NOTICE** that on May 26, 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No 308] (the "Disclosure Statement Order") that, among other things: (a) conditionally approved the adequacy of the *Disclosure Statement for Modified Third Amended Plan of Liquidation For Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement")[2] and (b) authorized the Debtor to solicit acceptances or rejections of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Plan") from holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.

       **PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package may be obtained by (a) accessing the Solicitation Agent's website at https://cases.stretto.com/Griddy; (b) writing to the Solicitation Agent at Griddy Energy LLC, Ballots, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) emailing GriddyInquiries@stretto.com; and/or (d) calling the Solicitation Agent's toll-free information line with respect to the Debtor at (855) 478-2725 (toll free) or (949) 471-0997 (international).

       **PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because, as set forth in the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtor are unimpaired and, therefore, pursuant to § 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are, therefore, not entitled to vote on the

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan, the Disclosure Statement or Disclosure Statement Order, as applicable.

Plan. Accordingly, this notice and the Combined Hearing Notice are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claim(s), you should contact the Debtor in accordance with the instructions provided above.

Dated: May 26, 2021

**BAKER BOTTS L.L.P.**

By: */s/ Chris Newcomb*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

# **<u>Exhibit F</u>**



**Exhibit F**
Served Via First-Class Mail
Class 4

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| AEP Texas Inc. | Attn: Melissa A. Gage, Esq. | 400 W 15th St | Ste 1500 | | Austin | TX | 78701 | |
| Alpha Employment Solutions | Attn: Penny Vita-Finzi | 580 Woodland Ave | | | Burlington | ON | L7R 2S5 | Canada |
| Bevan, Mosca & Giuditta, P.C. | | 222 Mount Airy Road | Suite 200 | | Basking Ridge | NJ | 07920 | |
| CCH Incorporated | c/o Wolters Kluwer | Attn: CEO or General Counsel | PO Box 4307 | | Carol Stream | IL | 60197 | |
| CenterPoint Energy Houston Electric | Attn: Douglas Darrow | 1111 Louisiana St | 46th Floor | Office 4661 | Houston | TX | 77002 | |
| CenterPoint Energy Houston Electric | Attn: Earline Green | 1111 Louisiana St | 38th Floor | Office 3831 | Houston | TX | 77002 | |
| De Lage Landen Financial Services, Inc. | Attn: Russell Bender | 1111 Old Eagle School Road | | | Wayne | PA | 19087 | |
| EDF Trading North America, LLC | c/o Eversheds Sutherland (US) LLP | Attn: Mark D Sherrill | 1001 Fannin Street | Suite 3700 | Houston | TX | 77002 | |
| EDF Trading North America, LLC | Attn: Gerald Nemec, Esq. | 601 Travis, Suite 1700 | | | Houston | TX | 77002 | |
| Electric Reliability Council of Texas, Inc. | c/o Munsch Hardt Kopf & Harr, PC | Attn: Deborah M. Perry | 500 N Akard Street | Suite 3800 | Dallas | TX | 75201 | |
| Electric Reliability Council of Texas, Inc. | Attn: Leslie Wiley, Treasurer | 7620 Metro Center Drive | | | Austin | TX | 78744 | |
| Energy Services Group, LLC | c/o Howard & Howard | Attn: James E. Morgan | 200 South Michigan Ave | Suite 1100 | Chicago | IL | 60604 | |
| Energy Services Group, LLC | Attn: Glen Kimmel | 141 Longwater Drive | Suite 113 | | Norwell | MA | 02061 | |
| FloQast, Inc. | Attn: CEO or General Counsel | 14721 Califa St | | | Sherman Oaks | CA | 91411 | |
| Gow Media, LLC | | 5353 W Alabama | Suite 415 | | Houston | TX | 77056 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael Rosenthal | 200 Park Avenue | | New York | NY | 10166-0193 | |
| Luminant Energy Company LLC | Attn: Christy Dobry | 6555 Sierra Drive | | | Irving | TX | 75039 | |
| Meridian Business Centers | c/o Hartman Income REIT Management | Attn: Sara Lynn O'Dell | 11811 North Freeway, Ste 160 | | Houston | TX | 77060 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | 1616 Woodall Rodgers | | | Dallas | TX | 75202 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | PO Box 4567 | | | Houston | TX | 77210-4567 | |
| Pro Silver Star, Ltd | Attn: Thomas Walker | One Cowboys Way | Suite 100 | | Frisco | TX | 75034 | |
| Star Energy Partners | Attn: CEO or General Counsel | 30 Post Rd E | # 2 | | Westport | CT | 06880-3404 | |
| Stripe, Inc. | c/o Legal Department | 510 Townsend Street | | | San Francisco | CA | 94103 | |
| Texas-New Mexico Power | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky | 1401 McKinney Street | Suite 1900 | Houston | TX | 77010 | |
| Texas-New Mexico Power | c/o Andrea D. Couch | 299 Planters Street | | | Emory | TX | 75440 | |
| Texas-New Mexico Power | c/o REP Relations | 577 N. Garden Ridge Blvd. | | | Lewisville | TX | 75067 | |
| Wells Fargo Vendor Fin Serv | | Po Box 70241 | | | Philadelphia | PA | 19176 | |
| Wells Fargo Vendor Financial Services, LLC | Heather R. Embrey | 1010 Thomas Edison Blvd SW | | | Cedar Rapids | IA | 52404 | |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | Attn: Lee Saveliff | c/o Julia Sterling | 4 Sleigh Ridge | | Westport | CT | 06880 | |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | c/o Zeldes, Needle & Cooper, P.C. | Attn: Robert A. Pacelli, Jr., Esq. | 1000 Lafayette Blvd, 7th Floor | | Bridgeport | CT | 06604 | |

# **<u>Exhibit G</u>**

May 26, 2021

Re:    **Griddy Energy LLC, No. 21-30923 (MI)**
        **<u>Committee Recommendation to Accept the Chapter 11 Plan of Liquidation</u>**

To Holders of Class 4 Other General Unsecured Claims and Class 5 Former Customer Claims:

        McDermott Will & Emery LLP represents the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the bankruptcy case of Griddy Energy LLC (the "<u>Debtor</u>"). The Committee was appointed by the Office of the United States Trustee (an arm of the United States Department of Justice) to represent the interests of all general unsecured creditors, including you.

        The Committee has dedicated significant time to understanding the circumstances leading to the Debtor's bankruptcy case, negotiating with the Debtor and other parties in interest for better treatment of unsecured creditors, and representing the interests of unsecured creditors before the bankruptcy court.

        In May 2021, you received a solicitation package that contained the Debtor's *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>") and the Debtor's *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>"). **<u>The Committee has reviewed these documents and believes that the Plan is in the best interests of unsecured creditors.</u>**

<div style="border:2px solid black; padding:10px; text-align:center;">

**THE COMMITTEE RECOMMENDS THAT YOU VOTE TO <u>ACCEPT</u> (VOTE FOR) THE PLAN.**

**THE COMMITTEE BELIEVES THAT THE PLAN PROVIDES THE BEST RECOVERY POSSIBLE FOR UNSECURED CREDITORS UNDER THE CIRCUMSTANCES.**

**Please contact the Committee's representatives at McDermott Will & Emery LLP with any questions regarding our recommendation or the Plan.**
**Charles R. Gibbs (214-295-8063); crgibbs@mwe.com**
**Darren Azman (212-547-5615); dazman@mwe.com**

</div>

        <u>**FORMER CUSTOMERS WILL RECEIVE RELEASES**</u>. Under the Plan, the Debtor's former customers have the option to receive releases from the Debtor in exchange for releasing the Debtor and other third parties, including, but not limited to, the Debtor's officers, directors and affiliates as well as the Debtor's prepetition secured lenders (collectively, the "<u>Released Parties</u>"). For those former customers that do not opt out of the customer releases, the Debtor will *not* attempt to collect amounts owed by such former customers on account of electricity used, including during the February 2021 winter storm event in Texas (commonly referred to as Winter Storm Uri), or report such former customers' unpaid balances to credit bureaus. The Committee believes this is a material benefit to the tens of thousands of customers who received electricity bills at the extreme pricing imposed by the market and regulators during Winter Storm Uri and will provide finality and peace of mind to affected former customers.

**FORMER CUSTOMERS WHO PAID FOR ELECTRICITY WILL HAVE ALLOWED CLAIMS**. Former customers who do not opt out of the customer releases and who paid for electricity they used during February 13, 2021 – February 19, 2021 will have allowed, unsecured claims against the Debtor for the amounts paid. *If you paid for the electricity you used during such period, you must file a proof of claim evidencing such claim before the applicable bar date to have an allowed unsecured claim in the amount reflected on the Debtor's books and records.*

**THE DEBTOR RELEASES BENEFIT THE ESTATE**. The Debtor proposes to release claims and causes of action it may have against, among others, the Released Parties. In exchange for these releases, the Released Parties will make valuable contributions that the Committee believes will materially improve the recoveries of general unsecured creditors. Namely, the prepetition secured lenders have, among other things, agreed to waive their entire claim of approximately $1.45 million, and the non-debtor affiliates have agreed to pay the prepetition secured lenders professional fee claim up to $225,000. A non-debtor affiliate has further agreed to grant a limited license to the Debtor to assist it in prosecuting causes of action and administering the claims reconciliation process, and the directors and officers have agreed to assist the Debtor with that process.

**YOU MAY OPT-OUT OF THE THIRD-PARTY RELEASES**. Any non-former customer and any former customer that opts-out of the customer releases may decide to opt-out of the third party releases in the Plan. Unless such parties opt-out of the third party releases, any claims they have against the Released Parties may be released. Detailed instructions on how to opt out of the third-party releases are included on your ballot, enclosed in the same package as this letter. If you are a former customer and you opt-out of the third party releases, you will not receive the Debtor release for your past unpaid electricity bills, but you may file a claim against the Debtor by the applicable deadline or pursue claims that you hold against the other Released Parties. You should consult your own attorney to determine the best course of action for you.

**THE PLAN ADMINISTRATOR WILL BE JOINTLY APPOINTED**. Under the Plan, the Plan Administrator will have control over the prosecution of claims and causes of action against third parties and distributions to unsecured creditors. The Plan provides that the Debtor and the Committee will jointly appoint the Plan Administrator. Additionally, the Plan creates an advisory board with significant oversight powers that will initially consist of two members selected by the Committee and one member selected by the Debtor. This will allow the Committee-appointed members to help ensure that the Plan Administrator acts in the best interests of general unsecured creditors.

**THE PLAN REPRESENTS A GLOBAL RESOLUTION**. The Plan represents a global resolution among the Debtor, the Released Parties, and the Committee that avoids potential time consuming and expensive litigation and lost value to the Debtor's estate. The Committee believes that this global resolution is in the best interests of general unsecured creditors.

**ALTERNATIVES TO THE PLAN ARE NOT AS FAVORABLE**. The Committee believes that if the Plan is not confirmed, unsecured creditor recoveries will be diminished and certain key benefits of the Plan will be lost. In particular, the Debtor will need to expend significant resources drafting and soliciting a new Plan and it is likely that the Chapter 11 Case will convert to a chapter 7 liquidation. Under chapter 7, a chapter 7 trustee would be appointed and would likely pursue former customers for outstanding amounts owing to the Debtor and/or report such former customers' unpaid balances to a credit bureau. Additionally, it is unlikely that the Released Parties would make the same valuable contributions they are currently offering. Moreover, it is unlikely that former customers would receive releases from the Debtor for amounts owed on account of unpaid bills for past electricity used.

**YOUR VOTE IS IMPORTANT**. Without your vote to accept the Plan, the Plan may not be accepted by the requisite number of creditors. Even if some general unsecured creditors vote to reject the Plan, Class 4 and Class 5 would accept the Plan if two-thirds in amount and a majority of claim holders in each class vote to accept the Plan. Accordingly, every vote counts.

**THE PLAN TREATS UNSECURED CREDITORS FAIRLY**. The Committee negotiated for increased recoveries for the general unsecured creditors. In addition to the Debtor's cash on hand and the proceeds of certain causes of action the Debtor has against third parties, the Debtor's prepetition secured lenders have agreed to waive their entire claim of approximately $1.45 million, and their claim for professional fees will likely be paid in full by the Debtor's non-debtor affiliates.

The foregoing description is not intended as a substitute for the Disclosure Statement. All statements contained in this letter represent the Committee's belief, formed after a review of the relevant documents and consultation with its attorneys. Creditors should read the Disclosure Statement and the Plan in their entirety and then make their own respective independent decision as to whether the Plan is acceptable.

*For these reasons, the Committee urges general unsecured creditors to vote to* **ACCEPT** *the Plan.*

Very truly yours,

*The Official Committee of Unsecured
Creditors of Griddy Energy LLC*

# **<u>Exhibit H</u>**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT FOR CLASS 4 – OTHER GENERAL UNSECURED CLAIMS VOTING TO ACCEPT OR REJECT THE MODIFIED THIRD AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of May 25, 2021** (the "Voting Record Date"), a holder of a Class 4 Other General Unsecured Claim. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]    The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]    Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]    Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

1

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF <u>5:00 P.M. (PREVAILING CENTRAL TIME) ON June 25, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

## VOTING METHODS:

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

### If Submitting Your Vote through the E-Balloting Portal

Stretto will accept Ballots if properly completed electronically through Stretton's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

### If you choose to submit your Ballot by First Class <br> Mail, Overnight Delivery or Hand Delivery:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

3

**IMPORTANT**

---

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM. YOUR OTHER GENERAL UNSECURED CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 4 UNDER THE PLAN.**

**IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND _ACTUALLY RECEIVED_ BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

---

**Item 1. _Vote Amount._** The undersigned hereby certifies that on May 25, 2021, the Voting Record Date, the undersigned was the record holder of one or more Other General Unsecured Claims in Class 4 under the Plan, in the aggregate unpaid principal amount of:

**Claim Amount:   $ _____**

**Item 2. _Vote on Plan._** The undersigned holder of Other General Unsecured Claims in Class 4, as described in Item 1 above, votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

4

**Item 3.** *General Releases*.

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases as set forth in Section 12.07 of the Plan and be bound by injunctions as set forth in Section 12.06 and Section 12.09 of the Plan.

> "*Released Parties*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; provided, however, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; provided, further, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

> *Third party release provisions contained in Section 12.07(b) of the Plan:*

> Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action

---

[4] "*Non-Debtor Affiliates*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

**(including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; provided, however, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section** Error! Reference source not found. **in a timely and properly submitted Ballot; provided, further, that in no event shall anything in Section** Error! Reference source not found. **be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor.  For the avoidance of doubt, the only parties that are bound by the releases set forth in Section** Error! Reference source not found. **are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section** Error! Reference source not found. **of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

> **IMPORTANTLY, ALL HOLDERS OF OTHER GENERAL UNSECURED CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.**

**Item 4.  Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of an Other General Unsecured Claim and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐     The undersigned elects <u>not</u> to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

> **IF YOU HOLD AN OTHER GENERAL UNSECURED CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.07(b) OF THE PLAN.**

6

**Item 5.** *Tax Information.*

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is: _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-____-_____,

        (or Employer Identification Number) _____-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

      ☐  (i) Claimant is exempt from backup withholding;

      ☐  (ii) Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

      ☐  (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6.** *Certifications.*  By signing this Ballot, the undersigned Claimant certifies that (a)  on the Voting Record Date, it was the record holder of the Claims described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant:           _____

Signature:                       _____

Print Name:                     _____

Title:                               _____

Street Address:               _____

City, State and Zip Code:  _____

Telephone Number:          _____

Email Address:                _____

Date Completed:             _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
> PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE
> DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR
> DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT
> GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR
> (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.    In order for your vote to count, you must:

    a)    In the box provided in Item 1, indicate the amount of your Claim;

    b)    In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 4 Other General Unsecured Claims set forth in the Plan by checking the appropriate box;

    c)    Carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

    d)    Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

        i.    electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on June 25, 2021; or

        ii.    complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

> ### Via First Class Mail, Overnight Delivery, or Hand Delivery:
>
> Griddy Energy LLC, Ballots
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

2.    **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

> If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

3.   A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.   To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

5.   You should review the release provisions set forth in Item 3 and in Section 12.07(b) of the Plan and the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's release provisions by checking the box in Item 4.

6.   You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.   Any Ballot cast by a person or entity that did not hold a Claim in Class 4 (Other General Unsecured Claims) as the Voting Record Date will not be counted.

9.   Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.   The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.   It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.   Each Ballot you receive is for voting only your Claim described in that ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 4 (Other General Unsecured Claims).

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# **Exhibit I**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | |

**BALLOT FOR CLASS 5 – CUSTOMER CLAIMS**
**VOTING TO ACCEPT OR REJECT MODIFIED THIRD**
**AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC**
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of May 25, 2021** (the "Voting Record Date"), a holder of a Class 5 Customer Claim. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

### VOTING METHODS:

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

### If Submitting Your Vote through the E-Balloting Portal

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

### If you choose to submit your Ballot by First Class Mail, Overnight Delivery or Hand Delivery:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

3

**<u>IMPORTANT</u>**

YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE.  YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM.

YOUR CUSTOMER CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 5 UNDER THE PLAN; <u>PROVIDED</u> THAT,

(A) IF YOU OPT OUT OF THE CUSTOMER RELEASES AS THE HOLDER OF A CLASS 5 CUSTOMER CLAIM,

 <u>OR</u>

(B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES,

THEN, YOU WILL NOT HAVE AN ALLOWED CLASS 5 CUSTOMER CLAIM. RATHER, YOU WILL HAVE A CLASS 4 OTHER GENERAL UNSECURED CLAIM SOLELY FOR PURPOSES OF VOTING ON THE PLAN.

ACCORDINGLY, THE BALLOT BELOW PROVIDES FOR YOU TO VOTE BOTH AS THE HOLDER OF A CLASS 5 CUSTOMER CLAIM AND THE POTENTIAL HOLDER OF A CLASS 4 OTHER GENERAL UNSECURED CLAIM.  THE VOTE YOU CAST AS THE HOLDER OF A CLASS 4 OTHER GENERAL UNSECURED CLAIM WILL ONLY BE COUNTED IF (A) (I) YOU OPT OUT OF THE CUSTOMER RELEASES HEREIN OR (B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES CONTAINED IN CLASS 5.

IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

<u>ADDITIONALLY, PARTICIPATING CUSTOMERS SHALL HAVE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE TO ELECT TO BECOME NON-PARTICIPATING CUSTOMERS BY COMPLETING AND RETURNING THE CUSTOMER RELEASE OPT-OUT FORM.  IF A PARTICIPATING CUSTOMER ELECTS TO BECOME A NON-PARTICIPATING CUSTOMER IN ACCORDANCE WITH THE FOREGOING, THE FORMER PARTICIPATING CUSTOMER SHALL BE TREATED AS A NON-PARTICIPATING CUSTOMER UNDER THE PLAN FOR ALL PURPOSES; *PROVIDED THAT* SUCH PERSON'S VOTE ON THE PLAN SHALL NOT BE CHANGED IF THE ELECTION IS MADE AFTER THE VOTING DEADLINE.</u>

**Item 1.**

(A) ***Vote on Plan.***  The undersigned holder of a Customer Claim in Class 5, votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**IF YOU DO NOT OPT OUT OF THE CUSTOMER RELEASES, INCLUDING IF YOU ABSTAIN FROM VOTING AND DO NOT OPT OUT OF THE CUSTOMER RELEASES, YOU WILL BE DEEMED A PARTICIPATING CUSTOMER.  "Participating Customer" means any holder of a Customer Claim that does not opt out of the Customer Releases, including those holders of Customer Claims that abstain from voting and do not opt out of the Customer Releases.  On the Effective Date, (a) all Claims of Participating Customers shall be classified and treated for all purposes under the Plan as Class 5 Customer Claims and (b) all Participating Customers shall grant in favor of the Released Parties (as defined in the Plan and reproduced below) and receive the benefit from the Released Parties the Customers Release (as defined in the Plan and reproduced below) set forth in Section 12.10 of the Plan; *provided that, notwithstanding the foregoing, if the Bankruptcy Court does not approve the Customer Releases, then each Participating Customer will not have an Allowed Class 5 Claim, the Customer Releases shall not become effective and, solely if such Participating Customer timely and properly filed an unsecured nonpriority claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, each such Customer Claim shall be classified and treated as an Other General Unsecured Claim under the Plan.***

*"Customer Releases"* **means the mutual releases by and among the Participating Customers, on the one hand, and the Released Parties, on the other hand, whereby (i) the Debtor and each other Released Party releases and waives all Claims against each Participating Customer, solely in its capacity as such, including, for unpaid amounts owed by such Participating Customer to the Debtor for the electricity and related fees, taxes, expenses and other costs charged to such customers for the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; and (ii) each Participating Customer releases and waives all Claims against each of the Released Parties relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement, including, any Claims for any loss a Participating Customer may suffer, have suffered or be alleged to suffer as a result of or relating to the Participating Customer's agreements with the Debtor as well as the electricity**

5

and related fees, taxes and costs charged to such customers for any period while they were a customer of the Debtor, including, the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; <u>provided</u>, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed Participating Customer Potential Return, receive its Pro Rata share of the Texas Storm Causes of Action Net Recovery Proceeds, if any, which proceeds shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.

"<u>*Released Parties*</u>" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates, owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; <u>provided</u>, <u>however</u>, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; <u>provided</u>, <u>further</u>, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

"<u>*Non-Debtor Affiliates*</u>" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

<u>*Releases Provided by Holders of Participating Customer Claims in Section 12.10*</u>:

Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, (i) each Participating Customer will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to accept the Customer Releases as they pertain to such Participating Customer and the Released Parties and (ii) each Released Party will be deemed to accept the Customer Releases as they pertain to such Released Party and the Participating

**Customers; <u>provided that, notwithstanding the foregoing, if the Bankruptcy Court does not approve the Customer Releases pursuant to Bankruptcy Rule 9019 through this Plan or otherwise, then each Participating Customer will not have an Allowed Class 5 Claim, the Customer Releases shall not become effective and, solely if such Participating Customer timely and properly filed an unsecured nonpriority proof of claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, such Customer Claim shall be classified as an Other General Unsecured Claim and treated for all purposes under this Plan as an Other General Unsecured Claim.</u>  For the avoidance of doubt, if the Customer Releases become effective, each Participating Customer releases and waives all Claims against each of the Released Parties, including, any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws, fraud or otherwise, demands, debts, rights, causes of action (including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any Claims for any such loss such Participating Customer may suffer, have suffered or be alleged to suffer as a result of the Debtor selling electricity to such Participating Customer prior to the Petition Date, the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; <u>provided</u>, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed Participating Customer Potential Return Claim, receive its Pro Rata share of (i) the Texas Storm Causes of Action Net Recovery Proceeds, if any, and (ii) any Available Prepetition Lender Contribution, which shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.**

**(B)** *Opt-Out Election* **(See box immediately below).**

By checking the box below, the undersigned Claimant certifies it is the holder of a Customer Claim in Class 5 and elects to **OPT OUT** of the Customer Releases as set forth in Section 12.10 of the Plan.

☐    The undersigned elects <u>not</u> to grant (OPTS OUT OF) the Customer Releases set forth in section 12.10 of the Plan.

> **IF YOU HOLD A CUSTOMER CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IN ITEM 1(B) ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE CUSTOMER RELEASES SET FORTH IN SECTION 12.10 OF THE PLAN.**

Notwithstanding the foregoing, Participating Customers shall have forty-five (45) days after the Effective Date to elect to become Non-Participating Customers by completing and returning the Customer Release Opt-Out Form. If a Participating Customer elects to become a Non-Participating Customer in accordance with the foregoing, the former Participating Customer shall be treated as a Non-Participating Customer under the Plan for all purposes; *provided that* such Person's vote on the Plan shall not be changed if the election is made after the Voting Deadline.

**Item 2. (ALL HOLDERS OF CUSTOMER CLAIMS SHOULD COMPLETE THIS ITEM 2 IN ADDITION TO ITEM 1 ABOVE).**

**IF YOU OPT OUT OF THE CUSTOMER RELEASES IN ITEM 1, YOU WILL BE DEEMED A "NON-PARTICIPATING CUSTOMER." Non-Participating Customers will not grant and will not receive the benefit of the Customer Release** and will not be treated as having an Allowed Class 5 Customer Claim. Rather, Non-Participating Customers have a temporarily Allowed Claim in Class 4 (Other General Unsecured Claims) solely for purposes of voting on the Plan. For all other purposes, if a Non-Participating Customer timely and properly files an unsecured nonpriority claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, such Non-Participating Customer will be treated as a holder of Other General Unsecured Claims.

Holders of Allowed Other General Unsecured Claims in Class 4 are subject to certain third party release provisions, as discussed further below.

**IF YOU DO NOT OPT OUT OF THE CUSTOMER RELEASES IN ITEM 1 ABOVE, INCLUDING IF YOU ABSTAIN FROM VOTING AND DO NOT OPT OUT OF THE CUSTOMER RELEASES, YOU WILL BE DEEMED A "PARTICIPATING CUSTOMER."** Participating Customers will grant and will be deemed to receive the benefit of the Customer Releases and Claims of Participating Customers will be classified and treated for all purposes as Class 5 Customer Claims under the Plan, unless the Bankruptcy Court does not approve the Customer Releases. If you opt out of the Customer Releases in Class 5, your claim will be classified as a Class 4 Other General Unsecured Claim. If the Bankruptcy Court does not approve the Customer Releases, Claims of Participating Customers will be classified as Class 4

Other General Unsecured Claims under the Plan.  Holders of Allowed Other General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Plan and are subject to certain third party release provisions, as discussed further below.

**BOTH PARTICIPATING CUSTOMERS AND NON-PARTICIPATING CUSTOMERS SHOULD VOTE TO ACCEPT OR REJECT THE PLAN AS A HOLDER OF AN OTHER GENERAL UNSECURED CLAIM IN CLASS 4, SUBJECT TO THE TERMS AND CONDITIONS SET FORTH HEREIN.**

*Vote on the Plan as the Holder of Other General Unsecured Claim in Class 4.*  The undersigned holder of an Other General Unsecured Claim in Class 4 votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (votes AGAINST) the Plan

<u>NOTE</u>: The vote in this Item 2 and the Opt Out in Item 4 will only be counted (a) if you opt out of the Customer Releases in Item 1 or (b) if the Bankruptcy Court does not approve the Customer Releases as to Participating Customers.  If you did not opt out of the Customer Releases in Item 1, including if you abstained from voting in Item 1 and did not opt out of the Customer Releases in Item 1, and (ii) the Bankruptcy Court approves the Customer Releases, the vote in Item 1 above will be your only vote counted and your vote in Item 2 and the Opt Out in Item 4 will <u>not</u> be counted.  If you opt out of the Customer Releases in Item 1, you will be deemed to have a temporarily Allowed Claim in Class 4 (Other General Unsecured Claims) solely for voting purposes.

**Item 3.  *General Releases*.**

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases set forth in Section 12.07 and be bound by injunctions set forth in Section 12.06 and Section 12.09 of the Plan.

> **"*Released Parties*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and**

---

[4] "***Non-Debtor Affiliates***" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy

each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; <u>provided</u>, <u>however</u>, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; <u>provided</u>, <u>further</u>, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

### <u>*Third party release provisions contained in Section 12.07(b) of the Plan*</u>:

Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action (including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; <u>provided</u>, <u>however</u>, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section Error! Reference

---

VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

source not found. **in a timely and properly submitted Ballot; provided, further, that in no event shall anything in Section** Error! Reference source not found. **be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor.  For the avoidance of doubt, the only parties that are bound by the releases set forth in Section** Error! Reference source not found. **are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section** Error! Reference source not found. **of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

---

**IMPORTANTLY, ALL HOLDERS OF OTHER GENERAL UNSECURED CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN. FOR THE AVOIDANCE OF DOUBT, IF THE BANKRUPTCY COURT APPROVES THE CUSTOMER RELEASES, THEN THE CUSTOMER RELEASES SHALL APPLY TO HOLDERS OF PARTICIPATING CUSTOMER CLAIMS AND SHALL BE IN LIEU OF THE RELEASES AND OPT OUT OPTION PURSUANT TO SECTION 12.7(b) OF THE PLAN.**

---

**Item 4.  Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of an Other General Unsecured Claim pursuant to the terms set forth above and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐   The undersigned elects <u>not</u> to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

---

**IF YOU HOLD AN OTHER GENERAL UNSECURED CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.7(b) OF THE PLAN.**

---

**Item 5.** *Tax Information.*

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is: _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-\_\_\_-_____,

        (or Employer Identification Number) \_\_\_\_-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

        ☐    (i) Claimant is exempt from backup withholding;

        ☐    (ii) Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐    (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6** *Certifications.*    By signing this Ballot, the undersigned Claimant certifies that (a) Claimant was a customer of the Debtor at some point during the period between February 1, 2017 and March 15, 2021; (b) it did not sell its Claim to a third-party on or prior to the Voting Record Date; (c) it has full power and authority to vote or reject the Plan; (d) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (e) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant:        _____

Signature:                     _____

Print Name:                  _____

Title:                            _____

Street Address:            _____

City, State and Zip Code:    _____

Telephone Number:      _____

Email Address:            _____

Date Completed:          _____

<div align="center">

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u>**
**NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

</div>

> IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  In order for your vote to count, you must:

    a)  In the box provided in Item 1(A) of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 5 Customer Claims set forth in the Plan by checking the appropriate box;

    b)  In the box provided in Item 1(B) of the Ballot, indicate whether you opt out of the Customer Releases by checking the box only if you elect to opt out of the Customer Releases.

    c)  In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan as a holder or potential holder of a Class 4 Other General Unsecured Claim by checking the appropriate box. This portion of the Ballot will replace the vote in Item 1(A) only if (a) you are a Non-Participating Customer or (b) if the Bankruptcy Court does not approve the Customer Releases for all Participating Customers;

    d)  For holders of Other General Unsecured Claims (i.e., for purposes of this Ballot only, (a) all Non-Participating Customers or (b) if the Bankruptcy Court does not approve the Customer Releases for all Participating Customers), carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

    e)  Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

        i.   electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021; or

        ii.  complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021. Any unsigned or non-original Ballot will not be counted. Return the completed Ballot to:

---

**<u>Via First Class Mail, Overnight Delivery, or Hand Delivery</u>:**

Griddy Energy LLC Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

---

2.    **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**<u>Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.</u>**

   **If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.    A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.    If the Bankruptcy Court does not approve the Customer Releases in Item 1, only your vote in Item 2 of the Ballot and any opt out indicated in Item 4 of the Ballot will be counted.

5.    Review the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's third-party release provisions as they apply to holders of Class 4 Other General Unsecured Claims.

6.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.    Any Ballot cast by a person or entity that did not hold a Claim in Class 5 Customer Claims as the Voting Record Date will not be counted.

9.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

15

10.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.     Each Ballot you receive is for voting only your Claim described in that Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 5 (Customer Claims) and holders of Customer Claims in Class 5 that either are (i) Non-Participating Customers or (ii) if the Bankruptcy Court does not approve the Customer Releases, Participating Customers.

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan.  No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

16.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# **<u>Exhibit J</u>**



**Exhibit J**
Served Via Electronic Mail
Class 6

| Name | Attention | Address 1 | Email |
|---|---|---|---|
| Griddy Energy LLC | c/o Baker Botts LLP | Attn: Robin Spigel and Chris Newcomb | Robin.Spigel@bakerbotts.com Chris.Newcomb@bakerbotts.com |

# **Exhibit K**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) |
|  | ) Case No. 21-30923 (MI) |
| Debtor. | ) |
|  | ) |

**BALLOT FOR CLASS 6 – INTERCOMPANY CLAIMS
VOTING TO ACCEPT OR REJECT THE MODIFIED THIRD AMENDED PLAN OF
LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE**

> **THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 (THE "VOTING DEADLINE").**
>
> **IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of May 25, 2021** (the "Voting Record Date"), a holder of a Class 6 Intercompany Claim. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]   Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

## VOTING METHODS:

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

### If Submitting Your Vote through the E-Balloting Portal

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

### If you choose to submit your Ballot by First Class<br>Mail, Overnight Delivery or Hand Delivery:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**IMPORTANT**

<div style="border:1px solid black;">

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE.  YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM.  YOUR INTERCOMPANY CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 6 UNDER THE PLAN.**

**IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

</div>

**Item 1.  *Vote Amount.***  The undersigned hereby certifies that on May 25, 2021, the Voting Record Date, the undersigned was the record holder of Intercompany Claims in Class 6 under the Plan, in the aggregate unpaid principal amount of:

<div style="border:1px solid black;">

**Claim Amount:   $ _____**

</div>

**Item 2.  *Vote on Plan.***  The undersigned holder of Intercompany Claims in Class 6, as described in Item 1 above, votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**Item 3.** *Tax Information.*

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is: _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-___-_____,

        (or Employer Identification Number) ____-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

        ☐  (i) Claimant is exempt from backup withholding;

        ☐  (ii) Claimant has not been notified by the Internal Revenue Service ("<u>IRS</u>") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐  (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 4.** *Certifications.*  By signing this Ballot, the undersigned Claimant certifies that (a)  on the Voting Record Date, it was the record holder of the Claims described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant:        _____

Signature:              _____

Print Name:             _____

Title:                  _____

Street Address:         _____

City, State and Zip Code:   _____

Telephone Number:       _____

Email Address:          _____

Date Completed:         _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  In order for your vote to count, you must:

    a)  In the box provided in Item 1, indicate the amount of your Claim;

    b)  In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 6 Intercompany Claims set forth in the Plan by checking the appropriate box;

    c)  Review and complete the tax information in Item 3 and the certification in Item 4 of the Ballot; and either

        i.  electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021; or

        ii. complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021. Any unsigned or non-original Ballot will not be counted. Return the completed Ballot to:

---

### Via First Class Mail, Overnight Delivery, or Hand Delivery:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

---

2.  **The method of delivery of your Ballot is at your election and at your own risk. YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM. Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

7

**If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.      A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Claims.

6.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot. If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.      Any Ballot cast by a person or entity that did not hold a Claim in Class 6 (Intercompany Claims) as the Voting Record Date will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.     It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.     Each Ballot you receive is for voting only your Claim described in that Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 6 (Intercompany Claims).

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan. No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# Exhibit L

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR CLASS 7 – EXISTING HOLDCO**
**INTERESTS VOTING TO ACCEPT OR REJECT THE MODIFIED**
**THIRD AMENDED PLAN FOR LIQUIDATION OF**
**GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

> **THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 (THE "VOTING DEADLINE").**
>
> **IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of May 25, 2021** (the "Voting Record Date"), a holder of a Class 7 Existing Holdco Interests.  If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]    The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]    Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]    Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third  Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully.  You may wish to seek independent legal advice concerning the Plan and the treatment of your Interests under the Plan.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes.  Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes.  The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan.  If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF <u>5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

## VOTING METHODS:

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than June 25, 2021 at 5:00 p.m. (prevailing Central Time).**

**Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

### If Submitting Your Vote through the E-Balloting Portal

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

### If you choose to submit your Ballot by First Class<br>Mail, Overnight Delivery or Hand Delivery:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

3

**IMPORTANT**

---

YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR INTEREST. YOUR EXISTING HOLDCO INTEREST AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 7 UNDER THE PLAN.

IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

---

**Item 1.   *Vote Amount.*** The undersigned hereby certifies that on May 25, 2021, the Voting Record Date, the undersigned was the record holder of Existing Holdco Interests in Class 7 under the Plan, in the aggregate unpaid principal amount of:

> **Interest Amount: _____**

**Item 2.   *Vote on Plan.*** The undersigned holder of Existing Holdco Interests in Class 7, as described in Item 1 above, votes all such Interests to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (vote AGAINST) the Plan

**Item 3. *Tax Information.***

Under penalty of perjury, the Interest holder certifies that:

    A. Interest holder's Name is: _____.

    B. Interest holder's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C. Interest holder's correct taxpayer identification number is:

        (Social Security Number) _____-___-_____,

        (or Employer Identification Number) ____-_____; and

    D. If applicable, Interest holder is not subject to backup withholding because (please check appropriate box):

        ☐ (i) Interest holder is exempt from backup withholding;

        ☐ (ii) Interest holder has not been notified by the Internal Revenue Service ("IRS") that Interest holder is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐ (iii) The IRS has notified Interest holder that Interest holder is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 4.** *Certifications.*  By signing this Ballot, the undersigned Interest holder certifies that (a)  on the Voting Record Date, it was the record holder of the Interests described in Item 1 to which this Ballot pertains (or an authorized signatory for such holder); (b) it has full power and authority to vote to accept or reject the Plan; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and  (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Interest holder: _____

Signature: _____

Print Name: _____

Title: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

> IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.   In order for your vote to count, you must:

   a)   In the box provided in Item 1, indicate the amount of your Interests;

   b)   In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 7 Existing Holdco Interests set forth in the Plan by checking the appropriate box;

   c)   Review and complete the tax information in Item 3 and the certification in Item 4 of the Ballot; and either

      i.   electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on June 25, 2021; or

      ii.   complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (prevailing Central Time) on June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

> ### Via First Class Mail, Overnight Delivery, or Hand Delivery:
>
> Griddy Energy LLC, Ballots
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

2.   **The method of delivery of your Ballot is at your election and at your own risk.  YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website. Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Interest holders who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

**If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.      A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Interests.

6.      You must vote all your Interests within a single Class under the Plan either to accept or reject the Plan. Accordingly, a Ballot (or multiple Ballots with respect to Interests within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.      If you cast more than one Ballot voting the same Interest prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot. If you simultaneously cast inconsistent duplicate Ballots with respect to the same Interest, such Ballots shall not be counted.

8.      Any Ballot cast by a person or entity that did not hold an Interest in Class 7 (Existing Holdco Interests) as the Voting Record Date will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant or interest holder will not be counted.

10.     The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11.     It is important that you vote. The votes of Interests actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12.     Each Ballot you receive is for voting only your Interests described in that Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 7 (Existing Holdco Interests).

13.     The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan. No party will accept delivery of any such certificates surrendered together with this Ballot.

14.     No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15.     Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL). **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# Exhibit M



**Exhibit M**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | 515 Rusk Street | Suite 3516 | Houston | TX | 77002 |
| Office of the United States Trustee for the Southern District of Texas | Attn: Jana Whitworth | 515 Rusk Street | Suite 3516 | Houston | TX | 77002 |

In re: Griddy Energy LLC
Case No. 21-30923 (MI)

Page 1 of 1

# **Exhibit N**

 STRETTO

**Exhibit N**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| AEP Texas Inc. | Attn: Mark Hunt | 910 Energy Drive | | | Abilene | TX | 79602-7945 | |
| Alpha Employment Solutions | Attn: Penny Vita-Finzi | 580 Woodland Ave | | | Burlington | ON | L7R 2S5 | Canada |
| Bernice William | c/o Sheehy, Lovelace & Mayfield | Attn: Jeffrey R. Cox | 510 N. Valley Mills Dr., Suite 500 | | Waco | TX | 76710 | |
| CCH Incorporated | c/o Wolters Kluwer | Attn: CEO or General Counsel | PO Box 4307 | | Carol Stream | IL | 60197 | |
| CenterPoint Energy, Inc | Attn: Kevin Kulhanek; Jewel Smith | 1111 Louisiana Street | | | Houston | TX | 77002 | |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Attn: Riley L. Burnett, Jr and Karen H. Beyea-Schroeder | 3737 Buffalo Speedway, 18th Floor | | Houston | TX | 77098 | |
| Electric Reliability Council of Texas (ERCOT) | c/o Munsch Hardt Kopf & Harr, P.C. | Attn: Kevin M. Lippman and Deborah M. Perry | 500 N. Akard Street, Suite 3800 | | Dallas | TX | 75201-6659 | |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | 7620 Metro Center Drive | | | Austin | TX | 78744 | |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Marty L. Brimmage, Jr. & Patrick G. O'Brien | 2300 N. Field St. | Suite 1800 | Dallas | TX | 75201 | |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Philip C. Dublin | One Bryant Park | | New York | NY | 10036-6745 | |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: Tara L. Grundemeier | PO Box 3064 | | Houston | TX | 77253-3064 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | 2970 Market Street | | | Philadelphia | PA | 19104-5016 | |
| Internal Revenue Service | Houston Division | 1919 Smith Street | | | Houston | TX | 77002 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| Internal Revenue Service | | Department of Treasury | | | Ogden | UT | 84201-0045 | |
| Lisa Khoury, et al. | c/o Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | 3737 Buffalo Speedway, Suite 1900 | | Houston | TX | 77098 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael A. Rosenthal and Michael L. Raiff | 2001 Ross Avenue, Suite 2100 | | Dallas | TX | 75201 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher | Attn: Matthew G. Bouslog | 3161 Michelson Dr. | | Irvine | CA | 92612-4412 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Eric T. Haitz | 811 Main Street, Suite 3000 | | Houston | TX | 77002-6117 | |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Chad Mills | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Macquarie Investments US Inc. and Macquarie Energy LLC | c/o Haynes and Boone, LLP | Attn: Kelli S. Norfleet and Arsalan Muhammad | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Meridian Business Centers | c/o Hartman Income REIT Management | Attn: Sara Lynn O'Dell | 11811 North Freeway, Ste 160 | | Houston | TX | 77060 | |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C. | Attn: Shelby A. Jordan and Antonio Ortiz | 500 North Shoreline Blvd., Suite 900 | | Corpus Christi | TX | 78401 | |
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | 515 Rusk Street, Suite 3516 | | | Houston | TX | 77002 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Charles R. Gibbs | 2501 North Harwood Street, Suite 1900 | | Dallas | TX | 75201-1664 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Darren Azman  and Blaine Adams | 340 Madison Ave. | | New York | NY | 10173-1922 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | 1616 Woodall Rodgers | | | Dallas | TX | 75202 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | PO Box 4567 | | | Houston | TX | 77210-4567 | |
| Oracle America, Inc. | c/o Buchalter, a Professional Corporation | Attn: Shawn M. Christianson, Esq. | 55 Second Street | 17th Floor | San Francisco | CA | 94105-3493 | |
| Public Utility Commission of Texas | Attn: David Hoard | 1701 N. Congress | PO Box 13326 | | Austin | TX | 78711-3326 | |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | Bankruptcy & Collections Division | Attn: Jason D. Binford; Layla D. Milligan | PO Box 12548- MC 008 | Austin | TX | 78711-2548 | |
| RLI Insurance Company | Attn: Commercial Surety | 9025 N. Lindbergh Dr. | | | Peoria | IL | 61615 | |
| S4S, LLC | Attn: Charles Cella | 12631 Imperial Hwy Ste F126 | | | Santa Fe Springs | CA | 90670 | |
| Star Energy Partners | Attn: CEO or General Counsel | 30 Post Rd E | # 2 | | Westport | CT | 06880-3404 | |
| State of Texas | Office of The Attorney General | 300 W. 15Th St | | | Austin | TX | 78701 | |
| State of Texas | Office of the Attorney General of Texas | c/o Bankruptcy & Collections Division | Attn: Rachel R. Obaldo and Abigail R. Ryan | PO Box 12548 MC008 | Austin | TX | 78711-2548 | |
| Stripe, Inc. | c/o Legal Department | 510 Townsend Street | | | San Francisco | CA | 94103 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | Lyndon B. Johnson State Office Building | 111 East 17th Street | | Austin | TX | 78744 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | PO Box 13528 | Capitol Station | | Austin | TX | 78711-3528 | |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | 577 N Garden Ridge Blvd | | | Lewisville | TX | 75067 | |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky and Tiara E. Seals | 1401 McKinney Street, Suite 1900 | | Houston | TX | 77010 | |
| The State of Texas | Attn: Rick Berlin & Dan Zwart | 808 Travis Street, Suite 1520 | | | Houston | TX | 77002 | |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | 112 E. Pecan Street, Suite 735 | | | San Antonio | TX | 78205 | |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Trey A. Monsour, Esq. | Saint Ann Court | 2501 North Harwood Street, Suite 1800 | Dallas | TX | 75201 | |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Michael A. Sweet, Esq. | 345 California Street | Suite 2200 | San Francisco | CA | 94104 | |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | Attn: Lee Saveliff | c/o Julia Sterling | 4 Sleigh Ridge | | Westport | CT | 06880 | |

# Exhibit O



**Exhibit O**
Served Via Electronic Mail

| Name | Attention | Address 1 | Email |
|---|---|---|---|
| AEP Texas Inc. | Attn: Mark Hunt | | crrtx@aep.com<br>mdhunt@aep.com |
| CenterPoint Energy, Inc | Attn: Kevin Kulhanek; Jewel Smith | | jewel.smith@centerpointenergy.com |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Attn: Riley L. Burnett, Jr and Karen H. Beyea-Schroeder | Rburnett@rburnettlaw.com<br>karen.schroeder@rburnettlaw.com |
| Electric Reliability Council of Texas (ERCOT) | c/o Munsch Hardt Kopf & Harr, P.C. | Attn: Kevin M. Lippman and Deborah M. Perry | klippman@munsch.com<br>dperry@munsch.com |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | | ClientServices@ercot.com |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Marty L. Brimmage, Jr. & Patrick G. O'Brien | mbrimmage@akingump.com<br>pobrien@akingump.com |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Philip C. Dublin | pdublin@akingump.com |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: Tara L. Grundemeier | houston_bankruptcy@publicans.com |
| Lisa Khoury, et al. | c/o Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | dpotts@potts-law.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael A. Rosenthal and Michael L. Raiff | MRosenthal@gibsondunn.com<br>MRaiff@gibsondunn.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher | Attn: Matthew G. Bouslog | MBouslog@gibsondunn.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Eric T. Haitz | EHaitz@gibsondunn.com |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Chad Mills | chad.mills@haynesboone.com |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C | Attn: Shelby A. Jordan and Antonio Ortiz | sjordan@jhwclaw.com<br>aortiz@jhwclaw.com<br>ecf@jhwclaw.com |
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | | Hector.Duran.Jr.@jsdoj.gov<br>Stephen.statham@usdoj.gov |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Charles R. Gibbs | crgibbs@mwe.comstperry@mwe.com |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Darren Azman and Blaine Adams | dazman@mwe.combadams@mwe.com |
| Oracle America, Inc. | c/o Buchalter, a Professional Corporation | Attn: Shawn M. Christianson, Esq. | schristianson@buchalter.com |
| Public Utility Commission of Texas | Attn: David Hoard | | david.hoard@puc.texas.gov |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | Bankruptcy & Collections Division | jason.binford@oag.texas.gov<br>layla.milligan@oag.texas.gov |
| RLI Insurance Company | Attn: Commercial Surety | | Chrissy.Eaton@rlicorp.com<br>support@rlicorp.com |
| S4S, LLC | Attn: Charles Cella | | charles.cella@strongforce.design |
| State of Texas | Office of the Attorney General of Texas | c/o Bankruptcy & Collections Division | rachel.obaldo@oag.texas.gov<br>abigail.ryan@oag.texas.gov |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | | bo.overstreet@cpa.texas.gov |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | | MPRelations@pnmresources.com<br>MPRelations@tnmp.com |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky and Tiara E. Seals | bruzinsky@jw.com tseals@jw.com |
| The State of Texas | Attn: Rick Berlin & Dan Zwart | | rick.berlin@oag.texas.gov<br>william.carpenter@oag.texas.gov<br>dan.zwart@oag.texas.gov |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | | steven.robinson@oag.texas.gov<br>valeria.sartorio@oag.texas.gov |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Trey A. Monsour, Esq. | tmonsour@foxrothschild.com |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Michael A. Sweet, Esq. | msweet@foxrothschild.com |

# **Exhibit P**



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| 4imprint | | 101 Commerce St | | | Oshkosh | WI | 54901 | |
| Adam B Siegel | | Address Redacted | | | | | | |
| AdEspresso | | 185 Channel Street | | | San Francisco | CA | 94158 | |
| AdNet Advertising Agency | | 1935 76th Street | Suite #03 | | East Elmhust | NY | 11370 | |
| Adobe Acropro | | 801 N 34th St | | | Seattle | WA | 98103 | |
| AEP Texas Central Company | | 2901 E Mockingbird Ln | | | Victoria | TX | 77904 | |
| AEP Texas Inc. | Attn: Mark Hunt | 910 Energy Drive | | | Abilene | TX | 79602-7945 | |
| AEP Texas Inc. d/b/a AEP Texas | | PO Box 2121 | | | Corpus Christi | TX | 78403 | |
| AEP Texas North Company | | 1 Riverside Plaza | | | Columbus | OH | 43215 | |
| Agency of Credit | | 2014 S Pontiac Way | | | Denver | CO | 80224-2412 | |
| Alejandro Hernandez | | Address Redacted | | | | | | |
| Alex Liu | | Address Redacted | | | | | | |
| Allen Matkins | | Address Redacted | | | | | | |
| Allysa Marie Orlanes | | Address Redacted | | | | | | |
| Amazon Web Services | Attn: CEO or General Counsel | 12900 Worldgate Dr | | | Herndon | VA | 20170 | |
| American Express | Attn: CEO or General Counsel | World Financial Center | 200 Vesey St | | New York | NY | 10285 | |
| Anthony Brown | | Address Redacted | | | | | | |
| Anthony Brown | | Address Redacted | | | | | | |
| Anthony C Wills | | Address Redacted | | | | | | |
| Anthony Douglas Brown | | Address Redacted | | | | | | |
| Anthony Sandoval-Guzman | | Address Redacted | | | | | | |
| Anwar Rohan | | Address Redacted | | | | | | |
| AON Risk Services | | 3440 Flair Dr | | | El Monte | CA | 91731 | |
| Aon Risk Services Central Inc (FSG MM CHI) | Attn: Brandon C. Sallis | 200 E Randolph Fl 11 | | | Chicago | IL | 60601-0000 | |
| Aon Risk Services Southwest Inc | Attn: Ricky Wong | PO Box 803507 | | | Dallas | TX | 75380-3507 | |
| Artisan Creative, Inc. | | 1830 S. Stoner Ave, #6 | | | Los Angeles | CA | 90025 | |
| ASPE Training | | c/o Cprime Learning | 107 S B Street, Suite 200 | | San Mateo | CA | 94401 | |
| Atlassian | | 350 Bush Street, Ste 1300 | | | San Francisco | CA | 94104 | |
| ATT Stadium Suites | | 1 AT&T Way | | | Arlington | TX | 76011 | |
| AXIS Insurance Company | | 111 South Wacker Drive, Suite 3500 | | | Chicago | IL | 60606 | |
| Backpack Marketing | | 638 N 400 W Ste. F | | | Centerville | UT | 84014 | |
| Banner Buzz | | Address Redacted | | | | | | |
| Bardia Keyvani | | Address Redacted | | | | | | |
| BDO USA, LLP | | 330 North Wabash Ave | | | Chicago | IL | 60611 | |
| Beckerman Group Inc | | c/o Antenna Group, Inc. | One University Plaza, Suite 605 | | Hackensack | NJ | 07601 | |
| Benjamin Isani Evans | | Address Redacted | | | | | | |
| Big 10 Inc | | 149 S Barrington Ave #812 | | | Los Angeles | CA | 90049 | |
| Bill.com | | PO Box 370 | | | Alviso | CA | 95002-0370 | |
| Bill.com | | 6220 America Center Drive, Suite 100 | | | San Jose | CA | 95002 | |
| Bohemian Coding | c/o Sketch | Flight Forum 40 | | | Eindhoven | DB | 5657 | The Netherlands |
| Boto Design Architects, Inc. | | 11602 Exposition Boulevard+D2 | | | Los Angeles | CA | 90064 | |
| Brent Hawkins | | Address Redacted | | | | | | |
| Brian Chun | | Address Redacted | | | | | | |
| Bugsee Inc | | 5205 Prospect Rd | Ste 135-130 | | San Jose | CA | 95129 | |
| Bunnelli, LLC | Attn: Emily Bunnell | 125 Lincoln St | #1 | | Pittsfield | MA | 01201-4857 | |
| Business Wire, Inc | | PO Box 39000 | | | San Francisco | CA | 94139 | |
| C&S Sales Brand Promotions | | 12947 Chadron Avenue | | | Hawthorne | CA | 90250 | |
| Cadre, Inc | | 11777 San Vicente Boulevard | | | Los Angeles | CA | 90049 | |
| Callfire.Com | | PMB 44523 | 548 Market St | | San Francisco | CA | 94104-5401 | |
| Career Strategies Temporary Inc. | | 719 North Victory Boulevard | | | Burbank | CA | 91502 | |
| Catherine Zhang | | Address Redacted | | | | | | |
| CCH Incorporated | c/o Wolters Kluwe | Attn: Davis Peden | 12121 BLUFF CREEK DR STE 220 | | PLAYA VISTA | CA | 90094-2996 | |
| Centauri Specialty Insurance Company | Jeffrey A. Silver, Secretary & GC | 4081 Lakewood Ranch Blvd Ste 200 | | | Sarasota | FL | 34240 | |
| CenterPoint Energy Houston Electric | Attn: Earline Green | 1111 Louisiana St | 38th Floor | Office 3831 | Houston | TX | 77002 | |
| CenterPoint Energy Houston Electric, LLC | c/o Competitive Retailer Relations | PO Box 1700 | | | Houston | TX | 77251-1700 | |
| CenterPoint Energy, Inc | Attn: Kevin Kulhanek; Jewel Smith | 1111 Louisiana Street | | | Houston | TX | 77002 | |
| Charles Huppert | | Address Redacted | | | | | | |
| Charles Huppert | | Address Redacted | | | | | | |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Attn: Riley L. Burnett, Jr and Karen H. Beyea-Schroeder | 3737 Buffalo Speedway, 18th Floor | | Houston | TX | 77098 | |
| Christian McArthur | | Address Redacted | | | | | | |
| Chubb Group of Insurance Companies | | 202B Hall's Mill Road | | | Whitehouse Station | NJ | 08889 | |
| Chubb Group of Insurance Companies | | 82 Hopmeadow Street | PO Box 2002 | | Simsbury | CT | 06070-7683 | |
| Cisco Systems Capital CRP | | PO Box 41602 | | | Philadelphia | PA | 19101-1602 | |
| Clear Channel Outdoor | | PO Box 847247 | | | Dallas | TX | 75284-7247 | |
| Cloudbees, Inc. | | 16192 Coastal Highway | | | Lewes | DE | 19958 | |
| Coastal Software & Consulting Inc | | 9320 NE Vancouver Mall Dr # 103 | | | Vancouver | WA | 98662-8203 | |
| Cocentric Energy Advisors | | 293 Boston Post Rd W, Ste 500 | | | Marlborough | MA | 01752 | |
| Codeship | | Flemingstraat 12 | | | Hengelo, Overijssel | BN | 7555 | The Netherlands |



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Cognitive Energy LLC | | 75 Glen Road Suite 200 | | | Newton | CT | 06482 | |
| Corporation Service Company | | PO Box 13397 | | | Philadelphia | PA | 19101-3397 | |
| Coveralls | | 1645 Abbot Kinney Blvd, Suite 203 | | | Venice | CA | 90291 | |
| Crestline Solutions, LLC | Attn: Reed Clay | 401 W. 15th Street, Suite 870 | | | Austin | TX | 78701 | |
| CSC (Corporation Service Company) | | 251 Little Falls Dr | | | Wilmington | DE | 19808 | |
| CT Corporation Staffing, Inc. | Attn: Steven P. Zimmer | Corporation Trust Center | 1209 Orange Street | | Wilmington | DE | 19801 | |
| Custom Ink LLC | | 2910 District Ave | | | Fairfax | VA | 22031-2282 | |
| Cyntekk Solutions, Inc. | | 4300 Promenade Way #322 | | | Marina Del Rey | CA | 90292 | |
| Cynthia Lemus | | Address Redacted | | | | | | |
| Cypress Capital Ventures LLC | | 13603 Lakehills View Cir | | | Cypress | TX | 77429-6003 | |
| D&AD | | 64 Cheshire Street | | | London | | E2 6EH | United Kingdom |
| Daniel Hezekiah Bereal | | Address Redacted | | | | | | |
| Dark Sky Api | | Corporation Trust Center | 1209 Orange St | | Wilmington | DE | 19801 | |
| Datadog, Inc. | | 620 8th Ave, 45th Floor | | | New York | NY | 10018 | |
| David Robert Cass | | Address Redacted | | | | | | |
| Davis Wayne Peden | | Address Redacted | | | | | | |
| Dee Zunker Photography | | 4537 Maple Street | | | Bellaire | TX | 77401 | |
| Demetrius Wilson | | Address Redacted | | | | | | |
| Denise Garcia | | Address Redacted | | | | | | |
| Department of Treasury - Internal Revenue Service | | PO Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| Digital Ocean | | 101 6th Ave | | | New York | NY | 10013 | |
| Digitalocean.Com | | 101 Ave of the Americas, 10th Floor | | | New York | NY | 10013 | |
| Direct Promotionals | | 100 Capitola Dr, Suite 100 | | | Durham | NC | 27713 | |
| Docusign | | 999 3Rd Ave, Ste 1700 | | | Seattle | WA | 98103 | |
| Dudley Newman Feuerzeig LLP | | 1000 Fredericksburg Gade | | | St. Thomas | VI | 00802 | |
| EDF Trading North America, LLC | Attn: Gerald Nemec, Esq. | 601 Travis, Suite 1700 | | | Houston | TX | 77002 | |
| Eduardo Brasao Da Fonseca | | Address Redacted | | | | | | |
| Education Alliance, LLC | | 4400 N. Federal Hwy | Suite 210 - 27 | | Boca Raton | FL | 33431 | |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | 7620 Metro Center Drive | | | Austin | TX | 78744 | |
| Electric Reliability Council of Texas, Inc. | Attn: Leslie Wiley, Treasurer | 7620 Metro Center Drive | | | Austin | TX | 78744 | |
| Elegantthemes.Com | | 584 Castro Street #123 | | | San Francisco | CA | 94114 | |
| Elmer Evangelista | | Address Redacted | | | | | | |
| Emily Jane Cipes | | Address Redacted | | | | | | |
| Emily Michael | | Address Redacted | | | | | | |
| Employment Development Department | | PO Box 989061 | | | West Sacramento | CA | 95798-9061 | |
| Encompass Parts | | 96 Mowat Ave | | | Toronto | ON | M4K 3K1 | Canada |
| Energy Services Group, LLC | Attn: CEO or General Counsel | 141 Longwater Dr, Ste 113 | | | Norwell | MA | 02061 | |
| Energy Services Group, LLC | Attn: Glen Kimmel | 141 Longwater Drive | Suite 113 | | Norwell | MA | 02061 | |
| Eric Lerun Shen | | Address Redacted | | | | | | |
| Eric Todd Williams | | Address Redacted | | | | | | |
| ERisk Services, LLC | Attn: Haley Epstine, RT Specialty - IL | Northwest Professional Center | 227 US Hwy 206, Suite 302 | | Flanders | NJ | 07836-9174 | |
| ERisk Services, LLC | Attn: Haley Epstine, RT Specialty - IL | 500 West Monroe Street, 30th Floor | | | Chicago | IL | 60661 | |
| Experian | | Address Redacted | | | | | | |
| Experient | | c/o Maritz Global Events | 1395 North Highway Drive | | St. Louis | MO | 63099 | |
| Fabric Staffing, LLC | | 11400 W Olympic Blvd | Suite 200 | | Los Angeles | CA | 90064 | |
| Facebook | | 1601 Willow Rd | Bldg 10 | | Menlo Park | CA | 94025-1453 | |
| FastSpring | | 801 Garden St #201 | | | Santa Barbara | CA | 93101 | |
| Federal Energy Regulatory Commission (FERC) | | 888 First Street, NE | | | Washington | DC | 20426 | |
| FedEx Bankruptcy Department | | 3965 Airways Blvd Module G 3rd Fl | | | Memphis | TN | 38116-5017 | |
| Feller Law Group, PLLC | | 159 20th Street, Suite 1B Brooklyn | | | Brooklyn | NY | 11232 | |
| Fernelius Simon Mace Robertson Perdue PLLC | | 4119 Montrose Blvd, Unit 500 | | | Houston | TX | 77006 | |
| Figma | | 116 New Montgomery Street, Suite 400 | | | San Francisco | CA | 94105 | |
| Fiverr | | 8 Eliezer Kaplin St | | | Tel Aviv | | 6473409 | Israel |
| Flydata | | 21750 Hardy Oak Blvd Ste 104 Pmb 96350 | | | San Antonio | TX | 78258 | |
| Frazee Valuation & Forensic Consulting | Attn: Tom Frazee | 5137 Aintree Road | | | Rochester | MI | 48306 | |
| Fully Functional Technology | | 527 East Lemon Avenue | | | Monrovia | CA | 91016 | |
| Garcia Analytics, LLC | | 11044 Ophir Dr, PHD | | | Los Angeles | CA | 90024 | |
| Garth Eric Boyst | | Address Redacted | | | | | | |
| Genscape | | PO Box 417749 | | | Boston | MA | 0224177749 | |
| Genscape - Griddy | | PO Box 417749 | | | Boston | MA | 02241-7749 | |
| Github | | 275 Brannan Street | | | San Francisco | CA | 94107 | |
| Global Experience Specialists | | 7000 S Lindell Rd | | | Las Vegas | NV | 89118 | |
| Godaddy.Com | | 14455 N Hayden Rd | | | Scottsdale | AZ | 85260-6993 | |
| GoGORILLA Media | | 1080 Bergen St | | | Brooklyn | NY | 11216-3340 | |
| Good Counsel Legal Services, LLC | Attn: Barbara Clay | 111 Farms Road | | | Stamford | CT | 06903 | |
| Google.Com | | 1600 Amphitheatre Pkwy | | | Mountainview | CA | 94043 | |
| Greater Houston Builders Association | | 9511 West Sam Houston Pkwy N | | | Houston | TX | 77064 | |
| Greenehurlocker PLC | | 4908 Monument Avenue | Ste 200 | | Richmond | VA | 23230 | |
| Greff Video | | 1107 S Fair Oaks Ave #846 | | | South Pasadena | CA | 91030 | |



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Gregory Lawrence Craig | | Address Redacted | | | | | | |
| Gregory Mikeral Bean | | Address Redacted | | | | | | |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | | Attn: Marty L. Brimmage, Jr. & Patrick G. O'Brien | 2300 N. Field St. | Suite 1800 | Dallas | TX | 75201 | |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Philip C. Dublin | One Bryant Park | | New York | NY | 10036-6745 | |
| Halo Branded Solutions | | 3182 Momentum Place | | | Chicago | IL | 60689-5331 | |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: Tara L. Grundemeier | PO Box 3064 | | Houston | TX | 77253-3064 | |
| Hartford Casualty Insurance Company | | One Hartford Plaza | | | Hartford | CT | 06155 | |
| Hartford Fire Insurance Company | | One Hartford Plaza | | | Hartford | CT | 06155 | |
| Hartman SPE LLC | Attn: Thomas Emde | PO Box 207743 | | | Dallas | TX | 75320-7743 | |
| Hartman SPE LLC | | 11811 North Freeway, Ste. 160 | | | Houston | TX | 77060 | |
| Hartman SPE LLC | Attn: Thomas Emde | Lockbox Services - 207743 | 2975 Regent Blvd | | Irving | TX | 75063 | |
| Hawke McKeon & Sniscak LLP | | 100 North Tenth Street | | | Harrisburg | PA | 17101 | |
| Hippo Reads LLC | | 201 Santa Monica Blvd. Suite 500 | | | Santa Monica | CA | 90401 | |
| Honeywell | | 300 S Tryon St Suite 500 | | | Charlotte | NC | 28202 | |
| Hotjar Ltd | | Dragonara Business Centre | 5Th Floor, Dragonara Road | | St Julian'S | STJ | 3141 | Malta |
| Ian Joyce | | Address Redacted | | | | | | |
| ICE US OTC Commodity Markets LLC | | PO Box 935278 | | | Atlanta | GA | 31193 | |
| Icon Media Group LLC | | 2021 21st Avenue South | | | Nashville | TN | 37212 | |
| IFTTT, Inc. | | PO Box 590547 | | | San Francisco | CA | 94159-0547 | |
| Impact Group | | Banner Bank | 950 W Bannock St #500 | | Boise | ID | 83702 | |
| Incorp Services, Inc | | 3773 Howard Hughes Pkwy | Ste 500-S | | Las Vegas | NV | 89169 | |
| Indeed | | 177 Broad Street, Sixth Floor | | | Stamford | CT | 06901 | |
| Influxdata | | 799 Market Street, Suite 400 | | | San Francisco | CA | 94103 | |
| Inkhead, Inc | | 138 Park Ave, Suite 300 | | | Womfrt | GA | 30680-2586 | |
| Insperity | | 20329 TX-249 Suite 301 | | | Houston | TX | 77070 | |
| Integrate | | 1702 Taylor, Ste 200 | | | Houston | TX | 77007 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | 2970 Market Street | | | Philadelphia | PA | 19104-5016 | |
| Internal Revenue Service | Houston Division | 1919 Smith Street | | | Houston | TX | 77002 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| Internal Revenue Service | | Department of Treasury | | | Ogden | UT | 84201-0045 | |
| Intralinks | | 150 East 42nd Street | | | New York | NY | 10017 | |
| Intuit *Quickbooks | | 2700 Coast Ave | | | Mountain View | CA | 94043-1140 | |
| Invision | | 41 Madison Sq Park | | | New York | NY | 10010 | |
| Invision App | | 41 Madison Ave, Flr 25 | | | New York | NY | 10010 | |
| Irma Rodriguez | | Address Redacted | | | | | | |
| Iterable, Inc | | 71 Stevenson Street, Ste. 300 | | | San Francisco | CA | 94105 | |
| Jabra | | 900 Chelmsford St | | | Lowell | MA | 01851 | |
| Jackson Walker LLP | | PO Box 130989 | | | Dallas | TX | 75313-0989 | |
| Janel-Marie Lynn Hubbard | | Address Redacted | | | | | | |
| Jason Jon Huang | | Address Redacted | | | | | | |
| Javon Nehemiah Holt | | Address Redacted | | | | | | |
| Jennifer Christine Valentine | | Address Redacted | | | | | | |
| Jennifer Claire Fox | | Address Redacted | | | | | | |
| Jeremy Wood Zarowitz | | Address Redacted | | | | | | |
| Jillian Taylor Pennington | | Address Redacted | | | | | | |
| John Breitbart | | Address Redacted | | | | | | |
| John Russell Holman | | Address Redacted | | | | | | |
| Jordan Oakley | | Address Redacted | | | | | | |
| JPMorgan Chase Bank, N.A. | Attn: Elizabeth Nebergall | 2200 Ross Ave, 8th Floor | | | Dallas | TX | 75201 | |
| JPMorgan Chase Bank, N.A. | Blocked Account Legal Team | 10 South Dearborn 6th Floor | Suite IL 1-0096 | | Chicago | IL | 60603-2300 | |
| Junior Achievement of Southern California | | 6250 Forest Lawn Drive | | | Los Angeles | CA | 90068 | |
| Kabir Shukla | | Address Redacted | | | | | | |
| Kapwing | | 1762 Dolores Street | | | San Francisco | CA | 94110 | |
| Karam Debly | | Address Redacted | | | | | | |
| Kastle Systems of Los Angeles PSP | | PO Box 75177 | | | Baltimore | MD | 21275 | |
| Kavinsan Thavanesan | | Address Redacted | | | | | | |
| KD Kanopy Inc | | 1921 E 68th Ave | | | Denver | CO | 80229 | |
| Kellerhals Ferguson Kroblin PLLC | Royal Palms Professional | Building 9053 Estate Thom | | | St Thomas | VI | 00802 | Virgin Islands (U.S.) |
| Kelly Lee Chan | | Address Redacted | | | | | | |
| Kera LaFerney | | Address Redacted | | | | | | |
| Kevin Bhuva | | Address Redacted | | | | | | |
| Kianna Marie Brandt | | Address Redacted | | | | | | |
| Kim Linh Vo | | Address Redacted | | | | | | |
| Kristina Marin | | Address Redacted | | | | | | |
| Ksenia Smith | | Address Redacted | | | | | | |
| KUBE | | 2401 Fountain View Drive, Ste 300 | | | Houston | TX | 77057 | |
| Kuldeep Dhillon | | Address Redacted | | | | | | |
| Kuljeet Kaur Khaira | | Address Redacted | | | | | | |



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Lane Rockoff | | Address Redacted | | | | | | |
| Lastpass.com | | 320 Summer St | | | Boston | MA | 02210 | |
| Lauren Marie Valdes | | Address Redacted | | | | | | |
| Liberman Broadcasting, Inc. | | 3000 Bering Drive | | | Houston | TX | 77057 | |
| Lisa Khoury, et.al. | c/o Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | 3737 Buffalo Speedway, Suite 1900 | | Houston | TX | 77098 | |
| Lockton Companies, LLC - Los Angeles | Attn: Vance Ulrich | 777 Figueroa St, 52nd Floor | | | Los Angeles | CA | 90017 | |
| Lockton Insurance Brokers | | Dept LA 23878 | | | Los Angeles | CA | 91185 | |
| Loggly | | 535 Mission St #2100 | | | San Francisco | CA | 94105 | |
| Loggly | | 7171 Southwest Parkway Building 400 | | | Austin | TX | 78735 | |
| Lucidchart | | 10355 S Jordan Gateway, Suite 150 | | | South Jordan | UT | 84095 | |
| Luis Lopez | | Address Redacted | | | | | | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael A. Rosenthal and Michael L. Raiff | 2001 Ross Avenue, Suite 2100 | | Dallas | TX | 75201 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher | Attn: Matthew G. Bouslog | 3161 Michelson Dr. | | Irvine | CA | 92612-4412 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Eric T. Haitz | 811 Main Street, Suite 3000 | | Houston | TX | 77002-6117 | |
| Luminant Energy Company LLC | Attn: Christy Dobry | 6555 Sierra Drive | | | Irving | TX | 75039 | |
| Macquarie Energy LLC | | One Allen Center | 500 Dallas Street, Suite 3300 | | Houston | TX | 77002 | |
| Macquarie Energy LLC | Legal Risk Management Division | One Allen Center 500 Dallas Street | Suite 3300 | | Houston | TX | 77002 | |
| Macquarie Energy LLC | Attn: Roberta Konicki | One Allen Center, Level 33, 500 Dallas | | | Houston | TX | 77002 | |
| Macquarie Investments US Inc. | | 125 West 55th Street | Level 20 | | New York | NY | 10019 | |
| Macquarie Investments US Inc. | Attn: Roberta Konicki | One Allen Center, Level 33, 500 Dallas | | | Houston | TX | 77002 | |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Chad Mills | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Madison Millichamp | | Address Redacted | | | | | | |
| Maestro QA | | 41 E 11th St 11th Fl | | | New York | NY | 10003 | |
| MailChimp | | 675 Ponce De Leon Ave NE 500 | | | Atlanta | GA | 30308 | |
| Mariam Millichamp | | Address Redacted | | | | | | |
| Marilee Stewart | | Address Redacted | | | | | | |
| Marius Group LLC | | 332 N Citrus Ave | | | Los Angeles | CA | 90036-2634 | |
| Mark Joseph Stitz | | Address Redacted | | | | | | |
| Matthew Hayes | | Address Redacted | | | | | | |
| Max Saya Ninthara | | Address Redacted | | | | | | |
| Maximilian Law Inc | | 8939 South Sepulveda Blvd, Ste 233 | | | Los Angeles | CA | 90045 | |
| Melissa Muro | | Address Redacted | | | | | | |
| Meridian Business Centers | c/o WorkSuites | 450 Century Pkwy | Ste 250 | | Allen | TX | 75013-8136 | |
| Meridian Business Centers | c/o Hartman Income REIT | Attn: Ali Younes | 2909 Hillcoft Ste 420 | | Houston | TX | 77057 | |
| Meridian Business Centers - Southwest Partners, LP | c/o WorkSuites | 6060 N. Central Expressway, 5th Floor | | | Dallas | TX | 75206 | |
| Michael David Branconier | | Address Redacted | | | | | | |
| Michael Fallquist | | Address Redacted | | | | | | |
| Michael Phan Duong | | Address Redacted | | | | | | |
| Michael Vickowski | | Address Redacted | | | | | | |
| Microsoft | | 91 Main St | 8th Floor | | Dallas | TX | 75202 | |
| Microsoft Bing Ads | | 111 Wall Street | | | New York | NY | 10043 | |
| Miguel A. Huerta, PLLC | | 7500 Rialto Blvd, Suite 250 | | | Austin | TX | 78735 | |
| MiiR | | 3400 Stone Way N | Ste 105 | | Seattle | WA | 98103-8983 | |
| Milbank LLP | | 55 Hudson Yards | | | New York | NY | 10001 | |
| Minuteman Press | | 61 Executive Blvd | | | Farmingdale | NY | 11735 | |
| Mixpanel | | One Front Street, 28th Floor | | | San Francisco | CA | 94111 | |
| Modern Postcard | | 1675 Faraday Avenue | | | Carlsbad | CA | 92008 | |
| Moo | | 2nd Fl 20 Farringdon Rd | | | London | | EC1M 3HE | United Kingdom |
| Morgan Lynn Harvey | | Address Redacted | | | | | | |
| Morphologic, LLC | | 4519 South Park Lane | | | Spokane | WA | 99223 | |
| Motion Recruitment DBA Jobspring Partners | | PO Box 845388 | | | Boston | MA | 02284-5388 | |
| Motion Recruitment DBA Workbridge Associates | | PO Box 845388 | | | Boston | MA | 02284-5388 | |
| MOZ | | 1111 3rd Ave 17th Fl | | | Seattle | WA | 98101 | |
| Muhammad Humayoun | | Address Redacted | | | | | | |
| Muhammad Humayoun | | Address Redacted | | | | | | |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C. | Attn: Shelby A. Jordan and Antonio Ortiz | 500 North Shoreline Blvd., Suite 900 | | Corpus Christi | TX | 78401 | |
| National CineMedia, LLC | | PO Box 17491 | | | Denver | CO | 80217-0491 | |
| Nest | | 1600 Amphitheatre Pkwy | | | Mountain View | CA | 94043 | |
| Nextdoor, Inc. | | 875 Stevenson Street, Ste 700 | | | San Francisco | CA | 94103 | |
| NFFC | | 1349 Empire Central Drive | Suite 900 | | Dallas | TX | 75247 | |
| Nick Bain | | Address Redacted | | | | | | |
| Notion Labs Inc | | 548 Market St #74567 | | | San Francisco | CA | 94104 | |
| O'Bryant Electric Inc. | | 9314 Eton Avenue | | | Chatsworth | CA | 91311 | |
| Office of The Attorney General | Attn: Rick Berlin & Charlene Gale | Consumer Protection Division | 808 Travis St., Ste 1520 | | Houston | TX | 77002 | |
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | 515 Rusk Street, Suite 3516 | | | Houston | TX | 77002 | |
| Office of the United States Trustee for the Southern District of Texas | Attn: Jana Whitworth | 515 Rusk Street | Suite 3516 | | Houston | TX | 77002 | |

In re: Griddy Energy LLC
Case No. 21-30923 (MI)



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Charles R. Gibbs | 2501 North Harwood Street, Suite 1900 | | Dallas | TX | 75201-1664 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Darren Azman  and Blaine Adams | 340 Madison Ave. | | New York | NY | 10173-1922 | |
| Omni Online | | 21250 Hawthorne Blvd #770 | | | Torrance | CA | 90503 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | PO Box 4567 | | | Houston | TX | 77210-4567 | |
| Onesky Localization | | 160 Robinson Road, #14-04 | Singapore Business Federation | | Singapore | | 068914 | Singapore |
| Onward Search, LLC | | PO Box #5063 | | | New York | NY | 10087 | |
| OpenJar Concepts, Inc. | | 27120 Avenida Del Oro | | | Temecula | CA | 92590 | |
| OpHeart | | 3653 Griggs Road | | | Houston | TX | 77021 | |
| Optimum | | 28 Cross St | | | Norwalk | CT | 06851-4632 | |
| Oracle America, Inc | | 500 Oracle Pkwy | | | Redwood Shores | CA | 94065 | |
| Oracle America, Inc. | c/o Buchalter, a Professional Corporation | Attn: Shawn M. Christianson, Esq. | 55 Second Street | 17th Floor | San Francisco | CA | 94105-3493 | |
| Orrick | | Dept 34461 | PO Box 39000 | | San Francisco | CA | 94139 | |
| Otter.ai | | 5150 W El Camino Rd Ste A-22 | | | Los Altos | CA | 94022 | |
| Pablin Marin Jr | | Address Redacted | | | | | | |
| PagerDuty | | 600 Townsend St 125 | | | San Francisco | CA | 94103 | |
| Pagerduty, Inc. | | 600 Townsend St, Suite 200 | | | San Francisco | CA | 94103 | |
| Panda Express | | PO Box 1159 | | | Rosemead | CA | 91770 | |
| Paypal | | 3500 S Dupont Hwy | | | Dover | DE | 19901 | |
| Peijin Liu | | Address Redacted | | | | | | |
| Peijin Liu | | Address Redacted | | | | | | |
| Peter Joseph Gurka | | Address Redacted | | | | | | |
| Phil Santinoceto | | Address Redacted | | | | | | |
| Philip Rhie | | Address Redacted | | | | | | |
| Phillip Kang | | Address Redacted | | | | | | |
| Pixel Studio Productions | | 2403 Sunset Blvd | | | Houston | TX | 77005 | |
| PJM Interconnection | | 2750 Monroe Blvd | | | Norristown | PA | 19403 | |
| Playa Provisions | | 119 Culver Blvd | | | Playa Del Rey | CA | 90293 | |
| Postman | | 55 2nd St | Ste 300 | | San Francisco | CA | 94105-3495 | |
| PR Newswire | | 130 E Randolph Drive, 7th Floor | | | Chicago | IL | 60601 | |
| Prashanti Amar Naik | | Address Redacted | | | | | | |
| Propay | | 30 Post Road E | 2nd Floor | | Westport | CT | 06680 | |
| PSA Consulting, LLC | Attn: Paul Aronzon | 8786 N. Promontory Ridge Drive | | | Park City | UT | 84098 | |
| Public Utility Commission of Texas | Attn: David Hoard | 1701 N. Congress | | PO Box 13326 | Austin | TX | 78711-3326 | |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | Bankruptcy & Collections Division | Attn: Jason B. Binford; Layla D. Milligan | PO Box 12548- MC 008 | Austin | TX | 78711-2548 | |
| PushWoosh | | 1224 M St NW, Ste 101 | | | Washington | DC | 20005 | |
| Quora | | 605 Castro St | | | Mountain View | CA | 94041-2011 | |
| Reddit | | 1455 Market St | | | San Francisco | CA | 94103 | |
| Reviews.Io | C/O Wework | 400 Spectrum Center Drive | | | Irvine | CA | 92618 | |
| Right Networks, LLC | | 14 Hampshire Drive | | | Hudson | NH | 03051 | |
| RingCentral, Inc | | 20 Davis Dr | | | Belmont | CA | 94002 | |
| Riviera Partners | | 141 10th Street | | | San Francisco | CA | 94103 | |
| RLI Insurance Company | Attn: Commercial Surety | 9025 N. Lindbergh Dr. | | | Peoria | IL | 61615 | |
| RMCK Law Group, PLC | | 4141 N. Atlantic Blvd | Suite #2 | | Auburn Hills | MI | 48326 | |
| Roaming Hunger | | PO Box 24220 | | | Los Angeles | CA | 90024-0220 | |
| Robert Half Finance & Accounting | | PO Box 743295 | | | Los Angeles | CA | 90074 | |
| Robert Half Legal | | PO Box 743295 | | | Los Angeles | CA | 90074-3295 | |
| Ronald Edward Petty | | Address Redacted | | | | | | |
| Roop Bhullar | | Address Redacted | | | | | | |
| Rothbard | | 90 Post Rd E | | | Westport | CT | 06880 | |
| Runscope.Com | | 548 Market St #14137 | | | San Francisco | CA | 94104 | |
| RX-M Enterprises LLC | | 411 Walnut Street, Ste 3797 | | | Green Cove Springs | FL | 32043 | |
| Ryan Jonathan Yoder | | Address Redacted | | | | | | |
| S4S, LLC | Attn: Charles Cella | 12631 Imperial Hwy Ste F126 | | | Santa Fe Springs | CA | 90670 | |
| S90 Technology | | 11 Orchard #107 | | | Lake Forest | CA | 92630 | |
| SaasQuatch | | 1017 Fort St | | | Victoria | BC | V8V 3K5 | Canada |
| Safire Partners | | 269 S. Beverly Dr. | Suite 1213 | | Beverly Hills | CA | 90212 | |
| Sam Diephuis Photography | | 669 Indiana Ave Apt 2 | | | Venice | CA | 90291-3067 | |
| Samantha Marin | | Address Redacted | | | | | | |
| Sandwich Video | | 923 E. 3rd St. | #304 | | Los Angeles | CA | 90013 | |
| Saumya Garg | | Address Redacted | | | | | | |
| Scott PLLC | | 405 West 14th Street | | | Austin | TX | 78701 | |
| Scottsdale Insurance Company | | 8877 North Gainey Center Drive | | | Scottsdale | AZ | 85258 | |
| Semrush.Com | | 800 Boylston St | Suite 2475 | | Boston | MA | 02199 | |
| Sendgrid | | 1801 California St Ste 500 | | | Denver | CO | 80202-2618 | |
| Sergiu Buhatel | | Address Redacted | | | | | | |
| Shane Ryan Rosse | | Address Redacted | | | | | | |
| Sharp Decisions | | 222 N Sepulveda Blvd 1306 | | | El Segundo | CA | 90245 | |
| Shaun Landau | | Address Redacted | | | | | | |



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Shellback Tavern | | 116 Manhattan Beach Blvd | | | Manhattan Beach | CA | 90266 | |
| Shepard Expositions | | 2315 E Locust Ct | | | Ontario | CA | 91761 | |
| Sherwood Gardens Apartments | | 3909 Sherwood Lane | | | Houston | TX | 77092 | |
| Shifter Tier 1 | | 5 Banchi | | | Koubeshi Chiyuuooku K | | 650-0024 | Japan |
| Shutterstock | | 350 Fifth Avenue, Floor 21 | | | New York | NY | 10118 | |
| Sign Ad | | 2281 W 205th St 109 | | | Torrance | CA | 90501 | |
| Sitrick Group, LLC | | 11999 San Vicente Blvd., Penthouse | | | Los Angeles | CA | 90049 | |
| Sketch | | Flight Foru, 40 Begane Grond | | | Eindhoven | DB | 5657 | The Netherlands |
| Skipping Stone, LLC | | 83 PINE STREET SUITE 101 | | | West Peabody | MA | 01960 | |
| Slack | | 500 Howard St | | | San Francisco | CA | 94105 | |
| Snap Recording | | 269 S Beverely Dr | | | Beverly Hills | CA | 90212 | |
| Social Tactix with Jay James | | 1436 W Glenoaks Blvd | Ste A | | Glendale | CA | 91201-1984 | |
| SpPlus Corporation | | 200 E Randolph St 7700 | | | Chicago | IL | 60601 | |
| Sprout Social, Inc | | 131 S Dearborn, Suite 700 | | | Chicago | IL | 60603 | |
| Startup Artclub | | 825 East 4th Street | | | Los Angeles | CA | 90013 | |
| State Comptroller | | PO Box 149361 | | | Austin | TX | 78714 | |
| State of Connecticut Department of Revenue Services | | 450 Columbus Blvd | Suite 1 | | Hartford | CT | 06103 | |
| State of Delaware | | Division of Revenue | 820 N. French Street | | Wilmington | DE | 19801 | |
| State of Texas | Office of The Attorney General | 300 W. 15Th St | | | Austin | TX | 78701 | |
| State of Texas | Office of the Attorney General of Texas | c/o Bankruptcy & Collections Division | Attn: Rachel R. Obaldo and Abigail R. Ryan | PO Box 12548 MC008 | Austin | TX | 78711-2548 | |
| Stevens & Lee Lawyers & Consultants | | 17 North Second St | 16th Floor | | Harriburg | PA | 17101 | |
| Sticker Mule | | 336 Forest Ave | | | Amsterdam | NY | 12010 | |
| Strategic Media | | 511 Congress Street | 9th Floor | | Portland | ME | 04101 | |
| Streampoint Solutions | | 1300 I St NW Ste 400E | | | Washington | DC | 20005 | |
| Strong Force Design | Attn: Charles Cella | 11320 La Grange Ave | | | Los Angeles | CA | 90025 | |
| Strong Force IP Strategies | Attn: Charles Cella | 2500 Broadway, Ste. F-125 | | | Santa Monica | CA | 90404 | |
| STRV, Inc. | | 45 Lansing Street Unit 1801 | | | San Francisco | CA | 94105 | |
| Studio Other | | 9200 Sorensen Avenue | | | Sante Fe Springs | CA | 90670 | |
| Summit Advantage | | 3340 West Market Street | | | Fairlawn | OH | 44333 | |
| Summit Advantage - Griddy | | 3340 West Market Street | | | Akron | OH | 44333 | |
| Superhuman | | 555 Mission St | | | San Francisco | CA | 94105 | |
| Swinerton Builders | | 2001 Clayton Rd | Ste 700 | | Concord | CA | 94520-2792 | |
| Tableau Software, Inc | | PO Box 204021 | | | Dallas | TX | 75320-4021 | |
| Taylor Montgomery | Taylor Montgomery | 617 CR 941D | | | | | | |
| Texas A&M Ventures | | 505 Hobbs Road | | | Jefferson City | MO | 65109 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | Lyndon B. Johnson State Office Building | 111 East 17th Street | | Austin | TX | 78744 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | PO Box 13528 | Capitol Station | | Austin | TX | 78711-3528 | |
| Texas-New Mexico Power | c/o Andrea D. Couch | 299 Planters Street | | | Emory | TX | 75440 | |
| Texas-New Mexico Power | c/o REP Relations | 577 N. Garden Ridge Blvd | | | Lewisville | TX | 75067 | |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | 577 N Garden Ridge Blvd | | | Lewisville | TX | 75067 | |
| Texas-New Mexico Power Company | Attn: REP Relations | 577 N Garden Ridge Blvd | | | Lewisville | TX | 75067 | |
| Texas-New Mexico Power Company | Attn: Andrea Couch | 299 Planters Street | | | Emory | TX | 75440 | |
| The Dark Sky Company | | 486 Green St | | | Cambridge | MA | 02139 | |
| The Go Solution, LLC | | 5500 NW Central Drive | | | Houston | TX | 77092 | |
| The Hartford | Attn: Adam Busch & Billie Walker | Houston Regional Office | 19450 State Hwy. 249, Suite 400 | | Houston | TX | 77070 | |
| The Honest Company | | 1950 S Vintage Ave | | | Ontario | CA | 91761 | |
| The Philadelphia Inquirer | | 801 Market St Ste 300 | | | Philadelphia | PA | 19107 | |
| The Sheridan Group | | 2045 Pontius Avenue | | | Los Angeles | CA | 90025 | |
| The State of Texas | Attn: Rick Berlin & Dan Zwart | 808 Travis Street, Suite 1520 | | | Houston | TX | 77002 | |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | 112 E. Pecan Street, Suite 735 | | | San Antonio | TX | 78205 | |
| Thinkific.Com | | 369 Terminal Ave. | Suite 400 | | Vancouver | BC | V6A 4C4 | Canada |
| Thomas Ramer Clark | c/o The Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | 3737 Buffalo Speedway, Suite 1900 | | Houston | TX | 77098 | |
| Thomas Weaver | | Address Redacted | | | | | | |
| Tom McGinn | | Address Redacted | | | | | | |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Trey A. Monsour, Esq. | Saint Ann Court | 2501 North Harwood Street, Suite 1800 | Dallas | TX | 75201 | |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Michael A. Sweet, Esq. | 345 California Street | Suite 2200 | San Francisco | CA | 94104 | |
| Transperfect Translations International Inc. | | 1250 Broadway | Fl 7 | | New York | NY | 10001-3749 | |
| Travis-CI.com | | Rigaer Str. 8 | | | Berlin Friedrichshain | | 10247 | Germany |
| TriNet Employer Group Canada Inc | | 1 Park Place | Suite 600 | | Dublin | CA | 94568 | |
| Trinet Group, Inc. | | 1 Park Place | Suite 600 | | Dublin | CA | 94568 | |
| TriNet HR III, Inc | | 1 Park Place | Suite 600 | | Dublin | CA | 94568 | |
| TrueLight Energy, LLC | | 77 Sleeper S T One Seaport Square | | | Boston | MA | 02210 | |
| Trumbull Insurance Company | | One Hartford Plaza | | | Hartford | CT | 06155 | |
| Tuan A Huynh | | Address Redacted | | | | | | |
| Twenty20 Stock Photos | | 1038 Princeton Dr | | | Marina Del Rey | CA | 92626 | |
| Ty Bowers Design | | 18416 Bermuda Street | | | Porter Ranch | CA | 91326 | |



**Exhibit P**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| U.S. Energy Information Administration (EIA) | c/o Office of Energy Production, Conversion, & Delivery | Attn: Marc Harnish, EIA-861 Survey Manager | Entity ID: 60915, Griddy Energy LLC | 1000 Independence Ave, SW | Washington | DC | 20585 | |
| United Airlines | | 609 Main Street | Hscac – 12Th Floor | | Houston | TX | 77002 | |
| Upwork | | 900 Fortress St | Ste 190 | | Chico | CA | 95973-9547 | |
| User Testing, Inc. | | PO Box 741228 | | | Los Angeles | CA | 90074-1288 | |
| USPS | | 6060 Primacy Pkwy | | | Memphis | TN | 38119 | |
| USPS | | 275 Post Rd E Ste 10 | | | Westport | CT | 06880 | |
| US-Yellow | | 6440 Southpoint Pkwy, Suite #150 | | | Jacksonville | FL | 32216 | |
| Valerie Quivan Tran | | Address Redacted | | | | | | |
| Venkata Satya Sai Raja Viswara Surireddy | | Address Redacted | | | | | | |
| Vettery | | PO Box 392608 | | | Pittsburgh | PA | 15251 | |
| Viasat In-Flight | | 6155 El Camino Real | | | Carlsbad | CA | 92009 | |
| Vikranth Sivakumar | | Address Redacted | | | | | | |
| Vimeo.Com | | 555 West18th Street, 4th Floor | | | New York | NY | 10011 | |
| VincentBenjamin | | Address Redacted | | | | | | |
| Voices.com | | 100 Dundas St Ste 700 | | | London | ON | N6A 5B6 | Canada |
| Webflow.Com | | 398 11Th Street, 2nd Floor | | | San Francisco | CA | 94103 | |
| Weglot.Com | | 20 Rue Du Sentier | | | Paris 2 | | 75002 | France |
| Wells Fargo Vendor Fin Serv | | Po Box 70241 | | | Philadelphia | PA | 19176 | |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | c/o Zeldes, Needle & Cooper, P.C. | Attn: Robert A. Pacelli, Jr., Esq. | 1000 Lafayette Blvd, 7th Floor | | Bridgeport | CT | 06604 | |
| Windes, Inc. | | PO Box 87 | | | Long Beach | CA | 90801-0087 | |
| Windes, Inc. | Attn: Lance Adams | 3780 Kilroy Airport Way, Suite 600 | | | Long Beach | CA | 90806 | |
| Winston & Strawn LLP | | 101 California Street, 34th Floor | | | San Francisco | CA | 94111 | |
| Within LLC | Attn: Adam Smith | 411 Walnut St | | | Green Cove Spring | FL | 32043 | |
| Within, LLP | | 411 Walnut Street | | | Green Cove Springs | FL | 32043 | |
| Wix.Com Premium-Plan | | 500 Terry A Francois | Blvd Fl 6 | | San Francisco | CA | 94158 | |
| WP Engine | | 504 Lavaca St., Suite 1000 | | | Austin | TX | 78701 | |
| WWW.oneskyapp.com | | Flat 3B, North Cape Building | | | Hong Kong | | | China |
| Yonomi, Inc. | | 939 Pearl Street | Suite 205 | | Boulder | CO | 80302 | |
| Zapier.Com | | 548 Market St #62411 | | | San Francisco | CA | 94104 | |
| Zeldes, Needle & Cooper | | 1000 Lafayette Boulevard | | | Bridgeport | CT | 06601-9441 | |
| Zendesk, Inc. | | 989 Market Street | 3rd Floor | | San Francisco | CA | 94103 | |
| Zoom.Us | | 55 Almaden Blvd | | | San Jose | CA | 95113 | |
| Zuberance | | 9000 Crow Canyon Road, Suite S | | | Danville | CA | 94506 | |

# Exhibit Q



**Exhibit Q**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|------|-----------|-----------|-----------|-----------|------|-------|-----|
| Electric Reliability Council of Texas, Inc. | c/o Munsch Hardt Kopf & Harr, PC | Attn: Deborah M. Perry | 500 N Akard Street | Suite 3800 | Dallas | TX | 75201 |
| Stripe, Inc. | c/o Legal Department | 510 Townsend Street | | | San Francisco | CA | 94103 |
| Texas-New Mexico Power | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky | 1401 McKinney Street | Suite 1900 | Houston | TX | 77010 |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky and Tiara E. Seals | 1401 McKinney Street | Suite 1900 | Houston | TX | 77010 |