**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ORDER (A) APPROVING AND AUTHORIZING
DEBTOR TO ENTER INTO SETTLEMENT AGREEMENT
WITH THE STATE OF TEXAS AND (B) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING, IF ANY, WILL BE CONDUCTED ON THIS MATTER ON JULY 7, 2021 AT 3:00 P.M. (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002.  IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.  YOU MAY ACCESS THE FACILITY AT 832-917-1510.  YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER.  JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING.  TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE.  ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING.  TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU.  SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR "JUDGE ISGUR."  UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE."  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), files this motion (this "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving and authorizing the Debtor to enter into the settlement agreement (the "Settlement Agreement") between the Debtor, Griddy Holdings LLC ("Holdings") and the State of Texas (the "State," and collectively with Holdings and the Debtor, the "Parties"), a copy of which is annexed to the Proposed Order as Exhibit 1, and related Agreed Final Judgment and Permanent Injunction (the "Consent Judgment") in the Action (as defined below), a copy of which is annexed to the Settlement Agreement as Exhibit 1 and (b) granting related relief.  In support of the Motion, the Debtor submits the Declaration of Michael Fallquist, the Debtor's Chief Executive Officer (the "Fallquist Declaration"), a copy of which is annexed hereto as Exhibit B and respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has constitutional authority to enter final orders with respect to the relief requested herein.  The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3. The predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**BACKGROUND**

A.   **General Background**

4.   On March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.   On March 31, 2021, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "Committee").  As of the date hereof, no trustee or examiner has been appointed in the Debtor's chapter 11 case.

6.   On May 26, 2021, the Debtor filed its *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (as may be amended, modified or supplemented from time to time, the "Plan") and related disclosure statement [Docket No. 311] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").  On May 26, 2021, the Court entered an order conditionally approving the Disclosure Statement.  The hearing on confirmation of the Plan is scheduled to occur on July 7, 2021.

7.   Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

B.   **Texas Winter Storm and Related Matters**

8.   The Debtor is a retail electric provider in Texas which, when it operated, provided its customers the ability to purchase wholesale electricity with no mark-up.  Each customer had access to wholesale electricity costs for a fixed monthly fee of $9.99.

3

9. A weather event occurred in Texas during mid-February (the "February 2021 Storm") wherein the deregulated energy market in Texas, coupled with actions taken by regulators, experienced higher than normal electricity prices. As a direct result of these higher than normal electricity prices, the Debtor's then customers experienced higher bills for electricity.

10. On February 19, 2021, the State, by and through the Attorney General of Texas, served a Civil Investigation Demand (the "CID") on the Debtor requesting the production of certain documents relating to the February 2021 Storm.

11. On February 28, 2021, the State, by and through the Attorney General of Texas, filed a petition against the Debtor and Holdings (together, the "Defendants") in an action entitled *The State of Texas v. Griddy Energy LLC and Griddy Holdings LLC*, Cause No. 2021-11518 (the "Action") in the District Court of Harris County, Texas, 133rd Judicial District (the "Texas State Court"). In the Action, the State alleges various claims arising under the Texas Deceptive Trade Practices – Consumer Protection Act stemming from the February 2021 Storm (the "Texas Alleged Claims") and seeks civil penalties, restitution and injunctive relief in connection with such alleged claims. The Debtor denies any liability in connection with the Action.

12. On March 15, 2021, prior to the commencement of the this chapter 11 case, the Parties entered into a term sheet, dated March 15, 2021 (the "Term Sheet"), whereby, among other things: (a) the State agreed to abate the Action and the CID until further notice, which notice would provide the Debtor and Holdings with a minimum of fourteen days to comply; (b) the Debtor agreed to provide certain information concerning the certain former customers of the Debtor and the February 2021 Storm; (c) subject to Bankruptcy Court approval, the Debtor agreed to seek to exchange releases with such former customers and waive any claims that it and

4

any of its affiliates may have against such customers; (d) the State and the Debtor agreed to work in good faith to address the issues facing Former Customers; (e) the State and the Debtor agreed to work in good faith to resolve the Action and CID; and (f) the Parties acknowledged and agreed that the resolution of certain of the matters between them may require the cooperation of third parties not in the control of either Party, but agreed to work in good faith to resolve all matters between them to the extent feasible.

13.     On the same day, after this case was commenced, the Debtor filed *Griddy Energy LLC's Suggestion of Bankruptcy and Notice of Bankruptcy Stay* in the Texas State Court asserting that the Action was stayed pursuant to the automatic stay provisions of section 362(a) of the Bankruptcy Code.

14.     On March 18, 2021, the Debtor and Texas filed an agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure abating the Action.

C.      **The Settlement Agreement**:

15.     Subject to this Court's approval, the Debtor, Holdings and the State seek to enter into the Settlement Agreement and the related Consent Judgment. Among other things, the Settlement Agreement would resolve and settle all claims and disputes among the Debtor, Holdings and the State related to the Action and the CID. The salient terms of the Settlement Agreement are as follows:[2]

> a. The Chapter 11 Plan. The terms of the chapter 11 plan that the Debtor seeks to confirm are required to contain the following:
>
>> i. Participating Customers who do not opt out of the Customer Releases within the period of time provided in the Plan or the order confirming the Plan shall be deemed released from any and all outstanding balances due and owing to the Debtor.

---

[2] To the extent that there is any conflict between the terms of the Settlement Agreement and this summary, the Settlement Agreement shall control. Capitalized terms used but not otherwise defined in this summary shall have the meanings given to them in the Settlement Agreement or the Plan, as applicable.

      ii. Participating Customers that timely and properly file a proof of claim by the Former Customers Bar Date in accordance with the Former Customers Bar Date Order for the amount such Participating Customer paid the Debtor for electricity consumed by such Participating Customer during the period February 13, 2021 through February 19, 2021 shall be deemed to have an Allowed Class 5 Claim in accordance with the Plan; provided, that the Debtor and its successor shall retain their rights to object to the amount of such Claim, but not the nature of such claim.

      iii. Distributions to Former Customers that are returned as undeliverable shall be turned over to the Unclaimed Property Division of the State of Texas Comptroller of Public Accounts pursuant to applicable Texas unclaimed property law to enable such Former Customers to retrieve such funds in perpetuity.

Settlement Agreement ¶ 4.

b. Approval Rights. Any matters related to the Settlement Agreement and the settlement terms set forth therein in the Plan or, if applicable, Disclosure Statement, shall be subject to approval by the State. Settlement Agreement ¶ 5.

c. Releases by the State. On the effective date of the Plan (the "Effective Date"), the State will fully release, waive, and discharge the Debtor and Holdings and their present and former officers, agents, representatives, and employees, subject to the injunction in the Consent Judgment, from any claims arising out of or related to facts alleged in the Action which were brought or could have been brought in a Texas State Court, in Bankruptcy Court, or any other court of competent jurisdiction by the Consumer Protection Division of the Texas Attorney General's Office including for alleged violations of the DTPA, prior to the date the Consent Judgment is entered by the Court; provided, however, nothing contained in the Settlement Agreement shall be deemed to limit any of the Parties' rights and entitlements hereunder and/or release any of the Parties hereto with respect to their obligations under this Agreement. Settlement Agreement ¶ 6.

d. The Effective Date of the Settlement Agreement. The Settlement Agreement will be effective upon (a) the order approving the Motion having become final and non-appealable and (b) the Effective Date of the Plan. Settlement Agreement ¶ 7.

e. The Consent Judgment. Upon the effective date of the Settlement Agreement, the State may file the Consent Judgment in the Texas State Court within five (5) days thereof. Settlement Agreement ¶ 8.

f. <u>The CID</u>. Upon (a) the Effective Date of the Plan and (b) entry of the Proposed Order, the CID shall be deemed finally withdrawn, and the Debtor shall have no further obligations to produce documents in regard to the topics thereunder. Settlement Agreement ¶ 3.

g. <u>Reasonable Cooperation</u>. The Parties agree to reasonably cooperate with each other and execute any and all reasonable supplementary documents and take all additional reasonable action which may be reasonably necessary or appropriate to give full force and effect to the terms and intent of the Settlement Agreement. The State shall not take any action to impede, delay, or otherwise interfere with the Plan so long as the Debtor does not breach its obligations under the Settlement Agreement. Settlement Agreement ¶ 9.

h. <u>No Admission of Liability</u>. Nothing contained in the Settlement Agreement is or shall be deemed an admission of any kind by any of the Parties. None of the compromises and settlements set forth in the Settlement Agreement are an admission regarding the validity or amount of any claim nor an admission or finding of wrongdoing or liability. Nothing in the Settlement Agreement shall be construed in favor of any Non-Participating Customer nor shall there be any third-party beneficiaries to the Settlement Agreement.

16. In connection with the Settlement Agreement and as part of resolving the Action, without any admission or finding of wrongdoing or liability on the part of the Debtor and Holdings, subject to Court approval, the Debtor would enter into the Consent Judgment pursuant to which the Debtor and Holdings, along with their respective officers, agents, servants, employees, successors in interest, and persons in active concert or participation with them who receive actual notice of the Consent Judgment, would be permanently enjoined from taking certain actions and, upon the Plan becoming effective, from any and all collection or credit reporting efforts for electricity use from February 13 through February 19, 2021 solely as it pertains to Participating Customers who do not opt-out of the Customer Releases within the timeframe provided for in the Plan or the Confirmation Order.

**RELIEF REQUESTED**

17. By the Motion, the Debtor seeks entry of the Proposed Order approving and authorizing, pursuant to Bankruptcy Rule 9019, the Debtor's entry into the Settlement Agreement and the related Consent Judgment, each of which is subject to the effective date of the Plan.

**BASIS FOR RELIEF**

18. A bankruptcy court may approve a settlement in accordance with Bankruptcy Rule 9019, which provides that "[o]n motion by the [debtor] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. "Compromises are 'a normal part of the process of reorganization,'" *Protective Comm. for Indep. S'holders of TMT Trailer Ferry Inc., v. Anderson*, 390 U.S. 414, 424 (1968), and are favored in bankruptcy because they minimize litigation costs and further the parties' interest in expediting the administration of the bankruptcy case. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Bond*, 1994 U.S. App. Lexis 1282, *9-*14 (4th Cir. 1994). "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005).

19. In determining whether to approve a settlement, courts in the Fifth Circuit have applied a three-factor test with a focus on comparing "the terms of the compromise with the likely rewards of litigation." *In re Age Refining, Inc.*, 801 F.3d 530, 540 (5th Cir. 2015) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 607 (5th Cir. 1980)). A bankruptcy court should evaluate: (a) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (b) the complexity and likely duration of the

litigation and any attendant expense, inconvenience and delay; and (c) all other factors bearing on the wisdom of the compromise.  *See Age Refining*, 801 F.3d at 540 (citing *Jackson Brewing Co.*, 624 F.2d at 602); *see also In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citing same*); In re Mirant Corp.*, 348 B.R. 725, 739-40 (Bankr. N.D. Tex. 2006).  Furthermore, "[u]nder the rubric of the third, catch-all provision, [the Fifth Circuit has] specified two additional factors that bear on the decision to approve a proposed settlement." *Id*. These "other factors" include consideration of (a) "the best interest of creditors, with proper deference to their reasonable views;" and (b) "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.*; *see also Age Refining*, 801 F.3d at 540 (citing *In re Cajun Elec. Power Coop.*, 119 F. 3d at 356); *In re Heritage Organization, L.L.C.*, 375 B.R. 230, 260 (Bankr. N.D. Tex. 2007).

20. "In evaluating a Rule 9019 settlement, a bankruptcy court need not 'conduct a mini-trial to determine the probable outcome of any claims waived in the settlement.'" *In re Age Refining*, 801 F.3d at 541.  Rather, "[t]he judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision." *In re Cajun Elec. Power Coop.*, 119 F.3d at 356;  *see also TMT Trailer Ferry*, 390 U.S. at 425 (noting that a court should "compare the terms of the compromise with the likely rewards of litigation");  *In re Heritage Organization, LLC*, 375 B.R. at 260 ("it is unnecessary to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision . . . ."); *In re Mirant*, 348 B.R. at 741, n.36 ("For a settlement to meet the best interests test, the amount being paid or received by the estate (or, here, Mirant) need only be within the extremes of the range.").

21. The Debtor in its business judgment has determined that entry into the Settlement Agreement and the related Consent Judgment is fair and reasonable, in the best interest of the Debtor and its estate and satisfies the applicable standards for approval of compromises under Bankruptcy Rule 9019. First, although the Debtor disputes the allegations in the Action, litigating the matters underlying the Action would be expensive and time consuming and would presumably include extensive discovery. Second, it would also be time consuming and potentially expensive if the Debtor was required to comply with discovery requests in respect of the CID. The State would likely assert it would be able to pursue both the Action and the CID as an exercise of its police and regulatory powers pursuant to section 362(b)(4) of the Bankruptcy Code (which the Debtor disputes). Thus, not only would the Debtor need to litigate the merits of the Action, but it would need to spend time and effort disputing whether the Action and the CID are subject to the automatic stay. Third, the terms of the Settlement Agreement, including the Consent Judgment, are the product of extensive, good faith and arm's-length negotiations. In addition, a condition to entry into the Settlement Agreement is the Debtor and Holdings entering into the Consent Judgment, which judgment would not be filed until after the effective date of the Plan. The Consent Judgment enjoins the Debtor and others from taking actions the Debtor believes it (and they) would otherwise not take and also enjoins the Debtor from collecting unpaid bills of Participating Customers (as defined in the Plan) in accordance with the terms of the Plan. The Debtor has previewed the Settlement Agreement with the Committee and the Committee has no objection to the relief requested herein.

22. In light of the Debtor's limited resources and the fact that entry into the Settlement Agreement eliminates the uncertainty related to the foregoing, without the need for complex and protracted litigation, the Debtor believes that entry in into the Settlement

Agreement is in the best interests of its estate.  Moreover, the Debtor believes that resolution of these matters is a substantial step towards the Debtor being able to achieve confirmation of the Plan.

23. Based on the foregoing, the Debtor submits that the terms of the Settlement Agreement and the related Consent Judgment represent a reasonable exercise of the Debtor's business judgment, are supported by valid business justifications, and benefit the Debtor's stakeholders.  Accordingly, the Debtor respectfully requests that the Court approve and authorize the Debtor's entry into the Settlement Agreement and the related Consent Judgment.

## WAIVER OF BANKRUPTCY RULE 6004(h) STAY

24. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  To the extent such rule is applicable, the Debtor requests that the Proposed Order be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) be waived.  As discussed above, at this time, the Debtor does not anticipate that the relief requested herein will be opposed by any of their creditors or other parties in interest.  In addition, the Debtor believes that the terms of the Settlement Agreement are beneficial to its estate and therefore, depending upon when the Proposed Order is entered, expects to consummate the Settlement Agreement as promptly as possible.  Accordingly, the Debtor believes that the requested waiver of the Bankruptcy Rule 6004(h) stay is appropriate under the circumstances.

## NOTICE

25. Notice of this Motion will be given to: (a) the U.S. Trustee; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as

11

secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the State of Texas, by and through the Attorney General of the State of Texas; (d) counsel to the Committee; (e) the thirty (30) largest unsecured creditors for the Debtor; (f) the Public Utilities Commission of Texas; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that such notice is sufficient under the circumstances and that no other or further notice is required.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion, and granting such other and further relief the Court may deem proper.

Dated: June 9, 2021

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Robin Spigel*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Counsel to the Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robin Spigel*