**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | **Re. Docket No.\_\_\_\_.** |

### ORDER (A) APPROVING AND AUTHORIZING DEBTOR TO ENTER INTO SETTLEMENT AGREEMENT WITH THE STATE OF TEXAS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion"), of the debtor and debtor in possession in the above-captioned case for entry of an order (this "Order") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving and authorizing the Debtor's entry into a settlement agreement with the State of Texas and related judgment;[2] and upon the declaration of Michael Fallquist in support of the Motion; and it appearing that the Court having jurisdiction to consider the relief sought in the Motion in accordance with 28 U.S.C. § 1334; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the Motion having been given under the circumstances; and it appearing that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and after due deliberation thereon, and sufficient cause appearing therefore, it is hereby

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Settlement Agreement is approved, and the Debtor is authorized to enter into the Settlement Agreement and Consent Judgment, attached hereto as <u>Exhibit 1</u>.

2. To the extent applicable, the 14-day stay of effectiveness of Bankruptcy Rule 6004(h) is waived and this Order shall be immediately effective upon entry.

3. The Debtor is authorized to take all necessary actions to carry out this Order.

4. The Court shall retain jurisdiction to hear and determine any and all matters arising from the interpretation and/or implementation of this Order.

Dated: _____, 2021
       Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Settlement Agreement and Consent Judgment**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and among: (a) Griddy Energy LLC (the "Debtor"); (b) Griddy Holdings LLC ("Holdings"); and (c) the State of Texas ("Texas;" and collectively with the Debtor and Holdings, the "Parties").

## RECITALS

A. The Debtor is a retail electric provider in Texas which provided its customers the ability to purchase electricity with no mark-up over the wholesale cost. Each customer had access to wholesale electricity costs with no mark-up for a fixed monthly fee of $9.99.

B. A weather event occurred in Texas during mid-February (the "February 2021 Storm") wherein the deregulated energy market in Texas experienced higher than normal electricity prices. As a direct result of these higher than normal electricity prices, the Debtor's then customers experienced higher bills for electricity.

C. On February 19, 2021, Texas, by and through the Attorney General of Texas, served a Civil Investigation Demand (the "CID") on the Debtor requesting the production of certain documents relating to the February 2021 Storm.

D. On February 28, 2021, Texas, by and through the Attorney General of Texas, filed a petition against the Debtor and Holdings (together, the "Defendants") in an action entitled *The State of Texas v. Griddy Energy LLC and Griddy Holdings LLC*, Cause No. 2021-11518 (the "Action") in the District Court of Harris County, Texas, 133rd Judicial District (the "Texas State Court"). In the Action, Texas alleges various claims arising under the Texas Deceptive Trade Practices – Consumer Protection Act stemming from the February 2021 Storm (the "Texas Alleged Claims") and seeks civil penalties, restitution, and injunctive relief in connection with such alleged claims.

E. On March 15, 2021, prior to the commencement of the Bankruptcy Case (as defined below), the Parties entered into that certain Term Sheet, dated March 15, 2021 (the "Term Sheet"), whereby, among other things: (a) the State agreed to abate the Action and the CID until further notice, which notice would provide the Debtor and Holdings with a minimum of fourteen days to comply; (b) the Debtor agreed to provide certain information concerning the Debtor's Former Customers[1] and the February 2021 Storm; (c) subject to Bankruptcy Court approval, the Debtor agreed to seek to exchange releases with former customers and waive any claims that it and any of its affiliates may have against such customers; (d) the State and the Debtor agreed to work in good faith to address the issues facing Former Customers; (e) the State and the Debtor agreed to work in good faith to resolve the Action and CID; and (f) the Parties acknowledged and agreed that the resolution of certain of the matters between them may require the cooperation of third parties not in the control of either Party, but agreed to work in good faith to resolve all matters between them to the extent feasible.

F. On March 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), Case No. 21-30923 (MI) (the "Bankruptcy Case").

G. On March 15, 2021, the Debtor filed *Griddy Energy LLC's Suggestion of Bankruptcy and Notice of Bankruptcy Stay* in the Texas State Court asserting that the Action was stayed pursuant to the automatic stay provisions of section 362(a) of the Bankruptcy Code.

H. On March 18, 2021, the Debtor and Texas filed an agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure abating the Action.

I. In relation to the Action and in furtherance of this Agreement, the Parties have negotiated the *Agreed Final Judgment and Permanent Injunction* ("Consent Judgment"), which is attached hereto as Exhibit 1 and incorporated by reference.

J. On April 27, 2021, the Debtor filed its *Second Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 212] (as amended, modified or supplemented from time to time, the "Plan"). On May 18, 2021, the Debtor filed the Amended Disclosure Statement for the Plan [Docket No. 271] (as amended, modified or supplemented from time to time, the "Disclosure Statement").

K. After good faith, arm's length negotiations, to resolve all open issues regarding the Action, the CID and related matters, and without the admission of any liability in respect of the matters set forth herein or therein, the Parties desire to resolve the claims and disputes among each of them, whether or not asserted prior to the date hereof, arising from or relating to the Action, including the Texas Alleged Claims, and the CID (collectively, the "Resolved Matters").

## THE AGREEMENT

NOW, THEREFORE, in consideration of the foregoing premises and of other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties, intending to be legally bound hereby, do hereby agree as follows:

1. Incorporation. The recitals set forth above are incorporated herein by reference.

2. Motion to Approve. Within five business days (5) business days following the execution and delivery of this Agreement by the Parties, the Debtor shall file with the Bankruptcy Court in the Bankruptcy Case a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking entry of an order, approving this Agreement and authorizing the Debtor to enter into the Consent Judgment (the "Motion").

3. The CID. Upon (a) the effective date of the Plan (the "Effective Date") and (b) entry of the order approving the Motion, the State of Texas's CID shall be deemed finally withdrawn, and the Debtor shall have no further obligations to produce documents in regard to the topics thereunder.

2

4. <u>Chapter 11 Plan</u>.  The terms of the Plan that the Debtor seeks to confirm shall contain the provisions set forth below.

    a. Participating Customers who do not opt out of the Customer Releases within the period of time provided in the Plan or the order confirming the Plan shall be deemed released from any and all outstanding balances due and owing to the Debtor.

    b. Participating Customers that timely and properly file a proof of claim by the Former Customers Bar Date in accordance with the Former Customers Bar Date Order for the amount such Participating Customer paid the Debtor for electricity consumed by such Participating Customer during the period February 13, 2021 through February 19, 2021 shall be deemed to have an Allowed Class 5 Claim in accordance with the Plan; <u>provided</u>, that the Debtor and its successor shall retain their rights to object to the amount of such Claim, but not the nature of such claim.

    c. Distributions to Former Customers that are returned as undeliverable shall be turned over to the Unclaimed Property Division of the State of Texas Comptroller of Public Accounts pursuant to applicable Texas unclaimed property law to enable such Former Customers to retrieve such funds in perpetuity.

5. <u>Approval Rights</u>.  Any matters related to this Agreement and the settlement terms set forth herein in the Plan or, if applicable, Disclosure Statement shall be subject to approval by the State.

6. <u>Release by Texas</u>.  On the Effective Date, Texas hereby fully releases, waives, and discharges Defendants and their present and former officers, agents, representatives, and employees, subject to the injunction in the Consent Judgment, from any claims arising out of or related to facts alleged in the Action which were brought or could have been brought in a Texas State Court, in Bankruptcy Court, or any other court of competent jurisdiction by the Consumer Protection Division of the Texas Attorney General's Office including for alleged violations of the DTPA, prior to the date the Consent Judgment is entered by the Court; <u>provided</u>, <u>however</u>, nothing contained herein shall be deemed to limit any of the Parties' rights and entitlements hereunder and/or release any of the Parties hereto with respect to their obligations under this Agreement.

7. <u>The Effective Date</u>.  This agreement will be effective upon (a) the order approving the Motion having become final and non-appealable and (b) the Effective Date of the Plan.

8. <u>Consent Judgment</u>.  Upon the conditions in paragraph 7 above having been met, Texas may file the Consent Judgment in the Texas State Court within five (5) days of the Effective Date.

9. <u>Reasonable Cooperation</u>. The Parties agree to reasonably cooperate with each other and execute any and all reasonable supplementary documents and take all additional reasonable action which may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Agreement. The State shall not take any action to impede, delay, or otherwise interfere with the Plan so long as the Debtor does not breach its obligations under this Agreement.

10. <u>No Admission of Liability</u>. To the extent this Agreement is not approved by the Bankruptcy Court, other than this paragraph, this Agreement shall not be binding on any of the Parties hereto, shall be null, void, and of no effect and may not be introduced into evidence or otherwise used in any further proceeding. Nothing contained herein is or shall be deemed an admission of any kind by any of the Parties hereto. For the avoidance of doubt, the compromises and settlements set forth in this Agreement, including, but not limited to section 4, shall not be an admission regarding the validity or amount of any claim nor an admission or finding of wrongdoing or liability. In particular, nothing herein shall be construed in favor of any Non-Participating Customer nor shall there be any third-party beneficiaries to this Agreement.

11. <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. There are no third party beneficiaries of this Agreement. Subject to the Parties' rights, entitlements and releases under this Agreement related to the Resolved Matters.

12. <u>Entire Agreement</u>. This Agreement contains the entire agreement among the Parties as to the subject matter hereof and no amendment, modification, or addendum to this Agreement shall be effective unless in writing dated subsequent to the date hereof and executed by the duly authorized officers of the respective Parties.

13. <u>Representation; Corporate Power and Authority</u>. Each Party hereby represents that it has had the assistance of counsel in connection with the review and execution of this Agreement, and that each Party (subject to approval of the Bankruptcy Court with respect to the Debtor) has all requisite corporate power and authority, and has taken all corporate action necessary, to execute and deliver this Agreement and to consummate the transactions provided for herein.

14. <u>Costs</u>. Each Party shall bear its own costs, expenses and attorneys' fees in connection with this Agreement and the disputes settled by this Agreement.

15. <u>Governing Law</u>. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas applicable to contracts executed and performed in such state, without giving effect to conflicts of laws principles.

16. <u>No *Contra Proferentem*</u>. The Parties have participated jointly in the negotiation and drafting and editing of this Agreement. In the event an ambiguity or question of intent or interpretation arises with respect to this Agreement, this Agreement shall be construed as if drafted jointly by all Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

5

      17.    <u>Headings</u>.  The section headings of the various provisions of this Agreement are inserted for convenience of reference only and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

      18.    <u>Counterparts</u>.  This Agreement may be executed and delivered in any number of counterparts and by facsimile or other similar electronic means (such as an e-mail exchange of .pdf, .tif or similar files), each of which shall be deemed an original but all of which together will constitute one and the same instrument.

[The remainder of this page is intentionally left blank.]

[Signature pages follow]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates indicated herein below.

The State of Texas, by and through the Attorney General of Texas

By: _____
Name: Steve Robinson and Rick Berlin
Title: Assistant Attorneys General
Date: June 8, 2021

Griddy Energy LLC

By: _____
Name:
Title:
Date:

Griddy Holdings LLC

By: _____
Name:
Title:
Date:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates indicated herein below.

The State of Texas, by and through the Attorney General of Texas

By:_____
Name:
Title:
Date:

Griddy Energy LLC

By: *[signature]*
Name: MICHAEL FALLQUIST
Title: CEO
Date: 6/9/21

Griddy Holdings LLC

By: *[signature]*
Name: MICHAEL FALLQUIST
Title: CEO
Date: 6/9/21

Exhibit 1

CAUSE NO. 2021-11518

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 133RD  JUDICIAL DISTRICT |
| GRIDDY ENERGY LLC and<br>GRIDDY HOLDINGS LLC,<br>　　Defendants. | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

TO THE HONORABLE DISTRICT JUDGE:

On this ____ day of _____, 2021, came for hearing on the above-entitled and numbered cause in which the State of Texas ("State"), acting by and through its Attorney General, KEN PAXTON, is Plaintiff and GRIDDY ENERGY LLC[1] and GRIDDY HOLDINGS, LLC[2] are Defendants (Defendants). In this action, the State alleged that Defendants engaged in false, misleading, and deceptive acts and practices in violation of § 17.46 of the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41 *et seq*. Pursuant to an agreement among the Parties, this case has been abated, and neither of the Defendants has made an appearance. The Parties, by and through their attorneys of record, have made the following stipulations and agree to the entry of this Agreed Final Judgment and Permanent Injunction (AFJPI) as a compromise and settlement of disputed claims. Defendants continue to deny liability or violation of law, and the Parties enter into this AFJPI without any admission or finding of wrongdoing or liability.

---

[1] Griddy Energy, LLC, is currently the Debtor in *In re Griddy Energy LLC*, Case No. 21-30923, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. As such, Griddy Energy, LLC may be referred to herein as "Debtor" or "Defendant."

[2] Delaware SOS file # 4018722.

Plaintiff and Defendants announced their agreement and consent to the entry of this Final Judgment and Permanent Injunction as to the claims of Plaintiff against Defendants, waiving the making of a further record other than this Judgment and Permanent Injunction and the Bankruptcy Court Order (as defined below) entered in *In re Griddy Energy LLC*, Case No. 21-30923, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") approving a related settlement by the Parties, and prior to the offering of any further testimony or evidence in this cause, jointly move the Court to enter this Judgment as a Final Judgment and Permanent Injunction against Defendants Griddy Energy LLC and Griddy Holdings, LLC.

## STIPULATIONS

1. The Court has jurisdiction over the subject matter in this action under the DTPA. The Court has personal jurisdiction over Defendant Griddy Energy LLC, subject to the fact that said Defendant is currently the Debtor in a chapter 11 proceeding in a case pending before the Bankruptcy Court.  Defendant Griddy Holdings LLC disputes that the Court has personal jurisdiction over it, but for the limited purpose of entering into this AFJPI, agrees to be bound by the AFJPI.  Defendant Griddy Holdings LLC expressly retains and does not waive its right to challenge this Court's or any other Texas court's exercise of personal jurisdiction over it for any purpose other than for entering or enforcing this AFJPI.

2. This AFJPI does not constitute an approval of Defendants' business and practices by the State or the Court.

3. Plaintiff stipulates that Defendants continue to deny liability or violation of law and enters this AFJPI without an admission of liability.  Plaintiff stipulates that Defendants have not

admitted to a violation of law. The Parties stipulate that this Court has not made any finding of wrongdoing or violation of any law by Defendants and the Parties shall not represent otherwise.

4. The Parties agree to the entry of this AFJPI and agree that the Court has continuing jurisdiction to enforce this AFJPI.

5. This AFJPI sets forth the entire agreement between the Parties and there are no other representations or agreements between the Parties not stated in writing herein and is consistent with the Order entered in the Bankruptcy Court in the case of *In re: Griddy Energy LLC*, pursuant to Fed. R. Bankr. P. 9019(a) Approving the Settlement between the Debtor and the State of Texas.

6. Defendants stipulate that in reaching this agreement, Plaintiff has relied upon the Defendants' agreement that (a) if Defendant's/Debtor's, Griddy Energy LLC's, Chapter 11 Plan of Liquidation (as amended, modified, or supplemented from time to time, the "Plan") is confirmed by the Bankruptcy Court in the *In re Griddy Energy LLC*, bankruptcy proceedings; and (b) the confirmed Plan goes effective; then (c) Defendants and any affiliates or successor(s) in interest will not assert any claims for non-payment for electricity services incurred during the timeframe of February 13, 2021 through February 19, 2021 against the Participating Customers.[3]

7. Defendants are aware of the terms and duties placed upon them by the AFJPI, acknowledge that they have fully read and understand this AFJPI, accept the legal consequences involved in signing this AFJPI, and represent that they are desirous and capable of carrying out the terms and duties of this AFJPI in full.

---

[3] "Participating Customers" means those former customers of Defendant/Debtor, Griddy Energy LLC, that voted to accept the Plan or abstained from voting on the Plan, and who do not opt-out of the Customer Releases within the timeframe provided for in the Plan or any order confirming the Plan. "Customer Releases" is a term defined in the Plan.

8. Defendants acknowledge receipt of copies of this AFJPI and stipulate to the waiver of issuance and service of a writ of injunction.

9. The Parties agree that, should any clause, provision, or section of this AFJPI, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or section of this AFJPI, and this AFJPI shall be construed and enforced as if such illegal, invalid, or unenforceable clause, section or provision had not been contained herein.

10. The Parties agree to waive the thirty (30) day period in which to file a Motion for New Trial and waive any and all rights to appeal this AFJPI.

## AGREED PERMANENT INJUNCTION

11. Pursuant to and consistent with the Parties' agreement to enter into the AFJPI without any admission or finding of wrongdoing or liability on the part of any Defendant, and without abridging Defendants' continued denial of any and all liability or wrongdoing, IT IS ORDERED that GRIDDY ENERGY LLC and GRIDDY HOLDINGS, LLC, their officers, agents, servants, employees, successors in interest, and those persons in active concert or participation with them who receive actual notice of the AFJPI by personal service or otherwise are hereby PERMANENTLY ENJOINED from the following:

   a. Making false or misleading statements regarding electricity rates offered by Defendants;

   b. Making false or misleading statements concerning the reasons for, existence of, or amount of price reductions by representing that electricity prices are indexed to a wholesale price if such index does not exist or offering a wholesale indexed product to a residential customer or small business customer unless the offering of such is

        permitted by law;

c.    Using false, misleading, or unsubstantiated testimonial endorsements to promote Defendants' services;

d.    Misrepresenting the savings consumers can expect to receive as a result of using Defendants' services;

e.    Misrepresenting the reason for any price increase, disruption of service, or transfer of service;

f.    Disparaging the services of another retail electricity provider by making misleading comparison representations;

g.    Failing to maintain accurate information to the best of their ability concerning the likelihood and extent of fluctuations in electricity prices, including any increases;

h.    Failing to disclose, in a clear and conspicuous[4] manner, the likelihood and extent of electricity price increases based on historic pricing information of retail electricity in Texas;

i.    Collecting fees or payments for services without clearly and conspicuously disclosing on Defendants' internet websites, advertisements, and any other marketing and promotional materials offered by Defendants that electricity prices may increase to the specifically identified high system-wide offer cap during severe weather or other disasters; and

j.    If the Plan is confirmed and goes effective, failing to cease any and all collection

---

[4] "Clear and conspicuous" here and throughout this AFJPI shall mean that statements, disclosures or other information, by whatever medium communicated, including all electronic devices are (a) in readily understandable language and syntax, and (b) in a type size, font, color, appearance and location sufficiently proximate and noticeable for a consumer to read and comprehend them and be presented in a print that contrasts against which they appear.

*State of Texas v. Griddy Energy LLC*
Agreed Final Judgment and Permanent Injunction        *Page 5 of 8*

or credit reporting efforts for electricity use from February 13 through February 19, 2021 solely as the foregoing pertains to Participating Customers who do not opt-out of the Customer Releases provided for in the Plan at any time.

## MISCELLANEOUS PROVISIONS

12. IT IS FURTHER ORDERED that nothing in this AFJPI shall create any private rights, causes of action, or remedies against Defendants and nothing in the AFJPI shall be construed as a waiver of any private rights, causes of action, or remedies of any person against Defendants with respect to the practices or conduct described herein.

13. IT IS FURTHER ORDERED that Defendants, by their signature below, hereby acknowledge notice of this AFJPI and acceptance of the same. Each of Plaintiff and Defendants may enforce the AFJPI through any procedure or process available under the laws of the State of Texas. The Court retains continuing jurisdiction to enforce this AFJPI.

14. IT IS FURTHER ORDERED that this AFJPI is final. The State hereby fully releases, waives, and discharges Defendants and their present and former officers, agents, representatives, and employees, subject to the foregoing injunction, from any claims arising out of or related to facts alleged in this underlying cause which were brought or could have been brought in a Texas State Court, in Bankruptcy Court, or any other court of competent jurisdiction by the Consumer Protection Division of the Texas Attorney General's Office including for alleged violations of the DTPA, prior to the date this AFJPI is entered by the Court. This AFJPI does not, however, affect the rights of or remedies available to any third party that is not subject to this order, except as provided by law.

SIGNED this _____ day of _____, 2021.

_____
JUDGE PRESIDING

AGREED AS TO SUBSTANCE AND FORM AND ENTRY REQUESTED:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

NANETTE DINUNZIO
Associate Deputy Attorney General for Civil Litigation

PAUL SINGER
Senior Counsel for Public Protection

JENNIFER S. JACKSON
Division Chief, Consumer Protection Division

_____
STEVEN ROBINSON
SBN: 24046738
steven.robinson@oag.texas.gov
Lead Counsel of Record
VALERIA SARTORIO
SBN 24073758
valeria.sartorio@oag.texas.gov
112 E. Pecan Street, Suite 735
San Antonio, Texas 78205
T: (210) 270-1110 F: (210) 225-1075

RICK BERLIN
SBN 24055161
rick.berlin@oag.texas.gov
WILLIAM CARPENTER
SBN 24081560
william.carpenter@oag.texas.gov

DAN ZWART
SBN: 24070906
dan.zwart@oag.texas.gov
808 Travis Street, Suite 1520
Houston, Texas 77002
T: (713) 223-5886 F: (713) 223-5821

Assistant Attorneys General
Consumer Protection Division
Office of the Texas Attorney General

*Counsel for the State of Texas*

_____
JONATHAN RUBENSTEIN
Partner
State Bar No.: 24037403
Baker Botts L.L.P.
2001 Ross Ave.
Dallas, Texas 75205
jonathan.rubenstein@bakerbotts.com
Direct: +1.214.953.6594
**ATTORNEY FOR DEFENDANTS GRIDDY ENERGY LLC AND GRIDDY HOLDINGS LLC**