# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | |

## DEBTOR'S EMERGENCY APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF TONY W. SPENCER AS EXPERT WITNESS EFFECTIVE AS OF JUNE 8, 2021

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 29, 2021 AT 9:00 AM (CT) IN COURTROOM 404, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR." UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396.  The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN JUNE 29, 2021.**

Griddy Energy LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), submits this emergency application (this "Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (a) authorizing the Debtor to retain and employ Tony W. Spencer ("Spencer") as an expert witness in connection with confirmation of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (as may be amended, modified or supplemented from time to time, the "Plan"), effective as of June 8, 2021, pursuant to the terms and conditions of that certain engagement letter between the Debtor and Spencer, dated as of June 8, 2021 (the "Engagement Letter"), a copy of which is attached hereto as Exhibit B; and (b) granting related relief.  In support of the Application, the Debtor submits the declaration of Tony W. Spencer, which is attached hereto as Exhibit C (the "Spencer Declaration"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Court has constitutional authority to enter final orders with respect to the relief requested herein.  The Debtor further confirms its consent to this Court's entry of final orders or judgments on this Application if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3.      The bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and the Complex Case Procedures.

## BACKGROUND

4.      On March 15, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in the possession of and management of its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On March 31, 2021, the United States Trustee for Region 7 ("U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  As of the date hereof, no trustee or examiner has been appointed in the Debtor's chapter 11 case.

6.      Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

7.  On May 26, 2021, the Debtor filed the Plan and related disclosure statement [Docket No. 311] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").  On May 26, 2021, the Court entered an order conditionally approving the Disclosure Statement.  *See* Docket No. 308.  The hearing on confirmation of the Plan is scheduled to occur on July 7, 2021.

8.  Through Baker Botts L.L.P. ("Baker Botts"), the Debtor's restructuring counsel, the Debtor engaged Spencer on June 8, 2021 for the purpose of providing expertise and assistance to Baker Botts and the Debtor in connection with confirmation of the Debtor's Plan and, in particular, the Debtor's proposed release of its former customers that agree to exchange releases with the Debtor and certain other third-parties from all obligations owing to the Debtor, including amounts owed by such customers to the Debtor in connection with the electricity and related fees, taxes and costs charged to such customers for the period February 13, 2021 through and including February 19, 2021 (including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power, and held in place by ERCOT for 32 hours beyond when it rescinded load shed instructions) (known as the "Customer Releases" under the Plan).[2]

---

[2]  "Customer Releases" are defined in the Plan as follows:

> [T]he mutual releases by and among the Participating Customers, on the one hand, and the Released Parties, on the other hand, whereby (i) the Debtor and each other Released Party releases and waives all Claims against each Participating Customer, solely in its capacity as such, including, for unpaid amounts owed by such Participating Customer to the Debtor for the electricity and related fees, taxes, expenses and other costs charged to such customers for the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; and (ii) each Participating Customer releases and waives all Claims against each of the Released Parties relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement, including, any Claims for any loss a Participating Customer may suffer, have suffered or be alleged to suffer as a result of or relating to the Participating Customer's agreements with the Debtor as well as the electricity and related fees, taxes and costs charged to such customers for any period while they were a customer of the Debtor, including, the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; provided, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed

## RELIEF REQUESTED

9.      By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, Bankruptcy Local Rules 2014-1, 2016-1 and 9013-1, and the Complex Case Procedures, the Debtor seeks entry of an order on an emergency basis authorizing it to retain and employ Spencer as an expert witness in connection with confirmation of the Plan as described above, effective as of June 8, 2021, under the terms and conditions set forth in the Engagement Letter.

## SPENCER'S QUALIFICATIONS

10.      Spencer has significant experience and expertise in the sale of charged-off consumer and commercial accounts receivable, which are accounts that credit issuers have charged off as uncollectible, but that remain owing by the borrowers (here, the Debtor's former customers) and are subject to collection.  Since January 2019, Spencer has been the Executive Vice President – Sale Operations with the National Loan Exchange, Inc. ("NLEX").[3]  As set forth in the Spencer Declaration, NLEX is the highest volume loan sale advisor of charged-off receivables in the United States and Canada.  Among other things, NLEX (a) provides debt buyers with bid opportunities for portfolios on behalf of many of the world's top financial institutions and (b) provides full service loan sale advisory services, including, assisting companies with developing a comprehensive marketing strategy to optimize the value of receivables, assisting with market-

---

Participating Customer Potential Return, receive its Pro Rata share of (i) the Texas Storm Causes of Action Net Recovery Proceeds, if any, and (ii) any Available Prepetition Lender Contribution, which shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.

Plan § 1.34.  The description of the Customer Releases in paragraph 9 and elsewhere in this Application is intended to be a summary only.  In the event of any inconsistency between the description herein and the Plan, the Plan shall control.

[3]      NLEX is a wholly owned subsidiary of Heritage Global, Inc.

based valuations by utilizing its extensive asset sales dataset and market insight, presenting bids and assisting NLEX's clients with purchase and sale negotiations and closing portfolio sales. In his role as Executive Vice President – Sale Operations at NLEX, Spencer is responsible for the marketing of all portfolios across all NLEX clients. Currently, Spencer is responsible for overseeing 40 charged off portfolio transactions per month.

11.     Spencer previously was a Vice President in business development at NLEX and has been employed with NLEX since 2007. Prior to that time, he was a Vice President of Recovery at JPMorgan Chase card services where he managed the charged-off sale of consumer accounts receivables, external agency, litigation and bankruptcy processes for the private label card services division. Spencer also was the Group Manager of Recovery and Strategic Operations at First North American National Bank.

12.     The Debtor believes that Spencer is well-qualified to provide services to the Debtor in connection with confirmation of the Plan.

## SERVICES TO BE PROVIDED

13.     As of the Petition Date, the Debtor had accounts receivable balances from its former customers in excess of $29.1 million. Almost the entirety of the amounts outstanding is related to the actions of the Debtor's regulators, including the extreme pricing of wholesale electricity and ancillary services imposed by such regulators during the winter storm event that occurred in Texas in February 2021. Under the terms of the Plan, the Debtor would release former customer accounts receivable balances to the extent such customers do not opt out of the Customer Releases. If the Court approves the Customer Releases as part of the Plan confirmation, former customers that do not opt out of the Customer Releases will avoid any collection efforts by the Debtor and avoid

negative credit ratings as a result of being reported to credit agencies for failure to pay such outstanding balances.

14.     The Debtor and Spencer have agreed, subject to Court approval, that Spencer will act as an expert witness in connection with confirmation of the Plan and, in particular, regarding the collectability of charged off customer accounts receivable and related matters.  These services may include, but are not limited to, including, the analysis and preparation of an expert report or similar document and, to the extent necessary, appearing for a deposition and/or providing testimony before the Court in respect of such services.

## **PROFESSIONAL COMPENSATION**

15.     Subject to Court approval, in consideration for the services to be provided by Spencer, the Debtor will pay Spencer a flat fee of $3,500 for his expert services, plus reasonable and documented out-of-pocket expenses.  Spencer will obtain the Debtor's or Baker Botts' consent before incurring any out of pocket expense in excess of $500.

16.     Spencer does not maintain time records in the normal course of his business.  In light of this fact and the limited services that are to be provided by Spencer, combined with the total amount of the fixed fee being requested, the Debtor respectfully requests that, notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, any applicable orders of this Court, or any guidelines regarding submission and approval of fee applications, Spencer not be required to maintain time records in connection with his retention.

17.     The Debtor did not pay Spencer any amounts during the 90-day period prior to the Petition Date.  Further, as of the Petition Date, the Debtor did not owe Spencer any money and the Debtor has not provided or agreed to provide Spencer a retainer.

18.     No promises have been received by Spencer in connection with the chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules and orders of the Court.

19.     The Debtor has been advised that Spencer has agreed not to share and will not share with any other person or entity the compensation to be received for professional services rendered in connection with the chapter 11 case in accordance with section 504(a) of the Bankruptcy Code.

## SPENCER'S DISINTERESTEDNESS

20.     To the best of the Debtor's knowledge and as set forth in the Spencer Declaration, (a) Spencer has no connection to the Debtor, its creditors or other parties in interest in this chapter 11 case, except as may be disclosed in the Spencer Declaration; (b) Spencer does not hold or represent any entity having an interest adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders with respect to matters on which Spencer is to be employed; and (c) Spencer (i) is not a creditor, equity security holder or an insider of the Debtor and (ii) is not or was not, within two years before the Petition Date, a director, officer, or employee of the Debtor.  In addition, Spencer is not related or connected to any United States Bankruptcy Judge for the Southern District of Texas, the U.S. Trustee or any person employed in the office of the U.S. Trustee.

21.     Based on the foregoing, the Debtor believes that Spencer is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

22.     The Debtor has been informed that, if any new relevant facts or relationships are discovered or arise, Spencer will file or cause to be filed a supplemental declaration.

## BASIS FOR RELIEF

23.     The Debtor seeks authority to employ and retain Spencer as its expert witness in connection with confirmation of the Plan pursuant to section 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtor] in carrying out [their] duties under this title." 11 U.S.C. § 327(a).

24.     In addition, the Debtor seeks approval of the Engagement Letter (including, without limitation, the fixed fee provision) pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327. . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. . . ." 11 U.S.C. § 328(a).  Section 328 of the Bankruptcy Code permits the compensation of professionals on more flexible terms that reflect the nature of their services and market conditions.

25.     In addition, Bankruptcy Rule 2014(a) requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

26.     Based on the facts set forth herein and as discussed above and in the Spencer Declaration, the retention of Spencer as an expert witness in connection with confirmation of the

Plan is reasonable, necessary and appropriate and satisfies the requirements of sections 327 and 328 of the Bankruptcy Code as well as Rule 2014(a) of the Bankruptcy Code.

27.     As discussed above, to the best of the Debtor's knowledge, Spencer is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate.

28.     In addition, the Debtor submits that the $3,500 fixed fee is appropriate given the nature and scope of the services to be provided by Spencer in this case.  The Debtor proposes that the compensation sought by Spencer be subject to review solely pursuant to section 328(a) of the Bankruptcy Code and not subject to any other standard of review, including section 330 of the Bankruptcy Code.

29.     The Debtor has been informed that the Committee has no objection to the relief requested in this Application.

30.     In light of the foregoing, the Debtor submits that the relief requested in the Application is in the best interest of the Debtor, its estate and its creditors and requests that the Court approve the retention and employment of Spencer pursuant to the terms and conditions set forth in the Engagement Letter.

## EMERGENCY CONSIDERATION

31.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtor respectfully requests emergency consideration of this Application.  As set forth above, the Debtor intends to present Mr. Spencer's testimony in support of confirmation of the Plan and the deadline for submission of the Debtor's memorandum of law in support of confirmation is July 2, 2021.  Approval of the Application prior to such deadline is therefore necessary so that the Debtor may have certainty that

it is able to rely on Mr. Spencer's testimony in support of confirmation. Accordingly, the Debtor submits that the facts and circumstances warrant emergency consideration.

32.     Pursuant to Bankruptcy Local Rule 9013-1(i), this Application is verified as to its accuracy by Debtor's proposed counsel.

### NOTICE

33.     Notice of the Application will be given to: (a) the U.S. Trustee; (b) counsel to Macquarie Energy LLC and Macquarie Investments US Inc., in their respective capacities as secured parties and/or collateral agent under the Debtor's prepetition agreements with such parties; (c) the Office of the Attorney General of the State of Texas; (d) counsel to the Committee; (e) the thirty (30) largest unsecured creditors for the Debtor; (f) the Public Utilities Commission of Texas; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of the Application need be given.

**WHEREFORE**, for the reasons set forth herein and in the Spencer Declaration, the Debtor respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and such other relief as is just and proper.

Dated:  June 18, 2021                         */s/  Michael Fallquist*
                                              Michael Fallquist
                                              Chief Executive Officer