**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER AUTHORIZING THE DEBTOR'S RETENTION AND EMPLOYMENT OF TONY W. SPENCER AS EXPERT WITNESS EFFECTIVE AS OF JUNE 8, 2021**

Upon the application (the "Application") of the debtor and debtor in possession in the above-captioned case (the "Debtor") for entry of an order (a) authorizing the Debtor to employ and retain Tony W. Spencer ("Spencer") as an expert witness in connection with confirmation of the Debtor's Plan,[2] effective as of June 8, 2021, in accordance with the terms and conditions set forth in the Engagement Letter, which is attached to the Motion as Exhibit B; and (b) granting related relief, all as more fully set forth in the Application; and upon consideration of the Spencer Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the terms and conditions of Spencer's employment, including but not limited to the compensation structure set forth in the Engagement Letter and summarized in the Application, are reasonable as required by section

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

1

328(a) of the Bankruptcy Code; and it appearing that Spencer is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and the Spencer Declaration; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.  The Debtor is authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1, to employ and retain Spencer as an expert witness in connection with confirmation of the Plan in accordance with the terms and conditions set forth in the Engagement Letter, effective as of June 8, 2021, as modified herein.

2.  The provisions set forth in the Engagement Letter, as modified herein, are approved.

3.  Subject to the terms of this Order, Spencer shall file fee applications in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules and any other applicable procedures and orders of this Court; <u>provided</u>, <u>however</u>, that Spencer shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Spencer's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

4. Spencer shall not be required to keep time entries for services provided in the Application and Engagement Letter.

5. The Debtor and Spencer are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Spencer Declaration and this Order, the terms of this Order shall govern.

7. Notwithstanding anything to the contrary in the Engagement Letter, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated _____, 2021

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE