**<u>Exhibit B</u>**

**Engagement Letter**

**BAKER BOTTS** L.L.P.

| | |
|---|---|
| 2001 ROSS AVENUE<br>SUITE 900<br>DALLAS, TEXAS<br>75201-2980<br><br>TEL +1 214.953.6500<br>FAX +1 214.953.6503<br>BakerBotts.com | AUSTIN      MOSCOW<br>BRUSSELS   NEW YORK<br>**DALLAS**      PALO ALTO<br>DUBAI        RIYADH<br>HONG KONG  SAN FRANCISCO<br>HOUSTON   WASHINGTON<br>LONDON |

As of June 8, 2021

*Confidential*

Jonathan Rubenstein
TEL: 2149536594
jonathan.rubenstein@bakerbotts.com

Mr. Tony W. Spencer
Executive Vice President – Sale Operations
National Loan Exchange Inc.
10 Sunset Hills Professional Centre
Edwardsville, IL  62025
TonyS@nlex.com

   Re: *In re Griddy Energy LLC*, Case No. 21-30923 (MI), pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court")

Dear Mr. Spencer:

  This letter ("Agreement") describes the terms of your engagement by Griddy Energy LLC, (the "Client") in the above-referenced dispute.

  **1.** **PROFESSIONAL SERVICES**:  You agree to provide services in connection with confirmation of the Client's chapter 11 plan of liquidation in the above-referenced matter from time-to-time as requested by attorneys with Baker Botts L.L.P. (the "Firm") or the Client.  Your services shall include expert consultation regarding issues related to this matter.  Your services will also include preparation of a report or similar document, possible deposition testimony, and possible hearing testimony.

  We understand, and you agree, that you will exercise your professional and independent judgment in performing work and rendering opinions in connection with this matter.

  **2.** **PRIVILEGED INFORMATION:** The work and analysis that you perform may be used in arbitral, judicial, or other proceedings. As such, communications between you, the Client, or the members of the Firm may be privileged and protected by various legal doctrines. You agree not to waive any such privileges and to use your best efforts to maintain those privileges. All documents we provide you are the property of the Client or the Firm.

  **3.** **CONFIDENTIAL INFORMATION:** The work performed by you in this regard will be considered confidential and will not be disclosed to any third party, unless you receive prior written authorization for additional disclosure. You will not publish any article or other writing that discloses confidential or proprietary information. You shall abide by the terms of any protective order or agreement that is entered in the matter with respect to any and all materials provided to you by the Client or the Firm.

  In addition, prior to the Company filing an application to retain you as an expert in the

**BAKER BOTTS** LLP

Mr. Tony W. Spencer — - 2 - — As of June 8, 2021

above-referenced matter, you may not disclose your involvement in this matter to anyone outside of National Loan Exchange Inc., other than the fact that you have been retained to perform expert consulting services on behalf of the Client, without prior written permission from the Client or the Firm. You will promptly inform us of any contact or communication regarding this case, or the subject matter involved in this case, from any other person.

**4.     CONFLICT OF INTEREST:** You acknowledge that no conflict of interest exists or will be created by this engagement. You know of no reason why you cannot advise the Client or the Firm with respect to this matter. You agree that during the time you are acting as our consultant on behalf of the Client, you will refrain from any engagement that would be in conflict of interest to the Client, including but not limited to refraining from acting as an expert or consultant adverse to the Client.

**5.     NATURE OF RELATIONSHIP:** It is the Client's intent that this Agreement establishes an attorney/consultant relationship protected by any and all legal privileges applicable to such a relationship. All communications relating to the work performed by you shall be addressed to the Client or the Firm, and all such communications shall be considered confidential and privileged unless waived by the Client. In addition, all documents provided to you by the Client or the Firm shall also be considered highly confidential and should be returned after the end of your work on this case. Please refrain from preparing written notes concerning any opinions and conclusions you may reach in working with us unless we specifically request otherwise. You shall not produce any written work product or communications unless specifically requested by the Client or the Firm. Any and all studies, reports, or other data or information gathered, collected, or prepared by or for you in connection with and during the course of your work under this Agreement shall be the Client's property, shall be properly communicated to us, and shall be delivered to us upon our request or upon completion of your services under this Agreement. If authored by you, they will be considered "Works Made For Hire" and all right, title and interest in such works is hereby assigned by you to the Client.

**6.     FEES:** You will provide services at a flat rate of $3,500 for the analysis and drafting of your expert report or similar document. To the extent that you are required to appear for a deposition or testimony in a court hearing, you will provide services in connection with those two activities, which will be covered under the flat rate. You will discuss with us any work for this matter before it is undertaken. Please involve no other person in the work that you will perform without first discussing their other involvement with us.

Your fees are not contingent in any way upon the nature of your findings or conclusions or the outcome of this matter. Your fees will be paid without regard to the opinions rendered or the outcome of the litigation at issue. Any findings or conclusions developed or reached by you in connection with your services will reflect your own independent, professional judgment.

Notwithstanding the terms of any other provision, the total liability of the Client or the Firm and its affiliates, officers, directors, members, managers, employees and agents for all claims of any kind arising out of this engagement, whether in contract, tort, or otherwise, shall be limited

**BAKER BOTTS** LLP

Mr. Tony W. Spencer - 3 - As of June 8, 2021

to the total fees paid to you as part of this engagement, and will not include any special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings, or business opportunity).

Expenses: If you request and to the extent practical, the Client or the Firm may prepay or purchase major travel, accommodations, or other major expenses, if any, and otherwise reimburse you for any reasonable out-of-pocket expenses you incur as a direct result of your consultation. However, the Client will not reimburse you for the cost of telephone calls, messenger services, first/business class travel, or car services without prior written approval of the Client. You agree to obtain the Client's or its attorneys' consent before incurring any out-of-pocket expenses in excess of $500, and you will submit receipts for all expenses.

Notwithstanding anything to the contrary set forth herein, you understand and agree that the Client's retention of you as an expert is subject to Bankruptcy Court approval, including payment by the Client of your fees and expenses. In connection therewith, the Client will use commercially reasonable efforts to retain you pursuant to this agreement effective as of the date you start providing services and for your fees to be subject to the standard of review of Section 328 of the Bankruptcy Code. The Client also will use commercially reasonable efforts to obtain an order waiving the requirement to keep time records for your proposed flat fee and to seek authority for you to keep time records in 1 hour increments for work charged by the hour. You will be required to file a final fee application with the Bankruptcy Court in order to be paid.

Invoices: You agree to bill for services on a monthly basis, and your invoices should be sent to me at the end of each month in which you performed billable work. Your invoices should identify all time billed during the month, a brief description of the services performed, and a detail of the expenses for which you are requesting reimbursement. Payment for your invoices shall be the responsibility of the Client, subject to Bankruptcy Court approval, and not of the Firm.

**7.     AVAILABILITY:** If your testimony is required in any hearings or depositions for the referenced matter, we will notify you promptly of any such hearings or depositions, and you agree to use your best efforts to be available to participate in such hearings or depositions. The hearing on confirmation of the Client's chapter 11 plan is scheduled to occur on July 7, 2021 at 3:00 p.m. (Central time) and is expected to be conducted electronically. Nothing in this Agreement, or any verbal statements made by any of the parties hereto, will be construed as a promise or guarantee regarding the outcome of this matter. You make no promise or guarantee as to a particular opinion or conclusion.

**8.     TERM AND TERMINATION:** This Agreement is a personal services contract and may not be assigned or transferred in whole or in part by either party without prior written consent of the other party. The Client has the right to terminate this Agreement with notice to you with or without cause at any time. This Agreement will otherwise terminate when an order confirming the Client's chapter 11 plan goes effective. Please note that your final fee application may be filed with the Bankruptcy Court after the chapter 11 plan goes effective. All of your obligations other than the continued provision of services will survive the termination of this

**BAKER BOTTS** LLP

Mr. Tony W. Spencer - 4 - As of June 8, 2021

engagement.

    If this letter correctly states the substance of our agreement, please sign below and return a copy to me. Please do not hesitate to contact me at any point throughout the engagement with any questions or uncertainties you wish to discuss. We look forward to working with you.

                      Very truly yours,

                      /s/ Jonathan Rubenstein

                      Jonathan Rubenstein


/s/ Tony W. Spencer
Tony W. Spencer


/s/ Michael Fallquist
GRIDDY ENERGY LLC
By:  Michael Fallquist
Title: Chief Executive Officer