# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Griddy Energy LLC,** | ) | **Case No. 21-30923 (MI)** |
| | ) | |
| **Debtor.** | ) | |

## CERTIFICATE OF SERVICE

I, Nathaniel Repko, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtor in the above-captioned case.

On June 9, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit A**, and via electronic mail on the service list attached hereto as **Exhibit B**:

- **Debtor's Motion for Order (A) Approving and Authorizing Debtor to Enter into Settlement Agreement with the State of Texas and (B) Granting Related Relief** (Docket No. 338)

- **Corrected Notice of Hearing on Debtor's Motion for Order (A) Approving and Authorizing Debtor to Enter into Settlement Agreement with the State of Texas and (B) Granting Related Relief)** (Docket No. 340)

On June 10, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Customer #189709 at a redacted address:

- **Notice of: (A) Deadline to Cast Votes to Accept or Reject Chapter 11 Plan of the Debtor; (B) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of the Plan; (C) Deadline to Object to Confirmation; and (D) Related Matters and Procedures** (Docket No. 315)

- **Committee Recommendation to Accept the Chapter 11 Plan of Liquidation** (attached hereto as **Exhibit C**)

- **Ballot for Class 5 – Customer Claims Voting to Accept or Reject Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit D**)

- **Notice to All Former Customers of Griddy Energy LLC: Deadline to File Proofs of Claim in Bankruptcy Court** (attached hereto as **Exhibit E**)

- **Former Customer Proof of Claim Form and Instructions** (attached hereto as **Exhibit F**)

On June 15, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Customer #212134 at a redacted address:

- **Notice to All Former Customers of Griddy Energy LLC: Deadline to File Proofs of Claim in Bankruptcy Court** (attached hereto as **Exhibit E**)

- **Former Customer Proof of Claim Form and Instructions** (attached hereto as **Exhibit F**)

Dated: June 16, 2021

_/s/ Nathaniel Repko_
Nathaniel Repko
STRETTO
7 Times Square, 16th Floor
New York, NY 10036
855.478.2725
Email:TeamGriddy@Stretto.com

# **<u>Exhibit A</u>**

 STRETTO

**Exhibit A**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| AEP Texas Inc. | Attn: Mark Hunt | 910 Energy Drive | | | Abilene | TX | 79602-7945 | |
| Alpha Employment Solutions | Attn: Penny Vita-Finzi | 580 Woodland Ave | | | Burlington | ON | L7R 2S5 | Canada |
| CCH Incorporated | c/o Wolters Kluwer | Attn: CEO or General Counsel | PO Box 4307 | | Carol Stream | IL | 60197 | |
| CenterPoint Energy, Inc. | Attn: Kevin Kulhanek; Jewel Smith | 1111 Louisiana Street | | | Houston | TX | 77002 | |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Attn: Riley L. Burnett, Jr and Karen H. Beyea-Schroeder | 3737 Buffalo Speedway | Suite 1850 | Houston | TX | 77098 | |
| Bernice Willman | c/o Sheehy, Lovelace & Mayfield | Attn: Jeffrey R. Cox | 510 N. Valley Mills Dr., Suite 500 | | Waco | TX | 76710 | |
| Electric Reliability Council of Texas (ERCOT) | c/o Munsch Hardt Kopf & Harr, P.C. | Attn: Kevin M. Lippman and Deborah M. Perry | 500 N. Akard Street, Suite 3800 | | Dallas | TX | 75201-6659 | |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | 7620 Metro Center Drive | | | Austin | TX | 78744 | |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Marty L. Brimmage, Jr. & Patrick G. O'Brien | 2300 N. Field St. | Suite 1800 | Dallas | TX | 75201 | |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Philip C. Dublin | One Bryant Park | | New York | NY | 10036-6745 | |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: Tara L. Grundemeier | PO Box 3064 | | Houston | TX | 77253-3064 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | 2970 Market Street | | | Philadelphia | PA | 19104-5016 | |
| Internal Revenue Service | Houston Division | 1919 Smith Street | | | Houston | TX | 77002 | |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| Internal Revenue Service | | Department of Treasury | | | Ogden | UT | 84201-0045 | |
| Lisa Khoury, et al. | c/o Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | 3737 Buffalo Speedway, Suite 1900 | | Houston | TX | 77098 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael A. Rosenthal and Michael L. Raiff | 2001 Ross Avenue, Suite 2100 | | Dallas | TX | 75201 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Matthew G. Bouslog | 3161 Michelson Dr. | | Irvine | CA | 92612-4412 | |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Eric T. Haitz | 811 Main Street, Suite 3000 | | Houston | TX | 77002-6117 | |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Chad Mills | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Macquarie Investments US Inc. and Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Kelli S. Norfleet and Arsalan Muhammad | 1221 McKinney Street, Suite 4000 | | Houston | TX | 77010 | |
| Meridian Business Centers | c/o Hartman Income REIT Management | Attn: Sara Lynn O'Dell | 11811 North Freeway, Ste 160 | | Houston | TX | 77060 | |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C. | Attn: Shelby A. Jordan and Antonio Ortiz | 500 North Shoreline Blvd., Suite 900 | | Corpus Christi | TX | 78401 | |
| Office Of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | 515 Rusk Street, Suite 3516 | | | Houston | TX | 77002 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Charles R. Gibbs | 2501 North Harwood Street, Suite 1900 | | Dallas | TX | 75201-1664 | |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Darren Azman and Blaine Adams | 340 Madison Ave. | | New York | NY | 10173-1922 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | 1616 Woodall Rodgers | | | Dallas | TX | 75202 | |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | PO Box 4567 | | | Houston | TX | 77210-4567 | |
| Oracle America, Inc. | c/o Buchalter, a Professional Corporation | Attn: Shawn M. Christianson, Esq. | 55 Second Street | 17th Floor | San Francisco | CA | 94105-3493 | |
| Patricia Battaglia | c/o Richard A. Battaglia | PO Box 131276 | | | Houston | TX | 77219-1276 | |
| Public Utility Commission of Texas | Attn: David Hoard | 1701 N. Congress | | | Austin | TX | 78711-3326 | |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | Bankruptcy & Collections Division | Attn: Jason B. Binford; Layla D. Milligan | PO Box 12548- MC 008 | Austin | TX | 78711-2548 | |
| RLI Insurance Company | Attn: Commercial Surety | 9025 N. Lindbergh Dr. | | | Peoria | IL | 61615 | |
| S4S, LLC | Attn: Charles Cella | 12631 Imperial Hwy Ste F126 | | | Santa Fe Springs | CA | 90670 | |
| Star Energy Partners | Attn: CEO or General Counsel | 30 Post Rd E | # 2 | | Westport | CT | 06880-3404 | |
| State of Texas | Office of The Attorney General | 300 W. 15Th St | | | Austin | TX | 78701 | |
| State of Texas | Office of the Attorney General of Texas | c/o Bankruptcy & Collections Division | Attn: Rachel R. Obaldo and Abigail R. Ryan | PO Box 12548 MC008 | Austin | TX | 78711-2548 | |
| Stripe, Inc. | c/o Legal Department | 510 Townsend Street | | | San Francisco | CA | 94103 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | Lyndon B. Johnson State Office Building | 111 East 17th Street | | Austin | TX | 78774 | |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | PO Box 13528 | Capitol Station | | Austin | TX | 78711-3528 | |
| Texas Comptroller of Public Accounts, Revenue Accounting Division | Attn: John Mark Stern, Assistant Attorney General | Bankruptcy & Collections Division MC 008 | P.O. Box 12548 | | Austin | TX | 78711-2548 | |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | 577 N Garden Ridge Blvd | | | Lewisville | TX | 75067 | |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky and Tiara E. Seals | 1401 McKinney Street, Suite 1900 | | Houston | TX | 77010 | |
| The State of Texas | Attn: Rick Berlin & Dan Zwart | 808 Travis Street, Suite 1520 | | | Houston | TX | 77002 | |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | 112 E. Pecan Street, Suite 735 | | | San Antonio | TX | 75201 | |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Trey A. Monsour, Esq. | Saint Ann Court | 2501 North Harwood Street, Suite 1800 | Dallas | TX | 75201 | |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Michael A. Sweet, Esq. | 345 California Street | Suite 2200 | San Francisco | CA | 94104 | |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | Attn: Lee Saveliff | c/o Julia Sterling | 4 Sleigh Ridge | | Westport | CT | 06880 | |

# Exhibit B



**Exhibit B**

Served Via Electronic Mail

| Name | Attention | Address 1 | Email |
|---|---|---|---|
| AEP Texas Inc. | Attn: Mark Hunt | | crrtx@aep.com mdhunt@aep.com |
| Alpha Employment Solutions | Attn: Penny Vita-Finzi | | penny@alpha-employment.com |
| Bernice Willman | c/o Sheehy, Lovelace & Mayfield | Attn: Jeffrey R. Cox | jcox@slm.law |
| CCH Incorporated | c/o Wolters Kluwer | Attn: CEO or General Counsel | cch-ar@wolterskluwer.com |
| CenterPoint Energy, Inc | Attn: Kevin Kulhanek; Jewel Smith | | jewel.smith@centerpointenergy.com |
| Charles Huppert, District Court of Harris County, Texas Case No. 2021-12101; and Thomas Clark, District Court of Harris County, Texas Case No.: 2021-12017 | c/o Burnett Law Firm | Attn: Riley L. Burnett, Jr and Karen H. Beyea-Schroeder | Rburnett@rburnettlaw.com karen.schroeder@rburnettlaw.com |
| Electric Reliability Council of Texas (ERCOT) | c/o Munsch Hardt Kopf & Harr, P.C. | Attn: Kevin M. Lippman and Deborah M. Perry | klippman@munsch.com dperry@munsch.com |
| Electric Reliability Council of Texas (ERCOT) | Attn: Phil Mincemoyer | | ClientServices@ercot.com |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Marty L. Brimmage, Jr. & Patrick G. O'Brien | mbrimmage@akingump.com pobrien@akingump.com |
| Griddy Technologies LLC, Griddy Holdings LLC, Griddy VI Series A Holdings LLC and Griddy Pro LLC | c/o Akin Gump Strauss Hauer & Feld LLC | Attn: Philip C. Dublin | pdublin@akingump.com |
| Harris County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: Tara L. Grundemeier | houston_bankruptcy@publicans.com |
| Lisa Khoury, et al. | c/o Potts Law Firm, LLP | Attn: Derek H. Potts, J. Ryan Fowler, Batami Baskin | dpotts@potts-law.com rfowler@potts-law.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Michael A. Rosenthal and Michael L. Raiff | MRosenthal@gibsondunn.com MRaiff@gibsondunn.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher | Attn: Matthew G. Bouslog | MBouslog@gibsondunn.com |
| Luminant Energy Company LLC | c/o Gibson, Dunn & Crutcher LLP | Attn: Eric T. Haitz | EHaitz@gibsondunn.com |
| Macquarie Investments US Inc. & Macquarie Energy LLC | c/o Haynes and Boone LLP | Attn: Chad Mills | chad.mills@haynesboone.com |
| Macquarie Investments US Inc. and Macquarie Energy LLC | c/o Haynes and Boone, LLP | Attn: Kelli S. Norfleet and Arsalan Muhammad | kelli.norfleet@haynesboone.com arsalan.muhammad@haynesboone.com |
| Meridian Business Centers | c/o Hartman Income REIT Management | Attn: Sara Lynn O'Dell | sodell@hi-reit.com |
| Multiple Injured and Death Case Tort Claimants | c/o Jordan, Holzer & Ortiz, P.C. | Attn: Shelby A. Jordan and Antonio Ortiz | sjordan@jhwclaw.com aortiz@jhwclaw.com ecf@jhwclaw.com |
| Office of The United States Trustee | Attn: Hector Duran, Jr. and Stephen Douglas Statham | | Hector.Duran.Jr.@usdoj.gov Stephen.statham@usdoj.gov |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Charles R. Gibbs | crgibbs@mwe.com comstperry@mwe.com |
| Official Committee of Unsecured Creditors | c/o McDermott Will & Emery LLP | Attn: Darren Azman  and Blaine Adams | dazman@mwe.com badams@mwe.com |
| Oncor Electric Delivery Company LLC | Attn: David R Hunt | | contactcenter@oncor.com |
| Oracle America, Inc. | c/o Buchalter, a Professional Corporation | Attn: Shawn M. Christianson, Esq. | schristianson@buchalter.com |
| Patricia Battaglia | c/o Richard A. Battaglia | | rab@rabpc.com |
| Public Utility Commission of Texas | Attn: David Hoard | | david.hoard@puc.texas.gov |
| Public Utility Commission of Texas | c/o Office of the Attorney General of Texas | Bankruptcy & Collections Division | jason.binford@oag.texas.gov layla.milligan@oag.texas.gov |
| RLI Insurance Company | Attn: Commercial Surety | | Chrissy.Eaton@rlicorp.com support@rlicorp.com |
| S4S, LLC | Attn: Charles Cella | | charles.cella@strongforce.design |
| Star Energy Partners | Attn: CEO or General Counsel | | info@starenergypartners.com |
| State of Texas | Office of the Attorney General of Texas | c/o Bankruptcy & Collections Division | rachel.obaldo@oag.texas.gov abigail.ryan@oag.texas.gov |
| Stripe, Inc. | c/o Legal Department | | notices@stripe.com |
| Texas Comptroller of Public Accounts | Attn: Bo Overstreet, Section Manager, AP | | bo.overstreet@cpa.texas.gov |
| Texas Comptroller of Public Accounts, Revenue Accounting Division | Attn: John Mark Stern, Assistant Attorney General | Bankruptcy & Collections Division MC 008 | bk-jstern@oag.texas.gov |
| Texas-New Mexico Power Company | Attn: CEO or General Counsel | | MPRelations@pnmresources.com MPRelations@tnmp.com |
| Texas-New Mexico Power Company | c/o Jackson Walker LLP | Attn: Bruce J. Ruzinsky and Tiara E. Seals | bruzinsky@jw.com tseals@jw.com |



**Exhibit B**
Served Via Electronic Mail

| Name | Attention | Address 1 | Email |
|---|---|---|---|
| The State of Texas | Attn: Rick Berlin & Dan Zwart | | rick.berlin@oag.texas.gov<br>william.carpenter@oag.texas.gov<br>dan.zwart@oag.texas.gov |
| The State of Texas | Attn: Ken Paxton, Valeria Sartorio & Steven Robinson | | steven.robinson@oag.texas.gov<br>valeria.sartorio@oag.texas.gov |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Trey A. Monsour, Esq. | tmonsour@foxrothschild.com |
| Tort Claimant Customers | c/o Fox Rothschild LLP | Attn: Michael A. Sweet, Esq. | msweet@foxrothschild.com |
| William L Gault, Trustee of the Howard W. Gault Trust U/A dated January 27, 1969 | Attn: Lee Saveliff | c/o Julia Sterling | poley@optonline.net |

# **Exhibit C**

May 26, 2021

**Re:    Griddy Energy LLC, No. 21-30923 (MI)**
        __Committee Recommendation to Accept the Chapter 11 Plan of Liquidation__

To Holders of Class 4 Other General Unsecured Claims and Class 5 Former Customer Claims:

McDermott Will & Emery LLP represents the Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of Griddy Energy LLC (the "Debtor"). The Committee was appointed by the Office of the United States Trustee (an arm of the United States Department of Justice) to represent the interests of all general unsecured creditors, including you.

The Committee has dedicated significant time to understanding the circumstances leading to the Debtor's bankruptcy case, negotiating with the Debtor and other parties in interest for better treatment of unsecured creditors, and representing the interests of unsecured creditors before the bankruptcy court.

In May 2021, you received a solicitation package that contained the Debtor's *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") and the Debtor's *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (the "Plan"). **The Committee has reviewed these documents and believes that the Plan is in the best interests of unsecured creditors.**

---

**THE COMMITTEE RECOMMENDS THAT YOU VOTE TO __ACCEPT__ (VOTE FOR) THE PLAN.**

**THE COMMITTEE BELIEVES THAT THE PLAN PROVIDES THE BEST RECOVERY POSSIBLE FOR UNSECURED CREDITORS UNDER THE CIRCUMSTANCES.**

**Please contact the Committee's representatives at McDermott Will & Emery LLP with any questions regarding our recommendation or the Plan.**
**Charles R. Gibbs (214-295-8063); crgibbs@mwe.com**
**Darren Azman (212-547-5615); dazman@mwe.com**

---

__FORMER CUSTOMERS WILL RECEIVE RELEASES__. Under the Plan, the Debtor's former customers have the option to receive releases from the Debtor in exchange for releasing the Debtor and other third parties, including, but not limited to, the Debtor's officers, directors and affiliates as well as the Debtor's prepetition secured lenders (collectively, the "Released Parties"). For those former customers that do not opt out of the customer releases, the Debtor will *not* attempt to collect amounts owed by such former customers on account of electricity used, including during the February 2021 winter storm event in Texas (commonly referred to as Winter Storm Uri), or report such former customers' unpaid balances to credit bureaus. The Committee believes this is a material benefit to the tens of thousands of customers who received electricity bills at the extreme pricing imposed by the market and regulators during Winter Storm Uri and will provide finality and peace of mind to affected former customers.

**FORMER CUSTOMERS WHO PAID FOR ELECTRICITY WILL HAVE ALLOWED CLAIMS**. Former customers who do not opt out of the customer releases and who paid for electricity they used during February 13, 2021 – February 19, 2021 will have allowed, unsecured claims against the Debtor for the amounts paid. *If you paid for the electricity you used during such period, you must file a proof of claim evidencing such claim before the applicable bar date to have an allowed unsecured claim in the amount reflected on the Debtor's books and records.*

**THE DEBTOR RELEASES BENEFIT THE ESTATE**. The Debtor proposes to release claims and causes of action it may have against, among others, the Released Parties. In exchange for these releases, the Released Parties will make valuable contributions that the Committee believes will materially improve the recoveries of general unsecured creditors. Namely, the prepetition secured lenders have, among other things, agreed to waive their entire claim of approximately $1.45 million, and the non-debtor affiliates have agreed to pay the prepetition secured lenders professional fee claim up to $225,000. A non-debtor affiliate has further agreed to grant a limited license to the Debtor to assist it in prosecuting causes of action and administering the claims reconciliation process, and the directors and officers have agreed to assist the Debtor with that process.

**YOU MAY OPT-OUT OF THE THIRD-PARTY RELEASES**. Any non-former customer and any former customer that opts-out of the customer releases may decide to opt-out of the third party releases in the Plan. Unless such parties opt-out of the third party releases, any claims they have against the Released Parties may be released. Detailed instructions on how to opt out of the third-party releases are included on your ballot, enclosed in the same package as this letter. If you are a former customer and you opt-out of the third party releases, you will not receive the Debtor release for your past unpaid electricity bills, but you may file a claim against the Debtor by the applicable deadline or pursue claims that you hold against the other Released Parties. You should consult your own attorney to determine the best course of action for you.

**THE PLAN ADMINISTRATOR WILL BE JOINTLY APPOINTED**. Under the Plan, the Plan Administrator will have control over the prosecution of claims and causes of action against third parties and distributions to unsecured creditors. The Plan provides that the Debtor and the Committee will jointly appoint the Plan Administrator. Additionally, the Plan creates an advisory board with significant oversight powers that will initially consist of two members selected by the Committee and one member selected by the Debtor. This will allow the Committee-appointed members to help ensure that the Plan Administrator acts in the best interests of general unsecured creditors.

**THE PLAN REPRESENTS A GLOBAL RESOLUTION**. The Plan represents a global resolution among the Debtor, the Released Parties, and the Committee that avoids potential time consuming and expensive litigation and lost value to the Debtor's estate. The Committee believes that this global resolution is in the best interests of general unsecured creditors.

**ALTERNATIVES TO THE PLAN ARE NOT AS FAVORABLE**. The Committee believes that if the Plan is not confirmed, unsecured creditor recoveries will be diminished and certain key benefits of the Plan will be lost. In particular, the Debtor will need to expend significant resources drafting and soliciting a new Plan and it is likely that the Chapter 11 Case will convert to a chapter 7 liquidation. Under chapter 7, a chapter 7 trustee would be appointed and would likely pursue former customers for outstanding amounts owing to the Debtor and/or report such former customers' unpaid balances to a credit bureau. Additionally, it is unlikely that the Released Parties would make the same valuable contributions they are currently offering. Moreover, it is unlikely that former customers would receive releases from the Debtor for amounts owed on account of unpaid bills for past electricity used.

**YOUR VOTE IS IMPORTANT**. Without your vote to accept the Plan, the Plan may not be accepted by the requisite number of creditors. Even if some general unsecured creditors vote to reject the Plan, Class 4 and Class 5 would accept the Plan if two-thirds in amount and a majority of claim holders in each class vote to accept the Plan. Accordingly, every vote counts.

**THE PLAN TREATS UNSECURED CREDITORS FAIRLY**. The Committee negotiated for increased recoveries for the general unsecured creditors. In addition to the Debtor's cash on hand and the proceeds of certain causes of action the Debtor has against third parties, the Debtor's prepetition secured lenders have agreed to waive their entire claim of approximately $1.45 million, and their claim for professional fees will likely be paid in full by the Debtor's non-debtor affiliates.

The foregoing description is not intended as a substitute for the Disclosure Statement. All statements contained in this letter represent the Committee's belief, formed after a review of the relevant documents and consultation with its attorneys. Creditors should read the Disclosure Statement and the Plan in their entirety and then make their own respective independent decision as to whether the Plan is acceptable.

*For these reasons, the Committee urges general unsecured creditors to vote to **ACCEPT** the Plan.*

Very truly yours,

*The Official Committee of Unsecured Creditors of Griddy Energy LLC*

# Exhibit D

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR CLASS 5 – CUSTOMER CLAIMS
VOTING TO ACCEPT OR REJECT MODIFIED THIRD
AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 (THE "VOTING DEADLINE").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION.**

---

You are receiving this ballot (the "Ballot") to solicit your vote to accept or reject the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan").[2] Griddy Energy LLC's (the "Debtor") records indicate that you are, **as of May 25, 2021** (the "Voting Record Date"), a holder of a Class 5 Customer Claim. If you believe this information is incorrect, or if you have received this Ballot in error, please contact Stretto[3] ("Stretto" or the "Voting Agent") via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).

---

[1]   The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

[2]   Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan.

[3]   Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

The Bankruptcy Court has conditionally approved the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as may be modified, amended or supplemented from time to time, the "Disclosure Statement"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Conditional approval of the Disclosure Statement by the Bankruptcy Court does not indicate Bankruptcy Court approval of the Plan. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the website of Voting Agent at: https://cases.stretto.com/Griddy.

Before you transmit your vote, you are encouraged to review the Plan, the Disclosure Statement and all related documents attached herewith carefully. You may wish to seek independent legal advice concerning the Plan and the treatment of your Claim(s) under the Plan.

The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate Classes of creditors and interest holders for voting and distribution purposes. Depending on the nature of the debt or interest that is held in or against the Debtor, a holder may have Claims and/or Interests in multiple Classes. The Disclosure Statement sets forth a description of the Classes in the Plan.

**Please also note that the Plan may be altered, amended or modified as described in Section 14.07 of the Plan. If the Plan as altered, amended or modified satisfies the conditions of the applicable Bankruptcy Code sections, the Debtor may not be required to resolicit votes on the Plan and, accordingly, a vote to accept the Plan submitted prior to the Voting Deadline will be considered a vote to accept the Plan as so altered, amended or modified.**

If you have any questions on how to properly complete this Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international). **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE VOTING INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE YOUR CUSTOMIZED BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN.**

## VOTING METHODS:

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is <u>actually received</u> by the Voting Agent, Stretto, by no later than June 25, 2021 at 5:00 p.m. (Prevailing Central Time).**

**Please submit a Ballot with your vote by <u>one</u> of the following methods:**

### <u>If Submitting Your Vote through the E-Balloting Portal</u>

Stretto will accept Ballots if properly completed electronically through Stretto's online E-Ballot Portal.

Submit your Ballot via the E-Ballot Portal, by visiting https://cases.stretto.com/Griddy. Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**Holders who cast a Ballot using the E-Ballot Portal should <u>NOT</u> also submit a paper Ballot.**

### <u>If you choose to submit your Ballot by First Class</u> <u>Mail, Overnight Delivery or Hand Delivery</u>:

Griddy Energy LLC, Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

3

**IMPORTANT**

YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE.  YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN AS WELL AS CLASSIFICATION OF YOUR CLAIM.

YOUR CUSTOMER CLAIM AGAINST THE DEBTOR HAS BEEN PLACED IN CLASS 5 UNDER THE PLAN; <u>PROVIDED</u> THAT,

(A) IF YOU OPT OUT OF THE CUSTOMER RELEASES AS THE HOLDER OF A CLASS 5 CUSTOMER CLAIM,

 <u>OR</u>

(B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES,

THEN, YOU WILL NOT HAVE AN ALLOWED CLASS 5 CUSTOMER CLAIM.  RATHER, YOU WILL HAVE A CLASS 4 OTHER GENERAL UNSECURED CLAIM SOLELY FOR PURPOSES OF VOTING ON THE PLAN.

ACCORDINGLY, THE BALLOT BELOW PROVIDES FOR YOU TO VOTE BOTH AS THE HOLDER OF A CLASS 5 CUSTOMER CLAIM AND THE POTENTIAL HOLDER OF A CLASS 4 OTHER GENERAL UNSECURED CLAIM.  THE VOTE YOU CAST AS THE HOLDER OF A CLASS 4 OTHER GENERAL UNSECURED CLAIM WILL ONLY BE COUNTED IF (A) (I) YOU OPT OUT OF THE CUSTOMER RELEASES HEREIN OR (B) THE BANKRUPTCY COURT DOES NOT APPROVE THE CUSTOMER RELEASES CONTAINED IN CLASS 5.

IF YOUR BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE YOUR VOTE WILL NOT COUNT EXCEPT IN THE DEBTOR'S SOLE DISCRETION.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

<u>ADDITIONALLY, PARTICIPATING CUSTOMERS SHALL HAVE FORTY-FIVE (45) DAYS AFTER THE EFFECTIVE DATE TO ELECT TO BECOME NON-PARTICIPATING CUSTOMERS BY COMPLETING AND RETURNING THE CUSTOMER RELEASE OPT-OUT FORM.  IF A PARTICIPATING CUSTOMER ELECTS TO BECOME A NON-PARTICIPATING CUSTOMER IN ACCORDANCE WITH THE FOREGOING, THE FORMER PARTICIPATING CUSTOMER SHALL BE TREATED AS A NON-PARTICIPATING CUSTOMER UNDER THE PLAN FOR ALL PURPOSES; *PROVIDED THAT* SUCH PERSON'S VOTE ON THE PLAN SHALL NOT BE CHANGED IF THE ELECTION IS MADE AFTER THE VOTING DEADLINE.</u>

4

**Item 1.**

    **(A)** *Vote on Plan.* The undersigned holder of a Customer Claim in Class 5, votes all such Claims to (check <u>one</u> box):

        ☐ **Accept** (votes FOR) the Plan

        OR

        ☐ **Reject** (vote AGAINST) the Plan

**IF YOU DO NOT OPT OUT OF THE CUSTOMER RELEASES, INCLUDING IF YOU ABSTAIN FROM VOTING AND DO NOT OPT OUT OF THE CUSTOMER RELEASES, YOU WILL BE DEEMED A PARTICIPATING CUSTOMER. "Participating Customer" means any holder of a Customer Claim that does not opt out of the Customer Releases, including those holders of Customer Claims that abstain from voting and do not opt out of the Customer Releases. On the Effective Date, (a) all Claims of Participating Customers shall be classified and treated for all purposes under the Plan as Class 5 Customer Claims and (b) all Participating Customers shall grant in favor of the Released Parties (as defined in the Plan and reproduced below) and receive the benefit from the Released Parties the Customers Release (as defined in the Plan and reproduced below) set forth in Section 12.10 of the Plan;** <u>***provided***</u> *that, notwithstanding the foregoing, if the Bankruptcy Court does not approve the Customer Releases, then each Participating Customer will not have an Allowed Class 5 Claim, the Customer Releases shall not become effective and, solely if such Participating Customer timely and properly filed an unsecured nonpriority claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, each such Customer Claim shall be classified and treated as an Other General Unsecured Claim under the Plan.*

    **"<u>Customer Releases</u>" means the mutual releases by and among the Participating Customers, on the one hand, and the Released Parties, on the other hand, whereby (i) the Debtor and each other Released Party releases and waives all Claims against each Participating Customer, solely in its capacity as such, including, for unpaid amounts owed by such Participating Customer to the Debtor for the electricity and related fees, taxes, expenses and other costs charged to such customers for the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; and (ii) each Participating Customer releases and waives all Claims against each of the Released Parties relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement, including, any Claims for any loss a Participating Customer may suffer, have suffered or be alleged to suffer as a result of or relating to the Participating Customer's agreements with the Debtor as well as the electricity**

5

and related fees, taxes and costs charged to such customers for any period while they were a customer of the Debtor, including, the period February 13, 2021 through and including February 19, 2021, including when the Public Utilities Commission of Texas imposed the $9,000 per MWh price for wholesale power; provided, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed Participating Customer Potential Return, receive its Pro Rata share of the Texas Storm Causes of Action Net Recovery Proceeds, if any, which proceeds shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.

"*Released Parties*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates, owners, and each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; provided, however, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; provided, further, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

"*Non-Debtor Affiliates*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

*Releases Provided by Holders of Participating Customer Claims in Section 12.10*:

Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, (i) each Participating Customer will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to accept the Customer Releases as they pertain to such Participating Customer and the Released Parties and (ii) each Released Party will be deemed to accept the Customer Releases as they pertain to such Released Party and the Participating

Customers; **provided that, notwithstanding the foregoing, if the Bankruptcy Court does not approve the Customer Releases pursuant to Bankruptcy Rule 9019 through this Plan or otherwise, then each Participating Customer will not have an Allowed Class 5 Claim, the Customer Releases shall not become effective and, solely if such Participating Customer timely and properly filed an unsecured nonpriority proof of claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, such Customer Claim shall be classified as an Other General Unsecured Claim and treated for all purposes under this Plan as an Other General Unsecured Claim.** For the avoidance of doubt, if the Customer Releases become effective, each Participating Customer releases and waives all Claims against each of the Released Parties, including, any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws, fraud or otherwise, demands, debts, rights, causes of action (including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any Claims for any such loss such Participating Customer may suffer, have suffered or be alleged to suffer as a result of the Debtor selling electricity to such Participating Customer prior to the Petition Date, the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; **provided**, that, notwithstanding the foregoing, each eligible Participating Customer may assert a Participating Customer Potential Return Claim in a timely and properly filed proof of claim form in accordance with the Former Customers Bar Date Order and, solely to the extent each Participating Customer has an Allowed Participating Customer Potential Return Claim, receive its Pro Rata share of (i) the Texas Storm Causes of Action Net Recovery Proceeds, if any, and (ii) any Available Prepetition Lender Contribution, which shall be shared with holders of Allowed Other General Unsecured Claims on a Pro Rata basis and be distributed (Pro Rata) to holders of (a) Allowed Other General Unsecured Claims and (b) Allowed Participating Customer Potential Return Claims.

**(B)** *Opt-Out Election* **(See box immediately below).**

By checking the box below, the undersigned Claimant certifies it is the holder of a Customer Claim in Class 5 and elects to **OPT OUT** of the Customer Releases as set forth in Section 12.10 of the Plan.

☐   The undersigned elects <u>not</u> to grant (OPTS OUT OF) the Customer Releases set forth in section 12.10 of the Plan.

> **IF YOU HOLD A CUSTOMER CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IN ITEM 1(B) ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE CUSTOMER RELEASES SET FORTH IN SECTION 12.10 OF THE PLAN.**

Notwithstanding the foregoing, Participating Customers shall have forty-five (45) days after the Effective Date to elect to become Non-Participating Customers by completing and returning the Customer Release Opt-Out Form. If a Participating Customer elects to become a Non-Participating Customer in accordance with the foregoing, the former Participating Customer shall be treated as a Non-Participating Customer under the Plan for all purposes; *provided that* such Person's vote on the Plan shall not be changed if the election is made after the Voting Deadline.

**Item 2.   (ALL HOLDERS OF CUSTOMER CLAIMS SHOULD COMPLETE THIS ITEM 2 IN ADDITION TO ITEM 1 ABOVE).**

**IF YOU OPT OUT OF THE CUSTOMER RELEASES IN ITEM 1, YOU WILL BE DEEMED A "NON-PARTICIPATING CUSTOMER." Non-Participating Customers will not grant and will not receive the benefit of the Customer Release** and will not be treated as having an Allowed Class 5 Customer Claim. Rather, Non-Participating Customers have a temporarily Allowed Claim in Class 4 (Other General Unsecured Claims) solely for purposes of voting on the Plan. For all other purposes, if a Non-Participating Customer timely and properly files an unsecured nonpriority claim against the Debtor by the applicable Bar Date in accordance with the applicable Bar Date Order, such Non-Participating Customer will be treated as a holder of Other General Unsecured Claims.

Holders of Allowed Other General Unsecured Claims in Class 4 are subject to certain third party release provisions, as discussed further below.

**IF YOU DO NOT OPT OUT OF THE CUSTOMER RELEASES IN ITEM 1 ABOVE, INCLUDING IF YOU ABSTAIN FROM VOTING AND DO NOT OPT OUT OF THE CUSTOMER RELEASES, YOU WILL BE DEEMED A "PARTICIPATING CUSTOMER."** Participating Customers will grant and will be deemed to receive the benefit of the Customer Releases and Claims of Participating Customers will be classified and treated for all purposes as Class 5 Customer Claims under the Plan, unless the Bankruptcy Court does not approve the Customer Releases. If you opt out of the Customer Releases in Class 5, your claim will be classified as a Class 4 Other General Unsecured Claim. If the Bankruptcy Court does not approve the Customer Releases, Claims of Participating Customers will be classified as Class 4

Other General Unsecured Claims under the Plan. Holders of Allowed Other General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Plan and are subject to certain third party release provisions, as discussed further below.

**BOTH PARTICIPATING CUSTOMERS AND NON-PARTICIPATING CUSTOMERS SHOULD VOTE TO ACCEPT OR REJECT THE PLAN AS A HOLDER OF AN OTHER GENERAL UNSECURED CLAIM IN CLASS 4, SUBJECT TO THE TERMS AND CONDITIONS SET FORTH HEREIN.**

*Vote on the Plan as the Holder of Other General Unsecured Claim in Class 4.* The undersigned holder of an Other General Unsecured Claim in Class 4 votes all such Claims to (check <u>one</u> box):

☐ **Accept** (votes FOR) the Plan

OR

☐ **Reject** (votes AGAINST) the Plan

<u>NOTE</u>: The vote in this Item 2 and the Opt Out in Item 4 will only be counted (a) if you opt out of the Customer Releases in Item 1 or (b) if the Bankruptcy Court does not approve the Customer Releases as to Participating Customers. If you did not opt out of the Customer Releases in Item 1, including if you abstained from voting in Item 1 and did not opt out of the Customer Releases in Item 1, and (ii) the Bankruptcy Court approves the Customer Releases, the vote in Item 1 above will be your only vote counted and your vote in Item 2 and the Opt Out in Item 4 will <u>not</u> be counted. If you opt out of the Customer Releases in Item 1, you will be deemed to have a temporarily Allowed Claim in Class 4 (Other General Unsecured Claims) solely for voting purposes.

**Item 3.** *General Releases*.

THE PLAN CONTAINS A SERIES OF RELEASES. PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and be exculpated and certain parties will be giving releases set forth in Section 12.07 and be bound by injunctions set forth in Section 12.06 and Section 12.09 of the Plan.

> "*<u>Released Parties</u>*" means, collectively, and each solely in its capacity as such: (a) the Debtor, (b) the Committee and its members, (c) the Prepetition Secured Lenders and the Collateral Agent, and (d) each of such parties' respective predecessors, successors, assigns, subsidiaries, affiliates, the Non-Debtor Affiliates,[4] owners, and

---

[4] "*<u>Non-Debtor Affiliates</u>*" means the Debtor's non-debtor affiliates, HoldCo, Griddy Technologies LLC, Griddy Pro LLC, Griddy VI Holdings LLC, Griddy VI Intermediate Holdings LLC, Griddy 6 Holdings LLC, Griddy

each of their respective current (as of the Petition Date) officers, directors, employees, managers, members, principals, shareholders, agents, advisors and professionals (including any attorneys, consultants, financial advisors, investment bankers and other professionals retained by such Persons) or other representatives, each in their capacities as such, together with their successors and assigns; <u>provided</u>, <u>however</u>, that such attorneys and professional advisors shall only include those that provided services related to the Chapter 11 Case and the transactions contemplated by the Plan; <u>provided</u>, <u>further</u>, that no Person shall be a Released Party if it elects to opt out of the releases provided for in Article XII of the Plan in its Ballot.

### *Third party release provisions contained in Section 12.07(b) of the Plan*:

**Except as otherwise provided in the Plan or the Confirmation Order, including Section 12.10 as to Participating Customers, on the Effective Date, (i) each holder of a Claim in a Class entitled to vote on the Plan and (ii) each Released Party (other than the pre-Effective Date Debtor, the Liquidating Debtor and the Plan Administrator), to the fullest extent permissible under applicable law as such law may be extended or interpreted subsequent to the Effective Date, in consideration for the obligations of the Debtor under the Plan, the Distributions under the Plan and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, will be deemed to have consented to the Plan and the restructuring embodied herein for all purposes and deemed to forever release and waive all claims (as such term is defined in section 101(5) of the Bankruptcy Code) against any and all Released Parties and Participating Customers (solely in each such customer's capacity as such), including but not limited to any claim sounding in law or equity or asserting a tort, breach of any duty or contract, violations of the common law, any federal or state statute, any federal or state securities laws or otherwise, demands, debts, rights, causes of action (including without limitation, the Causes of Action) or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including but not limited any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtor commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the pre-Effective Date Debtor, the Liquidating Debtor, the Plan Administrator, the Chapter 11 Case, the Plan or the Disclosure Statement; <u>provided</u>, <u>however</u>, that the foregoing releases shall not apply to any holder of a Claim if such holder "opts out" of the releases provided in Section Error! Reference**

VI Series A Holdings LLC, Beachside New Utility Holdings LLC, Beachside New Utility (VI) Holdings LLC, Elliot New Utility Holdings LLC, Elliot New Utility (VI) Holdings LLC, Janson New Utility Holdings LLC, Janson New Utility (VI) Holdings LLC, Grid Investments Inc., EDF Trading North America LLC, Niab Holdings Pty Limited and SRA Investments Pty Limited.

source not found. **in a timely and properly submitted Ballot; <u>provided</u>, <u>further</u>, that in no event shall anything in Section** Error! Reference source not found. **be construed as a release of any Person's gross negligence or willful misconduct, as determined by a Final Order, for matters with respect to the Debtor. For the avoidance of doubt, the only parties that are bound by the releases set forth in Section** Error! Reference source not found. **are (a) the Released Parties and (b) holders of Claims in a Class entitled to vote on the Plan that do not "opt out" of the releases provided in Section** Error! Reference source not found. **of the Plan in a timely and properly submitted Ballot or Customer Release Opt-Out Form in accordance with the terms of the Plan.**

---

**IMPORTANTLY, ALL HOLDERS OF OTHER GENERAL UNSECURED CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN. FOR THE AVOIDANCE OF DOUBT, IF THE BANKRUPTCY COURT APPROVES THE CUSTOMER RELEASES, THEN THE CUSTOMER RELEASES SHALL APPLY TO HOLDERS OF PARTICIPATING CUSTOMER CLAIMS AND SHALL BE IN LIEU OF THE RELEASES AND OPT OUT OPTION PURSUANT TO SECTION 12.7(b) OF THE PLAN.**

---

**Item 4. Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of an Other General Unsecured Claim pursuant to the terms set forth above and elects **NOT** to release the Released Parties as set forth in Section 12.07(b) of the Plan.

☐     The undersigned elects <u>not</u> to grant (OPTS OUT OF) the releases set forth in section 12.07(b) of the Plan.

---

**IF YOU HOLD AN OTHER GENERAL UNSECURED CLAIM AND YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.7(b) OF THE PLAN.**

---

**Item 5.** *Tax Information.*

Under penalty of perjury, Claimant certifies that:

    A.  Claimant's Name is: _____.

    B.  Claimant's Address for Distribution (if any) To Be Sent:

        _____

        _____.

    C.  Claimant's correct taxpayer identification number is:

        (Social Security Number) _____-___-_____,

        (or Employer Identification Number) ____-_____; and

    D.  If applicable, Claimant is not subject to backup withholding because (please check appropriate box):

        ☐  (i) Claimant is exempt from backup withholding;

        ☐  (ii) Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to withholding as a result of a failure to report all interest or dividends; or

        ☐  (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

If you are a nonresident alien or a foreign entity, please reach out to Stretto, the Debtor's Solicitation Agent, to request Form W-8 by (a) emailing GriddyInquiries@stretto.com; or (b) calling at (855) 478-2725 (toll free) or (949) 471-0997 (international).

**Item 6** *Certifications.* By signing this Ballot, the undersigned Claimant certifies that (a) Claimant was a customer of the Debtor at some point during the period between February 1, 2017 and March 15, 2021; (b) it did not sell its Claim to a third-party on or prior to the Voting Record Date; (c) it has full power and authority to vote or reject the Plan; (d) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (e) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Name of Claimant: _____

Signature: _____

Print Name: _____

Title: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE PROMPTLY SUBMIT YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u>**
**NO LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON JUNE 25, 2021 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE DISCLOSURE STATEMENT, THE PLAN OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CONTACT THE VOTING AGENT, STRETTO, VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR CALL (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.     In order for your vote to count, you must:

   a)     In the box provided in Item 1(A) of the Ballot, indicate either acceptance or rejection of the Plan and the treatment afforded to Class 5 Customer Claims set forth in the Plan by checking the appropriate box;

   b)     In the box provided in Item 1(B) of the Ballot, indicate whether you opt out of the Customer Releases by checking the box only if you elect to opt out of the Customer Releases.

   c)     In the box provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan as a holder or potential holder of a Class 4 Other General Unsecured Claim by checking the appropriate box.  This portion of the Ballot will replace the vote in Item 1(A) only if (a) you are a Non-Participating Customer or (b) if the Bankruptcy Court does not approve the Customer Releases for all Participating Customers;

   d)     For holders of Other General Unsecured Claims (i.e., for purposes of this Ballot only, (a) all Non-Participating Customers or (b) if the Bankruptcy Court does not approve the Customer Releases for all Participating Customers), carefully review the information regarding releases in Item 3 and check the box in Item 4 if you elect to opt out of the third-party releases;

   e)     Review and complete the tax information in Item 5 and the certification in Item 6 of the Ballot; and either

      i.     electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Stretto's website so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021; or

      ii.     complete, sign and return your Ballot by first class mail, overnight delivery, or hand delivery so that it is **actually received** by Stretto no later than the Voting Deadline of 5:00 p.m. (Prevailing Central Time) on June 25, 2021. Any unsigned or non-original Ballot will not be counted.  Return the completed Ballot to:

**Via First Class Mail, Overnight Delivery, or Hand Delivery:**

Griddy Energy LLC Ballots
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

2.      The method of delivery of your Ballot is at your election and at your own risk.  **YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM.  Stretto's E-Ballot platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Stretto's website.  Your Ballot must be received by Stretto no later than the Voting Deadline.**

**Creditors who cast a Ballot using Stretto's E-Ballot platform should NOT also submit a paper Ballot.**

        **If you are unable to use the E-Ballot platform or need assistance in completing and submitting your Ballot, please contact Stretto via email at GriddyInquiries@stretto.com or call (855) 478-2725 (toll free) or (949) 471-0997 (international).**

3.      A properly completed, executed, and timely returned Ballot that either (a) indicates both an acceptance and rejection of the Plan or (b) fails to indicate either an acceptance or rejection of the Plan will not be counted.

4.      If the Bankruptcy Court does not approve the Customer Releases in Item 1, only your vote in Item 2 of the Ballot and any opt out indicated in Item 4 of the Ballot will be counted.

5.      Review the opt-out election disclosure in Item 4 of the Ballot, and determine whether you will check the box to opt out of the Plan's third-party release provisions as they apply to holders of Class 4 Other General Unsecured Claims.

6.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

7.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot.  If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

8.      Any Ballot cast by a person or entity that did not hold a Claim in Class 5 Customer Claims as the Voting Record Date will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10. The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

11. It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

12. Each Ballot you receive is for voting only your Claim described in that Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 5 (Customer Claims) and holders of Customer Claims in Class 5 that either are (i) Non-Participating Customers or (ii) if the Bankruptcy Court does not approve the Customer Releases, Participating Customers.

13. The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Plan. No party will accept delivery of any such certificates surrendered together with this Ballot.

14. No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the materials mailed with this Ballot or other solicitation materials approved by the Bankruptcy Court, including, without limitation, the Disclosure Statement.

15. To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 5, which requests certain tax information that is necessary to make distributions to holders of Claims.

16. Please return your Ballot promptly.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT GRIDDYINQUIRIES@STRETTO.COM OR (855) 478-2725 (TOLL FREE) OR (949) 471-0997 (INTERNATIONAL). **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# **Exhibit E**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GRIDDY ENERGY LLC,[1] | ) | Case No. 21-30923 (MI) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### NOTICE TO ALL FORMER CUSTOMERS OF GRIDDY ENERGY LLC:
### DEADLINE TO FILE PROOFS OF CLAIM IN BANKRUPTCY COURT

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.
THIS NOTICE WAS APPROVED BY JUDGE ISGUR AND IS NOT A SOLICITATION.**

### <u>YOU ARE NOT BEING SUED</u>.

*This notice is also posted at*: **https://cases.stretto.com/Griddy/Customers**.

<u>**Who is this Notice for and what is it about**</u>?

- **This Notice is being sent to all Former Customers of Griddy – a company that previously provided retail electric services. A "Former Customer" is a person who was a retail electricity customer (or the legal representative of such customer) of the Debtor at any point from February 11, 2021 through February 19, 2021.**

- **Griddy has filed for bankruptcy and the Court has entered an Order that all Former Customers of Griddy who wish to file any claim against Griddy must fill out and send in a claim form no later than July 19, 2021 at 10:00 p.m. (Central Time).**

<u>**Instructions and requirements for submitting claims are detailed below**</u>.

1. ***Griddy has filed for Bankruptcy***: On March 15, 2021, Griddy Energy LLC ("<u>Griddy</u>"), filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>"). The Judge in charge of this case is the Honorable Marvin Isgur.

2. ***Customer Claim Deadline***: Judge Isgur set ***<u>July 19, 2021 at 10:00 p.m. (Central Time)</u>*** as the Deadline for Former Customers to file Proofs of Claim in Griddy's bankruptcy case. As a Former Customer, if you believe you have any claim or potential claim against Griddy, you must fill out a proof of claim form and either file it electronically or send it by mail or overnight delivery to be received by **July 19, 2021 at 10:00 p.m. (Central Time).**

---

[1]  The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

3. ***Stretto.com as "Administrator":*** Judge Isgur appointed Stretto.com as the Administrator of this case. Stretto will send you important notices about Griddy's bankruptcy and is authorized by the Judge to distribute and receive all Proofs of Claim. You can review a blank proof of claim form and instructions for completing it by clicking here: https://cases.stretto.com/Griddy/Customers.

4. ***Claim* Requirements:** The Court's rules require that your claim form meet certain standards.

   a. ***Contents Required***. Each proof of claim must: (a) be in the proof of claim form that will be sent to you by email from the Administrator (you can also get a copy at https://cases.stretto.com/Griddy/Customers); (b) be clear enough to read; (c) include your monetary claim amount, if any; (d) include your email address; (e) be signed by you as the Former Customer or by your authorized agent or legal representative on your behalf as the claimant; and (f) declare that the information contained in the proof of claim is true and correct to the best of your knowledge, information, and belief.

   b. ***Supporting Documentation Required***. For your proof of claim to have initial validity you must include documents that support your claim. Examples of these documents are provided in the instructions that accompany the proof of claim form provided by the Administrator. If your documents are very lengthy or are not available, you may include a written statement that summarizes your documents or explains why your documents are not available.

   c. ***Submitting your claim before the deadline***. Your proof of claim including supporting documents must be ***actually received*** by Stretto no later than **July 19, 2021 at 10:00 p.m. (Central Time).**

   d. ***How and where to submit your claim***: You have two ways to submit your proof of claim:

      (i) ***Electronically***: You may submit your claim to the Administrator by electronic submission through the interface available at https://cases.stretto.com/Griddy/Customers. Your claim will be electronically signed by you or your Authorized Representative.

      (ii) ***First-Class Mail, Hand Delivery, or Overnight Mail***: You may send your claim form to the Administrator by U.S. Mail, Hand Delivery, or Overnight Mail to the following address:

        **If by First-Class Mail, Hand Delivery, or Overnight Mail:**
        Griddy Energy LLC Claims Processing
        c/o Stretto
        410 Exchange, Suite 100
        Irvine, CA 92602

2

> **DO NOT SEND YOUR PROOF OF CLAIM BY FACSIMILE OR IN AN EMAIL. THOSE WILL NOT BE ACCEPTED.**

e. ***Receipt of Service***. If you file your Proof of Claim electronically at https://cases.stretto.com/Griddy/Customers, you will receive a confirmation email from DocuSign (dse_na2@docusign.net) and the email subject will be "Completed: Griddy Customer Claim Form." Claimants wishing to receive acknowledgment by mail that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim form (in addition to the original Proof of Claim form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## I.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

IF YOU HAVE A CLAIM AND FAIL TO FILE IT ON OR BEFORE **JULY 19, 2021 AT 10:00 P.M. (CENTRAL TIME)**, YOU MAY, BY FUTURE ORDER OF THE COURT, BE BARRED FROM ASSERTING ANY CLAIM AGAINST THE DEBTOR, AND WILL BE PRECLUDED FROM PARTICIPATING IN ANY DISTRIBUTION IN GRIDDY'S BANKRUPTCY CASE ON ACCOUNT OF SUCH CLAIM.

## II.    RESERVATION OF RIGHTS.

Nothing in this Notice is intended to or should be construed to mean that Griddy is waiving its right to: (a) dispute, or assert offsets or defenses against, any claim including the claims of Former Customers as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## III.    ADDITIONAL INFORMATION.

You may review pleadings, orders, and other information regarding Griddy's bankruptcy including Griddy's Schedules of Assets and Liabilities at the Administrator's website at https://cases.stretto.com/Griddy. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

> **IV.    QUESTIONS REGARDING PROOF OF CLAIM PROCEDURE. If you need additional information regarding filing your proof of claim (including questions about how to obtain a claim form or submit your claim form or obtain your password), please contact the Administrator's hotline at: (855) 478-2725 (toll free U.S.) or (949) 471-0997 (International).**

**V.   YOU MAY WISH TO CONSULT AN ATTORNEY FOR ADVICE REGARDING WHETHER YOU HAVE A CLAIM AND WHETHER TO FILE A PROOF OF CLAIM.**

**This notice is as approved by Judge Isgur's Order of May 28, 2021, a copy of which can be found at** https://cases.stretto.com/Griddy [Docket No. 312].

# Exhibit F

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS** | **PROOF OF CLAIM FOR FORMER CUSTOMERS** |

| Name of Debtor:<br><br>Griddy Energy LLC | Case Number:<br><br>21-30923 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Former Customer filing this claim (or on whose behalf this claim is being filed) | **COURT USE ONLY** |
|---|---|

| | |
|---|---|
| You may submit your proof of claim in one of two ways:<br><br>**Electronic Submission:**<br>You may submit your claim to the Administrator by electronic submission through the interface available at https://cases.stretto.com/Griddy/Customers.<br><br>Or<br><br>**Submission by First-Class Mail, Hand Delivery and Overnight Mail**<br>Griddy Energy LLC Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602<br><br>Telephone number: 855-478-2725<br><br>*DO NOT SEND YOUR PROOF OF CLAIM BY FACSIMILE OR IN AN EMAIL. THOSE WILL NOT BE ACCEPTED.* | ❑ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |

| | |
|---|---|
| Name and address where payment should be sent (if different from the information you fill out in #5 below (Signature)):<br><br><br><br><br>Telephone number:                email: | ❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**PLEASE FILL IN ALL AMOUNTS FOR WHICH YOU ARE ASSERTING A CLAIM AGAINST GRIDDY.**

**1.** ❑ I am a Former Customer of Griddy and as a result of the February 13-19, 2021 winter storm, I was billed in the amount of $_____ for electricity used during this time period. Documentation supporting these charges is attached.

*AND/OR*

**2.** ❑ I am a Former Customer of Griddy and actually paid Griddy $_____ for the electricity used during the February 13-19, 2021 winter storm. Documentation supporting these payments is attached.

*AND/OR*

**3.** ❑ I am a Former Customer of Griddy and have another type of claim to make, whether known or unknown, contingent or non-contingent.

How much is the claim? $_____
Please explain the basis for your claim: _____
_____
_____

**4.** Confirm whether you have disputed any Griddy electricity charges and whether you have received a full or partial refund from your credit card company:
    ❑ I confirm I have <u>not</u> disputed any electric charges
    ❑ I confirm I have disputed charges <u>but</u> have not received a full or partial refund.
    ❑ I have disputed these charges and have <u>received</u> a full or partial refund in the total amount of $_____.

**5. Signature**
    I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief and that I am the Former Customer or authorized to sign below on behalf of the Former Customer.

Signature:                                                    Date:

| Print Name: _____<br>Title: _____<br>Company: _____ | Address and telephone number (if different from notice address above):<br><br><br>Address: _____<br>Telephone: _____ |
|---|---|

**Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.**

# Instructions for Former Customer Proof of Claim

**These instructions and definitions generally explain the law. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this proof of claim form

- **Fill in all of the information about your claim.**

- **Attach any supporting documents to this form. If you are mailing your claim form, do not attach original documents because attachments may be destroyed after scanning.**

  Instead, attach <u>copies</u> of any documents that support the amount you are claiming.

  Examples of such documents are copies or screen shots of bills from Griddy, statements from banks or credit cards showing payments made by the Former Customer to Griddy, or other documents that help prove any amount you are claiming.

- **If you have too many documents to attach to your proof of claim or do not have the supporting documents, attach a statement describing your documents or an explanation why you do not have any documents to attach.**

- **Information that is entitled to privacy**: To protect your privacy, any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

## Confirmation that the claim has been filed

- <u>Electronic Submission</u>: If you file your Proof of Claim electronically (at https://cases.stretto.com/Griddy), you will receive a confirmation email from DocuSign (dse_na2@docusign.net) and the email subject will be "Completed: Griddy Customer Claim Form."

- <u>Submission by Mail, Courier, or Hand Delivery</u>: If you file your Proof of Claim by mail and want to receive confirmation that Stretto received it, you must include with your proof of claim (i) a copy of the Proof of Claim form (in addition to the original Proof of Claim form) and (ii) a self-addressed, stamped envelope.

## Offers to Purchase Claims

You may be contacted by certain entities which offer to purchase claims for an amount that is less than the face value of the claims. These entities do not represent the bankruptcy court, the bankruptcy trustee, or Griddy. Some written communications from these entities may easily be confused with official court documentation or communications from Griddy. A creditor has <u>no obligation to sell its claim</u>. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

QUESTIONS REGARDING PROOF OF CLAIM PROCEDURE. If you need additional information regarding filing your proof of claim (including questions about how to submit your online claim form, obtain a claim form or your password), please contact the Administrator's hotline at: (855) 478-2725 (toll free U.S.) or (949) 471-0997 (International).

**Assistance Verifying Information and Locating Supporting Documents**

In an effort to assist Former Customers in locating electricity usage for the period of February 13, 2021 through February 19, 2021, Griddy provides the following instructions**:**

- You may log in to your Griddy account (www.griddy.com).  Click the tab on the left side that says "February 13-February 19."  The February 13-February 19 tab sets forth the following information (solely as it pertains to you):

     a.  What Griddy believes is the total amount of your bills for electricity usage during the period from February 13, 2021 through February 19, 2021, and

     b.  What Griddy believes you paid to Griddy for electricity usage during the period from February 13, 2021 through February 19, 2021.

- If you have any questions about the amounts on the February 13-February 19 tab of the Griddy website, please email support@griddy.com or call (800) 993-6207.

- Further, you may still access your Griddy account to locate historical electrical usage/billing information.