UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | ) ) | Case No. 21-30923 (MI) |
| Debtor. | ) ) ) | **Relates to Docket No. 311, 345** |

### NOTICE OF FILING OF SUPPLEMENT TO PLAN SUPPLEMENT FOR MODIFIED THIRD AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that, on June 18, 2021, Griddy Energy LLC, as debtor in possession in the above-captioned chapter 11 case (the "Debtor"), filed the *Notice of Filing of Plan Supplement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC under Chapter 11 of the Bankruptcy Code* [Docket No. 345] (the "Initial Plan Supplement").

**PLEASE TAKE FURTHER NOTICE** that the Debtor hereby files this supplement (the "Supplement") to the Initial Plan Supplement (as supplemented, the "Plan Supplement").

**PLEASE TAKE FURTHER NOTICE** that, on May 26, 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order [Docket No. 308] (the "Conditional Disclosure Statement Order"): (a) conditionally approving the adequacy of the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (the "Disclosure Statement") for solicitation of votes on the Plan; (b) approving the notice of the combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan; (c) approving the solicitation and notice procedures with respect to confirmation of the Plan; (d) approving the form of ballots and notices in connection therewith; and (e) approving the scheduling of certain dates with respect to solicitation and confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, as contemplated by the Plan and the Conditional Disclosure Statement Order, this Supplement includes certain information and/or draft documents to be executed, delivered and/or performed in connection with the consummation of the Plan on the Effective Date, in each case as may be modified, amended or supplemented from time to time:

- Exhibit A    Designation of Plan Administrator and Compensation Arrangement for Plan Administrator

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Greens Farms, CT 06838.

1

- Exhibit B    Winddown Budget

**PLEASE TAKE FURTHER NOTICE** that the documents attached as Exhibits A and B are current drafts and remain subject to continuing negotiations in accordance with the terms of the Plan and the final versions may contain material differences from the versions filed herewith.

**PLEASE TAKE FURTHER NOTICE** that the Debtor reserves the right, subject to the terms and conditions set forth in the Plan, to add additional documents to the Plan Supplement or to alter, amend, modify or supplement any document in the Plan Supplement on or before the Effective Date of the Plan, or any such other date as may be permitted by order of the Bankruptcy Court; provided that if any document in the Plan Supplement is altered, amended, modified or supplemented in any material respect prior to the hearing to consider confirmation of the Plan, the Debtor will file a blackline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan Supplement can be obtained (a) for a fee through the Bankruptcy Court's electronic case filing system at https://ecf.txsb.uscourts.gov or (b) free of charge on the website maintained by the Debtor's noticing and claims agent at http://cases.stretto.com/Griddy.

Dated: June 28, 2021

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Chris Newcomb*
Robin Spigel (admitted *pro hac vice*)
*Robin.Spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*Chris.Newcomb@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

– and –

David R. Eastlake
Texas Bar No. 24074165
*David.Eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Counsel to the Debtor and Debtor in Possession*

## **CERTIFICATE OF SERVICE**

      I certify that on June 18, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                           */s/ Chris Newcomb*

# **EXHIBIT A**

Designation of Plan Administrator and Compensation Arrangement for Plan Administrator

Griddy Energy LLC, Case No. 21-30923

**Plan Administrator**

Pursuant to section 7.01 of the Plan, the Debtor and the Committee have jointly selected (former) Judge Russell Nelms to serve as Plan Administrator.

**Affiliations**

Mr. Nelms served as a bankruptcy judge for the Northern District of Texas, Fort Worth Division, from 2004 to 2018.

Mr. Nelms currently serves as: (a) a member of the Brazos Electric Power Cooperative, Inc. Bankruptcy Advisory Committee (Brazos Electric Power Cooperative is a chapter 11 debtor in Houston, Texas); (b) the trustee of the Think Finance Litigation Trust, a trust created by the confirmed plan of Think Finance, a chapter 11 debtor in Dallas, Texas; (c) an independent director of Strand Advisors, Inc., as general partner of Highland Capital Management, LP, a chapter 11 debtor in Dallas, Texas; and (d) an independent manager in Spherature Investments, LLC., a chapter 11 debtor in the Eastern District of Texas. Mr. Nelms previously served as chairman of the independent board of directors of Warrior Custom Golf, a chapter 11 debtor in Houston, Texas, and independent director of Diamondback Industries, a chapter 11 debtor in Fort Worth, Texas.

**Compensation**

Mr. Nelms' compensation as Plan Administrator will consist of the following:

- Months one through six following the Effective Date: (a) a fee of $12,500 per month, plus (b) for any time spent in excess of 40 hours per month, hourly compensation at the rate of $450 per hour; plus

- After the first six months following the Effective Date, $450 per hour; plus

- A contingency fee of: (a) 5.5% of gross proceeds recovered for the Estate of up to $1 million; (b) 6% of gross proceeds recovered for the Estate in excess of $1 million, but less than $5 million; and (c) 6.5% of gross proceeds recovered for the Estate in excess of $5 million. The contingency fee would be calculated and paid annually on the anniversary of the Effective Date; <u>provided</u> <u>however</u> that the calculation of gross proceeds received by the Estate would be cumulative and would not reset on each annual payment date.

# **EXHIBIT B**

Winddown Budget

**Griddy Energy LLC, Case No. 21-30923 (MI)**

**WIND-DOWN BUDGET***

| Item | Budgeted Amount |
|---|---|
| Plan Administrator Fees (1) | $ 196,500.00 |
| Plan Administrator Claims Administration (Legal) (2) | $ 35,000.00 |
| Wind Down Employees + Accountants + Other Legal + Misc. | $ 132,000.00 |
| US Trustee Fees (3) | $ 23,361.02 |
| **Total Plan Administrator Budget** | **$ 386,861.02** |
| Litigation Legal Budget (4) | $ - |
| Professional Expense Escrow (5) | $ 2,017,579.26 |
| Letter of Credit Draws (6) | $ - |
| **Total Wind-Down Budget** | **$ 2,404,440.28** |
| | |
| Estimated Remaining Cash (7) | $ 2,920,128.00 |

*All amounts set forth herein are non-binding estimates and actual amounts incurred may be higher.

(1) This budget assumes that it will take 2 years to pursue causes of action against third parties.  However, such period may be shorter or longer depending upon a number of factors, including, the discovery period and whether there are any settlements.  Plan Administrator Fees include a fixed monthly fee per month for the first 6 months following the Effective Date (at the monthly rate without any additional hourly fees included in the estimate) plus estimated hourly fees for the remainder of the budget period.  No estimate for hourly fees in excess of 40 hours per month for the first 6 months are included herein. However, additional time may be required and, as a result, additional costs will be incurred.  In addition, no estimate of contingency fees are included in the estimate as the amount of such fees are dependent upon recoveries, if any, from litigation and are payable out of proceeds of litigation, if any.  The actual amount incurred by the Plan Administrator may be higher or lower than the estimate.

(2) The estimated amount assumes that the claims reconciliation will take approximately 2 months.  However, the period of time to reconcile claims may be shorter or longer depending on a number of factors, including, whether there are any contested claims matters.  This estimate excludes any costs associated with the objection to the claim filed by ERCOT, which the Debtor anticipates will be contested.

(3) U.S. Trustee fees are calculated based on assumption that remaining cash as of the Effective Date will be disbursed.  U.S. Trustee fees may be higher if additional amounts are recovered through litigation but such amounts will be paid from proceeds of such litigation.

(4) The determination of whether to pursue any litigation for the benefit of holders of Claims and Interests will be made by the Plan Administrator.  At this time, the legal fees and expenses associated with such litigation is too speculative to estimate.  Additionally, the Debtor anticipates for purposes of this budget that litigation counsel assisting with the pursuit of Texas Winter Storm Causes of Action will be compensated on a contingency basis and, accordingly, any legal fees and expenses will be satisfied from the proceeds of any litigation.

(5) In accordance with the terms of the Plan, Allowed Fee Claims will be paid approximately 90 days after the Effective Date.

(6) The determination of whether any draws, if any, are made under the Outstanding LC is unknown at this time.  The Outstanding LC expires on September 25, 2021 and, to any undrawn amount will become property of the Estate.

(7) Estimated Remaining Cash represents the remaining cash in the Estate on the Effective Date after payment of Plan Administrator Fees and Expenses and payment of all Administrative Expense Claims and Priority Claims, other than Fee Claims, which are listed as a separate line item as "Professional Expense Escrow".