IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § Chapter 11 § | |
| GRIDDY ENERGY LLC,[1] § Case No. 21-30923 (MI) § | |
| Debtor. § § | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF CONFIRMATION OF THE MODIFIED THIRD AMENDED PLAN OF LIQUIDATION FOR GRIDDY ENERGY LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy case (the "Chapter 11 Case") of the above-captioned debtor (the "Debtor") hereby submits this statement (the "Statement") in support of (a) final approval of the *Disclosure Statement for Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (the "Disclosure Statement") and (b) confirmation of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (the "Plan").[2]

1. The Committee has devoted significant time to negotiating and reviewing the terms of the Disclosure Statement and the Plan. The Plan reflects the terms of a global resolution between the Debtor, the Committee, and certain other parties in interest that was the product of extensive, good faith, arms-length negotiations. The parties were represented at all times by experienced and able counsel that vigorously represented their respective positions.

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396. The mailing address for the Debtor is PO Box 1288, Green Farms, CT 06838.

[2] Capitalized terms used but herein but not defined have the meanings ascribed to such terms in the Plan.

2. For the following reasons, among others, the Plan represents the best possible outcome for general unsecured creditors and the Debtor's estate that is available under the circumstances of this Chapter 11 Case.

3. *First*, the Prepetition Secured Lenders are making significant concessions under the Plan. Most notably, the Prepetition Secured Lenders are contributing a significant portion of their claims to the Debtor's estate, which will result in at least an additional $1.44 million flowing to unsecured creditors.

4. *Second*, the Plan provides former customers with the opportunity to receive the Customer Releases. The Customer Releases provide meaningful relief to the tens of thousands of former customers who owe money to the Debtor on account of electricity usage, including during Winter Storm Uri. Furthermore, the Committee understands that the Customer Releases are in the best interests of the Debtor's estate based on the difficulty of collecting these accounts receivables, the costs that would be incurred in such collection efforts, and the nominal estimated saleable value of the accounts receivables. *See Expert Report and Declaration of Tony W. Spencer* [Docket No. 375].

5. *Third*, the Plan provides that former customers who paid for electricity during the February 13, 2021 – February 19, 2021 period will have allowed unsecured claims against the Debtor for such amounts, provided they timely file proofs of claim and do not opt out of Class 5. This is a fair and appropriate resolution of these former customer's claims in light of the circumstances.

6. *Fourth*, the releases, exculpations, and injunctions contained in the Plan (collectively, the "Releases") are in the best interests of the Debtor and other parties in interest in this Chapter 11 Case. These Releases are consensual because parties were given the opportunity

to opt out and received clear instructions on how to do so. Further, many of the Released Parties have made valuable contributions to the Debtor's estate in exchange for the Releases.

7.	*Fifth*, the alternatives to the Plan are not as favorable to the Debtor's estate or its creditors. Significant costs would be incurred in formulating and soliciting a different plan, and the valuable contributions that are being made under the Plan would be jeopardized if a new plan is proposed. Additionally, the Debtor's creditors would fare no better in a chapter 7 liquidation.

8.	*Sixth*, the Plan is overwhelmingly supported by the voting classes. *See Declaration of Angela Tsai on Behalf of Stretto Regarding Solicitation of Votes and Tabulation of Ballots Accepting and Rejecting Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 363] (the "Stretto Declaration"). Each voting class voted to accept the Plan by at least 99% by dollar amount and 86% by number. Stretto Dec., ¶ 13.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee supports confirmation of the Plan and approval of the Disclosure Statement on a final basis.

Dated: July 6, 2021

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/  Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:  (214) 295-8000
Facsimile:  (972) 232-3098
Email:       crgibbs@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
Blaine Adams (admitted *pro hac vice*)
340 Madison Ave.
New York, NY 10173-1922
Telephone:  (212) 547-5615
Facsimile:  (212) 547-5444
Email         dazman@mwe.com

*Counsel to the Official
Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Gibbs*
Charles R. Gibbs