**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | Case No. 21-30923 (MI) |
| Debtor. | |

**SUMMARY SHEET FOR FIRST INTERIM AND FINAL
APPLICATION OF BAKER BOTTS L.L.P. FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE
PERIOD OF MARCH 15, 2021 THROUGH AND INCLUDING JULY 23, 2021**

| Name of Applicant: | | Baker Botts L.L.P. |
|---|---|---|
| Applicant's Role in Case: | | Counsel to the Debtor |
| Date Order of Employment Signed: | | April 28, 2021, effective as of March 15, 2021 [Docket No. 229] |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application: | March 15, 2021 | July 23, 2021 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application: | | $2,103,395.00 |
| Total professional fees (excluding paraprofessionals) requested in this Application: | | $2,041,279.00 |
| Total actual professional hours covered by this Application: | | 2,108.7 |
| Average hourly rate for professionals: | | $968.03 |
| Total paraprofessional fees requested in this Application: | | $62,116.00 |
| Total actual paraprofessional hours covered by this Application: | | 180.8 |
| Average hourly rate for paraprofessionals: | | $343.56 |
| Reimbursable expenses sought in this Application: | | $35,090.82 |

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396.

| | |
|---|---|
| **Total to be Paid to Priority Unsecured Creditors:** | Article IV of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (the "Plan") sets forth the treatment of priority unsecured claims. |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | Article IV of the Plan sets forth the treatment of priority unsecured claims. |
| **Total to be Paid to General Unsecured Creditors:** | Article IV of the Plan sets forth the treatment of general unsecured claims. |
| **Anticipated % Dividend to General Unsecured Creditors:** | Article IV of the Plan sets forth the treatment of general unsecured claims. |
| **Date of Confirmation Hearing:** | July 7, 2021 |
| **Indicate whether plan has been confirmed:** | Yes, July 7, 2021 [Docket No. 386] |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GRIDDY ENERGY LLC,[1] | ) Case No. 21-30923 (MI) |
|  | ) |
| Debtor. | ) |

**FIRST INTERIM AND FINAL APPLICATION OF BAKER BOTTS L.L.P.
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE
PERIOD FROM MARCH 15, 2021 THROUGH AND INCLUDING JULY 23, 2021**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

Baker Botts L.L.P. ("Baker Botts"), in its capacity as restructuring counsel to the debtor in the above-captioned case (the "Debtor"), in support of its application (the "Application") for entry of an order substantially in the form of the attached hereto as Exhibit A granting interim and final allowance of compensation for professional services rendered and reimbursement of expenses incurred from March 15, 2021 through and including July 23, 2021 (the "Final Compensation Period"), respectfully represents as follows:

---

[1] The last four digits of its federal tax identification number of the Debtor are 1396.

## PRELIMINARY STATEMENT[2]

1.  During the course of this case, the Debtor, with the assistance of Baker Botts, worked tirelessly to maximize the value of the Debtor's estate for the benefit of the Debtor's creditors and, at the same time, give the Debtor's former customers relief from the uncertainty of potentially being subject to collection actions and negative credit ratings as a result of the extreme wholesale electricity pricing that occurred during the mid-February 2021 Texas winter storm event. The Debtor's confirmed chapter 11 plan achieved the Debtor's chapter 11 objectives. As a result of the Debtor's and Baker Botts' efforts, the Debtor's creditors will benefit from the Plan Administrator's pursuit of causes of action and an orderly winddown of the Debtor's affairs and more than 24,000 Texans have been provided financial relief stemming from the winter storm event.

2.  As described more fully below, Baker Botts provided significant guidance and advice to the Debtor throughout the course of this often contentious case, including providing advice with respect to winding down, managing the Debtor's limited available financial resources in light of the tasks attendant to the bankruptcy process, and the Debtor achieving its chapter 11 objectives. Through extensive negotiations in connection with numerous significant disputes with various key stakeholders, the Debtor, with the assistance of Baker Botts, was able to achieve confirmation and consummation of a fully consensual chapter 11 plan. Accordingly, the compensation and expense reimbursement sought herein for the necessary and beneficial services Baker Botts provided to the Debtor is reasonable and appropriate under the facts and circumstances of this case and should be allowed on a final basis.

---

[2] Capitalized terms not otherwise defined in this Preliminary Statement herein have the meanings given to them below.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtor consents to this Court's entry of final orders or judgments on this Application if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

5. The predicates for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy for the Southern District of Texas ("Bankruptcy Local Rules") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 184].

**BACKGROUND**

A. The Chapter 11 Case

6. On March 15, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On March 31, 2021, the United States Trustee for the Southern District of Texas (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") in this case. *See* Docket No. 116.

8. On July 7, 2021, the Court entered an order [Docket No. 386] (the "Confirmation Order"), which among other things, confirmed the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (the

"Plan"). The Plan became effective on July 23, 2021 (the "Effective Date"). *See* Docket No. 398.

9. Further background regarding the Debtor and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21] (the "First Day Declaration").

**B. Retention of Baker Botts**

10. By order dated April 28, 2021, the Court entered an order [Docket No. 229] (the "Retention Order") approving the Debtor's application to employ Baker Botts as restructuring counsel to the Debtor effective as of the Petition Date [Docket No. 134] (the "Retention Application"). The Retention Order authorized the Debtor to compensate and reimburse Baker Botts in accordance with the Bankruptcy Code, Bankruptcy Rules and Bankruptcy Local Rules. The Retention Order also authorized the Debtor to compensate Baker Botts at Baker Botts' normal hourly rate, less a discount of ten percent, and reimburse Baker Botts for the firm's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

## THE APPLICATION

11. By this Application, Baker Botts requests final allowance of: (a) compensation for Baker Botts' professional services to the Debtor during the Final Compensation Period in the amount of $2,103,395.00; (b) reimbursement of actual and necessary expenses incurred during the Final Compensation Period in the amount of $35,090.82; and (c) payment of all allowed fees and expenses that have not yet been paid to Baker Botts.

12. During the Final Compensation Period, Baker Botts filed the following monthly fee statements (the "Monthly Fee Statements"):

| FEE STATEMENT | REQUESTED | | PAID | | OUTSTANDING[3] |
|---|---|---|---|---|---|
| | FEES | EXPENSES | FEES | EXPENSES | |
| First Monthly Filed 6/2/2021 Docket No. 327 | $1,041,408.00 | $20,229.19 | $833,126.40 | $20,229.19 | $208,281.60 |
| Second Monthly Filed 6/23/2021 Docket No. 347 | $528,979.00 | $7,656.73 | $423,183.20 | $7,656.73 | $105,795.80 |
| Third Monthly Filed 7/21/2021 Docket No. 397 | $376,721.50 | $6,884.25 | $301,377.20 | $6,884.25 | $75,344.30 |
| Fourth Monthly Filed: 8/24/21 Docket No. 405 | $156,286.50 | $320.65 | - | - | $156,607.15 |
| Total | $2,103,395.00 | $35,090.82 | $1,557,686.80 | $34,770.17 | $546,028.85 |

Copies of each filed Monthly Fee Statement are attached hereto as Exhibit B.

13. During the Final Compensation Period, Baker Botts expended a total of 2,289.5 hours on matters relating to the Debtor's case for which it seeks compensation. The blended hourly rate for attorneys who worked on this case is $968.03. Summary sheets listing each attorney and paraprofessional who worked on this case during the Final Compensation Period, his or her hourly bill rate during the Final Compensation Period, and the amount of fees attributed to each individual are attached hereto as Exhibit C. Detailed time records are attached as Exhibit D to each Monthly Fee Statement.

14. In addition, summary sheets listing the amount of fees attributed to each project category are attached hereto as Exhibit D.

15. Baker Botts also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of professional services. A schedule setting

---

[3] As of the date hereof, the deadline to object to Baker Botts' Fourth Monthly Fee Statement had not yet expired. In accordance with the Interim Compensation Procedures, assuming no objections are filed, Baker Botts expects to be paid 80% of fees and 100% of expenses requested in each fee statement prior to the Court considering this Application.

forth the categories of expenses incurred during the Final Compensation Period is attached hereto as <u>Exhibit E</u>.  In addition, the fees charged by Baker Botts in this chapter 11 case are billed in accordance with the existing billing rates and procedures set forth in the Retention Application.

## SUMMARY OF SERVICES RENDERED DURING THE FINAL COMPENSATION PERIOD

16. The following summary highlights the major areas which Baker Botts devoted substantial time and attention during the Final Compensation Period.  The full breadth of the services provided by Baker Botts are reflected in its time records, copies of which are attached as Exhibit D to each Monthly Fee Statements.

**A. Plan and Disclosure Statement**
   **Baker Botts Billing Code: 0102**
   **(Fees: $983,337.00/ Hours Billed: 1,002.9)**

17. The tasks that Baker Botts performed in this matter category primary concerned seeking approval of a disclosure statement and confirmation of the Plan.  At the outset of its chapter 11 case, the Debtor stated that its chapter 11 objectives were to maximize value of its estate for creditors, facilitate the efficient resolution of claims, and enable the Debtor to wind down efficiently for the benefit of its creditors.  *See* First Day Declaration ¶ 61.  On the Petition Date, Baker Botts filed an initial version of the Plan [Docket No.22], disclosure statement [Docket No. 23] and a motion for conditional approval the Disclosure Statement [Docket No. 24] (the "<u>Disclosure Statement Motion</u>").  Although the initial version of the Plan and Disclosure Statement set the Debtor on a path to achieve its chapter 11 objectives, certain aspects of the Plan were opposed by the Committee and other parties in interest, which led to extensive negotiations and litigation between the parties, including specifically with respect to the claims being released by the Debtor under the Plan.  In connection with these contested proceedings, Baker Botts spent

considerable time preparing an omnibus reply [Docket No. 215] to objections to the Disclosure Statement Motion, preparing for and attending several contested hearings on conditional approval of the Disclosure Statement, and preparing and filing multiple iterative versions of the Plan [Docket Nos. 175, 212, 294 and 305], the Disclosure Statement [Docket Nos. 176, 213, 271, 295 and 306] and the order conditionally approving the Disclosure Statement [Docket Nos. 24, 177, 214, 270, 272 and 296] in order to, among other things, resolve the objections and address the Court's comments.

18.    After extensive negotiations between the Debtor, through Baker Botts, and certain key stakeholders, several settlements – in particular, with the Committee and the State of Texas – were reached that paved the way to a consensual confirmation process.  The settlements were embodied in the solicitation version of the Plan and Disclosure Statement which were filed with the Court on May 26, 2021.  *See* Docket Nos. 311 and 312, respectively.  After the Court entered an order [Docket No. 308] conditionally approving the Disclosure Statement on May 26, 2021, the Debtor, with the help of its professionals, solicited votes in furtherance of confirmation of the Plan.  In addition, Baker Botts also spent significant time (a) resolving informal objections to the Plan; (b) preparing a memorandum in law [Docket No. 378] in support of confirmation of the Plan and final approval of the Disclosure Statement, a related declaration [Docket No. 370]; (c) assisting the Debtor's retained expert in connection with confirmation of the Plan [*See* Docket No. 367]; (d) preparing and negotiating the terms of various documents that were included in the Plan Supplement [Docket No. 345] and the addendum to the Plan Supplement [Docket No. 355]; and (e) preparing for and attending the July 7, 2021 confirmation hearing.

19.    On July 7, 2021, the Court approved the Disclosure Statement on a final basis and confirmed the Plan after an uncontested hearing.  *See* Confirmation Order.  After entry of the

Confirmation Order, Baker Botts spent significant time finalizing agreements and notices required for the Plan to become effective, assisting with the transition of the Debtor's assets to the Plan Administrator, and taking the steps necessary for the Debtor to timely emerge from chapter 11. As a result of these efforts, the effective date of the Plan occurred on July 23, 2021.

### B. First Day Hearing
**Baker Botts Billing Code: 0104**
**(Fees: $60,573.00/Hours Billed: 62.4)**

20. The tasks that Baker Botts performed in this matter category include finalizing, filing and seeking Court approval of the Debtor's first day motions [*see* Docket Nos. 2, 8, 9, 12 and 13], negotiating with interested parties, including the United States Trustee, in resolving informal comments to the orders approving the first day motions in advance of the first day hearing, and preparing for and representing the Debtor at the first day hearing. The majority of the first day motions were subsequently approved by the Court.

### C. Business Operations
**Baker Botts Billing Code: 0106**
**(Fees: $12,001.50/Hours Billed: 13.1)**

21. The tasks that Baker Botts performed in this matter category include advising the Debtor on cash management compliance issues.

### D. Case Administration
**Baker Botts Billing Code: 0107**
**(Fees: $199,076.50/Hours Billed: 248.9)**

22. The tasks that Baker Botts performed in this matter category include objecting to the multiple attempts by an alleged tort claimant to unsuccessfully form a tort claimants committee, which were eventually abandoned by the alleged tort claimant; and attending to various administrative tasks in the case such as preparing and filing notices, agendas, and calendaring and tracking case deadlines and the filings of various pleadings.

**E. Claims Administration and Objections**
**Baker Botts Billing Code: 0108**
**(Fees: $160,295.00/Hours Billed: 161.3)**

23. The unique circumstances of the Debtor's case required a unique approach to claims administration, specifically, the establishment of a separate bar date for general unsecured creditors and a separate bar date for former customers of the Debtor. The tasks that Baker Botts performed in this matter category include: (a) preparing a motion [Docket No. 16] to seek approval of an order setting the general bar date for creditors to file proofs of claim in the chapter 11 case; (b) negotiating the terms of the general bar date order and obtaining approval thereof by the Court on March 30, 2021 [Docket No. 107]; and (c) extensively negotiating with the Committee and Texas Attorney General's Office the terms of the bar date order applicable to the Debtor's former customers and obtaining approval thereof by the Court on May 28, 2021 [Docket No. 321]. Baker Botts also engaged in extensive discussions with the Debtor, the Debtor's Claims and Noticing Agent and other parties in interest regarding the form and manner of service of the bar date orders and proof of claim forms and the execution of the service.

**F. Employee Benefits/Pensions**
**Baker Botts Billing Code: 0109**
**(Fees: $18,261.50/Hours Billed: 20.9)**

24. The tasks that Baker Botts performed in this matter category include: (a) preparing and seeking approval the Debtor's motion [Docket No. 59] authorizing and approving the Debtor's Key Employment Retention Plan (the "KERP") for non-insiders, and obtaining approval of the KERP on April 14, 2021 [Docket No. 59]. The KERP helped to ensure that the Debtor's key employees remained with the Debtor throughout the duration of its chapter 11 case; and (b) preparing the employee separation and release agreements contemplated under the KERP, which was a precursor to each participating employee receiving his or her KERP

award.  Baker Botts also engaged with parties in interest, including the United States Trustee and the Committee, with respect to diligence requests related to the KERP.

### G. Executory Contracts and Unexpired Leases
**Baker Botts Billing Code: 010**
**(Fees: $24,763.50/Hours Billed: 28.1)**

25.     The tasks that Baker Botts performed in this matter category include preparing and seeking approval of the Debtor's motion [Docket No. 70] (the "Rejection Motion") to reject an executory contract and an unexpired lease of non-residential real property.  The Rejection Motion was approved without a hearing on April 22, 2021.  *See* Docket No. 185.  Baker Botts also advised the Debtor on specialized issues relating to certain executory contracts throughout the duration of the chapter 11 case.

### H. Retention of Other Professionals
**Baker Botts Billing Code: 0111**
**(Fees: $34,526.50/Hours Billed: 44.0)**

26.     The tasks that Baker Botts performed in this matter category include: (a) preparing the Debtor's motion to employ ordinary course professionals [Docket No. 69] and negotiating with parties in interest to consensually resolve objections to the motion, which was approved [Docket No. 234] by the Court on April 29, 2021; (b) facilitating the retention of the Debtor's ordinary course professionals; and (c) preparing the Debtor's application [Docket No. 344] to retain an expert witness in respect of confirmation of the Plan, which was approved by the Court on June 29, 2021 [Docket No. 357].

**I. Employment Application – Baker Botts**
<u>Baker Botts Billing Code: 0112</u>
**(Fees: $42,595.50/Hours Billed: 50.5)**

27.     The tasks that Baker Botts performed in this matter category include preparing and seeking approval of the Retention Application. The Bankruptcy Court approved the Retention Application on April 6, 2021.

**J. Fee Application – Baker Botts**
<u>Baker Botts Billing Code: 0113</u>
**(Fees: $39,297.00/Hours Billed: 65.2)**

28.     The tasks that Baker Botts performed in this matter category include preparing the Monthly Fee Statements and the time spent preparing this Application prior to the Effective Date. As of the date hereof, Baker Botts has not received any objections to any of the Monthly Fee Statements.

**K. Professional Retention and Fees – Other Professionals**
<u>Baker Botts Billing Code: 0114</u>
**(Fees: $14,393.00/Hours Billed: 16.5)**

29.     The tasks that Baker Botts performed in this matter category include: (a) preparing and seeking approval of the Debtor's interim compensation procedures, which were approved on April 21, 2021 [Docket No. 184]; and (b) reviewing requests for compensation filed by the Committee's professionals.

**L. Fee/Employment Objections**
<u>Baker Botts Billing Code: 0115</u>
**(Fees: $20,880.50/Hours Billed: 22.8)**

30.     The tasks that Baker Botts performed in this matter category include reviewing the retention applications filed by the Committee's professionals, preparing objections to the retention applications and negotiating resolutions to such objections.

 **M. Financing**
  **Baker Botts Billing Code: 0116**
  **(Fees: $366.00/Hours Billed: 0.4)**

  31. The tasks that Baker Botts performed in this matter category include advising the Debtor regarding its use of cash collateral.

 **N. Litigation**
  **Baker Botts Billing Code: 0117**
  **(Fees: $447,918.00/Hours Billed: 504.9)**

  32. The tasks that Baker Botts performed in this matter category include: (a) reviewing and producing documents in response to the Committee's Bankruptcy Rule 2004 discovery requests (the "2004 Notices"); (b) drafting and filing a motion to quash and for a protective order in response to the 2004 Notices [Docket No. 165]; (c) drafting and filing a reply [Docket No. 217] to the Committee's objection to the motion to quash; (d) addressing various issues with the State of Texas relating to matters stemming from the winter storm event and an action related thereto commenced by the State of Texas prior to the commencement of this case; (e) preparing for and defending the Debtor's management in depositions conducted by the Committee; (f) drafting a motion [Docket No. 338], which was approved on July 7, 2021 [Docket No. 383], pursuant to Bankruptcy Rule 9019, which consensually resolved prepetition litigation commenced by the State of Texas arising out of the winter storm event; and (g) handling matters related to the removal of a putative class action filed in the Texas State Court [*see* Docket No. 4] and the corresponding adversary proceeding.

 **O. Meeting of Creditors**
  **Baker Botts Billing Code: 0118**
  **(Fees: $12,266.50/Hours Billed: 12.7)**

  33. The tasks that Baker Botts performed in this matter category include assisting the Debtor's representative prepare for, and representing the Debtor in, the meeting of creditors pursuant to section 341 of the Bankruptcy Code, which was held and concluded on April 20, 2021.

**P. Reporting (Bankruptcy Disclosures)**
**Baker Botts Billing Code: 0119**
**(Fees: $9,333.00/Hours Billed: 10.2)**

34. The tasks that Baker Botts performed in this matter category include advising the Debtor on issues relating to preparing its monthly operating reports and other periodic reporting obligations.

**Q. Schedules / Statement of Financial Affairs / Monthly Operating Reports**
**Baker Botts Billing Code: 0121**
**(Fees: $23,511.00/Hours Billed: 24.7)**

35. The tasks that Baker Botts performed in this matter category include: (a) assisting the Debtor with the preparation of its Schedules of Assets and Liabilities ("Schedules"); (b) assisting the Debtor with the preparation of its Statement of Financial Affairs ("Statements"); (c) preparing amendments to the Statements and Schedules; and (d) assisting the Debtor with the preparation of its monthly operating reports.

## LEGAL STANDARD

36. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the court's award of such compensation 11. U.S.C. § 331. Section 330 of the Bankruptcy Code grants bankruptcy courts wide discretion to award "reasonable compensation" to attorneys employed by the estate. 11 U.S.C. § 330(a)(1)(A). Section 330 also sets forth the criteria for award of such compensation and reimbursement, which include:

> (A) time spent on such services
>
> (B) the rates charged for such services;
>
> (C) whether such services were necessary to the administration of, or beneficial at the time at which the services toward the completion of, a case under [title 11 of the Bankruptcy Code];
>
> (D) whether the services were performed within a reasonable

>>amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [title 11 of the Bankruptcy Code].

37. Baker Botts submits that the compensation requested herein is reasonable in light of the nature, extent, and value of services to the Debtor, its estate and all parties in interest. The services for which Baker Botts seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary and beneficial to the preservation and maximization of value for all stakeholders in this case.

38. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. Not only were Baker Botts' professional services performed skillfully and efficiently, but whenever possible, Baker Botts sought to minimize the cost of its services to the Debtor by utilizing junior attorneys and paraprofessionals to handle routine aspects of case administration. In addition, when possible, the same Baker Botts' attorneys were utilized to minimize the costs associated with educating Baker Botts' professionals on the Debtor's circumstances.

39. In addition, the complexity of the case required the use of specialists in tax, energy regulation, banking and finance, litigation, and other areas to achieve the Debtor's chapter 11 objectives. In sum, the services rendered by Baker Botts were necessary and beneficial to the estate and were consistently performed in a timely manner. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

## NOTICE

40. In accordance with paragraph 43 of the Confirmation Order, notice of this Application has been served upon: (a) the Debtor, by and through the Plan Administrator; (b) counsel to the Plan Administrator (formerly counsel to the Committee); and (c) counsel to the U.S. Trustee for Region 7. Baker Botts respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Application need be given.

## CONCLUSION

41. The services that Baker Botts rendered during the Final Compensation Period have been instrumental in the administration of the Debtor's estate. Baker Botts submits that it has helped the Debtor obtain substantial positive results in this chapter 11 case, which has benefitted all of the Debtor's stakeholders and former customers.

[The remainder of this page is intentionally left blank.]

42. Baker Botts respectfully requests that the Court:

    (a) allow compensation for professional services furnished as counsel to the Debtor, in the total amount of $2,103,395.00 incurred during the Final Compensation Period on an interim and final basis;

    (b) allow reimbursement of actual, necessary expenses incurred during the Final Compensation in the total amount of $35,090.82 on an interim and final basis;

    (c) approve and direct the Debtor to pay all fees and expenses incurred by Baker Botts that remain unpaid, including all hold backs; and

    (d) grant to Baker Botts such other and further relief to which it may be entitled.

Dated: August 24, 2021

**BAKER BOTTS L.L.P.**

By: */s/ Robin Spigel*
Robin Spigel (admitted *pro hac vice*)
*robin.spigel@bakerbotts.com*
Chris Newcomb (admitted *pro hac vice*)
*chris.newcomb@bakerbotts.com*
Jacob Herz (admitted *pro hac vice)*
*jacob.herz@bakerbotts.com*
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

-and-

David R. Eastlake
Texas Bar No. 24074165
*david.eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**Counsel to the Debtor**

**Certificate of Service**

      I certify that on August 24, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Robin Spigel*