**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | § § § | Case No. 21-30923 (MI) |
| Debtor. | § § § | |

**SUMMARY SHEET FOR FIRST INTERIM AND FINAL APPLICATION OF
MCDERMOTT WILL & EMERY LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM APRIL 5, 2021 THROUGH JULY 23, 2021**

| Name of Applicant: | McDermott Will & Emery LLP | |
|---|---|---|
| Applicant's Role in Case: | Counsel to the Official Committee of Unsecured Creditors | |
| Date Order of Employment Signed: | May 20, 2021, effective as of April 5, 2021 [Docket No. 283] | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | April 5, 2021 | July 23, 2021 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | N/A | |
| Total fees requested in this Application: | $1,106,880.50[2] | |
| Total professional fees (excluding paraprofessionals) requested in this Application: | $1,073,731.50 | |
| Total actual professional hours covered by this Application: | 1,157.9 | |

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Green Farms, CT 06838.

[2] McDermott's blended hourly rate during the Final Compensation Period was above $850.00. Pursuant to the Retention Order, McDermott reduced the total amount of compensation as previously listed in the Monthly Applications for the Final Compensation Period by $36,422.50.

This amount includes $9,980.50 in fees incurred between July 23, 2021 (the "Effective Date") and September 2, 2021, plus a $10,000.00 reserve for fees incurred after September 2, 2021 in connection with the preparation and filing of this final fee application and the final fee applications of the Committee's other chapter 11 professionals and attendance at and other work related to the hearing on such fee applications. The time detail for the fees incurred from the Effective Date through September 2, 2021 is attached hereto as **Exhibit F**.

| | |
|---|---|
| Average hourly rate for professionals: | $927.31 |
| Total paraprofessional fees requested in this Application: | $49,591.00 |
| Total actual paraprofessional hours covered by this Application: | 120.8 |
| Average hourly rate for paraprofessionals: | $410.52 |
| Reimbursable expense sought in this Application: | $11,724.40[3] |
| Total to be Paid to Priority Unsecured Creditors: | Article IV of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (the "Plan") sets forth the treatment of priority unsecured claims. |
| Anticipated % Dividend to Priority Unsecured Creditors: | Article IV of the Plan sets forth the treatment of general unsecured claims. |
| Total to be Paid to General Unsecured Creditors: | Article IV of the Plan sets forth the treatment of general unsecured claims. |
| Anticipated % Dividend to General Unsecured Creditors: | Article IV of the Plan sets forth the treatment of general unsecured claims. |
| Date of Confirmation Hearing: | July 7, 2021 |
| Indicate whether plan has been confirmed: | Yes, July 7, 2021 [Docket No. 386] |

---

[3] This amount includes $138.72 in fees incurred between July 23, 2001 (the Effective Date) and September 2, 2021. The time detail for the expenses incurred from the Effective Date through September 2, 2021 is attached hereto as **Exhibit F.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| GRIDDY ENERGY LLC,[1] | § § § | Case No. 21-30923 (MI) |
| Debtor. | § § § | |

**FIRST INTERIM AND FINAL APPLICATION OF
MCDERMOTT WILL & EMERY LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM APRIL 5, 2021 THROUGH JULY 23, 2021**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**PRELIMINARY STATEMENT**

McDermott Will & Emery LLP ("McDermott"), former counsel to the Official Committee of Unsecured Creditors (the "Committee") of Griddy Energy LLC (the "Debtor") in the above-captioned chapter 11 case ("Chapter 11 Case"), submits its first interim and final fee application (the "Application") for (a) allowance and approval of compensation for professional services performed by McDermott in the amount of $45,480.00 and for reimbursement of its

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is PO Box 1288, Green Farms, CT 06838.

actual and necessary expenses in the amount of $0.00 incurred from July 1, 2021 through July 23, 2021 (the "Interim Application Period") and (b) final allowance and approval of compensation for professional services performed by McDermott in the amount of $1,106,880.50 and for reimbursement of its actual and necessary expenses in the amount of $11,724.40 incurred from April 5, 2021 through July 23, 2021 (the "Final Compensation Period").  In support of the Application, McDermott respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, the *Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of April 5, 2021*, dated May 20, 2021 [Docket No. 283] (the "Retention Order"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated April 21, 2021 [Docket  No. 184] (the "Interim Compensation Order").

## Preliminary Statement

4. McDermott requests final allowance of (a) compensation in the amount of $1,106,880.50 in fees on account of reasonable and necessary professional services rendered to

the Committee by McDermott and (b) reimbursement of actual and necessary costs and expenses in the amount of $11,724.40 incurred by McDermott during the Final Compensation Period.

5. From and after its appointment, the Committee played an active and important role in this Chapter 11 Case. Among the many projects undertaken during the Final Compensation Period, McDermott:

    a. Reviewed and analyzed all of the "first day" pleadings and proposed orders, negotiated with the Debtor to obtain consensual modifications to such orders and advised the Committee as to whether and which actions to take regarding the various first day pleadings;

    b. Negotiated with the Debtor and certain key stakeholders to arrive at several significant settlements that resolved outstanding issues in the Chapter 11 Case;

    c. Negotiated with the Debtor and the Texas Attorney General's Office regarding the terms of the bar date order for creditors to file proofs of claim in the Chapter 11 Case;

    d. Prepared Bankruptcy Rule 2004 discovery requests directed to Debtor; conducted an extensive review of the documents produced; prepared for and conducted depositions of the Debtor's officers;

    e. Reviewed the Debtor's initial chapter 11 plan and related disclosure statement, subsequent amended plans and related disclosure statements, as well as all other plan-related documents; and

    f. Engaged in negotiations with the Debtor and the Texas Attorney General's Office on a global resolution of all issues and controversies among the parties in connection with confirmation of a chapter 11 plan of reorganization.

6. In order to keep the Committee informed on the progression of the Chapter 11 Case, McDermott held weekly meetings or calls with the Committee, often with lengthy agendas, in addition to meetings with individual Committee members.

7. McDermott's efforts throughout the Final Compensation Period played a key role in the negotiation and confirmation of the *Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 311] (the "Plan").

The accomplishments by the Committee, occurring over the short period of time represented by the Final Compensation Period, required McDermott to devote significant for the benefit of the unsecured creditors. McDermott respectfully submits that its services during the Final Compensation Period warrant approval of its requested fees and expenses.

### Background

8.  On March 15, 2021 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The circumstances leading to the Chapter 11 Case are described in greater detail in the *Declaration of Michael Fallquist in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 21].

9.  On March 31, 2021, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee in this Chapter 11 Case. *See* Docket No. 116.

10. On July 7, 2021, the Court entered the *Findings of Fact, Conclusions of Law and Order: (I) Approving Disclosure Statement; (II) Confirming Modified Third Amended Plan of Liquidation for Griddy Energy LLC Under Chapter 11 of the Bankruptcy Code; and (III) Granting Related Relief* [Docket No. 386] (the "Confirmation Order"), confirming the Plan. On July 23, 2021, the Plan became effective (the "Effective Date"). *See* Docket No. 398.

### The Retention of McDermott

11. On April 5, 2021, the Committee selected McDermott as its bankruptcy counsel. On April 26, 2021, the Committee filed the *Application to Employ McDermott Will & Emery LLP as Counsel to the Official Committee of Unsecured Creditors* [Docket No. 200] (the "McDermott Retention Application"), requesting authorization to retain and employ McDermott

DM_US 181979879-3.114480.0011

as its counsel, *nunc pro tunc* to April 5, 2021. On May 20, 2021, the Court entered an order approving the McDermott Retention Application. [Docket No. 283].

### The Interim Compensation Order

12. On April 21, 2021, the Court entered the Interim Compensation Order which sets forth the procedure for interim compensation and reimbursement of expenses in this Chapter 11 Case.

### RELIEF REQUESTED

13. By this Application, McDermott seeks final approval and allowance of compensation in the amount of $1,106,880.50 for professional services rendered and reimbursement of actual and necessary expenses in the amount of $11,724.40 incurred during the Final Compensation Period, including any and all holdbacks. Pursuant to the Interim Compensation Order, and as detailed in the chart below, McDermott filed four (4) monthly applications that have not been heard by the Court for final approval (collectively, the "Monthly Applications"):

| Fee Statement | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Outstanding |
|---|---|---|---|---|---|
| First Monthly 4/5/21 – 4/20/21 Service Date: 6/1/21 | $484,075.00 | $4,424.32 | $387,260.00 | $4,424.32 | $96,815.00 |
| Second Monthly 5/1/21 – 5/30/21 Service Date: 6/24/21 | $441,660.00 | $6,762.66 | $0.00 | $0.00 | $441,660.00 |
| Third Monthly 6/1/21 – 6/30/21 Service Date: 7/21/21 | $115,685.00 | $398.70 | $0.00 | $0.00 | $115,685.00 |

5

| Fee Statement | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Outstanding |
|---|---|---|---|---|---|
| Fourth Monthly 7/1/21 – 7/31/21 Service Date: 9/1/21 | $45,480.00 | $0.00 | *Pending* | *Pending* | $45,480.00[2] |

14. In support of this Application, McDermott incorporates herein by reference each of its Monthly Applications. Copies of each Monthly Fee Statement are attached hereto as **Exhibit B**.

15. During the Final Compensation Period, McDermott expended a total of 1,278.70 hours on behalf of the Committee on matters relating to the Debtor's Chapter 11 Case for which it seeks compensation. The blended hourly rate for attorneys who worked on this case is $927.31. Summary sheets listing each attorney and paraprofessional who worked on this Chapter 11 Case during the Final Compensation Period, his or her hourly rate during the Final Compensation Period, and the amount of fees attributed to each individual are attached hereto as **Exhibit C**. Detailed time records are attached as Exhibit D to each Monthly Fee Statement.

16. In addition, summary sheets listing the amount of fees attributed to each project category are attached hereto as **Exhibit D**.

17. McDermott also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with its representation of the Committee during the Final Compensation Period. A detailed chart of all expenses incurred in the performance of the services rendered as counsel to the Committee during the Final Compensation Period is attached

---

[2] As of the date hereof, the deadline to object to McDermott's Fourth Monthly Fee Statement has not yet expired. In accordance with the Interim Compensation Order, assuming no objections are filed, McDermott expects to be paid 80% of fees and 100% of expenses requested in each fee statement prior to the Court considering this Application.

hereto as **Exhibit E**.  In addition, the fees charged by McDermott in this Chapter 11 Case are billed in accordance with the existing billing rates and procedures as set forth in the McDermott Retention Application.

## DESCRIPTION OF SERVICES RENDERED

18. The matters occupying the most significant amounts of McDermott professionals' time during the Final Compensation Period are described below.

A. <u>Case Administration (B110)</u>

Fees:  $68,008.00                                  Total Hours:  60.7

During the Final Compensation Period, McDermott maintained and circulated a calendar delineating the critical dates in the Chapter 11 Case, and performed various other administrative tasks necessary for McDermott's representation of the Committee.

B. <u>Asset Analysis and Recovery (B120)</u>

Fees:  $106,793.50                                 Total Hours:  129.80

This category includes time spent reviewing and analyzing potential claims against third parties and investigating the perfection of Macquarie's liens.  McDermott also reviewed credit documents and ISDA documentation in connection with Macquarie's claim for energy sales exposure.

C. <u>Meetings/Communication with Creditors (B150)</u>

Fees:  $119,557.50                                 Total Hours:  129.20

During the Final Compensation Period, McDermott incurred time preparing for and participating in meetings with the Committee and its other advisors. Furthermore, this category includes time spent fielding and resolving inquiries from individual members of the Committee's constituency.

D.      Other Contested Matters (B190)

        Fees:  $220,284.50                        Total Hours: 259.0

During the Final Compensation Period, McDermott incurred time negotiating with the Debtor and the Texas Attorney General regarding a potential settlement of the Committee's investigation and the Chapter 11 Case going forward. The Committee prepared for and took depositions regarding contested matters.

E.      Plan and Disclosure Statement (B320)

        Fees:  $438,033.00                        Total Hours: 484.90

During the Final Compensation Period, McDermott incurred time reviewing and analyzing substantive consolidation claims. McDermott also expended time preparing the Committee's standing motion and Macquarie's settlement proposal. McDermott expended time negotiating the plan, plan releases, and all plan-related documents with the Debtor and other case constituents.

F.      Fee/Employment Applications (B160)

        Fees:  $49,609.00                         Total Hours: 80.3

During the Final Compensation Period, McDermott expended time preparing and filing the Committee's professionals' monthly and interim fee applications.

G.      Court Hearings (B155)

        Fees:  $50,802.00                         Total Hours: 58.6

During the Application Period, McDermott (i) prepared for and attended hearings, (ii) reviewed pleadings and other materials in preparation for same, (iii) reviewed orders resulting therefrom, and (iv) corresponded with various parties in interest in connection with the foregoing.

**LEGAL STANDARD**

19. Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation. 11 U.S.C. § 330(a)(1)(A). Bankruptcy Code section 330 also sets forth the criteria for award of such compensation and reimbursement, which include:

(A) time spent on such services

(B) the rates charged for such services;

(C) whether such services were necessary to the administration of, or beneficial at the time at which the services toward the completion of, a case under [title 11 of the Bankruptcy Code];

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than under [title 11 of the Bankruptcy Code].

20. McDermott submits that the compensation requested herein is reasonable and necessary for, beneficial to, and in the best interests of, the Committee. The professional services rendered by McDermott were appropriate and necessary for the effective administration of this Chapter 11 Case. They were in the best interests of the Committee, the Debtor and other parties-in-interest. Compensation for the foregoing services is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

## **NOTICE**

21.    In accordance with paragraph 43 of the Confirmation Order, notice of this Application has been served upon (i) the Debtor, through the Plan Administrator and (ii) the U.S. Trustee for Region 7.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, McDermott respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** granting final allowance for professional services rendered and reimbursement of actual and necessary expenses incurred during the Final Compensation Period, including any and all holdbacks.

Dated: September 4, 2021

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:  (214) 295-8000
Facsimile:  (972) 232-3098
Email:  crgibbs@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
Blaine Adams (admitted *pro hac vice*)
1 Vanderbilt Ave.
New York, NY 10017
Telephone:  (212) 547-5615
Facsimile:  (212) 547-5444
Email  dazman@mwe.com
          badams@mwe.com

*Former Counsel to the Official Committee of Unsecured Creditors of Griddy Energy LLC*
.

11