IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GRIDDY ENERGY, LLC[1] | § | CASE NO. 21-30923 (MI) |
|    DEBTOR | § | (Chapter 11) |

LIMITED OBJECTION TO ADMINSTRATIVE STATUS OF
CLAIM NO. 150 OF JONATHAN TENNISON

---

**Claim No:** Stretto Claim No. 150  (the "Claim")

**Claimant:** Jonathan Tennison    Customer No. 182926  ("Claimant")

**Date Claim Filed:** 4/24/2021

**Amount of Claim as Filed:** $ 1,293.88

**Status of Claim as Filed:** Administrative Claim in the amount of $ 1,293.88;
General Unsecured claim in the amount of $ 0.00.

**Basis of Objection:**  The Claim does not meet the statutory qualifications for administrative priority status;  The Claim should be reclassified as a general unsecured claim, without prejudice to further objection, including as to validity or amount.

**Proposed Classification of Claim:**  Administrative Claim in the amount of $0.00;
General Unsecured Claim in the amount of  $ 1,293.88

---

**THIS IS AN OBJECTION TO YOUR CLAIM.  THIS OBJECTION ASKS THE COURT TO RECHARACTERIZE YOUR CLAIM FROM AN ADMINISTRATIVE CLAIM TO AN UNSECURED CLAIM IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THIS OBJECTION WAS SERVED ON YOU.  IF NO RESPONSE IN OPPOSITION IS TIMELY SERVED AND FILED, THIS CLAIM OBJECTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER SUSTAINING THE OBJECTION TO YOUR CLAIM AND YOUR CLAIM MAY BE RECLASSIFIED AS AN UNSECURED CLAIM.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1396.  The mailing address for the Debtor is P.O. Box 1288, Greens Farms, CT 06838.

Limited Objection to Administrative Priority Status of Claim    Page  - 1 -

**A STATUS AND SCHEDULING CONFERENCE HAS BEEN SET ON THIS MATTER ON JANUARY 5, 2021, AT 10:00 A.M. BEFORE THE HONORABLE MARVIN ISGUR.  PERSONS MAY APPEAR TELEPHONICALLY OR VIA VIDEO AT THIS HEARING.  REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

| **Telephonic Participation** | **Video Participation** |
|---|---|
| Dial-in Telephone No.: **832-917-1510** | GoToMeeting: www.gotomeeting.com |
| Conference Code No.: **954554** | Select 'Join.' |
| | Enter the Meeting Code: JudgeIsgur |

**RUSSELL NELMS, Plan Administrator**, for that certain Modified Third Amended Plan of Liquidation for Griddy Energy, LLC under Chapter 11 of the Bankruptcy Code, dated May 26, 2021 [Docket No. 311](and as amended, modified and/or supplemented, the "Plan"), filed by Griddy Energy, LLC (the "Debtor") and confirmed by that certain Confirmation Order, dated July 7, 2021 [Docket No. 386](the "Confirmation Order"), hereby files this Limited Objection seeking to reclassify Claim No. **150** of **Jonathan Tennison**, and in support thereof, respectfully states:

### Jurisdiction and Authority

1. This Court has jurisdiction of this matter, pursuant to 28 U.S.C. §1334.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has the authority to grant the requested relief pursuant to Sections 105(a), 502 and 503 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure and Rule 3007-1 of the Bankruptcy Local Rules and the confirmed Plan.

### Background

3. On March 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On July 7, 2021, the Debtor confirmed its liquidating Plan and the Plan Administrator is charged with implementing the Plan, including the determination of the propriety, classification and validity of claims.

4. Pursuant to the Plan, the Plan Administrator is responsible for evaluating asserted claims against the Debtor, and, if necessary, objecting to same. The Plan provides the Plan Administrator authority to compromise, settle and resolve asserted claims, without the need for Bankruptcy Court approval.

**Claim and Objection to Reclassify as an Unsecured Class 5 Customer Claim**

5. Claimant is a former customer of the Debtor. Claimant has filed the Claim, for damages, charges or other negative consequences and/or alleged injuries resulting from his contract with the Debtor for the purchase of electricity and the increased prices thereof, associated with Winter Storm Uri, on or about February 13-19, 2021. A copy of the Claim, without exhibits, is attached hereto as Exhibit "A." The Claim relates to costs and damages prior to the Petition Date. Nonetheless, there is some indication within the Claim that the Claim, as filed, purports to assert that some portion or all of the Claim should be accorded the status of an administrative priority claim.[2]

6. The Claim is for the high cost of Claimant's energy bill, not for the payment of goods provided by Claimant to the Debtor, pre-petition. There is no dispute that the Claim relates solely to claims which arose pre-petition. The Claim does not represent any cost incurred by Claimant to enhance, preserve or benefit the Debtor, or its estate, after the Petition Date, and no statutory basis exists for the Claim to be classified as an administrative claim pursuant to Section 503 of the Bankruptcy Code.

7. The Plan represents, in part, an accommodation to Debtor's former customers by providing that claims such as Claimant's could be treated under the Plan as unsecured claims in Class 5

---

[2] Question 13 asks if all or part of the Claim would qualify as a Section 503(b)(9) reclamation claim. In this instance, Claimant has filled in Question 13 with the Claim amount, implying that the Claim should be treated as a 503(b)(9) Claim.

– Customer Claims. Under the Plan, allowed Class 5 claims are entitled to receive certain pro rata distributions as provided in the Plan.

8. The Claim does not qualify for administrative priority status and should be classified as a Class 5 Customer Claim. This objection seeks merely to reclassify the Claim to its proper class and no other adjudication is hereby requested to be made as to the validity or allowability of such claim, such other objections, if any, are being hereby reserved.

9. An Unsworn Declaration under Penalty of Perjury of the Plan Administrator, Russell Nelms, in support of this Objection is attached hereto as Exhibit "B".

WHEREFORE, PREMISES CONSIDERED, the Plan Administrator, on behalf of the Debtor, respectfully requests this Honorable Court to disallow the Claim as an administrative priority claim and to reclassify it as a Class 5 – Customer Claim, without prejudice to further objection, if any, as to its validity or amount and for such further relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Susan B. Hersh*
Texas State Bar No. 09543925
SUSAN B. HERSH, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
Telephone:    (972) 503-7070
Telecopy:      (972) 503-7077
susan@susanbhershpc.com

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all parties receiving electronic notification pursuant to the Court's ECF notification system and on Claimant at the address listed on Claimant's Claim, via U. S. first class mail, postage prepaid, on November 29, 2021.

*/s/ Susan B. Hersh*

Claimant:
Jonathan Tennison
HOME ADDRESS
Dallas, TX