IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
§
**GRIDDY ENERGY, LLC**[1] § CASE NO. 21-30923 (MI)
   DEBTOR § (Chapter 11)

### MOTION OF PLAN ADMINISTRATOR FOR ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**.

**RUSSELL NELMS, Plan Administrator**, for that certain Modified Third Amended Plan of Liquidation for Griddy Energy, LLC under Chapter 11 of the Bankruptcy Code, dated May 26, 2021, [Docket No. 311](the "Plan"), filed by Griddy Energy, LLC (the "Debtor") and confirmed by that certain Confirmation Order, dated July 7, 2021 [Docket No. 386](the "Confirmation Order"), hereby submits this Motion for Order Extending the Claims Objection Deadline (the "Motion") and in support thereof, respectfully represents as follows:

### Jurisdiction and Authority

1. This Court has jurisdiction of this matter, pursuant to 28 U.S.C. §§157 and 1334, and the Confirmation Order. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is 115 Kay Lane, Westworth Village, TX 76114.

2. The Court has the authority to grant the requested relief pursuant to Section 105(a) of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure, the Confirmation Order and the confirmed Plan.

## Preliminary Statement

3. Pursuant to the confirmed Plan, the Plan Administrator is charged with pursuing and monetizing the Debtor's affirmative claims and causes of action in order to fund a potential distribution to holders of allowed claims. The Plan Administrator is further responsible, under the Plan, for evaluating the allowability of over 4500 Customer and other Claims that have been filed. Pursuant to the Plan, the present deadline by which the Plan Administrator would be required to file claims objections is July 23, 2022 (the "Claim Objection Deadline"). The Plan Administrator submits that the enormous and costly task of evaluating the allowability of this large number of claims should be deferred until such time as it is better known that a distribution would be forthcoming. As such, the Motion seeks to extend the Claim Objection Deadline to July 24, 2023, to preserve the right to assert objections until the cost effectiveness of undertaking the claim adjudication process can be justified.

## Background

4. On March 15, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On July 7, 2021, the Debtor confirmed its liquidating Plan and the Plan Administrator was installed to manage and administer the Plan, as its sole officer, with full authority to administer the provisions of the Plan. The Effective Date of the Plan was July 23, 2021. *See* Notice of Confirmation Order and Occurrence of Effective Date [Docket No. 398].

6. Since the Effective Date of the Plan, the Plan Administrator has been in the process of identifying, investigating and formulating the Debtor's affirmative claims and causes of action to prosecute in order to monetize those claims to recover funds for the benefit of creditors. While some avoidance actions may be smaller, and more easily monetized, the estate also holds very large, but contingent and uncertain, claims which could yield potentially more significant sums. However, the realization of such claims will take time. At the present time, the limited resources of the Debtor are dedicated to the pursuit of such affirmative claims and no determination can be made at this time as to whether a distribution to unsecured creditors will be made.

## Claims Allowance Process and Deadlines

7. With respect to the claims allowance process, the Plan provides that the Plan Administrator is empowered and directed to object to claims, to prosecute such objections and that he may compromise and settle any dispute related thereto. *See* Plan ¶7.03(a). In furtherance thereof, the Plan empowers the Plan Administrator with the authority to "take such action and settle and compromise Claims or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than any restrictions expressly imposed by the Plan or the Confirmation Order." *See* Plan ¶7.03(c) and Confirmation Order ¶13.

8. Pursuant to Section IX of the Plan, objections to claims (other than Fee claims) are required to be "served and filed on or before the later of (a) one year after the Effective Date, i.e. July 23, 2022, or (b) such other date as may be fixed by the Bankruptcy Court, whether fixed before or after the date specified in clause (a) of this Section." *See* Plan ¶9.01.

9. The Plan further provides that not only is the Debtor (through the Plan Administrator) empowered to settle or compromise claim disputes, without Bankruptcy Court approval, but that the Debtor shall be entitled to "determine, in its reasonable discretion, that the cost and expense of pursuing claim objections outweighs the benefits to be advanced by filing one or more objections." *See* Plan ¶9.01.

10. As such, the Plan provides flexibility as to the timing and manner of pursuing the claims allowance process in light of the fact that a potential recovery and the necessity of undertaking that process are initially uncertain.

11. Presently there are over 4500 "customer" claims filed in this case. In order to verify the validity of those claims, each individual claim requires review and scrutiny to determine the bases for such claim, including, but not limited to, whether the claim asserted represents the amounts charged the claimant by the Debtor, the amounts paid by the claimant, consequential damages suffered by the claimant, other damages or claim, or some combination thereof, and the substantiation of such asserted claims. This undertaking will be very labor intensive, time consuming and costly. The Plan Administrator believes that such a process should only be undertaken when it can be determined that the cost and expense of pursuing such analysis is justified by the benefit therefrom, which would be after a determination that a distribution is probable.

**Relief Requested**

12. By this Motion, the Plan Administrator seeks entry of an order extending the Claim Objection Deadline for all Claims (other than Fee Claims), through and including July 24, 2023, pursuant to the Plan, Section 105 of the Bankruptcy Code and Rule 9006(b) of the Bankruptcy Rules, without prejudice to the Plan Administrator's rights to seek further extensions of this deadline.

**Basis for Relief Requested**

13. The Court may grant the relief sought herein pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b). Furthermore, the Plan contemplates and anticipates that the Claims Objection Deadline may be extended. *See* Plan ¶9.01.

14. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad discretion and authority to take actions and implement procedures necessary to administer a bankruptcy case. *See* 11 U.S.C. §105(a) (authorizing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].") Similarly, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*.

15. Bankruptcy Rule 9006(b)(1) permits a bankruptcy court, in its discretion and for cause, to lengthen the time within which "an act is required or allowed to be done" with or without motion or notice, which would include the extension of the Claim Objection Deadline sought herein. Bankruptcy Rule 9006(b)(1) provides, in relevant part, that:

> When an act is required or allowed to be done at or within a specified period…by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order…

Fed. R. Bankr. P. 9006(b)(1).

16. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extension

has not been abused." 10 *Collier on Bankruptcy* ¶9006.06[2] (Alan N. Resnick & Henry J. Sommers eds., 16th ed. rev. 2016).

17. In the context of determining whether "cause" exists regarding extensions of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in this case, and whether any prejudice will result to the creditors. *See e.g. In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D.Tex. 1996).

18. The Plan Administrator submits that sufficient cause exists to extend the Claim Objection Deadline. As described above, the Plan Administrator is undertaking the process of identifying, prosecuting and trying to monetize the estate's affirmative claims and causes of action with the objective to make a distribution to creditors and is fulfilling his obligations under the Plan and administering the estate. In that regard, the Plan Administrator believes undertaking the onerous task of reviewing, analyzing, reconciling and disputing claims at this stage is not warranted or desirable before a determination is made that there will be sufficient funds for a distribution.

19. Moreover, the Plan Administrator submits that the extension sought by this Motion will not prejudice the Debtor's creditors or other parties in interest. Rather, the requested extension will enable the Plan Administrator to commit the estate's limited resources to monetizing the estate's causes of action and affirmative claims for the benefit of all creditors, while avoiding having to incur significant costs before determining that such claims allowance process is warranted. If and when a claims allowance process is justified, the requested extension provides an opportunity to undertake such efforts in the most cost effective and efficient manner, thereby benefitting all creditors.

**Notice**

20. Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Reorganized Debtor, (iii) members of the Oversight Committee (established by the Plan) (iv) all parties receiving notice via Court's electronic noticing system, (v) parties requesting notice pursuant to Bankruptcy Rule 2002, and all parties on the matrix of creditors from the Court's PACER website, as of May 13, 2022. In light of the nature of the relief requested in this Motion, the Plan Administrator submits that no further or other notice is necessary.

WHEREFORE, PREMISES CONSIDERED, the Plan Administrator, on behalf of the Debtor, respectfully requests this Honorable Court enter an order extending the Claim Objection Deadline through and including July 24, 2023, without prejudice to the rights of the Plan Administrator to seek further extensions of this deadline if warranted and granting such other relief as the Court deems just.

Respectfully submitted,

*/s/ Susan B. Hersh*
Texas State Bar No. 09543925
SUSAN B. HERSH, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
Telephone:     (972) 503-7070
Telecopy:      (972) 503-7077
susan@susanbhershpc.com

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all parties receiving electronic notification pursuant to the Court's ECF notification system, including the US Trustee and counsel for Debtor and on the members of the Oversight Committee by email, and by first class mail on all parties on the Debtor's matrix of creditors from the Court's PACER docket (attached hereto) on the date that this pleading was filed with the Court, May 13, 2022.

*/s/ Susan B. Hersh*