IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| GRIDDY ENERGY LLC[1], | § | |
| | § | |
| Debtor. | § | Case No. 21-30923 (MI) |

### THIRD MOTION OF PLAN ADMINISTRATOR FOR ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Russell Nelms, Plan Administrator for the Modified Third Amended Plan of Liquidation for Griddy Energy, LLC under Chapter 11 of the Bankruptcy Code, dated May 26, 2021, [Dkt. No. 311] (the "Plan"), filed by Griddy Energy, LLC, (the "Debtor") and confirmed by that certain Confirmation Order, dated July 7, 2021 [Dkt. No. 386] (the "Confirmation Order"), hereby submits this Third Moton for Order Extending the Claims Objection Deadline (the "Motion") and in support thereof, respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 1396. The mailing address for the Debtor is 115 Kay Lane, Westworth Village, TX 76114.

THIRD MOTION TO EXTEND CLAIMS OBJECTION DEADLINE -                                      Page 1

**Jurisdiction and Authority**

1.  This Court has jurisdiction of this matter, pursuant to 28 U.S.C. §§157 and 1334, and the Confirmation Order. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.  The Court has authority to grant the requested relief pursuant to Section 105(a) of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure, including procedures for Complex Cases, the Confirmation Order and the confirmed Plan.

**Preliminary Statement**

3.  Pursuant to the Plan, the Plan Administrator is charged with pursuing and monetizing the Debtor's affirmative claims and causes of action in order to fund a potential distribution to holders of allowed claims. The Plan Administrator is further responsible, under the Plan, for evaluating the allowability of over 4600 Customer and other Claims that have been filed.

4.  Pursuant to the Plan, the initial deadline by which the Plan Administrator would be required to file claims objections was July 23, 2022 (the "Original Objection Deadline"). The Plan Administrator sought an initial extension of the Original Objection Deadline[2] (for one year), in order to preserve the right to assert objections, until the cost effectiveness of undertaking the claim adjudication process could be justified, thereby deferring such expensive and onerous process until it was better known that a distribution would be forthcoming. The Initial Extension Motion further sought to limit notice of future requests.

---

[2] Amended Motion of Plan Administrator for Order Extending the Claims Objection Deadline and Limiting Notice of Requests for Future Extension [Dkt No. 486], filed on June 7, 2022 (the "Initial Extension Motion").

5. The Initial Extension Motion was granted on July 18, 2022[3], extending the deadline by which the Plan Administrator would be required to file claims objections until July 24, 2023 (the "Objection Deadline") and limiting notice of future requests.

6. On May 8, 2023, the Plan Administrator again sought an extension of the Objection Deadline[4], for eighteen (18) months, in order to preserve the right to assert objections, until the cost effectiveness of undertaking the claim adjudication process could be justified, thereby deferring such expensive and onerous process until it is better known that a distribution would be forthcoming.

7. The Second Extension Motion was granted on May 30, 2023[5], extending the deadline by which the Plan Administrator would be required to file claims objections until January 24, 2025 (the "Second Objection Deadline").

8. While he continues to pursue the Debtor's affirmative claims and causes of action, the Plan Administrator herein seeks to extend the Claim Objection Deadline another eighteen (18) months, until July 24, 2026, to preserve and extend the right to assert objections until probability of a distribution is known and the costs of undertaking the claim adjudication process can be justified.

**Background**

9. On March 15, 2021, the Debtor filed a voluntary Chapter 11 petition for relief.

10. On July 7, 2021, the Court confirmed the Debtor's liquidating Plan and the Plan Administrator was installed to manage and administer the Plan, as its sole officer, with full

---

[3] Agreed Order Granting Amended Motion of Plan Administrator for Order Extending the Claims Objection Deadline and Limiting Notice of Requests for Future Extensions [Dkt No. 493], entered on July 18, 2022 (the "Extension Order").
[4] Second Motion of Plan Administrator for Order Extending the Claims Objection Deadline [Dkt. No. 512], filed on May 8, 2023 (the "Second Extension Motion").
[5] Order Granting Second Motion of Plan Administrator for Order Extending the Claims Objection Deadline [Dkt. No. 513], entered on May 30, 2023 [the "Second Extension Order").

authority to administer the provisions of the Plan. The Effective Date of the Plan was July 23, 2021. *See* Notice of Confirmation Order and Occurrence of Effective Date [Dkt. No. 398].

11. Since the Effective Date of the Plan, the Plan Administrator has been in the process of investigating and prosecuting the Debtor's affirmative claims and causes of action in order to monetize those claims to recover funds for the benefit of creditors. The Plan Administrator has asserted and is prosecuting claims arising out of the historic and unprecedented inflation of energy prices related to Winter Storm Uri. While such claims could yield potentially significant sums, they presently are still contingent and uncertain. At the present time, the limited resources of the Debtor are dedicated to the pursuit of such affirmative claims and no determination can be made at this time as to whether a distribution to unsecured creditors will be made.

12. With respect to the claims allowance process, the Plan provides that the Plan Administrator is empowered and directed to object to claims, to prosecute such objections and that he may compromise and settle any dispute related thereto. *See* Plan ¶7.03(a). In furtherance thereof, the Plan empowers the Plan Administrator with the authority to "take such action and settle and compromise Claims or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than any restrictions expressly imposed by the Plan or the Confirmation Order." *See* Plan ¶7.03(c) and Confirmation Order ¶13.

13. Pursuant to Section IX of the Plan, objections to claims (other than Fee claims) are required to be "served and filed on or before the later of (a) one year after the Effective Date, i.e. July 23, 2022, or (b) such other date as may be fixed by the Bankruptcy Court, whether fixed before or after the date specified in clause (a) of this Section." *See* Plan ¶9.01. The Objection Deadline to object to unsecured claims has been extended until January 24, 2025.

14. The Plan further provides that the Debtor (through the Plan Administrator) shall be entitled to "determine, in its reasonable discretion, that the cost and expense of pursuing claim objections outweighs the benefits to be advanced by filing one or more objections." *See* Plan ¶9.01.

15. As such, the Plan provides flexibility as to the timing and manner of pursuing the claims allowance process in light of the fact that a potential recovery, and the necessity of undertaking that process, are initially uncertain.

16. The Plan Administrator has completed the task of reviewing, objecting to and resolving all claims filed against the Debtor's estate incorrectly asserting administrative or priority treatment, to which such claim has no statutory entitlement (all but one of which have been either disallowed as priority claims or withdrawn). The only claims remaining to be addressed, and evaluated as to their allowability, are the asserted unsecured claims.

17. There are over 4600 claims filed in this case, the overwhelming majority of which are by "customers". In order to verify the validity and allowability of those claims, each individual claim must be reviewed and scrutinized to determine the bases for such claim, including, but not limited to, whether the claim asserted represents the amounts charged the claimant by the Debtor, the amounts paid by the claimant, consequential damages suffered by the claimant, other damages or claims, or some combination thereof, and the substantiation of such asserted claims. This undertaking will be very labor intensive, time consuming and costly. The Plan Administrator believes that such a process should only be undertaken when it can be determined that the cost and expense of pursuing such analysis is justified by the benefit therefrom, which would be after a determination that a distribution is probable.

18. Currently, Debtor's estate has less than $300,000.00 in cash reserves. The only other potentially substantial asset of the Debtor's estate consists of an adversary proceeding against

Electric Reliability Council of Texas, Inc. pending before this Court in Case No. 22-03315 (the "ERCOT Suit.")[6] The ERCOT suit, though filed over two years ago, is still in its initial procedural stages, due to an abatement of that case, pending the determination of various issues in other forums. The abatement in the ERCOT suit was only recently terminated on November 18, 2024 after a status conference was held. The Court stated on the record that Plaintiff must file an amended complaint by December 10, 2024. ERCOT has until January 10, 2025 to file a motion to dismiss. In addition, any response would be due by January 31, 2025. The anticipated hearing for this matter has been set for February 13, 2025 There remains a possibility that additional litigation in additional forums would be necessary before the ERCOT suit is determined.

19. By this Motion, the Plan Administrator seeks entry of an order extending the Objection Deadline for all Claims for an additional eighteen (18) months, through and including July 24, 2026, pursuant to the Plan, Section 105 of the Bankruptcy Code and Rule 9006(b) of the Bankruptcy Rules, without prejudice to the Plan Administrator's rights to seek further extensions of this deadline.

20. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad discretion and authority to take actions and implement procedures necessary to administer a bankruptcy case. *See* 11 U.S.C. §105(a) (authorizing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].") The Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

21. Bankruptcy Rule 9006(b)(1) permits a bankruptcy court, in its discretion and for cause, to lengthen the time within which "an act is required or allowed to be done" with or without

---

[6] The Plan Administrator respectfully requests the Court take judicial notice of the docket and pleadings of the ERCOT Suit.

motion or notice, which would include the extension of the Objection Deadline sought herein. Bankruptcy Rule 9006(b)(1) provides, in relevant part, that:

> When an act is required or allowed to be done at or within a specified period…by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order…

Fed. R. Bankr. P. 9006(b)(1).

22. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused." 10 *Collier on Bankruptcy* ¶9006.06[2] (Alan N. Resnick & Henry J. Sommers eds., 16th ed. rev. 2016).

23. In the context of determining whether "cause" exists regarding extensions of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in this case, and whether any prejudice will result to the creditors. *See e.g. In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D.Tex. 1996).

24. The Plan Administrator submits that sufficient cause exists to extend the Objection Deadline. As described above, the Plan Administrator is undertaking the process of prosecuting the estate's affirmative claims and causes of action with the objective to make a distribution to creditors and is fulfilling his obligations under the Plan and administering the estate. In that regard, the Plan Administrator believes undertaking the onerous task of reviewing, analyzing, reconciling and disputing claims at this stage is not warranted or desirable before a determination is made that there will be sufficient funds for a distribution. Specifically, the funds currently on-hand do not

warrant the claim-review process in and of themselves, as such process would substantially deplete those funds, which, even if untouched, would only provide a mere handful of dollars, or less, for each current claimant on a *pro rata* basis. The result of the ERCOT Suit will be a primary deciding factor in whether a distribution of any real substance can be made to the 4,600 unsecured creditors.

25. Moreover, the Plan Administrator submits that the extension sought by this Motion will not prejudice the Debtor's creditors or other parties in interest. Rather, the requested extension will enable the Plan Administrator to commit the estate's limited resources to monetizing the estate's causes of action and affirmative claims for the benefit of all creditors, while avoiding having to incur significant costs before determining that such claims allowance process is warranted. If and when a claims allowance process is justified, the requested extension provides an opportunity to undertake such efforts in the most cost effective and efficient manner, thereby benefiting all creditors.

26. The Initial Extension Motion was filed on June 7, 2022, [Dkt No. 486], and included a request to limit notice of requests for further extensions.

27. Notice of the Initial Extension Motion was provided to (i) all parties (in excess of 4600) who have filed a proof of claim, (ii) the Office of the United States Trustee, (iii) counsel to the Reorganized Debtor, (iv) members of the Oversight Committee (established by the Plan) (v) all parties receiving notice via Court's electronic noticing system, (vi) parties requesting notice pursuant to Bankruptcy Rule 2002, and all parties on the matrix of creditors from the Court's PACER website, as of the date the Initial Extension Motion was filed. The Initial Extension Motion was served on all parties that could have been adversely affected by the Motion.

28. The service of the Initial Extension Motion on all parties who filed a proof of claim in the Debtor's case, by email or first-class mail, was made by Stretto, as documented by the Certificates of Service filed as Dkt. Numbers 489 and 490.

29. The only objection to the Initial Extension Motion was filed by Bill and Gail Everett, [Dkt. No. 490] (the "Everetts").

30. The Extension Order, entered July 18, 2022, granted the Initial Extension Motion, extended the deadline to object to claims until July 24, 2023, and limited notice of requests for further extensions, as follows:

> Notice of future requests for an extension of the Claim Objection Deadline shall be limited to (i) the Office of the United States Trustee, (ii) counsel to the Reorganized Debtor, (iii) members of the Oversight Committee (established by the Plan) (iv) all parties receiving notice via Court's electronic noticing system, (v) parties requesting notice pursuant to Bankruptcy Rule 2002, (vi) the Everetts, (vii) all parties on the matrix of creditors from the Court's PACER website, as of date any such request is filed and (viii) any party who submits a request for notice of further extensions of the Claim Objection Deadline within sixty (60) days of the entry of this Order (by emailing such request to smdinkins_griddy.planadxa@yahoo.com).

31. As required by its terms, the Extension Order was served on July 18, 2022, via first class mail or electronic mail on all claimants filing a proof of claim via Stretto, as evidenced by that certain Certificate of Service, [Dkt. No. 495], filed on July 28, 2022.

32. Pursuant to the Extension Order, notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Reorganized Debtor, (iii) members of the Oversight Committee (established by the Plan) (iv) all parties receiving notice via Court's electronic noticing system, (v) parties requesting notice pursuant to Bankruptcy Rule 2002, (vi) the Everetts, (vii) all parties on the matrix of creditors from the Court's PACER website, as of the date this request is filed and (viii) any party who submitted a request for notice of further

extensions of the Claim Objection Deadline within sixty (60) days of the entry of the Extension Order.

WHEREFORE, PREMISES CONSIDERED, the Plan Administrator, respectfully requests this Honorable Court enter an order extending the Claim Objection Deadline through and including July 24, 2026, without prejudice to the rights of the Plan Administrator to seek further extensions of this deadline, if warranted, maintaining the current service procedures of the Extension Order, and granting such other relief as the Court deems just.

**Respectfully submitted,**

**PADFIELD & STOUT, LLP**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
Telephone: 817-338-1616
Facsimile: 817-338-1610

/s/ *Matthew D. Giadrosich*
Mark W. Stout
State Bar No. 24008096
mstout@padfieldstout.com
Matthew D. Giadrosich
State Bar No. 24074274
mdg@padfieldstout.com

*Attorneys for Russell Nelms,*
*Plan Administrator*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on (i) the Office of the United States Trustee, (ii) counsel to the Reorganized Debtor, (iii) members of the Oversight Committee (established by the Plan) (iv) all parties receiving notice via Court's electronic noticing system, (v) parties requesting notice pursuant to Bankruptcy Rule 2002, (vi) the Everetts, (vii) all parties on the matrix of creditors from the Court's PACER website, as of date of filing this motion and (viii) any party who submitted a request for notice of further extensions of the Claim Objection Deadline within sixty (60) days of the entry of the Extension Order, by receipt of electronic notification pursuant to the Court's ECF notification system, including the U.S. Trustee and counsel for Debtor and on the members of the Oversight Committee by email; this pleading was also served by first class mail on the all parties on the Debtor's matrix as it appears on PACER and on Bill & Gail Everett, 13414 Ellerslie Lane, Cypress, Texas 77429 on this the 11th day of December, 2024.

*/s/ Matthew D. Giadrosich*
Matthew D. Giadrosich