IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

In re:

GRIDDY ENERGY LLC Debtor.

Case No. 21-30923 (MI)

United States Courts
Southern District of Texas
FILED

JUL 13 2026

Nathan Ochsner, Clerk of Court

**CREDITOR'S OBJECTION TO THE EMERGENCY FOURTH MOTION OF THE PLAN ADMINISTRATOR FOR ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

My name is Floria Kiscellus, and I am a former Griddy Energy customer and unsecured creditor in this case (Claim No. 3987953). I respectfully ask the Court to deny, or at a minimum substantially limit, the Plan Administrator's request for yet another extension of the Claims Objection Deadline.

My claim arises from approximately $6,000 in losses sustained during Winter Storm Uri. While my claim represents only one creditor, thousands of former Griddy customers have now also waited more than five years for this bankruptcy to move toward a conclusion.

I understand the Plan Administrator's desire to preserve estate assets while the ERCOT litigation continues. That may have been a reasonable approach earlier in this case. However, after more than five years and multiple extensions, it appears that the interests of creditors are becoming overshadowed by these continued delays. It is my understanding that the bankruptcy process exists not only to preserve estate assets, but also to provide creditors with a fair, timely, and meaningful resolution of their valid claims.

I am also concerned that continued delays necessarily results in ongoing administrative and professional expenses. Every additional extension requires the estate to remain open longer, increasing the costs of administration and reducing the funds that may ultimately be available for distribution to creditors. As time passes, there is a growing concern that the very funds intended for creditors will continue to diminish until completely depleted.

The Motion before the court also provides no definite timetable for resolving customer claims. Creditors were given an extremely narrow window to review not only the request

1 of 3

for another extension, but also the accompanying request to shorten notice, while this case has already remained pending for more than five years through multiple extensions. Although I recognize that the Court has the authority to shorten notice when appropriate, I respectfully ask the Court to consider the practical effect this has on individual creditors who are not represented by counsel and who have only a limited opportunity to be heard before another lengthy extension is considered.

The additional relief requested would extend the Claims Objection Deadline through January 24, 2028, while also preserving the Plan Administrator's ability to seek additional extensions thereafter. As written, the requested relief provides creditors with no assurance that these repeated delays will ever come to an end or that there is a concrete plan for resolving their claims. At some point, continued extensions without a defined endpoint risk undermining confidence that this bankruptcy will ever reach a meaningful conclusion.After more than 5 years, Creditors deserve more consideration than another request to wait. We deserve a clear, measurable, and accountable path toward resolving the claims of the thousands of former Griddy customers who have waited patiently for years.

For these reasons, I request that the Court deny the Emergency Fourth Motion. Alternatively, if the Court determines that an extension is warranted, I respectfully request that it be limited to the shortest reasonable period and that the Plan Administrator be required to:

- Provide regular public status reports regarding the progress of the ERCOT litigation and claims administration

- Establish a firm schedule for adjudicating customer claims

- Identify an anticipated timeline for distributions to creditors

- Explain why any future extension, if requested, would be necessary.

Thank you for your consideration and for the Court's continued service in this matter.

Respectfully,

*Floria Kiscellus* ( **Former Griddy Energy Customer and Creditor: Claim No. 3987953**

2 of 3

7313 Cross Keys Drive, North Richland Hills, Texas 76182

Cell: (817) 682-4398     flovoices4u@gmail.com

CERTIFIED MAIL

9589 0710 5270 3284 5208 34

Retail

U.S. POSTAGE PAID
PM
NORTH RICHLAND HILLS
TX 76180
JUL 10, 2028

RDC 03

77002

$21.35

S2322W501415-8

FROM:

F. Kiscelcus
7313 Cross Keys Dr
NRH, TX 76182

UNITED STATES Bankruptcy Court
ATT: CLERK OF COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
515 RUSK STREET
HOUSTON, TEXAS 77002

Utility Mailer
10 1/2" X 16"

PRIORITY MAIL
TRACKED
INSURED

UNITED STATES POSTAL SERVICE
For Domestic Use Only

Label 107R, July 2013