Case 22-03315 Document 536-1 Filed in TXSB on 07/20/26 Page 1 of 7

## EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § § § § | |
| **GRIDDY ENERGY LLC,** | | **Case No. 21-30923** |
|    **Debtor.** | | |

| | | |
|---|---|---|
| **RUSSELL F. NELMS, in his capacity as Plan Administrator of the Estate of GRIDDY ENERGY LLC,** | § § § § § § | |
|    *Plaintiff,* | | |
| **v.** | § § | **Adversary No. 22-03315** |
| **ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,** | § § § § | |
|    *Defendant.* | § | |

### PLAINTIFF'S MOTION FOR ENTRY OF SCHEDULING ORDER

Plaintiff Russell F. Nelms, in his capacity as plan administrator of the estate of Griddy Energy LLC, moves for entry of a scheduling order in this adversary proceeding. The Court has already resolved the pleadings-stage motion practice, and the remaining claims now need a schedule so the parties can complete disclosures, conduct discovery, brief dispositive motions and expert issues, mediate, and try the remaining matters in an orderly fashion. Plaintiff conferred with counsel for Defendant Electric Reliability Council of Texas, Inc. ("ERCOT") regarding a proposed schedule, including a January 2027 bench trial setting, but ERCOT has not agreed to a schedule. Plaintiff therefore requests that the Court enter the schedule attached as Exhibit A.

## I. Background

This adversary proceeding arises in the chapter 11 case of Griddy Energy LLC. Russell F. Nelms is the court-appointed plan administrator for Griddy, and the confirmed plan authorizes him to pursue claims on behalf of Griddy and its estate.

Nelms commenced this adversary proceeding against ERCOT on November 3, 2022. The original complaint asserted claims arising from Winter Storm Uri, ERCOT's $9,000/MWh pricing actions, ERCOT's proof of claim, Griddy's alleged payments to ERCOT, and ERCOT's termination of Griddy's market-participant rights.

The Court later reinstated the case after a prior abatement and set deadlines for amended pleadings and motions. Nelms filed his amended complaint on December 10, 2024, ERCOT filed an amended motion to dismiss on January 10, 2025, Nelms responded on January 31, 2025, ERCOT replied on February 7, 2025, and the Court held a hearing on February 13, 2025.

The Court issued its memorandum opinion on ERCOT's amended motion to dismiss. The Court described the amended complaint as asserting six causes of action: disallowance of ERCOT's administrative claim, avoidance of preference, recovery for breach of contract, disallowance of claim under 11 U.S.C. § 502(d), equitable subordination, and unjust enrichment. The Court held that the parties' stipulation rendered Count I moot. The Court held that Burford abstention was not warranted for the preference action and disallowance-of-claim claim. The Court also held that the earmarking doctrine did not apply on the pleadings and that Nelms could seek summary judgment on those issues within 21 days of entry of the opinion. The Court stayed the contract claim pending resolution of state proceedings, dismissed the unjust-enrichment claim, and dismissed the equitable-subordination claim without prejudice.

The surviving bankruptcy claims should now proceed on a case-management schedule.

Count II seeks to avoid preferential transfers in the amount of $3,088,547.28, which ERCOT allegedly collected from Griddy's account, and Count IV seeks disallowance of ERCOT's claim under 11 U.S.C. § 502(d) based on ERCOT's failure to return the alleged preferential transfer. Those claims do not depend on the state-law regulatory issues that prompted abstention as to other claims.

## II. Plaintiff's Efforts to Obtain an Agreed Schedule

Plaintiff has made repeated efforts to confer with ERCOT's counsel regarding scheduling. On May 27, 2026, Plaintiff's counsel wrote to ERCOT's counsel that "[w]e need to get this case moving and a schedule in place" and asked for availability for a Rule 26(f) conference. Plaintiff's counsel also stated that an initial exchange of information could create an opportunity to settle the case early and asked whether ERCOT would oppose Plaintiff serving discovery before the Rule 26(f) conference, with responses due in mid-July to give ERCOT additional time to gather information.

ERCOT's counsel responded that he was in the middle of a two-week trial, had not had a chance to discuss Plaintiff's request and proposal with his client, and could discuss the matter the week of June 8. Plaintiff's counsel followed up on June 11, 2026, asking for time the next week to discuss the case, and ERCOT's counsel responded on June 12, 2026 that he was available after 2:00 p.m. the following Tuesday. During that call, the parties agreed to target a trial in January.

On June 25, 2026, Plaintiff's counsel asked ERCOT's counsel whether he had been able to speak with his client about a January 2027 trial date. ERCOT's counsel responded that he was waiting to hear back from the client on available dates and "should know something in the next day or so."

On July 1, 2026, Plaintiff's counsel sent ERCOT's counsel the proposed schedule that

---

Plaintiff now asks the Court to enter and wrote: "Here is the schedule that we would like to propose to the Court. Please let me know if you are opposed or would like to discuss." Counsel for ERCOT has not responded.

### III. Relief Requested

Bankruptcy Rule 7016 applies the Federal Rule of Civil Procedure 16 in adversary proceedings. Rule 16 authorizes the Court to enter a scheduling order that limits the time to join parties, amend pleadings, complete discovery, file motions, and address other matters appropriate for efficient case management. Bankruptcy Rule 7026 applies Federal Rule of Civil Procedure 26 in adversary proceedings and provides the framework for party conferences, initial disclosures, discovery, and expert disclosures.

A scheduling order is warranted here. The Court has already resolved ERCOT's motion to dismiss and identified the claims that remain for litigation. The remaining preference and claim-disallowance issues are core bankruptcy claims that the Court held are not subject to Burford abstention. Plaintiff has attempted to confer with ERCOT regarding discovery, a Rule 26(f) conference, dispositive-motion timing, mediation, pretrial submissions, and trial, but the parties do not have an agreed scheduling order.

Plaintiff therefore requests that the Court enter the schedule set forth below and in Exhibit A.

### IV. Proposed Schedule

Plaintiff proposes the following schedule:

| Event | Proposed Deadline |
|---|---|
| Rule 26(f) conference of the parties | July 17, 2026 |
| Rule 26(a)(1) initial disclosures | July 31, 2026 |

| Deadline to amend pleadings and join parties | August 28, 2026 |
|---|---|
| Plaintiff's expert designations and Rule 26(a)(2) reports | September 18, 2026 |
| Defendant's expert designations and reports | October 16, 2026 |
| Rebuttal expert designations and reports | October 30, 2026 |
| Close of all fact and expert discovery | November 20, 2026 |
| Dispositive and Daubert motions filed | November 24, 2026 |
| Responses to dispositive and Daubert motions | December 11, 2026 |
| Replies in support of dispositive and Daubert motions | December 18, 2026 |
| Mediation completed | December 18, 2026 |
| Joint pretrial statement, witness lists, exhibit lists, and deposition designations filed | January 8, 2027 |
| Objections to exhibits and deposition designations | January 13, 2027 |
| Exhibits exchanged and tabbed chambers binder delivered | January 15, 2027 |
| Final pretrial conference/docket call | Week of January 11, 2027, as set by the Court |
| Bench trial — Day 1 | January 19, 2027 (if available) |
| Bench trial — Day 2 | January 20, 2027 (if available) |

This schedule is reasonable and proportional to the needs of the remaining claims. It gives the parties time to complete the Rule 26(f) conference, exchange initial disclosures, complete fact and expert discovery, brief dispositive and Daubert issues, mediate before pretrial filings are due, and try the remaining issues in January 2027. It also reflects Plaintiff's prior request for a January 2027 trial date and ERCOT's counsel's representation that he was waiting for client availability and expected to know available dates shortly.

## V. Prayer

Plaintiff respectfully requests that the Court grant this motion, enter a scheduling order in substantially the form attached as Exhibit A, set this adversary proceeding for a two-day bench trial beginning January 19, 2027, and grant Plaintiff all other relief to which he is justly entitled.

Dated: July 10, 2026

Respectfully submitted,

**SBAITI & COMPANY PLLC**

/s/ *Mazin A. Sbaiti*

Mazin A. Sbaiti
Texas Bar No. 24058096
mas@sbaitilaw.com
Kevin N. Colquitt
Texas Bar No. 24072047
knc@sbaitilaw.com
Griffin S. Rubin
Texas Bar No. 24121809
gsr@sbaitilaw.com
Dallas Arts Tower
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367

***COUNSEL FOR PLAINTIFF***

**CERTIFICATE OF CONFERENCE**

I certify that Plaintiff conferred with counsel for ERCOT regarding the requested scheduling order. Plaintiff's counsel first asked ERCOT's counsel on May 27, 2026, to confer regarding a Rule 26(f) conference and stated that the case needed to move forward with a schedule in place. ERCOT's counsel responded that he was in the middle of a two-week trial, had not discussed Plaintiff's request and proposal with his client, and could discuss the matter the week of June 8. Plaintiff's counsel followed up on June 11, 2026, and ERCOT's counsel stated on June 12, 2026, that he was available after 2:00 p.m. the following Tuesday. During the call that Tuesday, counsel for both sides agreed to target a January 2027 trial date. Plaintiff's counsel then asked on June 25, 2026, whether ERCOT's counsel had discussed a January 2027 trial date with his client, and ERCOT's counsel responded that he was waiting to hear back from his client on available dates and should know something in the next day or so. On July 1, 2026, Plaintiff's counsel sent ERCOT's counsel the proposed schedule attached as Exhibit A and asked ERCOT's counsel to advise whether ERCOT opposed it or wanted to discuss it. ERCOT has not yet responded.

/s/ *Kevin Colquitt*
Kevin Colquitt